## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, and JORGE GOMEZ,<br><br>            Defendants. | Case No. 1:22-cv-06339<br><br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST AND THE LOUISIANA SHERIFFS' PENSION & RELIEF FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

SUMMARY OF THE ACTION ..................................................................................... 4

ARGUMENT ................................................................................................................. 6

    A.    Miami and Louisiana Sheriffs Are the Most Adequate Plaintiff ............................ 6

        1.    Miami and Louisiana Sheriffs' Motion Is Timely ........................................ 6

        2.    Miami and Louisiana Sheriffs Have the Largest Financial Interest
              in the Relief Sought by the Class .................................................................. 7

        3.    Miami and Louisiana Sheriffs Satisfy the Requirements of Rule 23 ........... 8

        4.    Miami and Louisiana Sheriffs are Precisely The Type of Lead
              Plaintiff Envisioned By The PSLRA ........................................................... 10

    B.    Miami and Louisiana Sheriffs Selected Well-Qualified Counsel to
        Represent the Class ............................................................................................... 13

CONCLUSION .............................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
    258 F.R.D. 260 (S.D.N.Y. 2009) ...............................................................10, 11, 13

*Bricklayers' & Allied Craftworkers Local #2 Albany v. New Oriental Educ. &
    Tech. Grp. Inc.*,
    2022 WL 1515451 (S.D.N.Y. May 13, 2022) ...........................................14

*Chung v. Eargo, Inc.*,
    No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) .........................14

*City of Miami Firefighters' & Police Officers' Ret. Tr. v. Cerence Inc.*,
    2022 WL 1505907 (D. Mass. May 12, 2022) ...............................................1, 7, 14

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*,
    2022 WL 1459567 (N.D. Cal. May 9, 2022) ...........................................15

*City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*,
    No. 1:22-cv-03572-GHW, ECF No. 16 (S.D.N.Y. June 22, 2022) .........................14

*Denny v. Canaan Inc.*,
    1:21-cv-03299-JPC, ECF No. 62 (S.D.N.Y. Apr. 15, 2021) ...................................10

*Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*,
    No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021)..........................14

*Faig v. BioScrip, Inc.*,
    2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ...........................................6

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ...........................................10

*Hom v. Vale, S.A.*,
    2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ...........................................8, 9

*Homyk v. ChemoCentryx, Inc.*,
    No. 4:21-cv-03343-JST, ECF No. 32 (N.D. Cal. Jan. 28, 2022) ...........................14

*In re Mattel, Inc. Sec. Litig.*,
    2021 WL 4704578 (C.D. Cal. Oct. 6, 2021)...........................................15

*Mustafin v. GreenSky, Inc.*,
    2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ...........................................13

*In re Myriad Genetics, Inc. Sec. Litig.*,
    2021 WL 5882259 (D. Utah Dec. 13, 2021)..........................................................................15

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
    No. 4:21-cv-08812-JST, ECF No. 77 (N.D. Cal. July 26, 2022)..............................................14

*Reimer v. Ambac Fin. Grp., Inc.*,
    2008 WL 2073931 (S.D.N.Y. May 9, 2008) ..........................................................................13

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
    2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ..................................................................14, 15

*Yoshikawa v. Exxon Mobil Corp.*,
    No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021)..............................................15

## STATUTES

15 U.S.C. § 78u-4 *et seq.* ................................................................................................ *passim*

## OTHER AUTHORITIES

Fed. R. Civ. P. 23(a)(4).....................................................................................................................8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)....................10

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 (1995) ....................................10

City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami") and Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) appointing Miami and Louisiana Sheriffs as Lead Plaintiff; (2) approving their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

On July 26, 2022, the above-captioned securities class action (the "Action") was filed on behalf of all investors that purchased the common stock of Dentsply Sirona Inc. ("Dentsply" or the "Company") between June 9, 2021 and May 9, 2022, inclusive (the "Class Period"). The Action alleges that during the Class Period, Dentsply and certain of its former senior executives (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[1] Specifically, Defendants engaged in a scheme to inflate Dentsply's revenue and earnings by manipulating its revenue recognition practices and certain distributor rebate and incentive programs. Dentsply investors, including Miami and Louisiana Sheriffs, incurred significant losses after the Company revealed

---

[1] On June 2, 2022, Miami filed the first action against Dentsply and certain of its former executives in the United States District Court for the Southern District of Ohio ("Southern District of Ohio"). *See City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. Casey*, No. 2:22-cv-02371-SDM-CMV (S.D. Ohio) ("*Miami*"). The above-captioned action alleges substantially identical claims as *Miami*. Miami and Louisiana Sheriffs are concurrently filing a substantially similar motion in *Miami*.

that its Audit Committee had commenced an internal investigation regarding the Company's financial reporting, including whether Defendants manipulated certain rebate programs to meet their own personal compensation milestones.

