# EXHIBIT C

**JOINT DECLARATION OF EDGARD HERNANDEZ AND OSEY MCGEE, JR.
IN SUPPORT OF THE MOTION OF THE CITY OF MIAMI GENERAL EMPLOYEES'
AND SANITATION EMPLOYEES' RETIREMENT TRUST AND THE LOUISIANA
SHERIFFS' PENSION & RELIEF FUND FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF THEIR SELECTION OF COUNSEL</u>**

We, Edgard Hernandez and Osey McGee, Jr., declare as follows:

1. We respectfully submit this Joint Declaration in support of the motion of the City of Miami General Employees' and Sanitation Employees' Retirement Trust ("Miami") and the Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") for appointment as Lead Plaintiff and approval of their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the proposed Class in the securities class action litigation against Dentsply Sirona Inc. ("Dentsply" or the "Company") and certain other defendants (collectively, "Defendants"). We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the litigation. We each have personal knowledge of the information in this Joint Declaration to the extent it concerns the institution with which we are respectively associated.

2. I, Edgard Hernandez, am the Pension Administrator of Miami and am authorized to make this declaration on its behalf. Miami is a public pension plan that provides retirement and pension benefits to general and sanitation employees of the City of Miami, Florida. As of September 2020, Miami had approximately 4,200 active members and retirees and $775 million in assets under management. As reflected in its certification, Miami purchased a significant number of shares of Dentsply common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the action.

3.      Miami is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Miami's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as a lead plaintiff or class representative in other securities class actions, recovering over $323 million for investors. *See, e.g.*, *In re Henry Schein, Inc. Sec. Litig.*, No. 18-cv-1428 (E.D.N.Y.) (recovering $35 million for investors, with Miami serving as lead plaintiff and Bernstein Litowitz serving as lead counsel); *In re Venator Materials PLC Sec. Litig.*, No. 19-cv-3464 (S.D. Tex.) (recovering $19 million for the class, pending final court approval, with Miami serving as lead plaintiff with two other institutional investors, and Bernstein Litowitz serving as lead counsel).

4.      I, Osey McGee, Jr., am the Executive Director of Louisiana Sheriffs and am authorized to make this declaration on behalf of Louisiana Sheriffs.  Based in Baton Rouge, Louisiana, Louisiana Sheriffs is a public pension fund that provides pension and other benefits for sheriffs, deputy sheriffs, and tax collectors in the State of Louisiana.  Louisiana Sheriffs is responsible for the retirement income of these employees and their beneficiaries.  Louisiana Sheriffs manages approximately $5 billion in assets for the benefit of its approximately 25,000 active and retired sheriffs and deputy sheriffs.  As reflected in its certification, Louisiana Sheriffs suffered substantial losses as a result of its investments in Dentsply common stock during the Class Period.

5.      Louisiana Sheriffs is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Louisiana Sheriffs' familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions.  Indeed,

Louisiana Sheriffs has achieved outstanding results for investors when serving as a lead plaintiff or class representative in other securities class actions, having recovered over $1.98 billion for investors. *See, e.g.*, *In re Citigroup Inc. Bond Litig.*, No. 08-cv-9522 (S.D.N.Y.) (recovering $730 million for the class, with Louisiana Sheriffs serving as a lead plaintiff with six other institutional investors, and Bernstein Litowitz serving as lead counsel); *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, No. 09-cv-6351 (S.D.N.Y.) (recovering $627 million for the class, with Louisiana Sheriffs serving as a lead plaintiff with two other institutional investors, and Bernstein Litowitz serving as co-lead counsel); *In re Luckin Coffee Inc. Sec. Litig.*, No. 20-cv-1293 (S.D.N.Y.) (recovering $175 million for the class, with Louisiana Sheriffs serving as a lead plaintiff with another institutional investor, and Bernstein Litowitz serving as co-lead counsel); *La. Sheriffs' Pension & Relief Fund v. Merrill Lynch & Co.*, No. 08-cv-9063 (S.D.N.Y.) (recovering $150 million for the class, with Louisiana Sheriffs serving as a lead plaintiff with another institutional investor, and Bernstein Litowitz serving as lead counsel).

