# EXHIBIT J

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNIE HOMYK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHEMOCENTRYX, INC., et al., <br><br> Defendants. | Case Nos. 21-cv-03343-JST, 21-cv-04357-JST <br><br> **ORDER GRANTING MOTION TO CONSOLIDATE, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF COUNSEL** <br><br> Re: ECF Nos. 18, 24 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHEMOCENTRYX, INC. and THOMAS J. SCHALL, <br><br> Defendants. | |

Before the Court are competing motions for consolidation, appointment as lead plaintiff, and approval of selection of counsel in a securities class action. One motion was filed by Plaintiff Indiana Public Retirement System ("IPRS") and the other by Plaintiff Public Employees Retirement Association of New Mexico ("PERANM"). ECF Nos. 18, 24. The Court will grant IPRS's motion and deny PERANM's motion.

I.      **BACKGROUND**

Presently pending before the Court are two securities class actions, *Homyk v. ChemoCentryx, Inc., et al.*, Case No. 4:21-cv-03343 (the "*Homyk* Action") and *Southeastern*

United States District Court
Northern District of California

*Pennsylvania Transportation Authority v. ChemoCentryx, Inc.*, *et al.*, Case No. 4:21-cv-04357 (the "*SEPTA* Action").  Both cases are federal securities class actions on behalf of all investors who purchased or otherwise acquired ChemoCentryx, Inc. common stock between November 2019 and May 2021.[1]  ChemoCentryx is a biopharmaceutical company focused on the development and commercialization of new medications targeting inflammatory disorders, autoimmune diseases, and cancer.  Plaintiffs allege that ChemoCentryx violated the federal securities laws by misrepresenting or failing to disclose certain facts concerning clinical trials for a new medication called avacopan.  The Court related the two cases on June 24, 2021.  ECF No. 16.[2]

Both IPRS and PERANM now seek appointment as lead plaintiff.  IPRS, Indiana's public-employee retirement system, argues that it should be appointed as lead plaintiff because it has incurred "approximately $4 million in losses," making it the plaintiff with the largest financial stake.  ECF No. 18 at 7.  PERANM, New Mexico's public-employee retirement system, proposes itself as lead plaintiff instead.  ECF Nos. 24, 27.  Although PERANM acknowledges that its financial stake is smaller than IPRS's, PERANM argues that it is better suited to serve as lead plaintiff because IPRS committed procedural missteps in the early stages of this litigation that cast doubt on IPRS's ability to "effectively represent the Class and oversee its chosen lead counsel."  ECF No. 27 at 7.

Both IPRS and PERANM also move to consolidate the *Homyk* and *SEPTA* actions.  ECF Nos. 18, 24.

## II.     JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331.

## III.    MOTION TO CONSOLIDATE

### A.     Legal Standard

The Private Securities Litigation Reform Act ("PSLRA") instructs courts to decide whether to consolidate related actions before selecting a plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(ii).

---

[1] The class periods alleged in the two cases differ by three days.
[2] Unless stated otherwise, all docket references are to Case No. 21-cv-03343-JST.

Under Rule 42(a), courts have "broad discretion" to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *Shenwick v. Twitter*, No. 16-cv-05314-JST, 2016 WL 10672428, at *1 (N.D. Cal. Dec. 22, 2016) (quoting *Invs. Rsch. Co. v. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989)).

### B. Discussion

Courts routinely find that securities class actions are "particularly well suited" for consolidation because they can be resolved more quickly and cost effectively when combined. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (citing cases). The Court will so find here as well.

As IPRS and PERANM both explain, the *Homyk* and *SEPTA* Actions assert the same causes of action, against the same defendants, in response to similar alleged misconduct. ECF No. 24 at 8-9; ECF No. 18 at 15-16. The only material difference between the two actions is a slightly different class period, but "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *Lloyd v. CVB Fin. Corp.*, No. 10-cv-06256-MMM, 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011). Rather, the question is whether the "savings of time and effort [that] consolidation will produce" outweigh "any inconvenience, delay, or prejudice that may result" from consolidation. *Id.*

The Court finds that consolidation here will greatly promote judicial efficiency without imposing "inconvenience, delay, or prejudice." The Court thus consolidates *Homyk v. ChemoCentryx, Inc.*, No. 21-cv-03343-JST, and *Southeastern Pennsylvania Transportation Authority v. ChemoCentryx, Inc.*, 21-cv-04357-JST.

### IV. LEAD PLAINTIFF AND SELECTION OF COUNSEL

### A. Legal Standard

The PSLRA "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)). "While the words 'most capable' seem to suggest that the district court will engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class, the statute defines the term much more narrowly: The

3

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)). This presumption can be rebutted by showing that the proposed lead plaintiff does not satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021). "If the movant with the largest losses does not satisfy the Rule 23 requirements, the district court must then look to the movant with the next largest losses and repeat the inquiry." *Id.*

Once the Court has found the "most adequate plaintiff," that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). If the lead plaintiff has made a reasonable choice of counsel, the Court "should generally defer to that choice," and "should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711-12 (9th Cir. 2009).

