# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MENDI YOSHIKAWA, *et. al.*,                 §
                                             §
    Plaintiffs,                          §
                                             §
v.                                           §          Civil Action No. 3:21-CV-00194-N
                                             §
EXXON MOBIL CORP., *et. al.*,                §
                                             §
    Defendants.                          §

## ORDER

This Order addresses Plaintiffs Mark Llano, Steven J. Rando, and the State of Rhode Island ("Rhode Isand") and Amalgamated Bank (collectively, "Plaintiffs") motions to consolidate this case with *Martin J. Bentler et. al. v. Exxon Mobil Corporation et. al.*, No. 3:21-CV-00335, appoint lead plaintiff, and approve lead plaintiff's counsel [14], [17], [20]. Because Rhode Island and Amalgamated Bank have the largest financial interest, the Court grants their motion, appoints Rhode Island and Amalgamated Bank jointly as lead plaintiff, and approves their selection of counsel.

### I. ORIGINS OF THE MOTION

This motion arises out of two federal securities class actions. Plaintiff Mendi Yoshikawa filed a complaint against Exxon Mobil Corporation, Darren Woods, Andrew Swiger, and David Rosenthal (collectively, "Defendants") asserting violations of the Exchange Act and purporting to represent a class of harmed parties. Subsequently Plaintiff Martin J. Bentler filed a substantially similar complaint against the Defendants asserting the same violations of the Exchange Act purporting to represent a marginally different

ORDER – PAGE 1

class. Plaintiffs each filed motions to consolidate the two cases and appoint a lead plaintiff. Llano has since noted that he does not oppose Rhode Island and Amalgamated Bank's motion.

## II. LEGAL STANDARD FOR CONSOLIDATION

A court may consolidate cases when there is "a common question of law or fact." FED. R. CIV. P. 42(a)(2). Once a motion to consolidate meets this threshold requirement, "then whether to grant the motion becomes an issue of judicial discretion." *Pedigo v. Austin Rumba, Inc.*, No. A-08-CA-803-JRN, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010) (quoting *In re Settoon Towing LLC,* No. 07–1263, 2008 WL 594556, at *1 (E.D. La. Feb. 28, 2008)). Courts weighing whether to consolidate actions may consider "(1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017). "Federal district courts have very broad discretion in deciding whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993).

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts shall appoint the most adequate plaintiff as lead plaintiff "as soon as practicable" after a decision is rendered on the motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(ii). There is a

ORDER – PAGE 2

presumption that the most adequate plaintiff is one who (1) has either filed the complaint or who has made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### III.  THE COURT GRANTS THE MOTION TO CONSOLIDATE

No one disputes that the two cases should be consolidated.  *See* Notice of Non-Opposition [24]; Joint Stipulation [27].  Both cases involve the same claims against the same defendants before the same court.  As such, the Court grants the motion to consolidate.

The Court thus turns to the appointment of a lead plaintiff.  As a preliminary matter, Llano admits that he is not the most adequate plaintiff.  Notice of Non-Opposition [24].  As such, his motion is denied as moot.  Thus, the only contention is whether Rando or Rhode Island and Amalgamated Bank is the most adequate plaintiff for the consolidated action.  The Court determines here the Rhode Island and Amalgamated Bank should be appointed lead plaintiff.  Together, Rhode Island and Amalgamated have the largest financial interest in the relief sought by the class.  Additionally, Rhode Island and Amalgamated Bank satisfy the requirements of Rule 23.

### CONCLUSION

The Court grants the motion to consolidate.  Pursuant to Federal Rule of Civil Procedure 42(a) Civil Action No. 3:21-CV-00335-N, *Martin J. Bentler et. al. v. Exxon Mobil Corporation et. al.*, is consolidated with Civil Action No. 3:21-CV-00194-N, *Mendi Yoshikawa et. al. v. Exxon Mobil Corporation et. al*.  Pursuant to L.R. 42.1, all pleadings,

ORDER – PAGE 3

motions, or other papers will be filed in Civil Action No. 3:21-CV-00194-N.  The clerk of

the court shall administratively close 21-CV-00335-N for statistical purposes.

Signed June 10, 2021.

David C. Godbey
United States District Judge

ORDER – PAGE 4