UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SAN ANTONIO FIRE AND POLICE : Civil Action No. 1:22-cv-06339-JPC
PENSION FUND, Individually and on Behalf :
of All Others Similarly Situated, : CLASS ACTION
:
: MEMORANDUM OF LAW IN SUPPORT
Plaintiff, : OF MOTION FOR APPOINTMENT AS
: LEAD PLAINTIFF AND APPROVAL OF
vs. : LEAD PLAINTIFF'S SELECTION OF
: LEAD COUNSEL
DENTSPLY SIRONA INC., DONALD M. :
CASEY, JR., and JORGE GOMEZ, :
:
Defendants. :
:
---------------------------------------------------------------x

4895-7223-1212.v1

**I.      INTRODUCTION**

This action is brought on behalf of purchasers of Dentsply Sirona Inc. ("Dentsply" or the "Company") common stock between June 9, 2021 and May 9, 2022 (the "Class Period") against the Company and two former executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act"). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff" to lead the action. 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).[1]

Here, the Public Pension Funds respectfully submit that they are the presumptively most adequate plaintiff in this case because they filed a timely motion in response to a notice, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Public Pension Funds' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1] The complaint filed in this action (filed on July 26, 2022) is substantially similar to the complaint that has been pending before Judge Sarah D. Morrison in the U.S. District Court for the Southern District of Ohio since June 2, 2022: *See City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. Casey*, No. 2:22-cv-02371, attached as Exhibit A to the Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."). These related actions are brought against the same three defendants (the Company and two senior executive officers), and allege the same violations of the 1934 Act during the same Class Period. If appointed lead plaintiff, the City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System (collectively, the "Public Pension Funds") intend to proceed with all related actions in a single jurisdiction.

## II.   FACTUAL BACKGROUND

Dentsply produces a wide array of dental supplies, ranging from anesthetics, plaque and gum disease prevention, tooth polishers, and artificial teeth. The Company sells approximately two-thirds of its dental consumable and technology and equipment products through third-party distributors.

As (former) executives of Dentsply, defendants Donald M. Casey, Jr. ("Casey") and Jorge Gomez ("Gomez") were eligible for significant cash-and stock-based incentive compensation. Indeed, up to 89% of their annual compensation was awarded based on the Company's ability to meet certain milestones linked to Dentsply's financial performance. The complaints in the related actions allege that defendants made false and misleading statements regarding the Company's operations and failed to disclose that defendants had improperly recognized revenue tied to certain dealer incentive or rebate programs to allow defendants Casey and Gomez to meet certain incentive-based compensation targets. As a result, the complaints allege that Dentsply's financial statements were not prepared in accordance with Generally Accepted Accounting Principles and U.S. Securities and Exchange Commission ("SEC") rules, and the Company's internal controls over financial reporting were deficient throughout the Class Period. *See* ECF 1 at ¶¶9-10.

On April 11, 2022, Dentsply announced that defendant Gomez had "resigned" as Chief Financial Officer, but assured investors that his departure was "not the result of any dispute or disagreement with the Company, the Company's management or the Board of Directors of the Company on any matter relating to the Company's operations, policies or practices." ECF 1 at ¶11.

Eight days later, Dentsply suddenly announced that its Board of Directors had terminated defendant Casey, the Company's Chief Executive Officer, effective immediately and with no succession plan in place. On this news, Dentsply shares declined by over 13%, damaging investors.

4895-7223-1212.v1

Then, on May 10, 2022, Dentsply announced that, following reports from several internal whistleblowers, the Audit and Finance Committee of its Board of Directors (the "Audit Committee") had commenced an investigation regarding certain financial reporting matters. Specifically, Dentsply disclosed that the Audit Committee was investigating "the Company's use of incentives to sell products to distributors in the third and fourth quarters of 2021" and "whether those incentives were appropriately accounted for" in the Company's periodic reports with the SEC. ECF 1 at ¶13. The Company also disclosed that the Audit Committee is investigating allegations that "certain former and current members of senior management directed the Company's use of these incentives and other actions to achieve executive compensation targets in 2021." *Id.* On this news, Dentsply shares further declined by approximately 7%.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Dentsply's common stock, the Public Pension Funds and other class members have suffered significant losses and damages.

### III. ARGUMENT

#### A. The Public Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i).

The statutory notice in this Action was published on June 2, 2022 in connection with the first-filed *City of Miami* complaint. *See* Rosenfeld Decl., Ex. B.[2]

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Public Pension Funds meet these requirements and should be appointed Lead Plaintiff.

