UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

SAN ANTONIO FIRE AND POLICE          :    Civil Action No. 1:22-cv-06339-JPC
PENSION FUND, Individually and on Behalf  :
of All Others Similarly Situated,           :    <u>CLASS ACTION</u>
                                      :
                Plaintiff,     :    THE PUBLIC PENSION FUNDS'
                                      :    MEMORANDUM OF LAW IN
      vs.                       :    OPPOSITION TO COMPETING LEAD
                                      :    PLAINTIFF MOTIONS
DENTSPLY SIRONA INC., DONALD M.      :
CASEY, JR., and JORGE GOMEZ,        :
                                      :
                Defendants.    :
———————————————————————— x

4863-2617-6814.v1

## I.    INTRODUCTION

Three competing motions were filed in both the *City of Miami* action[1] and in this case by putative class members seeking appointment as lead plaintiff pursuant to the PSLRA.[2]  The statutory framework of the PSLRA provides a strong presumption that the "most adequate plaintiff" in a securities class action is the "person or group of persons" with the largest financial interest in the relief sought by the class that also meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Based on information contained in the submissions by the lead plaintiff movants, the Public Pension Funds are the "most adequate plaintiff."



---

[1]    It is unclear why San Antonio Fire and Police Pension Fund's counsel waited nearly three weeks after its client reviewed a complaint and executed its Private Securities Litigation Reform Act of 1995 ("PSLRA") Certification (ECF 7-1) to file this securities fraud class action in this Court . Moreover, this action filed in this Court was filed just four business days before the PSLRA's statutory motion deadline even though an identical action (the first-filed case), was then-pending in the Southern District of Ohio.  *See City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. Casey*, No. 2:22-cv-02371 (S.D. Ohio).

[2]    The movants are: (1) City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System (collectively, the "Public Pension Funds") (ECF 13); (2) City of Miami General Employees & Sanitation Employees Retirement Trust and Louisiana Sheriffs' Pension & Relief Fund ("Miami and Louisiana Sheriffs") (ECF 9); and (3) San Antonio Fire and Police Pension Fund (ECF 5).

In addition to possessing the largest financial interest in the relief sought by the class, the Public Pension Funds also unquestionably satisfy Rule 23's requirements. *See* ECF 14 at 5-7; ECF 15-5. Because the Public Pension Funds have the largest financial interest of any movant and are a small group of public pension funds who are committed to achieving the best possible outcome for the class, the Public Pension Funds respectfully request that the Court appoint them Lead Plaintiff.

By contrast, none of the competing movants satisfy the PSLRA's requirements because they did not suffer the largest loss, nor can they rebut the presumption in the Public Pension Funds' favor. Accordingly, because the competing movants cannot trigger the presumption and cannot rebut it, the Public Pension Funds are entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and their choice of Lead Counsel should be approved. The competing motions should be denied.

## II.    ARGUMENT

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(B)(iii)(II).

- 2 -

As demonstrated herein, the Public Pension Funds are the presumptively "most adequate plaintiff" because they are the movant with the largest financial interest that also satisfies the Rule 23 requirements.

### A.       The Public Pension Funds Have the Largest Financial Interest

"[T]he PSLRA does not indicate how to calculate which plaintiff has the 'largest financial interest.'" *Husson v. Garrett Motion Inc.*, 2021 WL 211541, at *2 (S.D.N.Y. Jan. 21, 2021) (Cronan, J.).[3] "In order to make this calculation, many courts in this District look to the factors that make up the so-called *Olsten-Lax Test*: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered.'" *Id.* "Many courts place 'the most emphasis on the last of the four factors.'" *Id.*; *see Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011) (Crotty, J.) ("[A] trend seems to be emerging that the *Lax* factors are properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important."). "To calculate approximate losses, courts 'typically employ one of two methodologies: First-In-First-Out ("FIFO") or Last–In–First–Out ("LIFO").'" *Hom v. Vale, S.A.*, 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016) (Woods, J.).

Under the *Lax-Olsten* test, including its two most important factors (net funds expended and loss), the Public Pension Funds clearly suffered the greatest financial interest in the relief sought by the class.

---

[3]     Unless otherwise noted, all emphasis is added and citations are omitted.

4863-2617-6814.v1

| MOVANT | SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | LOSS SUFFERED (LIFO) | LOSS SUFFERED (FIFO) |
|---|---|---|---|---|---|
| Public Pension Funds | **181,440** | 164,940 | **$9,909,398.08** | **$3,807,123.94** | **$3,810,731.84** |
| Miami and Louisiana Sheriffs | 170,938 | **170,938** | $9,846,217.93 | $3,567,413.21 | $3,567,413.21 |
| San Antonio Fire and Police Pension Fund | 105,450 | 105,450 | $6,302,997.40 | $2,404,040.14 | $2,404,040.14 |

