

Javier Bleichmar
212 789 1341 direct
212 205 3960 fax
jbleichmar@bfalaw.com

August 18, 2022

**VIA ECF**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *San Antonio Fire and Police Pension Fund v. Dentsply Sirona Inc.*,
       No. 1:22-cv-06339 (S.D.N.Y.)

Dear Judge Cronan:

      We represent San Antonio Fire and Police Pension Fund ("San Antonio FPPF" or "Plaintiff"), the plaintiff and presumptive lead plaintiff that filed the above action (the "Action"). Pursuant to the Court's Individual Rules and Practices, we write to oppose the August 15, 2022 letter from lead plaintiff movant Miami General Employees' & Sanitation Employees' Retirement Trust ("Miami") and Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") (ECF No. 17) seeking permission to file an expedited motion to transfer the Action to the United States District Court for the Western District of North Carolina ("WDNC").

      No party and no other lead plaintiff movant has supported their request to transfer this Action to WDNC, which appears to be an improper, lawyer-driven effort that is contrary to the interests of the Class and should be rejected. Instead, Plaintiff's choice of forum should be respected and the Action should remain in this Court, while the substantively identical action pending in the Southern District of Ohio before the Honorable Sarah D. Morrison, *City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. Casey*, No. 2:22-cv-02371-SDM-CMV (the "Ohio Action"), should be transferred to this Court for consolidation.

      As a threshold matter, Miami and Louisiana Sheriffs cannot seek transfer of this Action because they are non-parties who have not sought intervention, and therefore lack "standing to seek a change of venue." *Kivita v. Phoenix Gen. & Health Servs., Inc.*, 51 F. App'x 348, 350 (2d Cir. 2002). By itself, their lack of standing is reason enough to deny Miami and Louisiana Sheriffs' request.

      Miami and Louisiana Sheriffs also fail to carry their "burden of making out a strong case for transfer" based on "clear and convincing evidence," as required. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (affirming district court's denial of



August 18, 2022
Page 2

transfer).  Neither the "convenience of parties and witnesses" or "the interest of justice," 28 U.S.C. § 1404(a), supports transferring this Action to WDNC.

To begin, *Miami itself* did not see fit to bring suit in WDNC in the first instance.  Instead, it chose to file the Ohio Action in the Southern District of Ohio on June 2, 2022.  Three days ago, on August 15, Miami and Louisiana Sheriffs suddenly moved to transfer that action to WDNC.

Earlier today, we filed the brief enclosed as **Exhibit A**, which opposes Miami and Louisiana Sheriffs' motion and seeks to dismiss the Ohio Action or transfer it to this Court for consolidation with this Action.  As our brief explains in detail, Miami and Louisiana Sheriffs' newfound desire to shift both Dentsply securities cases to WDNC is groundless.  For example:

- Miami and Louisiana Sheriffs are legally barred from seeking to transfer the Ohio Action out of the forum that Miami itself chose.  (Ex. A at 3-6.)

- After learning that it improperly filed the Ohio Action in the Southern District of Ohio, counsel for Miami and Louisiana Sheriffs refused to dismiss Miami's complaint voluntarily, only seeking transfer at 10:02 PM on the day lead plaintiff opposition briefs were due.  (*Id.* at 4-5.)

- They cite *no case* where any court transferred an action to a third jurisdiction such as WDNC, bypassing the jurisdiction where a related action was pending.  (*Id.* at 9.)

- No other party or lead plaintiff movant has joined Miami and Louisiana Sheriffs' motion.  (*Id.* at 1.)

Miami and Louisiana Sheriffs rely heavily on the location of Dentsply's corporate headquarters in North Carolina, that Defendant Gomez (the former CFO) purportedly resides in North Carolina (although Defendant Casey, the former CEO, resides in Florida), and a generalized suggestion that unnamed fact witnesses are "likely" located in North Carolina.  However, *all* of these circumstances existed when Miami chose to bring suit in Ohio, demonstrating that Miami and Louisiana Sheriffs' claimed basis for transfer is simply a pretext.

Moreover, courts in this District regularly refuse to transfer securities actions based on such arguments, which could allow any issuer headquartered outside New York to escape this District on demand.  In *Purdessy v. Bojangles', Inc.*, 2019 WL 2461805, at *1–2 (S.D.N.Y. May 24, 2019), the court refused to transfer a securities class action to WDNC, holding that it was "not determinative" that the relevant statements were "prepared, issued, or made from" Bojangles' "headquarters in Charlotte, North Carolina," and declining "to adopt a rule that would tend to

August 18, 2022
Page 3

make the defendant's headquarters the presumptive venue for securities class actions."[1] The same is true here, particularly where Miami did not see fit to bring suit in WDNC in the first instance.

There is also no merit to Miami and Louisiana Sheriffs' claim that it would be most efficient to transfer this Action to WDNC so it can be consolidated with the Ohio Action. Rather, the opposite is true: the Ohio Action should be transferred to **this Court** for consolidation with this Action. There is no reason to transfer two cases and thereby burden a third District Judge and court staff in an entirely new jurisdiction. Miami and Louisiana Sheriffs cite no case where such transfers occurred.

By contrast, continuing this Action in this District—the nation's preeminent forum for complex securities litigation—is the most efficient and appropriate course of action. All parties and all lead plaintiff movants already have New York counsel (while none appears to have North Carolina counsel); there is no issue with access to proof or documents, which will be produced electronically; and fact witnesses can be deposed (remotely, if needed) to secure their testimony for use in this Court, regardless of their physical location.

Finally, if the grounds for transfer to WDNC are as "compelling" as claimed (ECF No. 17 at 2), one might expect Defendants to have sought transfer to WDNC, or at least joined Miami and Louisiana Sheriffs' requests. They have not done so. Further, all other lead plaintiff movants—City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System—have specifically objected to Miami and Louisiana Sheriffs' "highly irregular and procedurally improper request" to brief a transfer motion now. ECF 24 at 2. Thus, Miami and Louisiana Sheriffs stand entirely alone in trying to move two cases to a new district.

For the reasons above, San Antonio FPPF opposes Miami and Louisiana Sheriffs' request. If the Court nonetheless wishes to set a briefing schedule, we submit that the normal deadlines under Local Civil Rule 6.1(b) should apply.

Respectfully submitted,

/s/ Javier Bleichmar

Enclosure

cc:     All counsel of record (via ECF)

---

[1] *See also Sec. Exch. Comm'n v. Milton*, 2022 WL 3156180, at *7-9 (S.D.N.Y. Aug. 8, 2022) (denying motion to transfer to Arizona, location of issuer's headquarters; "critical events took place in this District," including "trading of [issuer's] stock on NASDAQ"); *In re Geopharma, Inc.*, 2005 WL 1123883, at *1-3 (S.D.N.Y. May 11, 2005) (denying motion to transfer to Florida, location of issuer's headquarters, since issuer's securities were traded on NASDAQ, alleged misstatements were "disseminated in New York," and all parties had New York counsel and no party had "identified any unwilling witnesses"); *In re Glenayre Techs., Inc. Sec. Litig.*, 982 F. Supp. 294, 300 (S.D.N.Y. 1997) (denying motion for transfer to WDNC despite "25 non-party witnesses resid[ing] there").