# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02770-SKC

RANDY MCLEOD, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

INNOVAGE HOLDING CORP.,
MAUREEN HEWITT,
BARBARA GUTIERREZ,
J.P. MORGAN SECURITIES LLC,
BARCLAYS CAPITAL INC.,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
ROBERT W. BAIRD & CO. INCORPORATED,
WILLIAM BLAIR & COMPANY, L.L.C.,
PIPER SANDLER & CO.,
CAPITAL ONE SECURITIES, INC.,
LOOP CAPITAL MARKETS LLC,
SIEBERT WILLIAMS SHANK & CO., LLC, and
ROBERTS & RYAN INVESTMENTS, INC.,

     Defendants.

---

**JOINT DECLARATION OF EL PASO FIREMEN & POLICEMEN'S PENSION FUND,
SAN ANTONIO FIRE & POLICE PENSION FUND, AND INDIANA PUBLIC
RETIREMENT SYSTEM IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND FOR APPROVAL OF THEIR SELECTION OF COUNSEL**

---

We, El Paso Firemen & Policemen's Pension Fund, San Antonio Fire & Police Pension Fund, and Indiana Public Retirement System, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We, El Paso Firemen & Policemen's Pension Fund ("EPFPPF"), San Antonio Fire & Police Pension Fund ("SAFPPF"), and Indiana Public Retirement System ("INPRS," and collectively with EPFPPF and SAFPPF, the "Texas and Indiana Pension Funds") respectfully submit this joint declaration in support of the Texas and Indiana Pension Funds' motion for: (i) appointment as Lead Plaintiff, and (ii) approval of their selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel.

2. We are informed of and understand the requirements of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Each of us has personal knowledge about the information in this Joint Declaration as to ourselves and, where applicable, the entities with which we are associated.

3. I, Tyler C. Grossman, in my capacity as Executive Director at EPFPPF, am authorized to make this declaration on its behalf. EPFPPF is a $1.5 billion pension fund operated for the benefit of firefighters and police officers in El Paso, Texas. EPFPPF is familiar with the obligations and fiduciary responsibilities a lead plaintiff owes to a class. EPFPPF's understanding of the PSLRA's requirements is informed by, among other things, its prior experience as a lead plaintiff and representative party in shareholder class actions, and conversations with its counsel. As detailed in the papers accompanying our lead plaintiff motion, EPFPPF has suffered significant losses as a result of the InnovAge securities it purchased during the Class Period.

4. I, Gail Jensen, in my capacity as General Counsel of SAFPPF, am authorized to make this declaration on its behalf. SAFPPF is a $3.7 billion pension fund operated for the benefit

of firefighters and police officers in San Antonio, Texas. SAFPPF is familiar with the obligations and fiduciary responsibilities a lead plaintiff owes to a class. SAFPPF's understanding of the PSLRA's requirements is informed by, among other things, its prior experience as a lead plaintiff and representative party in shareholder class actions, and conversations with its counsel. As detailed in the papers accompanying our lead plaintiff motion, SAFPPF has suffered significant losses as a result of the InnovAge securities it purchased during the Class Period.

5.      I, Jeffrey M. Gill, in my capacity as Interim Chief Legal, Compliance and Procurement Officer of INPRS, am authorized to make this declaration on its behalf. INPRS is a $36.9 billion pension fund operated for the benefit of public employees in the State of Indiana. INPRS serves the needs of approximately 467,332 members and retirees representing more than 1,200 employers including public universities, schools, municipalities and state agencies. INPRS is familiar with the obligations and fiduciary responsibilities a lead plaintiff owes to a class. INPRS' understanding of the PSLRA's requirements is informed by, among other things, its prior experience as a lead plaintiff and representative party in shareholder class actions, and conversations with its counsel. As detailed in the papers accompanying our lead plaintiff motion, INPRS has suffered significant losses as a result of the InnovAge securities it purchased during the Class Period.

6.      We have personal knowledge of the facts set forth below, and would testify competently thereto.

7.      The Texas and Indiana Pension Funds are highly incentivized to recover the substantial losses suffered as a result of Defendants' alleged violations of the federal securities

laws and are committed to actively directing this litigation and maximizing the recovery for the Class.

