**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., JORGE GOMEZ, and RANJIT S. CHADHA,<br><br>    Defendants. | Case No. 22-cv-06339-AS<br><br>CLASS ACTION |

**DEFENDANT DENTSPLY SIRONA INC.'S**
**ANSWER TO THE AMENDED COMPLAINT**

**ANSWER**

Defendant Dentsply Sirona Inc. ("Dentsply" or the "Company"), by and through its undersigned counsel, hereby answers the amended class action complaint (the "AC"), filed by Plaintiffs City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System ("Plaintiffs") in the above-captioned action (the "Action").  Dentsply denies all factual allegations in the AC, including without limitation all allegations appearing in headings, sub-headings, and footnotes, except as otherwise stated below.  Dentsply expressly reserves the right to amend and/or supplement its Answer.

On May 1, 2024, the Honorable Arun Subramanian issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss (the "Order").  The Court dismissed all of Plaintiffs' claims against former Dentsply Chief Accounting Officer ("CAO") Ranjit S. Chadha, Order at 14, as well as Plaintiffs' claims under U.S. Securities and Exchange Commission ("SEC") Regulation S-K Item 303, 17 C.F.R. § 229.303 ("Item 303"),  Order at 8.[1] The Court also dismissed certain of Plaintiffs' claims that Defendants made misstatements regarding supply chain disruptions, the success and drivers of Dentsply's digital sales, dealer inventory levels, Dentsply's growth positioning, and Dentsply's governance policies and ethics as non-actionable opinions or puffery, Order at 6–7, 11, and sustained Plaintiffs' remaining claims alleging misstatements on certain of the same topics, Order at 6–17.  For purposes of this Answer, Dentsply has interpreted references in the AC to "Defendants" to exclude Ranjit S. Chadha.

---

[1] On May 6, 2024, Plaintiffs informed the Court that they did not intend to amend their Item 303-based claims.  *See* ECF No. 107.

The unnumbered paragraph on page one of the AC does not contain allegations of fact to which a response is required. To the extent that a response is required, Dentsply denies the allegations in the unnumbered paragraph on page one, including footnote number one, to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims. Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the unnumbered paragraph on page one, including footnote number one, and therefore denies those allegations.

## SPECIFIC RESPONSES

1.     Paragraph 1 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 1.

2.     Dentsply denies the allegations in Paragraph 2, except admits that the Audit and Finance Committee of its Board of Directors (the "Audit and Finance Committee") completed an internal investigation (the "Internal Investigation"), that the Company voluntarily contacted the SEC to advise that the Internal Investigation had commenced, that the Company is cooperating with the staff of the SEC while the SEC's investigation is ongoing, and that on November 7, 2022, the Company restated its 3Q21 and FY21 financial statements and amended certain of its disclosures. Dentsply refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation and to its Forms 10-Q/A and 10-K/A filed with the SEC on November 7, 2022 for a complete and accurate description of its restated financial statements and disclosures.

3.     Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 3 and, on that basis, denies them, except admits that it is the largest manufacturer of professional dental products in the world and that its product offerings include

high-tech capital equipment such as CAD/CAM and imaging technology and single-use products such as drills.

4.      Dentsply denies the allegations in Paragraph 4.

5.      Dentsply denies the allegations in Paragraph 5.

6.      Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 6 and, on that basis, denies them.  Dentsply denies each and every remaining allegation in Paragraph 6, except admits the findings of the Internal Investigation and refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of those findings.

7.      Dentsply lacks knowledge and information sufficient to form a belief as to the alleged knowledge of Casey, Gomez, and Chadha, and, on that basis, denies all allegations relating to their alleged knowledge.  Dentsply denies the remaining allegations in Paragraph 7.

8.      Dentsply denies the allegations in Paragraph 8, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation with respect to Dentsply's China sales operations.

9.      Dentsply denies the allegations in Paragraph 9, except admits that it announced its 3Q21 results on November 4, 2021 and refers to its Form 8-K filed with the SEC on November 4, 2021 for its complete and accurate contents.

10.      Dentsply denies the allegations in Paragraph 10, except refers to the entire transcript of the referenced and quoted November 4, 2021 earnings call for its complete and accurate contents.

11.      Dentsply denies the allegations in Paragraph 11.

12.    Dentsply denies the allegations in Paragraph 12, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation with respect to 4Q21 and FY21.

13.    Dentsply denies the allegations in Paragraph 13, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation with respect to 4Q21 and FY21.

14.    Dentsply denies the allegations in Paragraph 14, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation with respect to 4Q21 and FY21, and to the referenced February 28, 2022 press release for its complete and accurate contents.

15.    Dentsply lacks knowledge and information regarding the referenced complaints by unnamed current and former Dentsply employees and, on that basis, denies the allegations in the fifth sentence of Paragraph 15.  Dentsply denies the remaining allegations in Paragraph 15, except admits it announced on April 11, 2022 that Gomez had resigned as CFO effective May 6, 2022, to join another company, that it announced on April 19, 2022 that Casey had been terminated as CEO, and refers to its Form 12b-25 Notification filed with the SEC on May 10, 2022 for its complete and accurate contents.

16.    Dentsply denies the allegations in Paragraph 16, except admits that it pre-announced its first quarter 2022 earnings on May 10, 2022, and refers to the entire transcript of the referenced May 10, 2022 earnings call for its complete and accurate contents, and admits that its stock price closed at $36.38 on May 10, 2022.

17.    Dentsply denies the allegations in Paragraph 17, except admits that Senior Vice President of the North America RCO, Eric Bruno ("Bruno"), was replaced in March 2022.

Chadha mutually separated from the Company on August 4, 2022, Chief Commercial Officer ("CCO") Walter Petersohn ("Petersohn") departed the Company on September 30, 2022, and Müller was replaced in November 2022.

18.    Dentsply denies the allegations in Paragraph 18, except admits that on November 1, 2022, Dentsply filed a Form 8-K with the SEC announcing the findings of the Internal Investigation and refers to the referenced Form 8-K for a complete and accurate description of the findings of the Internal Investigation.

19.    Dentsply denies the allegations in Paragraph 19, except refers to the referenced Form 8-K for a complete and accurate description of the findings of the Internal Investigation.

20.    Dentsply denies the allegations in Paragraph 20, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

21.    Dentsply denies the allegations in Paragraph 21 of the AC, except admits that the Company amended its Quarterly Report on Form 10-Q for the fiscal quarter ended September 30, 2021 and its Annual Report on Form 10-K for the fiscal year ended December 31, 2021, and refers to those filings for their complete and accurate contents.

22.    Dentsply denies the allegations in Paragraph 22, except admits that its share price closed at $30.82 on October 31, 2022, and closed at $26.83 on November 3, 2022.

23.    Dentsply denies the allegations in Paragraph 23, except admits that it announced its third quarter 2022 financial results and updated full year 2022 guidance on November 14, 2022 and that its stock price closed at $30.35 on November 14, 2022, and refers to Dentsply's Form 8-K filed with the SEC on November 14, 2022 for its complete and accurate contents.

24.     Paragraph 24 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 24, except admits that 28 U.S.C. § 1331 and § 27 of the Exchange Act grant this Court subject matter jurisdiction over certain claims.

25.     Paragraph 25 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 25, except admits that Dentsply's stock trades on the Nasdaq Stock Market LLC (the "Nasdaq") in this District.

26.     Paragraph 26 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 26.

27.     Dentsply lacks knowledge and information sufficient to form a belief with respect to the truth of the allegations in Paragraph 27, and therefore denies them.

28.     Dentsply lacks knowledge and information sufficient to form a belief with respect to the truth of the allegations in Paragraph 28, and therefore denies them.

29.     Dentsply lacks knowledge and information sufficient to form a belief with respect to the truth of the allegations in Paragraph 29, and therefore denies them.

30.     Dentsply admits the allegations in Paragraph 30.

31.     Dentsply denies the allegations in Paragraph 31, except admits that Casey was Dentsply's CEO and a member of Dentsply's Board from February 2018 through April 19, 2022, admits that Casey was a signatory to Dentsply's SEC and SOX reporting, and refers to its 2022 Proxy Statement filed with the SEC on April 14, 2022 for Casey's biography.

