**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., JORGE GOMEZ, and RANJIT S. CHADHA,<br><br>        Defendants. | Case No. 22-cv-06339-AS<br><br><u>CLASS ACTION</u> |

**<u>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DONALD M. CASEY, JR. TO PLAINTIFFS' AMENDED COMPLAINT</u>**

i

## <u>ANSWER</u>

Donald M. Casey, Jr. ("Casey" or "Defendant"), by and through his undersigned counsel, as and for his Answer and Affirmative Defenses to the Amended Complaint (the "Amended Complaint") filed by Lead Plaintiffs City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System (together, "Plaintiffs").

Except as otherwise expressly stated herein, Defendant (1) generally denies each and every allegation in the Amended Complaint, including, without limitation, any allegations contained in the headings, subheadings, unnumbered paragraphs and footnotes of the Amended Complaint; (2) specifically denies any allegations to the extent they assert or suggest that Defendant acted or was imputed with scienter; (3) specifically denies that Defendant caused Plaintiffs or any member of the putative class any harm; (4) denies any liability to Plaintiffs; (5) denies any liability to any putative class members that Plaintiffs purport to represent; (6) denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations where they consist of excerpts from and/or references to third-party publications or statements; and (7) denies any defined terms in the Amended Complaint to the extent they constitute allegations directed at Defendant. Defendant reserves the right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Amended Complaint. Defendant reserves the right to seek to amend or supplement their Answer as may be necessary or appropriate.

The unnumbered paragraph on page one of the Amended Complaint does not contain allegations of fact to which a response is required. To the extent that a response is required, Casey denies the allegations in the unnumbered paragraph on page one, including footnote number one, to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims. Casey

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the unnumbered paragraph on page one, including footnote number one, and therefore denies those allegations.

Moreover, on May 1, 2024, the Honorable Arun Subramanian issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss (the "Order").  The Court dismissed all of Plaintiffs' claims against former Dentsply Chief Accounting Officer ("CAO") Ranjit S. Chadha, Order at 14, as well as Plaintiffs' claims under U.S. Securities and Exchange Commission ("SEC") Regulation S-K Item 303, 17 C.F.R. §229.303 ("Item 303"),  Order at 8.[1] The Court also dismissed certain of Plaintiffs' claims that defendants made misstatements regarding supply chain disruptions, the success and drivers of Dentsply's digital sales, dealer inventory levels, Dentsply's growth positioning, and Dentsply's governance policies and ethics as non-actionable opinions or puffery, Order at 6–7, 11, and sustained Plaintiffs' remaining claims alleging misstatements on certain of the same topics, Order at 6–17.  For purposes of this Answer, Casey has interpreted references in the Amended Complaint to "Defendants" to exclude Ranjit S. Chadha.

With respect to the paragraphs of the Amended Complaint, Casey further responds as follows:

**SPECIFIC RESPONSES**

1.      Paragraph 1 consists of Plaintiffs' characterization of their purported claims and putative class, to which no response is required.  To the extent a response is required, Casey denies the allegations and knowledge or information sufficient to form a belief as to whether Plaintiffs

---

[1] On May 6, 2024, Plaintiffs informed the Court that they did not intend to amend their Item 303-based claims.  *See* ECF No. 107.

have standing to sue and/or to represent a putative class of similarly situated persons, in connection with the claims against Defendants brought under the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

2. Casey denies the allegations as to his conduct, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2, and therefore denies the allegations.

3. Casey denies the allegations in Paragraph 3, except admits that Dentsply is the largest manufacturer of professional dental products in the world, that the COVID-19 caused a shutdown of dental offices, and Casey served as the Chief Executive Officer of Dentsply and Defendant Gomez served as Dentsply's Chief Financial Officer.

4. Casey denies the allegations in the first sentence of Paragraph 4. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 and denies them on that basis.

5. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge. Casey denies the remaining allegations in Paragraph 5.

6. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, fourth, and fifth sentences of Paragraph 6, and on that basis, denies them. Casey denies the remaining allegations in Paragraph 6. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

7. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged

knowledge or actions. Casey denies the remaining allegations in Paragraph 7, except admits that Chadha served as Chief Accounting Officer of Dentsply.

8. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

9. Casey denies the allegations in Paragraph 9, except admits that Dentsply announced its 3Q21 results on November 4, 2021 and refers to Dentsply's Form 8-K filed with the SEC on November 4, 2021 for a complete statement of its contents.

10. Casey denies the allegations in Paragraph 10, except refers to the entire transcript of the referenced and quoted November 4, 2021 earnings call for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

11. Casey denies the allegations in Paragraph 11. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

12. Casey denies the allegations in Paragraph 12. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

13. Casey denies the allegations in Paragraph 13. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

14. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions. Casey denies the remaining allegations in Paragraph 14, except refers to the referenced and quoted 10-K filed by Dentsply on March 1, 2022 and the February 28, 2022 press release for a complete statement of their contents.

15. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, third, fifth, and sixth, and seventh sentences of Paragraph 15. Casey denies the remaining allegations in Paragraph 15, except admits that Casey's termination was announced on April 19, 2022, and refers to the referenced Form 10-Q filed by Dentsply for a complete statement of its contents.

16. Casey denies the allegations in Paragraph 16, except refers to the entire transcript of the referenced May 10, 2022 earnings call for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

17. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

18. Casey denies the allegations in Paragraph 18. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

19.     Casey denies the allegations in the second sentence.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and on that basis, denies them, except refers to the referenced Form 8-K for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

20.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

21.     Casey denies the allegations in Paragraph 21, except refers to the referenced SEC filings for a complete statement of their contents.

22.     Casey lacks knowledge or information sufficient to form a belief of the truth or falsity of the allegations in Paragraph 22, except refers to publicly available trading data concerning Dentsply's share price.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

23.     Casey denies the allegations in Paragraph 23, except refers to the referenced SEC filings and publicly available trading data concerning Dentsply's share price for a complete statement of their contents.

24.     Paragraph 24 purports to state legal conclusions to which no response is required. To the extent a response is required, Casey denies the allegations in Paragraph 24, except admits

that 28 U.S.C. §1331 and §27 of the Exchange Act grant this Court subject matter jurisdiction over certain claims.

25. Paragraph 25 purports to state legal conclusions to which no response is required. To the extent a response is required, Casey denies the allegations in Paragraph 25. Casey admits that the securities that are subject of this action are traded on the Nasdaq.

26. Paragraph 26 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 26.

27. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and on that basis, denies them.

28. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and on that basis, denies them.

29. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and on that basis, denies them.

30. Casey admits the allegations in Paragraph 30.

31. Casey denies the allegations in Paragraph 31, except admits that Casey was Dentsply's CEO and a member of Dentsply's Board, admits that Casey was a signatory to Dentsply's SEC and SOX reporting, and the 2022 Proxy Statement filed with the SEC on April 14, 2022 for Casey's biography.

32. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and on that basis, denies them, except admits that Gomez served as CFO of Dentsply. Further, Casey lacks knowledge or information sufficient to form a

belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

33. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and on that basis, denies them, except admits that Chadha served as the CAO of Dentsply. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

34. The allegations in Paragraph 34 consist of defined terms that will be used later in the Amended Complaint to which no response is required. Casey's use of the Amended Complaint's defined terms do not constitute an admission in any way.

35. Paragraph 35 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 35. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

36. Casey admits the allegations in the first sentence of Paragraph 36 and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and on that basis, denies them.

37. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and on that basis, denies them.

38. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and denies them on that basis.

39.     Casey denies the allegations in the sixth sentence of Paragraph 39.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 39, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

40.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40, and on that basis, denies them.

41.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

42.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42, and on that basis, denies them.

43.     Casey denies the allegations in Paragraph 43, except admits that Casey announced a three-year restructuring plan in November 2018, and refers to the announcement for a complete statement of their contents.  Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

44.     Casey denies the allegations in Paragraph 44.  Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

45.     Casey denies the allegations in Paragraph 45, except admits that Casey spoke at the JPMorgan Healthcare Conference on January 13, 2021 and refers to the referenced and quoted

presentation at the January 13, 2021 JPMorgan Healthcare Conference for a complete statement of its contents.

46.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46, and on that basis, denies them.

47.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47, and on that basis, denies them, except admits that Dentsply had a product named Primemill.

48.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48, and on that basis, denies them.

49.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

50.    Casey lacks knowledge of information sufficient to form a belief as to the truth or falsity of the second, third, and fifth sentences in Paragraph 50.  Casey denies the remaining allegations in Paragraph 50.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

51.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

52.     Casey denies the allegations in Paragraph 52.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

53.     Casey denies the allegations in the first sentence of Paragraph 53.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 53, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

54.     Casey denies the allegations in the first and second sentences of Paragraph 54. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54, and on that basis, denies them, except admits that Casey spoke during the September 23, 2021 Investment Community Session at Dentsply Sirona World 2021 and refers to the referenced and quoted remarks in their entirety for a complete statement of their contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

55.     Casey denies the first, second, third and sixth sentences of Paragraph 55.  Casey lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 55 and, on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

56.     Casey denies the allegations in the third sentence of Paragraph 56.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations in Paragraph 56, and, on that basis denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

57. Casey denies the first sentence of Paragraph 57. Casey lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 57, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

58. Casey denies the allegations in the third sentence of Paragraph 58. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 58, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

59. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, and otherwise denies the allegations in Paragraph 59.

60. Casey denies the allegations in the fourth sentence of Paragraph 60. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60, and, on that basis denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

61. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, and on that basis, denies them. Further, Casey lacks

knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

62.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

63.     Casey denies the allegations in the first, second, and third sentences of Paragraph 63.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, and otherwise denies the remaining allegations in Paragraph 63.

64.     Casey denies the allegations in the first, third, and sixth sentences of Paragraph 64, except admits that Dentsply announced its 3Q21 results on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents. Casey lacks knowledge or information sufficient to form a belief as to the remaining allegations Paragraph 64, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

65.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 65, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

66.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth and sixth sentences of Paragraph 66, and on that basis, denies them.  Casey denies the remaining allegations in Paragraph 66.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

67.    Casey denies the allegations in the first sentence of Paragraph 67.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

68.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, and on that basis, denies them.

69.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and on that basis, denies them.

70.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and on that basis, denies them.

71.    Casey denies the allegations in Paragraph 71.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

72.    Casey denies the allegations in Paragraph 72, except admits that Dentsply filed a Form 8-K with the SEC on February 28, 2022 and refers to the referenced Form 8-K and market analyst report for a complete statement of its contents.

73.     Casey denies the allegations in Paragraph 73, except admits that the Company held an earnings call on February 28, 2022 and refers to the entire transcript of the referenced earnings call for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

74.     Casey denies the allegations in Paragraph 74, except refers to the entire transcript of the referenced February 28, 2022 earnings call for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

75.     Casey denies the allegations in Paragraph 75, except refers to publicly available trading data concerning Dentsply's share price for a complete statement of its contents.

76.     Casey denies the allegations in Paragraph 76, except admits that Dentsply filed its 10-K for 2021 on March 1, 2022 and refers to the document for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

77.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and on that basis, denies them.

78.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, and on that basis, denies them, except refers to the referenced and quoted Form 8-K that Dentsply filed with the SEC on April 11, 2022 for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief

as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

79.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and on that basis, denies them, except refers to Dentsply's Form 8-K filed with the SEC on April 19, 2022 for a complete statement of its contents.

80.    Casey denies the allegations in Paragraph 80, except admits that Casey no longer served as CEO and a member of the board as of April 2022.  Further, Casey refers to Dentsply's Form 8-K filed with the SEC on April 19, 2022 and to publicly available trading data concerning Dentsply's share price for a complete statement of their contents.

81.    Casey denies the allegations in Paragraph 81.  Casey also lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

82.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82, and on that basis, denies them, except refers to the referenced and quoted Form 12b-25 Notification that Dentsply filed with the SEC on May 10, 2022 and the entire transcript of the referenced and quoted May 10, 2022 earnings call for a complete statement of their contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

83.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83, and on that basis, denies them, except and refers to the referenced Form 8-K and the entire transcript of the referenced May 10, 2022 earnings call for a complete statement of their contents.  Further, Casey lacks knowledge or information sufficient to

17

form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

84.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

85.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

86.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86, and on that basis, denies them, except refers to the referenced SEC filings for their complete contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

87.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87, and on that basis, denies them, except refers to Dentsply's Form 8-K filed with the SEC on November 1, 2022 for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

88.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88, and on that basis, denies them, except refers to the

18

referenced and quoted document for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

89.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89, and on that basis, denies them.  Casey denies the quoted findings of the Company's report.  Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

90.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90, and on that basis, denies them, except refers to the referenced and quoted document for a complete statement of its contents.  Casey denies the quoted findings of the Company's report.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

91.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91, and on that basis, denies them, except refers to the referenced and quoted document for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

92.     Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92, and on that basis, denies them, except refers to the referenced and quoted document for a complete statement of its contents.  Further, Casey lacks

knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

93. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93, and on that basis, denies them, except refers to the referenced and quoted document for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

94. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94, and on that basis, denies them, except refers to the referenced and quoted document for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

95. Casey denies the allegations in the second and fifth sentence of Paragraph 95. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 95, including footnote two, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

96. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96, and on that basis, denies them, except refers to publicly available trading data concerning Dentsply's share price for a complete statement of their contents.

97. Casey denies the allegations in the second and third sentences of Paragraph 97. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in Paragraph 97, and on that basis, denies them, except refers to the referenced and quoted Form 10-Q that Dentsply filed with the SEC on November 14, 2022 and to publicly available trading data concerning Dentsply's share price for a complete statement of their contents.

98.     To the extent that the allegations in Paragraph 98 relate to claims that have been dismissed pursuant to the Court's Order or purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 98.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

99.     To the extent that the allegations in Paragraph 99 relate to claims that have been dismissed pursuant to the Court's Order or purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 99.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

100.     Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 100 have been dismissed, and no responsive pleading is required.  To the extent that a response is required, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100, and on that basis, denies them, except refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.

101. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 101 have been dismissed, and no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 101, except admits that the Company held an Investment Community Session at Dentsply Sirona World on September 23, 2021 and refers to the referenced and quoted remarks in their entirety for a complete statement of their contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

102. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 102 have been dismissed, and no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 102, except admits that he spoke at the Investment Community Session at Dentsply Sirona World held on September 23, 2021 and refers to the referenced and quoted presentation for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

103. Casey denies the allegations in Paragraph 103, and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

104. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged

knowledge or actions, except refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.

105.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in the first sentence of Casey's quote in Paragraph 105 have been dismissed, and no responsive pleading is required.  To the extent that a response is required Casey denies those allegations.  Casey denies the allegations in Paragraph 105, except admits that he spoke at the Credit Suisse Healthcare Conference on November 11, 2021 and refers to the referenced statements in their entirety for a complete statement of their contents.

106.    Casey denies the allegations in Paragraph 106, except admits that he spoke at the Evercore ISI HealthCONX Conference on December 1, 2021 and refers to the referenced statements in their entirety for a complete statement of their contents.

107.    Casey denies the allegations in the first sentence of Paragraph 107.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 107, and on that basis, denies them and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

108.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 108 have been dismissed and no responsive pleading is required.  To the extent that a response is required, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108, and on that basis, denies them and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the

23

alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

109. To the extent that the allegations in Paragraph 109 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Paragraph 109 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 109 and all of its subparts. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

110. The allegations in the second, third, fourth, and fifth sentences of Paragraph 110 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Casey denies those allegations. With respect to the remaining allegations in Paragraph 110, Casey denies those allegations. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

111. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in the fourth sentence of Paragraph 111 have been dismissed, and no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 111, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

112.    Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions and refers to the referenced statements in their entirety for a complete statement of their contents.

113.    Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions and refers to the referenced statements in their entirety for a complete statement of their contents.

114.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 114 have been dismissed, and no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 114, except admits that he spoke at the JPMorgan Healthcare Conference on January 12, 2022 and refers to the referenced and quoted presentation at the JPMorgan Healthcare Conference for a complete statement of their contents.

115.    Casey denies the allegations in Paragraph 115, except admits that he spoke on the conference call held on February 28, 2022 and refers to the entire transcript for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

116.    Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, except admits that there was a conference call with investors on February

28, 2022 and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.

117. To the extent the allegations in Paragraph 117 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. Casey further responds that Paragraph 117 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, and with respect to the remaining allegations in Paragraph 117, Casey denies those allegations. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

118. The allegations in the second and third sentences of Paragraph 118 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, and with respect to the remaining allegations in Paragraph 118, Casey denies the allegations in Paragraph 118. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

119. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions and refers to the referenced and quoted presentation for a complete statement of its contents.

120. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 120 have been dismissed and no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 120, except admits that he spoke

on a conference call on August 5, 2021 and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.

121.    Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, except admits that the Company held a conference call on August 5, 2021 and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.

122.    Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, except admits that the Company held a conference call on August 5, 2021 and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.

123.    Casey denies the allegations in Paragraph 123, except admits that Dentsply filed a Form 10-Q announcing its 3Q21 financial results with the SEC on November 4, 2021 and refers to the referenced Form 10-Q for a complete statement of its contents.

124.    Casey denies the allegations in Paragraph 124, except admits that the Company filed its 2021 annual report on Form 10-K on March 1, 2022 and refers to the referenced Form 10-K for a complete statement of its contents.

125.    To the extent the allegations in Paragraph 125 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Casey further responds that Paragraph 125 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies all allegations in Paragraph 125 and its subparts.  To the extent the allegations in Paragraph 125 purport to

characterize or quote Dentsply's 10-K, 10-K/A, 10-Q, and 10-Q/A, Casey respectfully refers to these documents for a complete statement of their contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

126.    The allegations in the second, third, and fourth sentences of Paragraph 126 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, and with respect to the remaining allegations in Paragraph 126, Casey denies those allegations in Paragraph 126.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

127.    Casey denies the allegations in Paragraph 127, except refers to the referenced and quoted November 4, 2021 press release for a complete statement of its contents.

128.    Casey denies the allegations in Paragraph 128, except admits that on November 4, 2021, Dentsply filed its Form 10-Q for 3Q21 with the SEC and refers to the referenced and quoted Form 10-Q for a complete statement of its contents.

129.    Casey denies the allegations in Paragraph 129, except admits that the he spoke during the earnings call on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents.

130.    To the extent the allegations in Paragraph 130 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Casey further responds that Paragraph 130 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 130 and all of its subparts.  Further, Casey lacks knowledge or information sufficient to

28

form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

131.  The allegations in the second and third sentences of Paragraph 131 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, and with respect to the remaining allegations in Paragraph 131, Casey denies those allegations in Paragraph 131.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

132.  Casey denies the allegations in Paragraph 132, except refers to the February 28, 2022 press release for a complete statement of its contents.

133.  Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents.

134.  Casey denies the allegations in Paragraph 134, except admits that the Company filed its Form 10-K filed with the SEC on March 1, 2022, and refers to the referenced and quoted Form 10-K for a complete statement of its contents.

135.  To the extent the allegations in Paragraph 135 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Casey further responds that Paragraph 135 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, and with respect to the remaining allegations in Paragraph 135, Casey denies those allegations.  Further, Casey lacks knowledge or

information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

136. The allegations in the third and fourth sentences of Paragraph 136 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, and with respect to the remaining allegations in Paragraph 136, Casey denies those allegations in Paragraph 136. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

137. Casey denies the allegations in Paragraph 137, except admits that Dentsply issued an August 5, 2021 press release and refers to the referenced and quoted press release for a complete statement of its contents.

138. Casey denies the allegations in Paragraph 138, except admits that the Company held a conference call held on August 5, 2021 to discuss the Company's results for 2Q21 and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.

139. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions and refers to the referenced and quoted presentation for a complete statement of its contents.

140. Casey denies the allegations in Paragraph 140, except admits that Dentsply issued a press release announcing its financial results for 3Q21 on November 4, 2021, and refers to the referenced and quoted press release for a complete statement of its contents.

141.    Casey denies the allegations in Paragraph 141, except admits that he spoke on a conference call held on November 4, 2021 to discuss the Company's results for 3Q21 and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.

142.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142, and on that basis denies them, except admits that the Company held a conference call on November 4, 2021 to discuss the Company's results for 3Q21 and refers to the entire transcript of the referenced and quoted conference call for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

143.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 143 have been dismissed and no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 143, except admits that on November 11, 2021, Casey attended the Credit Suisse Healthcare Conference, and refers to the entire transcript of the referenced and quoted conference for a complete statement of its contents.

