UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>                v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br>  Defendants. | 1:22-CV-06339 (AS)<br><br>PROTECTIVE ORDER |

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual;

   e. previously nondisclosed material created by a third-party that is subject to a pre-existing confidentiality agreement between the creator and the producing party;  or

   f. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. stenographers engaged to transcribe depositions conducted in this action;

   g. the Court and its support personnel.

6. No person subject to this Order other than the producing person shall use any of the Discovery Material designated by the producing person as Confidential for any purpose other than in connection with this litigation. For avoidance of doubt, this Paragraph shall not apply to any information that is in the public domain at the time of production to a receiving party or becomes part of the public domain after its production to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise

afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return, destroy or sequester all copies of the Inadvertently Disclosed Information, and make reasonable efforts to return, destroy or sequester all work product (including document coding) quoting or referring to Inadvertently Disclosed Information, and provide a certification of counsel that all Inadvertently Disclosed Information has been returned or destroyed or sequestered and reasonable efforts have been made to return, destroy or sequester all work product (including document coding) quoting or referring to Inadvertently Disclosed Information.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned, destroyed or sequestered, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

DATED: July 3, 2024

      s/ Luke O. Brooks
      LUKE O. BROOKS

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS
HILLARY B. STAKEM
NICOLE Q. GILLILAND
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
lukeb@rgrdlaw.com
hstakem@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

VANOVERBEKE, MICHAUD &
TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiffs

DATED: July 3, 2024

      s/ Bryce L. Friedman (with consent)
      BRYCE L. FRIEDMAN

SIMPSON THACHER & BARTLETT LLP
BRYCE L. FRIEDMAN
CRAIG S. WALDMAN
MEREDITH KARP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: 212/455-2000
212/455-2502 (fax)
bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com

RICK STEINER FELL & BENOWITZ LLP
ROBERT J. BENOWITZ
90 Broad Street, 25th Floor
New York, NY 10004
Telephone: 212/422-0488
212/422-0158 (fax)
rbenowitz@ricksteinerlaw.com

Counsel for Donald M. Casey, Jr.

      s/ Seth L. Levine (with consent)
      SETH L. LEVINE

LEVINE LEE LLP
SETH L. LEVINE
CHAD P. ALBERT
ALLISON S. MARKOWITZ
400 Madison Avenue
New York, NY 10017
Telephone: 212/223-4400
slevine@levinelee.com
calbert@levinelee.com
amarkowitz@levinelee.com

Counsel for Defendant Jorge Gomez

4887-8709-9342.v1

7

                                                      s/ Roger A. Cooper (with consent)
                                                      ROGER A. COOPER

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ROGER A. COOPER
MARK E. MCDONALD
One Liberty Plaza
New York, NY 10006
Telephone: 212/225-2000
racooper@cgsh.com
memcdonald@cgsh.com

Counsel for Defendant Dentsply Sirona Inc.

**SO ORDERED.**

                                                      ARUN SUBRAMANIAN, U.S.D.J.

Dated:       New York, New York
                July 9, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>                              v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br>  Defendants. | 1:22-CV-06339 (AS)<br><br>**NON-DISCLOSURE AGREEMENT** |

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated: _____                                                _____