# CLEARY GOTTLIEB STEEN & HAMILTON LLP

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
**ASIA**
BEIJING
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2283
racooper@cgsh.com

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

December 4, 2024

VIA ECF

The Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Room 15A
New York, New York 10007

Re: *San Antonio Fire and Police Pension Fund et al. v. Dentsply Sirona Inc. et al.*,
Case No. 22-cv-06339-AS

Dear Judge Subramanian:

We represent defendant Dentsply Sirona, Inc. ("Dentsply" or the "Company") in the above-captioned case.

We respectfully submit this letter motion on behalf of defendants Dentsply, Donald M. Casey, Jr. ("Casey"), and Jorge Gomez ("Gomez", and, together with Dentsply and Casey, the "Defendants") to request an approximately nine week extension of time for the discovery deadlines set forth in Paragraph 5 of the Case Management Plan & Scheduling Order, dated May 31, 2024 (the "Scheduling Order"), as well as extensions of time for the class certification reply and summary judgment briefing deadlines set forth in Paragraphs 6 and 7 of the Scheduling Order, respectively. Lead Plaintiffs City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System (the "Plaintiffs") do not oppose the requested extensions.

Defendants seek an extension of the discovery deadlines because Defendants need additional time to substantially complete document production pursuant to Paragraph 5(a) of the Scheduling Order, which is currently scheduled for Friday, December 6, 2024. When the Parties agreed to the Scheduling Order, the Parties had not yet agreed on document custodians or a search protocol for the review and production of documents. On June 5, 2024, Plaintiffs served document requests on Defendants, leading to months of extensive negotiations over the scope of document discovery. After timely serving objections and engaging in discussions over scope, on July 29, 2024, Dentsply agreed to produce all documents previously produced to the SEC, which included documents from 15 custodians. In addition, Dentsply proposed an initial list of an

Hon. A. Subramanian, p. 2

additional six custodians for collection and production of documents.  Plaintiffs responded on August 1, 2024 with a counter-proposal, which included three current and former Dentsply Directors (the "Director Custodians"), whose documents were not in Dentsply's possession, custody or control.  Dentsply also prepared a search term proposal, but could not provide Plaintiffs with a hit reported as requested by Plaintiffs until the custodian list was finalized and Dentsply had collected all of the custodial data from the custodians agreed upon.  Ultimately, Dentsply collected and processed over 3.5 million documents from its custodians.

On September 25, 2024, the Parties agreed to Dentsply collecting and reviewing documents from 29 company custodians, as well as the three Director Custodians.  That same day, Dentsply sent its search term proposal and a corresponding hit report to Plaintiffs.  Dentsply's initial proposal yielded approximately 150,000 documents.  Plaintiffs responded with a counter-proposal, which yielded nearly 2.3 million documents.

Throughout the next month, Dentsply spent significant time and resources negotiating search terms with Plaintiffs, providing multiple iterations of search term hit reports.  Finally, on October 28, 2024, as a compromise and to avoid a discovery dispute before this Court, Dentsply agreed to search terms that yielded a review population of over 740,000 documents, still nearly five times the volume of documents Dentsply had initially proposed.  Dentsply immediately began review of such documents while the Parties continue to negotiate the scope of review for the Director Custodians and certain message data.  While Dentsply and Plaintiffs have been diligent in their efforts to reach agreement on the volume of documents to be reviewed and produced, substantially completing document production by December 6, 2024 is not possible in light of the scope of document production and review agreed to.

Dentsply has been diligent in undertaking its review and has made significant progress in its effort to reach substantial completion.  On September 16, 2024, Dentsply produced nearly 13,000 documents previously produced to the SEC.  And since agreeing to custodians and search terms in October, Dentsply has deployed substantial resources on document review, including using a review team of 30 attorneys.  To date, Dentsply has reviewed over 100,000 documents, with a review pace of nearly 5,000 documents per day, has produced more than another 8,500 documents, and plans to produce at least 10,000 additional documents by December 6, 2024.  Dentsply is committed to substantially completing document production as quickly as reasonably possible, including by adding resources and increasing the number of attorneys doing the review going forward.

Substantial completion of document production is the product of two factors, (1) the size of the review population and (2) the pace of review and production.  Here, the Parties have agreed to a large review population that will take time to fully review and produce.  And while Dentsply's review of documents is moving quickly ahead, and the pace will further increase with additional resources, substantial completion by December 6, 2024 is not practicable.

