UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

SAN ANTONIO FIRE AND POLICE
PENSION FUND, CITY OF BIRMINGHAM
RETIREMENT AND RELIEF SYSTEM, EL
PASO FIREMEN & POLICEMEN'S
PENSION FUND, and WAYNE COUNTY
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiffs,

     vs.

DENTSPLY SIRONA INC., DONALD M.
CASEY, JR., and JORGE GOMEZ,

                Defendants.

———————————————————————— x

Civil Action No. 1:22-cv-06339-AS
(Consolidated)

<u>CLASS ACTION</u>

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT

**[REDACTED]**

**TABLE OF AUTHORITIES**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     LEGAL STANDARD.............................................................................................2

III.    ARGUMENT..........................................................................................................3

        A.      Summary Judgment on Reliance Is Warranted for Plaintiffs' Misstatement
                and Omission Claims ................................................................................3

                1.      Defendants' Alleged Misrepresentations Were Publicly Known ...............4

                2.      Dentsply Stock Traded in an Efficient Market ............................................4

                3.      Plaintiffs and the Class Purchased Dentsply Stock Between When
                        Defendants' Alleged Misrepresentations Were Made and When the
                        Relevant Truth Was Revealed ....................................................................6

                4.      Materiality Will Be Resolved Independently of Reliance ...........................6

        B.      Summary Judgment on Reliance Is Warranted for Plaintiffs' Scheme
                Claims ........................................................................................................6

        C.      Defendants Have No Evidence to Rebut the Presumption of Reliance ...................7

IV.     CONCLUSION.......................................................................................................9

4917-4551-3334.v1

## I.  INTRODUCTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Lead Plaintiffs and Class Representatives City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System (collectively, "Plaintiffs"), respectfully move for partial summary judgment on the issue of reliance.

Reliance is an element of Plaintiffs' claim under §10(b) of the Securities Exchange Act of 1934.  *See Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37 (2011).  At the class certification stage, Plaintiffs established, and Defendants[1] did not dispute, that they are entitled to a classwide, rebuttable presumption of reliance under the fraud-on-the-market theory set forth in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).  *See* ECF 123, 124-15, 136-1, 137, 146, 153.  As explained below, there is no genuine issue of material fact as to ***any*** prerequisite required to invoke the *Basic* presumption, aside from materiality.  And because Plaintiffs must prove materiality regardless of the reliance requirement, there is no need for Plaintiffs to separately prove, or for a jury to separately consider, materiality for reliance purposes.  *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2025 WL 2940714, at \*5 (M.D. Tenn. Oct. 16, 2025) (granting "summary judgment on the element of reliance under *Basic* presumption as to [Plaintiffs] and the class as to any misstatements that Plaintiffs show to be material at trial").

Further, there is no genuine issue of material fact regarding Defendants' inability to rebut the *Basic* presumption.  Defendants have not challenged market efficiency (their expert testified ███ ██████████████████████ ), and they have adduced ***zero*** evidence to show that Plaintiffs and the Class

---

[1]  "Defendants" refers to Dentsply Sirona Inc. ("Dentsply"), Donald M. Casey, Jr., and Jorge Gomez.

- 1 -

4917-4551-3334.v1

"did not rely on the integrity of the market price in trading stock." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014) ("*Halliburton II*").

The Court should grant this Motion to narrow the issues presented to the jury and streamline the trial in this case.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Williams v. MTA Bus Co.*, 44 F.4th 115, 126 (2d Cir. 2022). Summary judgment may be entered "as to an entire case . . . [or] as to a claim, defense, or part of a claim or defense" (Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendment), including in cases alleging §10(b) claims. *E.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, 2019 WL 2082508, at *5 (S.D.N.Y. May 10, 2019) (granting partial summary judgment against certain defendants on §10(b)'s falsity, scienter, and in-connection-with elements); *SEC v. Tourre*, 2013 WL 2407172, at *12-*13 (S.D.N.Y. June 4, 2013) (granting partial summary judgment on §10(b)'s in-connection-with element); *Acadia*, 2025 WL 2940714, at *5 (granting "summary judgment on the element of reliance under *Basic* presumption"). "Partial summary judgment . . . "'serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact.'"" *EEOC v. Green Lantern Inn, Inc.*, 2021 U.S. Dist. LEXIS 156348, at *29 (W.D.N.Y. Aug. 18, 2021).[2]

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "'[W]here the moving party has the burden [of proof on the relevant issue] . . . his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Spiegler v. Mish*

---

[2]    Unless otherwise noted, all citations are omitted and emphasis is added.

