# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, *Individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ, <br><br> Defendants. | No. 22- cv-6339 (AS) |

**DEFENDANT JORGE GOMEZ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION**

Defendant Jorge Gomez ("Mr. Gomez"), by and through his undersigned counsel, hereby provides his responses and objections (the "Responses") pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("FRCP") and Rule 26.3 of the Local Rules of the United States District Court for Southern District of New York (the "Local Rules") to Lead Plaintiffs City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System's (collectively, "Plaintiffs") Requests for Admission to Mr. Gomez, dated June 27, 2025 (the "Requests," and each a "Request") as follows:

**GENERAL OBJECTIONS**

Each of Mr. Gomez's Responses is subject to the following General Objections (the "General Objections") to the Requests, and each such General Objection is incorporated by reference in Mr. Gomez's Responses to each and every Request as if fully set forth therein and,

1

therefore, any failure to repeat the General Objections in any Response shall not be deemed a waiver.

The Responses are made to the best of Mr. Gomez's knowledge at the present time, and he explicitly reserves the right to revise, amend, correct, supplement or clarify the Responses.

1.      Mr. Gomez objects to all definitions, instructions and each and every Request that purports to impose obligations beyond those required or permitted by the FRCP, the Local Rules, the Court's rules or orders, or any other applicable law or rule (the "Governing Rules").

2.      Mr. Gomez objects to each and every Request, including the definitions and instructions contained therein, to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, redundant, unreasonable in scope, not relevant to any claim or defense, or not proportional to the needs of the case. Mr. Gomez further objects to each and every Request to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case, or is likely to impose significant and disproportionate burden or inconvenience on Mr. Gomez. On May 1, 2024, the Honorable Arun Subramanian issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss (ECF No. 106) (the "Order"). Pursuant to the Court's Order, Plaintiffs failed to state claims against Ranjit Chadha and as to paragraphs 100–102, 108, 114, 120, 147–148, and 181–183 and portions of paragraphs 105, 111, 114, 120, and 143 of the Complaint. Order at 18. As such, Mr. Gomez will only provide responses, if any, that relate to the claims that were not dismissed in the Court's Order (the "Remaining Claims").

3.      Mr. Gomez objects to each and every Request as vague and ambiguous to the extent that the terms or phrases used therein are undefined, would require Mr. Gomez to speculate

as to their intended meaning, and/or fail to meaningfully distinguish between similar, but not identical, terms and phrases used elsewhere in the Requests.

4.      Mr. Gomez objects to each and every Request to the extent it seeks information beyond his personal knowledge or outside his possession, custody, or control, including information in the possession of third parties. Pursuant to Rule 36(a)(4), Mr. Gomez will respond only to the extent that, after a reasonable inquiry, the information known or readily obtainable by him is sufficient to enable him to admit or deny.

5.      Mr. Gomez objects to each and every Request, including the definitions and instructions contained therein, to the extent that it purports to require Mr. Gomez to draw legal conclusions or is predicated on legal conclusions or arguments.  Subject to and without waiver of his objections, Mr. Gomez states that any response or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as acceptance of, a legal conclusion or an admission concerning any of the terms used in the Requests.

6.      Mr. Gomez objects to each and every Request, including the definitions and instructions, to the extent it is premature and requires a response concerning a subject matter as to which further discovery is ongoing, and Mr. Gomez expressly reserves the right to supplement and amend his response to each and every Response pursuant to Federal Rule 26(e) based on the results of any further discovery in this action.

7.      Mr. Gomez objects to each and every Request to the extent it calls for the disclosure of information already in the possession of the Plaintiffs, or otherwise available from public sources or documents that are on file with the Court.  Such a Request is beyond the scope of permissible discovery, would impose an undue burden on Mr. Gomez and is an attempt to require Mr. Gomez to prepare Plaintiffs' case.

8.      Mr. Gomez objects to each and every Request, including the definitions and instructions contained therein, to the extent it expressly or impliedly seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, Federal Rule of Evidence 408, a joint defense or common interest privilege, or any other applicable privilege, immunity, or protection from discovery or whose disclosure is otherwise prohibited by the Governing Rules.   Information covered by such privileges is not subject to disclosure and, therefore, the Requests will not be construed to seek such information.  Any inadvertent disclosure of any information protected by such privileges shall not be deemed or construed as a waiver of any privilege, immunity, protection or right of Mr. Gomez.

9.      The objection, failure to object, or any indication herein that Mr. Gomez will produce information does not constitute a representation by Mr. Gomez that such information exists or is within his knowledge, possession, custody, or control.  To the extent that Mr. Gomez responds to the Requests, Mr. Gomez does so without conceding the propriety, relevance, competency, privilege, materiality, confidentiality, authenticity, or admissibility of any such Response, or information that may be responsive to such Request.

10.      Mr. Gomez objects to each and every Request, definition, and instruction contained in the Request to the extent that any such Request, definition, or instruction contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action.  The disclosure of any information or the propounding of Responses to such Request, shall not constitute Mr. Gomez's agreement with or acquiescence to any such description.

11.      Mr. Gomez objects to each and every Request to the extent it seeks information concerning events at or involving Dentsply that occurred after May 6, 2022, which is the date of

4

Mr. Gomez's departure from the company. Mr. Gomez lacks personal knowledge of Dentsply's conduct or operations after that date and is therefore not in a position to admit or deny such matters. Mr. Gomez incorporates the foregoing General Objections into the specific objections and responses to each Request and thus does not restate each therein.

**OBJECTIONS TO DEFINITIONS**

1.      Mr. Gomez objects to each definition to the extent it is vague, ambiguous, overbroad, overinclusive, would result in undue burden and expense, includes information that is not relevant to any party's claims or defenses, would encompass information that is outside Mr. Gomez's custody or control, seeks information from outside the relevant time period of Mr. Gomez's tenure at Dentsply, or imposes duties on Mr. Gomez that differ from or exceed those imposed by the Governing Rules.

2.      Mr. Gomez objects to the definition of "Complaint" to the extent that it includes claims and allegations that were dismissed by the Court.  In responding to these Requests, Mr. Gomez will construe the term "Complaint" to include only the "Remaining Claims."

3.      Mr. Gomez objects to the definition of "Employee(s)" because it is vague, ambiguous, overbroad, overinclusive, and would result in undue burden and expense.  Mr. Gomez further objects to the definition to the extent it purports to require Mr. Gomez to make subjective determinations and undertake highly burdensome investigations to identify "any person who at any time . . . purported to act on [Defendants'] behalf or under [Defendants'] supervision, direction or control[.]"  Mr. Gomez further objects to this definition to the extent it purports to require Mr. Gomez to provide information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  In responding to these Requests, Mr. Gomez will construe the term "Employee(s)" in its ordinary use as context requires.

5

4.       Mr. Gomez objects to the definition of "Persons" because it is vague, ambiguous, overbroad and overinclusive, and would result in undue burden and expense.  In responding to these Requests, Mr. Gomez will construe "Persons" in a manner consistent with the Governing Rules.

**OBJECTIONS TO INSTRUCTIONS**

1.       Mr. Gomez objects to each instruction to the extent it is vague, ambiguous, overbroad, overinclusive, would result in undue burden and expense, purports to require the disclosure of information that is not relevant to any party's claims or defenses, would encompass information that is outside Mr. Gomez's possession, custody or control, seeks information from outside the relevant time period, or imposes duties on Mr. Gomez that differ from or exceed those imposed by the Governing Rules.  Mr. Gomez further objects to each instruction to the extent it purports to require Mr. Gomez to provide information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

2.       Mr. Gomez objects to Instruction Nos. 6 and 7 to the extent they purport to impose burdens and obligations that exceed the requirements of the Governing Rules, including the FRCP.

3.       Mr. Gomez objects to Instruction No. 7 to the extent it purports to impose on Mr. Gomez an obligation to supplement and amend that exceeds the requirements of FRCP 26(e)(1)(A).  Mr. Gomez will supplement and amend his Responses in accordance with FRCP 26(e)(1)(A) and any other applicable rule or law.

**RESERVATION OF RIGHTS**

1.       To the extent that Mr. Gomez produces information in response to the Requests, he does so without conceding the admissibility, materiality or relevance of any such information, or of any other substantive responses to the Requests.

2.      Mr. Gomez reserves all objections to the use of these Responses and of any information contained therein.  Mr. Gomez may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the Court.

3.      Mr. Gomez reserves the right to amend, supplement or withdraw his Responses and objections to the Requests in accordance with FRCP 26(e).

4.      Insofar as the intentional disclosure of any information by Mr. Gomez pursuant to the Requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular information only.

**SPECIFIC RESPONSES AND OBJECTIONS**

Mr. Gomez incorporates by reference the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Reservation of Rights in each of the following specific responses and objections as if fully set forth therein.  To the extent specific objections appear in the response to a particular Request, they so appear because they are particularly applicable to that specific Request; this is not to be construed as a waiver or limitation of any general objection applicable to such Request.  Mr. Gomez makes the following objections and responses:

**REQUEST NO. 1:**

Admit that Dentsply's common stock traded in an Efficient Market throughout the Class Period.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request to the extent it calls for a legal conclusion. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily

7

obtain, Mr. Gomez cannot admit or deny the matters set forth in the Request.

**REQUEST NO. 2:**

Admit that the SEC instituted cease-and-desist proceedings against Dentsply on or about December 16, 2020.

**RESPONSE TO REQUEST NO. 2:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 3:**

Admit that the cease-and-desist proceedings against Dentsply were instituted pursuant to §21C of the Securities Exchange Act of 1934 ("Exchange Act").

**RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 4:**

Admit that, on or about December 16, 2020, the SEC imposed the Cease and Desist Order on Dentsply.

**RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 5**:

Admit that the Cease and Desist Order ordered Dentsply to cease and desist from committing or causing any violations and any future violations of §13(a) of the Exchange Act and Rules 12b-20 and 13a-13 thereunder.

