UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SAN ANTONIO FIRE AND POLICE
PENSION FUND, CITY OF BIRMINGHAM
RETIREMENT AND RELIEF SYSTEM, EL
PASO FIREMEN & POLICEMEN'S
PENSION FUND, and WAYNE COUNTY
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiffs,

     vs.

DENTSPLY SIRONA INC., DONALD M.
CASEY, JR., and JORGE GOMEZ,

                  Defendants.

---------------------------------------------------------------- x

Civil Action No. 1:22-cv-06339-AS
(Consolidated)

<u>CLASS ACTION</u>

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION TO EXCLUDE
CERTAIN EXPERT TESTIMONY OF
JOSEPH CAVARETTA

**[REDACTED]**

4911-3432-7160.v1

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   LEGAL STANDARD ................................................................................................3

III.  RELEVANT BACKGROUND ..................................................................................5

    A.    Phiroz's Opinions..........................................................................................5

    B.    Cavaretta's Opinions.....................................................................................6

IV.   ARGUMENT ..............................................................................................................6

    A.    Cavaretta's Opinions as ███████████████████ Should Be
        Excluded Under *Daubert*, Rule 702, and Rule 403 ....................................6

        1.    Cavaretta Is Unqualified to Opine ████████ ...............................6

        2.    Cavaretta's Opinions About ████████████ Are
            Unhelpful and Unreliable............................................................8

            a.    The Idea that ██████████████
                ████████ Not Helpful or Reliable Expert Testimony ...................8

            b.    Cavaretta's Opinion as to ████████████
                ████████████████ Is Unreliable and
                Misleading.........................................................................10

            c.    Cavaretta Cannot Opine that ███████████
                ████████████████████████
                ████████...........................................................11

        3.    Cavaretta's Opinion that ██████████████
            █████████████████████ Should Also Be
            Excluded Under Rule 403 ............................................................14

    B.    Cavaretta's Opinions ████████████████
        ████████ Are Unreliable ...........................................................15

        1.    Cavaretta's ████████ Opinions Are Pure *Ipse Dixit*...............15

        2.    Cavaretta's Anecdotes About ████████████████
            ██ ███████████████████ and Will Confuse the
            Jury.............................................................................................17

V.    CONCLUSION.........................................................................................................20

4911-3432-7160.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
303 F.3d 256 (2d Cir. 2002)................................................................................3, 4

*Bryant v. City of Hartford*,
585 F. Supp. 3d 179 (D. Conn. 2022)......................................................................20

*City of Almaty, Kazakhstan v. Ablyazov*,
2021 WL 5154110 (S.D.N.Y. Nov. 5, 2021).............................................................8

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)..................................................................................... *passim*

*Davis v. Carroll*,
937 F. Supp. 2d 390 (S.D.N.Y. 2013)......................................................................17

*Doe v. Colgate Univ.*,
2017 WL 4990629 (N.D.N.Y. Oct. 31, 2017),
*aff'd*, 760 F. App'x 22 (2d Cir. 2019).....................................................................18

*Est. of Ratcliffe v. Pradera Realty Co.*,
2008 WL 53115 (S.D.N.Y. Jan. 2, 2008) .................................................................13

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997)....................................................................................4, 13, 16, 19

*Guerrero v. Loiacono*,
769 F. Supp. 3d 158 (E.D.N.Y. 2024) .................................................................17, 18

*Hayden v. Int'l Bus. Machs. Corp.*,
2025 WL 1697021 (S.D.N.Y. June 17, 2025) .....................................................13, 16

*In re Rezulin Prods. Liab. Litig.*,
309 F. Supp. 2d 531 (S.D.N.Y. 2004).................................................................7, 11

*In re Terrorist Attacks on Sep. 11, 2001*,
2023 WL 3116763 (S.D.N.Y. Apr. 27, 2023)...........................................................15

*In re Terrorist Attacks on Sep. 11, 2001*,
2025 WL 2383768 (S.D.N.Y. Aug. 18, 2025)...........................................................19

*Kumho Tire Co., Ltd. v. Carmichael*,
526 U.S. 137 (1999)....................................................................................................3

4911-3432-7160.v1

**Page**

*Nimely v. City of N.Y.*,
    414 F.3d 381 (2d Cir. 2005)...................................................................................4

