UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

SAN ANTONIO FIRE AND POLICE :   Civil Action No. 1:22-cv-06339-AS
PENSION FUND, CITY OF BIRMINGHAM :   (Consolidated)
RETIREMENT AND RELIEF SYSTEM, EL :
PASO FIREMEN & POLICEMEN'S :   <u>CLASS ACTION</u>
PENSION FUND, and WAYNE COUNTY :
EMPLOYEES' RETIREMENT SYSTEM, :   MEMORANDUM OF LAW IN SUPPORT
Individually and on Behalf of All Others :   OF PLAINTIFFS' MOTION TO EXCLUDE
Similarly Situated, :   CERTAIN EXPERT TESTIMONY AND
  :   OPINIONS OF DR. ALLEN FERRELL
                 Plaintiffs, :
  :
  :
     vs. :
  :
DENTSPLY SIRONA INC., DONALD M. :
CASEY, JR., and JORGE GOMEZ, :
  :
                Defendants. :
  :

———————————————————— x

**[REDACTED]**

4931-7270-5912.v1

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ...................................................................................................2

        A.      Factual Background ..................................................................................2

        B.      Dr. Ferrell's Opinions ...............................................................................3

III.    LEGAL STANDARD.............................................................................................5

IV.     ARGUMENT .........................................................................................................6

        A.      Dr. Ferrell's ████████████ Are Impermissible Legal Opinions.......................6

        B.      Dr. Ferrell's ████████████ Contradict Second Circuit Law on Loss
                Causation and Damages..............................................................................7

        C.      Dr. Ferrell's ████████████ Should Also Be Excluded Under Rule 403
                Because They Will Confuse the Issues, Mislead the Jury, and Waste Time .........11

        D.      Dr. Ferrell ████████████████████████████
                ████████████████ ........................................12

V.      CONCLUSION........................................................................................................15

4931-7270-5912.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Baker v. SeaWorld Ent., Inc.*,
   423 F. Supp. 3d 878 (S.D. Cal. 2019)......................................................................4

*Bank of N.Y. Mellon Tr. Co., N.A. v. Solstice ABS CDO II, Ltd.*,
   910 F. Supp. 2d 629 (S.D.N.Y. 2012).....................................................................6

*Betances v. Fischer*,
   2021 WL 1534159 (S.D.N.Y. Feb. 23, 2021)........................................................7

*Constr. Indus. Servs. Corp. v. Hanover Ins. Co.*,
   206 F.R.D. 43 (E.D.N.Y. 2001)............................................................................13

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).................................................................................5, 6, 11

*Doe 3 v. Indyke*,
   2025 WL 2642114 (S.D.N.Y. Sept. 15, 2025).......................................................7

*Fleming v. Vill. of Rockville Ctr.*,
   2025 WL 2774808 (E.D.N.Y. Sep. 24, 2025)......................................................12

*Freudenberg v. E*Trade Fin. Corp.*,
   712 F. Supp. 2d 171 (S.D.N.Y. 2010)...................................................................10

*Gruber v. Gilbertson*,
   628 F. Supp. 3d 472 (S.D.N.Y. 2022)...................................................................8

*Hygh v. Jacobs*,
   961 F.2d 359 (2d Cir. 1992)...................................................................................6

*In re Apple Inc. Sec. Litig.*,
   2023 WL 4556765 (N.D. Cal. July 17, 2023).......................................................7

*In re Novatel Wireless Sec. Litig.*,
   846 F. Supp. 2d 1104 (S.D. Cal. 2012)..................................................................7

*In re Rezulin Prods. Liab. Litig.*,
   309 F. Supp. 2d 531 (S.D.N.Y. 2004).............................................................7, 12

*In re Signet Jewelers Ltd., Sec. Litig.*,
   2019 WL 3001084 (S.D.N.Y. July 10, 2019).......................................................10

Page

*In re Terrorist Attacks on Sep. 11, 2001*,
  2025 WL 2383768 (S.D.N.Y. Aug. 18, 2025) ........................................................................11

*In re Vivendi, S.A. Sec. Litig.*,
  838 F.3d 223 (2d Cir. 2016).........................................................................4, 8, 9, 10

