# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIRMENT SYSTEM, *Individually and on behalf of all others similarly situated*,<br><br>                              Plaintiffs,<br><br>       v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br>                              Defendants. | 22 cv. 6339 (AS) |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants Dentsply Sirona Inc. ("Dentsply" or the "Company"), Donald M. Casey, Jr., and Jorge Gomez (the "Individual Defendants," and together with Dentsply, "Defendants"), by and through their undersigned counsel, hereby provide their responses and objections (the "Responses") pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and Rules 26.2, 26.3, and 33.3 of the Local Rules of the United States District Court for Southern District of New York (the "Local Rules") to Lead Plaintiffs City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System's (collectively, "Lead Plaintiffs") First Set of Interrogatories, dated October 30, 2024 (the "Interrogatories," and each an "Interrogatory") as follows:

1

# GENERAL OBJECTIONS

Each of Defendants' Responses is subject to the following general objections (the "General Objections") to the Interrogatories, and each such General Objection is incorporated by reference in Defendants' Responses to each and every Interrogatory as if fully set forth therein and, therefore, any failure to repeat the General Objections in any Response shall not be deemed a waiver.

The Responses are made to the best of Defendants' knowledge at the present time, and Defendants explicitly reserve the right to revise, amend, correct, supplement or clarify the Responses.

1.    Defendants object to all definitions, instructions and each and every Interrogatory that purports to impose obligations beyond those required or permitted by the FRCP, the Local Rules, the Court's rules or orders, or any other applicable law or rule (the "Governing Rules").

2.    Defendants object to each and every Interrogatory, including the definitions and instructions contained therein, to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, redundant, unreasonable in scope, not relevant to any claim or defense, or not proportional to the needs of the case. Defendants further object to each and every Interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case, or is likely to impose significant and disproportionate burden or inconvenience on Defendants. On May 1, 2024, the Honorable Arun Subramanian issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss (the "Order"). Pursuant to the Court's Order, Plaintiffs failed to state claims against Ranjit Chadha and as to paragraphs 100–102, 108, 114, 120, 147–148, and 181–183 and portions of paragraphs 105, 111, 114, 120, and 143 of the Complaint. Order at 18. As such, Defendants will only provide

2

responses, if any, that relate to the claims that were not dismissed in the Court's Order (the "Remaining Claims").

3.      Defendants object to each and every Interrogatory to the extent it exceeds the scope of permissible interrogatories under Local Civil Rule 33.3(a) of the Southern District of New York.  In its Civil Case Management Plan and Scheduling Order (ECF No. 118), the Court permitted "Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York" to be served by October 30, 2024.  However, the Court expressly forbade "other interrogatories" "except upon prior express permission of the Court."  As the Court has not provided Plaintiffs "prior express permission" to serve interrogatories other than those under Local Rule 33.3(a), Defendants object to and will not respond to any Interrogatory that exceeds the scope of that Local Rule.

4.      Defendants object to each and every Interrogatory as vague and ambiguous to the extent that the terms or phrases used therein are undefined, would require the Defendants to speculate as to their intended meaning, and/or fail to meaningfully distinguish between similar, but not identical, terms and phrases used elsewhere in the Interrogatories.

5.      Defendants object to each and every Interrogatory to the extent it calls for the production of information not presently in the possession of Defendants, but rather in the possession of third parties or separate legal entities.  Defendants will only produce information that is within their possession, custody or control.

6.      Defendants object to each and every Interrogatory, including the definitions and instructions, to the extent that it purports to require Defendants to draw legal conclusions or is predicated on legal conclusions or arguments.  Subject to and without waiver of its objections, Defendants state that any response or provision of information in response to the Interrogatories

3

is not intended to provide, and shall not constitute or be construed as acceptance of, a legal conclusion or an admission concerning any of the terms used in the Interrogatories.

7.      Defendants object to each and every Interrogatory, including the definitions and instructions, to the extent it is premature and requires a response concerning a subject matter as to which Defendants' investigation into the subject matter of this action is ongoing, and Defendants expressly reserve the right to supplement and amend its response to each and every Interrogatory pursuant to Federal Rule 26(e) based on the results of the investigation and further discovery in this action.

8.      Defendants object to each and every Interrogatory to the extent it calls for the production of information already in the possession of the Lead Plaintiffs, or otherwise available from public sources or documents that are on file with the Court. Such an Interrogatory is beyond the scope of permissible discovery, would impose an undue burden on Defendants and is an attempt to require Defendants to prepare Lead Plaintiffs' case.

9.      Defendants object to each and every Interrogatory, including the definitions and instructions, to the extent it expressly or impliedly seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, Federal Rule of Evidence 408, a joint defense or common interest privilege, or any other applicable privilege, immunity, or protection from discovery or whose disclosure is otherwise prohibited by the Governing Rules. Information covered by such privileges is not subject to disclosure and, therefore, the Interrogatories will not be construed to seek such information. Any inadvertent disclosure of any information protected by such privileges shall not be deemed or construed as a waiver of any privilege, immunity, protection or right of Defendants.

