**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ<br><br>Defendants. | Civil Action No. 22-cv-06339-AS<br><br>Hon. Arun Subramanian |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY IN WHOLE OR IN PART BY PLAINTIFFS' EXPERTS**

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 3

LEGAL STANDARD ............................................................................................................ 4

ARGUMENT ......................................................................................................................... 6

I.    THE COURT SHOULD PRECLUDE DR. PHIROZ FROM OFFERING ANY EXPERT TESTIMONY. .................................................................................................................. 6

    A.    Dr. Phiroz Should Be Precluded from Providing Testimony Outside His Purported Expertise. ..................................................................................................................... 8

    B.    Dr. Phiroz Fails to Apply a Reliable Methodology in Reaching His Opinions. ................ 9

    C.    Dr. Phiroz's Opinions Would Not Aid the Trier of Fact And Are Highly Prejudicial. ....... 13

        i.    Dr. Phiroz's opinions are a selective recounting of the facts of the case. ..................... 14

        ii.    Dr. Phiroz impermissibly opines on the intent, motives, and state of mind of Dentsply and various individuals, which are matters for the jury. ....................................................... 15

    D.    Dr. Phiroz Should Be Precluded from Offering His Misleading and Prejudicial Testimony That ████████████████████████ ........................................................................... 16

II.    THE COURT SHOULD PRECLUDE KARYL VAN TASSEL FROM OFFERING INADMISSIBLE EXPERT WITNESS TESTIMONY. ................................................................. 17

    A.    Ms. Van Tassel's Proposed Testimony Improperly Draws Legal Conclusions. ................ 19

        i.    Ms. Van Tassel offers impermissible legal conclusions regarding ████ █████ ███████ ........................................................................................................... 20

        ii.    Ms. Van Tassel offers impermissible legal conclusions regarding ████████ ██████████ ................................................................................................. 22

    B.    Ms. Van Tassel's Proposed Testimony Improperly Opines on the State of Mind of Dentsply Executives, Which Is Misleading and Prejudicial. ..................................................... 23

        i.    Ms. Van Tassel's proposed testimony regarding ██████████████████ improperly opines on Dentsply executives' state of mind. ................................................. 24

        ii.    Ms. Van Tassel's proposed testimony regarding ██████████ improperly ascribes motive to Dentsply executives. ....................................................................... 25

    C.    Ms. Van Tassel's Proposed Testimony Improperly Weighs the Evidence, a Function Reserved to the Jury. ....................................................................................................... 26

    D.    Ms. Van Tassel's Proposed Testimony Regarding ██████████ Is Unsupported and Prejudicial. ..................................................................................................................... 27

CONCLUSION ..................................................................................................................... 28

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002)................................................................................................5

*Arista Records LLC v. Usenet.com, Inc.*,
   608 F. Supp. 2d 409 (S.D.N.Y. 2009)........................................................................ 25-26

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).............................................................................................................4

*Davis v. Carroll*,
   937 F. Supp. 2d 390 (S.D.N.Y. 2013).................................................................................5

*E.E.O.C. v. Bloomberg L.P.*,
   2010 WL 3466370 (S.D.N.Y. Aug. 31, 2010)...................................................................13

*Highland Cap. Mgmt., L.P. v. Schneider*,
   379 F. Supp. 2d 461 (S.D.N.Y. 2005)...................................................................... 5, 14-15

*Highland Cap. Mgmt., L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008)..........................................................................15, 22

*Hygh v. Jacobs*,
   961 F.2d 359 (2d Cir. 1992)..............................................................................................20

*In re Fosamax Prods. Liab. Litig.*,
   645 F. Supp. 2d 164 (S.D.N.Y. 2009)...........................................................................23, 28

*In re Mirena IUD Prods. Liab. Litig.*,
   169 F. Supp. 3d 396 (S.D.N.Y. 2016)................................................................................25

*In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*,
   982 F.3d 113 (2d Cir. 2020).....................................................................................5, 10, 13

*In re Rezulin Prods. Liab. Litig.*,
   309 F. Supp. 2d 531 (S.D.N.Y. 2004)......................................................................... *passim*

*Koppell v. New York State Bd. of Elections*,
   97 F. Supp. 2d 477 (S.D.N.Y. 2000)....................................................................................5

iii

*Linde v. Arab Bank, PLC*,
   920 F. Supp. 2d 282 (E.D.N.Y. 2011) ....................................................................................24

*LinkCo, Inc. v. Fujitsu Ltd.*,
   00 Civ. 7242 (SAS), 2002 WL 1585551 (S.D.N.Y. July 16, 2002) ............................ 14-15, 27

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
   542 F.3d 290 (2d Cir. 2008)...................................................................................................5

*Marvel Characters, Inc. v. Kirby*,
   726 F.3d 119 (2d Cir. 2013)...................................................................................6, 15, 25

*Nimely v. City of New York*,
   414 F.3d 381 (2d Cir. 2005).......................................................................................... *passim*

*Pearlstein v. Blackberry Ltd.*,
   No. 13 Civ 7060 (CM), 2021 WL 4131646 (S.D.N.Y. Sept. 10, 2021) ...................................22

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*,
   LLC, 691 F. Supp. 2d 448 (S.D.N.Y. 2010) ...........................................................................27

*Scentsational Techs., LLC v. Pepsi, Inc.*,
   No. 13-CV-8645 (KBF), 2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018), *aff'd*, 773 F.
   App'x 607 (Fed. Cir. 2019)....................................................................................................12

*Scott v. Chipotle Mexican Grill, Inc.*,
   315 F.R.D. 33 (S.D.N.Y. 2016) ........................................................................................6, 17

*SEC v. Tourre*,
   950 F. Supp. 2d 666 (S.D.N.Y. 2013)....................................................................................22

*Travelers Indem. Co. v. Northrop Grumman Corp.*,
   No. 12 Civ. 3040 (KBF), 2014 WL 464769 (S.D.N.Y. Jan. 28, 2014) ...................................23

*U.S. ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cnty., N.Y.*,
   No. 06 CIV. 2860 (DLC), 2009 WL 1110577 (S.D.N.Y. Apr. 22, 2009) ...............................19

