UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAN ANTONIO FIRE AND POLICE
PENSION FUND, CITY OF BIRMINGHAM
RETIREMENT AND RELIEF SYSTEM, EL
PASO FIREMEN & POLICEMEN'S
PENSION FUND, and WAYNE COUNTY
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

Plaintiffs,

vs.

DENTSPLY SIRONA INC., DONALD M.
CASEY, JR., and JORGE GOMEZ,

Defendants.

---

: Civil Action No. 1:22-cv-06339-AS
: (Consolidated)
:
: <u>CLASS ACTION</u>
:
: PLAINTIFFS' OBJECTIONS TO CERTAIN
: EVIDENCE CITED IN SUPPORT OF
: DEFENDANTS' MOTION FOR PARTIAL
: SUMMARY JUDGMENT

**[REDACTED]**

4898-9914-6114.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   LEGAL STANDARD............................................................................................1

III.  SPECIFIC OBJECTIONS .....................................................................................1

      A.    The SEC's Post-Class Period Decision to Forego an Enforcement Action
          Against Dentsply Is Inadmissible (Defs.' Exs. C25 and F30) .................................1

      B.    Plaintiffs Object to Casey's and Gomez's Self-Serving Declarations
          (Defs.' Exs. B1-B2) ...............................................................................................4

      C.    Plaintiffs Object to Defendants' Use of Dentsply's Rule 30(b)(6)
          Deposition Testimony (Defs.' Ex. G3)....................................................................4

      D.    Plaintiffs Object to Defendants' Use of Defs.' Ex. F15 ........................................7

IV.   ADDITIONAL OBJECTIONS TO EVIDENCE UNDER RULES 403, 801, 802,
      805, AND 901 ........................................................................................................9

4898-9914-6114.v1

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56(c)(2), Plaintiffs object to certain evidence submitted in support of Defendants' Memorandum of Law in Support of Their Motion for Partial Summary Judgment ("MSJ") (ECF 173) on the grounds described below.

## II.    LEGAL STANDARD

Courts may only rely on admissible evidence in ruling on a motion for summary judgment. *In re WorldCom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 490 (S.D.N.Y. 2005).  A party may "object that . . . material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."  Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment; *see Hooks v. Forman Holt Eliades & Ravin LLC*, 2015 WL 5333513, at *3 (S.D.N.Y. Sep. 14, 2015).  If a material fact stated in a party's Local Civil Rule 56.1 Statement is not supported by admissible evidence, the court "'is free to disregard [it].'"  *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001)[1], *abrogated on other grounds*.

## III.    SPECIFIC OBJECTIONS

### A.    The SEC's Post-Class Period Decision to Forego an Enforcement Action Against Dentsply Is Inadmissible (Defs.' Exs. C25 and F30)

Defendants' reliance on the U.S. Securities and Exchange Commission's ("SEC") September 29, 2025 decision not to prosecute claims against Dentsply Sirona Inc. ("Dentsply") (Defs.' Exs.

---

[1]    Citations are omitted and emphasis is added throughout unless otherwise indicated.  "Defs.' Ex. __" refers to the exhibits attached to the Declaration of Victoriya Levina in Support of Defendants' Motion for Summary Judgment (ECF 175).

4898-9914-6114.v1

C25 and F30)[2] is improper, and these exhibits are irrelevant and inadmissible under Federal Rules of Evidence 401, 402, and 403.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. To demonstrate relevance, the proponent of evidence must demonstrate that the evidence tends to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Defendants cannot sustain that burden here, as the SEC's two-years-post-Class Period determination not to pursue charges has no bearing on the merits of Plaintiffs' claims or even the merits of potential claims the SEC **could** have brought or still may bring. ████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████ Defs.' Ex. F30. The full text of Release No. 5310, which is hyperlinked in Defs.' Ex. F30, reads:

> ***The attempted use of [Defs.' Ex. F30] as a purported defense in any action*** that might subsequently be brought against the party, either civilly or criminally, ***would be clearly inappropriate and improper*** since such a communication, at the most, can mean that, as of its date, the staff of the Commission does not regard enforcement action as called for based upon whatever information it then has. Moreover, ***this conclusion may be based upon various reasons, some of which***, such as workload considerations, ***are clearly irrelevant to the merits of any subsequent action***.