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class and that also makes a *prima facie* showing that it meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Miami and Louisiana Sheriffs are the "most adequate plaintiff" by virtue of, among other things, the over $3.5 million in losses, as calculated on a last-in, first-out ("LIFO") basis, that they incurred on their purchases of Dentsply common stock during the Class Period. That substantial financial interest ensures the vigorous prosecution of investors' claims.[2]

In addition to asserting the largest financial interest, Miami and Louisiana Sheriffs readily satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class.  Miami and Louisiana Sheriffs— two sophisticated investors with a preexisting relationship—have a substantial financial interest in the claims against Dentsply and the proven ability to direct the litigation separate and apart from their counsel.

---

[2] Miami's and Louisiana Sheriffs' PSLRA-required Certifications are attached as Exhibit A to the Declaration of Hannah Ross in Support of the Motion of the City of Miami General Employees' & Sanitation Employees' Retirement Trust and the Louisiana Sheriffs' Pension & Relief Fund for Appointment as Lead Plaintiff and Approval of Their Selection of Counsel ("Ross Decl.").  In addition, charts providing calculations of Miami's and Louisiana Sheriffs' losses are provided as Exhibit B to the Ross Decl.

Further, as set forth in greater detail in the Joint Declaration submitted herewith, Miami and Louisiana Sheriffs fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake these responsibilities to ensure the vigorous prosecution of the Action.[3]  Miami and Louisiana Sheriffs have demonstrated their commitment and ability to effectively prosecute the Action.  Indeed, Miami has already taken significant steps to protect the interests of Class members in the Action by filing the first complaint asserting these claims and initiating the process for investors to seek appointment as Lead Plaintiff.  *See* Ross Decl., Ex. C ¶8.  Prior to seeking appointment as Lead Plaintiff, representatives of Miami and Louisiana Sheriffs held a conference call to discuss, among other things, the merits of the claims against Defendants, and Miami's and Louisiana Sheriffs' common goals and strategy for the prosecution of this litigation.  *See id.* ¶12.  In addition, Miami and Louisiana Sheriffs have a relationship that predates the filing of this motion by nearly twenty years, having previously served together as lead plaintiffs in coordinated securities class actions against Symbol Technologies, Inc. and Deloitte & Touche LLP, recovering a total of $163 million for investors and overseeing Bernstein Litowitz as co-lead counsel.  *See id.* ¶6.

Miami and Louisiana Sheriffs have further demonstrated their adequacy through their selection of Bernstein Litowitz as proposed Lead Counsel for the Class.  Miami and Louisiana Sheriffs selected Bernstein Litowitz, in large part, based on their prior experiences working with Bernstein Litowitz and the firm's established track record of achieving substantial recoveries for investors.  As discussed more fully below, Bernstein Litowitz is eminently qualified to prosecute

---

[3] *See* Joint Declaration of Edgard Hernandez and Osey McGee, Jr. in Support of the Motion of the City of Miami General Employees' and Sanitation Employees' Retirement Trust and the Louisiana Sheriffs' Pension & Relief Fund for Appointment as Lead Plaintiff and Approval of Their Selection of Counsel ("Joint Declaration"), Ross Decl., Ex. C.

this case and has extensive experience in securities fraud litigation, which will benefit the Class. Based on Miami's and Louisiana Sheriffs' superior financial interest and their commitment and ability to jointly oversee the Action in a cohesive and coordinated fashion, Miami and Louisiana Sheriffs respectfully request that the Court appoint them as Lead Plaintiff.