6.      Miami and Louisiana Sheriffs also have a relationship that predates the filing of this motion by nearly twenty years, having previously served together as lead plaintiffs alongside another institutional investor, with Bernstein Litowitz serving as co-lead counsel, in both *In re Symbol Technologies, Inc. Securities Litigation*, No. 02-cv-1383 (E.D.N.Y.), and *Louisiana Municipal Police Employees' Retirement System v. Deloitte & Touche LLP*, No. 04-cv-621 (E.D.N.Y.). In those related securities class actions, which arose from an accounting and revenue recognition fraud at Symbol Technologies, Inc.—similar to the fraud at issue in Dentsply—Miami and Louisiana Sheriffs achieved a combined recovery of $163 million for investors.

7.      Miami and Louisiana Sheriffs are each highly motivated to recover the substantial losses that they incurred as a result of Defendants' violations of the federal securities laws.

Accordingly, we believe that this case should be prosecuted by sophisticated institutional investors with significant resources, experience leading class action lawsuits under the PSLRA, and a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class. Miami's and Louisiana Sheriffs' primary goal in this litigation is to maximize the Class's recovery from all potentially culpable parties.

8. In that regard, Miami already has taken significant steps to protect Class members' rights in the action by, among other things, directing its counsel, Bernstein Litowitz, to undertake a robust investigation into Dentsply. Based on the strength of counsel's investigation, Miami directed Bernstein Litowitz to file the first complaint asserting violations of the federal securities laws against Defendants. As required by the PSLRA, Bernstein Litowitz published a notice to alert investors of the claims asserted by Miami, and to inform them of the deadline for seeking appointment as Lead Plaintiff. After learning of the complaint filed by Miami, Louisiana Sheriffs determined that it would be in its and other Class members' best interests to seek appointment as Lead Plaintiff jointly with Miami.

9. Given Miami's and Louisiana Sheriffs' existing relationship and prior experience working together as part of a lead plaintiff group to prosecute securities fraud claims, Miami and Louisiana Sheriffs determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case. After analyzing the merits of the claims and the respective losses incurred as a result of Defendants' alleged misconduct, and consulting with their counsel Bernstein Litowitz, Miami and Louisiana Sheriffs approved the filing of a motion for Lead Plaintiff appointment.

10. Miami and Louisiana Sheriffs each independently determined to seek joint appointment as Lead Plaintiff. As noted above, Miami and Louisiana Sheriffs have experience

4

serving as lead plaintiffs with other institutional investors separate and apart from this case, and recognize the benefits to the class that result from having sophisticated institutions cooperate in the prosecution of complex securities actions. Based upon those past experiences, Miami and Louisiana Sheriffs determined that serving as Lead Plaintiff with one another would allow them to maximize the recovery for all class members, and allow for the sharing of experiences, resources, and collaboration on litigation strategy. Miami and Louisiana Sheriffs decided to work together to prosecute this case because they believed doing so would benefit Dentsply investors and provide the class with the best possible representation. The benefits of partnering in this case are particularly pronounced given Miami's and Louisiana Sheriff's prior close working relationship with each other, as well as with their proposed Lead Counsel. The decision to seek joint appointment as Lead Plaintiff also stems from Miami's and Louisiana Sheriffs' roles as fiduciaries, their shared goals and interests in protecting and maximizing pension fund assets and enhancing the reliability of information disseminated by publicly traded corporations, and their shared belief regarding the role of corporate governance in detecting and preventing securities fraud.

11.    Miami and Louisiana Sheriffs agree that their partnership is well suited for this litigation and will further the interests of the Class. Indeed, Miami's and Louisiana Sheriffs' prior experiences working with each other and with other institutional investors in actions pursuant to the PSLRA demonstrate that a small, cohesive group of sophisticated fiduciaries informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one. Miami and Louisiana Sheriffs are aware that the PSLRA expressly allows for the appointment of lead plaintiff groups, and courts throughout the country, including this Court, endorse groups of institutional investors serving as

5

lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class. Miami and Louisiana Sheriffs intend to prosecute the action against Defendants in such an independent, efficient, and vigorous manner.