**B.    Discussion**

**1.    Lead Plaintiff**

IPRS argues that it should be appointed as lead plaintiff because it has incurred "approximately $4 million in losses," making it the plaintiff with the largest financial stake. ECF No. 18 at 7. PERANM concedes that it has suffered a smaller loss of $2.6 million. ECF No. 27 at 3-4. PERANM argues that it should nonetheless be appointed as lead plaintiff over IPRS because IPRS failed to comply with two of this Court's Local Rules. ECF No. 27 at 4. In PERANM's view, these oversights cast doubt on IPRS's ability to be an adequate class representative. *Id.* Finally, PERANM argues that this Court should exercise its discretion in denying IPRS lead-plaintiff status because the PSLRA's so-called "five-in-three" provision generally restricts "professional plaintiffs" from serving as lead counsel in more than five securities class actions brought during any three-year period. ECF No. 27 at 6 (citing 15 U.S.C. § 78u-4(a)(3)(B)(vi)). PERANM's arguments do not persuade the Court.

First, PERANM argues that IPRS did not comply with Civil Local Rule 3-7(c). That rule requires "[a]ny party seeking to serve as lead plaintiff, but who does not also file a complaint, . . .

4

United States District Court
Northern District of California

United States District Court
Northern District of California

at the time of initial appearance state that the party has reviewed a complaint filed in the action and either: (1) [a]dopts its allegations or, if not, (2) [s]pecifies the allegations the party intends to assert." Civ. L.R. 3-7(c). PERANM argues that the certification of IPRS's Executive Director submitted in connection with IPRS's motion to become lead plaintiff violates Rule 3-7(c) because "[t]hat certification omitted any statement concerning the allegations that Indiana adopts or intends to assert, and thus it is deficient on its face." ECF No. 27 at 5. As IPRS correctly observes, however, Rule 3-7(c) requires only that the plaintiff inform the Court of its allegations "at the time of initial appearance," which IPRS did in its motion papers. The rule does not, as PERANM contends, require that those allegations be stated in any particular sworn certification. *See* Civil L.R. 3-7; *see also Richardson v. TVIA, Inc.*, No. CV 06-06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (rejecting a similar argument).

PERANM also argues that IPRS did not satisfy Civil Local Rule 3-7(c)'s certification requirement, which requires those who wish to be lead plaintiffs but have not filed complaints of their own to certify that they have "reviewed a complaint filed in the action." *See* ECF No. 27 at 5. PERANM quibbles with IPRS's certification because although IPRS stated that it had reviewed *a* complaint, IPRS did not specify *which* of the two filed complaints it reviewed. *Id.* This argument is unavailing. Not only does Rule 3-7(c)'s text not require the specificity PERANM demands, but the complaints in *Homyk* and *SEPTA* are virtually identical – as PERANM itself admits. *See* ECF No. 24 at 6.

PERANM next argues that IPRS did not comply with Civil Local Rule 3-7(b) because that rule requires IPRS to have disclosed all securities class actions "within the three years preceding the date of the certification, [in which it] sought to serve or served as a representative party." ECF No. 27 at 6 (citing Civil L.R. 3-7(b)) (emphasis omitted). PERANM misreads the rule. Rule 3-7(b) applies only to plaintiffs *who have filed a complaint*; plaintiffs, like IPRS, who have *not* filed a complaint are expressly exempt from Rule 3-7(b)'s requirements. ECF No. 29 at 12-13 n.7; *see* Civil L.R. 3-7(c) (explaining that parties who have "not also file[d] a complaint . . . need not file the certification required in Civil L.R. 3-7(b)"). To the extent PERANM invokes the PSLRA's disclosure provision to support its argument, that provision only requires IPRS to have disclosed

5

United States District Court
Northern District of California

all the securities class actions filed in the last three years in which it "has sought to serve" as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(2)(A)(v). IPRS complied with this requirement; the only case PERANM argues IPRS should have disclosed is one that was filed almost a decade ago, thus falling outside the PSLRA's disclosure requirement. *See* ECF No. 27 at 6-7. In short, IPRS complied with both the Local Rules and the PSLRA.

Finally, PERANM asks the Court to deny IPRS lead-plaintiff status under the PSLRA's "professional plaintiff" restriction. That restriction prevents "a person" from serving as "a lead plaintiff" in more than five securities class actions brought during any three-year period "[e]xcept as the court may otherwise permit." 15 U.S.C. § 78u-4(a)(3)(B)(vi). IPRS acknowledges that it has successfully moved to be appointed as a lead plaintiff five times in securities class actions during the past three years. ECF No. 18-2 at 2.

The Court will not disqualify IPRS on this ground. Although institutional investors are not categorically exempt from the professional-plaintiff restriction, "courts in this district routinely waive this 'five-in-three' restriction for institutional investors like [IPRS]." *Habelt v. iRhythm Techs., Inc.*, No. 21-CV-00776-EMC, 2021 WL 2207365, at *2 (N.D. Cal. June 1, 2021). The Court sees no reason not to do so here too.

Because IPRS is the plaintiff with the largest loss and PERANM has failed to rebut IPRS's presumptive status as lead plaintiff, the Court appoints IPRS as the lead plaintiff.

### 2. Selection of Counsel

IPRS has selected Bernstein Litowitz to serve as lead counsel. ECF No. 18 at 13. Bernstein Litowitz has significant experience litigating securities class actions, including in this district. *Id.* The Court finds IPRS's choice of lead counsel to be reasonable, and thus approves it.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

6

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court grants the motions to consolidate *Homyk v. ChemoCentryx* and *Southeastern Pennsylvania Transportation Authority v. ChemoCentryx*. The Clerk shall consolidate the cases. The Court also grants IPRS's motion for appointment as lead plaintiff and approval of selection of counsel, and denies PERANM's motion for the same relief.

**IT IS SO ORDERED.**

Dated: January 28, 2022



JON S. TIGAR
United States District Judge