### 1.     The Public Pension Funds' Motion Is Timely

The June 2, 2022, statutory notice published in connection with the first-filed complaint advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by August 1, 2022. *See* Rosenfeld Decl., Ex. B. Because the Public Pension Funds' motion has been filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

---

[2]  The plaintiff in this Action has acknowledged that the PSLRA notice published in connection with the *City of Miami* complaint is applicable to this case. *See* https://www.bloomberg.com/press-releases/2022-07-26/correction-bleichmar-fonti-auld-llp-announces-the-filing-of-a-securities-class-action-lawsuit-against-dentsply-sirona-inc ("The complaint in this case is substantially similar to the complaint filed in City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Trust v. Casey, No. 2:22-cv-02371 (S.D. Ohio) ('Casey'), which is the first-filed securities class action in this matter. Pursuant to the notice published on June 2, 2022 in connection with the filing of Casey pursuant to the Private Securities Litigation Reform Act of 1995, investors wishing to serve as Lead Plaintiff must file a motion for appointment as Lead Plaintiff by no later than August 1, 2022.").

### 2. The Public Pension Funds Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Public Pension Funds purchased 181,440 Dentsply shares and suffered approximately $3.8 million in losses as a result of defendants' alleged violations of the federal securities laws. *See* Rosenfeld Decl., Exs. C, D. To the best of the Public Pension Funds' counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. The Public Pension Funds Are Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this early stage of litigation, only typicality and adequacy are pertinent. *See Denny v. Canaan, Inc.*, 2021 WL 5847647, at *2 (S.D.N.Y. Dec. 9, 2021) (Cronan, J.) ("'Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.'") (citation omitted). "'Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at *3 (citation omitted). "Adequacy means that 'there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants,' 'the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation,' and 'the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy.'" *Id.* (citation omitted).

Here, the Public Pension Funds' claims are typical of those of the class because – like all class members – they purchased Dentsply shares during the Class Period at artificially inflated prices, and suffered a loss as a result of defendants' alleged misconduct. Substantially similar – if

not identical – legal arguments and discovery will be required to prove defendants' liability.  The Public Pension Funds therefore satisfy the typicality requirement of Rule 23.

The Public Pension Funds are also adequate because their interests in the action are aligned with the interests of the other members of the class.  The Public Pension Funds are highly incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing based on, among other things, the substantial losses they suffered.  Further, each of the Public Pension Funds has significant experience serving in a fiduciary capacity and supervising the work of outside counsel.  As set forth in greater detail in the Joint Declaration submitted herewith (*see* Rosenfeld Decl., Ex. E), the Public Pension Funds fully understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution.  The Public Pension Funds' collaboration in this litigation follows from their roles as fiduciaries to their respective members and their shared goals and interests in protecting and maximizing pension fund assets.  Moreover, before filing this motion, representatives of the Public Pension Funds discussed, among other things, the lead plaintiff process, the merits of the claims and the status of the litigation, and the Public Pension Funds' common goals and strategy for the joint prosecution of this action.  *See id*.  Thus, the Public Pension Funds have the incentive and commitment to vigorously prosecute this Action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel.  In fact, the Public Pension Funds are precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would

significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001). Accordingly, the Public Pension Funds readily satisfy the adequacy requirement.

Because the Public Pension Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B. The Court Should Approve the Public Pension Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Public Pension Funds have selected Robbins Geller to serve as lead counsel in this case.[3]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-*

---

[3] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

*IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

---

[4]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-

As such, the Public Pension Funds' selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Public Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Public Pension Funds respectfully request that the Court grant their motion.

DATED:  August 1, 2022                    Respectfully submitted,

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

---

cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 9 -

        Proposed Lead Counsel for Proposed Lead Plaintiff

        VANOVERBEKE, MICHAUD & TIMMONY, P.C.
        THOMAS C. MICHAUD
        79 Alfred Street
        Detroit, MI  48201
        Telephone:  313/578-1200
        313/578-1201 (fax)
        tmichaud@vmtlaw.com

        Additional Counsel for Proposed Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 1, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4895-7223-1212.v1

# Mailing Information for a Case 1:22-cv-06339-JPC San Antonio Fire and Police Pension Fund v. Dentsply Sirona Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Hannah Elizabeth Ross**
  hannah@blbglaw.com,catherine@blbglaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`