While the San Antonio Fire and Police Pension Fund asks the Court to conduct a loss causation analysis at the lead plaintiff stage and adopt the so-called "*Dura*" methodology to assess the movants' respective losses, the Court need not decide whether it is proper to conduct such an analysis at the lead plaintiff stage because the Public Pension Funds' losses under the *Dura* methodology are larger than those of both competing movants:[4]

| MOVANT | LOSS SUFFERED (*Dura* w/ FIFO Matching) | LOSS SUFFERED (*Dura* w/ LIFO Matching) |
|---|---|---|
| Public Pension Funds | $3,693,296.85 | $3,809,094.57 |
| Miami and Louisiana Sheriffs | $3,567,413.21 | $3,567,413.21 |
| San Antonio Fire and Police Pension Fund | $2,404,040.14 | $2,404,040.14 |

In sum, regardless of the method employed by any of the competing movants in their motions, the Public Pension Funds possess the largest financial interest. Pursuant to the PSLRA's

---

[4]    While *Dura*-compliant methodologies have been utilized by a handful of the judges of this Court, they have been never been adopted in the Southern District of Ohio (where the *City of Miami* action is pending). *See Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *7 (S.D. Ohio Nov. 23, 2020) (Rejecting San Antonio Fire and Police Pension Fund's counsel's request for a *Dura*-compliant methodology and finding that: "Most courts in the Sixth Circuit do not adopt the *Dura* analysis to calculate financial interest at the lead plaintiff stage. . . .  This Court agrees with this majority and declines to use the *Dura* method to calculate the lead plaintiff candidates' losses.").

- 4 -

process, "'[o]nce the court "identifies the plaintiff with the largest stake in the litigation, [*i.e.*, the Public Pension Funds] further inquiry must focus on *that plaintiff* alone and be limited to determining whether [they] satisf[y] the other statutory requirements."'" *Hom*, 2016 WL 880201, at *6.

      **B.**      **The Public Pension Funds Satisfy Rule 23's Requirements and Are Entitled to the Most Adequate Plaintiff Presumption**

Pursuant to the PSLRA's sequential process, having identified the Public Pension Funds as the movant with the largest financial interest, the Court proceeds by assessing whether the Public Pension Funds "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). As this Court has noted, one need only make a "'preliminary showing'" at this stage that Rule 23's typicality and adequacy requirements have been satisfied. *Husson*, 2021 WL 211541, at *3. The Public Pension Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff. *See* ECF 14 at 5-7; ECF 15-5.

The Public Pension Funds meet Rule 23's typicality requirement because their claims "'arise[] from the same course of events'" as the claims of all other class members and involve "'similar legal arguments to prove the defendant's liability,'" namely, they: (1) purchased Dentsply Sirona Inc. common stock during the Class Period; (2) purchased Dentsply common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. *Husson*, 2021 WL 211541, at *3. Likewise, the Public Pension Funds meet Rule 23's adequacy requirement because their interests are clearly aligned with the interests of the other members of the class. Indeed, the Public Pension Funds – as sophisticated institutional investors with experience successfully serving as lead plaintiffs – are the preferred lead plaintiff candidate pursuant to the PSLRA. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the

- 5 -

Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

The Public Pension Funds' Joint Declaration demonstrates that they understand and accept the duties and responsibilities owed to other class members to monitor the prosecution of this action in the best interests of the class. *See* ECF 15-5. The Public Pension Funds' collaboration in this litigation follows from their roles as fiduciaries charged with collectively managing over $3.5 billion in retirement assets for public employees, including first responders. *See* ECF 15-5 at ¶¶2-4. The Public Pension Funds' representatives responsible for overseeing this action have had prior working interactions as part of their service for their respective funds. ECF 15-5 at ¶5 ("Our decision to seek appointment as lead plaintiff together was informed by a variety of factors, including the pre-existing contacts between ourselves and our organizations' representatives . . . and our shared dedication to issues affecting governmental retirement systems."). Moreover, the Public Pension Funds have all recently achieved successful outcomes for investors while serving as lead plaintiff as part of small groups in securities class actions brought under the PSLRA, including in this District. *See, e.g.*, *In re GreenSky Sec. Litig.*, No. 1:18-cv-11071-AKH, ECF 212 (S.D.N.Y. Oct. 22, 2021) (El Paso Firemen & Policemen's Pension Fund and two other institutional investor lead plaintiffs obtaining approval of a $27.5 million settlement); *Westchester Putnam Cntys. Heavy and Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp., Inc.*, No. 1:16-cv-02400-AT-SN, ECF 91 (S.D.N.Y. Dec. 13, 2017) (City of Birmingham Retirement and Relief System and two other institutional investor lead plaintiffs obtaining approval of $28 million settlement); *In re Uniti Group Inc. Sec. Litig.*, No. 4:19-cv-00756-BSM , ECF 128 (E.D. Ark. July 20, 2022) (Wayne County Employees' Retirement System and three other lead plaintiffs obtaining preliminary approval of $38.8 million