8.      We determined to jointly seek appointment as Lead Plaintiff based on our view that the Class would benefit from our leadership. We understand that each of us could have chosen to pursue individual actions, made a motion for appointment as lead plaintiff individually, or taken no action and remained absent Class members. However, based on our respective financial losses, and in order to gain the advantages of joint decision-making and collective resources, and to provide the Class broad representation, we affirmatively and independently decided that it would be a benefit to ourselves and the Class if we jointly sought appointment as Lead Plaintiff. We believe our joint prosecution of this action will be in the best interests of class members.  We each understand that we owe a duty to all members of the proposed Class to provide fair and adequate representation.  We intend to work together and with our selected counsel, Cohen Milstein, to protect the interests of all Class members, and to vigorously and efficiently prosecute the claims on behalf of the Class. These shared goals motivated us to seek appointment as co-lead plaintiffs.

9.      This decision was further reinforced by our respective positive experiences in working jointly with other pension funds in prosecuting federal securities claims, and additionally, as to EPFPPF and SAFPPF, their shared history of serving as members of the Texas Association of Public Employee Retirement Systems (TEXPERS) and joint service as lead plaintiffs in *Vaitkuviene v. Syneos Health, Inc.*, No. 18-cv-29 (E.D.N.C.).

10.     The Texas and Indiana Pension Funds followed their respective deliberative processes to determine whether to pursue a leadership position in this Action. As part of those deliberative processes, the Texas and Indiana Pension Funds each independently determined to

seek joint appointment as Lead Plaintiff. In considering whether to pursue a leadership position in this Action, the Texas and Indiana Pension Funds each determined whether there would be an opportunity to work with other sophisticated institutional investors in seeking Lead Plaintiff appointment, and whether doing so would be in each of our fund's respective interests, and in the best interest of the Class.

11.     We do not foresee any challenges communicating with one another or staying abreast of the progress of this litigation. Indeed, as part of our effort to formalize our leadership of this action, and our commitment to jointly prosecute the action against Defendants, before seeking appointment as Lead Plaintiff, the Texas and Indiana Pension Funds convened a conference call with our chosen counsel, Cohen Milstein, to discuss, among other things: the facts and the merits of the claims against Defendants; strategy for the prosecution of this litigation; the respective experience of each of the Funds in prosecuting securities litigation and overseeing counsel; our interest in serving jointly as Lead Plaintiff; the benefits our small and cohesive group of institutional investors may provide to the Class; and the importance of ensuring that the Class's claims will be efficiently and zealously prosecuted, without duplicative efforts, by our oversight of our proposed Lead Counsel, Cohen Milstein.

12.     We also discussed a lead plaintiff's obligation under the PSLRA to select lead counsel, and to supervise the prosecution of the case to guarantee that the action is prosecuted efficiently. Through supervision of our chosen counsel, we will ensure that the action is prosecuted for the benefit of the Class in an efficient and effective manner. To achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via video conferencing, telephone, email, and if necessary, in person. We also understand that some of these

meetings may need to be conducted without counsel. To this end, we have exchanged contact information for one another, and will be able to call meetings with and without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications. We are confident in our ability to reach unanimous decisions regarding litigation matters. If, by chance, we disagree with each other on a significant decision, we will work with our counsel to make sure we overcome our differences to reach an agreement.

13.     After careful consideration, we have selected Cohen Milstein to serve as Lead Counsel. We are satisfied that our chosen counsel is highly experienced in prosecuting actions of this nature and capable of diligently prosecuting the Class's claims under our supervision.

14.     We have instructed our counsel to conduct the litigation in an efficient and effective manner, and to provide us with regular updates on the progress of the litigation as frequently as necessary.

15.     As set forth above, the Texas and Indiana Pension Funds believe that a small, cohesive group of experienced institutional investors serving as Lead Plaintiff will have a positive effect on the quality of the representation provided to absent Class members. We are committed to actively overseeing the effective and efficient prosecution of this action by, among other things, reviewing court documents, actively participating in litigation decisions, monitoring and directing counsel, and attending hearings and depositions as necessary and taking an active role in any settlement negotiations. We take the obligations owed by a lead plaintiff to a class very seriously, and hereby reaffirm our commitment to actively monitor our counsel and the litigation, to prosecute the action in the best interests of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct.

Executed this 13th day of December, 2021.

Tyler C. Grossman, Executive Director
El Paso Firemen & Policemen's Pension Fund

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct.

Executed this 13 day of December, 2021.

Gail Jensen, General Counsel
San Antonio Fire & Police Pension Fund

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct.

Executed this _13th_ day of December, 2021.

Jeffrey M. Gill, Interim Chief Legal, Compliance and Procurement Officer
Indiana Public Retirement System

9