32.    Dentsply denies the allegations in Paragraph 32, except admits that Gomez was Dentsply's CFO from August 2019 through May 6, 2022, admits that Gomez was a signatory to Dentsply's SEC and SOX reporting, and refers to its 2022 Proxy Statement filed with the SEC on April 14, 2022 for Gomez's biography.

33.    Pursuant to the Court's Order, Plaintiffs' claims against Chadha have been dismissed, and no responsive pleading is required as to the allegations in Paragraph 33.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 33, except admits that Chadha was Dentsply's CAO and Principal Accounting Officer from August 31, 2020 through August 4, 2022, admits that Chadha was a signatory to Dentsply's SEC reporting, and refers to its 2022 Proxy Statement filed with the SEC on April 14, 2022 for Chadha's biography.

34.    Paragraph 34 constitutes Plaintiffs' characterization of their own complaint and no responsive pleading is required.  To the extent that a response is required, pursuant to the Court's Order, Plaintiffs' claims against Chadha have been dismissed, and on that basis, Dentsply denies the allegations in Paragraph 34.

35.    Paragraph 35 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 35.

36.    Dentsply admits the allegations in the first sentence of Paragraph 36 and denies the remaining allegations in Paragraph 36.

37.    Dentsply denies the allegations in Paragraph 37, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business.

38.    Dentsply denies the allegations in Paragraph 38, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business operations.

39.     Dentsply denies the allegations in Paragraph 39, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business.

40.     Dentsply denies the allegations in Paragraph 40, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business operations.

41.     Dentsply denies the allegations in Paragraph 41, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business operations.

42.     Dentsply denies the allegations in Paragraph 42, except refers to the referenced cease-and-desist order for its complete and accurate contents.

43.     Dentsply denies the allegations in Paragraph 43, except admits that the Company announced a three-year restructuring plan in November 2018, and refers to the announcement for its complete and accurate contents.

44.     Dentsply denies the allegations in the first sentence of Paragraph 44.  Dentsply lacks knowledge and information sufficient to form a belief as to statements made by unnamed former employees, and therefore denies them.

45.     Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the second sentence of Paragraph 45, and on that basis denies them.  Dentsply denies the remaining allegations in Paragraph 45, except refers to the referenced and quoted presentation at the January 13, 2021 JPMorgan Healthcare Conference for its complete and accurate contents.

46.     Dentsply denies the allegations in Paragraph 46.

47.     Dentsply denies the allegations in Paragraph 47, except admits that Primemill is a dental milling and grinding product that first debuted in 2020.

48.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations regarding Patterson and, on that basis, denies them.  Dentsply denies the remaining allegations in Paragraph 48.

49.    Dentsply denies the allegations in Paragraph 49, except admits that Ben Loop began working in the role of product quality group Vice President in or around April 2021.

50.    Dentsply denies the allegations in Paragraph 50, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business operations.

51.    Dentsply denies the allegations in Paragraph 51, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business operations.

52.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the second sentence of Paragraph 52 concerning Defendant Casey and, on that basis, denies them.  Dentsply denies the remaining allegations in Paragraph 52.

53.    Dentsply denies the allegations in Paragraph 53, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business operations during the referenced time period.

54.    Dentsply denies the allegations in Paragraph 54, except refers to the referenced remarks at the September 23, 2021 Investment Community Session at Dentsply Sirona World 2021 in their entirety for their complete and accurate contents.

55.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 55 and, on that basis, denies them.

56.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the first sentence in Paragraph 56 and, on that basis, denies them.  Dentsply denies

the remaining allegations, except refers to its Form 10-K filed with the SEC on March 1, 2022 for an accurate description of its business operations during the relevant time period.

57.     Dentsply lacks knowledge and information to form a belief as to the allegations in Paragraph 57 regarding the knowledge of the distributor sales team and, on that basis, denies them. Dentsply denies the remaining allegations in Paragraph 57.

58.     Dentsply denies the allegations in Paragraph 58.

59.     Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 59 and, on that basis, denies them.

60.     Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the second sentence of Paragraph 60 and, on that basis, denies them. Dentsply denies the remaining allegations in Paragraph 60, except admits that it had marketing materials titled "Reasons to Believe" in or around 2021.

61.     Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the first and second sentences of Paragraph 61 and, on that basis, denies them. Dentsply denies the remaining allegations in Paragraph 61, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

62.     Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the second, third, fourth, fifth, and sixth sentences in Paragraph 62 and, on that basis, denies them. Dentsply denies the remaining allegations in Paragraph 62, except admits that at times Ivan Zeljkovic reported directly to Gomez.

10

63.    Dentsply denies the allegations in Paragraph 63, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

64.    Dentsply denies the allegations in Paragraph 64, except admits that it announced its 3Q21 results on November 4, 2021 and refers to its Form 8-K filed with the SEC on November 4, 2021 and the entire transcript of the referenced and quoted November 4, 2021 earnings call for their complete and accurate contents.

65.    Dentsply denies the allegations in Paragraph 65, except refers to the entire transcript of the referenced and quoted November 4, 2021 earnings call for its complete and accurate contents.

66.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 66 and, on that basis, denies them.  Dentsply denies the remaining allegations in Paragraph 66.

67.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the first sentence of Paragraph 67 and, on that basis, denies them.  Dentsply denies the remaining allegations in Paragraph 67, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

68.    Dentsply denies the allegations in Paragraph 68, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

69.    Dentsply lacks knowledge and information sufficient to form a belief as to the first two sentences of Paragraph 69 and, on that basis, denies them.  The allegations in the third

sentence of Paragraph 69 are vague and ambiguous, and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the third sentence of Paragraph 69.

70.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 70 and, on that basis, denies them.

71.    Dentsply denies the allegations in Paragraph 71, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

72.    Dentsply denies the allegations in Paragraph 72, except admits that Dentsply filed a Form 8-K announcing its 4Q21 and FY21 financial results with the SEC on February 28, 2022 and refers to the referenced Form 8-K and Evercore report for their complete and accurate contents.

73.    Dentsply denies the allegations in Paragraph 73, except refers to the entire transcript of the referenced February 28, 2022 earnings call for its complete and accurate contents.

74.    Dentsply denies the allegations in Paragraph 74, except refers to the entire transcript of the referenced February 28, 2022 earnings call for its complete and accurate contents.

75.    Dentsply denies the allegations in Paragraph 75, except admits that its share price closed at $58.69 on February 25, 2022, and closed at $54.14 on February 28, 2022.

76.    Dentsply denies the allegations in Paragraph 76, except refers to its Form 10-K filed with the SEC on March 1, 2022 and its Form 10-K/A filed with the SEC on November 7, 2022 for their complete and accurate contents.

77.     Dentsply denies the allegations in Paragraph 77, except refers to its Form 8-K filed with the SEC on April 6, 2022 for its complete and accurate contents.

78.     Dentsply denies the allegations in Paragraph 78, except refers to its Form 8-K filed with the SEC on April 11, 2022 for its complete and accurate contents.

79.     Dentsply denies the allegations in Paragraph 79, except refers to its Form 8-K filed with the SEC on April 19, 2022 for its complete and accurate contents.

80.     Dentsply denies the allegations in Paragraph 80, except admits that its stock price closed at $42.20 on April 19, 2022, and refers to its Form 8-K filed with the SEC on April 19, 2022 for its complete and accurate contents.

81.     Dentsply denies the allegations in Paragraph 81, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

82.     Dentsply denies the allegations in Paragraph 82, except admits that it filed a Form 12b-25 Notification with the SEC on May 10, 2022, and refers to the referenced Form 12b-25 Notification and the entire transcript of the referenced and quoted May 10, 2022 earnings call for their complete and accurate contents.

83.     Dentsply denies the allegations in Paragraph 83, except admits that it filed a Form 8-K with the SEC on May 10, 2022, and refers to the referenced Form 8-K and the entire transcript of the referenced May 10, 2022 earnings call for their complete and accurate contents.

84.     Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

85.     Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies them.

86.     Dentsply denies the allegations in Paragraph 86, except admits that the Internal Investigation was conducted in 2022, admits that Dentsply announced the findings of the Internal Investigation on November 1, 2022, and refers to its Form 8-K filed with the SEC on November 1, 2022, its Form 10-K filed with the SEC on March 1, 2023, its Forms 10-Q for the second and third quarters of 2022 filed with the SEC on November 7, 2022, and its Form 10-Q for the first quarter of 2023 filed with the SEC on May 3, 2023 for their complete and accurate contents.