144.    Casey denies the allegations in Paragraph 144, except admits that he spoke on the conference call held on February 28, 2022 and refers to the entire transcript for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

145.    To the extent the allegations in Paragraph 145 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Casey further

responds that Paragraph 145 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Casey denies those and the remaining allegations. Casey also lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

146. The allegations in Paragraph 146 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, and with respect to the remaining allegations in Paragraph 146, Casey denies those allegations. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

147. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 147 have been dismissed and no responsive pleading is required. To the extent that a response is required, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions and refers to the referenced and quoted presentation for a complete statement of its contents.

148. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 148 have been dismissed and no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 148, except admits that Casey signed Dentsply's Form 10-K filed with the SEC on March 1, 2022, and refers to the referenced Form 10-K for its complete and accurate contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

149.    Casey denies the allegations in Paragraph 149, except refers to Dentsply's Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.

150.    Casey denies the allegations in Paragraph 150, except refers to Dentsply's Code of Conduct as published on its website for its complete and accurate contents.

151.    To the extent the allegations in Paragraph 151 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  Casey further responds that Paragraph 151 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, and with respect to the remaining allegations, Casey denies the allegations in Paragraph 151.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

152.    The allegations in Paragraph 152 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies those allegations.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

153.    Casey denies the allegations in Paragraph 153, except admits that Casey signed Dentsply's 2Q21 Form 10-Q, Dentsply's 3Q21 Form 10-Q, FY21 Form 10-K, and refers to the referenced and quoted Dentsply Forms 10-Q and 10-K filed with the SEC on August 3, 2021, November 4, 2021, and March 1, 2022 for a complete statement of their contents.  Casey denies the allegations in footnote number three, except refers to 17 C.F.R. § 210.4-01(a)(1) and Financial Accounting Standards Board Statement of Financial Accounting Standards No. 168 for a complete statement of their contents.  Further, Casey lacks knowledge or information sufficient to form a

belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

154. Casey admits the allegations in Paragraph 154.

155. Casey denies the allegations in Paragraph 155, except admits that Dentsply issued a press release announcing its financial results for 2Q21 on August 5, 2021 and refers to the referenced and quoted press release for a complete statement of its contents.

156. Casey denies the allegations in Paragraph 156, except admits that Dentsply issued a press release on November 4, 2021 and refers to the referenced and quoted press release for a complete statement of its contents.

157. Casey denies the allegations in Paragraph 157, except admits that Dentsply issued a press release announcing Dentsply's financial results for 4Q21 and FY21 on February 28, 2022 and refers to the referenced and quoted press release for a complete statement of its contents.

158. Paragraph 158 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 158.

159. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159, and on that basis, denies them, except refers to the referenced Form 10-Q/A that Dentsply filed with the SEC on November 7, 2022 for a complete statement of its contents.

160. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160, including footnote number 4, and on that basis, denies them, except refers to the referenced 2021 Form 10-K/A for a complete statement of its contents.

34

161.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161, and on that basis, denies them, except refers to the referenced document for a complete statement of its contents.

162.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162, and on that basis, denies them, except refers to the referenced documents for a complete statement of their contents.

163.    The first sentence of Paragraph 163 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 163, including footnote numbers five and six, Casey denies those allegations, except refers to referenced and quoted statement for a complete statement of its contents.

164.    The third sentence of Paragraph 164 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, and with respect to the remaining allegations in Paragraph 164, Casey denies those allegations.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

165.    The first sentence of Paragraph 165 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, and with respect to the remaining allegations in Paragraph 165, including footnote number seven, Casey denies those allegations, except refers to referenced and quoted statement for a complete statement of its contents.

166. The first sentence of Paragraph 166 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 166, Casey denies those allegations, except refers to the referenced and quoted statement for a complete statement of its contents.

167. The first sentence of Paragraph 167 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 167, including footnote number eight, Casey denies those allegations, except refers to the referenced 2021 Form 10-K/A for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

168. Paragraph 168 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 168, including footnote number nine, except refers to the referenced SEC filings for a complete statement of their contents.

169. The first sentence of Paragraph 169 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 169, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169, and on that basis, denies them, except refers to the referenced and quoted Dentsply Form 8-K for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

170. The first sentence of Paragraph 170 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Casey denies those allegations, except refers to the referenced and quoted accounting standard for a complete statement of its contents. Casey denies the remaining allegations in Paragraph 170.

171. Casey denies the allegations in Paragraph 171, except admits that Dentsply filed a Form 10-K with the SEC on March 1, 2022 and refers to that filing for a complete statement of its contents.

172. Paragraph 172 purports to assert conclusions of law as Casey which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 172.

173. Casey denies the allegations in Paragraph 173, except refers to the referenced accounting standard for a complete statement of its contents.

174. Paragraph 174 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 174. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

175. The first sentence of Paragraph 175 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 175, including footnote number ten, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies them, except refers to the referenced and quoted accounting standard and to

Dentsply's Form 10-K filed with the SEC on March 1, 2022, and the cited materials for a complete statement of their contents.

176.    Paragraph 176 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, including footnote numbers eleven and twelve, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies them, except refers to the referenced and quoted accounting standard and to Dentsply's Form 10-K filed with the SEC on March 1, 2022, and the quoted materials for a complete statement of their contents.

177.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177, including footnote number 13, and on that basis, denies them, except refers to the referenced November 7, 2022 Form 10-Q/A filed by Dentsply for a complete statement of its contents.

178.    Paragraph 178 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178 and denies them on that basis, including footnote number fourteen, except refers to the referenced and quoted accounting standard and to Dentsply's Amended Form 10-Q/A filed with the SEC on November 7, 2022, and the cited regulations for a complete statement of their contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

179.    Paragraph 179 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in

Paragraph 179. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

180. Paragraph 180 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 180. Plaintiffs' claims concerning Item 303 have been dismissed and therefore no response is required to the allegations in Paragraph 180 regarding Item 303. To the extent a response is required, Casey denies the allegations in Paragraph 180.

181. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 181 have been dismissed and no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 181, including footnote numbers fifteen and sixteen, except refers to the quoted regulations for a complete statement of their contents.

182. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 182 have been dismissed and no responsive pleading is required. To the extent a response is required, Casey denies the allegations in Paragraph 182. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

183. Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 183 have been dismissed and no responsive pleading is required. Plaintiffs' claims concerning Item 303 have been dismissed and therefore no response is required to the allegations in Paragraph 183 regarding Item 303. To the extent a response is required, Casey denies the allegations in Paragraph 183.

184.     The first sentence of Paragraph 184 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in the first sentence of Paragraph 184.  Casey denies the remaining allegations in Paragraph 184, and refers to the December 13, 2021 SEC comment letter for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

185.     Casey denies the allegations in Paragraph 185, except refers to the Company's January 12, 2022 response to the SEC's December 13, 2021 comment letter for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

186.     Casey denies the allegations in Paragraph 186, except refers to the Company's Forms 10-Q filed with the SEC on August 5, 2021 and November 4, 2021 for a complete statement of their contents.