In order to account for the additional time for substantial completion of document production, and to ensure there is no prejudice to Plaintiffs, Defendants seek to adjust the remaining schedule, and Plaintiffs do not oppose.  Defendants respectfully propose amending the case schedule as follows, which results in a roughly five-week extension of the full schedule:

Hon. A. Subramanian, p. 3

| Event | Current Deadline | Defendants' Proposal (12/4) |
|---|---|---|
| Substantial Completion | Friday, Dec. 6, 2024 | Friday, Feb. 7, 2025 |
| Class Cert Opposition | Friday, Dec. 20, 2024 | No change |
| Class Cert Reply | Friday, Jan. 31, 2025 | ~~Thursday, Apr. 3, 2025~~ February 28, 2025 |
| Joinder of Additional Parties | Thursday, Feb. 6, 2025 | No change |
| Requests to Admit | Monday, Apr. 28, 2025 | Friday, June 27, 2025 |
| Fact Depositions | Friday, June 6, 2025 | Wednesday, Aug. 6, 2025 |
| Expert Disclosures | Monday, June 30, 2025 | Friday, Aug. 29, 2025 |
| Opposition Expert Disclosures | Wednesday, July 30, 2025 | Monday, Sept. 29, 2025 |
| Expert Depositions & Completion of Discovery | Friday, Aug. 29, 2025 | Wednesday, Oct. 29, 2025 |
| Summary Judgment | Monday, Sept. 29, 2025 | Monday, Nov. 3, 2025 |
| Summary Judgment Opposition | Friday, Nov. 14, 2025 | Friday, Dec. 19, 2025 |
| Summary Judgment Reply | Monday, Dec. 15, 2025 | Monday, Jan. 19, 2026 |

*See* Exhibit A, Proposed Amended Case Management Plan & Scheduling Order.

There have been no prior requests for an extension of time with respect to the Scheduling Order. Defendants previously requested an extension of time on the Motion to Dismiss briefing schedule, which was granted. *See* ECF No. 90. The Parties do not have a scheduled appearance before the Court.

Respectfully submitted,

*/s/ Roger A. Cooper*
Roger A. Cooper

cc: All Counsel of Record (via ECF)

The requested is GRANTED with the Court's amendments. However the parties should not count on any further extensions.

The Clerk of Court is respectfully requested to terminate the motion at Dkt. 133.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: December 5, 2024

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| City of San Antonio Fire and Police Pension Fund, et al. | Plaintiff(s), | 22-cv- 6339  (AS) |
| -against- | | Amended Civil Case Management Plan and Scheduling Order |
| Dentsply Sirona Inc.,  et al. | Defendant(s). | |

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1.  All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining Paragraphs should not be completed. Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO3.pdf.]

2.  The case [is ☑ / is not ☐] to be tried to a jury.

3.  Joinder of additional parties must be accomplished by 2/6/25.

4.  Amended pleadings may be filed without leave of Court until N/A.

5.  Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    a.  <u>Documents</u>. First request for production of documents, if any, must be served by 6/7/24. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 5(f) below.  All document production must be substantially completed by 2/7/25.

    b.  <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by 10/30/24. No other interrogatories are permitted except upon prior express permission of the Court. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

c. Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2)  by 8/29/25. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2)  by 9/29/25. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures  except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

d. Depositions. All fact depositions must be completed by 8/6/25. All expert depositions must be completed by 10/29/25. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

e. Request to Admit. Requests to Admit, if any, must be served by 6/27/25.

f. All discovery is to be completed by 10/29/25. Interim deadlines for items 5(a-e) above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph. The discovery completion date  may  be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

6. Plaintiffs' motion for class certification shall be filed by 11/15/24.  Any opposition(s) to such motion shall be filed by 12/20/24.  Any reply shall be filed by 4/3/25XX  February 28, 2025

7. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Practices shall be served by 11/3/25, answering papers by 12/19/25, and reply papers by 1/19/26. Each party must file its respective papers on the same date that such papers are served.

8. A final pre-trial conference shall be held on [date to be inserted by the Court]. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Practices.

9. Jury selection (if applicable) and trial shall commence on [date to be inserted by the Court].

10.     All <u>motions</u> and applications shall be governed by Judge Subramanian's Individual Practices. Counsel shall promptly familiarize themselves with all of the Court's Individual Practices, as well as with the Local Rules for the United States District Court for the Southern District of New York.



SO ORDERED.

Dated: _____

New York, New York



_____
ARUN SUBRAMANIAN
United States District Judge

3