4917-4551-3334.v1

*Mish Inc.*, 2025 WL 1161811, at *3 (S.D.N.Y. Apr. 22, 2025).  Where a movant does not bear the burden at trial, its duty is discharged "by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  In either situation, the movant's showing of a *prima facie* entitlement to summary judgment "shifts the burden of production to the party opposing the motion and requires that party . . . to produce evidentiary materials that demonstrate the existence of a 'genuine issue' for trial."  *Id.* at 331.  Summary judgment should be granted if "'no rational finder of fact "could find in favor of the nonmoving party because the evidence to support its case is so slight."'"  *Spiegler*, 2025 WL 1161811, at *4 (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

## III.    ARGUMENT

### A.    Summary Judgment on Reliance Is Warranted for Plaintiffs' Misstatement and Omission Claims

To prevail on a misstatement or omission claim under §10(b), a plaintiff must prove: (1) defendants made a material misrepresentation or omission; (2) with scienter; (3) in connection with the purchase or sale of a security; (4) on which the plaintiff relied; and (5) which caused the plaintiff to suffer damages.  *Matrixx*, 563 U.S. at 37-38.  Reliance may be presumed under *Basic*, which allows a plaintiff to establish a "rebuttable presumption of reliance," without the need for individualized proof of reliance.  *Halliburton II*, 573 U.S. at 268; *see also Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 159 (2008).

Under *Basic*, classwide reliance is presumed if: "(1) the alleged misrepresentations were publicly known, (2) they were material, (3) the stock traded in an efficient market, and (4) the plaintiff traded the stock between when the misrepresentations were made and when the truth was revealed."  *Halliburton II*, 573 U.S. at 276-78.  The Supreme Court has repeatedly held that "courts may presume that investors trading in efficient markets indirectly rely on public, material

- 3 -

misrepresentations through their 'reliance on the integrity of the price set by the market.'" *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 462 (2013); *see also Basic*, 485 U.S. at 245; *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 812 (2011) ("*Halliburton I*"); *Halliburton II*, 573 U.S. at 278-79.

As set forth below, there is no genuine dispute of material fact that: (i) Defendants' allegedly false and misleading statements were publicly known; (ii) Dentsply stock traded in an efficient market; and (iii) Plaintiffs and Class members purchased Dentsply stock between June 9, 2021, when Defendants made their first alleged misrepresentations, and November 13, 2022, after which the relevant truth was revealed.

### 1.   Defendants' Alleged Misrepresentations Were Publicly Known

Defendants publicly disseminated all of the alleged misrepresentations in press releases, conference calls with analysts and investors, U.S. Securities and Exchange Commission filings, or on Dentsply's website.   SUF, Nos. 6-15.   Defendants admit that each of the alleged misrepresentations was publicly available and disseminated. *See, e.g.*, *id*.

### 2.   Dentsply Stock Traded in an Efficient Market

The fundamental element for establishing classwide reliance is market efficiency. *See Halliburton I*, 563 U.S. at 813 (observing that *Basic*'s "fundamental premise" is "that an investor presumptively relies on a misrepresentation so long as it was reflected in the market price at the time of his transaction").   In moving for class certification, Plaintiffs offered the expert opinion of Matthew D. Cain, Ph.D. that Dentsply stock traded in an efficient market throughout the period June 9, 2021 to November 13, 2022, inclusive (the "Class Period").   SUF, No. 16.   Dr. Cain incorporated his market efficiency opinions in the merits report that he submitted in this case on September 5, 2025. *Id.*, No. 18.   Specifically, Dr. Cain established that:

- The market for Dentsply common stock was active, based on the percentage of outstanding shares traded weekly (*id.*, No. 20);

- Dentsply was the subject of extensive analyst coverage throughout the Class Period (*id.*, No. 21);

- Dentsply common stock traded on the NASDAQ throughout the Class Period, and had at least 124 market makers and a large proportion of institutional investors, indicating the relative ease of transacting in Dentsply common stock (*id.*, No. 22);

- Dentsply was eligible to file a Form S-3 Registration Statement throughout the majority of the Class Period (*id.*, No. 23);

- Based on Dr. Cain's event study, the price of Dentsply common stock reacted to company-specific news in a statistically significant manner (*id.*, No. 24);

- Dentsply had a large market capitalization and public float during the Class Period (*id.*, No. 25); and

- Dentsply had a narrow bid-ask spread during the Class Period (*id.*, No. 26).