**RESPONSE TO REQUEST NO. 5:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 6:**

Admit that Dentsply consented to the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 6:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the term "consented" on the grounds that it is vague and ambiguous. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 7:**

Admit that Casey consented to the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 7:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the term "consented" on the grounds that it is vague and ambiguous. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 8:**

Admit that you consented to the Cease and Desist Order.

9

**RESPONSE TO REQUEST NO. 8:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the term "consented" on the grounds that it is vague and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 9:**

Admit that Casey signed the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 10:**

Admit that you signed the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 10:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 11:**

Admit that Casey did not read the Cease and Desist Order prior to signing it.

**RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr.

Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 12:**

Admit that the Cease and Desist Order was a result of Dentsply knowingly selling more of its dental technologies equipment to its U.S. distributor, Patterson Companies, Inc. ("Patterson"), than Patterson could timely sell to retail purchasers.

**RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 13:**

Admit that, in the Cease and Desist Order, the SEC found that Dentsply violated the reporting provisions of §13(a) of the Exchange Act.

**RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 14:**

Admit that, in the Cease and Desist Order, the SEC found that Dentsply violated Rules 12b-20 and 13a-13 of §13(a) of the Exchange Act.

**RESPONSE TO REQUEST NO. 14:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 15:**

Admit that, as of September 30, 2021, no new policies had been put into place at Dentsply as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 15:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad, including because the term "new policies" is undefined and could encompass a wide range of informal or undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 16:**

Admit that, as of September 30, 2021, no new procedures had been put into place at Dentsply as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 16:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

12

Gomez objects to this Request on the grounds that the term "new procedures" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 17:**

Admit that, as of September 30, 2021, no new practices had been put into place at Dentsply as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 17:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "new practices" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies,

13

procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 18:**

Admit that, as of September 30, 2021, Casey had not made any changes to Dentsply's policies as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 18:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "policies" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to

14

form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 19:**

Admit that, as of September 30, 2021, you had not made any changes to Dentsply's policies as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 19:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "policies" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 20:**

Admit that, as of September 30, 2021, Casey had not made any changes to Dentsply's procedures as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 20:**

15

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "procedures" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 21:**

Admit that, as of September 30, 2021, you had not made any changes to Dentsply's procedures as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 21:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "procedures" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors,

16

and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 22:**

Admit that, as of September 30, 2021, Casey had not made any changes to Dentsply's practices as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 22:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "practices" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

17

**REQUEST NO. 23:**

Admit that, as of September 30, 2021, you had not made any changes to Dentsply's practices as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 23:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "practices" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 24:**

Admit that, as of December 31, 2021, no new policies had been put into place at Dentsply as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 24:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

18

Gomez objects to this Request on the grounds that the term "policies" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 25:**

Admit that, as of December 31, 2021, no new procedures had been put into place at Dentsply as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 25:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "procedures" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies,

19

procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 26:**

Admit that, as of December 31, 2021, no new practices had been put into place at Dentsply as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 26:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "practices" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to

20

form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 27:**

Admit that, as of December 31, 2021, Casey had not made any changes to Dentsply's policies as a result of Cease and Desist Order.

**RESPONSE TO REQUEST NO. 27:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "policies" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 28:**

Admit that, as of December 31, 2021, you had not made any changes to Dentsply's policies as a result of the Cease and Desist Order.

21

**RESPONSE TO REQUEST NO. 28:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "policies" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 29:**

Admit that, as of December 31, 2021, Casey had not made any changes to Dentsply's procedures as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 29:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "procedures" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and

22

Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 30:**

Admit that, as of December 31, 2021, you had not made any changes to Dentsply's procedures as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 30:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "procedures" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to

23

form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 31:**

Admit that, as of December 31, 2021, Casey had not made any changes to Dentsply's practices as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 31:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "practices" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 32:**

Admit that, as of December 31, 2021, you had not made any changes to Dentsply's practices as a result of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 32:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the term "practices" is vague, ambiguous, and overbroad, including because it is undefined and may encompass a wide range of informal and undocumented conduct. Mr. Gomez further objects to the phrase "as a result of the Cease and Desist Order" as vague, ambiguous, and misleading, including because it does not define the nature or standard of the alleged causal relationship, ignores the reality that the Company's policies, procedures, and controls were being updated on an ongoing basis in response to a variety of factors, and assumes that any particular change can be isolated to a single cause.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request and avers that while Mr. Gomez was at the Company, Dentsply was continually updating and expanding its systems in an effort to ensure compliance with applicable laws and regulations, including those of the SEC.

**REQUEST NO. 33:**

Admit that, in 2021, Casey violated provisions of Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 33:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this on the grounds that the terms "violated" and "provisions" are vague, ambiguous, and overbroad. Mr. Gomez also objects on the basis that this Request fails to identify any specific provision of Dentsply's Code of Ethics and Business Conduct allegedly

25

violated or the conduct that is asserted to constitute such a violation. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 34:**

Admit that, in 2022, Casey violated provisions of Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 34:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this on the grounds that the terms "violated" and "provisions" are vague, ambiguous, and overbroad. Mr. Gomez also objects on the basis that this Request fails to identify any specific provision of Dentsply's Code of Ethics and Business Conduct allegedly violated or the conduct that is asserted to constitute such a violation. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 35:**

Admit that, in 2021, you violated provisions of Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 35:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this on the grounds that the terms "violated" and "provisions" are vague, ambiguous, and overbroad. Mr. Gomez also objects on the basis that this Request fails to identify any specific provision of Dentsply's Code of Ethics and Business Conduct allegedly violated or the conduct that is asserted to constitute such a violation. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 36:**

Admit that, in 2022, you violated provisions of Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 36:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this on the grounds that the terms "violated" and "provisions" are vague, ambiguous, and overbroad. Mr. Gomez also objects on the basis that this Request fails to identify any specific provision of Dentsply's Code of Ethics and Business Conduct allegedly violated or the conduct that is asserted to constitute such a violation. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 37:**

Admit that, in 2021, Ranjit S. Chadha ("Chadha") violated provisions of Dentsply's Code of

27

Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 37:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this on the grounds that the terms "violated" and "provisions" are vague, ambiguous, and overbroad. Mr. Gomez also objects on the basis that this Request fails to identify any specific provision of Dentsply's Code of Ethics and Business Conduct allegedly violated or the conduct that is asserted to constitute such a violation. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 38:**

Admit that, in 2022, Chadha violated provisions of Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 38:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this on the grounds that the terms "violated" and "provisions" are vague, ambiguous, and overbroad. Mr. Gomez also objects on the basis that this Request fails to identify any specific provision of Dentsply's Code of Ethics and Business Conduct allegedly violated or the conduct that is asserted to constitute such a violation. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and

28

Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 39:**

Admit that, in 2021, Casey did not maintain an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 39:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 40:**

Admit that, in 2022, Casey did not maintain an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 40:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and

ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 41:**

Admit that, in 2021, you did not maintain an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 41:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 42:**

Admit that, in 2022, you did not maintain an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 42:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

Gomez specifically objects to the use of the terms "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 43:**

Admit that, in 2021, Chadha did not maintain an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 43:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 44:**

Admit that, in 2022, Chadha did not maintain an appropriate control environment focused on compliance in areas of Dentsply's business.

31

**RESPONSE TO REQUEST NO. 44:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 45:**

Admit that, in 2021, Casey did not promote an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 45:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

32

**REQUEST NO. 46:**

Admit that, in 2022, Casey did not promote an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 46:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 47:**

Admit that, in 2021, you did not promote an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 47:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and

33

Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 48:**

Admit that, in 2022, you did not promote an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 48:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 49:**

Admit that, in 2021, Chadha did not promote an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 49:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 50:**

Admit that, in 2022, Chadha did not promote an appropriate control environment focused on compliance in areas of Dentsply's business.

**RESPONSE TO REQUEST NO. 50:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 51:**

Admit that, in 2021, Casey did not sufficiently promote adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 51:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on

the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 52:**

Admit that, in 2022, Casey did not sufficiently promote adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 52:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 53:**

Admit that, in 2021, you did not sufficiently promote adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 53:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 54:**

Admit that, in 2022, you did not sufficiently promote adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 54:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 55:**

Admit that, in 2021, Chadha did not sufficiently promote adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 55:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 56:**

Admit that, in 2022, Chadha did not sufficiently promote adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 56:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

38

**REQUEST NO. 57:**

Admit that, in 2021, Casey did not sufficiently monitor adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 57:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 58:**

Admit that, in 2022, Casey did not sufficiently monitor adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 58:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and

39

Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr.

Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to

form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 59:**

Admit that, in 2021, you did not sufficiently monitor adherence to the Code of Ethics and

Business Conduct.

**RESPONSE TO REQUEST NO. 59:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on

the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what

conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code

are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and

Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 60:**

Admit that, in 2022, you did not sufficiently monitor adherence to the Code of Ethics and

Business Conduct.

**RESPONSE TO REQUEST NO. 60:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on

the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what

conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code

are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 61:**

Admit that, in 2021, Chadha did not sufficiently monitor adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 61:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 62:**

Admit that, in 2022, Chadha did not sufficiently monitor adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 62:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code

41

are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 63:**

Admit that, in 2021, Casey did not sufficiently enforce adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 63:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 64:**

Admit that, in 2022, Casey did not sufficiently enforce adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 64:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 65:**

Admit that, in 2021, you did not sufficiently enforce adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 65:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 66:**

Admit that, in 2022, you did not sufficiently enforce adherence to the Code of Ethics and Business Conduct.

43

**RESPONSE TO REQUEST NO. 66:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 67:**

Admit that, in 2021, Chadha did not sufficiently enforce adherence to the Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 67:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 68:**

Admit that, in 2022, Chadha did not sufficiently enforce adherence to the Code of Ethics and

44

Business Conduct.

**RESPONSE TO REQUEST NO. 68:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 69:**

Admit that, in 2021, Casey created a culture where Dentsply employees did not feel comfortable raising concerns without fear of retaliation.

**RESPONSE TO REQUEST NO. 69:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "created," "culture," "feel comfortable," "concerns," and "retaliation" on the grounds that they are vague, overbroad, and ambiguous. Mr. Gomez further objects to the extent the Request calls for Mr. Gomez to speculate as to the perceptions and feelings of unspecified third parties.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to

form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 70:**

Admit that, in 2022, Casey created a culture where Dentsply employees did not feel comfortable raising concerns without fear of retaliation.