*Prohaska v. Sofamor, S.N.C.*,
    138 F. Supp. 2d 422 (W.D.N.Y. 2001) ...................................................................7

*Riegel v. Medtronic, Inc.*,
    451 F.3d 104 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008) ........................................16

*Scentsational Techs., LLC v. Pepsi, Inc.*,
    2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018),
    *aff'd sub nom. ScentSational Techs. LLC v. PepsiCo, Inc.*,
    773 F. App'x 607 (Fed. Cir. 2019) .....................................................................17, 19

*Scott v. Chipotle Mexican Grill, Inc.*,
    315 F.R.D. 33 (S.D.N.Y. 2016) ...........................................................................4, 9

*SEC v. Tourre*,
    950 F. Supp. 2d 666 (S.D.N.Y. 2013)....................................................................3, 7

*U.S. Small Bus. Admin. v. Feinsod*,
    2025 WL 1677409 (E.D.N.Y. June 13, 2025) ..................................................9, 12, 18

*United States v. Hoskins*,
    2019 WL 5556092 (D. Conn. Oct. 28, 2019) ...........................................................20

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26.........................................................................................................5

Federal Rules of Evidence
    Rule 401.......................................................................................................4
    Rule 403 ............................................................................................. *passim*
    Rule 702 ............................................................................................. *passim*
    Rule 702(a).....................................................................................................3

4911-3432-7160.v1

## I.    INTRODUCTION

Lead Plaintiffs and Class Representatives City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion to exclude certain testimony of defendant Dentsply Sirona Inc.'s ("Dentsply" or the "Company") proposed expert, Joseph Cavaretta ("Cavaretta").  Dentsply proffers Cavaretta as an expert on the dental supply industry, qualified based on his professional experience working for dental supply distributors and his current role as a consultant to dental service organizations.  In the Expert Report of Joseph Cavaretta ("Cavaretta Report" or "Cavaretta Rpt.") (Ex. 1),[1] Cavaretta offers opinions on, e.g., ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████ Cavaretta Rpt., ¶¶18-37.  Plaintiffs do not challenge that Cavaretta may offer these opinions.

Other opinions Cavaretta seeks to offer, however, are well outside his expertise, and amount to nothing more than speculative (inadmissible) *ipse dixit*.  Cavaretta intends to testify before a jury that ████████████████████████████████████████ ████████████████████████ Dr. Zal Phiroz ("Phiroz"), ████████████ ███████████████████████████ Cavaretta Rpt., ¶¶17, 60-68.  But Cavaretta, who admits that ██████████████████████████████████ ██████████, is not qualified to do so.  Ex. 2 ("Cavaretta Depo.") at 125:13-126:20, 166:22-167:18.  In addition to ███████████████████, Cavaretta failed to analyze the specific

---

[1]    All exhibits referenced herein are attached to the Declaration of Hillary B. Stakem in Support of Plaintiffs' Motion to Exclude Certain Expert Testimony of Joseph Cavaretta, filed concurrently herewith.

4911-3432-7160.v1

conduct at issue – *e.g.*, ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ – before drawing

sweeping conclusions that ██████████████████████████████. Cavaretta Rpt., ¶¶12,

17, 38-42, 60-68.   Thus, even if Cavaretta did have the requisite experience or specialized

knowledge to offer opinions concerning ████████, his failure to apply any such specialized

knowledge or expertise to the facts of the case renders his testimony unreliable and irrelevant;

therefore, it must be excluded.

The other opinions that Plaintiffs challenge are similarly unreliable, irrelevant, and likely to

confuse or mislead the jury.   For example, Cavaretta claims ██████████████████████

████████████████████████████████████████, and

asserts that ████████████████████ *Id.*, ¶¶15, 52-53.   But he offers no

explanation for this claim in his report, and █████████████████████████

████████████████████████████████████████████████

████████████████████ *See, e.g.*, Cavaretta Depo. at 109:13-18, 218:5-18, 224:14-17.

Cavaretta's assertion that █████████████████████████████████

██████████████████████████████████████████████████████ is

improper state-of-mind testimony unsupported by any significant analysis of the facts of ***this*** case –

including prior precedent, inventory build-up, or consideration of how long it would take the

distributors to sell the inventory acquired.