*In re Vivendi Universal, S.A. Sec. Litig.*,
  765 F. Supp. 2d 512 (S.D.N.Y. 2011), *aff'd*, 838 F.3d 223 (2d Cir. 2016) ...........................8

*Jinghong Song v. Yao Bros. Grp. LP*,
  2012 WL 1557372 (S.D.N.Y. May 2, 2012) ........................................................................12

*Kumho Tire Co., Ltd. v. Carmichael*,
  526 U.S. 137 (1999) ..................................................................................................5

*Liberty Media Corp. v. Vivendi Universal, S.A.*,
  923 F. Supp. 2d 511 (S.D.N.Y. 2013) .........................................................................8, 11

*Lightfoot v. Union Carbide Corp.*,
  175 F.3d 1008, 1999 WL 110424 (2d Cir. Mar. 1, 1999) .........................................................6

*Nimely v. City of N.Y.*,
  414 F.3d 381 (2d Cir. 2005) .............................................................................................6

*Oleg Cassini, Inc. v. Electrolux Home Prods., Inc.*,
  2014 WL 1468118 (S.D.N.Y. Apr. 15, 2014) .......................................................................12

*Olin Corp. v. Lamorak Ins. Co.*,
  2018 WL 1901634 (S.D.N.Y. Apr. 18, 2018) .........................................................................7

*On Track Innovations, Ltd. v. T-Mobile USA, Inc.*,
  2015 WL 14072083 (S.D.N.Y. July 24, 2015) ...............................................................13, 15

*Riegel v. Medtronic, Inc.*,
  451 F.3d 104 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008) ......................................................12

*SEC v. Tourre*,
  950 F. Supp. 2d 666 (S.D.N.Y. 2013).................................................................................6

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
  2023 WL 6314939 (S.D.N.Y. Sept. 28, 2023)........................................................................4

*SLSJ, LLC v. Kleban*,
  277 F. Supp. 3d 258 (D. Conn. 2017) ...............................................................................12

Page

*Smilovits v. First Solar, Inc.*,
　2019 WL 7282026 (D. Ariz. Dec. 27, 2019) ........................................................................4

*United States v. Bilzerian*,
　926 F.2d 1285 (2d Cir. 1991) .............................................................................................6

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
　Rule 26 ................................................................................................................................2
　Rule 26(a) .........................................................................................................................13
　Rule 26(a)(2)(B) ..............................................................................................................12
　Rule 26(a)(2)(B)(i) ..........................................................................................................12
　Rule 26(a)(2)(B)(ii) .........................................................................................................12
　Rule 26(b)(4)(C) ..............................................................................................................13
　Rule 26(b)(4)(C)(ii) .........................................................................................................13
　Rule 26(b)(4)(C)(iii) ........................................................................................................13
　Rule 37 .............................................................................................................................12
　Rule 37(c)(1) ....................................................................................................................13

Federal Rules of Evidence
　Rule 403 ................................................................................................................2, 11, 12
　Rule 702 .................................................................................................................... *passim*

4931-7270-5912.v1

## I.    INTRODUCTION

Plaintiffs'[1] expert, Dr. Matthew D. Cain, opines on, *inter alia*, ██████████████ .

Defendants have proffered Dr. Allen Ferrell to ████████████████ .  Dr. Cain analyzes

███████████████████████████████████████████████ , which are

widely accepted in securities fraud cases.  Dr. Ferrell does not ████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████ .

Dr. Ferrell's ██████ opinions should be excluded as improper legal opinion.  ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████ also contradict Second Circuit law – rendering them unhelpful,

unreliable, and irrelevant under Federal Rule of Evidence 702.  ████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[1]    "Plaintiffs" are City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System.

████████████████████████████████████████████████████

███████████████████████████████.

Dr. Ferrell's ████████████ should also be excluded under Federal Rule of Evidence 403. By supplanting Second Circuit law with ████████████████████████████████ ████████████████, Dr. Ferrell presents a substantial danger of confusing the issues, misleading the jury, and wasting time at trial.

Separately, one of Dr. Ferrell's opinions ████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████ – it should be excluded.