10.     Defendants object to each and every Interrogatory, including the definitions and instructions, to the extent that it calls for the disclosure of confidential or proprietary or non-public information, trade secrets, research, development, commercial or financial information, or any other completely sensitive information, the release of which could cause competitive or commercial harm to Defendants or a third party, or cause harm to the public.  Defendants will provide any such non-privileged, relevant, and responsive information subject to the terms and conditions of the Protective Order entered in this case (ECF No. 120).

11.     The objection, failure to object, or any indication herein that Defendants will produce information does not constitute a representation by Defendants that such information exists or is within their knowledge, possession, custody, or control.  To the extent that Defendants respond to the Interrogatories, Defendants do so without conceding the propriety, relevance, competency, privilege, materiality, confidentiality, authenticity, or admissibility of any such Response, or information that may be responsive to such Interrogatory.

12.     Defendants object to each and every Interrogatory, definition, and instruction contained in the Interrogatory to the extent that any such Interrogatory, definition, or instruction contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action.   The production of any information or the propounding of Responses to such Interrogatory, shall not constitute Defendants' agreement with or acquiescence to any such description.

Defendants incorporate the foregoing General Objections into the specific objections and responses to each Interrogatory and thus do not restate each therein.

**OBJECTIONS TO DEFINITIONS**

1.      Defendants object to each definition to the extent it is vague, ambiguous, overbroad, overinclusive, would result in undue burden and expense, includes information that is not relevant to any party's claims or defenses, would encompass information that is outside Defendants' custody or control, seeks documents from outside the relevant time period as defined in the Interrogatories (the "Relevant Time Period"), or imposes duties on Defendants that differ from or exceed those imposed by the Governing Rules.

2.      Defendants object to the definition of "Defective Product(s)" because it is vague, ambiguous, overbroad and overinclusive, and would result in undue burden and expense. Defendants further object to the definition of "Defective Product(s)" to the extent the definition requires Defendants to speculate as to the identity of "any of Dentsply's [] T&E Products . . . that were affected by the Product Defects . . ."

3.      Defendants object to the definitions of "Dentsply" and the "Company" because they are vague, ambiguous, overbroad, and overinclusive, would result in undue burden and expense, and would encompass information that is outside Defendants' possession, custody or control. Defendants further object that the definitions of "Dentsply" and the "Company" would require Defendants to speculate as to the identity of all purported entities and persons acting on Dentsply's behalf and/or alleged to be affiliates or predecessors of Dentsply. Defendants further object to the extent the definitions of "Dentsply" and the "Company" require Defendants to gain access to information from former agents, accountants and advisors. Defendants further object to these definitions to the extent they purport to require Defendants to provide information that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege

or immunity. In responding to these Interrogatories, Defendants will construe "Dentsply" or "Company" to mean Dentsply Sirona Inc.

4. Defendants object to the definition of "Distributor(s)" because it is vague, ambiguous, overbroad, and overinclusive, and would result in undue burden and expense. Defendants further object to the definition of "Distributor(s)" to the extent the definition requires Defendants to speculate as to the identity of "any . . . third-party distributors of Dentsply's T&E Products . . . and any of these entities' . . . direct or indirect subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, present and former officers, directors, employees . . . agents, accountants, and advisors, and all other persons . . . ." In responding to these Interrogatories, Defendants will construe "Distributor(s)" to refer to Henry Schein, Inc. and Patterson Companies, Inc. unless otherwise indicated.

5. Defendants object to the definition of "Distributor Inventory Levels" because it is vague, ambiguous, and internally inconsistent so as to be unintelligible. For example, the definition purports to mean "Distributors' inventory of Dentsply's T&E Products," but includes references to "[d]ealer inventory on hand" in Dentsply's third quarter of 2022 Form 10-Q filed with the SEC on November 14, 2022, and to "dealers' inventory" in Dentsply's 2021 Form 10-K/A filed with the SEC on November 7, 2022, which both refer only to dealers' inventory of CAD/CAM products. In responding to these Interrogatories, Defendants will construe "Distributor Inventory Levels" to refer to Distributors' inventory of Dentsply's T&E Products unless otherwise indicated.

6. Defendants object to the definition of "Employee(s)" because it is vague, ambiguous, overbroad, overinclusive, and would result in undue burden and expense. Defendants further object to the definition to the extent it purports to require Defendants to make subjective

determinations and undertake highly burdensome investigations to identify "any person who at any time . . . purported to act on [Defendants'] behalf or under [Defendants'] supervision, direction or control[.]" Defendants further object to this definition to the extent it purports to require Defendants to produce documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. In responding to these Interrogatories, Defendants will construe the term "Employee(s)" in its ordinary use as context requires.

7. Defendants object to the definition of "End-User(s)" because it is vague, ambiguous, overbroad and overinclusive, and would result in undue burden and expense to the extent it purports to include "any other 'end-users' of Dentsply's T&E Products" in addition to those enumerated in the definition. In responding to these Interrogatories, Defendants will construe the term "End-User(s)" to mean dentists, dental hygienists, dental assistants, dental laboratories, and dental schools.

8. Defendants incorporate by reference their below objections to the definition of the term "Person(s)" to the extent the definitions of "Entity" and "Entities" purport to have the same meaning as the term "Person(s)." In responding to these Interrogatories, Defendants will construe the terms "Entity" and "Entities" in their ordinary use as context requires.