*United States v. Lumpkin*,
   192 F.3d 280 (2d Cir. 1999)..................................................................................................19

*United States v. Mavashev*,
   No. 08-CR-902(DLI)(MDG), 2010 WL 234773 (E.D.N.Y. Jan. 14, 2010) ............................23

**Rules and Statutes**

Securities Exchange Act of 1934 §10(b), 15 U.S.C. §78j ..........................................................3, 22

Securities Exchange Act of 1934 § 20(a), 15 U.S.C. § 78t..............................................................3

Fed. R. Evid. 403 .........................................................................................................2, 6, 17, 28

Fed. R. Evid. 702 ...................................................................................................................2, 4, 5, 8

17 C.F.R. § 229.303 ...........................................................................................................................20

17 C.F.R. § 240.10b-5...................................................................................................................22

Pursuant to Federal Rule of Evidence 702, Dentsply Sirona Inc. ("Dentsply"), Donald Casey, and Jorge Gomez (each a "Defendant" and, collectively, the "Defendants") respectfully move to exclude (1) all expert testimony and opinions from Plaintiffs' expert witness Dr. Zal Phiroz and (2) the expert testimony and opinions offered by Plaintiffs' expert witness Ms. Karyl Van Tassel in paragraphs 27-28, 30, 35-36, 39-95, 98, 108, 119-121, 123, 130, 146, 148-256 of her report.

## PRELIMINARY STATEMENT

Much of the proposed expert testimony from two of Plaintiffs' experts, Dr. Zal Phiroz and Ms. Karyl Van Tassel, consists of improper narration of extensive hearsay evidence, conclusions lacking foundation in relevant expertise or methodology, and opinions on ultimate issues. Admitting such deficient testimony would only confuse the jury with a barrage of improper and misleading information and should be excluded in whole or in part under Federal Rule of Evidence 702.

At their core, both Dr. Phiroz's and Ms. Van Tassel's reports read like long advocacy pieces parroting Plaintiffs' arguments without further analysis. Both witnesses offer opinions that usurp the function of the jury by telling them what evidence and documents to credit and what inferences to draw. Worse yet, they go so far as to opine that the conduct in this case constitutes a ██████████████████████ Ex. A, Phiroz Rep. ¶67, and a █████████████████ Ex. C, Van Tassel Rep. ¶65, ████████████████████████████████ But that term lacks a settled and widely accepted meaning and is not found in any standard governing the supply chain or accounting fields. For that very reason, Plaintiffs' experts do not state and apply any test or standard for determining whether there is "channel stuffing." Both reports forsake

1

methodological rigor in favor of rhetoric. Dr. Phiroz's report should be excluded in whole and Ms. Van Tassel's in part.

Dr. Phiroz, a proffered expert in supply chain practices, offers a range of improper opinions. *First*, by simply quoting at length from record evidence, Dr. Phiroz claims in his first and second opinions that ███████████████████████████████████ ████████████████████████████████ However, Dr. Phiroz possesses no "knowledge, skill, experience, training, or education" qualifying him as an expert in product quality issues, brand reputation, or sales performance—either generally or within the dental industry. Fed. R. Evid. 702. *Second*, Dr. Phiroz's report contains a lengthy recitation of hearsay evidence cherry-picked from the record, which serves only as a conduit for narrating otherwise inadmissible hearsay, and which involves none of the "reliable application" of "reliable principles and methods" "to the facts of the case" that is required of experts. *Id*. *Third*, after narrating the contents of hearsay documents, Dr. Phiroz simply asserts with no analysis that Dentsply engaged in ███████████████████████████████ ████████████████████████████████████████ ███████████████ Such conclusory opinions do nothing to "help the trier of fact to understand the evidence or to determine a fact in issue," *id*., and impermissibly usurp the jury's role as the ultimate factfinder by telling the jury what inferences to draw from the evidence. *Finally*, his testimony would be prejudicial, time-wasting, and misleading without offering any benefit to the jury. Fed. R. Evid. 403. Whether taken together or individually, these pervasive defects warrant the exclusion of Dr. Phiroz's testimony in its entirety.

Ms. Van Tassel, a certified public accountant and fraud examiner, likewise advances impermissible conclusions. *First*, notwithstanding black letter law prohibiting experts from

2

offering legal conclusions, Ms. Van Tassel applies the law to the facts of the case and asserts legal conclusions on the ultimate issues, including that ███████████████████████ ████████████████████████████████████████████████ ***Second***, Ms. Van Tassel opines on the mental state of Dentsply executives, invading the jury's function of deciding the key element of scienter. ***Third***, Ms. Van Tassel impermissibly weighs the record evidence by concluding that █████████████████████████████ ████████████████████████████ Van Tassel Rep. ¶235. ***Fourth***, her analysis of ███████████ does not involve the reliable application of generally accepted principles and methods and is substantially more prejudicial than probative under Rule 403 and should therefore be excluded. ***Finally***, like Dr. Phiroz, Ms. Van Tassel applies an expert gloss to Plaintiffs' preferred factual narrative—testimony that is neither helpful to the jury, nor within the proper bounds of Rule 702. Accordingly, Ms. Van Tassel's Opinions 1, 3, 4, and 5 are inadmissible and should be excluded.

## BACKGROUND

During the Class Period, Defendant Dentsply was "the world's largest manufacturer of professional dental products and technologies." ECF 95-11 at 3. Defendant Donald M. Casey, Jr. served as Dentsply's CEO and a member of the Board of Directors from February 2018 through April 2022. ECF 95-4 at 2. Defendant Jorge Gomez served as Dentsply's CFO and Executive Vice President from August 2019 through April 2022. ECF 95-1 at 2; ECF 95-3 at 2.

Plaintiffs are a class of investors who purchased Dentsply securities from June 9, 2021 to November 13, 2022. Am. Compl. ("AC") ¶1, ECF 72; ECF 153 at 7. They assert claims against each Defendant under Section 10(b) and against Casey and Gomez under Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). AC ¶¶295-309. Plaintiffs contend that toward the end of 2021, allegedly at the urging of Casey and Gomez, Dentsply employees

3

engaged in "channel stuffing" to artificially boost sales figures. *Id.* ¶¶43-71. While the term "channel stuffing" has no commonly agreed upon meaning, Plaintiffs' expert, Dr. Zal Phiroz, defines it as ███████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████ Phiroz Rep. ¶67. Plaintiffs claim that this alleged "channel stuffing" resulted in approximately 60 materially false and misleading statements made either in Dentsply's public filings or by Casey and Gomez. AC ¶¶98-210.