*Procedures Relating to the Commencement of Enforcement Proceedings and Termination of Staff Investigations*, Securities Act Release No. 5310 (Sep. 27, 1972). Courts regularly reject evidence of

---

[2]    Defendants' Ex. F30 is ████████████████████████. Dentsply produced a copy of Defs.' Ex. F30 to Plaintiffs with the Bates No. DS_SAF_02016266. Defendants' Ex. C25 is Dentsply's Form 8-K, dated October 14, 2025, which announced the SEC Division of Enforcement concluded its investigation into Dentsply and did not intend to recommend any enforcement action against it.

4898-9914-6114.v1

SEC determinations not to pursue charges as irrelevant in private securities class actions. *See Pearlstein v. Blackberry Ltd.*, 2022 WL 741941, at *2 (S.D.N.Y. Mar. 11, 2022) ("Since the jury could not possibly draw any conclusions from the Commission's taking no action whatever without giving any reason therefor, any such evidence would be entirely without probative value and would encourage speculation."); *Gimpel v. The Hain Celestial Grp., Inc.*, 156 F.4th 121, 150 (2d Cir. 2025) ("[T]he SEC's decision not to pursue charges is 'irrelevant as to whether Plaintiffs have plausibly alleged claims in *this* case.'") (emphasis in original).

Defendants' Exs. C25 and F30 are also inadmissible under Fed. R. Evid. 403, as any reference to the SEC's decision not to pursue charges against Dentsply would likely be confusing to the jury, misleading, and unduly prejudicial to Plaintiffs. Presented with the SEC's decision not to pursue charges, the jury could draw the natural but erroneous conclusion that the SEC did not think that Defendants violated the securities laws during the Class Period – ███████████████████████ ███████████████████████████, and that would be extraordinarily prejudicial to Plaintiffs. *See Sawant v. Ramsey*, 2012 WL 1605450, at *1 (D. Conn. May 8, 2012) ("Admission of the letters would cause substantial unfair prejudice . . . due to the risk that the jury would rely excessively on the letter as an indication that the SEC determined as a matter of law that the Defendants committed no wrongdoing . . . .").

Moreover, without presenting evidence of what the scope of the SEC investigation was, what evidence was reviewed (or not reviewed) by the SEC, and the rationale of the SEC in determining not to bring charges – evidence not in the record and to which Defendants may not even be privy – the jury would likely be misled into thinking that the SEC investigation and discovery were coextensive with Plaintiffs' claims, when they were not. In any event, the need to go into such matters would create an irrelevant sideshow and waste time. These risks – confusing or misleading

- 3 -

the jury, wasting time, and unduly prejudicing Plaintiffs – far outweigh the non-existent probative value of the proposed evidence.  Fed. R. Evid. 403.

### B.    Plaintiffs Object to Casey's and Gomez's Self-Serving Declarations (Defs.' Exs. B1-B2)

Casey's and Gomez's declarations are self-serving, improper, and should be disregarded. Defs.' Exs. B1-B2.  Federal Rule of Civil Procedure 56(c) requires affidavits opposing summary judgment to be "made on personal knowledge, set[ting] out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Casey's and Gomez's ███████████ declarations instead baldly assert legal conclusions – that: ████████████████████████████████████████

████████████████████████████████ Defs.' Ex. B1 at 2; Defs.' Ex. B2 at 2.  Casey and Gomez offer the Court no more than *ipse dixit* that ████████████████ – a legal element of Plaintiffs' claims – not facts within their personal knowledge and competency. "When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court."  *Larouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996); *see also Miller Marine Servs., Inc. v. Travelers Prop. Cas. Ins. Co.*, 197 F. App'x 62, 64 (2d Cir. 2006) (district court did not make "'manifest error'" in not considering conclusory affidavit from plaintiff company's principal asserting legal opinion); *Cofimco USA, Inc. v. Mosiewicz*, 2016 WL 1070854, *4 & n.36 (S.D.N.Y. Mar. 16, 2016) (giving "little weight" to "'[self-serving] declarations'" submitted by party).