## SUMMARY OF THE ACTION

Dentsply is the world's largest manufacturer of professional dental products.  It produces a wide range of goods including artificial teeth, anesthetics, and plaque and gum disease prevention treatments.  The Company sells approximately two-thirds of its dental consumable and technology and equipment products through third-party distributors.  As former executives of Dentsply, Defendants Donald M. Casey, Jr. ("Casey") and Jorge Gomez ("Gomez") were eligible for significant cash- and stock-based incentive compensation.  Indeed, up to 89% of their annual compensation was awarded based on the Company's ability to meet certain milestones linked to Dentsply's financial performance.

Given the challenges posed by the ongoing COVID-19 pandemic, Dentsply bifurcated its Annual Incentive Plan for executives.  Each plan provided for potential incentive payments based on achievement of performance criteria during the first two and last two quarters of 2021, respectively.  The funding levels of each plan were wholly dependent on the Company's financial performance for the applicable half of 2021.  For the first half of the year, Dentsply met the applicable financial performance targets, entitling top executives, including Casey and Gomez, to the maximum compensation under the 2021 First Half Annual Incentive Plan.  As a result of what the Company acknowledged was a "faster recovery" to start the year, Defendant Gomez told investors that the "second half ramp is going to be a little less than what we thought initially when we modeled 2021."

The Action alleges that, throughout the Class Period, in order to ensure that they received at least some of their awards under the 2021 Second Half Annual Incentive Plan, Defendants misled investors by orchestrating a scheme to inflate the Company's revenue and earnings by manipulating the way in which Dentsply recognized revenue tied to certain distributor rebate and incentive programs.  As a result of this scheme, many of the statements Defendants made to investors were materially false or misleading. Defendants touted Dentsply's "go-to market strategy" and "more sophisticated and strategic incentive plans" as drivers of the Company's success.  Dentsply also assured investors that it complied with Generally Accepted Accounting Principles ("GAAP") and maintained adequate internal controls over financial reporting.  As a result of Defendants' misrepresentations, Dentsply common stock traded at artificially inflated prices during the Class Period.

On April 11, 2022, Dentsply announced that Defendant Gomez had "resigned" as Chief Financial Officer, but assured investors that his departure was "not the result of any dispute or disagreement with the Company, the Company's management or the Board of the Directors of the Company on any matter relating to the Company's operations, policies or practices."

On April 19, 2022, however,  Dentsply suddenly announced that its Board of Directors had terminated Defendant Casey, the Company's Chief Executive Officer, effective immediately and with no succession plan in place.  As a result of this disclosure, Dentsply shares declined by $6.52 per share, or 13%, from $48.72 per share to $42.20 per share.

Then, on May 10, 2022, Dentsply announced that, following reports from several internal whistleblowers, the Audit and Finance Committee of its Board of Directors (the "Audit Committee") had commenced an investigation regarding certain financial reporting matters. Specifically, Dentsply disclosed that the Audit Committee was investigating "the Company's use

of incentives to sell products to distributors in the third and fourth quarters of 2021" and "whether those incentives were appropriately accounted for" in the Company's periodic reports with the SEC.  The Company also disclosed that the Audit Committee is investigating allegations that "certain former and current members of senior management directed the Company's use of these incentives and other actions to achieve executive compensation targets in 2021."  As a result of these disclosures, Dentsply shares declined by $2.87 per share, or 7%, from $39.25 per share to $36.38 per share.

## ARGUMENT

### A.      Miami and Louisiana Sheriffs Are the Most Adequate Plaintiff

Miami and Louisiana Sheriffs respectfully submit that they should be appointed Lead Plaintiff because they are the movants "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption for selecting a lead plaintiff that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Faig v. BioScrip, Inc.*, 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (discussing qualifications for lead plaintiff presumption).  As set forth below, Miami and Louisiana Sheriffs believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.      Miami and Louisiana Sheriffs' Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On June 2, 2022, Miami, through its counsel, Bernstein Litowitz, filed the first securities class action against Defendants in the Southern District

of Ohio.  That same day, Bernstein Litowitz, as counsel for Miami, published a notice on *Business Wire* alerting investors to the pendency of *Miami* and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is August 1, 2022.  *See* Ross Decl., Ex. D.  On July 26, 2022, plaintiff filed the above-captioned Action, asserting identical claims to those previously asserted by Miami.  That same day, counsel for plaintiff published a notice on *Accesswire* alerting investors to the pendency of the above-captioned Action and reiterating the August 1, 2022 deadline to seek appointment as Lead Plaintiff.[4]  *See* Ross Decl., Ex. E.  Accordingly, Miami's and Louisiana Sheriffs' motion is timely.