12.     Prior to seeking appointment as Lead Plaintiff, representatives from Miami and Louisiana Sheriffs convened a conference call to discuss Miami's and Louisiana Sheriffs' commitment to jointly prosecute this litigation. During the call, representatives of Miami and Louisiana Sheriffs discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; our shared desire to achieve the best possible result for the Class; our views on how to best represent investors in actions pursuant to the PSLRA and our prior experience under the PSLRA; our shared interest in serving jointly as Lead Plaintiff in this case in order to, among other things, ensure that the Class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Bernstein Litowitz; and the actions we have taken and will continue to take to ensure that this case will be prosecuted in the best interests of the Class.

13.     We are highly motivated to recover our respective funds' substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation, as we have done in other cases. To that end, we discussed with each other the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions. We have shared direct contact information with each other so that we can communicate with or without counsel. Each entity manages hundreds of millions of dollars in assets and serves

6

as a fiduciary to thousands of beneficiaries. They are available to confer via telephone and/or email to ensure that the funds are able to make timely decisions.

14. Moreover, in the cases in which our institutions partnered with other institutional investors as lead plaintiff, including the related cases concerning Symbol Technologies in which we served together, we are not aware of any instance of disagreement between lead plaintiffs that could not be resolved through discussion and collaboration among the members of the group. Through our discussions and prior experience working together, we understand that Miami and Louisiana Sheriffs are like-minded, sophisticated institutional investors that are joined through our common mandate of providing for the retirement of public employees located in the southern United States. We are also aligned in our objective to work collaboratively to maximize the recovery for investors through this litigation. Based on our experience and given our shared goal of achieving the best possible recovery for the Class, we do not envision having any disagreement that could not be resolved through discussion with each other and our counsel.

15. In addition to discussing our goals for the litigation, we discussed the importance of selecting qualified counsel to prosecute the case efficiently and in the Class's best interest. With respect to our selected counsel, we believe that the Class will benefit from having a law firm experienced in litigating securities class actions successfully as Lead Counsel. Our close working relationships with Bernstein Litowitz, including through our oversight of their work as Lead Counsel in other actions pursuant to the PSLRA, ensures the Class will be provided with the best possible representation in this case.

16. We are aware of the experience, resources, and success of our proposed Lead Counsel Bernstein Litowitz, and are aware that it is an accomplished law firm with a history of obtaining significant recoveries from defendants in securities fraud class actions such as this. We

believe that Bernstein Litowitz is well-qualified to represent the Class. This belief is based on the firm's track record and history of effectively litigating complex securities class actions—including cases in which Miami and Louisiana Sheriffs served as lead plaintiff and oversaw Bernstein Litowitz's work as lead counsel. Bernstein Litowitz has been directed to vigorously prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class. Indeed, Bernstein Litowitz has already demonstrated its ability to do so through its investigation of the claims against Dentsply and filing the first complaint in this case on behalf of Miami.

17.    Miami and Louisiana Sheriffs hereby reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Miami and Louisiana Sheriffs will ensure that the Dentsply securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class, and will seek to obtain the best possible recovery for the Class.

**[REMAINDER INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the statements relating to Miami are true and correct to the best of my knowledge.

Executed this **21** day of July, 2022.

_____

Edgard Hernandez, Pension Administrator

*On behalf of City of Miami General Employees' and*
*Sanitation Employees' Retirement Trust*

I declare, based on my own knowledge and information provided to me by legal counsel, that the foregoing statements relating to Louisiana Sheriffs are, to the best of my knowledge, true and correct.

Executed this **21**ᵗʰ day of July, 2022.

Osey McGee, Jr., Executive Director

*On behalf of Louisiana Sheriffs' Pension & Relief Fund*