- 6 -

settlement). Prior to making their lead plaintiff motion, the Public Pension Funds had a conference call to discuss their strategy for jointly prosecuting this case. *See* ECF 15-5 at ¶¶6-7. And, as reflected in their Joint Declaration, all three Public Pension Funds have experience overseeing Robbins Geller as lead counsel in securities litigation, and have chosen the Firm as its lead counsel due to, *inter alia*, the Firm's success in prosecuting securities class actions in this District and in the Southern District of Ohio, where the *City of Miami* action is pending. *Id.*; *see also id.* at ¶9:

> We have selected Robbins Geller as Lead Counsel because of the Firm's extensive securities litigation experience and the results the Firm has achieved on behalf of defrauded investors, including the largest recovery in the history of the Sixth Circuit, which was obtained against Cardinal Health in the Southern District of Ohio (where the first-filed complaint against Dentsply Sirona is pending), as well as the recent $1.025 billion recovery against American Realty in the Southern District of New York (where the second-filed complaint against Dentsply Sirona is pending). *See In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.).

Simply put, "[t]hese pension systems have vast assets, apparent investment sophistication, experience in some prior and current class-action lawsuits, and an administrative structure under which they fulfill their fiduciary obligations to their members by choosing counsel to represent them and then maintaining oversight over those attorneys." *City of Brockton Ret. Sys. v. The Shaw Grp., Inc.,* 2007 WL 2845125, at *4 (S.D.N.Y. Sept. 26, 2007); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) ("cooperation among plaintiffs, particularly plaintiffs that are sophisticated institutional investors" demonstrates the group's ability to oversee

- 7 -

4863-2617-6814.v1

counsel).[5]  Thus, the Public Pension Funds have triggered the PSLRA's "most adequate plaintiff" presumption.[6]

### C.   The Presumption in Favor of Appointing the Public Pension Funds as Lead Plaintiff Cannot Be Rebutted

To rebut the strong presumption in favor of appointing the Public Pension Funds as lead plaintiff, the PSLRA requires "proof" that the Public Pension Funds "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Here, the competing movants cannot offer any such proof.  Accordingly, the Court should grant the Public Pension Funds' lead plaintiff motion and deny the competing motions.

---

[5]   The Southern District of Ohio is nearly unanimous in allowing small groups of institutional investors to aggregate their losses at the lead plaintiff stage.  *See In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) (largest securities class action recovery in Sixth Circuit history achieved by a group of institutional investors).

[6]   Competing movant San Antonio Fire and Police Pension Fund's service as a lead plaintiff in PSLRA litigation has, without exception, been as part of institutional investor groups.  *See McLeod v. InnovAge Holding Corp.*, No. 1:21-cv-02770-SKC, ECF 6-5 at ¶8 (D. Colo. Dec. 13, 2021) (currently serving as a lead plaintiff together with two other public pension funds, recognizing that the appointment of a group of three public pension funds would bestow "advantages of joint decision-making and collective resources, and . . . provide the Class broad representation"); *see also Vaitkueviene v. Syneos Health, Inc.*, No. 5:18-cv-00029-H-KS (E.D.N.C.) (currently serving as a lead plaintiff together with another public pension fund); *San Antonio Fire & Police Pension Fund v. Dole Food Co., Inc.*, No. 1:15-cv-01140-SLR (D. Del.) (achieving $74 million recovery as co-lead plaintiff with three other institutional investors).

4863-2617-6814.v1

## III.    CONCLUSION

It is axiomatic that the investor with the largest financial interest that also satisfies the requirements of Rule 23 is entitled to the PSLRA's most adequate plaintiff presumption.  The competing movants do not possess the largest financial interest and, therefore, cannot trigger the presumption.  Accordingly, the Public Pension Funds respectfully submit that their motion (ECF 13) should be granted, and the competing motions (ECF 5, 9) should be denied.

DATED:  August 15, 2022                    Respectfully submitted,

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           SAMUEL H. RUDMAN
                                           DAVID A. ROSENFELD


                                                 *s/ David A. Rosenfeld*
                                           DAVID A. ROSENFELD

                                           58 South Service Road, Suite 200
                                           Melville, NY  11747
                                           Telephone:  631/367-7100
                                           631/367-1173 (fax)
                                           srudman@rgrdlaw.com
                                           drosenfeld@rgrdlaw.com

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           DANIELLE S. MYERS
                                           JENNIFER N. CARINGAL
                                           MICHAEL ALBERT
                                           655 West Broadway, Suite 1900
                                           San Diego, CA  92101
                                           Telephone:  619/231-1058
                                           619/231-7423 (fax)
                                           dmyers@rgrdlaw.com
                                           jcaringal@rgrdlaw.com
                                           malbert@rgrdlaw.com

                                           Proposed Lead Counsel for Proposed Lead Plaintiff

4863-2617-6814.v1

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Proposed Lead Plaintiff

- 10 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 15, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4863-2617-6814.v1

# Mailing Information for a Case 1:22-cv-06339-JPC San Antonio Fire and Police Pension Fund v. Dentsply Sirona Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Hannah Elizabeth Ross**
  hannah@blbglaw.com,catherine@blbglaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)