87.     Dentsply denies the allegations in Paragraph 87, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

88.     Dentsply denies the allegations in Paragraph 88, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

89.     Dentsply denies the allegations in Paragraph 89, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

90.     Dentsply denies the allegations in Paragraph 90, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

91.     Dentsply denies the allegations in Paragraph 91, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

92.     Dentsply denies the allegations in Paragraph 92, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

93.     Dentsply denies the allegations in Paragraph 93, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

94.     Dentsply denies the allegations in Paragraph 94, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

95.     Dentsply denies the allegations in Paragraph 95, including footnote number two, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation and to the referenced Public Company Accounting Oversight Board ("PCAOB") Auditing Standard ("AS") for its complete and accurate contents.

96.     Dentsply denies the allegations in Paragraph 96, except admits that its stock price closed at $31.00 on November 1, 2022 and closed at $26.83 on November 3, 2022.

97.     Dentsply denies the allegations in Paragraph 97, excepts admits that it announced 3Q22 financial results on November 14, 2022, and that its stock price closed at $32.05 on November 11, 2022 and closed at $30.35 on November 14, 2022, and refers to its Form 10-Q filed with the SEC on November 14, 2022 for its complete and accurate contents.

98.     To the extent that the allegations in Paragraph 98 relate to claims that have been dismissed pursuant to the Court's Order or purport to assert conclusions of law, no responsive

pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 98.

99.    To the extent that the allegations in Paragraph 99 relate to claims that have been dismissed pursuant to the Court's Order or purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 99.

100.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 100 have been dismissed, and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in paragraph 100, except admits that the Company held a conference call on August 5, 2021 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

101.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 101 have been dismissed, and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 101, except admits that the Company held an Investment Community Session at Dentsply Sirona World on September 23, 2021 and refers to the referenced remarks in their entirety for their complete and accurate contents.

102.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 102 have been dismissed, and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 102, except admits that the Company held an Investment Community Session at Dentsply Sirona World on September 23, 2021 and refers to the referenced and quoted presentation at the September 23, 2021 Investment Community Session for its complete and accurate contents.

103.    Dentsply denies the allegations in Paragraph 103, except admits that the Company held a conference call on November 4, 2021 to discuss the Company's results for 3Q21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

104.    Dentsply denies the allegations in Paragraph 104, except refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

105.    Dentsply denies the allegations in Paragraph 105, except admits that the Company participated in the Credit Suisse Healthcare Conference on November 11, 2021 and refers to the referenced statements by Casey in their entirety for their complete and accurate contents.

106.    Dentsply denies the allegations in Paragraph 106, except admits that the Company participated in the Evercore ISI HealthCONx Conference on December 1, 2021 and refers to the referenced statements in their entirety for their complete and accurate contents.

107.    Dentsply denies the allegations in Paragraph 107, except admits that the Company held a conference call on February 28, 2022 to discuss its results for 4Q21 and FY21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

108.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 108 have been dismissed and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 108, except admits that the Company held a conference call on February 28, 2022 to discuss its results for 4Q21 and FY21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

109.     To the extent that the allegations in Paragraph 109 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Paragraph 109 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

(a)     Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 109(a) have been dismissed, and no responsive pleading is required. Dentsply further responds that Paragraph 109(a) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

(b)     Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 109(b) have been dismissed, and no responsive pleading is required. Dentsply further responds that Paragraph 109(b) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

(c)     To the extent the allegations in Paragraph 109(c) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 109(c) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

(d)     To the extent the allegations in Paragraph 109(d) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 109(d) purports to assert conclusions of law as to which no

18

responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(e)     Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 109(e) have been dismissed, and no responsive pleading is required.  Dentsply further responds that Paragraph 109(e) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(f)     Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 109(f) have been dismissed, and no responsive pleading is required.  Dentsply further responds that Paragraph 109(f) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(g)     To the extent the allegations in Paragraph 109(g) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 109(g) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

110.    The allegations in the second, third, fourth, and fifth sentences of Paragraph 110 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.  With respect to the remaining allegations in Paragraph 110, Dentsply denies those allegations.

111.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in the fourth sentence of Paragraph 111 have been dismissed, and no responsive pleading is required.

19

To the extent that a response is required and with respect to the remaining allegations in Paragraph 111, Dentsply denies those allegations, except admits that the Company presented to investors on June 9, 2021 at the Goldman Sachs Global Healthcare Conference and refers to the referenced presentation for its complete and accurate contents.

112.    Dentsply denies the allegations in Paragraph 112, except admits that the Company participated in the Robert W. Baird Global Healthcare Conference on September 15, 2021 and refers to the referenced statements in their entirety for their complete and accurate contents.

113.    Dentsply denies the allegations in Paragraph 113, except admits that the Company held an earnings call on November 4, 2021 regarding the Company's results for 3Q21 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

114.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 114 have been dismissed, and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 114, except admits that the Company participated in a JPMorgan Healthcare Conference on January 12, 2022 and refers to the referenced and quoted presentation at the JPMorgan Healthcare Conference for its complete and accurate contents.

115.    Dentsply denies the allegations in Paragraph 115, except admits that the Company held a conference call with investors on February 28, 2022 regarding the Company's results for 4Q21 and FY21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

116.    Dentsply denies the allegations in Paragraph 116, except admits that the Company held a conference call with investors on February 28, 2022 regarding the Company's results for

4Q21 and FY21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

117.    To the extent the allegations in Paragraph 117 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 117 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(a)    To the extent the allegations in Paragraph 117(a) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 117(a) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(b)    To the extent the allegations in Paragraph 117(b) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 117(b) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(c)    To the extent the allegations in Paragraph 117(c) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 117(c) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(d)    To the extent the allegations in Paragraph 117(d) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply

21

further responds that Paragraph 117(d) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(e)      To the extent the allegations in Paragraph 117(e) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 117(e) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(f)      To the extent the allegations in Paragraph 117(f) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 117(f) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

118.    The allegations in the second and third sentences of Paragraph 118 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegation in Paragraph 118, Dentsply denies those allegations.

119.    Dentsply denies the allegations in Paragraph 119, except admits that the Company presented at the Goldman Sachs Global Healthcare Conference on June 9, 2021 and refers to the referenced presentation for its complete and accurate contents.

120.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 120 have been dismissed and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 120, except admits that the

Company held a conference call on August 5, 2021 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

121.    Dentsply denies the allegations in Paragraph 121, except admits that the Company held a conference call with investors on February 28, 2022 regarding the Company's results for 4Q21 and FY21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

122.    Dentsply denies the allegations in Paragraph 122, except admits that the Company held a conference call with investors on February 28, 2022 regarding the Company's results for 4Q21 and FY21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

123.    Dentsply denies the allegations in Paragraph 123, except admits that Dentsply filed a Form 10-Q announcing its 3Q21 financial results with the SEC on November 4, 2021 and refers to the referenced Form 10-Q for its complete and accurate contents.

124.    Dentsply denies the allegations in Paragraph 124, except admits that Dentsply filed its 2021 annual report on Form 10-K on March 1, 2022 and refers to the referenced Form 10-K for its complete and accurate contents.

125.    To the extent the allegations in Paragraph 125 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 125 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(a)    To the extent the allegations in Paragraph 125(a) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 125(a) purports to assert conclusions of law as to which no

23

responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(b)     To the extent the allegations in Paragraph 125(b) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 125(b) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(c)     To the extent the allegations in Paragraph 125(c) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 125(c) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations, except refers to the referenced Form 10-Q/A for 3Q21 for its complete and accurate contents.

(d)     To the extent the allegations in Paragraph 125(d) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 125(d) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations, except refers to the referenced 2021 Form 10-K/A for its complete and accurate contents.

(e)     To the extent the allegations in Paragraph 125(e) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 125(e) purports to assert conclusions of law as to which no

24

responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

126.    The allegations in the second, third, and fourth sentences of Paragraph 126 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 126, Dentsply denies those allegations.

127.    Dentsply denies the allegations in Paragraph 127, except refers to the referenced November 4, 2021 press release for its complete and accurate contents.

128.    Dentsply denies the allegations in Paragraph 128, except admits that on November 4, 2021, Dentsply filed its Form 10-Q for 3Q21 with the SEC, and refers to the referenced Form 10-Q for its complete and accurate contents.