187.     Casey denies the allegations in Paragraph 187, except refers to the 2021 Form 10-K filed on March 1, 2022 for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

188.     The first sentence of Paragraph 188 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 188.

40

189.    Casey denies the allegations in Paragraph 189.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

190.    Casey denies the allegations in Paragraph 190.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

191.    Casey denies the allegations in Paragraph 191.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

192.    Casey denies the allegations in Paragraph 192, except refers to the Company's Form 10-K filed with the SEC on March 1, 2022 for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

193.    Casey denies the allegations in Paragraph 193, except refers to the Company's Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

194.    Paragraph 194 purports to assert conclusions of law to which no responsive pleadings are required.  To the extent that a response is required, Casey denies the allegations in Paragraph 194, including footnote number seventeen, except refers to Public Company Accounting Oversight Board's Auditing Standard 2201 for a complete statement of its contents.

195.    The first sentence of Paragraph 195 purports to assert conclusions of law to which no responsive pleadings are required.  To the extent that a response is required, Casey denies the allegations in the first sentence of Paragraph 195.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 195, and on that basis, denies them, except refers to the referenced and quoted Form 10-Q/A for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

196.    The allegations in Paragraph 196 are vague and ambiguous, and no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 196, including footnote numbers eighteen and nineteen, except refers to the Public Company Accounting Oversight Board's Auditing Standard 2201 & No. 5, Appendix A – Definitions for a complete statement of its contents.

197.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 197, and on that basis, denies them, except refers to the referenced and quoted 2021 Form 10-K/A filed by Dentsply for a complete statement of its contents.

198.    Casey denies the allegations in Paragraph 198.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

199.    The allegations in Paragraph 199 are vague and ambiguous and no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 199, including footnote number twenty, except refers to the referenced Committee of

Sponsoring Organization of the Treadway Commission Framework and to Dentsply's Form 10-K filed with the SEC on March 1, 2022 for a complete statement of their contents.

200. Casey denies the allegations in Paragraph 200, except refers to the Company's Form 10-K/A filed with the SEC on November 7, 2022 for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

201. Casey denies the allegations in Paragraph 201. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

202. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

203. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 203, and on that basis, denies them, except refers to the referenced and quoted 2021 Form 10-K/A filed by Dentsply for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

204. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 204, and on that basis, denies them.

205. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 205, and on that basis, denies them, except refers to the

referenced and quoted Forms 10-K/A and 10-Q/A filed by Dentsply for a complete statement of their contents.

206. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 206, and on that basis, denies them.

207. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 207, and on that basis, denies them.

208. Paragraph 208 contains Plaintiffs' characterizations of the Sarbanes-Oxley Act to which no responsive pleadings are required. To the extent that a response is required, Casey denies the allegations in Paragraph 208.

209. Casey denies the allegations in Paragraph 209, including footnote number twenty-one, except admits that Casey signed SOX certifications filed with Dentsply's 2Q21 and 3Q21 Forms 10-Q and 2021 Form 10-K and refers to Dentsply's Form 10-Q filed with the SEC on August 5, 2021, Dentsply's Form 10-Q filed with the SEC on November 4, 2021, and Dentsply's Form 10-K filed with the SEC on March 1, 2022 for a complete statement of their contents. With respect to footnote number twenty-one, Casey refers to Dentsply's Forms 10-Q and 10-K filed with the SEC on August 5, 2021, November 4, 2021, and March 1, 2022 for a complete statement of their contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

210. Pursuant to the Court's Order, all claims against Chadha have been dismissed and to the extent the allegations in Paragraph 210 relate to such claims, no responsive pleading is required. Casey further responds that the allegations in Paragraph 210 purport to assert conclusions of law and Plaintiffs' characterization of the complaint, and no responsive pleading is

required.  To the extent that a response is required to the allegations in Paragraph 210, Casey denies each and every allegation.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

211.    The portion of the first sentence of Paragraph 211 preceding the colon purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies that allegation.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the alleged compensation of others, and therefore denies them on that basis.  Further, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.

212.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the alleged compensation of others, and therefore denies them on that basis.  Further, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, including footnote twenty-two, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

213.    Paragraph 213 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies those allegations.  Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and on that basis, denies them.  Further, Casey lacks knowledge or

45

information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations.

214. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the alleged compensation of others referred to in Paragraph 214, and therefore denies them on that basis. Casey further lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 214.

215. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 215, and therefore denies them.

216. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 216, and on that basis, denies them.

217. The first sentence of Paragraph 217 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in the first sentence, as well as the rest of the sentences in Paragraph 217. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

218. Paragraph 218 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 218. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

219. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 219, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

220. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 220, and on that basis, denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

221. Paragraph 221 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 221. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

222. The first sentence of Paragraph 222 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Casey denies those allegations. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions. Casey otherwise denies all other allegations in Paragraph 222, except admits that Casey received an Operating Margin PRSU Award.

223. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 223, and therefore denies them.

224. Casey denies the allegations in Paragraph 224, except admits that Casey received a PRSU Awards and was entitled to up to 300% vesting of those awards in connection with the

47

Company's 2019 Operating Margin Transformation Incentive Plan, and refers to Dentsply's Proxy Statements filed with the SEC on April 7, 2020, April 16, 2021, and April 13, 2022 for their complete and accurate contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the alleged knowledge, actions, and compensation structure of others, and on that basis, denies all allegations relating to them.

225. The first sentence of Paragraph 225 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, and otherwise denies all other allegations in Paragraph 225.

226. Casey denies the allegations made in Paragraph 226, except admits the allegations in footnote twenty-three and admits that at its February 2022 meeting, the Human Resources Committee of the Dentsply Board of Directors, at the recommendation of Company management, approved the decision to exercise negative discretion to reduce the payout to 50% in the aggregate to the Management Committee, including the non-executive officers. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

227. Casey denies the allegations in Paragraph 227.

228. Paragraph 228 purports to assert conclusions of law to which no responsive pleading is required. To the extent that a response is required, Casey denies the allegations in Paragraph 228, except admits that Casey signed the SOX certifications accompanying Dentsply's 2Q21 and 3Q21 Forms 10-Q and Dentsply's Form 10-K for 2021. Further, Casey lacks knowledge

or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

229.    Paragraph 229 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 229.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

230.    Paragraph 230 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies those allegations, except refers to Dentsply's Form 10-K filed with the SEC on March 1, 2022 for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

231.    Paragraph 231 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a responsive pleading is required, Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 231, and on that basis, denies them, except refers to Dentsply's March 17, 2022 press release for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

232.    Paragraph 232 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a responsive pleading is required, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that

basis, denies all allegations relating to their alleged knowledge or actions, except refers to Dentsply's April 11, 2022 press release for a complete statement of its contents.

233. Paragraph 233 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Casey denies the allegations in Paragraph 233, except admits that Casey was no longer CEO as of April 19, 2022 and refers to Dentsply's April 19, 2022 press release for a complete statement of its contents.

234. Paragraph 234 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Casey denies those allegations in Paragraph 234 and in footnote twenty-four, except refers to the referenced and quoted April 19, 2022 press release and the referenced and quoted Proxy Statement filed with the SEC on April 23, 2023 for a complete statement of their contents.