Defendants did not challenge market efficiency at the class certification stage,[3] and at the merits stage, they have conceded it. SUF, Nos. 17, 19. As their merits expert, Dr. Allen Ferrell, Ph.D., testified at his deposition: ███████████████████████████████ ████████████████████[4] SUF, No. 19. Nor did Defendants' class certification expert – Paul Zurek, Ph.D. – opine about market efficiency. SUF, No. 17; ECF 136-1, ¶77 n.133 (Dr. Zurek stating in his December 20, 2024 report that he was not "asked to offer an opinion on the efficiency of the market for Dentsply's common stock"). At the class certification stage, Defendants also did not dispute that the *Basic* presumption of reliance applies. *See* ECF 146 at 10.

---

[3]  *See, e.g.*, ECF 137 at 1-2, 13-14 (in opposing class certification, Defendants failed to challenge Dr. Cain's opinion that Dentsply stock traded in an efficient market).

[4]  Declaration of Luke O. Brooks in Support of Plaintiffs' Motion for Partial Summary Judgment, Ex. 6 at 30:4-8 ███████████████████████████████████████████████████ ███████████████████████████████████████████, filed concurrently herewith; *see also id.* at 28:3-6 ███████████████████████████████████ ████████████████████████████.

### 3. Plaintiffs and the Class Purchased Dentsply Stock Between When Defendants' Alleged Misrepresentations Were Made and When the Relevant Truth Was Revealed

Furthermore, there is no dispute that Plaintiffs purchased Dentsply stock between June 9, 2021 – the date of Defendants' first alleged misrepresentations – and November 13, 2022 – the day before the final corrective disclosure. SUF, Nos. 1-3. Moreover, by definition, investors must have purchased Dentsply stock during the Class Period in order to be Class members. *Id.*, No. 4.

### 4. Materiality Will Be Resolved Independently of Reliance

Materiality is a separate element of §10(b) (*Matrixx*, 563 U.S. at 37), and the issue of materiality will be decided separately from reliance. Thus, if the jury finds that Defendants' statements were materially misleading, the jury will not need to revisit the issue of materiality for reliance purposes. Conversely, if the jury finds that Defendants' statements were not materially misleading, the issue of reliance under *Basic* will be rendered moot. *See Amgen*, 568 U.S. at 473 (contrasting market efficiency with materiality and noting the latter is an "indispensable element[] of a Rule 10b-5 [misstatement] claim"); *Halliburton II*, 573 U.S. at 282 (noting "a failure to prove materiality would necessarily defeat every plaintiff's claim on the merits"); *Acadia*, 2025 WL 2940714, at *5 (granting "summary judgment on the element of reliance under *Basic* presumption as to [Plaintiffs] and the class as to any misstatements that Plaintiffs show to be material at trial").

### B. Summary Judgment on Reliance Is Warranted for Plaintiffs' Scheme Claims

For substantially the same reasons set forth in §IV.A., Plaintiffs and the Class are entitled to summary judgment with respect to reliance as to their Rule 10b-5(a) and (c) scheme liability claims. *See generally* ECF 72; ECF 123 at 12 ("Plaintiffs allege Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 both by making false and misleading statements in violation of Rule 10b-5(b) and by engaging in a scheme to defraud in violation of Rule 10b-5(a) and (c)."); ECF

4917-4551-3334.v1

153 at 2 (certifying the Class and stating, "Class members' claims are based on defendants' allegedly deceptive conduct, and each class member alleges that defendants' scheme and misrepresentation propped up Dentsply stock prices, in violation of the securities laws").

As the Supreme Court recognized in *Lorenzo*, 587 U.S. 71 (2019), scheme liability is "sufficiently broad to include within [its] scope the dissemination of false or misleading information with the intent to defraud." *Id.* at 79 (explaining that "dissemination of false or misleading material" misrepresentations comprises a "scheme"). Where, as here, Plaintiffs allege that Defendants engaged in a scheme to defraud that included misleading statements and omissions, *Basic* is similarly available to prove reliance with respect to Plaintiffs' scheme claim. *See Acadia*, 2025 WL 2940714, at *5 (granting "summary judgment on the element of reliance under *Basic*" in securities case involving scheme claims); *In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1199 (D. Or. 2015) ("Plaintiffs properly rely on the fraud-on-the-market theory of reliance for their scheme liability claims."). Just as Plaintiffs and the Class are entitled to rely on *Basic* with respect to the alleged misstatements and omissions, they may also rely on *Basic* with respect to the alleged scheme.