**RESPONSE TO REQUEST NO. 70:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "created," "culture," "feel comfortable," "concerns," and "retaliation" on the grounds that they are vague, overbroad, and ambiguous. Mr. Gomez further objects to the extent the Request calls for Mr. Gomez to speculate as to the perceptions and feelings of unspecified third parties.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 71:**

Admit that, in 2021, you created a culture where Dentsply employees did not feel comfortable raising concerns without fear of retaliation.

**RESPONSE TO REQUEST NO. 71:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "created," "culture," "feel comfortable," "concerns," and "retaliation" on the grounds that they are vague, overbroad, and ambiguous. Mr. Gomez further objects to the extent the Request calls for Mr. Gomez to speculate as to the perceptions and feelings of unspecified third parties.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 72:**

Admit that, in 2022, you created a culture where Dentsply employees did not feel comfortable raising concerns without fear of retaliation.

**RESPONSE TO REQUEST NO. 72:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "created," "culture," "feel comfortable," "concerns," and "retaliation" on the grounds that they are vague, overbroad, and ambiguous. Mr. Gomez further objects to the extent the Request calls for Mr. Gomez to speculate as to the perceptions and feelings of unspecified third parties.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 73:**

Admit that, in 2021, Casey maintained an inappropriate tone at the top at Dentsply.

**RESPONSE TO REQUEST NO. 73:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintained," "inappropriate," and "tone at the top," on the grounds that they are vague, overbroad, and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

47

**REQUEST NO. 74:**

Admit that, in 2022, Casey maintained an inappropriate tone at the top at Dentsply.

**RESPONSE TO REQUEST NO. 74:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintained," "inappropriate," and "tone at the top," on the grounds that they are vague, overbroad, and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 75:**

Admit that, in 2021, you maintained an inappropriate tone at the top at Dentsply.

**RESPONSE TO REQUEST NO. 75:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintained," "inappropriate," and "tone at the top," on the grounds that they are vague, overbroad, and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 76:**

Admit that, in 2022, you maintained an inappropriate tone at the top at Dentsply.

**RESPONSE TO REQUEST NO. 76:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintained," "inappropriate," and "tone at the

48

top," on the grounds that they are vague, overbroad, and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 77:**

Admit that Dentsply restated its financial statements for the three months ended September 30, 2021.

**RESPONSE TO REQUEST NO. 77:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 78:**

Admit that Dentsply restated its financial statements for the nine months ended September 30, 2021.

**RESPONSE TO REQUEST NO. 78:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 79:**

Admit that Dentsply restated its financial statements for the fiscal year ended December 31, 2021.

**RESPONSE TO REQUEST NO. 79:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 80:**

Admit that the Restatement corrected material errors in Dentsply's 3Q21 Form 10-Q.

**RESPONSE TO REQUEST NO. 80:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022. Mr. Gomez further objects to the term "material errors" as vague, ambiguous, and calling for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 81:**

Admit that the Restatement corrected material errors in Dentsply's 2021 Form 10-K.

**RESPONSE TO REQUEST NO. 81:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022. Mr. Gomez further objects to the term "material errors" as vague, ambiguous, and calling for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 82:**

Admit that, as of September 30, 2021, Dentsply had ineffective disclosure controls and procedures.

**RESPONSE TO REQUEST NO. 82:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms and phrases "ineffective," and "disclosure controls and procedures," on the grounds that they are vague, overbroad, and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 83:**

Admit that, as of December 31, 2021, Dentsply had ineffective disclosure controls and procedures.

**RESPONSE TO REQUEST NO. 83:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms and phrases "ineffective," and "disclosure controls and procedures," on the grounds that they are vague, overbroad, and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 84:**

Admit that, as of September 30, 2021, Dentsply had material weaknesses in its internal control over financial reporting.

**RESPONSE TO REQUEST NO. 84:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "material," "weaknesses," and "internal control," on the grounds that they are vague, overbroad, and ambiguous. Mr. Gomez further objects to the Request to the extent it calls for a legal conclusion as to "material weaknesses."

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 85:**

Admit that, as of December 31, 2021, Dentsply had material weaknesses in its internal control over financial reporting.

**RESPONSE TO REQUEST NO. 85:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "material," "weaknesses," and "internal control," on the grounds that they are vague, overbroad, and ambiguous. Mr. Gomez further objects to the Request to the extent it calls for a legal conclusion as to "material weaknesses."

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to

52

form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 86:**

Admit that Dentsply's 2021 Form 10-K/A included restated and revised financial statements for each of the quarterly periods of 2021.

**RESPONSE TO REQUEST NO. 86:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that in the Company's 2021 Form 10-K/A, Dentsply restated financial statements for the year ended December 31, 2021 and presented "corresponding restatements and revisions to each of the quarters of 2021," and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 87:**

Admit that, during the Class Period, Dentsply utilized incorrect accounting and assumptions in the determination of estimates related to Dentsply's sales returns provisions.

**RESPONSE TO REQUEST NO. 87:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "utilized," "assumptions," "determination," "estimates," and "related to," on the grounds that they are vague, overbroad, and ambiguous. The Request does not specify what accounting principles are alleged to have been violated, what

assumptions were supposedly incorrect, or what estimates are at issue.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 88:**

Admit that, during the Class Period, Dentsply utilized incorrect accounting and assumptions in the determination of estimates related to Dentsply's warranty reserve provisions.

**RESPONSE TO REQUEST NO. 88:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "utilized," "assumptions," "determination," "estimates," and "related to," on the grounds that they are vague, overbroad, and ambiguous. The Request does not specify what accounting principles are alleged to have been violated, what assumptions were supposedly incorrect, or what estimates are at issue.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 89:**

Admit that, during the Class Period, Dentsply utilized incorrect accounting and assumptions in the determination of estimates related to Dentsply's variable consideration.

54

**RESPONSE TO REQUEST NO. 89:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "utilized," "assumptions," "determination," "estimates," and "related to," on the grounds that they are vague, overbroad, and ambiguous. The Request does not specify what accounting principles are alleged to have been violated, what assumptions were supposedly incorrect, or what estimates are at issue.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 90:**

Admit that Dentsply identified misstatements for the three months ended September 30, 2021 in Dentsply's 3Q21 Form 10-Q.

**RESPONSE TO REQUEST NO. 90:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that the Company's Form 10-Q/A for the quarterly period ended September 30, 2021 states that Dentsply's Audit and Finance Committee "identified misstatements for the three and nine months ended September 30, 2021," and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth

55

of the matters set forth in the Request.

**REQUEST NO. 91:**

Admit that Dentsply identified material misstatements for the three months ended September 30, 2021 in Dentsply's 3Q21 Form 10-Q.

**RESPONSE TO REQUEST NO. 91:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022. Mr. Gomez further objects to this Request to the extent it requires a legal conclusion as to "materiality."

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 92:**

Admit that Dentsply identified misstatements for the nine months ended September 30, 2021 in Dentsply's 3Q21 Form 10-Q.

**RESPONSE TO REQUEST NO. 92:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that the Company's Form 10-Q/A for

the quarterly period ended September 30, 2021 states that Dentsply's Audit and Finance Committee "identified misstatements for the three and nine months ended September 30, 2021," and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 93:**

Admit that Dentsply identified material misstatements for the nine months ended September 30, 2021 in Dentsply's 3Q21 Form 10-Q.

**RESPONSE TO REQUEST NO. 93:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022. Mr. Gomez further objects to this Request to the extent it requires a legal conclusion as to "materiality."

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 94:**

Admit that Dentsply identified misstatements for the fiscal year ended December 31, 2021 in Dentsply's 2021 Form 10-K.

**RESPONSE TO REQUEST NO. 94:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that the Company's Form 10-K/A for the fiscal year ended December 31, 2021 states that Dentsply's Audit & Finance Committee "identified misstatements for . . . the fiscal year ended December 31, 2021," and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 95:**

Admit that Dentsply identified material misstatements for the fiscal year ended December 31, 2021 in Dentsply's 2021 Form 10-K.

**RESPONSE TO REQUEST NO. 95:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022. Mr. Gomez further objects to this Request to the extent it requires a legal conclusion as to "materiality."

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 96:**

Admit that the incentive-related sales to Patterson and Henry Schein, Inc. ("Schein") in 3Q21 allowed Dentsply to meet internal financial targets for the three months ended September 30, 2021.

**RESPONSE TO REQUEST NO. 96:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis the term "allowed Dentsply to meet" is vague and ambiguous, including that it lacks any defined causal standard and requires Mr. Gomez to speculate and assume a direct causal relationship between unspecified transactions and unspecified financial targets. Mr. Gomez further objects to the phrase "incentive-related sales" and "internal financial targets" as vague and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 97:**

Admit that material misstatements in Dentsply's financial reporting allowed Dentsply to meet external financial analyst expectations for the three months ended September 30, 2021.

**RESPONSE TO REQUEST NO. 97:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis that the term "material misstatements" is vague, ambiguous, calls for a legal conclusion, and does not specify which statements are at issue. Mr. Gomez further objects to the phrase "allowed Dentsply to meet" as vague and ambiguous, including that it lacks any defined causal standard and requires Mr. Gomez to speculate and assume a direct causal relationship between unspecified statements and unspecified external financial analyst expectations. Mr. Gomez further objects to the phrase "external financial analyst expectations" as vague and ambiguous.

59

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 98:**

Admit that meeting financial targets for 3Q21 allowed Casey to receive approximately $7.5 million in stock compensation pursuant to Dentsply's 2019 Operating Margin Transformation Incentive Plan.

**RESPONSE TO REQUEST NO. 98:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis that the terms "financial targets" and "allowed" are vague and ambiguous. Mr. Gomez further objects to the Request to the extent it calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 99:**

Admit that meeting financial targets for 3Q21 allowed Gomez to receive approximately $5.25 million in stock compensation pursuant to Dentsply's 2019 Operating Margin Transformation Incentive Plan.