To streamline the presentation of evidence and avoid the substantial risk of confusing or

misleading the jury, Plaintiffs request that the Court exercise its gatekeeping responsibilities under

Federal Rules of Evidence 702 and 403 as well as the standards of *Daubert v. Merrell Dow Pharms.,*

4911-3432-7160.v1

*Inc.*, 509 U.S. 579 (1993), and its progeny to exclude or limit the opinions contained in ¶¶12, 15, 17, 38-42, 52-53, and 60-68 of the Cavaretta Report.

## II.    LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702, which as amended, codifies the holdings of *Daubert* and its progeny.  Under Rule 702, trial courts serve as gatekeepers for expert evidence and are responsible for "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert*, 509 U.S. at 597; *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-149 (1999) (holding *Daubert* applies to all expert testimony). Expert testimony is admissible under Rule 702 where, *inter alia*, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  "To determine whether a proposed expert's testimony passes muster under Rule 702, this Court must inquire into: (1) the qualifications of the proposed expert; (2) whether each proposed opinion is based upon reliable data and reliable methodology; and (3) whether the proposed testimony would be helpful to the trier of fact."  *SEC v. Tourre*, 950 F. Supp. 2d 666, 674 (S.D.N.Y. 2013).

In evaluating reliability, "the district court must 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"  *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002).[2]  "[W]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony."  *Id.* at 266. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit

---

[2]    Unless otherwise noted, all citations and footnotes are omitted and emphasis is added.

4911-3432-7160.v1

opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Rule 702's """helpfulness" standard . . . requires as a precondition to admissibility that the expert testimony possess a valid and specialized connection to the pertinent inquiries in the litigation.'" *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 43 (S.D.N.Y. 2016). In evaluating whether testimony is helpful, the trial court looks to the standards of Federal Rule of Evidence 401, *i.e.*, whether the opinion """ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."'" *Amorgianos*, 303 F.3d at 265.

Ultimately, the proponent of expert testimony bears the burden of establishing by a preponderance of evidence that Rule 702's admissibility requirements are satisfied. *Daubert*, 509 U.S. at 592 & n.10.

Otherwise admissible expert testimony should still be excluded under Rule 403 if the Court finds its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury . . . [or] wasting time." Fed. R. Evid. 403. Rule 403 plays a "uniquely important role . . . in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations." *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005).

- 4 -

## III.    RELEVANT BACKGROUND

### A.    Phiroz's Opinions

On September 5, 2025, Plaintiffs disclosed Phiroz, an expert in supply chain operations and management, pursuant to Federal Rule of Civil Procedure 26 as an expert they may call at trial.[3] Applying his extensive academic background and professional expertise, Phiroz analyzed hundreds of documents, deposition transcripts, and academic literature to reach the following opinions:



-    Phiroz Rpt. ¶10(a); *id.*, ¶¶26-52;

-    *Id.*, ¶10(b); *id.*, ¶¶53-66; and

-    *Id.*, ¶10(c); *id.*, ¶¶67-95.

In reaching the last opinion, Phiroz identified                          , and analyzed                          ,                          *Id.*, ¶¶62-92.  These            include:

---

[3]    Phiroz submitted his opinions in the Confidential Expert Report of Zal Phiroz, Ph.D., dated September 5, 2025 ("Phiroz Rpt.") (Ex. 3).



. *Id.*, ¶70.

### B.    Cavaretta's Opinions

On October 6, 2025, Dentsply submitted the Cavaretta Report.  Cavaretta has worked in the dental industry since 1997, primarily at Henry Schein, and is currently a consultant to various participants in the dental supply market.  Cavaretta Rpt., Appendix A.  Plaintiffs now move to exclude, in part or in whole, certain of Cavaretta's opinions:

- █████████████████████████████████████████████ Cavaretta Rpt., ¶12; *see also id.*, ¶¶38-42;

- █████████████████████████████████████████████ *Id.*, ¶15; *see also id.*, ¶¶52-53; and

- █████████████████████████████████████████████ *Id.*, ¶17; *see also id.*, ¶¶60-68.