## II.    BACKGROUND

### A.    Factual Background

This is a securities action against Dentsply, its former CEO Donald M. Casey, Jr. ("Casey"), and its former CFO Jorge Gomez (collectively, "Defendants"). Plaintiffs allege that during the Class Period, Defendants issued materially false and misleading statements and engaged in a scheme that concealed that Dentsply's fundamental sales growth and overall health were weakening.

Plaintiffs allege Dentsply's deteriorating health was caused by, *inter alia*, widespread product defects, severe supply chain constraints, declining demand for Dentsply's products, and inflated distributor inventory levels. As part of their scheme, Defendants offered Dentsply's distributors outsized incentives to induce them to purchase far more Dentsply product than the distributors could sell to end-users. These incentives cannibalized Dentsply's future sales as the distributors worked to sell their excess inventory before buying more from Dentsply.

The relevant truth about Defendants' fraud was constructively revealed through a series of events that were foreseeable results of the fraud. First, on February 28, 2022, Dentsply reported its fourth quarter of 2021 ("4Q21") and full-year ("FY21") results and 2022 guidance that fell below market expectations. On April 19, 2022, Dentsply suddenly announced that it had terminated Casey, and it reported disappointing preliminary results for the first quarter of 2022 ("1Q22"). On May 10, 2022, Dentsply announced it would be unable to timely file its Form 10-Q for the second quarter of 2022 ("2Q22") because it had commenced an internal investigation into allegations about Dentsply's "use of incentives to sell products to distributors in the third and fourth quarters of 2021," whether "the impact of those sales was adequately disclosed," and whether "former and current members of senior management directed the Company's use of these incentives and other actions to achieve executive compensation targets in 2021." Finally, on November 14, 2022, Dentsply reported its third quarter of 2022 ("3Q22") results and reduced its full-year 2022 guidance. ███████

██████████████████████████████████████████████████████████

███████████████████████████████████[2]

**B.    Dr. Ferrell's Opinions**

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[2]    All exhibits referenced herein are attached to the Declaration of Luke O. Brooks in Support of Plaintiffs' Motion to Exclude Certain Expert Testimony and Opinions of Dr. Allen Ferrell, filed concurrently herewith.

████████████████████████████████ *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 253 (2d Cir. 2016) (noting event studies are "'standard operating procedure in federal securities litigation'");[3] *Sjunde AP-Fonden v. Gen. Elec. Co.*, 2023 WL 6314939, at *16 (S.D.N.Y. Sept. 28, 2023) ("courts commonly accept the constant-dollar inflation method" in securities cases); *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 908 (S.D. Cal. 2019) ("the constant dollar inflation method is commonly used to calculate 10b-5 damages"); *Smilovits v. First Solar, Inc.*, 2019 WL 7282026, at *6-*8 (D. Ariz. Dec. 27, 2019) (constant dollar inflation "an accepted methodology").

Dr. Ferrell does not ███████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████.

Instead, Dr. Ferrell opines:



███████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[3]    Unless otherwise noted, all citations and footnotes are omitted and emphasis is added.

4931-7270-5912.v1



Regarding the April 19, 2022 disclosure, Dr. Ferrell also opines ███████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████ Plaintiffs move to exclude the quoted portion

of ¶76 of the Ferrell Report.

## III.    LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702, which as amended, codifies

the holdings of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and its progeny.  Under

Rule 702 and *Daubert*, the trial court acts as the gatekeeper for expert testimony.  *Kumho Tire Co.,*

*Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999) (citing *Daubert*, 509 U.S. at 592) (holding that a trial

4931-7270-5912.v1

judge's gatekeeping function applies to all expert testimony, and not just scientific testimony).  "To determine whether a proposed expert's testimony passes muster under Rule 702, courts must inquire into: (1) the qualifications of the proposed expert; (2) whether each proposed opinion is based upon reliable data and reliable methodology; and (3) whether the proposed testimony would be helpful to the trier of fact."  *SEC v. Tourre*, 950 F. Supp. 2d 666, 674 (S.D.N.Y. 2013).  The proponent of expert testimony has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence.  *Daubert*, 509 U.S. at 592 n.10.