9. Defendants object to the definition of "Incentive(s)" because it is vague and ambiguous in that it defines "Incentive(s)" to mean "any incentive." In responding to these Interrogatories, Defendants will construe "Incentive(s)" to mean the incentives referenced in Dentsply's Form 8-K filed with the SEC on November 1, 2022.

10. Defendants object to the definition of "Internal Investigation" because it is vague, ambiguous, overbroad, and overinclusive. In responding to these Interrogatories, Defendants will

8

construe "Internal Investigation" to mean the internal investigation discussed in the Company's November 1, 2022 Form 8-K.

11.    Defendants object to the definition of "Persons" because it is vague, ambiguous, overbroad and overinclusive, and would result in undue burden and expense. In responding to these Interrogatories, Defendants will construe "Persons" in a manner consistent with the Governing Rules.

12.    Defendants object to the definition of "Product Defect(s)" because it is vague, ambiguous, and overbroad to the extent it purports to include "any defect, malfunctioning, impairment, failure, or other operational problem with any of Dentsply's T&E Product," regardless of whether they relate to the claims and defenses at issue in this case. Defendants further object to the definition to the extent it purports to require Defendants to make subjective determinations of what constitutes a "defect, malfunctioning, impairment, failure, or other operational problem." In responding to these Interrogatories, Defendants will construe "Product Defect(s)" to mean the alleged problems, defects, and failures discussed in paragraphs 46-52 of the Complaint.

13.    Defendants object to the definition of "Professional Advisor(s)" as vague, ambiguous, overbroad, and unduly burdensome to the extent it includes "persons who provide advice, counsel, or recommendations on…other matters" than those listed in the definition. Defendants further object to this definition to the extent it includes "legal counsel (whether in-house or outside), law firms, [and] legal advisors" and thus- purports to require Defendants to provide information that is protected by the attorney-client privilege, work product doctrine, or any applicable privilege or immunity.

14.    Defendants object to the definition of "SEC Investigation" as vague, ambiguous, and overbroad to the extent it includes "any continuation or expansion" of the SEC investigation

9

referenced in Dentsply's Form 8-K filed with the SEC on November 1, 2022. In responding to these Interrogatories, Defendants will construe "SEC Investigation" to refer to said investigation.

15.     Defendants object to the definition of "Supply Chain Constraints" as vague, ambiguous, overbroad, overinclusive, and unduly burdensome.

16.     Defendants object to the definitions of "Third Party" and "Third Parties" as vague and ambiguous to the extent it purports to include Lead Plaintiffs. Defendants will construe the terms "Third Party" and "Third Parties" to mean persons or entities not named as parties in this Action.

17.     Defendants object to the definition of "You" and "Your" to the extent the definition contemplates only a single person or entity responding to the Interrogatories.

## OBJECTIONS TO INSTRUCTIONS

1.     Defendants object to each instruction to the extent it is vague, ambiguous, overbroad, overinclusive, would result in undue burden and expense, purports to require the production of information that is not relevant to any party's claims or defenses, would encompass information that is outside Defendants' possession, custody or control, seeks information from outside the Relevant Time Period, or imposes duties on Defendants that differ from or exceed those imposed by the Governing Rules. Defendants further object to each instruction to the extent it purports to require Defendants to produce information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

2.     Defendants object to Instruction No. 1 to the extent it purports to impose burdens and obligations that exceed the requirements of the Governing Rules, including the FRCP.

10

3.      Defendants object to Instruction No. 2 to the extent it purports to impose burdens and obligations beyond those required by the Governing Rules.  Defendants will respond to the Interrogatories, if at all, pursuant to the obligations set forth in the Governing Rules.

4.      Defendants object to Instruction No. 3 as unduly burdensome and not proportional to the needs of the case to the extent it purports to require Defendants to state in writing "the portion of the interrogatory that [Defendants] are unable to answer fully and completely, together with the facts on which [Defendants] rely to support that contention, and answer as much of the interrogatory as possible."  Defendants further object to Instruction No. 3 to the extent that it purports to impose obligations beyond those required by the Governing Rules, because it is unduly burdensome, oppressive, and overbroad.

5.      Defendants object to Instruction No. 5 to the extent it purports to impose burdens and obligations that exceed the requirements of the Governing Rules.  Defendants will construe connectives "and" and "or" in their ordinary use as context requires.

6.      Defendants object to Instruction No. 6 to the extent it purports to impose burdens and obligations that exceed the requirements of the Governing Rules.  Defendants will construe singular and plural words in their ordinary use as context requires.

7.      Defendants object to Instruction No. 8 as unduly burdensome and not proportional to the needs of the case to the extent it seeks to impose upon Defendants obligations beyond those required by the Governing Rules.

8.      Defendants object to Instruction No. 9 to the extent it seeks to impose upon Defendants obligations in excess of those required by the Governing Rules.

9.      Defendants object to Instruction No. 10 to the extent it seeks to impose upon Defendants obligations in excess of those required by the Governing Rules.