Plaintiffs seek to introduce expert testimony from Dr. Zal Phiroz and Ms. Karyl Van Tassel to support their theory of liability.

## LEGAL STANDARD

The admissibility of Dr. Phiroz's and Ms. Van Tassel's opinions is governed by Federal Rule of Evidence 702, which provides that a "witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise" only if the party offering the witness can prove by a preponderance of the evidence that "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The district court serves a "gatekeeping" role in determining whether expert testimony is admissible. *Nimely v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

Under Rule 702, Dr. Phiroz and Ms. Van Tassel may only testify to matters within their expertise. These witnesses must be qualified as experts by "'knowledge, skill, experience, training,

or education' to render" their opinions." *Nimely*, 414 F.3d at 396 n.11 (quoting Fed. R. Evid. 702). Neither expert has "*carte blanche* to opine on every issue in the case." *Davis v. Carroll*, 937 F. Supp. 2d 390, 413 (S.D.N.Y. 2013); *Nimely*, 414 F.3d at 399 n.13 ("[B]ecause a witness qualifies as an expert with respect to certain matters or areas of knowledge, it by no means follows that he or she is qualified to express expert opinions as to other fields." (citation omitted)).

Dr. Phiroz's and Ms. Van Tassel's proffered expert testimony must also be the product of reliable methodology to ensure that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Nimely,* 414 F.3d at 396 (citation omitted). The Court accordingly "should undertake a *rigorous examination* of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 123 (2d Cir. 2020) (citation omitted). Thus, conclusory opinions that are "neither accompanied by any evidentiary citation nor followed by any elaboration," *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008), or which rely on anecdotal analysis reflecting personal views unmoored from the application of a tested methodology, *Koppell v. New York State Bd. of Elections*, 97 F. Supp. 2d 477, 481 (S.D.N.Y. 2000), are inadmissible. Critically, an expert's analysis must "be reliable at every step" to "warrant admissibility." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002).

The testimony of Dr. Phiroz and Ms. Van Tassel must also aid the trier of fact to be admissible. Expert testimony that simply constructs a factual narrative from record evidence is therefore inadmissible. *Highland Cap. Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) (collecting cases). This is particularly true of expert testimony that repeats hearsay evidence

with no analysis or methodology. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (holding expert testimony that acts as a conduit for hearsay is improper and inadmissible).

Relatedly, Dr. Phiroz and Ms. Van Tassel cannot "'usurp[] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" *Nimely*, 414 F.3d at 397 (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir.1991)). "While an expert may opine on an issue of fact within the jury's province, an expert may not give testimony stating ultimate legal conclusions based on those facts." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 48 (S.D.N.Y. 2016) (internal quotation marks omitted). By the same token, these experts generally cannot testify regarding a defendant's mental state, draw inferences about the intent or motives of the parties, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546-47 (S.D.N.Y. 2004), or offer "opinions that constitute evaluations of witness credibility," *Nimely*, 414 F.3d at 398.

In addition to the requirements of Rule 702, expert testimony is subject to Federal Rule of Evidence 403, and "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Nimely*, 414 F.3d at 397 (quoting Fed. R. Evid. 403). Rule 403 plays a "uniquely important role … in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations." *Id.*

## ARGUMENT

### I.  THE COURT SHOULD PRECLUDE DR. PHIROZ FROM OFFERING ANY EXPERT TESTIMONY.

Dr. Phiroz asserts three core opinions. First, he opines ███████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

6

██████      Phiroz Rep. ¶10. He claims ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████      *Id.* Second, he opines that ██████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████      *id.* ¶62. Third, Dr. Phiroz ████████████

████████████████████████████      *id.* ¶¶70-88, ████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████      *Id.* ¶10.

Dentsply's expert Joseph Cavaretta, who has over 30 years of experience in the dental

supply industry, notes that ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

Ex. D, Cavaretta Rep. ¶¶52-58. Mr. Cavaretta █████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████      *Id.* ¶60.

Dr. Phiroz should be precluded from offering any expert testimony concerning his three

opinions for four independent reasons. *First*, Dr. Phiroz lacks the necessary qualifications to

opine on matters of ███████████████████████████████████████████████████—the

very topics that are the subject of his first and second opinions. *Second*, for each of his three

opinions, Dr. Phiroz fails to apply any reliable methodology and instead merely recites record

evidence without the rigorous analysis required of expert testimony. *Third*, none of Dr. Phiroz's opinions would aid the jury's understanding of the issues in the case because those opinions amount to a selective rehashing of the record and intrude on questions falling squarely in the province of the jury. *Fourth*, allowing Dr. Phiroz to testify that ███████████████████ █████████████████████████████████████████████████████████████████████████ ███████████████, would be highly prejudicial to Defendants without offering any benefit to the trier of fact.

### A. Dr. Phiroz Should Be Precluded from Providing Testimony Outside His Purported Expertise.

Despite his clear lack of relevant expertise, Dr. Phiroz offers conclusions in his first and second opinions concerning ████████████████████████████████████████ Not only does Dr. Phiroz lack the expertise to opine on these topics generally, but he also lacks the necessary expertise in these areas within the dental industry to opine on them with respect to Dentsply. As Dr. Phiroz lacks the requisite "'knowledge, skill, experience, training, or education' to render his [first and second] opinions" under Rule 702, this testimony should be excluded. *Nimely*, 414 F.3d at 396 n.11 (quoting Fed. R. Evid. 702).

In his first opinion, set out from paragraphs 26 to 52 of his report, Dr. Phiroz asserts that ██████████████████████████████████████████████████████████████████████████ *E.g.*, Phiroz Rep. ¶¶33-34, 50. He further opines that ████████████████████████████ ██████████████████████████████ *id.* ¶¶43, 46, 49, █████████████████, *id.* ¶¶36, 41, 45. Similarly, in his second opinion, at paragraphs 53 to 66 of his report, Dr. Phiroz offers his unqualified opinion on ████████████████████████████████████████████████████████, *id.* ¶¶57, 61, 64-66, and reiterates his lay views on ████████████████████████████████, *id.* ¶¶62-63, 65-66.