### C.    Plaintiffs Object to Defendants' Use of Dentsply's Rule 30(b)(6) Deposition Testimony (Defs.' Ex. G3)

Defendants cite Fed. R. Civ. P. 30(b)(6) testimony of Dentsply's corporate designee, Associate General Counsel for Global and Clinical Affairs in the Americas, Tandi Card ("Card"), as

- 4 -

the sole support for fact Nos. 81-83, 85-88, 90-91, concerning ███████████████████

███████ However, Card's testimony is inadmissible.

A Rule 30(b)(6) corporate representative cannot testify at trial to matters outside of the employee's personal knowledge on behalf of her own corporation. *See L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 2006 WL 988143, at \*2 (S.D.N.Y. Apr. 13, 2006) (explaining that plaintiff would only be permitted to offer its own Rule 30(b)(6) witness "as a fact witness based on his personal knowledge"); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, 2022 WL 4333555, at \*3 (N.D.N.Y. Sep. 19, 2022) (party seeking testimony for its own corporate designee that is outside his personal knowledge must establish a non-hearsay basis for the testimony).

Federal Rule of Evidence 602 states that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. No exception exists that allows a witness to testify to the knowledge she gained while preparing for her Rule 30(b)(6) deposition, and for good reason: allowing a corporation to launder its hearsay through its own corporate designee would subvert the prohibition on hearsay by denying the opposing party the opportunity to cross-examine percipient witnesses, while permitting the sponsoring party to present only the select hearsay that supports its case.

The concern is particularly acute here. Card admitted during her deposition that ███████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

4898-9914-6114.v1

██████    *Id.* at, *e.g.*, 54:20-55:10, 66:9-17, 126:23-127:14, 128:9-24, 136:15-23, 246:3-9, 248:16-249:1, 249:14-22.

Defendants rely on Card to support "facts" about ████████████████████████████

██████████████████████████████████ (Defendants' Rule 56.1 Statement

of Undisputed Material Facts in Support of Their Motion for Partial Summary Judgment ("SUF")

(ECF 174), ¶81), her speculative testimony does not establish that ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████.

Defendants also cite Card for their assertion that ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

- 6 -

4898-9914-6114.v1

Given Card's lack of personal knowledge and because her testimony is hearsay, the Court should disregard her testimony. And because Card's testimony is the sole support for Defendants' undisputed fact Nos. 81-83, 85-88, 90-91, those "facts" should be disregarded too. *Holtz*, 258 F.3d at 73.

### D.   Plaintiffs Object to Defendants' Use of Defs.' Ex. F15

Defendants' Ex. F15 is inadmissible under Fed. R. Evid. 801, 802, and 901 and should not be considered by the Court. Defendants' Ex. F15 is a



*Id.* at -632. Defendants offer Defs.' Ex. F15 for the "fact" that:

SUF, ¶51. Defendants cite SUF, ¶51 in support of their argument that Gomez's June 9, 2021 alleged misstatements and Casey's August 5, 2021 alleged misstatements occurred before Dentsply entered into the                               MSJ at 18-20. Defendants thus offer Defs.' Ex. F15 (an out-of-court statement) for the truth of the matters asserted therein – that

4898-9914-6114.v1

██████████ – rendering it inadmissible hearsay under Rules 801 and 802. Fed. R. Evid. 801; Fed. R. Evid. 802; *United States v. Kandic*, 134 F.4th 92, 103 (2d Cir. 2025) (affirming district court's exclusion of inadmissible hearsay).