### 2.  Miami and Louisiana Sheriffs Have the Largest Financial Interest in the Relief Sought by the Class

Miami and Louisiana Sheriffs should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Miami and Louisiana Sheriffs sustained losses of over $3.5 million when calculated on a LIFO basis on their Class Period purchases of 170,938 shares of Dentsply common stock, all of which were purchased before and held through all pleaded corrective disclosures.  *See* Ross Decl., Exs. A & B.  To the best of Miami's and Louisiana Sheriffs' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.  Accordingly, Miami and Louisiana Sheriffs have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[4] Under the PSLRA, the filing of a subsequent action asserting substantially similar claims does not alter the deadline for class members to seek appointment as lead plaintiff.  *See* 15 U.S.C. § 78u(a)(3)(A)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims . . . is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published[.]").

### 3.     Miami and Louisiana Sheriffs Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Miami and Louisiana Sheriffs otherwise satisfy the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant need only "make a preliminary showing that the adequacy and typicality requirements have been met."  *Hom v. Vale, S.A.*, 2016 WL 880201, at *6 (S.D.N.Y. Mar. 7, 2016).  Here, Miami and Louisiana Sheriffs unquestionably satisfy both requirements.

Miami's and Louisiana Sheriffs' claims are typical of the claims of other purchasers of Dentsply common stock.  Typicality is satisfied where the movant's "claims arise from the same conduct from which the other class members' claims and injuries arise."  *Id*.  Here, Miami, Louisiana Sheriffs, and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, Miami and Louisiana Sheriffs: (1) purchased Dentsply common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result.  *See id*. (typicality satisfied where movant purchased "shares at artificially inflated prices during the class period, and were injured by the false and misleading statements and omissions made by defendants in violation of federal securities laws").  As such, Miami and Louisiana Sheriffs satisfy the typicality requirement of Rule 23.

Miami and Louisiana Sheriffs likewise satisfy the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In order for the Class's interests to be fairly and adequately represented, the movant must show that: "(1) class counsel is qualified, experienced, and generally

8

able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Vale*, 2016 WL 880201, at *6.  Miami and Louisiana Sheriffs satisfy these elements because their substantial financial stake in the litigation provides them with the ability and incentive to vigorously represent the Class's claims.  Miami's and Louisiana Sheriffs' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Miami and Louisiana Sheriffs and other Class members.

To further demonstrate their ability to litigate this case in the best interests of the Class, Miami and Louisiana Sheriffs submitted the Joint Declaration, which describes how and why they came to work together in this Action.  *See* Ross Decl., Ex. C ¶¶7-13.  The Joint Declaration also affirms their understanding of the duties owed to the Class, and discusses Miami's and Louisiana Sheriffs' experiences working together and with other institutional investors in securities class action litigation.  *See id.* ¶¶2-6, 17.  Through the Joint Declaration and their PSLRA Certifications, Miami and Louisiana Sheriffs have demonstrated that they understand and accept the fiduciary obligations they will assume if appointed Lead Plaintiff and will zealously represent the interests of all Class members.  *See* Ross Decl., Exs. A & C.

Finally, Miami and Louisiana Sheriffs have demonstrated their adequacy through their selection of Bernstein Litowitz as Lead Counsel to represent the Class in this Action.  As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated an ability to conduct such litigation effectively.  Accordingly, as demonstrated herein, Miami and Louisiana Sheriffs satisfy the typicality and adequacy requirements of Rule 23.

**4.    Miami and Louisiana Sheriffs are Precisely The Type of Lead Plaintiff Envisioned By The PSLRA**

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Miami and Louisiana Sheriffs are the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with a substantial financial interest in the litigation.  *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (noting that "the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [securities class] actions") (citation omitted); S. Rep. No. 104-98, at *11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (1995) ("The committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs[.]"); H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Miami and Louisiana Sheriffs have also demonstrated their commitment and ability to work together cohesively in the prosecution of this action.  The plaint text of the PSLRA expressly permits the appointment of a group of class members to serve as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id.* § 78u-4(a)(3)(B)(i).  Accordingly, courts in this District, including this Court, as well as others in the Second Circuit and throughout the country have repeatedly recognized the propriety of appointing groups of investors that "are able to 'function cohesively and to effectively manage the litigation apart from their lawyers.'" *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutional investors); *see also Denny v. Canaan Inc.*, 1:21-cv-03299-JPC, ECF No. 62 (S.D.N.Y. Apr. 15, 2021) (Cronan, J.) (appointing group comprised of two investors).