129.    Dentsply denies the allegations in Paragraph 129, except admits that the Company held an earnings call on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

130.    To the extent the allegations in Paragraph 130 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 130 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

(a)    To the extent the allegations in Paragraph 130(a) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 130(a) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

25

(b)    To the extent the allegations in Paragraph 130(b) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 130(b) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations, except refers to the referenced Form 10-Q/A for 3Q21 for its complete and accurate contents.

(c)    To the extent the allegations in Paragraph 130(c) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 130(c) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

131.    The allegations in the second and third sentences of Paragraph 131 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 131, Dentsply denies those allegations.

132.    Dentsply denies the allegations in Paragraph 132, except refers to the referenced February 28, 2022 press release for its complete and accurate contents.

133.    Dentsply denies the allegations in Paragraph 133, except admits that the Company held an earnings call on February 28, 2022 regarding the Company's results for 4Q21 and FY21 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

134. Dentsply denies the allegations in Paragraph 134, except admits that the Company filed its Form 10-K filed with the SEC on March 1, 2022, and refers to the referenced Form 10-K for its compete and accurate contents.

135. To the extent the allegations in Paragraph 135 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 135 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

(a) To the extent the allegations in Paragraph 135(a) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 135(a) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

(b) To the extent the allegations in Paragraph 135(b) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 135(b) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

(c) To the extent the allegations in Paragraph 135(c) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 135(c) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

(d)    To the extent the allegations in Paragraph 135(d) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 135(d) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations, except refers to the referenced Forms 10-K and 10-K/A for their complete and accurate contents.

(e)    To the extent the allegations in Paragraph 135(e) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 135(e) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

136.    The allegations in the second and third sentences of Paragraph 136 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 136, Dentsply denies those allegations.

137.    Dentsply denies the allegations in Paragraph 137, except admits that Dentsply issued an August 5, 2021 press release and refers to the referenced press release for its complete and accurate contents.

138.    Dentsply denies the allegations in Paragraph 138, except admits that the Company held a conference call on August 5, 2021 to discuss the Company's results for 2Q21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

139.    Dentsply denies the allegations in Paragraph 139, except admits that Dentsply presented at the September 15, 2021 Robert W. Baird Global Healthcare Conference and refers to the referenced presentation for its complete and accurate contents.

140.    Dentsply denies the allegations in Paragraph 140, except admits that Dentsply issued a press release announcing its financial results for 3Q21 on November 4, 2021 and refers to the referenced November 4, 2021 press release for its complete and accurate contents.

141.    Dentsply denies the allegations in Paragraph 141, except admits that Dentsply held a conference call on November 4, 2021 to discuss the Company's results for 3Q21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

142.    Dentsply denies the allegations in Paragraph 142, except admits that Dentsply held a conference call on November 4, 2021 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

143.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 143 have been dismissed and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 143, except admits that the Company held a conference call on February 28, 2022 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

144.    Dentsply denies the allegations in Paragraph 144, except admits that Dentsply held a conference call on February 28, 2022 to discuss the Company's results for 4Q21 and FY21 and refers to the entire transcript of the referenced and quoted conference call for its complete and accurate contents.

29

145.    To the extent the allegations in Paragraph 145 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 145 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 145 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(a)    To the extent the allegations in Paragraph 145(a) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 145(a) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 145(a) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(b)    To the extent the allegations in Paragraph 145(b) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 145(b) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 145(b) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(c)    To the extent the allegations in Paragraph 145(c) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply

further responds that Paragraph 145(c) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 145(c) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(d)     To the extent the allegations in Paragraph 145(d) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 145(d) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 145(d) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

146.    The allegations in Paragraph 146 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations.

147.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 147 have been dismissed and no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 147, except admits that the Company presented at the Robert W. Baird Symposium on June 17, 2021 and refers to the referenced and quoted presentation at the Robert W. Baird Symposium for its complete and accurate contents.

148.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 148 have been dismissed and no responsive pleading is required. To the extent that a

31

response is required, Dentsply denies the allegations in Paragraph 148, except admits that Casey, Gomez, and Chadha signed Dentsply's Form 10-K filed with the SEC on March 1, 2022, and refers to the referenced Form 10-K for its complete and accurate contents.

149. Dentsply denies the allegations in Paragraph 149, except refers to Dentsply's Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.

150. Dentsply denies the allegations in Paragraph 150, except refers to Dentsply's Code of Conduct as published on its website for its complete and accurate contents.

151. To the extent the allegations in Paragraph 151 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 151 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 151 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(a) To the extent the allegations in Paragraph 151(a) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 151(a) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 151(a) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(b) To the extent the allegations in Paragraph 151(b) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply

further responds that Paragraph 151(b) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 151(b) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(c)    To the extent the allegations in Paragraph 151(c) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 151(c) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 151(c) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(d)    To the extent the allegations in Paragraph 151(d) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 151(d) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 151(d) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(e)    To the extent the allegations in Paragraph 151(e) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Dentsply further responds that Paragraph 151(e) purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks

33

knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 151(e) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

(f)     To the extent the allegations in Paragraph 151(f) relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Dentsply further responds that Paragraph 151(f) purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 151(f) to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

152.    The allegations in Paragraph 152 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

153.    Dentsply denies the allegations in Paragraph 153, except admits that Casey and Gomez signed Dentsply's 2Q21 Form 10-Q, admits that Casey and Gomez signed Dentsply's 3Q21 Form 10-Q, admits that Casey, Gomez, and Chadha signed Dentsply's FY21 Form 10-K, and refers to Dentsply's Forms 10-Q and 10-K filed with the SEC on August 3, 2021, November 4, 2021, and March 1, 2022 for their complete and accurate contents.  Dentsply denies the allegations in footnote number three, except refers to 17 C.F.R. § 210.4-01(a)(1) and Financial Accounting Standards Board Statement of Financial Accounting Standards No. 168 for their complete and accurate contents.

154.    Dentsply admits the allegations in Paragraph 154.

155.    Dentsply denies the allegations in Paragraph 155, except admits that Dentsply issued a press release announcing its financial results for 2Q21 on August 5, 2021 and refers to the referenced press release for its complete and accurate contents.

156.    Dentsply denies the allegations in Paragraph 156, except admits that Dentsply issued a press release announcing its financial results for 3Q21 on November 4, 2021 and refers to the referenced press release for its complete and accurate contents.

157.    Dentsply denies the allegations in Paragraph 157, except admits that Dentsply issued a press release announcing Dentsply's financial results for 4Q21 and FY21 on February 28, 2022 and refers to the referenced press release for its complete and accurate contents.

158.    Paragraph 158 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 158.

159.    Dentsply denies the allegations in Paragraph 159, except admits that Dentsply filed a Form 10-Q/A with the SEC on November 7, 2022 and refers to the referenced Form 10-Q/A for its complete and accurate contents.

160.    Dentsply denies the allegations in Paragraph 160, including footnote number four, except admits that Dentsply filed a Form 10-K/A with the SEC on November 7, 2022 and refers to the referenced Form 10-K/A for its complete and accurate contents.

161.    Dentsply denies the allegations in Paragraph 161, except refers to Dentsply's Form 10-Q/A filed with the SEC on November 7, 2022 for its complete and accurate contents.

162.    Dentsply denies the allegations in Paragraph 162, except refers to Dentsply's Forms 10-Q/A and 10-K/A filed with the SEC on November 7, 2022 for its complete and accurate contents.

163.    The first sentence of Paragraph 163 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 163, including footnote numbers five and six, Dentsply denies those allegations, except refers to the referenced and quoted statement for its complete and accurate contents.

164.    The third sentence of Paragraph 164 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, and with respect to the remaining allegations in Paragraph 164, Dentsply denies those allegations.

165.    The first sentence of Paragraph 165 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, and with respect to the remaining allegations in Paragraph 165, including footnote number seven, Dentsply denies those allegations, except refers to the referenced and quoted statement for its complete and accurate contents.

166.    The first sentence of Paragraph 166 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 166, Dentsply denies those allegations, except refers to the referenced and quoted statement for its complete and accurate contents.

167.    The first sentence of Paragraph 167 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 167, including footnote number eight, Dentsply denies those allegations, except refers to Dentsply's Forms 10-Q/A and 10-K/A filed with the SEC on November 7, 2022 for their complete and accurate contents.