235. Paragraph 235 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Casey lacks information and knowledge sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 235, and therefore denies them, except refers to the referenced and quoted sentence for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

236. Paragraph 236 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Casey lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 236, and therefore denies them, except refers to the referenced and quoted sentence for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief

as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

237.    Paragraph 237 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a responsive pleading is required, Casey lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 237, and therefore denies them, except refers to the referenced and quoted November 28, 2022 press release for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

238.    Paragraph 238 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a responsive pleading is required, Casey lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 238, and therefore denies them, except refers to the referenced and quoted 2021 Form 10-K/A for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

239.    Paragraph 239 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a responsive pleading is required, Casey denies those allegations, except admits that the Company held an earnings call on August 5, 2021 and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

240. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 240 and denies them on that basis. Further, Casey denies the allegations in Paragraph 240(a), except admits that the Company participated in a JPMorgan Healthcare Conference on January 15, 2020 and refers to the referenced and quoted presentation at the JPMorgan Healthcare Conference for a complete statement of its contents. Casey also denies allegations in Paragraph 240(b), except admits that the Company held an earnings call on March 2, 2020 and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents. Casey also denies the allegations in Paragraph 240(c), except admits that the Company held an earnings call on August 6, 2020 and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents.

241. Casey denies the allegations in Paragraph 241. Casey denies the allegations in Paragraph 241(a), except admits that the Company held an earnings call on August 5, 2021 and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents. Casey denies the allegations in Paragraph 241(b), except admits that the Company held an earnings call on November 4, 2021 and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents. Casey lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 241(c) and 241(e), and therefore denies them. Casey denies the allegations in Paragraph 241(d), except admits that the Company participated in a JPMorgan Healthcare Conference on January 12, 2022 and refers to the referenced and quoted presentation at the JPMorgan Healthcare Conference for a complete statement of its contents.

242. Paragraph 242 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a responsive pleading is required, Casey denies the allegations

in Paragraph 242. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

243. Casey denies the allegations in the first sentence of Paragraph 243. Casey lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 243, and therefore denies them. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

244. Paragraph 244 was left blank and therefore does not require a response. To the extent that a response is needed, Casey denies any potential allegations alleged in Paragraph 244.

245. Casey denies the allegations in Paragraph 245, except admits that the Company held an earnings call on August 5, 2021 and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

246. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

247. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

248. Casey denies the allegations in Paragraph 248, except admits that the Company participated in an Investment Community Session at Dentsply Sirona World 2021 on September

23, 2021 and refers to the referenced and quoted presentation at the September 23, 2021 Investment Community Session for a complete statement of its contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

249. Casey denies the allegations in Paragraph 249, except admits that the Company participated in an Investment Community Session at Dentsply Sirona World 2021 on September 23, 2021 and refers to the referenced and quoted presentation at the September 23, 2021 Investment Community Session for a complete statement of its contents.

250. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, except admits that the Company participated in an Investment Community Session at Dentsply Sirona World 2021 on September 23, 2021 and refers to the referenced and quoted presentation at the September 23, 2021 Investment Community Session for a complete statement of its contents.

251. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, except admits that the Company hosted a November 4, 2021 earnings call, and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents.

252. Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions, except admits that the Company hosted a November 4, 2021 earnings call,

and refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents.

253.    Casey denies the allegations in Paragraph 253, except admits that the Company participated in the Credit Suisse Healthcare Conference on November 11, 2021 and refers to the referenced and quoted presentation at the Credit Suisse Healthcare Conference for a complete statement of its contents.

254.    Casey denies the allegations in Paragraph 254, except admits that the Company participated in the Evercore ISI HealthCONX Virtual Conference on December 1, 2021 and refers to the referenced and quoted presentation at the Evercore ISI HealthCONX Virtual Conference for a complete statement of its contents.

255.    Paragraph 255 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 255.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

256.    Casey denies the allegations in Paragraph 256, except refers to the referenced and quoted letters for a complete statement of its contents.

257.    Casey denies the allegations in Paragraph 257, except refers to the referenced and quoted letters for a complete statement of its contents.

258.    Defendant denies the allegations in Paragraph 258.  Plaintiffs' claims concerning Item 303 have been dismissed and therefore no response is required to the allegations in Paragraph 258 regarding Item 303.  To the extent a response is required, Casey denies the allegations in Paragraph 258.  Further, Casey lacks knowledge or information sufficient to form a belief as to the

alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

259.    Pursuant to the Court's Order, Plaintiffs' claims relating to the allegations in Paragraph 259 have been dismissed, and no responsive pleading is required.  To the extent that a response is required, Casey denies those allegations, except admits that Casey was CEO and Gomez was CFO of Dentsply when the SEC issued an order instituting cease-and-desist proceedings against Dentsply on December 16, 2020 and refers to the referenced order for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

260.    The third sentence of Paragraph 260 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a responsive pleading is required, Casey denies the allegations in the third sentence of Paragraph 260.  Casey denies the remaining allegations in Paragraph 260, except admits that he was named as a defendant in *Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., et al.*, No. 2:19-cv-03347 (S.D. Ohio). Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

261.    Paragraph 261 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies those allegations, except admits that throughout the purported Class Period, Dentsply's securities traded on the NASDAQ.  Further, Casey lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in the third sentence concerning the purchase of Company stock, and on that basis, denies them.

262. Casey denies the allegations in Paragraph 262.

263. Casey denies the allegations in Paragraph 263. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

264. The first sentence of Paragraph 264 contains Plaintiffs' characterization of the complaint to which no responsive pleadings are required. The second sentence of Paragraph 264 purports to assert conclusions of law to which no responsive pleadings are required. To the extent that a response is required, Casey denies the allegations in Paragraph 264.

265. Casey denies the allegations in Paragraph 265, except admits that Dentsply issued a press release containing the Company's financial results for 4Q21 and FY21 and financial guidance for 2022 and hosted a conference call on February 28, 2022 and refers to Dentsply's Form 8-K filed with the SEC on February 28, 2022 and the entire transcript of the referenced and quoted February 28, 2022 conference call for a complete statement of their contents.

266. Casey denies the allegations in Paragraph 266, except refers to the entire transcript of the referenced and quoted earnings call for a complete statement of its contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

267. Casey lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 267, and on that basis, denies them, except refers to the refenced and quoted Form 10-K/A that Dentsply filed with the SEC on November 7, 2022 and the

57

referenced and quoted Form 10-Q that Dentsply filed with the SEC on November 14, 2022 for a complete statement of their contents.

268.    Casey denies the allegations in Paragraph 268, except refers to publicly available trading data concerning Dentsply's share price for a complete statement of their contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

269.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 269, on that basis, denies them, except refers to the referenced February 28, 2022 Evercore report, March 1, 2022 Jefferies report, and March 1, 2022 Morgan Stanley report for a complete statement of their contents.