### C.   Defendants Have No Evidence to Rebut the Presumption of Reliance

Defendants have adduced ***zero*** evidence to rebut the *Basic* presumption. The *Basic* presumption of classwide reliance can be rebutted in certain circumstances. *Halliburton II*, 573 U.S. at 294. For example, if a defendant could show "that a plaintiff would have bought or sold the stock even had he been aware that the stock's price was tainted by fraud, then the presumption of reliance would not apply." *Id.* at 269; *see also Basic*, 485 U.S. at 246-47 ("'[I]t is hard to imagine that there ever is a buyer or seller who does not rely on market integrity. Who would knowingly roll the dice in a crooked crap game?'"). Alternatively, a defendant can attempt to make a "'***showing*** that ***severs***

4917-4551-3334.v1

***the link*** between the alleged misrepresentation and . . . the price received (or paid) by the plaintiff,'" *i.e.*, establish a lack of "price impact." *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 125 (2021) (quoting *Basic*, 485 U.S. at 248) (emphasis in original). It is Defendants' burden to prove that the fraud-related news caused no price impact whatsoever. *Id.* at 126.

Here, Defendants have failed to muster any evidence that Plaintiffs would have purchased Dentsply stock had they known its stock price was artificially inflated by fraud. SUF, No. 27. In addition to conducting extensive document discovery, Defendants deposed representatives of each of the three Plaintiffs.[5] Despite conducting this discovery before opposing Plaintiffs' motion for class certification, Defendants did not assert that Plaintiffs would have purchased Dentsply stock had they known that Dentsply's stock price was inflated by fraud. *See generally* ECF 137. Similarly, Defendants have adduced no evidence at all to suggest that ***any*** member of the Class would have purchased Dentsply stock had they known Dentsply's stock price was inflated by fraud. SUF, No. 28.

Moreover, Defendants did not even attempt to establish a lack of price impact in opposing class certification. SUF, No. 17; ECF 146 at 13 n.6 (explaining that "Defendants here do not challenge market efficiency or price impact"); ECF 146 at 10 ("[u]nlike here, the defendants in *Goldman* sought to rebut the presumption of reliance . . . by showing that the alleged false statements had no price impact"). Nor have Defendants mustered any evidence establishing a lack of price impact for any disclosure since class certification. SUF, No. 18. Thus, there is no genuine issue of material fact as to whether Defendants are able to completely "sever[] the link" between the alleged misrepresentations and Dentsply's stock price. *Basic*, 485 U.S. at 248.

---

[5]    Defendants did not take the depositions of any of Plaintiffs' investment managers – the entities that transacted in Dentsply common stock on Plaintiffs' behalf during the Class Period.

4917-4551-3334.v1

Because there is no genuine issue of material fact as to whether Plaintiffs or any member of the Class would have bought Dentsply stock had they been aware that Dentsply's stock price was inflated by fraud, or as to whether there was a complete lack of price impact during the Class Period, Plaintiffs and the Class are entitled to summary judgment on these issues.

## IV.   CONCLUSION

Plaintiffs respectfully request that the Court grant partial summary judgment with respect to reliance.

DATED:  November 3, 2025   Respectfully submitted,

         ROBBINS GELLER RUDMAN
           & DOWD LLP
         SCOTT H. SAHAM (admitted *pro hac vice*)
         LUKE O. BROOKS (admitted *pro hac vice*)
         DARRYL J. ALVARADO (admitted *pro hac vice*)
         CHRISTOPHER D. STEWART (admitted *pro hac vice*)
         HILLARY B. STAKEM (admitted *pro hac vice*)
         NICOLE Q. GILLILAND (admitted *pro hac vice*)
         JESSICA E. ROBERTSON (admitted *pro hac vice*)
         MEGAN M. SONNEY (admitted *pro hac vice*)

            s/ Luke O. Brooks
            LUKE O. BROOKS

         655 West Broadway, Suite 1900
         San Diego, CA  92101
         Telephone:  619/231-1058
         619/231-7423 (fax)
         scotts@rgrdlaw.com
         lukeb@rgrdlaw.com
         dalvarado@rgrdlaw.com
         cstewart@rgrdlaw.com
         hstakem@rgrdlaw.com
         ngilliland@rgrdlaw.com
         jrobertson@rgrdlaw.com
         msonney@rgrdlaw.com

4917-4551-3334.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiffs

- 10 -

4917-4551-3334.v1