**RESPONSE TO REQUEST NO. 99:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

Gomez specifically objects to the Request on the basis that the terms "financial targets" and "allowed" are vague and ambiguous. Mr. Gomez further objects to the Request to the extent it calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and avers that Mr. Gomez received $5.25 million in stock due to the Company meeting the 21% operating-margin PRSU target set by the Board of Directors.

**REQUEST NO. 100:**

Admit that the Internal Investigation commenced in March 2022.

**RESPONSE TO REQUEST NO. 100:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 101:**

Admit that Dentsply first publicly disclosed the Internal Investigation on May 10, 2022.

**RESPONSE TO REQUEST NO. 101:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST NO. 102:**

Admit that Dentsply offered incentives to Patterson to purchase more products in 3Q21.

**RESPONSE TO REQUEST NO. 102:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to Request No. 102 on the grounds that it is vague and ambiguous for failure to specify to what "more products" is compared.

61

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that he approved 180-day payment terms to Patterson on the condition that such terms benefit end-customers, and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 103:**

Admit that Dentsply offered incentives to Patterson to purchase more products in 4Q21.

**RESPONSE TO REQUEST NO. 103:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to Request No. 103 on the grounds that it is vague and ambiguous for failure to specify to what "more products" is compared.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that he approved 180-day payment terms to Patterson on the condition that such terms benefit end-customers, and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 104:**

Admit that Dentsply offered incentives to Schein to purchase more products in 3Q21.

**RESPONSE TO REQUEST NO. 104:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to Request No. 104 on the grounds that it is vague and ambiguous for

failure to specify to what "more products" is compared.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 105:**

Admit that Dentsply offered incentives to Schein to purchase more products in 4Q21.

**RESPONSE TO REQUEST NO. 105:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to Request No. 105 on the grounds that it is vague and ambiguous for failure to specify to what "more products" is compared.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 106:**

Admit that Dentsply offered Patterson incentives to purchase products in order for Dentsply to meet internal sales targets in 3Q21.

**RESPONSE TO REQUEST NO. 106:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis the phrase "in order for Dentsply to meet" is vague and ambiguous, including that it lacks any defined causal standard and requires Mr. Gomez to speculate and assume a direct causal relationship between unspecified transactions and

unspecified financial targets. Mr. Gomez further objects to the phrase "internal sales targets" as vague and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that he approved 180-day payment terms to Patterson on the condition that such terms benefit end-customers, and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 107:**

Admit that Dentsply offered Patterson incentives to purchase products in order for Dentsply to attempt to meet internal sales targets in 4Q21.

**RESPONSE TO REQUEST NO. 107:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis the phrase "in order for Dentsply to meet" is vague and ambiguous, including that it lacks any defined causal standard and requires Mr. Gomez to speculate and assume a direct causal relationship between unspecified transactions and unspecified financial targets. Mr. Gomez further objects to the phrase "internal sales targets" as vague and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that he approved 180-day payment terms to Patterson on the condition that such terms benefit end-customers, and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in

the Request.

**REQUEST NO. 108:**

Admit that Dentsply offered Schein incentives to purchase products in order for Dentsply to meet internal sales targets in 3Q21.

**RESPONSE TO REQUEST NO. 108:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis the phrase "in order for Dentsply to meet" is vague and ambiguous, including that it lacks any defined causal standard and requires Mr. Gomez to speculate and assume a direct causal relationship between unspecified transactions and unspecified financial targets. Mr. Gomez further objects to the phrase "internal sales targets" as vague and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 109:**

Admit that Dentsply offered Schein incentives to purchase products in order for Dentsply to attempt to meet internal sales targets in 4Q21.

**RESPONSE TO REQUEST NO. 109:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis the phrase "in order for Dentsply to meet" is vague and ambiguous, including that it lacks any defined causal standard and requires Mr. Gomez to speculate and assume a direct causal relationship between unspecified transactions and

unspecified financial targets. Mr. Gomez further objects to the phrase "internal sales targets" as vague and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 110:**

Admit that the sales made pursuant to the incentives Dentsply offered to Patterson in 3Q21 contributed to higher levels of Patterson inventory at the end of 3Q21.

**RESPONSE TO REQUEST NO. 110:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to higher levels," as the Request does not specify against what time period or baseline such levels are being measured. Mr. Gomez further objects on the basis that Patterson is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 111:**

Admit that the sales made pursuant to the incentives Dentsply offered to Patterson in 4Q21 contributed to higher levels of Patterson inventory at the end of 4Q21.

66

**RESPONSE TO REQUEST NO. 111:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to higher levels," as the Request does not specify against what time period or baseline such levels are being measured. Mr. Gomez further objects on the basis that Patterson is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 112:**

Admit that the sales made pursuant to the incentives Dentsply offered to Schein in 3Q21 contributed to higher levels of Schein inventory at the end of 3Q21.

**RESPONSE TO REQUEST NO. 112:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to higher levels," as the Request does not specify against what time period or baseline such levels are being measured. Mr. Gomez further objects on the basis that Schein is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr.

Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 113:**

Admit that the sales made pursuant to the incentives Dentsply offered to Schein in 4Q21 contributed to higher levels of Schein inventory at the end of 4Q21.

**RESPONSE TO REQUEST NO. 113:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to higher levels," as the Request does not specify against what time period or baseline such levels are being measured. Mr. Gomez further objects on the basis that Schein is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 114:**

Admit that the sales made pursuant to the incentives Dentsply offered to Patterson in 3Q21 contributed to lower sales by Dentsply to Patterson in 1Q22.

**RESPONSE TO REQUEST NO. 114:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to lower sales," as the Request does

not specify against what time period or baseline such sales are being measured. Mr. Gomez further objects on the basis that Patterson is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 115:**

Admit that the sales made pursuant to the incentives Dentsply offered to Patterson in 3Q21 contributed to lower sales by Dentsply to Patterson in 2Q22.

**RESPONSE TO REQUEST NO. 115:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to lower sales," as the Request does not specify against what time period or baseline such sales are being measured. Mr. Gomez further objects on the basis that Patterson is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 116:**

Admit that the sales made pursuant to the incentives Dentsply offered to Patterson in 4Q21

69

contributed to lower sales by Dentsply to Patterson in 1Q22.

**RESPONSE TO REQUEST NO. 116:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to lower sales," as the Request does not specify against what time period or baseline such sales are being measured. Mr. Gomez further objects on the basis that Patterson is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 117:**

Admit that the sales made pursuant to the incentives Dentsply offered to Patterson in 4Q21 contributed to lower sales by Dentsply to Patterson in 2Q22.

**RESPONSE TO REQUEST NO. 117:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to lower sales," as the Request does not specify against what time period or baseline such sales are being measured. Mr. Gomez further objects on the basis that Patterson is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and

Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 118:**

Admit that the sales made pursuant to the incentives Dentsply offered to Schein in 3Q21 contributed to lower sales by Dentsply to Schein in 1Q22.

**RESPONSE TO REQUEST NO. 118:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to lower sales," as the Request does not specify against what time period or baseline such sales are being measured. Mr. Gomez further objects on the basis that Schein is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 119:**

Admit that the sales made pursuant to the incentives Dentsply offered to Schein in 3Q21 contributed to lower sales by Dentsply to Schein in 2Q22.

**RESPONSE TO REQUEST NO. 119:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and

71

speculative, particularly in its use of the phrase "contributed to lower sales," as the Request does not specify against what time period or baseline such sales are being measured. Mr. Gomez further objects on the basis that Schein is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 120:**

Admit that the sales made pursuant to the incentives Dentsply offered to Schein in 4Q21 contributed to lower sales by Dentsply to Schein in 1Q22.

**RESPONSE TO REQUEST NO. 120:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to lower sales," as the Request does not specify against what time period or baseline such sales are being measured. Mr. Gomez further objects on the basis that Schein is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 121:**

Admit that the sales made pursuant to the incentives Dentsply offered to Schein in 4Q21 contributed to lower sales by Dentsply to Schein in 2Q22.

**RESPONSE TO REQUEST NO. 121:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this Request on the grounds that it is vague, ambiguous, and speculative, particularly in its use of the phrase "contributed to lower sales," as the Request does not specify against what time period or baseline such sales are being measured. Mr. Gomez further objects on the basis that Schein is a third party, and this Request calls for Mr. Gomez to speculate about the business operations of a separate entity.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 122:**

Admit that the sales made pursuant to the incentives Dentsply offered to Patterson in 3Q21 enabled Dentsply to meet external financial analyst expectations in 3Q21.

**RESPONSE TO REQUEST NO. 122:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis that the term "enabled Dentsply to meet" is vague and ambiguous, including that it lacks any defined causal standard and requires Mr. Gomez to speculate and assume a direct causal relationship between unspecified sales and unspecified external financial analyst expectations. Mr. Gomez further objects to the phrase

73

"external financial analyst expectations" as vague and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 123:**

Admit that the sales made pursuant to the incentives Dentsply offered to Schein in 3Q21 enabled Dentsply to meet external financial analyst expectations in 3Q21.

**RESPONSE TO REQUEST NO. 123:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the basis that the term "enabled Dentsply to meet" is vague and ambiguous, including that it lacks any defined causal standard and requires Mr. Gomez to speculate and assume a direct causal relationship between unspecified sales and unspecified external financial analyst expectations. Mr. Gomez further objects to the phrase "external financial analyst expectations" as vague and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 124:**

Admit that "extended payment terms" – as that phrase is used in the 2021 Form 10-K/A – includes the 180-day payment terms Dentsply offered to Patterson in 3Q21.

**RESPONSE TO REQUEST NO. 124:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 125:**

Admit that "extended payment terms" – as that phrase is used in the 2021 Form 10-K/A – includes the 180-day payment terms Dentsply offered to Patterson in 4Q21.

**RESPONSE TO REQUEST NO. 125:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it seeks information about events and determinations that occurred after his departure from Dentsply on or about May 9, 2022

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 126:**

Admit that, in 3Q21, Dentsply offered Patterson 180-day payment terms to incentivize Patterson to buy more product.