## IV.    ARGUMENT

### A.    Cavaretta's Opinions as to ████████████████ Should Be Excluded Under *Daubert*, Rule 702, and Rule 403

#### 1.    Cavaretta Is Unqualified to Opine on ████████████

Cavaretta is wholly unqualified to offer opinions as to ████████████████████████████████████████████████, including the opinions contained in ¶¶17 and 60-68 of his report.  Although his report states that ████████████████████████████████████████████████████████████████ (*id.*, ¶60), his true

- 6 -

lack of knowledge on the topic was revealed at deposition –

Cavaretta Depo. at 125:17:19

; *id.* at 126:16-20

).  Cavaretta testified that

.  *Id.* at 125:20-126:6.  Nor is it simply a

matter of terminology – Cavaretta also attested that

*Id.* at 126:21-127:16; *see, e.g.*, Ex. 4 at 42:7-12

).

Cavaretta's admitted ignorance regarding the very topic on which he purports to provide "specialized knowledge" is fatal under Rule 702 and *Daubert*.  *See Tourre*, 950 F. Supp. 2d at 677 (excluding expert who has "no experience in the [relevant] industry apart from acting as an expert witness"); *Prohaska v. Sofamor, S.N.C.*, 138 F. Supp. 2d 422, 437 (W.D.N.Y. 2001) (criticizing "litigation-driven expertise" where expert "relied upon [counsel] to provide him with the relevant scientific literature"); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 543 (S.D.N.Y. 2004) (quoting *Daubert*, 509 U.S. at 590) (Rule 702's "'knowledge'" requirement "'connotes more than subjective belief or unsupported speculation'").  Accordingly, Cavaretta should be precluded from offering the opinions in ¶¶17, 60-68 of his report.

4911-3432-7160.v1

**2.    Cavaretta's Opinions About** ███████████████
       **Are Unhelpful and Unreliable**

Even if Cavaretta were qualified to offer the opinions in ¶¶17 and 60-68 of his report, they should still be excluded as speculative, unsupported, and unhelpful to the jury, thereby failing to satisfy Rule 702's reliability requirements.

**a.    The Idea that** ██████████████
       ██████████████████ **Is Not Helpful or Reliable Expert**
       **Testimony**

Cavaretta critiques Phiroz for █████████████████████

███████████████████████████████████

██████ Cavaretta Rpt., ¶61. This opinion is unreliable and unhelpful to the jury and so fails to satisfy Rule 702.

First, Cavaretta's conclusory opinion that ████████████████████

████████████████ utilizes no specialized expertise to assist the jury in resolving a disputed fact. *See City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 5154110, at \*16 (S.D.N.Y. Nov. 5, 2021) (excluding expert's "conclusory statements based on his experience of what actions he would expect" because they "do not amount to expertise that would be helpful to the jury's determination"). The jury is capable of understanding that ████████████████

████████████████████ without testimony from a dental industry expert –

███████████████████████████████████

███████████████████████████████████

██████ Cavaretta Depo. at 257:13-22 ██████████████████

████████ ); *id.* 256:19-24 ███████████████

███████████████████████████████████

- 8 -

██████████████████████████████████). Nor is it disputed that ████████

████████████████████████████████████████. *See, e.g.*, Ex. 5

("Phiroz Depo.") at 191:2-6 ████████████████████████████

████████████████████████████████████████ In

short, Cavaretta's opinion is not helpful.

Second, Cavaretta does not base his opinion on a reliable methodology. Where an expert is qualified by experience, the methodology a Court must examine for reliability is the expert's application of that experience to facts. *Chipotle*, 315 F.R.D. at 50; *see also U.S. Small Bus. Admin. v. Feinsod*, 2025 WL 1677409, at *16-*17 (E.D.N.Y. June 13, 2025) (excluding expert as unqualified where the "Court is left to speculate whether [and how] [the expert's] forty years' experience in the broad 'corporate recovery industry'. . . applies to the opinions rendered in this case"). Here, although Cavaretta's opinions purportedly respond to those offered by Phiroz, Cavaretta does not address the facts at all, ignoring entirely the voluminous record evidence Phiroz cites in support of his conclusion that █████████████████████████. *See* Phiroz Rpt., ¶¶71-76.

Cavaretta's only attempt to relate his broad observations to the facts of ***this*** case is to speculate that ██████████████████████████████

████████████████████████████████████████████

███████████████████████████ Cavaretta Rpt., ¶61. Cavaretta points to no record evidence to support his contention that █████████████████████████

█████████████████████████████, and his general industry experience – none of which was at Dentsply – does not qualify him to draw a conclusion as to Dentsply-specific cultural dynamics. *Id.* In fact, as Cavaretta admitted at deposition ███████████████████

- 9 -

█████████████████████████████████████████████

████████████████████████████ – demonstrating that Cavaretta's speculation is not even

supported by the bare-bones "facts" he claims to interact with. Cavaretta Depo. at 261:1-11, 262:3-

11; Cavaretta Rpt., ¶61 n.119.