If the expert has failed to consider the necessary factors or if the analysis is premised upon a faulty assumption, his testimony may be excluded for lack of probative value.  *Bank of N.Y. Mellon Tr. Co., N.A. v. Solstice ABS CDO II, Ltd.*, 910 F. Supp. 2d 629, 640 (S.D.N.Y. 2012) (citing *Lightfoot v. Union Carbide Corp.*, 175 F.3d 1008, 1999 WL 110424 (Table), at *2 (2d Cir. Mar. 1, 1999)).

## IV.    ARGUMENT

### A.    Dr. Ferrell's ████████ Are Impermissible Legal Opinions

Experts are not permitted to offer legal opinion, including opinion interpreting the law, instructing the jury on legal standards, or drawing legal conclusions.  *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion.").  This is because "expert testimony that 'usurp[s] . . . the role of the trial judge in instructing the jury as to the applicable law' . . . by definition does not 'aid the jury in making a decision'" and so is fundamentally unhelpful.  *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)).

Dr. Ferrell's ███████████ are improper legal opinions. ████████████████ ███████████████████████████████████████████████████ that finds no support in the academic literature.  Indeed, Dr. Ferrell ███████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████.  Dr. Ferrell's ███████████ should be excluded as improper legal opinion.  *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541, 558 (S.D.N.Y. 2004) (excluding expert's opinions that were "at best thinly-disguised legal or quasi-legal principles" and noting that "although an expert may give an opinion to help the jury decide an issue in the case, he or she may not . . . communicate 'a legal standard – explicit or implicit – to the jury'"); *Doe 3 v. Indyke*, 2025 WL 2642114, at *2 (S.D.N.Y. Sept. 15, 2025) (Subramanian, J.) (excluding expert opinion discussing scope of law).

**B.     Dr. Ferrell's ███████████████ Contradict Second Circuit Law on Loss Causation and Damages**

Expert opinions that contradict the law or apply "the wrong legal standard" are unhelpful, irrelevant, and must be excluded.  *Olin Corp. v. Lamorak Ins. Co.*, 2018 WL 1901634, at *21 (S.D.N.Y. Apr. 18, 2018); *Betances v. Fischer*, 2021 WL 1534159, at *4 (S.D.N.Y. Feb. 23, 2021) (excluding expert opinions "making statements of fact or law that are incorrect").  Courts accordingly exclude experts when their opinions impose standards for establishing loss causation and damages that are inconsistent with the law, and they have done so on this precise issue.  *See In re Apple Inc. Sec. Litig.*, 2023 WL 4556765, at *10 (N.D. Cal. July 17, 2023) (excluding expert opinion that a "'key step in assessing loss causation is to determine the ***but-for disclosure***'" because it "misleadingly implies that but-for causation is the legal standard" and "[n]o expert shall testify on the wrong legal standard"); *In re Novatel Wireless Sec. Litig.*, 846  F. Supp. 2d 1104, 1108 (S.D.

- 7 -

Cal. 2012) (granting motion to exclude expert testimony that was "based on a loss causation that is incompatible with that set forth by the Ninth Circuit").

In the Second Circuit, "but-for" causation is not the loss causation standard; instead, Plaintiffs must only "show that 'the loss [was a] foreseeable' result of the defendant's conduct (*i.e.*, the fraud)." *Vivendi*, 838 F.3d at 260-61. Plaintiffs "can establish loss causation either by showing a 'materialization of risk' or by identifying a 'corrective disclosure' that reveals the truth behind the alleged fraud." *Id.* at 261. But the two do not "create fundamentally different pathways for proving loss causation, such that a specific corrective disclosure is the only method by which a plaintiff may prove losses resulting from the revelation of the truth." *Id.* "Whether the truth comes out by way of a corrective disclosure describing the precise fraud inherent in the alleged misstatements, or through events constructively disclosing the fraud, does not alter the basic loss-causation calculus." *Id.* at 262.

To establish damages "in securities fraud cases, plaintiffs need not prove the amount of loss caused by each misstatement with complete mathematical precision." *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 562 (S.D.N.Y. 2011), *aff'd*, 838 F.3d 223 (2d Cir. 2016); *see also Liberty Media Corp. v. Vivendi Universal, S.A.*, 923 F. Supp. 2d 511, 526 (S.D.N.Y. 2013) (noting "'the law does not require the use of such a fine-grained quantitative method'" and there need only be sufficient evidence "'to make a reasonable estimate of damage'"); *Gruber v. Gilbertson*, 628 F. Supp. 3d 472, 483 (S.D.N.Y. 2022) (evidence of damages sufficient where it allowed jury to "attribute some portion of [defendant's] stock price declines over the Class Period" to general subjects of the risks misrepresented).