11

**RESERVATION OF RIGHTS**

1.      To the extent that Defendants produce information in response to the Interrogatories, they do so without conceding the admissibility, materiality or relevance of any such information, or of any other substantive responses to the Interrogatories.

2.      Defendants reserve all objections to the use of these Responses and of any information they produce.  Defendants may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the Court.

3.      Defendants reserve the right to amend, supplement or withdraw their Responses and objections to the Interrogatories in accordance with FRCP 26(e).

4.      Insofar as the intentional production of any information by Defendants pursuant to the Interrogatories may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular information only.

**SPECIFIC RESPONSES AND OBJECTIONS**

Defendants incorporate by reference the foregoing General Objections, Objection to Definitions, and Objections to Instructions in each of the following specific responses and objections as if fully set forth therein.  To the extent specific objections appear in the response to a particular Interrogatory, they so appear because they are particularly applicable to that specific Interrogatory; this is not to be construed as a waiver or limitation of any general objection applicable to such Interrogatory.  Defendants make the following objections and responses:

**INTERROGATORY NO. 1:**

Regarding the following statement in the November 1, 2022 Form 8-K: "[m]anagement identified misstatements for the three and nine months ended September 30, 2021 and for the fiscal year ended December 31, 2021, in each case, that the Company deemed to be material when considered together with certain qualitative considerations such as the fact that the misstatements masked a failure to meet internal financial targets and external financial analyst expectations for the three months ended September 30, 2021," identify each of the:

(a) "Misstatements";
(b) "qualitative and quantitative considerations"; and
(c) "internal financial targets and external financial analyst expectations."

**RESPONSE TO INTERROGATOY NO. 1:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order.   By asking for "misstatements," "qualitative and quantitative considerations," and "internal financial targets  and external financial analyst expectations," the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory to the extent the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

Defendants further object to the Interrogatory as impermissibly compound as it has at least three discrete subparts: (1) seeking identification of "misstatements," (2) seeking identification of "qualitative and quantitative considerations," and (3) seeking identification of "internal financial targets and external financial analyst expectations."

Defendants further object to  the Interrogatory as  overbroad and unduly burdensome because it  asks Defendants to  identify each  misstatement, each  qualitative and quantitative consideration and each internal financial targets and external financial analyst expectations.  The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 2:**

Regarding the statement in the November 1, 2022 Form 8-K concerning "allegations regarding certain financial reporting matters submitted by current and former employees of the Company," identify:
    (a) each "employee" that submitted an "allegation"; and

13

(b) each "allegation" that each "employee" submitted.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking the content of the referenced allegations that each referenced employee submitted, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as impermissibly compound as it has at least two discrete subparts: (1) seeking identification of each employee that submitted an allegation and (2) seeking identification of each allegation that each employee submitted.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that the list of employees that submitted a non-anonymized allegation as described in the quoted portion of Dentsply's November 1, 2022 Form 8-K are:

Neil Hoover;

Jerry Asamoah; and

Natalie Berse.

**INTERROGATORY NO. 3:**

Identify the specific "incorrect accounting and assumptions in the determination of estimates related to [Dentsply's] sales returns provisions, warranty reserve provisions and variable consideration," as discussed in the November 1, 2022 Form 8-K.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order.   By seeking specific "incorrect accounting and assumptions" used in the determination of the referenced estimates, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 4:**

Define "intentional wrongdoing or fraud" as used in the November 1, 2022 Form 8-K, and identify all facts and documents used to reach the conclusion that "there was no evidence of intentional wrongdoing or fraud."

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order.  By seeking a definition of the referenced phrase and "all facts and documents used to support" the referenced conclusion, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

Defendants further object to the Interrogatory as vague and ambiguous to the extent it requires Defendants to "define" "intentional wrongdoing or fraud" and as overbroad and unduly burdensome to the extent it requires Defendants to identify "all facts and documents" used to reach the conclusion that there was no evidence of intentional wrongdoing or fraud.  The burden of

15

locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 5 asking for all documents and communications concerning the findings and conclusions that were announced in the November 1, 2022 Form 8-K.

Defendants further object to the Interrogatory to the extent that it is an untimely contention Interrogatory. Asking for the identification of "every fact, every piece of evidence, every witness, and every application of law to fact" is an overbroad and unduly burdensome contention interrogatory. *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd., v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *See also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Md. 2542 (VSB) (SLC), 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) (finding that Defendant cannot request "all factual bases and Documents" because this is an overly broad and unduly burdensome contention interrogatory).

Defendants further object to the Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or similar doctrine that protects it from disclosure.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 5:**

For each of the "former members of senior management, including the Company's former Chief Executive Officer and former Chief Financial Officer, [that] violated provisions of the Company's Code of Ethics and Business Conduct" as discussed in the November 1, 2022 Form 8-K, identify the individual and all facts and documents used to support the conclusion that he or she "violated provisions of the Company's Code of Ethics and Business Conduct."

16

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking "all facts and documents used to support" the referenced conclusions, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify "all facts and documents" used to support the conclusion that former members of senior management "violated provisions of the Company's Code of Ethics and Business Conduct." The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is an untimely contention Interrogatory.