Dr. Phiroz has no basis to offer an expert opinion on these topics. He holds himself out as



*Id.* ¶4. He is not, and does not claim to be, an expert in

*See id.* ¶¶4-9.[1] Indeed, even in his one area of professed expertise, ███████████, his experience is thin, unrelated to the dental industry, and largely academic, including ████████████████████████████████████████. Phiroz Rep. ¶5. Dr. Phiroz has limited industry experience—

*Id.* ¶6. None of this is in the dental industry. He also

*Id.* ¶7.

*Id.* at App. B-2.

Accordingly, Dr. Phiroz's first two opinions should be excluded.

**B.  Dr. Phiroz Fails to Apply a Reliable Methodology in Reaching His Opinions.**

In addition to his disqualifying lack of expertise, and perhaps as a result of it, Dr. Phiroz fails to articulate any methodology upon which he bases his opinions. Although he claims to

, *Id.* ¶¶4-9, Ex. B, Phiroz Dep. 47:10-11, he conceded at deposition that

, Phiroz Dep. 47:4-6, 52:2-5, 59:20-25. Nor does he apply any other recognizable

---

[1] Dr. Phiroz's lack of expertise in ████████████ is on full display in his report. For example, he attempts to show that ████████████████████████████████████████ Phiroz Rep. ¶ 41, but later criticizes ████████████████████████████████, *id.* ¶ 71, undermining the supposed benchmark he devised to support his first two opinions.

methodology in arriving at any of his conclusions. Bereft of any methodology that he applied, much less the rigorous analysis required of a proffered expert, *see In re Mirena*, 982 F.3d at 125, Dr. Phiroz's report amounts to nothing more than a results-driven summary of the evidentiary record. Each of Dr. Phiroz's three opinions exhibits this same defect.

  ***First opinion***. Dr. Phiroz cherry picks the record evidence to conclude that ▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Phiroz Rep. ¶¶26-52. However, he does not add any analysis or context to the record evidence that he quotes. For example, he does not describe how ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌ *See, e.g.*, Phiroz Dep. 46:14 ▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌. He applies no industry standard and conducts no peer benchmarking; he does not even identify ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Although he mentions ▌▌▌▌▌▌▌▌, Phiroz Rep. ¶40, he states no methodology for ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌ *See generally id.*; *see* Phiroz Dep. 187:6-22. He does not conduct a comparative analysis of Dentsply against industry peers in terms of ▌▌▌▌▌▌ ▌▌▌▌▌▌▌ nor does Dr. Phiroz address ▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *Cf.* Cavaretta Rep. ¶52 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌.

Instead, Dr. Phiroz admits that ████████████████████████████ ████████ Phiroz Dep. 76:14-19 ████████████████████ ████████████████████████████████████; 105:12-19 ████████████ ██████████████████████████████████████████ ████████████████████████████████████; 141:12-18 ████████████ ██████████████████████████████████ ██████████████████████████████████ ████████████████████████████████. For example, Dr. Phiroz concludes that ████████████████████████████████████ ████████████████████ Phiroz Rep. ¶50. In support of this conclusion, he simply cites a handful of anecdotal evidence, placing none of it in context and applying no further analysis: (i) ████████████████████████, (ii) ████████████████████ ████████████████████████████ and (iii) ████████████ ██████████████████████████████████

████ *Id*. With no industry experience and having established no standard, Dr. Phiroz is unable to help the jury assess whether ████████████████████████████—because he does not know himself. This is not the stuff of expert opinion. Dr. Phiroz simply arrogates to himself the role of the jury in presenting conclusions about the record evidence.

***Second opinion***. Dr. Phiroz again repeats lengthy quotations from sources in the record that discuss ████████████, concluding that because there are documents mentioning ██████████████████████████████████████ ████████████████ Phiroz Rep. ¶¶53-66. Rather than providing or applying any methodology for this conclusion, he simply asserts ████████████████████ that

██████████████████████████████████████████████████████████████████

Phiroz Rep. ¶53. Yet again, Dr. Phiroz's review of the record consists only of quoting or paraphrasing the discovery with no other context or analysis—he offers no guidance to the jury on why or how he reached his conclusions. *See id*. ¶¶54-66; *cf*. Cavaretta Rep. ¶57 █████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████. Such testimony is inadmissible under Rule 702. *See Scentsational Techs., LLC v. Pepsi, Inc.,* No. 13-CV-8645 (KBF), 2018 WL 1889763, at *4 (S.D.N.Y. Apr. 18, 2018), *aff'd*, 773 F. App'x 607 (Fed. Cir. 2019) ("Acting simply as a narrator of the facts does not convey opinions that are based on an expert's knowledge and expertise; nor is such a narration traceable to a reliable methodology.")

*Third opinion*. Dr. Phiroz's report culminates with his final opinion that ████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████ Phiroz Rep. ¶10; *see generally id*. ¶¶67-95. However, Dr. Phiroz does not point to any ███████████████████

███████████████████████████████ Instead, he simply offers ████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ *id*. ¶67 (emphasis added), and asserts, without support, ███████████████████████████

████████ *id*. ¶70; *see* Cavaretta Rep. ¶60 ██████████████████████████████

██████████████████████████████████████████████████████████████████

12

███████████████████████████████████████████████████████████████████

████████.

Moreover, even under his unsubstantiated definition, Dr. Phiroz conducts no analysis as

to ███████████████████████████████████████████████████████████

███████ Phiroz Dep. at 187:6-14 ████████████████████████████████████

████████████████████████████████████████. He likewise fails to refute

████████████████████████████████████ Further, instead of setting forth

clear standards ██████████████████████████████████████████████████

████████████████████████████████ Phiroz Rep. ¶¶71-88; *cf.* Cavaretta Rep.

¶¶61-68 ████████████████████████████████████████████████████████

████████████. In other words, having announced █████████████████████

████████████████████████ he fails to apply any reliable methodology, simply asserting

that his definition has been met.