Defendants' Ex. F15 is also inadmissible under Rule 901. "'The requirement of authentication is . . . a condition precedent to admitting evidence.'" *United States v. Vayner*, 769 F.3d 125, 129 (2d Cir. 2014). For documentary evidence to be admissible, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Defendants' sole attempt to authenticate Defs.' Ex. F15 occurred during the deposition of Eric Bruno – but █████████████████████████████

████████████████ Declaration of Luke O. Brooks, filed herewith, Ex. 10 (Bruno Depo. II) at 406:2-17 ██████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████ Bruno himself testified that ████████████████████████

███████████████████████████████████████████

███████████████████████████████ *Id.* at 451:3-11. There is thus no basis to assume that the ████████████████████████████████████████████, as Defendants assert, and Defs.' Ex. F15 (and the "facts" it supports) should be excluded. *See* SUF, ¶51.

4898-9914-6114.v1

## IV.   ADDITIONAL OBJECTIONS TO EVIDENCE UNDER RULES 403, 801, 802, 805, AND 901

Plaintiffs also object to the exhibits listed in the table below under Rules 403, 801, 802, 805, and/or 901.   The chart below identifies (1) the exhibit Plaintiffs object to; (2) Defendants' statement(s) of undisputed fact citing the exhibit; and (3) the Federal Rule of Evidence under which Plaintiffs object to the corresponding exhibit.

| Defs.' Ex. No. | SUF Paragraph Citing the Exhibit | Federal Rules of Evidence Under Which Plaintiffs Object to the Exhibit |
|---|---|---|
| C21 | 164, 165, 166, 167, 168, 169, 170, 171, 172, 203, 204, 208, 209, 210, 211, 214, 216, 217, 218, 239 | 403; 801; 802; 805 |
| C22 | 68, 69, 219, 225, 234 | 403; 801; 802; 805 |
| C23 | 10, 221, 222, 225, 228, 229, 230, 231, 232, 235, 236 | 403; 801; 802; 805 |
| D13 | 19 | 801; 802 |
| E2 | 23 | 801; 802 |
| E5 | 45, 46 | 801; 802 |
| E17 | 49 | 801; 802 |
| E18 | 50 | 801; 802 |
| E19 | 53 | 801; 802 |
| E20 | 59 | 801; 802 |
| E33 | 70 | 801; 802 |
| E34 | 97, 98, 99 | 801; 802 |
| E35 | 100 | 801; 802 |
| F3 | 32 | 801; 802 |
| F5 | 22, 24 | 403; 801; 802; 901 |
| F6 | 103 | 403; 801; 802 |
| F7 | 38 | 801; 802 |
| F8 | 106 | 403; 801; 802 |
| F9 | 37 | 403; 801; 802 |
| F10 | 110 | 403; 801; 802 |
| F11 | 118 | 403; 801; 802 |
| F12 | 80 | 801; 802 |
| F13 | 128 | 403; 801; 802 |
| F14 | 138 | 403; 801; 802 |

| Defs.' Ex. No. | SUF Paragraph Citing the Exhibit | Federal Rules of Evidence Under Which Plaintiffs Object to the Exhibit |
|---|---|---|
| F16 | 128 | 403; 801; 802 |
| F21 | 162 | 801; 802 |
| F23 | 158, 159, 160, 203 | 403; 801; 802; 805 |
| F24 | 160, 194, 195 | 403; 801; 802 |
| F25 | 196 | 403; 801; 802 |
| F27 | 160, 176, 177, 178 | 403; 801; 802; 901 |
| F29 | 180, 182, 184, 187, 212, 213, 215, 220 | 801; 802 |
| I1 | 40 | 801; 802 |
| I2 | 152 | 801; 802 |

DATED:  December 19, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (admitted *pro hac vice*)
LUKE O. BROOKS (admitted *pro hac vice*)
DARRYL J. ALVARADO (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
HILLARY B. STAKEM (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
MEGAN M. SONNEY (admitted *pro hac vice*)

s/ Hillary B. Stakem
HILLARY B. STAKEM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
hstakem@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com
msonney@rgrdlaw.com

- 10 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiffs

- 11 -

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 2,865 words.

s/ Hillary B. Stakem

HILLARY B. STAKEM

4898-9914-6114.v1