Based on their past experience successfully working together, as well as supervising their proposed Lead Counsel, Miami and Louisiana Sheriffs are well-aware of the duties the Lead Plaintiff has to oversee and supervise the litigation separate and apart from counsel, and Miami and Louisiana Sheriffs have submitted a Joint Declaration attesting to their willingness and ability to fulfill those duties here.  *See* Ross Decl. Ex. C; *see also In re Bank of Am.*, 258 F.R.D. at 270 ("Groups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff. . . . Because they have established their ability to act independent of counsel, [the institutional investors] are a proper group and are presumptive lead plaintiffs.").  Miami and Louisiana Sheriffs comprise a small, cohesive partnership of sophisticated institutional investors that each determined that their joint appointment as Lead Plaintiff would advance the Class's best interest.  *See* Ross Decl., Ex. C ¶¶10-11.  Miami and Louisiana Sheriffs also have a relationship that predates this motion by two decades, having served as lead plaintiffs in two coordinated securities class actions against Symbol Technologies, Inc. and Deloitte & Touche LLP, which arose from an accounting and revenue recognition fraud similar to the allegations in Dentsply.  Miami and Louisiana Sheriffs achieved a combined recovery of $163 million for investors in those actions.

The Joint Declaration also demonstrates that Miami and Louisiana Sheriffs have already taken (and will continue to take) numerous steps to ensure the vigorous prosecution of this action and oversee their counsel.  Notably, to protect the interests of investors, Miami filed the first complaint in this Action and, through its counsel, published the statutory notice alerting investors to the deadline to seek appointment as Lead Plaintiff.  *See* Ross Decl., Ex. C ¶8.  After learning of the complaint filed by Miami, Louisiana Sheriffs determined that it would be in its interests and the interests of other Class members for Louisiana Sheriffs to seek appointment as Lead Plaintiff jointly with Miami.  *See id.*  Miami and Louisiana Sheriffs recognize the benefits to investor classes

that result from the cooperation of sophisticated institutions in the prosecution of complex securities class actions, like this case, and each independently determined that serving as Lead Plaintiff together would be in their and other Class members' best interests. *See id.* ¶¶10-11. Indeed, Miami and Louisiana Sheriffs have substantial experience serving as lead plaintiffs alongside other like-minded institutional investors, and have collectively recovered over $2 billion in cases in which they previously served as part of small lead plaintiff groups. *See id.* ¶¶3, 5-6.

Before seeking appointment as Lead Plaintiff, representatives of Miami and Louisiana Sheriffs participated in a conference call in which they discussed, among other things: Miami's and Louisiana Sheriffs' respective losses arising from Defendants' alleged misconduct; the claims against Defendants; the shared desire of Miami and Louisiana Sheriffs to maximize the recovery for the Class; the shared interests of Miami and Louisiana Sheriffs in prosecuting the case in a collaborative manner; and the benefits the Class would receive from the joint leadership of institutional investors. *See* Ross Decl., Ex. C ¶12. Miami's and Louisiana Sheriffs' representatives also discussed with each other the importance of joint decision-making and maintaining communication that will enable them to confer throughout the course of the litigation, and shared direct contact information with each other so that they can communicate with or without counsel. *See id.* ¶13. Through these and other measures, Miami and Louisiana Sheriffs have sought to ensure that the Class will receive the best possible representation.

The evidence submitted by Miami and Louisiana Sheriffs establishing their commitment to zealously and efficiently represent the interests of the Class is more than sufficient to satisfy the adequacy and typicality requirements here. Miami and Louisiana Sheriffs have demonstrated that they have ample willingness, resources, and experience, and are committed to working closely with one another to supervise Lead Counsel and obtain the best possible recovery for the Class.

*See, e.g.*, *Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing group of three institutions that "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class"); *In re Bank of Am.*, 258 F.R.D. at 270 (appointing group of institutions as lead plaintiff that submitted declaration detailing discussions regarding "plans for joint oversight over the litigation and joint supervision of counsel"); *Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (appointing group of institutions that demonstrated they were "cooperating and pursuing the litigation separately and apart from their lawyers").