168.    Paragraph 168 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 168, including footnote number nine, except refers to Dentsply's Forms 10-Q/A and 10-K/A filed with the SEC on November 7, 2022 for their complete and accurate contents.

169.    The first sentence of Paragraph 169 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 169, Dentsply denies those allegations, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the results of the Internal Investigation.

170.    The first sentence of Paragraph 170 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations, except refers to the referenced and quoted accounting standard for its complete and accurate contents.  Dentsply denies the remaining allegations in Paragraph 170.

171.    Dentsply denies the allegations in Paragraph 171, except refers to Dentsply's Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.

172.    Paragraph 172 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 172.

173.    Dentsply denies the allegations in Paragraph 173, except refers to the referenced accounting standard for its complete and accurate contents.

174.    Paragraph 174 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 174.

175.    The first sentence of Paragraph 175 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 175, including footnote number ten, Dentsply denies the allegations, except refers to the referenced and quoted accounting standard and to Dentsply's Form 10-K filed with the SEC on March 1, 2022 and the cited materials for their complete and accurate contents.

176.    Paragraph 176 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 176, including footnote numbers eleven and twelve, except refers to the referenced and quoted accounting standard and to Dentsply's Form 10-K filed with the SEC on March 1, 2022 and the quoted materials for their complete and accurate contents.

177.    Dentsply denies the allegations in Paragraph 177, including footnote number thirteen, except refers to Dentsply's Form 10-Q/A filed with the SEC on November 7, 2022 and the cited regulations for their complete and accurate contents.

178.    Paragraph 177 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 177, including footnote number fourteen, except refers to the referenced and quoted accounting standard and to Dentsply's Form 10-Q/A filed with the SEC on November 7, 2022 and the cited regulations for their complete and accurate contents.

179.    Paragraph 179 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 179.

180.    Paragraph 180 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 180.

181.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 181 have been dismissed and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 181, including with respect to footnote numbers fifteen and sixteen, except refers to the quoted regulations for their complete and accurate contents.

182.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 182 have been dismissed and no responsive pleading is required.

183.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 183 have been dismissed and no responsive pleading is required.

184.    The first sentence of Paragraph 184 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 184.  Dentsply denies the remaining allegations in Paragraph 184, except refers to the December 13, 2021 SEC comment letter for its complete and accurate contents.

185.    Dentsply denies the allegations in Paragraph 185, except refers to its January 12, 2022 response to the SEC's December 13, 2021 comment letter for its complete and accurate contents.

186.    Dentsply denies the allegations in Paragraph 186, except refers to its Forms 10-Q filed with the SEC on August 5, 2021 and November 4, 2021 for their complete and accurate

39

contents, and refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

187. Dentsply denies the allegations in Paragraph 187, except refers to its Forms 10-Q filed with the SEC on August 5, 2021 and November 4, 2021 and its Form 10-K filed with the SEC on March 1, 2022 for their complete and accurate contents.

188. The first sentence of Paragraph 188 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 188. Dentsply denies the remaining allegations in Paragraph 188, except refers to its Forms 10-Q/A and 10-K/A filed with the SEC on November 7, 2022 for their complete and accurate contents.

189. Dentsply denies the allegations in Paragraph 189, except refers to its Forms 10-Q/A and 10-K/A filed with the SEC on November 7, 2022 for their complete and accurate contents.

190. Dentsply denies the allegations in Paragraph 190, except refers to its Forms 10-Q/A and 10-K/A filed with the SEC on November 7, 2022 for their complete and accurate contents.

191. Dentsply denies the allegations in Paragraph 191, except refers to its Forms 10-Q/A and 10-K/A filed with the SEC on November 7, 2022 and its Form 10-K filed with the SEC on March 1, 2023 for a complete and accurate description of its business operations.

192. Dentsply denies the allegations in Paragraph 192, except refers to its Form 10-K filed with the SEC on March 1, 2022 and its Forms 10-Q filed with the SEC on August 5, 2021 and November 4, 2021 for their complete and accurate contents.

193.    Dentsply denies the allegations in Paragraph 193, except refers to its Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.

194.    Paragraph 194 purports to assert conclusions of law to which no responsive pleadings are required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 194, including footnote number seventeen, except refers to Public Company Accounting Oversight Board's Auditing Standard 2201 for its complete and accurate contents.

195.    The first sentence of Paragraph 195 purports to assert conclusions of law to which no responsive pleadings are required.  To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 195.  Dentsply denies the remaining allegations in Paragraph 195, except refers to its Form 10-K/A filed with the SEC on November 7, 2022 and its Form 8-K filed with the SEC on November 1, 2022 for their complete and accurate contents.

196.    The allegations in Paragraph 196 are vague and ambiguous, and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 196, including footnote numbers eighteen and nineteen, except refers to the Public Company Accounting Oversight Board's Auditing Standard 2201 & No. 5, Appendix A – Definitions for their complete and accurate contents.

197.    Dentsply denies the allegations in Paragraph 197, except refers to its Form 10-K/A filed with the SEC on November 7, 2022 for its complete and accurate contents.

198.    Dentsply denies the allegations in Paragraph 198, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

199.    The allegations in Paragraph 199 are vague and ambiguous and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in

41

Paragraph 199, including footnote number twenty, except refers to the referenced Committee of Sponsoring Organizations of the Treadway Commission Framework and to Dentsply's Form 10-K filed with the SEC on March 1, 2022 for their complete and accurate contents.

200.    Dentsply denies the allegations in Paragraph 200, except refers to its Form 10-K/A filed with the SEC on November 7, 2022 for its complete and accurate contents.

201.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in the first sentence of Paragraph 201 and, on that basis, denies them.  Dentsply denies the remaining allegations in Paragraph 201, except refers to the entire transcript of the referenced and quoted November 14, 2022 conference call for its complete and accurate contents.

202.    Dentsply denies the allegations in Paragraph 202, except refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

203.    Dentsply denies the allegations in Paragraph 203, except refers to its Form 10-K/A filed with the SEC on November 7, 2022 for its complete and accurate contents.

204.    Dentsply denies the allegations in Paragraph 204.

205.    Dentsply denies the allegations in Paragraph 205, except refers to its Form 10-K/A and Form 10-Q/A filed with the SEC on November 7, 2022 for their complete and accurate contents.

206.    Dentsply denies the allegations in Paragraph 206, except refers to its Form 10-K/A filed with the SEC on November 7, 2022 for its complete and accurate contents.

207.    Dentsply denies the allegations in Paragraph 207, except refers to its Form 10-K/A filed with the SEC on November 7, 2022 for its complete and accurate contents

208.    Paragraph 208 contains Plaintiffs' characterizations of the Sarbanes-Oxley Act to which no responsive pleadings are required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 208.

209.    Dentsply denies the allegations in Paragraph 209, including footnote number twenty-one, except admits that Casey and Gomez signed SOX certifications filed with Dentsply's 2Q21 and 3Q21 Forms 10-Q and 2021 Form 10-K and refers to its Form 10-Q filed with the SEC on August 5, 2021, its Form 10-Q filed with the SEC on November 4, 2021, and its Form 10-K filed with the SEC on March 1, 2022 for their complete and accurate contents.

210.    Pursuant to the Court's Order, all claims against Chadha have been dismissed and to the extent the allegations in Paragraph 210 relate to such claims, no responsive pleading is required.  Dentsply further responds that the allegations in Paragraph 210 purport to assert conclusions of law and Plaintiffs' characterization of the complaint, and no responsive pleading is required.  To the extent that a response is required to the allegations in Paragraph 210, Dentsply denies each and every allegation.  With respect to footnote number twenty-one, Dentsply refers to its Forms 10-Q and 10-K filed with the SEC on August 5, 2021, November 4, 2021, and March 1, 2022 for their complete and accurate contents.

211.    The portion of the first sentence of Paragraph 211 preceding the colon purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.  Dentsply denies the remaining allegations in Paragraph 211.

212.    Dentsply admits the allegations in Paragraph 212, including footnote number twenty-two.

43

213.     Paragraph 213 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.

214.     Dentsply admits the allegations in Paragraph 214.

215.     Dentsply admits the allegations in Paragraph 215.

216.     Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 216 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except admits that Casey, Gomez, and Chadha were each awarded the maximum compensation under the 2021 First Half Annual Incentive Plan and refers to Dentsply's 2022 Proxy Statement for its complete and accurate description of executive compensation.