270.    Casey denies the allegations in Paragraph 270, except admits that Casey departed Dentsply on April 19, 2022, and refers to the referenced and quoted document and to publicly available stock price data, to the extent referenced in Paragraph 270, for a complete statement of their contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

271.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 271, and on that basis, denies them, except refers to the referenced and quoted reports for a complete statement of their contents. Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

272. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 272, and on that basis, denies them, except refers to the referenced and quoted Form 12b-25 for a complete statement of its contents.

273. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 273, and on that basis, denies them, except refers to the referenced earnings call transcript for a for a complete statement of its contents.

274. Casey lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 274, and on that basis, denies them.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

275. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 275, and on that basis, denies them, except refers to the referenced and quoted reports for a complete statement of their contents.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

276. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 276, and on that basis, denies them, except refers to publicly available trading data concerning Dentsply's share price for a complete statement of their contents.

277. Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 277, and on that basis, denies them, except refers to the referenced and quoted Form 8-K for a complete statement of its contents.

278.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 278, and on that basis, denies them, except refers to publicly available trading data concerning Dentsply's share price for a complete statement of their contents.

279.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 279, and on that basis, denies them, except refers to the referenced November 14, 2022 earnings call for a complete statement of its contents.

280.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 280, and on that basis, denies them, except refers to the referenced Form 10-Q and entire transcript of the referenced and quoted earnings call for a complete statement of their contents.

281.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 281 and denies them on that basis, and otherwise denies the allegations in Paragraph 281, except refers to publicly available trading data concerning Dentsply's share price for a complete statement of their contents.

282.    Casey lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282, and on that basis, denies them, except refers to the referenced and quoted reports for a complete statement of their contents.

283.    Paragraph 283 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 283, except admits that Dentsply stock traded on the NASDAQ during the purported Class Period.

284.   Paragraph 284 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 284.

285.   Paragraph 285 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 285.

286.   Paragraph 286 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 286.

287.   Paragraph 287 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 287.

288.   Paragraph 288 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 288.

289.   Paragraph 289 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 289.

290.   Paragraph 290 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 290, except admits that Dentsply's common stock traded on the NASDAQ during the purported Class Period and that 218.4 million Dentsply shares were outstanding as of December 31, 2021.

291.     Paragraph 291 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 291.

292.     Paragraph 292 contains Plaintiffs' characterization of this Action and their counsel as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 292.

293.     Paragraph 293 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 293.

294.     Paragraph 294 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 294.

295.     Paragraph 295 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 295.  Casey further incorporates by reference all of the foregoing answers to Paragraphs 1-294 as if fully set forth herein.

296.     Paragraph 296 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 296.

297.     Paragraph 297 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 297.

298.    Paragraph 298 purports to assert conclusions of law as to which no responsive pleading is required.  The allegations in Paragraph 298 are also vague and ambiguous, and require no response.  To the extent that a response is required, Casey denies the allegations in Paragraph 298.

299.    The allegations in the second sentence of Paragraph 299 are vague and ambiguous, and require no response.  To the extent that a response is required, Casey denies the allegations in the second sentence of Paragraph 299.  Casey also denies the allegations in the second and remaining sentences of Paragraph 299.

300.    Paragraph 300 purports to assert conclusions of law as to which no responsive pleading is required.  The allegations in Paragraph 300 are also vague and ambiguous, and require no response.  To the extent that a response is required, Casey denies the allegations in Paragraph 300.

301.    Casey denies the allegations in Paragraph 301, except admits that Dentsply's common stock was traded on the NASDAQ.

302.    Paragraph 302 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 302.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

303.    Paragraph 303 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 303.  Casey further incorporates by reference all of the foregoing answers to Paragraphs 1-302 as if fully set forth herein.

304.    Paragraph 304 purports to assert conclusions of law that require no response.  To the extent that a response is required, Casey denies the allegations in Paragraph 304, except admits that Casey was an executive of Dentsply for a portion of the purported Class Period.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

305.    Paragraph 305 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 305.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

306.    Pursuant to the Court's Order, all claims against Ranjit Chadha have been dismissed.  As such, the allegations in Paragraph 306 relating to Ranjit Chadha require no response.  Further, Paragraph 306 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 306.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

307.    Paragraph 307 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 307.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

308.    Paragraph 308 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 308.  Further, Casey lacks knowledge or information sufficient to form a belief as to the alleged knowledge or actions of others, and on that basis, denies all allegations relating to their alleged knowledge or actions.

309.    Paragraph 309 purports to assert conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Casey denies the allegations in Paragraph 309.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Casey denies that Plaintiffs or any putative class members that Plaintiffs purport to represent are entitled to the relief sought in the Prayer for Relief or under any other theory, and Casey requests that the Court dismiss all claims against him with prejudice and order such further relief as the Court deems just and proper.

## RESPONSE TO PLAINTIFFS' JURY DEMAND

The allegations in the Plaintiffs' jury demand consists of a demand for a trial by jury, to which no response is required.

## GENERAL DENIALS

Except as otherwise expressly stated in the answers to Paragraphs 1 through 309 above, Casey denies each and every allegation in Paragraphs 1 through 309 of the AC, including without limitation the headings, sub-headings, tables, and footnotes in the AC, and specifically denies that Plaintiffs are entitled to the relief sought in Plaintiffs' prayer for relief and jury demand.

## AFFIRMATIVE DEFENSES

Casey asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this Action and hereby reserves all rights to amend and/or supplement any and all defenses set forth herein.  The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on Plaintiffs.

### First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Casey did not make any statements that were false or misleading when made.

### Third Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because any alleged misrepresentations or omissions were not material as a matter of law.

### Fourth Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Casey did not omit or fail to state any material facts that were necessary in order to make any statement made by Casey not false or misleading.

### Fifth Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Casey had no duty to disclose the allegedly omitted information.

### Sixth Defense

The Amended Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(b)(1).

### Seventh Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Casey did not intentionally or recklessly make any misleading statement or misleading, actionable omission. At all times, and with respect to all matters contained herein, Casey acted in good faith conformity with applicable SEC rules, regulations, and orders, and therefore is not subject to liability under the federal securities laws.

### Eighth Defense

Plaintiffs' claims and those of the putative class are barred because certain statements challenged by the Amended Complaint were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker, did not contain embedded statements of untrue facts, or omit to state a material fact necessary to make the statements therein not misleading.

### Ninth Defense

The statements complained of were, at the time of their utterance, made in good faith and upon reliance on what the speakers believed was true at the time such statements were uttered.

### Tenth Defense

Plaintiffs' claims and those of the putative class are barred because certain statements challenged by the Amended Complaint are puffery or vague statements of optimism on which no reasonable investor would have relied.

### Eleventh Defense

Casey is not liable because certain alleged misstatements by Casey were forward-looking statements, were identified as such, and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the PSLRA, 15 U.S.C. § 78u-5(c)(1)(A), and the bespeaks caution doctrine.

67

## Twelfth Defense

Casey is not liable because certain alleged misstatements are not actionable under the PSLRA, 15 U.S.C. § 78(u)-5(C)(1)(B), because: (a) the statements were forward-looking and the person making the statements did not have actual knowledge that the statements were false or misleading, or (b) the statements were made or approved by an executive officer of Dentsply who did not have actual knowledge that the statements were false or misleading.