**RESPONSE TO REQUEST NO. 126:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to Request No. 126 on the grounds that it is vague and ambiguous for failure to specify to what "more products" is compared.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that he approved 180-day payment terms to Patterson on the condition that such terms benefit end-customers, and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 127:**

Admit that, in 4Q21, Dentsply offered Patterson 180-day payment terms to incentivize Patterson to buy more product.

**RESPONSE TO REQUEST NO. 127:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to Request No. 127 on the grounds that it is vague and ambiguous for failure to specify to what "more products" is compared.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that he approved 180-day payment terms to Patterson on the condition that such terms benefit end-customers, and Mr. Gomez otherwise lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

76

**REQUEST NO. 128:**

Admit that, in 3Q21, you were aware that Dentsply had offered Patterson 180-day payment terms on product sales to Patterson in 3Q21.

**RESPONSE TO REQUEST NO. 128:**

In addition to the General Objections and Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request, but denies any characterization of the matters set forth in the Request to the extent that it fails to acknowledge that Mr. Gomez approved the 180-day payment terms on the condition that the terms benefit end-customers.

**REQUEST NO. 129:**

Admit that, in 4Q21, you were aware that Dentsply had offered Patterson 180-day payment terms on product sales to Patterson in 4Q21.

**RESPONSE TO REQUEST NO. 129:**

In addition to the General Objections and Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request, but denies any characterization of the matters set forth in the Request to the extent that it fails to acknowledge that Mr. Gomez approved the 180-day payment terms on the condition that the terms benefit end-customers.

**REQUEST NO. 130:**

Admit that, in 3Q21, Gomez approved Dentsply's offer of 180-day payment terms on product sales to Patterson in 3Q21.

**RESPONSE TO REQUEST NO. 130:**

In addition to the General Objections and Objections to Definitions and Instructions, and

Reservation of Rights, Mr. Gomez admits the matters set forth in the Request, but denies any characterization of the matters set forth in the Request to the extent that it fails to acknowledge that Mr. Gomez approved the 180-day payment terms on the condition that the terms benefit end-customers.

**REQUEST NO. 131:**

Admit that, in 4Q21, Gomez approved Dentsply's offer of 180-day payment terms on product sales to Patterson in 4Q21.

**RESPONSE TO REQUEST NO. 131:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request, but denies any characterization of the matters set forth in the Request to the extent that it fails to acknowledge that Mr. Gomez approved the 180-day payment terms on the condition that the terms benefit end-customers.

**REQUEST NO. 132:**

Admit that, in conjunction with the 2021 audit of Dentsply's consolidated financial statements, PricewaterhouseCoopers, LLP was not informed of the incentive arrangements referenced in Request Nos. 102-123.

**RESPONSE TO REQUEST NO. 132:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to Request No. 132 on the grounds that it is vague and ambiguous, because Requests Nos. 102-123 reference a range of incentives.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr.

78

Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 133:**

Admit that Dentsply processed returns and/or exchanges that were not in accordance with the return and/or exchange provisions contained in existing distributor agreements and sales contracts in China.

**RESPONSE TO REQUEST NO. 133:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad, including in its use of the phrases "processed returns and/or exchanges," "not in accordance with," "return and/or exchange provisions," "existing distributor agreements," and "sales contracts," all of which are undefined and refer to unspecified documents, transactions, and contractual provisions over an unspecified time period.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 134:**

Admit that members of Dentsply's local commercial team in China violated Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 134:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this on the grounds that the terms "violated" and "members" are

79

vague, ambiguous, and overbroad. Mr. Gomez also objects on the basis that this Request fails to identify any specific provision of Dentsply's Code of Ethics and Business Conduct allegedly violated or the conduct that is asserted to constitute such a violation. Mr. Gomez also objects to the Request because it does not specify which "members" are referenced by the Request. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 135:**

Admit that the former head of Dentsply's Asia-Pacific commercial organization violated Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 135:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to this on the grounds that the term "violated" is vague, ambiguous, and overbroad. Mr. Gomez also objects on the basis that this Request fails to identify any specific provision of Dentsply's Code of Ethics and Business Conduct allegedly violated or the conduct that is asserted to constitute such a violation. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

80

**REQUEST NO. 136:**

Admit that members of Dentsply's local commercial team in China did not maintain an appropriate control environment in certain areas of Dentsply's business focused on compliance.

**RESPONSE TO REQUEST NO. 136:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "members," "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the Request because it does not specify which "members" are referenced by the Request. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 137:**

Admit that you did not maintain an appropriate control environment in certain areas of Dentsply's China business focused on compliance.

**RESPONSE TO REQUEST NO. 137:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

81

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 138:**

Admit that the former head of Dentsply's Asia-Pacific commercial organization did not maintain an appropriate control environment in certain areas of Dentsply's business focused on compliance.

**RESPONSE TO REQUEST NO. 138:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "maintain," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 139:**

Admit that members of Dentsply's local commercial team in China did not promote an appropriate control environment in certain areas of Dentsply's business focused on compliance.

**RESPONSE TO REQUEST NO. 139:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "members," "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and

82

ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the Request because it does not specify which "members" are referenced by the Request. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 140:**

Admit that you did not promote an appropriate control environment in certain areas of Dentsply's China business focused on compliance.

**RESPONSE TO REQUEST NO. 140:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 141:**

Admit that the former head of Dentsply's Asia-Pacific commercial organization did not promote an appropriate control environment in certain areas of Dentsply's business focused on compliance.

**RESPONSE TO REQUEST NO. 141:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "promote," "appropriate," "control environment," and "focused on compliance" on the grounds that they are vague, overbroad, and ambiguous. The Request further fails to identify what "areas of Dentsply's business" are at issue. Mr. Gomez also objects to the extent the Request calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 142:**

Admit that members of Dentsply's local commercial team in China did not sufficiently promote adherence to Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 142:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated. Mr. Gomez also objects to the Request because it does not specify which "members" are referenced by the Request.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to

84

form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 143:**

Admit that you did not sufficiently promote adherence to Dentsply's Code of Ethics and Business Conduct in China.

**RESPONSE TO REQUEST NO. 143:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 144:**

Admit that the former head of Dentsply's Asia-Pacific commercial organization did not sufficiently promote adherence to Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 144:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "promote," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr.

85

Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 145:**

Admit that members of Dentsply's local commercial team in China did not sufficiently monitor adherence to Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 145:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated. Mr. Gomez also objects to the Request because it does not specify which "members" are referenced by the Request.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 146:**

Admit that you did not sufficiently monitor adherence to Dentsply's Code of Ethics and Business Conduct in China.

**RESPONSE TO REQUEST NO. 146:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what

86

conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 147:**

Admit that the former head of Dentsply's Asia-Pacific commercial organization did not sufficiently monitor adherence to Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 147:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "monitor," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 148:**

Admit that members of Dentsply's local commercial team in China did not sufficiently enforce adherence to Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 148:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on

the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated. Mr. Gomez also objects to the Request because it does not specify which "members" are referenced by the Request.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 149:**

Admit that you did not sufficiently enforce adherence to Dentsply's Code of Ethics and Business Conduct in China.

**RESPONSE TO REQUEST NO. 149:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST NO. 150:**

Admit that the former head of Dentsply's Asia-Pacific commercial organization did not sufficiently enforce adherence to Dentsply's Code of Ethics and Business Conduct.

**RESPONSE TO REQUEST NO. 150:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the terms "sufficiently," "enforce," and "adherence" on the grounds that they are vague, overbroad, and ambiguous. The Request also fails to specify what conduct is at issue, what standard of sufficiency is being applied, or which provisions of the Code are implicated.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 151:**

Admit that members of Dentsply's local commercial team in China committed intentional wrongdoing.

**RESPONSE TO REQUEST NO. 151:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad, including in its use of the phrases "members," "local commercial team in China," and "intentional wrongdoing," all of which are unspecified. Mr. Gomez further objects to the Request to the extent it calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

89

**REQUEST NO. 152:**

Admit that the former head of Dentsply's Asia-Pacific commercial organization committed intentional wrongdoing.

**RESPONSE TO REQUEST NO. 152:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad, including in its use of the phrase "intentional wrongdoing," which is unspecified. Mr. Gomez further objects to the Request to the extent it calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 153:**

Admit that Dentsply terminated Casey's employment on or about April 17, 2022.

**RESPONSE TO REQUEST NO. 153:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits that Dentsply's termination of Defendant Casey's employment was effective on April 19, 2022.

**REQUEST NO. 154:**

Admit that Dentsply terminated Casey's employment the day after Casey was interviewed by Hogan Lovells LLP in connection with the Internal Investigation.

**RESPONSE TO REQUEST NO. 154:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

90

Gomez objects to this Request on the basis that the Request impermissibly assumes a cause-and-effect relationship between Defendant Casey's termination and the Audit & Finance Committee's Internal Investigation.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 155:**

Admit that Dentsply terminated Casey's employment less than one week after Dentsply announced Casey's renomination as a member of Dentsply's Board of Directors.

**RESPONSE TO REQUEST NO. 155:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits that Defendant Casey's renomination as a member of Dentsply's Board of Directors was announced in its proxy statement dated April 13, 2022, and that Dentsply's termination of Casey's employment was effective on April 19, 2022.

**REQUEST NO. 156:**

Admit that Dentsply terminated Chadha's employment.

**RESPONSE TO REQUEST NO. 156:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 157:**

Admit that Casey verbally "beat up" Dentsply employees.

**RESPONSE TO REQUEST NO. 157:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad. The phrase "verbally 'beat up'" is undefined, colloquial, and subject to multiple interpretations, and the Request fails to identify when, where, or to whom any such alleged conduct occurred. Mr. Gomez further objects to the Request to the extent it calls for speculation about the subjective experience or perception of third parties.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 158:**

Admit that Casey called a Dentsply employee a "lesbo."

**RESPONSE TO REQUEST NO. 158:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 159:**

Admit that Casey threatened to punch another Dentsply employee in the face.

**RESPONSE TO REQUEST NO. 159:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 160:**

Admit that Casey repeatedly used the F-word in addressing Dentsply employees.