> **b.    Cavaretta's Opinion as to ███████████████**
> **██████████████████ Is Unreliable and**
> **Misleading**

In response to Phiroz's conclusion that █████████████████████████████

██████████████████████████ Cavaretta claims he █████████████████████

████████████████████████████████████████████████

███████████████████ Cavaretta Rpt., ¶¶12, 62 (citing *id.*, Section IV.A

(¶¶38-42)). But that statement is deeply misleading, and Cavaretta should be precluded from making

any such claim. The paragraphs of his report that Cavaretta relies on for this statement do not

discuss █████████████████████████████████████████████

███████████. *See, e.g., id.,* ¶41 █████████████████████████

████████████████████████████████████████████████

█████████. Cavaretta admits ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ Cavaretta Depo. at 52:15-55:14; *id.* at 166:22-167:18. Nor

is this an area where Cavaretta's general industry experience provides a sufficiently reliable

foundation for the fact-specific conclusion he purports to draw. Accordingly, Cavaretta has no

adequate basis for opining that "██████████████████████████████████ and he

should be precluded from offering such opinion to the extent that it pertains to ████████████

████████████████████████████████████████████████ Cavaretta Rpt., ¶¶12, 17, 38-42, 62.

          **c.**      **Cavaretta Cannot Opine that** ████████████

████████████████████████████████████

In response to Phiroz's assertion that ████████████████████████████

████████████████████████████████ (Phiroz Rpt., ¶83), Cavaretta improperly intends to opine that:

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

Cavaretta Rpt., ¶63. Cavaretta implies that ████████████████████████████

███████████████████████████████████. This conclusion is unsupported by any reliable methodology (*id.*), and is also improper state-of-mind testimony. *Rezulin*, 309 F. Supp. 2d at 547 ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.").

Cavaretta admittedly ████████████████████████████

███████████████. Cavaretta Depo. at 91:6-8 ████████████████████

████████████████); *id.* at 153:16-154:7 (████████████████████████

████████████████████████); *see also* *id.* at 92:5-11, 194:6-8. He has not conducted an analysis of the record to support his opinion, citing

████████████████████████ to support his claim and ignoring contrary

- 11 -

evidence.[4] He has used no discernible methodology and cannot reach his stated conclusion by his industry experience alone, ██████████████████████████████. Cavaretta Depo. at 88:2-18, 89:17-25 (████████████████████████████████████████████████████████████████████████████████████████████████████████████████████). Cavaretta's claim that ████████████████████ ████████████████████████████████████████████████ (Cavaretta Rpt., ¶63) is also irrelevant and so fails Rule 702's "fit" requirement. *See Daubert*, 509 U.S. at 591 (describing the helpfulness requirement as one of "fit" or relevance); *Feinsod*, 2025 WL 1677409, at *19 ("'Fit' is a consideration of relevance, meaning that an expert's testimony must be 'sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'").

Here, Cavaretta purports to be responding to Phiroz's opinions ████████████████ ████████████████████████████. *See* Cavaretta Rpt., ¶63 (citing Phiroz Rpt., ¶83). There is no dispute in this case that Henry Schein and Patterson believed that there was ***some*** level of anticipated demand for Dentsply's CAD/CAM products that would permit the distributors to sell the inventory acquired through the Incentivized Transactions ***eventually*** – which is ████████ ████████. Cavaretta's conclusory statement, made without reference to ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ will not assist the trier of fact in determining whether channel stuffing took place and should be excluded as unhelpful.

Cavaretta also improperly speculates that ████████████████████████████ ████████████████████████████████████████████████████████████████████.

_____

[4]    *See, e.g.*, Phiroz Rpt., ¶¶83-84 (████████████████████████████ ████████).