Dr. Ferrell's ██████████ contradict Second Circuit law on loss causation and damages in multiple respects.

First, Dr. Ferrell's ██████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ For example, Dr. Ferrell opines:

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████████████████

Dr. Ferrell's departure from the law here is stark.  By imposing a requirement that

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████████████████████████████████

Second, Dr. Ferrell's ████████████ belie that "'[t]here is no requirement that the corrective disclosure take a particular form or be of a particular quality.'" *In re Signet Jewelers Ltd., Sec. Litig.*, 2019 WL 3001084, at *14 (S.D.N.Y. July 10, 2019); *Freudenberg v. E*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 202 (S.D.N.Y. 2010) ("neither the Supreme Court in *Dura*, nor any other court addressing the loss causation pleading standard require a corrective disclosure be a 'mirror image' tantamount to a confession of fraud"). ████████████████████████

████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████ "'the corrective disclosure take a particular form or be of a particular quality.'" *Signet*, 2019 WL 3001084, at *14; *Vivendi*, 838 F.3d 223 at 261 (noting a "specific corrective disclosure" is not required to establish loss causation).

Finally, ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████ with the "Second

Circuit's repeated emphasis that losses resulting from securities fraud need not be proved with

mathematical precision." *Liberty Media*, 923 F. Supp. 2d at 532.

      **C.**    **Dr. Ferrell's ███████████ Should Also Be Excluded Under Rule 403 Because They Will Confuse the Issues, Mislead the Jury, and Waste Time**

"'Expert evidence can be both powerful and quite misleading because of the difficulty in

evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force

under Rule 403 . . . exercises more control over experts than over lay witnesses.'" *Daubert*, 509

U.S. at 595; *In re Terrorist Attacks on Sep. 11, 2001*, 2025 WL 2383768, at *5 (S.D.N.Y. Aug. 18,

2025) ("Courts have 'noted the uniquely important role that Rule 403 has to play in a district court's

scrutiny of expert testimony, given the unique weight such evidence may have in a jury's

deliberations.'"). Under Rule 403, the "court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence." Fed. R. Evid. 403.

      Dr. Ferrell's ███████████ implicate numerous concerns that Rule 403 is specifically

designed to prevent. Most obviously, the opinions would confuse the issues and mislead the jury by

creating the incorrect impression that █████████████████████████████████████

██████████████████████████████████████████████████

██████. *See Rezulin*, 309 F. Supp. 2d at 545 (excluding expert opinion under Rule 403 that would have provided "improper grounds for decision on bases other than the pertinent legal standards" and so was "likely unfairly to prejudice and confuse the trier [of fact]"); *Fleming v. Vill. of Rockville Ctr.*, 2025 WL 2774808, at *8 (E.D.N.Y. Sep. 24, 2025) ("testimony on legal conclusions raises the risk of confusing the jury with a potentially incorrect legal standard").

Presentation of Dr. Ferrell's ██████████ would also cause undue delay and waste time by duplicating and contradicting the Court's instructions on the applicable law and creating a needless sideshow where Plaintiffs are forced to counter Dr. Ferrell's testimony at trial with legal argument as to why his ██████████ are legally incorrect. *See SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 265 (D. Conn. 2017) ("'Expert testimony about the governing law is barred under Rule 403 because "it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently."'").

**D.    Dr. Ferrell ████████████████████████████████**

Rule 26(a)(2)(B) mandates that experts disclose the "basis and reasons" for their opinions and all "facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii); *see also Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006) ("An expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion."), *aff'd*, 552 U.S. 312 (2008).