Defendants further object to the Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or similar doctrine that protects it from disclosure.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that the list of former members of senior management described in the quoted portion of Dentsply's November 1, 2022 Form 8-K are:

17

Donald Casey;

Jorge Gomez;

Eric Bruno;

Ranjit Chadha;

Walter Petersohn;

Ivan Zeljkovic;

Henning Mueller;

Joerg Daehn;

Ethan Cui; and

Marco Liu.

**INTERROGATORY NO. 6:**

For each of the "former members of senior management [that] did not maintain and promote an appropriate control environment focused on compliance in areas of the Company's business, nor did they sufficiently promote, monitor or enforce adherence to the Code of Ethics and Business Conduct" as discussed in the November 1, 2022 Form 8-K, identify the individual and all facts and documents used to support the conclusion that he or she "did not maintain and promote an appropriate control environment focused on compliance in areas of the Company's business, nor did they sufficiently promote, monitor or enforce adherence to the Code of Ethics and Business Conduct."

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order.  By seeking "all facts and documents used to support" the referenced conclusions, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

Defendants further object to the Interrogatory as impermissibly compound as it has at least

18

two discrete subparts: (1) seeking "all facts and documents" used to support the conclusion that employees "did not maintain and promote an appropriate control environment focused on compliance in areas of the Company's business," and (2) seeking "all facts and documents" used to support the conclusion that employees did not "sufficiently promote, monitor or enforce adherence to the Code of Ethics and Business Conduct."

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify "all facts and documents" related to the quoted portion of the November 1, 2022 Form 8-K.  The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is an untimely contention Interrogatory.

Defendants further object to the Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or similar doctrine that protects it from disclosure.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that the list of former members of senior management described in the quoted portion of Dentsply's November 1, 2022 Form 8-K as having been found to not "sufficiently promote, monitor or enforce adherence to the Code of Ethics and Business Conduct" are:

Donald Casey;

Jorge Gomez;

Eric Bruno;

19

Ranjit Chadha;

Walter Petersohn;

Ivan Zeljkovic;

Henning Mueller; and

Joerg Daehn

The list of former members of senior management described in the quoted portion of Dentsply's November 1, 2022 Form 8-K as having been found to not "maintain and promote an appropriate control environment focused on compliance in areas of [Dentsply's] business" are:

Donald M. Casey;

Jorge M. Gomez; and

Ranjit Chadha.

## INTERROGATORY NO. 7:

For each "former member[] of senior management, including the former Chief Executive Officer and the former Chief Financial Officer [who] created a culture where employees did not feel comfortable raising concerns without fear of retaliation" as discussed in the November 1, 2022 Form 8-K, identify the individual and all facts and documents used to support the conclusion that he or she "created a culture where employees did not feel comfortable raising concerns without fear of retaliation."

## RESPONSE TO INTERROGATORY NO. 7:

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking "all facts and documents used to support" the referenced conclusions, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the

20

extent it requires Defendants to identify "all facts and documents" used to support the referenced conclusion. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is an untimely contention Interrogatory.

Defendants further object to the Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or similar doctrine that protects it from disclosure.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that the list of former members of senior management described in the quoted portion of Dentsply's November 1, 2022 Form 8-K are:

Donald Casey; and

Jorge Gomez.

**INTERROGATORY NO. 8:**

Describe the "allegations regarding inappropriate tone at the top by the former Chief Executive Officer and the former Chief Financial Officer" discussed in the November 1, 2022 Form 8-K, and identify all facts and documents that "substantiated" those allegations, as discussed in the November 1, 2022 Form 8-K.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking the content of the referenced allegations and "all facts and documents" substantiating those allegations, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

21

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

Defendants further object to the Interrogatory as impermissibly compound as it has at least three discrete subparts: (1) seeking a description of the "allegations regarding inappropriate tone at the top," (2) seeking all facts that "substantiated" the allegations discussed, and (3) seeking identification of all documents that "substantiated" the allegations discussed.

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify and describe all facts and documents regarding allegations about "inappropriate tone at the top," and all facts and documents that "substantiated" the allegations discussed.  The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 9:**

Identify all facts and documents used to support the conclusion that "there were inadequate processes in place for approval of these incentives and that the Company also had inadequate processes for maintaining or providing copies of agreements or arrangements with distributors to the accounting department," as discussed in the November 1, 2022 Form 8-K.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking "all facts and documents used to support" the referenced conclusions, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

Defendants further object to the Interrogatory as impermissibly compound as it has at least two discrete subparts: (1) seeking information regarding the "inadequate processes in place for approval of these incentives" and (2) seeking information regarding the "inadequate processes for maintaining or providing copies of agreements or arrangements with distributors to the accounting department[.]"

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify "all facts and documents" concerning "inadequate processes in place for approval" of incentives and "all facts and documents" concerning "inadequate processes for maintaining or providing copies of agreements or arrangements with distributors to the accounting department[.]"  The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is an untimely contention Interrogatory.

Defendants further object to the Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or similar doctrine that protects it from disclosure.

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 5 part (h) seeking all documents and communications concerning the "inadequate processes in place for approval of incentives and that the Company also had inadequate processes for maintaining or providing copies of agreements or arrangements with distributors to the accounting department."