Across all three of his opinions, far from applying a reliable methodology at each step of

his analysis as required, *In re Mirena*, 982 F.3d at 123, Dr. Phiroz does not employ any reliable

methodology at all. Because an "expert who supplies nothing but a bottom line supplies nothing

of value to the judicial process," *E.E.O.C. v. Bloomberg L.P.*, 2010 WL 3466370, at *15

(S.D.N.Y. Aug. 31, 2010), Dr. Phiroz should be precluded from offering testimony as to any of

his three opinions.

### C. Dr. Phiroz's Opinions Would Not Aid the Trier of Fact And Are Highly Prejudicial.

In addition to the failings detailed above, Dr. Phiroz's opinions would not aid the trier of

fact because they offer no independent analysis or expertise and would not aid the jury's

understanding of the issues. Dr. Phiroz's opinions instead merely serve as a conduit for hearsay

evidence, which will confuse the jury and prejudice Defendants by giving Plaintiffs' self-serving factual narrative a veneer of expertise. Further, Dr. Phiroz speculates about ███████████ ████████████████, all of which are matters properly left to the jury. His proposed testimony is thus unhelpful to the factfinder and should be excluded for these additional reasons.

###### i.   Dr. Phiroz's opinions are a selective recounting of the facts of the case.

In place of the application of reliable methodology, Dr. Phiroz's opinions instead impermissibly function as a conduit for extensive hearsay evidence, piecing together record evidence and relaying it without further analysis. *See Highland*, 379 F. Supp. 2d at 468–69 (collecting cases in which courts find such expert hearsay narration impermissible under Rule 702).

Dr. Phiroz extensively quotes the factual record throughout his report, *e.g.*, Phiroz Rep. ¶¶29-30, 35, 40, 42, 44-45, 47, 49-50, 55-56, 58, 60, 62, 64, 71, 73-75, 79, 83-85, 88, 90, 92, though it is the jury's function, not an expert's, to review and weigh the applicable evidence. *See In re Rezulin*, 309 F. Supp. 2d at 541. For example, ███████████████████████████ ███████████████████████████████████████ *E.g.*, Phiroz Rep. ¶¶29-30. ██ ███████████████████████████████████████████████████ ████████, *id*. ¶58, ████████████████████████████████████ *id*. ¶81, ███████████████████████████████████ *e.g., id*. ¶86. He also quotes ████████████████████████████████████████████████ ██████████████████████ *E.g., id*. ¶ 71. These "opinions" amount to nothing more than repeating the hearsay statements contained in the evidence he reviewed.

This conclusory recitation of the factual record, without context or analysis, accomplishes "no more than counsel for [Plaintiffs] will do in argument, i.e., propound a particular interpretation of [Defendants'] conduct" but under the guise of expert analysis. *LinkCo, Inc. v.*

*Fujitsu Ltd.*, 00 Civ. 7242 (SAS), 2002 WL 1585551, at *2 (S.D.N.Y. July 16, 2002) (internal citations omitted) (citing *Primavera Familienstifung v. Askin*, 130 F.Supp.2d 450, 530 (S.D.N.Y. 2001); *see Marvel*, 726 F.3d at 136. In *LinkCo, Inc. v. Fujitsu Ltd.*, the court excluded expert testimony for reasons that also apply to Dr. Phiroz's opinions, because "it contain[ed] arguments and conclusory statements about questions of fact masquerading behind a veneer of technical language." 2002 WL 1585551, at *2. The expert in *LinkCo* "merely cite[d] deposition testimony from the [defendant's] employees" and did not "seek to explain complex technical issues." *Id.* Further, he based his opinions on "an independent examination of documents, computer files, deposition transcripts and exhibits and other relevant sources of information," where "testimony by fact witnesses familiar with those documents would [have] be[en] far more appropriate." *Id.* (internal quotation marks omitted). Dr. Phiroz's opinions suffer from the same defects, warranting exclusion.

### ii. Dr. Phiroz impermissibly opines on the intent, motives, and state of mind of Dentsply and various individuals, which are matters for the jury.



Dr. Phiroz speculates as to ████████████████████████, rendering them inadmissible. *In re Rezulin*, 309 F. Supp. 2d at 546-47; *Highland*, 379 F. Supp. 2d at 469 (holding that an expert's "speculation regarding the state of mind and motivations of certain parties" was inadmissible). Dr. Phiroz did not reach those conclusions based on application of any expert analysis; rather he admits that ████████████ ████████████████████████ ████████████████████████ ████████████ Phiroz Dep. 100:14-19. "A jury is capable of understanding and deciding these issues without an expert's opinion." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 188 (S.D.N.Y. 2008).

15

With respect to Dr. Phiroz's third opinion, he makes clear that ████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████ Phiroz Rep. ¶¶69, 95. And he thus agreed at his deposition that ████

████████████████████████████████████████████ Phiroz Dep. 169:3-23. Dr.

Phiroz's definition ██████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████ Phiroz Dep. 187:1-5. Such

speculation as to the motives of other parties is impermissible, as these are questions reserved for

the judgment of the jury. *In re Rezulin*, 309 F. Supp. at 547.

Dr. Phiroz similarly impermissibly relies on the intent, motive, and state of mind of

certain parties to support his first and second opinions, which should similarly be excluded. *E.g.*,

Phiroz Rep. ¶37 ████████████████████████████████████████

████████████████████████████████████████████████████████, ¶40

████████████████████████████████████████████████

████████████, ¶43 ████████████████████████████████████████████

████████████, ¶56 ████████████████████████████████████████████

██████████████████████████████████████████████████████████████.

**D.  Dr. Phiroz Should Be Precluded from Offering His Misleading and Prejudicial Testimony That ████████████████████████**

Dr. Phiroz's unsupported definition ████████████████████████████████████ *cf.*

Lacey Rep. ¶31 ████████████████████████████████████████

16

██████████; Van Tassel Dep. at 29:5-7 ████████████████████████

████████, paired with his conclusion that ████████████████████

████████████████████████████████████ This testimony should be

excluded as unfairly prejudicial because it would create a significant risk of "unfair prejudice,

confusion of the issues, [and] misleading the jury," *Nimely*, 414 F.3d at 397 (quoting Fed. R.