**B.      Miami and Louisiana Sheriffs Selected Well-Qualified Counsel to Represent the Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).   The Court should approve Miami's and Louisiana Sheriffs' selection here.

Bernstein Litowitz is among the preeminent securities class action law firms in the country.  *See* Ross Decl., Ex. F (Bernstein Litowitz's Firm Résumé).  Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which recoveries totaling in excess of $6 billion—one of the largest recoveries in securities class action history and the largest in this District—were obtained for the class.  Bernstein Litowitz also served as co-lead counsel for Miami and Louisiana Sheriffs in both *In re Symbol Technologies, Inc. Securities Litigation*, No. 02-cv-1383 (E.D.N.Y.), and *Louisiana Municipal Police Employees' Retirement System v. Deloitte & Touche LLP*, No. 04-cv-621 (E.D.N.Y.), obtaining a combined recovery of $163 million for investors.

Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659 (S.D.N.Y.) (recovering $1.3 billion for investors); *In re Citigroup, Inc. Bond Litigation*, No. 08-cv-8522 (S.D.N.Y.) (recovering $730 million for investors); *In re Wachovia Corp. Securities Litigation*, No. 09-cv-6351 (S.D.N.Y.) (recovering $627 million for investors); and *In re Bear Stearns Mortgage Pass-Through Litigation*, No. 08-cv-8093 (S.D.N.Y.) (recovering $500 million for investors).[5]

---

[5] Separately, Miami and Louisiana Sheriffs bring to the Court's attention an order issued by the United States District Court for the Northern District of California in an unrelated action where Bernstein Litowitz served as lead counsel for lead plaintiff SEB Investment Management AB, and class counsel for the certified class. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Ross Decl., Ex. G). Counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff. Following discovery and extensive briefing, the court allowed Bernstein Litowitz to continue as class counsel. *See id.* at *1-2. The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of the court when seeking appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who selects class counsel. *See id.* at *2. Importantly, the *Symantec* court recently granted final approval of a $70 million settlement achieved by SEB Investment Management AB and Bernstein Litowitz. In addition, courts have repeatedly approved Bernstein Litowitz as lead counsel in securities class actions after being apprised of the *Symantec* order. *See* Order Consolidating Cases, Appointing Lead Plaintiff, and Approving Lead Counsel, *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, No. 4:21-cv-08812-JST, ECF No. 77 at 8 (N.D. Cal. July 26, 2022) (noting Bernstein Litowitz's "significant experience" and approving them as "reasonable" choice to serve as lead counsel) (Ross Decl., Ex. H); *City of Riviera Beach Gen. Emps.' Ret. Sys. v. Vertiv Holdings Co.*, No. 1:22-cv-03572-GHW, ECF No. 16 at 2 (S.D.N.Y. June 22, 2022) (Ross Decl., Ex. I); *Bricklayers' & Allied Craftworkers Local #2 Albany v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at *5 (S.D.N.Y. May 13, 2022) ("The Court is persuaded that Bernstein Litowitz can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *City of Miami Firefighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2022 WL 1505907, at *2 (D. Mass. May 12, 2022); Order Granting Motion to Consolidate, Appointing Lead Plaintiff, and Approving Selection of Counsel, *Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 32 at 6 (N.D. Cal. Jan. 28, 2022) ("The Court finds [lead plaintiff's] choice of lead counsel to be reasonable, and thus approves it.") (Ross Decl., Ex. J); Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) (Ross Decl., Ex. K); Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) (Ross

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For the reasons discussed above, Miami and Louisiana Sheriffs respectfully requests that the Court: (1) appoint them as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated:  August 1, 2022

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*/s/ Hannah Ross*
Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff City of Miami General Employees' & Sanitation Employees' Retirement Trust and Louisiana Sheriffs' Pension & Relief Fund, and Proposed Lead Counsel for the Class*

---

Decl., Ex. L); Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were 'satisf[ied]") (Ross Decl., Ex. M).  Bernstein Litowitz was also recently appointed class counsel in *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2022 WL 1459567, at *5 (N.D. Cal. May 9, 2022), *In re Myriad Genetics, Inc. Securities Litigation*, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021), and *In re Mattel, Inc. Securities Litigation*, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021), after those courts were informed of the *Symantec* order.

15