217.     The first sentence of Paragraph 217 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of those allegations to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except admits that by the end of 4Q21, the Company had achieved sufficient Adjusted EBITDA for the 2021 Second Half Annual Incentive Plan bonus pool to be funded at 84.1% and refers to Dentsply's 2022 Proxy Statement for its complete and accurate description of executive compensation.

218.     Paragraph 218 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 218.

219.     Dentsply admits the allegations in Paragraph 219.

220.    Dentsply denies the allegations in Paragraph 220, except admits that the 2019-2021 PRSU Awards were based on cumulative non-GAAP EPS and total shareholder return and refers to its 2022 Proxy Statement for its complete and accurate description of the 2019-2021 PRSU Awards.

221.    Paragraph 221 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 221, except admits that the Company achieved $7.11 in adjusted EPS over the three-year period from 2019-2021 and 70.5% of the threshold funding level for the EPS-based PRSUs, and avers that in February 2022, the Company's Human Resources Committee excluded the impact of the AIP reduction from the EPS calculation and calculated the cumulative non-GAAP EPS over the three-year-period from 2019-2021 to be $7.06, which was below the $7.09 threshold metric.  Dentsply refers to its 2022 Proxy Statement for its complete and accurate description of the 2019-2021 PRSU Awards.

222.    The first sentence of Paragraph 222 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.  Dentsply admits the remaining allegations contained in Paragraph 222.

223.    Dentsply admits the allegations in Paragraph 223.

224.    Dentsply denies the allegations in Paragraph 224, except admits that Casey and Gomez received awards of $5.0 million and $3.5 million in PRSU Awards and were entitled to up to 300% vesting of those awards in connection with the Company's 2019 Operating Margin Transformation Incentive Plan, and refers to Dentsply's Proxy Statements filed with the SEC on April 7, 2020, April 16, 2021, and April 13, 2022 for their complete and accurate contents.

45

225. The first sentence of Paragraph 225 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations, except refers to the Forms 10-K/A and 10-Q/A filed with the SEC on November 7, 2022 for their complete and accurate contents.

226. Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 226 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except admits the allegations in footnote 23 and admits that, at its February 2022 meeting, the Human Resources Committee of the Dentsply Board of Directors, at the recommendation of Company management, approved the decision to exercise negative discretion to reduce the payout to 50% in the aggregate to the Management Committee, including the non-executive officers.

227. Dentsply denies the allegations in Paragraph 227.

228. Paragraph 228 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 228 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except admits that Casey and Gomez signed SOX certifications accompanying Dentsply's 2Q21 and 3Q21 Forms 10-Q and Dentsply's Form 10-K for 2021.

229. Paragraph 229 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 229 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

230.   Paragraph 230 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 230 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except refers to Dentsply's Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.

231.   Paragraph 231 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Dentsply denies those allegations, except refers to Dentsply's March 17, 2022 press release for its complete and accurate contents.

232.   Paragraph 232 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Dentsply denies those allegations, except admits that Gomez resigned from the Company effective May 6, 2022 and refers to Dentsply's April 11, 2022 press release for its complete and accurate contents.

233.   Paragraph 233 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 233 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except admits that Casey was terminated effective April 19, 2022 and refers to Dentsply's April 19, 2022 press release for its complete and accurate contents.

234.   Paragraph 234 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Dentsply denies those allegations, except refers to the referenced 2022 Proxy Statement and Definitive Proxy Statement

47

filed with the SEC on April 14, 2023 for their complete and accurate contents.  Further, Dentsply

denies the allegations contained in footnote number twenty-four, except admits that former

General Counsel Cheree H. Johnson departed the Company on February 24, 2023 and refers to

the Proxy Statement filed with the SEC on April 23, 2023 for their complete and accurate

contents.

235.   Paragraph 235 purports to assert conclusions of law as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Dentsply denies those

allegations, except admits that Chadha departed the Company effective September 2, 2022 and

refers to Dentsply's August 9, 2022 Form 8-K for its complete and accurate contents.

236.   Paragraph 236 purports to assert conclusions of law as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Dentsply denies those

allegations, except admits that Petersohn departed the Company effective September 30, 2022

and refers to Dentsply's September 2, 2022 Form 8-K for its complete and accurate contents.

237.   Paragraph 237 purports to assert conclusions of law as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Dentsply denies those

allegations, except admits that Müller departed the Company on October 19, 2022 and refers to

Dentsply's November 28, 2022 press release for its complete and accurate contents.

238.   Paragraph 238 purports to assert conclusions of law as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Dentsply denies those

allegations, except refers to the referenced and quoted 2021 Form 10-K/A for its complete and

accurate contents.

239.   Paragraph 239 purports to assert conclusions of law as to which no responsive

pleading is required.  To the extent a responsive pleading is required, Dentsply denies those

allegations, except admits that the Company held an earnings call on August 5, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

240.    Dentsply denies the allegations in Paragraph 240, except admits that CAD/CAM sales represented approximately 22.9% of Dentsply's Technology and Equipment segment net sales in 2021.

(a)    Dentsply denies the allegations in Paragraph 240(a), except admits that the Company participated in a JPMorgan Healthcare Conference on January 15, 2020 and refers to the referenced and quoted presentation at the JPMorgan Healthcare Conference for its complete and accurate contents.

(b)    Dentsply denies the allegations in Paragraph 240(b), except admits that the Company held an earnings call on March 2, 2020 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

(c)    Dentsply denies the allegations in Paragraph 240(c), except admits that the Company held an earnings call on August 6, 2020 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

241.    Dentsply denies the allegations in Paragraph 241.

(a)    Dentsply denies the allegations in Paragraph 241(a), except admits that the Company held an earnings call on August 5, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

(b)    Dentsply denies the allegations in Paragraph 241(b), except admits that the Company held an earnings call on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

49

(c)      Dentsply denies the allegations in Paragraph 241(c), except admits that the Company participated in a Piper Sandler Healthcare Conference on November 22, 2021 and refers to the referenced and quoted presentation at the Piper Sandler Healthcare Conference for its complete and accurate contents.

(d)      Dentsply denies the allegations in Paragraph 241(d), except admits that the Company participated in a JPMorgan Healthcare Conference on January 12, 2022 and refers to the referenced and quoted presentation at the JPMorgan Healthcare Conference for its complete and accurate contents.

(e)      Dentsply denies the allegations in Paragraph 241(e), except admits that the Company held an earnings call on February 28, 2022 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

242.    Paragraph 242 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a responsive pleading is required, Dentsply denies the allegations in Paragraph 242.

243.    Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 243 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except admits that the Company held an earnings call on February 28, 2022 and refers to entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

244.    Paragraph 244 has been left blank in the AC, and as such requires no response.

245.    Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 245 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except admits that the

Company held an earnings call on August 5, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

an analyst asked:

246. Dentsply denies the allegations in Paragraph 246, except admits that the Company held an earnings call on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

247. Dentsply denies the allegations in Paragraph 247, except admits that the Company held an earnings call on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

248. Dentsply denies the allegations in Paragraph 248, except admits that the Company participated in an Investment Community Session at Dentsply Sirona World 2021 on September 23, 2021 and refers to the referenced and quoted presentation at the September 23, 2021 Investment Community Session for its complete and accurate contents.

249. Dentsply denies the allegations in Paragraph 249, except admits that the Company participated in an Investment Community Session at Dentsply Sirona World 2021 on September 23, 2021 and refers to the referenced and quoted presentation at the September 23, 2021 Investment Community Session for its complete and accurate contents.

250. Dentsply denies the allegations in Paragraph 250, except admits that the Company participated in an Investment Community Session at Dentsply Sirona World 2021 on September 23, 2021 and refers to the referenced and quoted presentation at the September 23, 2021 Investment Community Session for its complete and accurate contents.

251. Dentsply denies the allegations in Paragraph 251, except admits that the Company held an earnings call on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

252.    Dentsply denies the allegations in Paragraph 252, except admits that the Company held an earnings call on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

253.    Dentsply denies the allegations in Paragraph 253, except admits that the Company participated in the Credit Suisse Healthcare Conference on November 11, 2021 and refers to the referenced and quoted presentation at the Credit Suisse Healthcare Conference for its complete and accurate contents.