## Thirteenth Defense

Plaintiffs' claims and those of the putative class are barred because Plaintiffs have not adequately alleged that Casey possessed the requisite scienter at the time each alleged false or misleading statement or omission was made.

## Fourteenth Defense

Plaintiffs' claims and those of the putative class are barred because Casey disclosed certain information that Plaintiffs allege was omitted.

## Fifteenth Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because the substance of the material information that Plaintiffs allege to have been misrepresented or omitted was in fact disclosed in public filings, or was publicly available or widely known to the investing community and/or otherwise known to Plaintiffs and therefore not required to be disclosed. Plaintiffs' claims with respect to such information are therefore barred. No person or entity may recover from Casey to the extent such person or entity had actual or constructive knowledge of the facts allegedly concealed or misrepresented.

## Sixteenth Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Amended Complaint.

### Seventeenth Defense

Casey is not liable because he did not breach any duties owed to Plaintiffs.

### Eighteenth Defense

Casey is not liable because he did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of Dentsply securities.

### Nineteenth Defense

Casey is not liable for any alleged false or misleading statements or omissions of material fact that were made or caused to be made by others because Casey did not make those statements.

### Twentieth Defense

Casey is not liable because Plaintiffs knew or should have known of the allegedly omitted or misstated information.

### Twenty-First Defense

Casey is not liable because the Amended Complaint fails to adequately plead loss causation, and in fact, Plaintiffs cannot prove loss causation.

### Twenty-Second Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Plaintiffs have not alleged injuries that were proximately caused by any alleged misrepresentation or omission.

### Twenty-Third Defense

Casey is not liable because the alleged misrepresentations and omissions in the Amended Complaint did not affect the market price of Dentsply securities.

### Twenty-Fourth Defense

Casey is not liable because any decline in value of the securities of which Plaintiffs complain was caused by external market factors.

### Twenty-Fifth Defense

The damages for which Plaintiffs claim Casey is responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by Casey and were otherwise caused or contributed to by (a) persons or entities for whom Casey is not responsible and for whom Casey is not liable or (b) factors other than any alleged misrepresentations or omissions for which Casey may be responsible.

### Twenty-Sixth Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because the injuries Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than Casey, actions or inactions by parties outside the control of Casey, or economic events that were, likewise, outside the control of Casey.  These actions, inactions, and events were intervening or superseding causes of Plaintiffs' alleged damages.

### Twenty-Seventh Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because any alleged depreciation in the value of Dentsply shares resulted from factors other than the misstatements and omissions alleged in the Amended Complaint.

### Twenty-Eighth Defense

Plaintiffs lack standing to assert some or all of their claims.

### Twenty-Ninth Defense

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Thirtieth Defense

On information and belief, Plaintiffs are not adequate or appropriate class representatives.

### Thirty-First Defense

Casey is entitled to recover contribution and/or indemnification from others for any liability he incurs.

### Thirty-Second Defense

To the extent that Plaintiffs did not own shares in Dentsply during the purported Class Period, or sold shares prior to any alleged corrective disclosure, Plaintiffs lack standing with respect to their claims.

### Thirty-Third Defense

Plaintiffs have not suffered any loss, damage, or injury as a result of the conduct alleged in the Amended Complaint.

### Thirty-Fourth Defense

The purported claims against Casey and the allegations upon which they are based are improperly vague, ambiguous, and confusing.  Casey reserves the right to request a more definite statement.

### Thirty-Fifth Defense

Any claim by Plaintiffs for pre-judgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time Plaintiffs' lawsuit was commenced.

### Thirty-Sixth Defense

Plaintiffs' claims and those of the putative class are barred, in whole or in part, by the principle of waiver and/or estoppel and by the doctrine of unclean hands, *in parti delicto* and/or other related equitable doctrines.

### Thirty-Seventh Defense

As to control person liability alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, that liability is barred because Plaintiffs cannot establish the primary liability necessary to assert a control person liability claim.

### Thirty-Eighth Defense

As to control person liability alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, that liability is barred because Casey did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

### Thirty-Ninth Defense

Plaintiffs' claims are barred in whole or in part because Casey at all times acted in good faith and in reasonable reliance upon the representations, reports, expert opinions, and advice of others.  Casey was entitled to, and did, rely upon representations, reports, expert opinions and advice of others in affixing his signatures to, and authorizing the public filings referred to by Plaintiffs in their Amended Complaint.  Casey believes that those individuals upon whose representations, reports, expert opinions and advice he relied were, in fact, expert in their field and were competent to render the opinions they had provided.  Casey had no notice, and had no reasonable grounds to believe, that the representations reports, expert opinions and advice provided were in any way inadequate, unfounded or incorrect.

### Fortieth Defense

Plaintiffs' claims are barred because Casey did not culpably participate in any fraudulent scheme, misstatements of fact or omissions by others.  Casey did not have knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

### Forty-First Defense

Casey adopts and incorporates by reference herein any applicable affirmative or other defenses asserted by any of the other defendants to the extent that Casey may share such a defense.

### Forty-Second Defense

Plaintiffs are limited to those damages authorized by the Securities Exchange Act of 1934 and the PSLRA, and therefore may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

### Forty-Third Defense

Any recovery is barred in whole or in part by any and all applicable offsets to any losses Plaintiffs may have suffered, including, without limitation, any settlement amounts that Plaintiffs

receive from any other parties and any other recoveries obtained by Plaintiffs mitigating their alleged damages.

### Forty-Fourth Defense

Plaintiffs have failed to mitigate their alleged damages.

### Forty-Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased the securities at issue in this case with actual or constructive knowledge of the risks involved and thus assumed the risk that the value of the securities would decline if such risks materialized.

### Forty-Sixth Defense

Casey presently has insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to Casey, and therefore expressly (i) reserves the right to amend or supplement its Answer, defenses, and all other pleadings, and (ii) reserves the right to (a) assert any and all additional defenses under any applicable federal and state law in the event that discovery indicates such defenses would be appropriate and (b) assert any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this action.

### PRAYER FOR RELIEF

WHEREFORE, Casey demands judgment dismissing Plaintiffs' Amended Complaint in its entirety, together with costs and disbursements of this action, and for any expenses incurred in the defense thereof, including attorney's fees. Casey further demands such other relief, both general and specific, at law or in equity, to which they are justly entitled.

73

DATED:  May 21, 2024
      New York, New York        */s/ Meredith Karp*

                                    SIMPSON THACHER & BARTLETT LLP
                                    Bryce L. Friedman
                                    Craig S. Waldman
                                    Meredith Karp
                                    425 Lexington Avenue
                                    New York, NY 10011
                                    T:  (212) 455-2000
                                    bfriedman@stblaw.com
                                    cwaldman@stblaw.com
                                    meredith.karp@stblaw.com

                                    *Attorneys for Defendant Donald M. Casey,*
                                    *Jr.*