**RESPONSE TO REQUEST NO. 160:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad, specifically in its use of the terms "repeatedly," "used," and "addressing." Mr. Gomez further objects to the Request to the extent it calls for speculation about the subjective experience or perception of third parties.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 161:**

Admit that Casey referred to another Dentsply employee as a "dick."

**RESPONSE TO REQUEST NO. 161:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to

form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 162:**

Admit that you called Dentsply a "piece of freaking crap."

**RESPONSE TO REQUEST NO. 162:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague and ambiguous, including in its failure to identify when, where, or in what context the alleged statement was made. Mr. Gomez further objects to the Request to the extent it relies on hearsay or secondhand records and to the extent it calls for speculation about the content of conversations Mr. Gomez does not independently recall.

Subject to and without waiving the foregoing objections, and based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that there is a document that attributes to him the statement described in the Request, but he does not independently recall ever making such a statement.

**REQUEST NO. 163:**

Admit that Dentsply did not issue a Legal Hold Notice to Casey prior to Casey's departure from Dentsply in 2022.

**RESPONSE TO REQUEST NO. 163:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 164:**

Admit that Dentsply did not issue a Legal Hold Notice to Casey following Casey's departure from Dentsply in 2022.

**RESPONSE TO REQUEST NO. 164:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 165:**

Admit that Dentsply did not issue a Legal Hold Notice to you prior to your departure from Dentsply in 2022.

**RESPONSE TO REQUEST NO. 165:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits that he did not receive a Legal Hold Notice in connection with this action prior to his departure from the Company in May 2022.

**REQUEST NO. 166:**

Admit that Dentsply did not issue a Legal Hold Notice to you following your departure from Dentsply in 2022.

**RESPONSE TO REQUEST NO. 166:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits that he did not receive a Legal Hold Notice in connection with this action following his departure from the Company in May 2022.

**REQUEST NO. 167:**

Admit that on August 5, 2021, during Dentsply's earnings call for 2Q21, you made the following statement:

> Yes. Nathan. And just to clarify, we, financially, we have been able to manage the challenges really well. The supply chain team has done an outstanding job of managing situations like, for example, we talked last quarter about some risks of supply disruption relative to certain electronic components, right? And the team has done a great job doing that. We are seeing inflationary pressures on the shipping cost side. And the team has handled those well.
>
> And overall, with COVID, there's always concerns about – there are certain suppliers and certain parts of the economy that are not back to normal levels from a production standpoint. And so those are things that we are watching closely. And all of our projections, the guidance include the risk as we see it. And – but again, for the most part, the team so far has done a great job of managing those things. But we think it was – we thought it was worthwhile mentioning because it's happening across the board.

**RESPONSE TO REQUEST NO. 167:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q2 2021 earnings call on August 5, 2021, a genuine copy of which is attached as Exhibit 1 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 168:**

Admit that on September 23, 2021, during the Investment Community Session at

Dentsply Sirona World 2021, Casey made the following statement:

> The reason Dan actually has no hair anymore is, in fact, because the supply chain is a challenge. There are pieces and chunks that remain to be – we're working through it, chips, among other things. And we're very comfortable that we're going to be able to deliver what our customers need, but it's certainly taking a lot more effort.

**RESPONSE TO REQUEST NO. 168:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 169:**

Admit that on September 23, 2021, during the Investment Community Session at Dentsply Sirona World 2021, Casey made the following statement:

> The businesses we worry the most about right now are chip-related. We feel very good that we have adequate supply. But where we might have been holding 180 days, we're now trying to hold more just because we keep hearing from the car industry and other stuff that there's going to be chip challenges.
>
> Medical grade plastic is something that we see a little bit of a push on. But again, one of the reasons I actually wanted to have our supply chain people is because it comes up, and I think they've done a heck of a job. Right now, we don't have anything that's blinking yellow or red.

**RESPONSE TO REQUEST NO. 169:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 170:**

Admit that on September 23, 2021, during the Investment Community Session at Dentsply Sirona World 2021, you made the following statement:

> Jason, just to add some flavor to your question. I think, so clearly from a supply disruption perspective, we are fine. But it is clear that there is inflation in some places. Costs are going up.

**RESPONSE TO REQUEST NO. 170:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Investment Community Session at Dentsply Sirona World 2021 on September 23, 2021, a genuine copy of which is attached as Exhibit 2 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 171:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, you made the following statement:

> Yes, as I indicated in my remarks, there are challenges. So far, I also said this so far for us, we have not been impacted in terms of our ability to manufacture products or to supply our distributors is something that we are monitoring very closely. The supply chain team is doing a great job because the reality is, it is harder now to find certain components.
>
> It is more expensive in some cases to procure certain materials. We have managed all of that so far. So with respect to what we're seeing in the inventory pipeline or channel, we haven't seen any major disruptions. Any changes really of material significance at this point. But as you know, this

98

is a global situation, and it's something that is hard to predict at this point. But so far, we – our financials are not – have not been impacted by the supply chain issues in a material way other than some elevated costs that we have been able to offset or in some cases, for example, we did a price increase.

**RESPONSE TO REQUEST NO. 171:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q3 2021 earnings call on November 4, 2021, a genuine copy of which is attached as Exhibit 3 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 172:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, you made the following statement:

> And the – as I said before, the supply chain team is doing a great job. And that's why, so far, we have not impacted our ability to manufacture products.

**RESPONSE TO REQUEST NO. 172:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the

Company's Q3 2021 earnings call on November 4, 2021, a genuine copy of which is attached as Exhibit 3 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.   Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 173:**

Admit that on November 11, 2021, during the Credit Suisse Healthcare Conference, Casey made the following statement:

> As we go into the fourth quarter, we're optimistic that things get closer and closer to normal.  Obviously, the supply chain is impacting all of us.  When you talk about – in our case, it's – we look at distribution costs are accelerating.  To date, we've been able to manage through a lot of that.  And as we look out, we have a few key products that there's obviously going to be constraints around we're a heavily chip-oriented business.  To date, we've been able to make everything we need to make.  But as we jump out 6, 8, 12 months, we expect to see pressure on that.
>
> We have a terrific supply chain.  One of the advantages of the structure we put in place over the last 2 years is a centralized supply chain with a pretty sophisticated procurement group, and that's helped us through it.  But we're also – we took price in the – at the very end of the third quarter, with the idea that we want to get in front of inflation.

**RESPONSE TO REQUEST NO. 173:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 174:**

Admit that on December 1, 2021, during the Evercore ISI HealthCONx Virtual Conference, Casey made the following statement:

> Yes.  So the supply chain, I break it out into 2 things, Elizabeth, distribution

and logistics. We're not seeing huge delays. We're seeing increased costs associated with that. And that's obviously a headwind as we go forward. The second issue is are we having problems getting anything, we're basically – what we're learning is we can get stuff. It just takes a lot more effort because it might not be as easy to get.

**RESPONSE TO REQUEST NO. 174:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 175:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, you made the following statement:

In the quarter, we also experienced more acute supply chain and COVID-related constraints, which we estimate to have suppressed our total company organic growth by approximately 2 to 3 points. We view this as a temporary headwind but anticipate that our supply chain will be – will remain challenging for at least 1 or 2 quarters in 2022.

**RESPONSE TO REQUEST NO. 175:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q4 2021 earnings call on February 23, 2022, a genuine copy of which is attached as Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

101

**REQUEST NO. 176:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal

year 2021, you made the following statement:

> Up until the third quarter, the majority of our supply chain challenges were
> cost related due to inflationary pressures.  In the fourth quarter, we started
> to face significant component shortages impacting the production of imaging
> equipment and treatment centers. We estimate this impact to have reduced the
> T&E segment growth rate by at least 4 points.
>
> We ended the quarter with a higher-than-normal backlog in imaging, and our
> team will continue to manage the supply chain situation as effectively as
> possible over the next few quarters.  Similar to many other industries, the
> availability of electronic components in dental is inconsistent at the
> moment.

**RESPONSE TO REQUEST NO. 176:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

Gomez objects to the Request because it purports to request information concerning quoted

language that is inaccurate and incomplete as set forth in the Request.  Subject to and without

waiving the General Objections, Objections to Definitions and Instructions, and Reservation of

Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the

Company's Q4 2021 earnings call on February 23, 2022, a genuine copy of which is attached as

Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests

for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any

characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 177:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal

year 2021, you made the following statement:

> One thing that we had been experiencing before this quarter, and I mentioned
> this a couple of times, we were able to have access to all the components we

102

needed albeit at a higher price. So the impact had been only from a cost perspective.

**RESPONSE TO REQUEST NO. 177:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q4 2021 earnings call on February 28, 2022, a genuine copy of which is attached as Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 178:**

Admit that on June 9, 2021, during the Goldman Sachs Global Healthcare Conference, you made the following statement:

> Specifically for us, we have seen a good rebound of our sales in CAD/CAM in general and is happening pretty much across all of the categories within equipment. I think we're seeing great recovery and imaging across the board, CAD/CAM. And we feel frankly, in some places, we are probably gaining share. At a minimum, we are tracking with a fast market growth rate. . . .
>
> . . . So across that entire ecosystem, we've seen good recovery, good progress. And so both short-term rebound is good. And then long-term trend, this is part of a good trend, and we're excited about that business. And I think the potential is there for us and for all.

**RESPONSE TO REQUEST NO. 178:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted

language that is inaccurate and incomplete as set forth in the Request.  Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Goldman Sachs Global Healthcare Conference on June 9, 2021, a genuine copy of which is attached as Exhibit 7 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.  Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 179:**

Admit that on September 15, 2021, during the Robert W. Baird Global Healthcare Conference, you made the following statement:

> [W]e have a few key objectives with this year. One of them is continued momentum with our digital dentistry and the promotions that you talk about. Primescan continues to do well.  Selling cameras alone is doing really well. CEREC is also doing well.  So that – the momentum in that business has continued. . . .
>
> And so I think our digital business – digital dentistry business continues to be strong and we have more things coming down the pike.