- 12 -

*Id.*, ¶65. Cavaretta cites ████████████████████████████████, and explained at deposition that he ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Cavaretta Depo. at 200:22-201:21. The Court should not permit Cavaretta's *ipse dixit*. "Although an expert can 'draw a conclusion from a set of observations based on extensive and specialized experience,' the expert must base that opinion on sufficient facts or data and 'must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Hayden v. Int'l Bus. Machs. Corp.*, 2025 WL 1697021, at \*6-\*7 (S.D.N.Y. June 17, 2025) (quoting *Gen. Elec.*, 522 U.S. at 146) (excluding expert opinion "'connected to existing data only by [his] ipse dixit'"). Cavaretta has made no effort to explain how he has reached his conclusion; he just assumes he is right. That falls far short of the level of analytical rigor expected of an expert under Rule 702. *See Est. of Ratcliffe v. Pradera Realty Co.*, 2008 WL 53115, at \*5 (S.D.N.Y. Jan. 2, 2008) (excluding an expert's opinions as "speculative and unsupported by a sufficient evidentiary foundation" when they were based on a "guess about what happened" rather than "'sufficient facts or data'").

In sum, Cavaretta has no idea ████████████████████████████████████ ██████████████████████████████████████████ because he has not sufficiently explored the factual record, and any opinion he purports to offer as to ████████████████████ ████████████████████████████ is speculative, unhelpful, and inadmissible. Cavaretta Rpt., ¶¶63-65.[5]

---

[5]   Plaintiffs do not object to Cavaretta describing ████████████████████ ███████████████████████████████ as set forth in ¶¶31-37 of his report.

- 13 -

3.    **Cavaretta's Opinion that** ██████████████ ██████████████████████████ **Should Also Be Excluded Under Rule 403**

Cavaretta's opinions in ¶¶12, 17, 60-68 of his report claiming that ████████████ ████████████████████████████ should also be excluded under Rule 403. Any relevance of these opinions is *de minimis*. It is not a disputed issue of fact that the circumstances or conduct identified in █████████████████████████████████████████████[6] More, whether ███████████████████████████████████████ does not tend to make it more or less probable that ███████████████████████████████. *See, e.g.,* Cavaretta Depo. at 255:10-13 (████████████████████████████████████████████████████████ ███████); *id.* at 124:14-20 (████████████████████████████████████████ ████████████████████████████); *id.* at 125:3-10 (██████████████████ ██████████████████████████████████).

At the same time, the jury could easily be confused or misled by Cavaretta into believing that ██████████████████████████████████████████████ – a false dichotomy. Similarly, jurors could be misled into believing ███████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████). "Exclusion under Rule 403 is appropriate where the testimony 'cloud[s] the issue for the jury [or] wastes time by diverting attention from the . . . relevant' evidence

---

[6]    Rather, as Phiroz explained at his deposition, ██████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████ Phiroz Depo. at 190:14-20; *id.* at 189:7-9 ████████████████). Cavaretta does not opine that ████████████████ █████████, and he would be unqualified to do so. Cavaretta Depo. at 127:24-128:7; *see* §IV.A.1., *supra*.

. . . ." *In re Terrorist Attacks on Sep. 11, 2001*, 2023 WL 3116763, at *2 (S.D.N.Y. Apr. 27, 2023).

Here, Plaintiffs would be required to rebut Cavaretta's confusing testimony about █████████

███ wasting time and diverting attention from the relevant evidence regarding ███████████

████████████████████████████████████████████. To streamline the

evidence for trial and avoid unnecessary jury confusion or prejudice to Plaintiffs, the opinions

contained in ¶¶12, 17, and 60-68 of the Cavaretta Report should be excluded.

**B.    Cavaretta's Opinions Regarding ███████████████████████**
        **██████████    Are Unreliable**

**1.    Cavaretta's ████████████    Opinions Are Pure *Ipse***
        ***Dixit***

Cavaretta claims ████████████████████████████████████████████

████████████████████████    Cavaretta Rpt., ¶¶15, 53.  Yet, at deposition, Cavaretta ██

████████████████████████████████████████    (Cavaretta Depo. at

104:22-105:3)  and ████████████████████████████████████████

████████████████████:

- ████████████████████████████
  ████████████ *Id.* at 224:14-17.

- ████████████████████████████████████████
  ████████████████████████
  ████████████ *Id.* at 224:5-10.

- ████████████████████████████████████████
  ████████████████████████
  ████████████ *Id.* at 227:18-24.[7]

---

[7]    *See also* Cavaretta Depo. at 110:15-111:4████████████████████████; *id.* at
109:13-110:14████████████████████████████████████████; *id.* at
204:25-205:10████████
████████████████████████); *id.* at 221:18-23
████████████████████████████████████████.