Failure to comply with Rule 26(a)(2)(B) justifies exclusion under Rule 702 and Federal Rule of Civil Procedure 37. *Jinghong Song v. Yao Bros. Grp. LP*, 2012 WL 1557372, at *1-*2 (S.D.N.Y. May 2, 2012) (excluding expert report that failed to "adequately identify the 'facts or data' considered by the witness in forming his opinions"); *Oleg Cassini, Inc. v. Electrolux Home Prods., Inc.*, 2014 WL 1468118, at *9 n.4 (S.D.N.Y. Apr. 15, 2014) ("'because the plaintiff has not provided

4931-7270-5912.v1

the Court, as gatekeeper, with the information necessary to gauge the reliability of the expert's opinion, it has failed to meet its burden of demonstrating admissibility under Rule 702'"); *On Track Innovations, Ltd. v. T-Mobile USA, Inc.*, 2015 WL 14072083, at *4 (S.D.N.Y. July 24, 2015) ("Rule 37(c)(1) provides that if a party fails to disclose information 'as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless.'").

Experts must disclose the information they considered even if the information was provided by counsel.   Indeed, Rule 26(b)(4)(C) explicitly exempts from work product protection communications between experts and attorneys that: (1) "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed"; or (2) "identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii)-(iii); *see also Constr. Indus. Servs. Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 51 (E.D.N.Y. 2001) ("This result rests on significant policy considerations.   First, requiring disclosure of all material considered by the expert, including otherwise privileged work product, will help promote more effective cross-examination . . . .").

Here, Dr. Ferrell opines that ████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

- 13 -



Dr. Ferrell has been providing expert testimony for decades, and he is aware of the rules, which explicitly exempt from protection ████████████████████ ████████████████████ Nor was Dr. Ferrell's refusal harmless –

Dr. Ferrell's failure is critical in light of a last-minute change that defense counsel attempted to make to relevant evidence.  On December 6, 2024, Defendants served interrogatory responses, verified by Dane Baumgardner (Dentsply's Vice President, Legal, Corporate Functions), which identified Casey as a Dentsply employee that was terminated for violations of Dentsply's Code of Ethics and Business Conduct.  Ex. 5 at 26-27.  On August 8, 2025, Defendants served amended interrogatory responses, which continued to list Casey as a Dentsply employee that was terminated

---

[4] ████████████████████████████████████████████████████████████ In any event, Plaintiffs allege Dentsply's financial performance in the second half of 2021 and 1Q22 *was* fraud-related.

4931-7270-5912.v1

for violations of Dentsply's Code of Ethics and Business Conduct, but removed Ranjit Chadha (Dentsply's former Chief Accounting Officer) as a Dentsply employee that was terminated for violations of Dentsply's Code of Ethics and Business Conduct.  Ex. 6 at 2-3.  ███████████

███████████████████████████████████████████████████████████

████████████████  At roughly 7:00 EDT on October 21, 2025 – the night before Dr. Ferrell's deposition – Defendants served amended, ***unverified*** interrogatory responses that removed Casey as a Dentsply employee that was terminated for violations of Dentsply's Code of Ethics and Business Conduct.  Ex. 7 at 2-3.

Defendants' amendment is directly relevant to ██████████████████████████████ ████████████████████████  By inappropriately instructing Dr. Ferrell not to answer questions about the basis for his understanding, defense counsel inhibited Plaintiffs from testing Dr. Ferrell's opinion and exploring the last-minute and unexplained change in pertinent evidence. Defense counsel's and Dr. Ferrell's improper behavior further justifies exclusion. *See On Track*, 2015 WL 14072083, at *4 (noting preclusion of expert testimony  was "justified by the need 'to prevent the practice of "sandbagging" an adversary with new evidence'").

## V.    CONCLUSION

Plaintiffs request that the Court exclude: (1) Dr. Ferrell's ████████████ ; and (2) ████ ███████████████████████████████████████████████████████████ ████████████████████████████████████ .

DATED:  November 7, 2025            Respectfully submitted,


                                          s/ Luke O. Brooks
                                          LUKE O. BROOKS

- 15 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (admitted *pro hac vice*)
LUKE O. BROOKS (admitted *pro hac vice*)
DARRYL J. ALVARADO (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
HILLARY B. STAKEM (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
MEGAN M. SONNEY (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
hstakem@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com
msonney@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiffs

- 16 -

4931-7270-5912.v1

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 4,871 words.

s/ Luke O. Brooks
_____
LUKE O. BROOKS

4931-7270-5912.v1