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 10:**

Identify all facts and documents used to support the conclusion that "the North America Investigation did not find evidence that the former Chief Executive Officer and former Chief Financial Officer specifically directed the Company's use of incentives to achieve executive compensation targets in 2021," as discussed in the November 1, 2022 Form 8-K.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking "all facts and documents used to support" the referenced conclusions, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify "all facts and documents" concerning the North American Investigation not finding evidence "that the former Chief Executive Officer and former Chief Financial Officer specifically directed the Company's use of incentives to achieve executive compensation targets in 2021[.]" The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is an untimely contention Interrogatory.

Defendants further object to the Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or similar doctrine that

24

protects it from disclosure.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 11:**

For each individual that "committed intentional wrongdoing by failing to provide requested information to the Company's local accounting organization, by obstructing the work of the accounting team, and by lacking truthfulness in providing information to the Company and to the Audit and Finance Committee as part of the China Investigation," as discussed in the November 1, 2022 Form 8-K, identify the individual and all facts and documents used to support the conclusion that he or she "committed intentional wrongdoing."

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking "all facts and documents used to support" the referenced conclusions, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify "all facts and documents" used to support conclusions that individuals committed intentional wrongdoing. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 5 part (k).

The Individual Defendants further object to the Interrogatory because it seeks

25

information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that the list of individuals described in the quoted portion of Dentsply's November 1, 2022 Form 8-K are:

Henning Mueller;

Joerg Daehn;

Ethan Cui; and

Marco Liu

**INTERROGATORY NO. 12:**

Identify each individual referenced in the following statement from Dentsply's 2021 Form 10-K/A: "[t]ermination of certain members of senior management as well as non-executive employees for violations of the Code of Ethics and Business Conduct," and for each individual, describe each "violation[] of the Code of Ethics and Business Conduct" referenced in Dentsply's 2021 Form 10-K/A.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking a description of each individual's referenced violation, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that the list of individuals described in the quoted portion of Dentsply's 2021 Form 10-K/A are:

26

Donald Casey;

Scott Shepard;

Ken Ciulla;

Ranjit Chadha;

Walter Petersohn;

Ivan Zeljkovic;

Henning Mueller;

Joerg Daehn;

Ethan Cui; and

Marco Liu.

**INTERROGATORY NO. 13:**

Identify all facts and documents used to support the conclusion that "the investigation noted that the Company's independent registered accounting firm was not informed of these incremental incentive arrangements in conjunction with the 2021 audit of the consolidated financial statements," as discussed in the November 1, 2022 Form 8-K.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking "all facts and documents used to support" the referenced conclusions, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify all facts and documents regarding the referenced conclusion about the Company's independent registered accounting firm. The burden of locating,

27

reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 14:**

For the third and fourth quarters of fiscal year 2021, identify each final agreement between Dentsply and any Distributor for the purchase of Dentsply's CAD/CAM equipment that was made in connection with an Incentive, including:
(a) the date of the final agreement;
(b) the name of the Distributor that made the purchase;
(c) total quantity (in units) of CAD/CAM equipment purchased;
(d) the total amount of revenue recognized in connection with each final agreement;
(e) total purchase amount (in dollars) before the Incentives were applied;
(f) total purchase amount (in dollars) after the Incentives were applied;
(g) a description of the Incentive (e.g. amount of rebate or payment terms);
(h) each Dentsply employee involved in negotiating the Incentive(s); and
(i) each Dentsply employee that approved the Incentive(s)

**RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking the specific content of and other details regarding each final agreement for the third and fourth quarters of fiscal year 2021, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as vague and ambiguous to the extent it requires Defendants to define "final agreement" and as overbroad and unduly burdensome to the extent it requires Defendants to identify each final agreement for two quarters, regardless of whether said agreement bears any relation to the issues in this case. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any

28

probative value of such information.

Defendants further object to the Interrogatory as impermissibly compound as it has at least nine discrete subparts: seeking (1) the date of the final agreement; (2) the name of the Distributor that made the purchase; (3) total quantity (in units) of CAD/CAM equipment purchased; (4) the total amount of revenue recognized in connection with each final agreement; (5) total purchase amount (in dollars) before the Incentives were applied; (6) total purchase amount (in dollars) after the Incentives were applied; (7) a description of the Incentive (e.g. amount of rebate or payment terms); (8) each Dentsply employee involved in negotiating the Incentive(s); and (9) each Dentsply employee that approved the Incentive(s).