Evid. 403), without aiding the jury. Fed. R. Evid. 403.

Dr. Phiroz characterizes ████████████████████████████████

█████████████████████████████████ Phiroz Rep. ¶67;

Phiroz Dep. 169:12-23. However, ████████████ has no broadly understood meaning, *see*

Cavaretta Rep. ¶60, ████████████████████████████████████

████, *see* Van Tassel Dep. 29:5-7 ████████████████████████

████████

Dr. Phiroz's conclusion that ████████████████████████████

████████████████████████████████████████████████

████████████████████████ and highly prejudicial to Defendants. Whether

████████████████████ is strictly a question for the jury, not an expert. *Scott*, 315 F.R.D. at

48. Moreover, it is well established that speculation as to another's state of mind has no probative

value. *In re Rezulin*, 309 F. Supp. at 547 ("[T]he intent or motive of parties or others lie outside

the bounds of expert testimony."). This highly prejudicial testimony should, therefore, be

excluded under Fed. R. Evid. 403.

## II.    THE COURT SHOULD PRECLUDE KARYL VAN TASSEL FROM OFFERING INADMISSIBLE EXPERT WITNESS TESTIMONY.

Ms. Van Tassel, a forensic accountant, offers five opinions. First, she opines that

████████████████████████████████████████████████

████████████████████████████████████████████ Van Tassel Rep. ¶60; Op.

& Order ("MTD Order") at 8, 18, ECF 106. Second, she asserts that ████████████

███████████████████████████████████████████ *Id.* ¶¶96-146. Third, Ms.

Van Tassel concludes that ████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████ *Id.* ¶149. Fourth,

she asserts that ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████ *Id.* ¶186. Fifth, Ms. Van Tassel concludes that ██████████

███████████████████████████████████████████

███████████████████████████████ *Id.* ¶229.

Throughout her report, Ms. Van Tassel describes Dentsply as ██████████████

███████████████████████████ *Id.* ¶28. Dentsply's expert John

Lacey, who has 44 years of experience in accounting, including teaching accounting to federal

and state judges on behalf of the American Institute of Certified Public Accountants, opines that

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████ Ex. E, Lacey Rep. ¶¶30-37. Lacey also notes that

███████████████████████████████████████████

███████████████████████████████████████████

███████████████ *Id*. ¶¶38-58.

In violation of clear precedent prohibiting expert testimony setting forth legal

conclusions, Ms. Van Tassel's Opinions 1, 3, and 4 impermissibly offer conclusions on the

ultimate legal issues in this case, including ██████████████████████████████████████ (Opinion 1), Van Tassel Rep. ¶¶58-95, ████████████████████████████████████ (Opinion 3), *id.* ¶¶147-78, and ████████████████████████ ████████████████████████████████████ (Opinion 4), *id.* ¶¶179-228. And her Opinion 5 opines that ██████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ *Id.* ¶¶229-56. Her frequent failure to ████████████████████████ ████████████████████████████████████████████ Such opinions are improper and inadmissible under Rules 702 and 403, and Ms. Van Tassel should be precluded from offering them.[2]

### A.  Ms. Van Tassel's Proposed Testimony Improperly Draws Legal Conclusions.

Under the guise of offering an analysis of ████████████████████████████ Ms. Van Tassel repeatedly crosses the line from factual analysis to offer impermissible legal conclusions that instruct the jury on how to apply the law to the facts. Van Tassel Rep. ¶¶61, 69, 75, 82, 94, 149, 162, 178. It is well established that legal conclusions are outside the proper scope of expert testimony because they usurp "the role of the jury in applying [the] law to the facts before it." *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999) (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)); *U.S. ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cnty., N.Y.*, No. 06 CIV. 2860 (DLC), 2009 WL 1110577, at *2

---

[2] Defendants do not concede the validity of Ms. Van Tassel's Opinion 2 ████████████ ████████████████████████████████ but is not opposed to testimony that consists of a traditional application of stated accounting principles to facts and data. Defendants also request exclusion of the paragraphs in Opinion 2 that reference her other improper opinions. Van Tassel Rep. ¶¶98, 108, 119-121, 123, 130, 146.

(S.D.N.Y. Apr. 22, 2009) ("[T]he Second Circuit has held that an expert's repeated statements that defendants' conduct established a 'manipulative' and 'fraudulent' scheme within the meaning of the securities laws exceeded the permissible scope of opinion testimony.") (citing *United States v. Scop*, 846 F.2d 135, 140 (2d Cir.1988)). Legal conclusions disguised as expert opinion also risk confusing the jury as to the law itself, even where the witness has expertise in law, which Ms. Van Tassel does not. *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) (quoting *Marx & Co., Inc. v. Diners' Club Inc.*, 550 F.2d 505, 512 (2d Cir. 1977)). As reasoned by the Second Circuit,

> "[E]xperience is hardly a qualification for construing a document for its legal effect when there is a knowledgeable gentleman in a robe whose exclusive province it is to instruct the jury on the law. The danger is that the jury may think that the 'expert' in the particular branch of the law knows more than the judge—surely an inadmissible inference in our system of law."

*Id.* Ms. Van Tassel should therefore be prevented from providing legal conclusions on the same issues the jury will be asked to decide, including ███████████████████████████ ███████████████████████████████████████████

i.    **Ms. Van Tassel offers impermissible legal conclusions regarding ██████ ████████████████████.**

Ms. Van Tassel's Opinion 1, titled ███████████████████████████████ ████████████████████████████ is replete with legal analysis concluding that ██████ ████████████████████ Van Tassel Rep. at 18. Ms. Van Tassel first purports to ██████████ ████████████████████████████████████████████████████ ████████████ *Id*. She focuses on ████████████████████████████████ ████████████████████████████████████████████████████████ ████████ MTD Order at 8. Ms. Van Tassel's legal analysis of a claim rejected by this Court is

20

fundamentally improper and can only be deeply confusing and misleading to the jury and highly prejudicial to Defendants.

Ms. Van Tassel next compounds the error by offering her opinion on the (albeit entirely irrelevant) legal questions of ██████████████████████████████████████████████ ████████████████████████████████████████████[3]

- ████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████
  ████████████████████████████████████████ Van Tassel Rep. ¶61

- ██████████████████████████████████████ *Id.* ¶69.