254.    Dentsply denies the allegations in Paragraph 254, except admits that the Company participated in the Evercore ISI HealthCONx Virtual Conference on December 1, 2021 and refers to the referenced and quoted presentation at the Evercore ISI HealthCONx Virtual Conference for its complete and accurate contents.

255.    Paragraph 255 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 255.

256.    Dentsply denies the allegations in Paragraph 256, except admits that the SEC sent a comment letter regarding Dentsply's Form 10-K for FY20 to Gomez on December 13, 2021 and refers to the referenced comment letter for its complete and accurate contents.

257.    Dentsply denies the allegations in Paragraph 257, except admits that Gomez sent a letter responding to the SEC's comment letter to the SEC on January 12, 2022 and refers to the referenced letter for its complete and accurate contents.

258.    Dentsply denies the allegations in Paragraph 258, except admits that the SEC issued an order instituting cease-and-desist proceedings against Dentsply on December 16, 2020 and refers to the referenced order for its complete and accurate contents.

259. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 259 have been dismissed, and no responsive pleading is required. To the extent that a response is required, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 259 to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations, except admits that Casey was CEO and Gomez was CFO of Dentsply when the SEC issued an order instituting cease-and-desist proceedings against Dentsply on December 16, 2020 and refers to the referenced order for its complete and accurate contents.

260. The third sentence of Paragraph 260 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Dentsply denies the allegations in the third sentence of Paragraph 260. With respect to the remaining allegations in Paragraph 260, Dentsply lacks knowledge and information sufficient to form a belief as to the truth of those allegations to the extent that those allegations concern the knowledge or actions of others and therefore denies those allegations.

261. Paragraph 261 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 261, except admits that throughout the purported Class Period, Dentsply's securities traded on the Nasdaq.

262. Dentsply denies the allegations in Paragraph 262.

263. Dentsply denies the allegations in Paragraph 263.

264. The first sentence of Paragraph 264 contains Plaintiffs' characterization of the complaint to which no responsive pleadings are required. The second sentence of Paragraph 264

purports to assert conclusions of law to which no responsive pleadings are required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 264.

265.    Dentsply denies the allegations in Paragraph 265, except admits that Dentsply issued a press release containing the Company's financial results for 4Q21 and FY21 and financial guidance for 2022 and hosted a conference call on February 28, 2022 and refers to its Form 8-K filed with the SEC on February 28, 2022 and the entire transcript of the referenced February 28, 2022 conference call for their complete and accurate contents.

266.    Dentsply denies the allegations in Paragraph 266, except refers to the entire transcript of the referenced and quoted February 28, 2022 earnings call for its complete and accurate contents.

267.    Dentsply denies the allegations in Paragraph 267, except refers to its Form 10-K/A filed with the SEC on November 7, 2022 and to its Form 10-Q filed with the SEC on November 14, 2022 for their complete and accurate contents.

268.    Dentsply denies the allegations in Paragraph 268, except admits that its stock price closed at $58.69 on February 25, 2022 and closed at $54.14 on February 28, 2022.

269.    Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 269 and therefore denies them, except refers to the referenced February 28, 2022 Evercore report, March 1, 2022 Jefferies report, and March 1, 2022 Morgan Stanley report for their complete and accurate contents.

270.    Dentsply denies the allegations in Paragraph 270, except admits that Casey departed Dentsply on April 19, 2022 and that the Company's stock price closed at $48.72 on April 18, 2022 and closed at $42.20 on April 19, 2022, and refers to its Form 8-K filed with the SEC on April 19, 2022 for its complete and accurate contents.

271. Dentsply lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 271 and therefore denies them, except refers to the April 19, 2022 Bank of America report, April 19, 2022 Evercore report, April 19, 2022 JPMorgan report, April 19, 2022 Morgan Stanley report, and April 19, 2022 William Blair report for their complete and accurate contents.

272. Dentsply denies the allegations in Paragraph 272, except admits that it filed a Form 12b-25 with the SEC on May 10, 2022 and refers to the referenced Form 12b-25 for its complete and accurate contents.

273. Dentsply denies the allegations in Paragraph 273, except refers to its Form 8-K filed with the SEC on May 10, 2022 and to the entire transcript of the referenced and quoted May 10, 2022 earnings call for their complete and accurate contents.

274. The allegations in the first sentence of Paragraph 274 are vague and ambiguous and no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 274. Dentsply lacks knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 274, except refers to the May 11, 2022 Jefferies report and the May 10, 2022 William Blair report for their complete and accurate contents.

275. The allegations in the first sentence of Paragraph 275 are vague and ambiguous and no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 275. Dentsply lacks knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 275 and therefore denies them, except refers to the May 10, 2022 Piper Sandler report, the May 10, 2022

William Blair report, and the May 10, 2022 Evercore report for their complete and accurate contents.

276.    Dentsply denies the allegations in Paragraph 276, except admits that its stock price closed at $39.25 on May 9, 2022 and closed at $36.38 on May 10, 2022.

277.    Dentsply denies the allegations in Paragraph 277, except admits that Dentsply issued a release and filed a Form 8-K announcing the conclusion of the Company's Internal Investigation and restatements of 3Q21 and FY21 financials on November 1, 2022 and refers to its Form 8-K filed with the SEC on November 1, 2022 for a complete and accurate description of the findings of the Internal Investigation.

278.    Dentsply denies the allegations in Paragraph 278, except admits that its stock price closed at $31.00 on November 1, 2022 and closed at $26.83 on November 3, 2022.

279.    Dentsply denies the allegations in Paragraph 279, except admits that the Company announced its 3Q22 financial results and updated full year 2022 guidance on November 14, 2022 and refers to its Form 8-K filed with the SEC on November 14, 2022 and to the entire transcript of the referenced November 14, 2022 earnings call for their complete and accurate contents.

280.    Dentsply denies the allegations in Paragraph 280, except refers to its Form 10-Q filed with the SEC on November 14, 2022 and to the entire transcript of the referenced and quoted November 14, 2022 earnings call for their complete and accurate contents.

281.    Dentsply denies the allegations in Paragraph 281, except admits that its stock price closed at $32.05 on November 11, 2022 and closed at $30.35 on November 14, 2022.

282.    The allegations in the first sentence of Paragraph 282 are vague and ambiguous and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 282.  Dentsply lacks knowledge and

information sufficient to form a belief as to the remaining allegations in Paragraph 282 and therefore denies them, except refers to the November 14, 2022 Piper Sandler report and the November 14, 2022 William Blair report for their complete and accurate contents.

283.    Paragraph 283 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 283, except admits that its stock traded on the Nasdaq during the purported Class Period.

284.    Paragraph 284 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 284.

285.    Paragraph 285 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 285.

286.    Paragraph 286 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 286.

287.    Paragraph 287 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 287.

288.    Paragraph 288 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in Paragraph 288.

289.    Paragraph 289 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 289.

290.    Paragraph 290 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 290, except admits that its common stock traded on the Nasdaq during the purported Class Period and that 218.4 million Dentsply shares were outstanding as of December 31, 2021.

291.    Paragraph 291 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 291.

292.    Paragraph 292 contains Plaintiffs' characterization of this Action and their counsel as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 292.

293.    Paragraph 293 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 293.

294.    Paragraph 294 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 294.

295.    Paragraph 295 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the

allegations in Paragraph 295.  Dentsply further incorporates by reference all of the foregoing answers to Paragraphs 1-294 as if fully set forth herein.

296.    Paragraph 296 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 296.

297.    Paragraph 297 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 297.

298.    Paragraph 298 purports to assert conclusions of law as to which no responsive pleading is required.  The allegations in Paragraph 298 are also vague and ambiguous, and require no response.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 298.

299.    The allegations in the second sentence of Paragraph 299 are vague and ambiguous, and require no response.  To the extent that a response is required, Dentsply denies the allegations in the second sentence of Paragraph 299.  Dentsply also denies the allegations in the first sentence of Paragraph 299.

300.    Paragraph 300 purports to assert conclusions of law as to which no responsive pleading is required.  The allegations in Paragraph 300 are also vague and ambiguous, and require no response.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 300.

301.    Dentsply denies the allegations in Paragraph 301, except admits that its common stock was traded on the Nasdaq.

302.    Paragraph 302 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 302.

303.    Paragraph 303 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  Further, because Count II of the AC is not asserted against Dentsply, no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 303.  Dentsply further incorporates by reference all of the foregoing answers to Paragraphs 1-302 as if fully set forth herein.