**RESPONSE TO REQUEST NO. 179:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request.  Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Robert W. Baird Global Healthcare Conference on September 15, 2021, a genuine copy of which is attached as Exhibit 8 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.  Mr. Gomez

104

denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 180:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, you made the following statement:

> There continues to be a strong momentum on increasing digital capabilities within dental offices. Demand is high for digital devices such as Primescan and imaging equipment such as our new Axeos unit.

**RESPONSE TO REQUEST NO. 180:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q3 2021 earnings call on November 4, 2021, a genuine copy of which is attached as Exhibit 3 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 181:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, you made the following statement:

> Yes, what we're seeing for T&E going into the fourth quarter is along the lines of what we said in our prepared remarks, which is, we have great momentum. There is great demand for Primescan, great demand for Axeos and imaging in general. The timing of sales relative to DS World, most of those sales actually happened in the fourth quarter. We – there was a lot of great excitement.
>
> And so in our guidance for the fourth quarter, we are including pretty

105

substantial growth for CAD/CAM, for imaging in general. So the performance in that business – that part of the business continues to be strong.

## RESPONSE TO REQUEST NO. 181:

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q3 2021 earnings call on November 4, 2021, a genuine copy of which is attached as Exhibit 3 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

## REQUEST NO. 182:

Admit that on January 12, 2022, during the JPMorgan Healthcare Conference, Casey made the following statement:

> [W]e've been really happy with CAD/CAM. Our CAD/CAM business is, if you look, we've kind of evolved with that, just in terms of – we used to be just full chairside. And now with the – as we have a DI product and introducing things like mill, we've been very happy with that.

## RESPONSE TO REQUEST NO. 182:

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

106

**REQUEST NO. 183:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, you made the following statement:

> Our clear aligners, implants and CAD/CAM businesses posted a strong growth in the quarter.

**RESPONSE TO REQUEST NO. 183:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q4 2021 earnings call on February 28, 2022, a genuine copy of which is attached as Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.  Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 184:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, you made the following statement:

> T&E segment organic sales expansion was led by double-digit growth in clear aligners, CAD/CAM and implants.  The T&E segment posted a strong growth despite difficult supply chain conditions.

**RESPONSE TO REQUEST NO. 184:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request.  Subject to and without

waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q4 2021 earnings call on February 28, 2022, a genuine copy of which is attached as Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 185:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, Casey made the following statement:

> There was strong progress within the CEREC franchise during 2021. In addition to a record number of DI cameras sold, we were able to launch major software innovations with CEREC 5.2 and SureSmile 7.6. There is also good progress on Primemill. Our higher-end CBCT imaging systems also saw robust demand. This stems from dentists looking to add more sophisticated diagnostic tools that will allow them to incorporate more complex procedures like implants and clear aligners to the practices.

**RESPONSE TO REQUEST NO. 185:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 186:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, you made the following statement:

> The retail demand for Primemill is solid, and our dealer partners in the U.S. have sufficient inventory to meet that demand. In the short term, this trade-off will reduce our wholesale volume of Primemills but is the right thing to do for our customers.

108

**RESPONSE TO REQUEST NO. 186:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q4 2021 earnings call on February 28, 2022, a genuine copy of which is attached as Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.  Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 187:**

Admit that on June 9, 2021, during the Goldman Sachs Global Healthcare Conference, you made the following statement:

> We have thrown in more sophisticated and strategic incentive plans.  We went from doing a lot of incentives with our dealer partners, and we have redirected those dollars mostly to the end customer.  And so trying to match end-customer demand with our sales.  That is a very important thing.

**RESPONSE TO REQUEST NO. 187:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request.  Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Goldman Sachs Global Healthcare Conference on June 9, 2021, a genuine copy of which is attached as Exhibit 7 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs'

Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 188:**

Admit that on August 5, 2021, during Dentsply's earnings call for 2Q21, Casey made the following statement:

> In terms of dealer inventory, first, we've been super happy with our dealer partners, I mean, both the large and small. They've done a really good job, in our opinion, on helping us buffer some pretty radical supply chain swing – not supply chain swings, demand swings. . . .
>
> . . . I would tell you, they've been challenged to maintain inventory.

**RESPONSE TO REQUEST NO. 188:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 189:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, you made the following statement:

> We don't think so. We track that closely and we manage our inventory levels in a disciplined way. And so we are not seeing that at this point.

**RESPONSE TO REQUEST NO. 189:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of

110

Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q3 2021 earnings call on November 4, 2021, a genuine copy of which is attached as Exhibit 3 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.   Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 190:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, you made the following statement:

> I don't think so.  No, we watch inventory very closely, our internal inventory, inventory in the channel.  And our objective at all times is to ensure that our manufacturing process is smooth.  And the worst thing that you can do for any manufacturing process is to move inventory levels too drastically from period to period.
>
> So our goal, at all times, is to keep inventory levels relatively stable.  And our actually long-term goal is frankly to decrease days of inventory, and that's a key internal goal that we track and measure very closely.

**RESPONSE TO REQUEST NO. 190:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request.  Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q3 2021 earnings call on November 4, 2021, a genuine copy of which is attached as Exhibit 3 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.   Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

111

**REQUEST NO. 191:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, you made the following statement:

> The last week or 2 in December became more complicated for dental practices in many markets primarily as a result of staffing shortages, and as a result, volume tended to go down a little bit again in the last couple of weeks in December in a lot of markets.

> We had also situations like China where many provinces still have the zero COVID policy and, as a result, are in major lockdowns, which restricts substantially patient traffic. So those are probably the 2 main constraints we were facing from a volume – from a demand perspective.

**RESPONSE TO REQUEST NO. 191:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q4 2021 earnings call on February 28, 2022, a genuine copy of which is attached as Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 192:**

Admit that on August 5, 2021, during Dentsply's earnings call for 2Q21, Casey made the following statement:

> We are reaffirming our 2021 outlook. The dental market continues to show resilience as well as strong underlying fundamentals. We believe that Dentsply Sirona is well positioned to deliver sustainable growth in the future.

112

**RESPONSE TO REQUEST NO. 192:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 193:**

Admit that on September 15, 2021, during the Robert W. Baird Global Healthcare Conference, you made the following statement:

> Yes. We think we have the levers. I think the market is healthy in many areas where we have exposure. We are making investments in areas where we are under indexed. And so we think we have a very good shot at being able to deliver that type of growth rate sustainably, which is something that the company has not done in many, many years.

**RESPONSE TO REQUEST NO. 193:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Robert W. Baird Global Healthcare Conference on September 15, 2021, a genuine copy of which is attached as Exhibit 8 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 194:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, Casey made the

113

following statement:

> Overall, we continue to be pleased with the recovery in the dental market, how we are operating and our prospects for growth in the future.

**RESPONSE TO REQUEST NO. 194:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 195:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, Casey made the following statement:

> To summarize, our strong performance year-to-date gives us confidence going forward for the remainder of 2021. We have good momentum leading into the future. Our results reflect the underlying resilience of the dental market and our team's disciplined performance against our operational goals and progress against our key strategic priorities. Based on this, as Jorge said, we are raising our '21 earnings outlook. Going beyond the quarter-to-quarter discussion, we also believe that Dentsply Sirona is well positioned to transform dentistry and deliver sustainable growth going forward.

**RESPONSE TO REQUEST NO. 195:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 196:**

Admit that on November 4, 2021, during Dentsply's earnings call for 3Q21, you made the following statement:

114

Now let me provide an update on our financial expectations for 2021. Based on the solid performance of our business year-to-date and the current market trends, we are increasing our estimates for 2021 as follows. We are tightening our revenue outlook by increasing the bottom of our range. We now expect revenues to be in the
$4.25 billion to $4.3 billion range.

With respect to EPS, we are increasing and narrowing our estimates for fiscal year 2021. The new EPS outlook range is now $2.87 to $2.92. This range is based on a new assumption for the euro to USD rate of 1.16. This is lower than the fiscal year '21 budget assumption of 1.22 and lower than last quarter's assumption for the second half of the year of 1.18.

. . . Overall, we are very pleased with the current momentum in our business and our new 2021 outlook for revenue and earnings reflects that confidence.

**RESPONSE TO REQUEST NO. 196:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q3 2021 earnings call on November 4, 2021, a genuine copy of which is attached as Exhibit 3 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 197:**

Admit that on November 11, 2021, during the Credit Suisse Healthcare Conference, Casey made the following statement:

If you look at the growth number coming off '19 versus '18 and how we feel coming out of the pandemic, we said we think we can raise that long-term target to 4% to 5%. And as we sit here today, we're pretty optimistic that our growth prospects are good and that 4% to 5% is definitely attainable.

115

**RESPONSE TO REQUEST NO. 197:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 198:**

Admit that on November 11, 2021, during the Credit Suisse Healthcare Conference, Casey made the following statement:

> So in aggregate, we had a very, very strong third quarter. We think that business going forward is sustainable as we bring these new products in.

**RESPONSE TO REQUEST NO. 198:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 199:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, you made the following statement:

> Now let me provide an overview of our financial expectations for fiscal 2022. We expect organic sales to be in the 4% to 5% range. This equates to a net sales range of $4.3 billion to $4.4 billion. . . .
>
> From a revenue perspective, market demand remains strong despite COVID variant challenges in certain markets . . . . We expect strong contributions to growth from clear aligners, CAD/CAM, implants and imaging.

**RESPONSE TO REQUEST NO. 199:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr.

116

Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request.  Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q4 2021 earnings call on February 28, 2022, a genuine copy of which is attached as Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.  Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 200:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, you made the following statement:

> Overall, we are confident that the progress we are making in key growth areas, combined with the resilience of the dental market, will allow us to continue to expand revenue and earnings over time.  Additionally, the strength of our EBITDA generation enable the funding of our investment priorities and the funding of a very competitive cash flow yield to our shareholders.

**RESPONSE TO REQUEST NO. 200:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Company's Q4 2021 earnings call on February 28, 2022, a genuine copy of which is attached as Exhibit 6 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents.  Mr. Gomez denies any

117

characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 201:**

Admit that on February 28, 2022, during Dentsply's earnings call for 4Q21 and fiscal year 2021, Casey made the following statement:

> In late 2018, we had outlined a program to accelerate growth, improve margin and to simplify the organization. Despite challenges, we have largely achieved the targets that we had laid out. Just as important, our team has also sharpened our strategy while improving our innovation capabilities. As Jorge said, going forward, we expect to build on those capabilities to deliver reliable 4% to 5% growth in revenue, continuous improvement in our margins and double-digit earnings growth. We believe our strategy of delivering superior integrated workflows in critical procedures will allow Dentsply Sirona to become the indispensable digital partner to the dentist.