- 15 -

Cavaretta's refusal to explain his understanding of ███████████ while in the same breath claiming ████████████████████████ (*id.* at 217:10-15), is quintessential (inadmissible) *ipse dixit*. "An expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008). Without that explanation, there is no way to test the reliability of Cavaretta's conclusion, let alone dispute the conclusion's accuracy. *See Hayden*, 2025 WL 1697021, at *6 ("The failure [for an expert] to show his work is fatal, leaving his opinions conclusory *ipse dixit* and therefore inadmissible.").

The same problem infects Cavaretta's opinion that ██████████████████████ ████████████████████████████ including, *e.g.*: (1) ████████████ ██████████████████████████; (2) ██████████ ████████████████ (*id.* at 108:8-13, 211:8-21); (3) █████████████ ████████████ (*id.* at 237:24-240:1); and (4) ████████████ ████████████ (*id.* at 109:3-11).[8] Cavaretta disavowed these indicators while paradoxically repeating that ████████████████████████ and refusing to explain his reasoning, rendering his conclusions wholly untestable and unreliable.

With no definition of ███████████ in mind, no analysis of the facts of this case, and no explanation of how his professional experience led to his conclusions, Cavaretta's opinions related to ████████████ are specious *ipse dixit* and must be excluded. Cavaretta Rpt., ¶¶15, 52-53; Cavaretta Depo. at 212:14-15; *see also Hayden*, 2025 WL 1697021, at *6 (quoting *Gen. Elec.*, 522

---

[8] Other examples, he had no opinion on. *E.g.*, Cavaretta Depo. at 165:20-166:1 ███ ████████████████████████████████████ Cavaretta also could (or would) not identify any examples of ████████████████████████████████████████████ *Id.* at 109:13-18, 218:5-18.

4911-3432-7160.v1

U.S. at 146) (excluding expert opinion "'connected to existing data only by [his] *ipse dixit*'"); *Davis v. Carroll*, 937 F. Supp. 2d 390, 418 (S.D.N.Y. 2013) (excluding expert relying on personal knowledge and experience where opinions were unsupported by facts); *Guerrero v. Loiacono*, 769 F. Supp. 3d 158, 166 (E.D.N.Y. 2024) ("'Expert opinions based on insufficient facts or data, or on unsupported suppositions [are] not acceptable.'").

> **2.    Cavaretta's Anecdotes About █████████████████████ ████████████████████ Are Unreliable and Will Confuse the Jury**

Cavaretta claims ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████ Cavaretta Rpt., ¶¶15, 52-53.  Neither assertion is supported by relevant facts or data and so should be excluded as unreliable under Rule 702 and *Daubert*.  *See Scentsational Techs., LLC v. Pepsi, Inc.*, 2018 WL 1889763, at *6 (S.D.N.Y. Apr. 18, 2018) (excluding expert opinion where it was "neither supported by data or analysis nor clearly connected to underlying facts"), *aff'd sub nom. ScentSational Techs. LLC v. PepsiCo, Inc.*, 773 F. App'x 607 (Fed. Cir. 2019).

With respect to the first assertion, Cavaretta supports his claim that ████████████ ████████████████ issues with vague anecdotes of ███████████████████████████████ █████████████████████████████████████████████████ Cavaretta Rpt., ¶52.

At deposition, ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

- 17 -

██████████████████████████████████████████████████████████

██████. Cavaretta Depo. at 206:10-209:21.  Simply put, Cavaretta's bare-bones anecdote amounts to the unhelpful assertion that █████████████████████████████████

████████ This is not a sufficient basis to allow him to state that ██████████████

██████████████████████████████████████████████████████████

█████████████ Cavaretta Rpt., ¶52; *see Doe v. Colgate Univ.*, 2017 WL 4990629, at *8 (N.D.N.Y. Oct. 31, 2017) (excluding expert opinion where the "conclusions rely too heavily on overgeneralization and a smattering of anecdotes to be considered reliable"), *aff'd*, 760 F. App'x 22 (2d Cir. 2019); *Feinsod*, 2025 WL 1677409, at *8 (excluding expert opinion because "generalized conclusions" about "certain companies that are inapposite to the size or industry of the company at issue renders the opinion unreliable in the current context" and "would undoubtedly have the potential to confuse and misdirect the jurors"); *Guerrero*, 769 F. Supp. 3d at 166-67 ("'Anecdotal evidence and "generalized assumptions" are inadequate bases for an expert report.'").