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 19, No. 26 parts (a), (b), and (c), and No. 27.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 15:**

For the third and fourth quarters of fiscal year 2021, identify:
    (a) the total quantity (in number of units) of CAD/CAM equipment purchased by Distributors in connection with Incentives;
    (b) the total quantity (in number of units) of CAD/CAM equipment purchased by End-Users in connection with incentives;
    (c) the total quantity (in dollars, before the Incentives were applied) of CAD/CAM equipment purchased by Distributors in connection with Incentives;
    (d) the total quantity (in dollars, before the Incentives were applied) of CAD/CAM equipment purchased by End-Users in connection with Incentives;
    (e) the total quantity (in dollars, after the Incentives were applied) of CAD/CAM equipment purchased by Distributors in connection with Incentives;
    (f) the total quantity (in dollars, after the Incentives were applied) of CAD/CAM equipment purchased by End-Users in connection with Incentives;
    (g) the total dollar value of Incentives that Dentsply agreed to provide to Distributors; and
    (h) the total dollar value of Incentives that Dentsply agreed to provide to End-Users.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order.  By seeking a variety of specific information regarding CAD/CAM equipment for the third and fourth quarters of fiscal year 2021, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

Defendants further object to the Interrogatory as impermissibly compound as it has at least eight discrete subparts: seeking (1) the total quantity (in number of units) of CAD/CAM equipment purchased by Distributors in connection with Incentives; (2) the total quantity (in number of units) of CAD/CAM equipment purchased by End-Users in connection with incentives; (3) the total quantity (in dollars, before the Incentives were applied) of CAD/CAM equipment purchased by Distributors in connection with Incentives; (4) the total quantity (in dollars, before the Incentives were applied) of CAD/CAM equipment purchased by End-Users in connection with Incentives; (5) the total quantity (in dollars, after the Incentives were applied) of CAD/CAM equipment purchased by Distributors in connection with Incentives; (6) the total quantity (in dollars, after the Incentives were applied) of CAD/CAM equipment purchased by End-Users in connection with Incentives; (7) the total dollar value of Incentives that Dentsply agreed to provide to Distributors; and (8) the total dollar value of Incentives that Dentsply agreed to provide to End-Users.

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify eight categories of information across two fiscal quarters. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

30

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 23 and No. 35.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 16:**

Identify each CAD/CAM and imaging product return that occurred in fiscal years 2021 and 2022, including:
 (a) the date of the return;
 (b) the reason(s) for the return;
 (c) the type of product returned (e.g., Primemill);
 (d) the total amount (in dollars) that Dentsply refunded the customer as a result of the return;
 (e) how Dentsply accounted for the return in connection with its SEC filings;
 (f) whether the return was approved by Donald M. Casey, Jr.; and
 (g) whether the return was approved by Jorge Gomez.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking descriptions of each CAD/CAM and imaging product return during fiscal years 2021 and 2022, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as impermissibly compound as it has at least seven discrete subparts: seeking (1) the date of each referenced return; (2) the reason(s) for the return; (3) the type of product returned (e.g., Primemill); (4) the total amount (in dollars) that Dentsply refunded the customer as a result of the return; (5) how Dentsply accounted for the return in connection with its SEC filings; (6) whether the return was approved by Donald M. Casey, Jr.;

and (7) whether the return was approved by Jorge Gomez.

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify specific details about CAD/CAM and imaging product returns for two full fiscal years. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 21 part (d), No. 32, No. 38, and No. 39.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 17:**

For each month throughout fiscal years 2021 and 2022, identify the total quantity (in number of units and dollars) of each Distributor's Inventory Levels for each of Dentsply's T&E Products.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking identification of each Distributor's Inventory Levels for each T&E product, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify 24 months of fiscal year information regarding Distributor Inventory Levels for each of Dentsply's T&E Products, in units and dollars. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would

32

outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it seeks information that is not relevant to any party's claims or defenses.

Defendants further object to the Interrogatory to the extent that it seeks information outside of Defendants' possession, custody, or control.

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 3 part (d), No. 19, No. 27, and No. 28.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 18:**

For each month throughout fiscal years 2021 and 2022, identify each Distributor's Inventory Levels (measured in days on hand) for each of Dentsply's T&E Products.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking identification of each Distributor's Inventory Levels for each T&E product for two fiscal years, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify 24 months of inventory level information regarding Distributor Inventory Levels for each of Dentsply's T&E Products, in days on hand. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would

33

outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it information that is not relevant to any party's claims or defenses.

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 3 part (d), No. 19, No. 27, and No. 28.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 19:**

Identify each employee that Dentsply fired or otherwise asked to depart or separate from the Company as a result (in whole or in part) of the conduct detailed in the November 1, 2022 Form 8-K.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

Defendants further object to this Interrogatory as vague and ambiguous to the extent it requires Defendants to subjectively determine whether an adverse employment action resulted "in whole or in part" from the referenced conduct.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that the list of employees fired or otherwise asked to depart or separate from the Company as a result of the conduct detailed in the November 1, 2022 Form 8-K are:

Donald Casey;

Eric Bruno;

Ranjit Chadha;

Walter Petersohn;

Ivan Zeljkovic;

Scott Shepard;

Ken Ciulla;

Henning Mueller;

Joerg Daehn;

Ethan Cui; and

Marco Liu.

**INTERROGATORY NO. 20:**

For each Defendant who intends to rely on the advice of Professional Advisors or Third Parties in support of their defense in this Action, separately identify every Professional Advisor and Third Party upon whom each Defendant intends to rely and the subject matter(s) of each Defendant's reliance on that Professional Advisor or Third Party.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking the "subject matter(s) of each Defendant's reliance" on a Professional Advisor or Third Party, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory to the extent that it is an untimely contention Interrogatory.