- ████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████
  ████████████████████████ *Id.* ¶75.

- ██████████████████████████████ *Id.* ¶82.

- ████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████
  ██████████████████████ *Id.* ¶94.

- ████████████████████████████████████████████████████████
  ████████ *Id.* ¶95.

These conclusions, and all of Opinion 1, which serves as supporting analysis, are misleading and inadmissible under Rule 702. An expert "may not testify about whether [a company's] disclosures ████████████████████████████████████████████████████████ ████████████████ because "[t]he Court and the Court alone will instruct the jury on the law,

---

[3] Any testimony that ████████████████████████████████ would be confusing and prejudicial in light of the fact that ██████████████████████████████

and the jury will decide whether the statements complied with the law." *Pearlstein v. Blackberry Ltd.*, No. 13 Civ 7060 (CM), 2021 WL 4131646, at *4 (S.D.N.Y. Sept. 10, 2021). Yet that is exactly what Ms. Van Tassel does, and such testimony should be excluded for the same reason the *Pearlstein* court excluded testimony of an accounting expert who ██████████████

████████████████████████████████████████████████████████████████████

██████████████ *Id.; see Highland*, 551 F. Supp. 2d at 186. Even if Ms. Van Tassel had expertise in

████████████████████████████—which she does not—her opinions on these ultimate issues are

inadmissible. *See SEC v. Tourre*, 950 F. Supp. 2d 666, 678 (S.D.N.Y. 2013).[4]

ii.    **Ms. Van Tassel offers impermissible legal conclusions regarding** ██

███████████████████████████

Likewise, Ms. Van Tassel opines as to ███████████████████████████████

throughout her Opinions 3 and 4. Van Tassel Rep. at 53, ¶¶149, 162, 178, 189 ████████████

███████████████████. But whether ████████████████████████████████████

████████████████████████████████████████████████, MTD

Order at 4 ██████████████████████████████████████████

██████████████████████████████████ (quoting *Emps.' Ret.*

*Sys. v. Blanford*, 794 F.3d 297, 30-4 (2d Cir. 2015)), and expert testimony as to an ultimate legal conclusion on an element of Plaintiffs' claim is improper and confusing to a jury for the same reasons articulated above. *See Tourre*, 950 F. Supp. 2d at 678 ("[A]n expert cannot testify as to whether the specific information at issue in a case is or is not 'material.'").

---

[4] Van Tassel provides the same kind of inadmissible opinion ████████████████████████

████████████████████████████████████████████████████ For the reasons noted above, such conclusions should be excluded.

22

This principle applies with particular force where, as here, the expert opines on

████████████████████████████████████████████████████████████████████

███████████████████████████ "[N]o witness, expert or otherwise, may testify as to legal

conclusions, including whether a particular statement is material or not." *United States v.*

*Mavashev*, No. 08-CR-902(DLI)(MDG), 2010 WL 234773, at *4 (E.D.N.Y. Jan. 14, 2010)

(citing *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1993)). The Court should preclude Ms.

Van Tassel from testifying as to ███████████████████████████████

### B. Ms. Van Tassel's Proposed Testimony Improperly Opines on the State of Mind of Dentsply Executives, Which Is Misleading and Prejudicial.

Throughout her report, Ms. Van Tassel impermissibly speculates as to ██████████

█████████████████████ Expert witnesses cannot testify regarding the "knowledge,

motivations, intent, state of mind, or purposes" of others because experts do not have "the ability

to read minds." *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009).

Likewise, an expert cannot testify about what parties "must have known" or "could reasonably

have anticipated," nor make inferences about state of mind, since "[i]nferences about the intent

or motive of parties or others lie outside the bounds of expert testimony." *In re Rezulin*, 309 F.

Supp. 2d at 547; *Travelers Indem. Co. v. Northrop Grumman Corp.*, No. 12 Civ. 3040 (KBF),

2014 WL 464769, at *5 (S.D.N.Y. Jan. 28, 2014) (same). Ms. Van Tassel's opinion ██████

████████████████████████████████████████████████ Van

Tassel Rep. ¶229, is a poorly disguised opinion about the intent of Dentsply employees, and

accordingly should be precluded.

     **i.**    **Ms. Van Tassel's proposed testimony regarding** ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ **improperly opines on Dentsply executives' state of mind.**

Ms. Van Tassel repeatedly offers opinions improperly characterizing Defendants' mental state in her Opinion 5, titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 84. Her report acknowledges that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* ¶241(emphasis added), so her opinion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶¶229, 235, 256. Ms. Van Tassel couches her opinion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* ¶256—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶229. This is impermissible.

Ms. Van Tassel similarly makes repeated improper insinuations that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See e.g.*, Van Tassel Rep. ¶243 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This, too, improperly characterizes Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Ms. Van Tassel even insinuates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Van Tassel Rep. ¶245. She offers no evidence for this prejudicial supposition, and it is well-established that "[i]nferences about the intent or motive of parties or others lie outside the bounds of expert testimony." *Linde v. Arab Bank, PLC*, 920 F. Supp. 2d

282, 285 (E.D.N.Y. 2011) (quoting *In re Rezulin*, 309 F. Supp. 2d at 547); *see also In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 473 (S.D.N.Y. 2016) ("[E]xpert testimony related to a company's or agency's state of mind, motives or intent is impermissible."). This opinion should also be excluded.

### ii. Ms. Van Tassel's proposed testimony regarding ███████████ improperly ascribes motive to Dentsply executives.

Ms. Van Tassel's lengthy exposition on ███████████ is yet another attempt to characterize Dentsply executives' motives and intent. For example, she characterizes ███████ ██████████████████████████████████████████████████████ Van Tassel Rep. ¶¶198, 205. She uses this section of her report both to ███████████████  ██████████████████████████████████ *Id.* ¶198. No accounting or forensic expertise is applied in reaching these conclusions, which are simply her personal opinions ████████████████████████████ At best, this constitutes an impermissible factual narrative and, at worst, highly prejudicial calumny that draws impermissible inferences as to Dentsply executives' motives and character. *Marvel*, 726 F.3d at 136 (holding that expert testimony which acts as a conduit for hearsay is improper and inadmissible); *Arista Recs. LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 429 (S.D.N.Y. 2009) ("An expert who simply repeats the hearsay of the client who retained him, without any independent investigation or analysis, does

not assist the trier of fact in understanding matters that require specialized knowledge."). Either way, it is not helpful to the jury in their role as ultimate finders of fact.