304.    Paragraph 304 purports to assert conclusions of law that require no response.  Further, because Count II of the AC is not asserted against Dentsply, no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 304, except admits that Defendants Casey and Gomez were executives of Dentsply for a portion of the purported Class Period.

305.    Paragraph 305 purports to assert conclusions of law to which no responsive pleading is required.  Further, because Count II of the AC is not asserted against Dentsply, no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 305.

306.    Pursuant to the Court's Order, all claims against Ranjit Chadha have been dismissed.  As such, the allegations in Paragraph 306 relating to Ranjit Chadha require no response.  Further, Paragraph 306 purports to assert conclusions of law to which no responsive pleading is required.  Further, because Count II of the AC is not asserted against Dentsply, no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 306.

60

307.   Paragraph 307 purports to assert conclusions of law to which no responsive pleading is required.  Further, because Count II of the AC is not asserted against Dentsply, no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in paragraph 307.

308.   Paragraph 308 purports to assert conclusions of law to which no responsive pleading is required.  Further, because Count II of the AC is not asserted against Dentsply, no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in paragraph 308.

309.   Paragraph 309 purports to assert conclusions of law to which no responsive pleading is required.  Further, because Count II of the AC is not asserted against Dentsply, no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in paragraph 309.

## **GENERAL DENIALS**

Except as otherwise expressly stated in the answers to Paragraphs 1 through 309 above, Dentsply denies each and every allegation in Paragraphs 1 through 309 of the AC, including without limitation the headings, sub-headings, tables, and footnotes in the AC, and specifically denies that Plaintiffs are entitled to the relief sought in Plaintiffs' prayer for relief and jury demand.

## **Affirmative Defenses**

Dentsply asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this Action and hereby reserve all rights to amend and/or supplement any and all defenses set forth herein.  The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on Plaintiff.

## First Defense

The AC fails to state a claim upon which relief may be granted.

## Second Defense

Plaintiffs' claims are barred, in whole or in part, because Dentsply did not make any statements that were false or misleading when made.

## Third Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentations or omissions were not material as a matter of law.

## Fourth Defense

Plaintiffs' claims are barred, in whole or in part, because Dentsply did not omit or fail to state any material facts that were necessary in order to make any statement made by Dentsply not false or misleading.

## Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because Dentsply had no duty to disclose the allegedly omitted information.

## Sixth Defense

The AC fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(b)(1).

## Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because Dentsply did not intentionally or recklessly make any misleading statement or misleading, actionable omission.  At all times, and with respect to all matters contained herein, Dentsply acted in good faith, exercised reasonable

care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the AC.

### Eighth Defense

Plaintiffs' claims are barred because certain statements challenged by the CAC were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker, did not contain embedded statements of untrue facts, or omit to state a material fact necessary to make the statements therein not misleading.

### Ninth Defense

The statements complained of were, at the time of their utterance, made in good faith and upon reliance on what the speakers believed was true at the time such statements were uttered.

### Tenth Defense

Plaintiffs' claims are barred because certain statements challenged by the AC are puffery on which no reasonable investor would have relied.

### Eleventh Defense

Dentsply is not liable because certain alleged misstatements by Dentsply were forward-looking statements, were identified as such, and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the PSLRA, 15 U.S.C. § 78u-5(c)(1)(A), and the bespeaks caution doctrine.

### Twelfth Defense

Dentsply is not liable because certain alleged misstatements are not actionable under the PSLRA, 15 U.S.C. § 78(u)-5(C)(1)(B), because: (a) the statements were forward-looking and the person making the statements did not have actual knowledge that the statements were false or

misleading, or (b) the statements were made or approved by an executive officer of Dentsply who did not have actual knowledge that the statements were false or misleading.

### Thirteenth Defense

Plaintiffs' claims are barred because Plaintiffs have not adequately alleged that Dentsply possessed the requisite scienter at the time each alleged false or misleading statement or omission was made.

### Fourteenth Defense

Plaintiffs' claims are barred because Dentsply disclosed certain information that Plaintiffs allege was omitted.

### Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the substance of the material information that Plaintiffs allege to have been misrepresented or omitted was in fact disclosed in public filings, or was publicly available or widely known to the investing community and/or otherwise known to Plaintiffs.

### Sixteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the AC.

### Seventeenth Defense

Dentsply is not liable because it did not breach any duties owed to Plaintiffs.

### Eighteenth Defense

Dentsply is not liable because it did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of Dentsply securities.

64

**Nineteenth Defense**

Dentsply is not liable for any alleged false or misleading statements or omissions of material fact that were made or caused to be made by others, because Dentsply did not make those statements.

**Twentieth Defense**

Dentsply is not liable because Plaintiffs knew or should have known of the allegedly omitted or misstated information.

**Twenty-First Defense**

Dentsply is not liable because the AC fails to adequately plead loss causation, and in fact, Plaintiffs cannot prove loss causation.

**Twenty-Second Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged injuries that were proximately caused by any alleged misrepresentation or omission.

**Twenty-Third Defense**

Dentsply is not liable because the alleged misrepresentations and omissions in the AC did not affect the market price of Dentsply securities.

**Twenty-Fourth Defense**

Dentsply is not liable because any decline in value of the securities of which Plaintiffs complain was caused by external market factors.

**Twenty-Fifth Defense**

The damages for which Plaintiffs claim Dentsply is responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by Dentsply and were otherwise caused or contributed to by (a) persons or entities for whom Dentsply is not responsible and for whom Dentsply is not

65

liable or (b) factors other than any alleged misrepresentations or omissions for which Dentsply may be responsible.

### Twenty-Sixth Defense

Plaintiffs' claims are barred, in whole or in part, because the injuries Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than Dentsply, actions or inactions by parties outside the control of Dentsply, or economic events that were, likewise, outside the control of Dentsply.  These actions, inactions, and events were intervening or superseding causes of Plaintiffs' alleged damages.

### Twenty-Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged depreciation in the value of Dentsply shares resulted from factors other than the misstatements and omissions alleged in the AC.

### Twenty-Eighth Defense

Plaintiffs lack standing to assert some or all of their claims.

### Twenty-Ninth Defense

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Thirtieth Defense

On information and belief, Plaintiffs are not adequate or appropriate class representatives.

### Thirty-First Defense

Dentsply is entitled to recover contribution and/or indemnification from others for any liability it incurs.

### Thirty-Second Defense

To the extent that Plaintiffs did not own shares in Dentsply during the purported Class Period, or sold shares prior to any alleged corrective disclosure, Plaintiffs lack standing with respect to their claims.

### Thirty-Third Defense

Plaintiffs have not suffered any loss, damage, or injury as a result of the conduct alleged in the AC.

### Thirty-Fourth Defense

The purported claims against Dentsply and the allegations upon which they are based are improperly vague, ambiguous, and confusing.  Dentsply reserves the right to request a more definite statement.

### Thirty-Fifth Defense

Any claim by Plaintiffs for pre-judgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time Plaintiffs' lawsuit was commenced.

### Thirty-Sixth Defense

Plaintiffs' claims are barred, in whole or in part, by the principle of waiver and/or estoppel and by the doctrine of unclean hands, *in parti delicto* and/or other related equitable doctrines.

### Thirty-Seventh Defense

Dentsply presently has insufficient knowledge and information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to Dentsply, and therefore expressly (i) reserves the right to amend or supplement its Answer, defenses, and all other pleadings, and (ii) reserves the right to (a) assert any and all additional defenses under any

67

applicable federal and state law in the event that discovery indicates such defenses would be appropriate and (b) assert any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this action.

## PRAYER FOR RELIEF

WHEREFORE, Dentsply prays for relief and judgment, as follows:

A.   Denying Plaintiffs' prayer for relief;

B.   Entering judgment for Dentsply;

C.   Dismissing the AC with prejudice;

D.   Awarding Dentsply its reasonable costs and expenses, including reasonable attorney's fees, incurred in connection with this matter; and

E.   Granting Dentsply such other and further relief the Court deems just and proper.

Dated: May 21, 2024
        New York, New York

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: */s/ Roger A. Cooper*
        Roger A. Cooper
        Mark E. McDonald
        Katherine R. Lynch
        One Liberty Plaza
        New York, New York 10006
        Telephone: 212-225-2000
        Facsimile: 212-225-3999

*Counsel for Defendant Dentsply Sirona Inc.*

68