**RESPONSE TO REQUEST NO. 201:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST NO. 202:**

Admit that on June 17, 2021, during the Robert W. Baird Healthcare ESG Symposium, you made the following statement:

> The most interesting thing about ESG for me so far has been the fact that, across the company, across the globe, all of our employees are embracing ESG.

**RESPONSE TO REQUEST NO. 202:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without

118

waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Robert W. Baird Healthcare ESG Symposium on June 17, 2021, a genuine copy of which is attached as Exhibit 10 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 203:**

Admit that on June 17, 2021, during the Robert W. Baird Healthcare ESG Symposium, you made the following statement:

> The last point I would say is one of the key aspects of ESG is managing risks. And it ties perfectly into our enterprise risk management process, which, from a governance perspective, as you know, is extremely important. So all of these things are coming together really nicely. . . .

**RESPONSE TO REQUEST NO. 203:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to the Request because it purports to request information concerning quoted language that is inaccurate and incomplete as set forth in the Request. Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and refers to the transcript of the Robert W. Baird Healthcare ESG Symposium on June 17, 2021, a genuine copy of which is attached as Exhibit 10 to Defendant Dentsply Sirona Inc.'s Responses and Objections to Plaintiffs' Requests for Admission, in its entirety for its true and correct contents. Mr. Gomez denies any characterizations inconsistent with the contents of the referenced document.

**REQUEST NO. 204:**

Admit that Dentsply's Code of Ethics and Business Conduct was available on Dentsply's

119

website throughout the Class Period.

**RESPONSE TO REQUEST NO. 204:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the use of the term "available" on the grounds that it is vague, overbroad, and ambiguous.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez lacks knowledge or information sufficient to form a belief as to the truth of the matters set forth in the Request.

**REQUEST FOR ADMISSION NO. 205:**

Admit that you joined Moderna as its Chief Financial Officer effective May 9, 2022.

**RESPONSE TO REQUEST NO. 205:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST FOR ADMISSION NO. 206:**

Admit that, on or about April 11, 2022, Moderna announced that you would join Moderna as its Chief Financial Officer effective May 9, 2022.

**RESPONSE TO REQUEST NO. 206:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez admits the matters set forth in the Request.

**REQUEST FOR ADMISSION NO. 207:**

Admit that, as of April 11, 2022, you had not disclosed to Moderna the Internal Investigation at Dentsply.

**RESPONSE TO REQUEST NO. 207:**

Subject to and without waiving the foregoing objections, and based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that he did not disclose the Internal Investigation at Dentsply to Moderna prior to May 9, 2022, and avers that he was directed by Dentsply's general counsel not to do so.

**REQUEST FOR ADMISSION NO. 208:**

Admit that Moderna terminated your employment.

**RESPONSE TO REQUEST NO. 208:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and avers that he departed Moderna.

**REQUEST FOR ADMISSION NO. 209:**

Admit that Moderna terminated your employment on or about May 10, 2022.

**RESPONSE TO REQUEST NO. 209:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and avers that he departed Moderna on or about May 10, 2022.

**REQUEST FOR ADMISSION NO. 210:**

Admit that Moderna announced on or about May 11, 2022 that Moderna had terminated your employment.

**RESPONSE TO REQUEST NO. 210:**

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request and

avers that Modern announced on or about May 10, 2022, that Mr. Gomez had departed from the company.

**REQUEST FOR ADMISSION NO. 211:**

Admit that you did not disclose to Moderna the Internal Investigation at Dentsply prior to May 9, 2022.

**RESPONSE TO REQUEST NO. 211:**

Subject to and without waiving the foregoing objections, and based upon a reasonable inquiry and the information Mr. Gomez knows and can readily obtain, Mr. Gomez admits that he did not disclose the Internal Investigation at Dentsply to Moderna prior to May 9, 2022, and avers that he was directed by Dentsply's general counsel not to do so.

**REQUEST FOR ADMISSION NO. 212:**

Admit that, as of September 30, 2021, you had not inquired about the substance of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 212:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the phrases "inquired about" and "substance of the Cease and Desist Order" are vague and ambiguous. The Request fails to identify what form of inquiry is contemplated, to whom it must have been directed, or what constitutes the "substance" of the referenced order. The Request further calls for speculation as to what level or type of inquiry would be sufficient to satisfy its terms.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

122

**REQUEST FOR ADMISSION NO. 213:**

Admit that, as of December 31, 2021, you had not inquired about the substance of the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 213:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that the phrases "inquired about" and "substance of the Cease and Desist Order" are vague and ambiguous. The Request fails to identify what form of inquiry is contemplated, to whom it must have been directed, or what constitutes the "substance" of the referenced order. The Request further calls for speculation as to what level or type of inquiry would be sufficient to satisfy its terms.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST FOR ADMISSION NO. 214:**

Admit that, as of September 30, 2021, you had not inquired about whether Dentsply was obligated to take any steps to comply with the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 214:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Specifically, the phrases "inquired about," "obligated," "take any steps," and "comply with the Cease and Desist Order" are unspecified and subject to multiple interpretations. Mr. Gomez further objects to the Request to the extent it calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

123

**REQUEST FOR ADMISSION NO. 215:**

Admit that, as of December 31, 2021, you had not inquired about whether Dentsply was obligated to take any steps to comply with the Cease and Desist Order.

**RESPONSE TO REQUEST NO. 215:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Specifically, the phrases "inquired about," "obligated," "take any steps," and "comply with the Cease and Desist Order" are unspecified and subject to multiple interpretations. Mr. Gomez further objects to the Request to the extent it calls for a legal conclusion.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, Mr. Gomez denies the matters set forth in the Request.

**REQUEST FOR ADMISSION NO. 216:**

Admit that, in 2021, you were concerned about Dentsply's internal controls.

**RESPONSE TO REQUEST NO. 216:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez objects to this Request on the grounds that it is vague, ambiguous, and overbroad. The Request fails to define the term "concerned," identify what level or type of "concern" is contemplated, specify what aspects of "internal controls" are at issue, or establish the relevant standard or context. As phrased, the Request could encompass virtually any observation, discussion, or routine matter raised by a Chief Financial Officer in the ordinary course of fulfilling his responsibilities.

Subject to and without waiving the General Objections, Objections to Definitions and Instructions, and Reservation of Rights, based upon a reasonable inquiry and the information Mr.

124

Gomez knows and can readily obtain, Mr. Gomez admits that, throughout his time at Dentsply, he was concerned about ensuring that Dentsply had appropriate internal controls, and otherwise denies the matters set forth in the Request.

**REQUEST FOR ADMISSION NO. 217:**

Admit that you violated the following provision of Dentsply's Code of Ethics and Business Conduct:

> As a leader, you must act to cultivate this culture of compliance in your respective organizations and assure that your employees understand their responsibilities and feel comfortable raising concerns without fear of retaliation. This means encouraging ethical conduct and compliance with the law by personally demonstrating and promoting Dentsply Sirona's Core Values, considering compliance efforts when evaluating and rewarding employees, and ensuring that employees understand that business results must be achieved while complying with Dentsply Sirona policies and all applicable laws.

**RESPONSE TO REQUEST NO. 217:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the grounds that it calls for a legal conclusion and includes vague and ambiguous terms, including but not limited to "violated," "culture of compliance," "encouraging ethical conduct," "promoting Dentsply Sirona's Core Values," and "ensuring."

Subject to and without waiving the foregoing objections, Mr. Gomez denies the matters set forth in the Request.

**REQUEST FOR ADMISSION NO. 218:**

Admit that you violated the following provision of Dentsply's Code of Ethics and Business Conduct:

> Our Dentsply Sirona business leaders are responsible for their own actions and for fostering a culture consistent with our Code of Ethics and Business Conduct, policies and

125

applicable laws. Leaders are expected to address employees' concerns about appropriate conduct promptly and with care and respect.

## RESPONSE TO REQUEST NO. 218:

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the grounds that it calls for a legal conclusion and includes vague and ambiguous terms, including but not limited to "violated," "fostering a culture," "appropriate conduct," and "care and respect."

Subject to and without waiving the foregoing objections, Mr. Gomez denies the matters set forth in the Request.

## REQUEST FOR ADMISSION NO. 219:

Admit that you violated the following provision of Dentsply's Code of Ethics and Business Conduct: "All managers must take steps to build an infrastructure to prevent, detect and respond to compliance issues . . . ."

## RESPONSE TO REQUEST NO. 219:

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the grounds that it calls for a legal conclusion and includes vague and ambiguous terms, including but not limited to "violated," "infrastructure," "prevent," "detect," and "compliance issues."

Subject to and without waiving the foregoing objections, Mr. Gomez denies the matters set forth in the Request.

126

**REQUEST FOR ADMISSION NO. 220:**

Admit that you violated the following provision of Dentsply's Code of Ethics and Business Conduct: "Dentsply Sirona maintains internal controls to comply with legal, accounting, tax and other regulatory requirements."

**RESPONSE TO REQUEST NO. 220:**

In addition to the General Objections and Objections to Definitions and Instructions, Mr. Gomez specifically objects to the Request on the grounds that it calls for a legal conclusion and includes vague and ambiguous terms, including but not limited to "violated," "internal controls," and "comply."

Subject to and without waiving the foregoing objections, Mr. Gomez denies the matters set forth in the Request.

Dated: August 11, 2025
      New York, New York

Respectfully submitted,

**LEVINE LEE LLP**

/s/ Chad P. Albert
Seth L. Levine
Chad P. Albert
Adam M. King

400 Madison Ave.
New York, New York 10017
(212) 223-4400
slevine@levinelee.com
calbert@levinelee.com
aking@levinelee.com

*Attorneys for Defendant Jorge Gomez*

128