Cavaretta's second assertion fares no better.  First, it is unreliable.  Although Cavaretta suggests that █████████████████████████████████████████████████████

██████████████████████████████████████████████████████████ he cites no data or even professional experience actually supporting that proposition – instead, he relies on an insurance company's generic report on the U.S. dental market ██████████████

███████████████████████████ Cavaretta Rpt., ¶53 & n.98; Ex. 6.  When asked whether ████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████ – Cavaretta alternately stated that he had no opinion on ████████████████████████████████████████████████

- 18 -

███████████████████████████████ Cavaretta Depo. at 230:24-235:11.  In short, Cavaretta's assertion has no basis in academic literature, the record, or even logical consistency to suggest its reliability.  When presented with an expert opinion that is not sufficiently grounded in reliable facts, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."  *Gen. Elec.*, 522 U.S. at 146; *Scentsational Techs.*, 2018 WL 1889763, at *7 (citing Fed. R. Evid. 702 advisory committee's note to 2000 amendment) ("The Court cannot simply 'take the expert's words for it' without evidence or a clear explanation.").

Second, Cavaretta's speculation as to ████████████████████ is irrelevant. *Daubert*, 509 U.S. at 591.  Whether or not ██████████████████████████ ████████████████████████ does not inform the product quality-related issues in this case, *e.g.*: (1) whether the product quality problems in fact existed in 2021 and 2022; (2) whether those problems impacted Dentsply's reputation and demand for its CAD/CAM products; and (3) whether defendants engaged in a fraudulent scheme that concealed those problems. Accordingly, Cavaretta's opinion has no relevance and should be excluded on that ground alone. *See In re Terrorist Attacks on Sep. 11, 2001*, 2025 WL 2383768, at *4 (S.D.N.Y. Aug. 18, 2025) ("When expert testimony fails to clear [the relevance] threshold, it must be excluded.").

Finally, neither of the opinions in ¶¶52-53 of the Cavaretta Report survives Rule 403.  As described above, these opinions have *de minimis* probative value, being largely or entirely untethered to the facts of this case.  And even if they were reliable, these opinions are likely to mislead and unnecessarily confuse the jury as to ████████████████████ ████████████████████████████████ ███████████ when what they will be asked to consider is whether the quality problems that *Dentsply* faced *at the time* that it faced them damaged its reputation and impacted its sales numbers.

*See Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 186 (D. Conn. 2022) (excluding expert opinions because "generic references to social movements and nationally publicized incidents of police misconduct that are not the subject of [plaintiff's] claims would tend to confuse the jury about the facts of the case"); *United States v. Hoskins*, 2019 WL 5556092, at *5 (D. Conn. Oct. 28, 2019) (prohibiting expert from "describ[ing] general concepts absent some relationship between those concepts and the entities, persons, or facts at issue here"). At a minimum, Cavaretta's opinions will divert attention from relevant evidence and waste time. Accordingly, ¶¶52-53 of the Cavaretta Report should be excluded. Fed. R. Evid. 403.

## V.    CONCLUSION

Although Cavaretta may be qualified by his professional experience and background to offer certain opinions in this case as to the dental industry, nothing excuses his failure to apply his expertise reliably to the facts of this case or his opinions' lack of probative value. Because the opinions set forth in ¶¶12, 15, 17, 38-42, 52-53, and 60-68 of the Cavaretta Report fail to satisfy the basic standards of admissibility set forth in *Daubert*, Rule 702, and Rule 403, Plaintiffs respectfully request that these opinions be excluded.

DATED:  November 7, 2025          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (admitted *pro hac vice*)
LUKE O. BROOKS (admitted *pro hac vice*)
DARRYL J. ALVARADO (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
HILLARY B. STAKEM (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
MEGAN M. SONNEY (admitted *pro hac vice*)


s/ Hillary B. Stakem
HILLARY B. STAKEM

- 20 -

4911-3432-7160.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
hstakem@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com
msonney@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiffs

- 21 -

4911-3432-7160.v1

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 6,356 words.

s/ Hillary B. Stakem
HILLARY B. STAKEM

4911-3432-7160.v1