Defendants further object to the Interrogatory to the extent that it seeks information that is

35

protected by the attorney-client privilege, work product doctrine, or similar doctrine that protects it from disclosure.

**INTERROGATORY NO. 21:**

Identify all persons or entities that, to your knowledge, the SEC questioned, interviewed, or deposed, or who otherwise provided a statement (orally or in writing) in connection with the SEC Investigation.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendants object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 2 parts (a), (b), (e), (f), and (g).

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that to its knowledge no persons or entities were questioned, interviewed, deposed, or otherwise provided a statement in connection with the SEC Investigation during the Relevant Period.

**INTERROGATORY NO. 22:**

For each month throughout fiscal years 2021 and 2022, identify the average length of time between when a Distributor placed an order for each of the following T&E Products and when the order shipped from Dentsply's manufacturing facilities:
    (i) Axeos;
    (ii) Orthophos;
    (iii) Primemill;
    (iv) Primescan; and
    (v) Speedfire.

36

**RESPONSE TO INTERROGATORY NO. 22:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order.  By seeking identification of the length of time between orders placed and shipped from Dentsply's manufacturing facilities, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery.  L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad, unduly burdensome, vague, and ambiguous to the extent it requires Defendants to identify 24 months of information regarding the average length of time between when a Distributor placed an order for each T&E product and when the order shipped, for five different T&E products.  The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 35.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 23:**

For each quarter throughout fiscal years 2021 and 2022, identify the total quantity (in both number of units and dollars) of Dentsply's T&E Products that were ordered but unable to ship from Dentsply's manufacturing facilities within the same quarter.

**RESPONSE TO INTERROGATORY NO. 23:**

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and

Paragraph 5(b) of the Scheduling Order. By seeking identification of the total quantities of orders unable to ship during two fiscal years, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the extent it requires Defendants to identify 24 months of information regarding the total quantity in units and dollars of Dentsply's T&E Products ordered but unable to ship from Dentsply manufacturing facilities. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

### INTERROGATORY NO. 24:

For each final agreement to purchase a T&E Product at Dentsply Sirona World 2021 that was made in connection with a rebate, identify the date that Dentsply sent the rebate check to the purchaser.

### RESPONSE TO INTERROGATORY NO. 24:

Defendants object to the Interrogatory as beyond the scope permitted by L.R. 33.3(a) and Paragraph 5(b) of the Scheduling Order. By seeking information regarding specific dates that Dentsply sent rebate checks to purchasers, the Interrogatory exceeds the scope of L.R. 33.3(a) and the Scheduling Order.

Defendants further object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory as overbroad and unduly burdensome to the

38

extent it requires Defendants to identify the date that Dentsply sent a rebate check to a purchaser for "each final agreement" made at Dentsply Sirona World 2021. The burden of locating, reviewing, and describing all of the information sought by the Interrogatory would outweigh any probative value of such information.

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 32.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

**INTERROGATORY NO. 25:**

Identify the "independent legal counsel and forensic accountants" that "assisted" in the Internal Investigation, as discussed in the November 1, 2022 Form 8-K.

**RESPONSE TO INTERROGATORY NO. 25:**

Defendants object to the Interrogatory because the information it seeks is more practically obtained through other means of discovery. L.R. 33.3(b).

Defendants further object to the Interrogatory to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Request for Production No. 50.

The Individual Defendants further object to the Interrogatory because it seeks information that is not within their possession, custody or control.

Subject to and without waiving the foregoing General and Specific objections, Dentsply responds that the legal and forensic accounting firms discussed in the November 1, 2022 Form 8-K are:

Hogan Lovells (law firm);

39

Alvarez & Marsal (forensic accounting firm).

Dated: December 6, 2024
    New York, New York

Respectfully submitted,


*/s/ Roger A. Cooper*
Roger A. Cooper
Mark E. McDonald
racooper@cgsh.com
memcdonald@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Defendant Dentsply Sirona Inc.*


*/s/ Meredith Karp*
Bryce L. Friedman
Craig S. Waldman
Meredith Karp
bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
T: 212-455-2000
F: 212-455-2502

*Counsel for Defendant Donald M. Casey, Jr.*


*/s/ Chad P. Albert*
Seth L. Levine
Chad P. Albert
Allison S. Markowitz
slevine@levinelee.com
calbert@levinelee.com
amarkowitz@levinelee.com
LEVINE LEE LLP
400 Madison Avenue
New York, NY 10017
T: 212-223-4400

*Counsel for Defendant Jorge Gomez*

## VERIFICATION

I, DANE BAUMGARDNER, hereby state and declare as follows:

I have read Defendants' Responses and Objections to Lead Plaintiffs' First Set of Interrogatories (the "Interrogatory Responses").

Dentsply Sirona Inc. ("Dentsply") is a party to this action and I am authorized to make this verification on Dentsply's behalf, and make this verification for that reason. To the best of my knowledge, information, and belief, the facts stated in the Interrogatory Responses are true and correct.

I declare under penalty of perjury that the facts set forth in the Interrogatory Responses are true and correct.

Executed this 6th day of December, 2024, at New Oxford, PA .

Dane Baumgardner
Vice President, Legal, Corporate Functions
Dentsply Sirona, Inc.