### C.  Ms. Van Tassel's Proposed Testimony Improperly Weighs the Evidence, a Function Reserved to the Jury.

Ms. Van Tassel also weighs the record evidence regarding ███████████████ ███████ which is the province of the jury. *See Arista*, 608 F. Supp. 2d at 424 ("An expert who simply regurgitates what a party has told him provides no assistance to the trier of fact through the application of specialized knowledge.").

In Section XI(B) of her report, titled ████████████████████████████████ ███████████████████████████████████ Ms. Van Tassel asserts that ██████ ████████████████████████████████████ Van Tassel Rep. ¶235. In support, Ms. Van Tassel ███████████████████████████████



*Id*. ¶243. This is plainly improper, invades the province of the jury, and does not provide any additional knowledge or context that may aid the trier of fact. *See Arista*, 608 F. Supp. 2d at 424. Ms. Van Tassel's attempts to displace the jury in weighing the record are therefore impermissible.

26

**D. Ms. Van Tassel's Proposed Testimony Regarding** ████████████ **Is Unsupported and Prejudicial.**

Finally, Ms. Van Tassel, an accountant, should be precluded from testifying about

████████████████████████████████████████████████ Van Tassel

Rep. ¶28. Ms. Van Tassel, like Dr. Phiroz, ████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████ *See, e.g.*, Ex. F, Van Tassel Dep. 23:16-18 ████████████████

██████████████████████████████████ ; Ex. G, Lacey Dep. 11:17-19 ████████

██████████████████████████████████████████████████ .

Not only does Ms. Van Tassel fail to set forth and apply any expert methodology in

determining whether ████████████████████████████████████████

█████████████████████████████████████████████████████████

*See, e.g.*, Van Tassel Rep. ¶28*; see also* Lacey Rep. ¶31 ████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████ . As is the case with Dr.

Phiroz's opinions on this same issue, these unsupported conclusions risk confusing and

misleading the jury by providing highly prejudicial lay opinions under the guise of expert

testimony. *See LinkCo,* 2002 WL 1585551, at *2 (excluding an expert report where it "does no

more than counsel for [plaintiff] will do in argument, i.e., propound a particular interpretation of

[defendant]'s conduct."); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*,

LLC, 691 F. Supp. 2d 448, 469 (S.D.N.Y. 2010) (concluding that it would be unduly prejudicial

to allow an expert witness to opine on the "nature of the alleged fraud" where the expert merely

recounts a factual narrative without analysis.).

27

Ms. Van Tassel's unsupported efforts to develop and apply a personal definition ▮ ███████████████████████ present a tremendous risk of jury confusion and prejudice to Defendants: the jury must apply the elements of the actual securities frauds claims at issue in this case, not ████████████████████████████████ concocted by Ms. Van Tassel. By her own admission, Ms. Van Tassel's opinion would not even be helpful to the jury, as she *admits* that █████████████████████████████████████████████████████ ████████████████████████████████████████ Van Tassel Dep. 29:5-7 ████████████████████████████. Any probative value to these statements concerning "channel stuffing" is therefore nil. *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 191 (S.D.N.Y. 2009) (excluding expert opinions that were "too conclusory or insufficiently based on expertise or analysis to be admitted"). On the other hand, the prejudicial effect is significant, and expert testimony "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Nimely*, 414 F.3d at 397 (citing Fed. R. Evid. 403). Rule 403 plays a "uniquely important role … in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations." *Id.*

## CONCLUSION

For the foregoing reasons, the Court should exclude Dr. Phiroz's opinions and testimony in full and Ms. Van Tassel's opinions and any related testimony set out in paragraphs 27-28, 30, 35-36, 39-95, 98, 108, 119-121, 123, 130, 146, 148-256 of her report.

Dated:  November 7, 2025
        New York, New York

                                        Respectfully submitted,

                                        */s/ Roger A. Cooper*

                                        Roger A. Cooper
                                        racooper@cgsh.com
                                        Andrew Weaver
                                        aweaver@cgsh.com
                                        CLEARY GOTTLIEB
                                        STEEN & HAMILTON LLP
                                        One Liberty Plaza
                                        New York, New York 10006
                                        T: 212-225-2283

                                        Angela L. Dunning
                                        adunning@cgsh.com
                                        CLEARY GOTTLIEB
                                        STEEN & HAMILTON LLP
                                        1841 Page Mill Rd
                                        Palo Alto, CA 94304
                                        T: 650-815-4131

                                        Thomas A. Bednar
                                        tbednar@cgsh.com
                                        CLEARY GOTTLIEB STEEN
                                        & HAMILTON LLP
                                        2112 Pennsylvania Avenue, NW
                                        Washington, D.C. 20037
                                        T: 202-974-1836

                                        *Counsel for Defendant Dentsply Sirona Inc.*

                                        */s/ Meredith D. Karp*

                                        Bryce L. Friedman
                                        Craig S. Waldman
                                        Meredith D. Karp
                                        Isabel R. Mattson
                                        SIMPSON THACHER
                                        & BARTLETT LLP
                                        425 Lexington Avenue

29

New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com
isabel.mattson@stblaw.com

*Counsel for Defendant Donald M. Casey, Jr.*

*/s/ Seth L. Levine*

Seth L. Levine
Chad P. Albert
Adam M. King
slevine@levinelee.com
calbert@levinelee.com
aking@levinelee.com
LEVINE LEE LLP
400 Madison Avenue
New York, NY 10017
T: 212-223-4400

*Counsel for Defendant Jorge M. Gomez*

30

**Certificate of Compliance**

I hereby certify that the foregoing memorandum of law complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted by Rule 7.1(c), it contains 8,731 words as calculated by Microsoft Word.


*/s/ Roger A. Cooper*
Roger A. Cooper