**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAN ANTONIO FIRE AND POLICE
PENSION FUND, CITY OF BIRMINGHAM
RETIREMENT AND RELIEF SYSTEM, EL
PASO FIREMEN & POLICEMEN'S
PENSION FUND, and WAYNE COUNTY
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

              Plaintiffs,

    v.

DENTSPLY SIRONA INC., DONALD M.
CASEY, JR., and JORGE GOMEZ,

              Defendants.

Civil Action No. 22-cv-06339-AS

CLASS ACTION

Hon. Arun Subramanian

**[REDACTED]**

**DEFENDANT DENTSPLY SIRONA INC.'S MEMORANDUM OF**
**LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE**
<u>**CERTAIN EXPERT TESTIMONY OF JOSEPH CAVARETTA**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT................................................................................................ 1

BACKGROUND ................................................................................................................... 3

ARGUMENT ........................................................................................................................ 6

    I.      MR. CAVARETTA'S TESTIMONY IS ADMISSIBLE UNDER
           RULE 702, AND PLAINTIFFS' CHALLENGE TO HIS OPINION
           ON ███████████████ IS UNAVAILING. ...................................................... 7

          A.    Mr. Cavaretta's Testimony Is Admissible Under Rule 702........................ 7

          B.    Mr. Cavaretta's Opinion That ████████████
              ███████████████████████████████
              Would Be Helpful to a Jury and Is Admissible. ....................................... 10

    II.    MR. CAVARETTA'S REBUTTAL OF DR. PHIROZ'S OPINIONS
           SATISFIES RULE 702 AND SHOULD BE ADMITTED UNLESS
           DR. PHIROZ'S OPINIONS ARE EXCLUDED. ................................................. 12

          A.    Mr. Cavaretta Does Not Opine on ███████████ ......................... 13

          B.    Mr. Cavaretta Criticizes Dr. Phiroz's ██████████████
              ██████████████ ................................................................. 15

          C.    Mr. Cavaretta Rebuts Dr. Phiroz's Opinions ██████████
              ██████████████. ........................................................... 17

          D.    Mr. Cavaretta Criticizes Dr. Phiroz's Unfounded Conclusions
              as to ████████████ .................................................................. 20

    III.   MR. CAVARETTA'S TESTIMONY IS ADMISSIBLE UNDER
           RULE 403. ........................................................................................................... 23

CONCLUSION.................................................................................................................... 26

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfa Corp. v. OAO Alfa Bank*,
   475 F. Supp. 2d 357 (S.D.N.Y. 2007)..................................................................... 8, 9

*Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*,
   754 F. Supp. 3d 456 (S.D.N.Y. 2024).................................................................... 8, 11

*Capri Sun GmbH v. Am. Beverage Corp.*,
   595 F. Supp. 3d 83 (S.D.N.Y. 2022)............................................................. 2, 13, 14

*City of Almaty, Kazakhstan v. Ablyazov*,
   2021 WL 5154110 (S.D.N.Y. Nov. 5, 2021)........................................................... 16

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)................................................................................................ 12

*Davis v. Carroll*,
   937 F. Supp. 2d 390 (S.D.N.Y. 2013)..................................................................... 21

*Doe v. Colgate Univ.*,
   2017 WL 4990629 (N.D.N.Y. Oct. 31, 2017) ........................................................ 22

*Estate of Ratcliffe v. Pradera Realty Co.*,
   2008 WL 53115 (S.D.N.Y. Jan. 2, 2008) ................................................................ 19

*Feliciano v. CoreLogic Saferent, LLC*,
   2020 WL 6205689 (S.D.N.Y. June 11, 2020) .......................................................... 2

*Hayden v. Int'l Bus. Machs. Corp.*,
   2025 WL 1697021 (S.D.N.Y. June 17, 2025) ......................................................... 19

*In re Blech Sec. Litig.*,
   2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003) .................................................... 13, 17

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
   2008 WL 1971538 (S.D.N.Y. May 7, 2008) ....................................................... 8, 11

*In re Platinum-Beechwood Litig.*,
   469 F. Supp. 3d 105 (S.D.N.Y. 2020)..................................................................... 24

ii

*In re Rezulin Prods. Liab. Litig.*,
309 F. Supp. 2d 531 (S.D.N.Y. 2004)...................................................................... 15

*In re Terrorist Attacks on Sep. 11, 2001*,
2023 WL 3116763 (S.D.N.Y. Apr. 27, 2023).......................................................... 25

*In re Terrorist Attacks on Sept. 11, 2001*,
2025 WL 2383768 (S.D.N.Y. Aug. 18, 2025).......................................................... 23

*Kumho Tire Co., Ltd. v. Carmichael*,
526 U.S. 137 (1999).................................................................................................... 7

*Liberty Mut. Ins. Co. v. Day to Day Imports Inc.*,
2025 WL 2117897 (S.D.N.Y. July 29, 2025) ..................................................... 19–20

*London Luxury, LLC v. Walmart, Inc.*,
2025 WL 967114 (W.D. Ark. Mar. 31, 2025) .......................................................... 19

*Media Sport & Arts s.r.l. v. Kinney Shoe Corp.*,
1999 WL 946354 (S.D.N.Y. Oct. 19, 1999) ......................................................... 9–10

*Nimely v. City of New York*,
414 F.3d 381 (2d Cir. 2005)...................................................................................... 23

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
691 F. Supp. 2d 448 (S.D.N.Y. 2010).................................................................. 8, 18

*Prohaska v. Sofamor, S.N.C.*,
138 F. Supp. 2d 422 (W.D.N.Y. 2001) ..................................................................... 15

*Scentsational Techs., LLC v. Pepsi, Inc.*,
2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018)........................................................... 22

*SEC v. AT&T, Inc.*,
626 F. Supp. 3d 703 (S.D.N.Y. 2022)......................................................................... 7

*SEC v. Tourre*,
950 F. Supp. 2d 666 (S.D.N.Y. 2013)....................................................................... 15

*SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*,
467 F.3d 107 (2d Cir. 2006)................................................................................... 8, 11

*Stroheim & Romann, Inc. v. Allianz Ins. Co.*,
2003 WL 21980389 (S.D.N.Y. Aug. 14, 2003)................................................ 12–13, 16

*U.S. Small Bus. Admin. v. Feinsod*,
   2025 WL 1677409 (E.D.N.Y. June 13, 2025) ........................................................................ 17

**Rules**

Fed. R. Evid. 702 ........................................................................................................... 6, 8, 11

Pursuant to Federal Rule of Evidence 702, Dentsply Sirona Inc. ("Dentsply"), respectfully submits this memorandum of law in opposition to Plaintiffs' Motion to Exclude Certain Expert Testimony of Joseph Cavaretta, Dkt. No. 181, and Plaintiffs' accompanying Memorandum of Law, Dkt. No. 185 (the "Motion").

## PRELIMINARY STATEMENT

Dentsply will offer testimony from Mr. Cavaretta, an expert with more than 30 years of experience in the dental supply industry, to provide essential industry context and to rebut the misleading and unsupported opinions of Plaintiffs' expert Dr. Phiroz.  Plaintiffs' Motion—which mischaracterizes Mr. Cavaretta's opinions and the legal framework applied to those opinions in attempting exclude them—should be denied.

*First,* Mr. Cavaretta's testimony satisfies Rule 702 and will assist the jury in understanding the dental supply industry.  Courts routinely admit industry experts to testify about standard practices and customs in their field, particularly where, as here, the claims involve technical aspects of an industry unfamiliar to lay jurors.  Plaintiffs concede Mr. Cavaretta's qualifications and do not challenge the majority of his affirmative opinions or testimony.  Plaintiffs narrowly challenge Mr. Cavaretta's opinion that ███████████████████████ ████████████████████████████████████████ but their arguments are meritless.  Mr. Cavaretta's opinion draws directly from his three decades of experience with ████████████████████████████████████████—precisely the experience-based testimony that Rule 702 permits.  Plaintiffs' disagreement with Mr. Cavaretta's conclusion does not render it inadmissible.  Other than this one opinion, Plaintiffs only challenge Mr. Cavaretta's opinions rebutting the opinions of Plaintiffs' supply chain expert, Dr. Phiroz.

1

*Second,* Mr. Cavaretta's rebuttal testimony is not only admissible but necessary to counteract Plaintiffs' expert's methodologically flawed opinions. Dr. Phiroz—who lacks any experience in the dental supply industry— ███████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████ Accordingly, Defendants have moved to exclude Dr. Phiroz's unhelpful and confusing testimony. *See* Defs' Mem. of L. in Supp. of their Mot. to Exclude Testimony in Whole or in Part by Pls' Experts ("Defs' MOL to Exclude Expert Testimony"), Dkt. No. 198. To the extent that Dr. Phiroz is permitted to testify, Dentsply has the right to submit testimony "poking holes in [his] argument." *Feliciano v. CoreLogic Saferent, LLC*, 2020 WL 6205689, at *3 (S.D.N.Y. June 11, 2020) (citation omitted). Mr. Cavaretta does exactly that, identifying the logical and empirical failings in Dr. Phiroz's opinions and providing the industry context that Dr. Phiroz omits. While Plaintiffs attempt to take issue with Mr. Cavaretta's purported lack of independent methodologies, this approach simply mispresents the role of rebuttal testimony—"[a] rebuttal expert, by nature, criticizes the methodology and/or opinions of another," and "[t]here is no requirement that a rebuttal expert himself offer a competing analysis." *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 138 (S.D.N.Y. 2022). Mr. Cavaretta's testimony easily clears this bar. Should the Court exclude Dr. Phiroz's testimony—as it should—Dentsply will withdraw the corresponding rebuttal testimony challenged by Plaintiffs.

*Finally*, Plaintiffs' argument that certain of Mr. Cavaretta's rebuttal opinions should be excluded under Rule 403 is baseless. Mr. Cavaretta's testimony does not cloud the issues or waste time. To the contrary, it clarifies the issues by providing industry-specific testimony

2

necessary to evaluate Dr. Phiroz's flawed conclusions. Plaintiffs complain that Mr. Cavaretta's testimony about ██████████ might mislead the jury, but it is Dr. Phiroz who risks misleading the jury with his unsupported assertions about █████████████████████████ If Dr. Phiroz is permitted to testify, the jury must hear Mr. Cavaretta's contextualizing rebuttal. Similarly, Plaintiffs cannot simultaneously offer Dr. Phiroz's opinions ██████████ ██████████ while arguing that Mr. Cavaretta's critique of those opinions is irrelevant. They cannot have it both ways.

The Court should deny Plaintiffs' motion in its entirety.

## BACKGROUND

Mr. Joseph Cavaretta is an expert in the dental supply industry with more than 30 years of industry experience. He has held leadership roles at dental supply companies such as Henry Schein, Inc. ("Schein") and Patterson Companies, Inc. ("Patterson"), two distributors of dental products, including Dentsply's, and went on to form his own consultancy group, where he advises clients within the dental supply industry. Expert Report of Joseph Cavaretta Rep. ¶¶ 1–4, App. A (Oct. 6, 2025), Dkt. No. 183-1 ("Cavaretta Rep.").

Dentsply offers testimony from Mr. Cavaretta to ████████████████████





*First*, Mr. Cavaretta provides ██████████████████████████████ Cavaretta Rep. ¶¶ 18–37. These opinions concern ████████████████████ ███████████████████████████████████████ ██████████████████████████████████ *Id*. Plaintiffs challenge none of these opinions.

*Second*, Mr. Cavaretta applies his extensive industry experience to compare ███████

████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████ *Id.* ¶¶ 38–50.  Mr. Cavaretta opines that, based on his

experience, (1) ████████████████████████████████████████████████████████████████

██████████████████████████████ *see id.* ¶¶ 38–42; (2) ██████████████████

████████████████████████████████████████████████████████████████████████████████

███████████ *see id.* ¶¶ 43–46; and (3) ████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████████ *See id.* ¶¶ 47–50.  Plaintiffs challenge only Mr. Cavaretta's

opinion that ████████████████████████████████████████████████████████████████████

██████████████████████████████ *id.* ¶ 12, ████████████████████████████████████

████████████ *Id*. ¶¶ 38–46.

*Third*, based upon his extensive experience, Mr. Cavaretta rebuts portions of Dr. Phiroz's

expert testimony and criticizes the lack of methodology or consideration of industry context

behind certain of his opinions.  *Id.* ¶¶ 17, 51–68.  In his report, based on no industry expertise at

all, Dr. Phiroz opines on █████████████████████████████████████████████████

█████████████████████████████████████████ Expert Report of Dr. Zal Phiroz, Ph.D.

¶¶ 26–52 (Sep. 5, 2025), Dkt. No. 183-3 ("Phiroz Rep.").  Dr. Phiroz also opines, without any

form of citation or source materials relevant to the dental supply industry, that ██████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████████ *Id.* ¶¶ 67–70.  For example, Dr. Phiroz asserts



4

that ███████████████████████████████████████████ *id.* ¶ 72,

████████████████████████████████ *id.* ¶ 77, ███████████████████

██████████████ *id.* at 40, ████████████████████████████████ *id.*

at 44.

Mr. Cavaretta responds to Dr. Phiroz's opinion on ████████████████████

███████████████████████████████████████████████████

████████████████████████ *Id.* ¶ 17.  Indeed, Mr. Cavaretta is ████████████████

███████████████████████████████████████████████████

██████████████████████████████████████ *Id*; *see also* Tr. of

the Videotaped Dep. of Zal Phiroz, Ph.D.  34:1–3, ECF 183-5 ("Phiroz Dep.") ███████

██████████████████████████████████████ Even after

acknowledging that ████████████████████████████████████████

█████████████ Mr. Cavaretta evaluates Dr. Phiroz's formulation for rebuttal purposes and

addresses, point-by-point, ████████████████████████████████████████

██████ Cavaretta Rep. ¶¶ 61–68.  Mr. Cavaretta provides needed industry-specific context

regarding ████████████████████████████████████████████████

███████████████████████████████████████████████████

Cavaretta Rep. ¶¶ 17, 60–68.

Mr. Cavaretta also responds to Dr. Phiroz's opinion that ███████████████████

██████████████████████████████████████ noting that Dr. Phiroz failed

to account for the fact that █████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████ *Id.*



5



¶¶ 15, 52. Mr. Cavaretta also criticizes Dr. Phiroz for ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████ *Id.* at

¶¶ 52–54. Mr. Cavaretta further criticizes Dr. Phiroz because he ████████████████ ███████████████████████████████████████████ ███████████████████████████ *Id.* ¶ 53.

Dentsply and the other above-captioned Defendants have separately moved this Court for the exclusion of Dr. Phiroz's opinions on the basis that they lack a proper methodology, are not helpful to the jury, and are substantially more prejudicial than probative. *See* Def's MOL to Exclude Expert Testimony. To the extent the Court grants Defendants' motion and excludes the testimony of Dr. Phiroz, Dentsply will withdraw the portions of Mr. Cavaretta's proffered testimony that are offered solely to rebut Dr. Phiroz. *See* Cavaretta Rep. ¶¶ 15, 17, 52–53, 60–68.

## ARGUMENT

Under Rule 702 of the Federal Rules of Evidence, a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. And under Rule 403, expert evidence that satisfies Rule 702 should only be excluded where the evidence's "probative value

as to matters at issue is substantially outweighed by the risks of unfair prejudice, confusion, misleading the jury, or delay." *SEC v. AT&T, Inc.*, 626 F. Supp. 3d 703, 734 (S.D.N.Y. 2022).

Mr. Cavaretta's proffered expert testimony—grounded in his 30 years of experience in the dental industry, including with Dentsply's own distributors—easily meets the requirements of Rule 702, and its probative value far outweighs any prejudice it may cause, barring exclusion under Rule 403. The Court should accordingly permit Mr. Cavaretta's testimony.

## I. MR. CAVARETTA'S TESTIMONY IS ADMISSIBLE UNDER RULE 702, AND PLAINTIFFS' CHALLENGE TO HIS OPINION ON ███████ ███████████ IS UNAVAILING.

Mr. Cavaretta's testimony is rooted in sound methodology and his decades of experience in the dental supply industry, and would be helpful to the jury. Plaintiffs concede that Mr. Cavaretta is an expert and that most of his proposed testimony is admissible, including that Mr. Cavaretta may offer testimony concerning, ███████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████ Motion at 1 (citing Cavaretta Rep. ¶¶ 18–37). However, they challenge Mr. Cavaretta's opinion that ████████████████████████████████████████████ ████████████████████████████ relying on their own misreading of his testimony and misapplication of Rule 702. Their challenges miss the mark; Mr. Cavaretta's testimony on this front is admissible.

### A. Mr. Cavaretta's Testimony Is Admissible Under Rule 702.

Courts routinely admit industry expert testimony as to ordinary custom or practice within the relevant industry. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148–50 (1999) (explaining that Rule 702 grants testimonial latitude to "all experts, not just 'scientific ones,'" as they apply specialized experience). Indeed, "'using expert testimony to educate the factfinder on

7

general principles'" is a "'venerable practice.'" *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 691 F. Supp. 2d 448, 468 n.113 (S.D.N.Y. 2010) (quoting Fed. R. Evid. 702 Advisory Committee Note). Expert testimony based on an expert's experience is reliable where, as here, it is "rooted in the expert's practical experience," *Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting,* 754 F. Supp. 3d 456, 465–66 (S.D.N.Y. 2024) (finding insurance industry expert opinions reliable where expert "explicitly tied his conclusion regarding industry practice to his specialized experience"), and the expert's experience is applied to the facts "in a reasoned manner," *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 2008 WL 1971538, at *7 (S.D.N.Y. May 7, 2008) (admitting opinions of industry expert who "applie[d] his extensive experience in ethanol production and distribution logistics to analyze an array of facts").

As noted, Mr. Cavaretta is qualified as an expert in the dental supply industry by his extensive experience. *Supra* 3; *see* Fed. R. Evid. 702. Courts routinely admit industry experts with similar levels of experience to opine on standards or customs within the industry. *See, e.g.*, *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 132–34 (2d Cir. 2006) (finding insurance industry expert with more than 30 years of experience qualified to testify as an industry expert, noting his testimony "concerned the customs and practices of the insurance industry."); *see also Alfa Corp. v. OAO Alfa Bank*, 475 F. Supp. 2d 357, 366 (S.D.N.Y. 2007) (admitting expert's opinion based on "considerable experience in the industry," internet research, consultation with executives in the industry, relevant annual reports, and review of relevant credit and risk ratings).

Mr. Cavaretta called on his extensive experience in the dental supply industry and based his opinions here on his review of ███████████████████████████

8



*See, e.g.*, Cavaretta Rep. ¶ 41

*id.* ¶ 42

Such testimony satisfies Rule 702. *See Alfa*, 475 F. Supp. 2d at 366 (finding testimony based on expert's industry experience, without quantitative research, was reliably applied to the facts of the case).

Furthermore, Mr. Cavaretta's testimony would be helpful to a jury, given the intricacies of the dental supply industry entwined with the present case. A lay jury may otherwise find it difficult to make sense of the industry evidence in this case. For example, while Plaintiffs' case centers on ████████████████████████ only Mr. Cavaretta describes how

████████████ Cavaretta Rep. ¶¶ 31–37, including the ████████████████ ████████████ *id.* ¶ 36, ████████████████████████ ████████████████████████ *id.* ¶¶ 45-46 , ████████████ ████████████████████████ *id.* ¶¶ 57–58.  This is based on his extensive actual experience ████████████  He then applies this industry expertise to certain sales practices challenged by Plaintiffs to aid the jury in assessing Plaintiffs' claims. *See, e.g., id.* ¶ 41 ████████████████ *id.* ¶ 42 ████████████ This testimony serves the key purpose of "'enabl[ing] the jury to evaluate the conduct of the parties against the *standards of ordinary practice in the industry*.'"  *Media Sport & Arts s.r.l. v.*

*Kinney Shoe Corp.*, 1999 WL 946354, at *1 (S.D.N.Y. Oct. 19, 1999) (quoting *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977)).

**B. Mr. Cavaretta's Opinion That** ███████████████████████ **Would Be Helpful to a Jury and Is Admissible.**

Plaintiffs challenge Mr. Cavaretta's opinion that ███████████████████

███████████████████████████████████ *See* Motion at 10–11

(challenging Cavaretta Rep. ¶¶ 12, 38–42). Plaintiffs misstate Mr. Cavaretta's opinions and

misapply Rule 702.

Mr. Cavaretta opines that (1) █████████████████



██████████████████ (2) ████████████

███████████████████████████████

██████████████ (3) ███████████████

███████████████████████████████

███ and (4) ████████████████████

████████████████████████████████

████████████ Cavaretta Rep. ¶¶ 41(a)–(d). He concludes that █████████████

███████████████████████████████

████████████████ *Id.* ¶ 41.

There can be no debate that Mr. Cavaretta has a basis to opine on the types of incentives

offered by Dentsply in the second half of 2021. Mr. Cavaretta's testimony applies his extensive

experience in the dental supply industry, and █████████████████

████████████████████████████████ *Id.;*

Tr. of the Videotaped Dep. of Joseph Cavaretta 50:6–24, 52:19–53:7, Dkt. No. 183-2 ("Cavaretta

Dep.")

*see also* Cavaretta Rep. ¶ 2

Expert testimony is reliable when it is "rooted in the expert's practical experience," *Am. Empire Surplus Lines Ins. Co.*, 754 F. Supp. 3d at 465, and the expert's experience is applied to the facts "in a reasoned manner." *In re MTBE Prods.*, 2008 WL 1971538, at *7; *see also* Fed. R. Evid. 702 (witness may be expert by virtue of "experience" if their "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"). Mr. Cavaretta's testimony easily meets this standard, as it falls well within his role as an industry expert and would help the jury to "understand the evidence." Fed. R. Evid. 702; *see also SR Int'l Bus. Ins. Co.*, 467 F.3d at 132–34 (allowing industry expert testimony on typical practices in the insurance industry).[1]

Plaintiffs concede that Mr. Cavaretta may offer opinions  *See* Motion at 1 (not challenging Cavaretta Rep. ¶¶ 29–30 . However, Plaintiffs argue that Mr. Cavaretta's opinions in paragraphs 12 and 38–42 of his report are misleading and lack an "adequate

---

[1] If Dr. Phiroz's opinions are excluded, Dentsply will no longer seek to offer Mr. Cavaretta's rebuttal opinions in ¶¶ 15, 17, 52–53, 60–68 of his report. However, the unchallenged portions of Mr. Cavaretta's report and the other challenged portions of his report (¶¶ 12, 38–42) would still be relevant, both to Dentsply's defenses and in the context of Plaintiffs' expert Ms. Karyl Van Tassel. *See, e.g.*, Expert Report of Karyl M. Van Tassel ¶ 27 (Sep. 5, 2025), Dkt. No. 195-3 (opining that ).

basis" because Mr. Cavaretta

███████████████████ Motion at 10–11.  But Mr. Cavaretta ███████████████

███████████ *see* Cavaretta Rep. Figure 2, ¶ 39, and is clearly opining on ██████████

███████████████████████████████████████████████████████

███████████████████████ *See, e.g.*, Cavaretta Rep. ¶¶ 41(a)–(d).  Plaintiffs are free

to explore this point through "[v]igorous cross-examination" should they wish, *Daubert v.*

*Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993), as they did during his deposition.  *See*

Cavaretta Dep. 53:14–23.  However, the actual opinions offered by Mr. Cavaretta are concededly

admissible.

## II.    MR. CAVARETTA'S REBUTTAL OF DR. PHIROZ'S OPINIONS SATISFIES RULE 702 AND SHOULD BE ADMITTED UNLESS DR. PHIROZ'S OPINIONS ARE EXCLUDED.

Aside from their challenge to Mr. Cavaretta's assessment of Dentsply's conduct relative

to industry norms, nearly all of Plaintiffs' challenges to Mr. Cavaretta's testimony center on his

rebuttal to the unsupported opinions offered by Plaintiffs' expert Dr. Phiroz.  *See* Cavaretta Rep.

¶¶ 15, 17, 52–53, 60–68; Motion at 6, 8, 14, 15, 17.  The Court, however, need not reach the

admissibility of the rebuttal testimony challenged by Plaintiffs.  Defendants have separately

moved to exclude Dr. Phiroz's testimony, *see* Def's MOL to Exclude Expert Testimony, and if

this Court grants Defendants' motion, Dentsply would withdraw Mr. Cavaretta's testimony in the

rebuttal paragraphs challenged by Plaintiffs.

But if the Court admits the testimony of Dr. Phiroz, it should also admit the rebuttal

testimony of Mr. Cavaretta.  Under Rule 702, courts admit rebuttal expert testimony to attack the

methodology or opinions of the opposing side's experts, highlighting flaws to aid the jury.

*Stroheim & Romann, Inc. v. Allianz Ins. Co.*, 2003 WL 21980389, at *4 (S.D.N.Y. Aug. 14, 2003)

(denying motion to preclude expert testimony where the expert provided a critique of the

opposing side's experts' methodology and results); *see In re Blech Sec. Litig.*, 2003 WL 1610775, at \*20 (S.D.N.Y. Mar. 26, 2003) ("Courts have often allowed expert testimony for the sole purpose of critiquing and thereby helping to explain the work of an expert witness retained by another party."). And "a rebuttal expert need not proffer a methodology or model, but only critique the opposing expert's." *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d at 140. That is, "[a] rebuttal expert, by nature, criticizes the methodology and/or opinions of another. There is no requirement that a rebuttal expert himself offer a competing analysis." *Id.* at 138 (quoting *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 29 (S.D.N.Y. 2020)).

Mr. Cavaretta's challenged opinions in paragraphs 15, 17, 52–53, and 60–68 are offered to rebut and contextualize opinions from Dr. Phiroz, and "carr[y] out precisely the charge of a rebuttal expert: to 'criticiz[e] [the analysis] presented by another party.'" *Capri Sun*, 595 F. Supp. 3d at 140 (quoting *Aluminum Warehousing*, 336 F.R.D. at 29); *see also In re Blech Sec. Litig.*, 2003 WL 1610775, at \*19–20 (allowing expert testimony that would "assist the jury in evaluating" another expert's analysis). Mr. Cavaretta's rebuttal opinions are thus admissible, subject to the Court's decision on the admissibility of Dr. Phiroz's challenged opinions.

### A. Mr. Cavaretta Does Not Opine on ███████████

In rebutting Dr. Phiroz's opinions on ███████████ Mr. Cavaretta criticizes Dr. Phiroz's lack of methodology and context, including ████████████████

████████████████████████████████████████

Cavaretta Rep. ¶¶ 59–68. While Plaintiffs seek to fault Mr. Cavaretta for ████████████

████████████████ Motion at 6–7, Dr. Phiroz does not himself ████████████

███████ Cavaretta Rep. ¶ 60 ████████████████████████████████

███████████ Instead, Dr. Phiroz ████████████████████████████

████████████████████████████████████████████████ *Id.*

Mr. Cavaretta criticizes ███████████████ and points out Dr. Phiroz's failure to support

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████ *Id.* ¶ 65 ████████████████████████

██████████████████████████████████ It is nonsensical to attempt to

fault Mr. Cavaretta for not applying his own ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

In any event, Mr. Cavaretta's rebuttal role is to "criticize[] the methodology and/or opinions of

another," not to "himself offer a competing analysis." *Capri Sun*, 595 F. Supp. 3d at 138 (stating

that a rebuttal expert was not required to provide a competing methodology).

Plaintiffs concede that Mr. Cavaretta is qualified to offer a wide range of opinions on the

dental supply industry. *See* Motion at 1. Yet Plaintiffs assert that "Cavaretta is unqualified to

opine on ███████████" because he testified at his deposition that ████████████████

████████████████████████████████ Motion at 6–7 (citing to

Cavaretta Rep. ¶¶ 17, 60–68). Plaintiffs' argument defies logic. If accepted by the Court, their

novel argument would preclude expert witnesses from providing rebuttal evidence to an

opposing expert's ████████████████████████████

Experts who █████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ Therefore, Mr. Cavaretta's so-called "admitted

ignorance," Motion at 7, of ████████████████████████████████

█████████████ is not disqualifying. That is valuable evidence in and of itself. Indeed, Mr.

14

Cavaretta's industry expertise provides important background for a lay jury to understand how Dr. Phiroz fails to prove his conclusions, which is well within the proper role of rebuttal evidence.

Plaintiffs cite cases involving experts without industry experience, *see SEC v. Tourre*, 950 F. Supp. 2d 666 (S.D.N.Y. 2013), who had only "litigation-driven expertise," *see Prohaska v. Sofamor, S.N.C.*, 138 F. Supp. 2d 422, 437 (W.D.N.Y. 2001), or who provided mere "unsupported speculation," *see In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 543 (S.D.N.Y. 2004). These cases are uniformly inapposite. Here, Mr. Cavaretta reliably applies over 30 years of dental supply industry experience to provide the jury with industry-specific context that will aid in their evaluation of Dr. Phiroz's methodology and opinions.

This Court should reject Plaintiffs' attempt to exclude proper rebuttal evidence from an industry expert.

### B. Mr. Cavaretta Criticizes Dr. Phiroz's ██████████████████████████



Mr. Cavaretta criticizes ████████████████████████████████ ████████████████████████████████████████████████████ Phiroz Rep. ¶¶ 67–92. As one of these supposed ██████████ Plaintiffs assert that there was ██████ ████████████████████████████████████ and Dr. Phiroz concludes that ████████████████████████████████████ *See* Phiroz Rep. ¶¶ 71–76. In response, Mr. Cavaretta opines that ████████████████████ ████████████████████████████████████████ ████████████████████████████████ Cavaretta Rep. ¶ 61.

Plaintiffs challenge the reliability and helpfulness of Mr. Cavaretta's opinion, claiming that ████████████████████████████████████████████████████████

████████    Motion at 8–9.  However, Plaintiffs misrepresent the scope of Mr. Cavaretta's testimony, which is intended to respond to Dr. Phiroz's ████████████████ and to provide the industry-specific context Dr. Phiroz omits.  If Dr. Phiroz is allowed to testify, as he proffers in his report, ██████████████████████████████████ then Mr. Cavaretta should be allowed to offer an opposing view grounded in industry experience.

For example, Mr. Cavaretta explains that ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████ Cavaretta Rep. ¶ 61.  Mr. Cavaretta also explains that ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████ *Id*.  This industry context goes beyond the understanding of a lay juror.  Such testimony helps the jury understand ████████ ████████████████████████████████████████████████████ ████████████████ *Stroheim & Romann, Inc.*, 2003 WL 21980389, at *4 (admitting "properly supported expert testimony critiquing another expert's opinion").

Plaintiffs' cases are inapposite.  For example, the court in *City of Almaty, Kazakhstan v. Ablyazov* excluded the expert's non-rebuttal testimony because it consisted of "conclusory statements based on his experience of what actions he would expect," without any application of specialized knowledge to the facts at issue.  2021 WL 5154110, at *16 (S.D.N.Y. Nov. 5, 2021).  By contrast, Mr. Cavaretta draws on over 30 years of experience in the dental supply industry to explain ████████████████████████████████████████████████ ████████████████ and applies that expertise to the facts of this case.  *See, e.g.*, Cavaretta Rep. ¶¶ 66–68.  His opinions are grounded in detailed industry practice, not generalities and are

16

directly responsive to Dr. Phiroz's claims about ███████████████████████  *See*

*id.* ¶ 61. This is precisely the type of industry context that courts routinely find reliable and

helpful to a jury. *See In re Blech Sec. Litig.*, 2003 WL 1610775, at *22–23.[2]

### C. Mr. Cavaretta Rebuts Dr. Phiroz's Opinions ██████████████████████ ███████████

Mr. Cavaretta responds to Dr. Phiroz's conclusion that █████████████████████

████████████████████████████████████████ Phiroz Rep. ¶¶ 83–85, ████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████ Cavaretta Rep. ¶ 63. He also describes ███████████████

███████████████████████████████████████████████████████

██████████████████████████████████████ *Id.* ¶ 65.

Mr. Cavaretta's testimony is based on ████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████ *See, e.g., id.* ¶¶ 43–50, 63 n.124 ██████████████████

█████████████████████████████████████████████[3] Such

---

[2]    Plaintiffs' reliance on *U.S. Small Bus. Admin. v. Feinsod*, 2025 WL 1677409, at *16–17 (E.D.N.Y. June 13, 2025) is also unavailing. The testimony at issue in the portion of that case cited by Plaintiffs, Motion at 9, likewise did not pertain to rebuttal testimony, but rather centered upon an opinion offered by an expert with experience in investment banking, who failed to demonstrate how his experience led to his opinions on corporate recovery and insolvency, and the court was therefore "left to speculate whether" his experience "renders him qualified to offer opinions." *Id.* at *16. Here, Mr. Cavaretta explains at length the relevance of his experience. *See* Cavaretta Rep. ¶ 60 ███████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████

[3]    By contrast, Dr. Phiroz conceded at his deposition that ██████████████████ ████████████████████████████ Phiroz Dep. 281:9–14.

testimony is typical of an industry expert and admissible under Rule 702. *See Pension Comm. of Univ. of Montreal Pension Plan*, 691 F. Supp. 2d at 467 (permitting expert testimony on customary expectations and assumptions in industry); *see also* Cavaretta Rep. ¶ 32 (unchallenged testimony that ███████████████████████████████████████████ ███████████████████

Without citation to any supporting case law, Plaintiffs object that Mr. Cavaretta's opinion that ██████████████████████████████████ is impermissible state of mind testimony, Motion at 11–12 (citing Cavaretta Rep. ¶ 63), characterizing Mr. Cavaretta as speculating on the ████████████████████████████████████████████ *Id*. But Mr. Cavaretta confirmed at his deposition that ███████████████████████████████████ ████████████████ Cavaretta Dep. 194:6–8 ███████████████████████ ███████████████████████████████████████ Instead, Mr. Cavaretta ████████████████████████████████████████████████████ ██████████████████████████████ Cavaretta Rep. ¶ 63. As stated above, Mr. Cavaretta cites directly to ███████████████████████████████████ *Id.* at n.124.

Plaintiffs also object that this testimony fails Rule 702's "fit" requirement because it is "irrelevant." Motion at 12. This criticism is misguided, given that Mr. Cavaretta is ████████ ████████████████████████████████████ If Dr. Phiroz's own testimony is relevant to the issues in dispute, it strains reason how Mr. Cavaretta's rebuttal would not be as well.

Plaintiffs further challenge Mr. Cavaretta's testimony on ████████████████ ███████████████████████████████████████████████

18



Cavaretta Rep. ¶ 65.  Plaintiffs mischaracterize Mr. Cavaretta's testimony as speculation as to ████████████████████████████████████████████ ████████████████████████████████ Motion at 12–13.  However, Mr. Cavaretta merely offers ████████████████████████████████████ in his analysis.  With his ████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████ which Dr. Phiroz ████████████ ████████████████████████

Plaintiffs' cited authorities miss the mark, as they concern only non-rebuttal opinions offered by experts who failed to explain the facts upon which their opinions or methodologies were based.  *Id*.  For example, in *Hayden v. International Business Machines Corporation*, the court excluded testimony that failed to explain how an expert's knowledge and experience led to his conclusions as to what a company knew or did not know, finding the opinions were connected to existing data only by the expert's say-so.  2025 WL 1697021, at *6–7 (S.D.N.Y. June 17, 2025).  Similarly, in *Estate of Ratcliffe v. Pradera Realty Co.*, the court excluded testimony where an expert's opinion as to a defective handrail contributing to a woman's fall was based on no evidence or data whatsoever, and thus was purely speculation.  2008 WL 53115, at *5 (S.D.N.Y. Jan. 2, 2008).  Mr. Cavaretta, in contrast, appropriately ████████████████ ████████████████████████████████████████  Indeed, courts have repeatedly admitted testimony regarding the impact of ████████████████ on industry-specific supply chain practices.  *See London Luxury, LLC v. Walmart, Inc.*, 2025 WL 967114, at *15 (W.D. Ark. Mar. 31, 2025) (noting that party had "put on expert testimony to explain how normal supply chains were impacted by ████████████"); *see also Liberty Mut. Ins.*

19

*Co. v. Day to Day Imports Inc.*, 2025 WL 2117897, at \*21–22 (S.D.N.Y. July 29, 2025) (allowing expert testimony on impact of ▮▮▮▮▮▮ pandemic in specific context of ground transportation logistics).

In light of Plaintiffs' allegations of fraud, the uncertainty of demand during the relevant time period is helpful context for a jury.  If Dr. Phiroz may opine that ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮, Mr. Cavaretta's testimony should be admitted to provide important context on industry practices ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

### D.  Mr. Cavaretta Criticizes Dr. Phiroz's Unfounded Conclusions as to ▮▮▮▮▮ ▮▮▮▮▮▮

Mr. Cavaretta also criticizes and contextualizes the unsupported opinions from Dr. Phiroz about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Phiroz Rep. ¶¶ 26–52.  Dr. Phiroz, who has no experience opining on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ asserts that ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Phiroz Rep. ¶ 52.  In response, Mr. Cavaretta explains that in his experience, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cavaretta Rep. ¶ 52, and that ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ *id.* ¶ 53.

Plaintiffs argue that Mr. Cavaretta's rebuttal opinion is *ipse dixit* because Mr. Cavaretta does not ▮▮▮▮▮▮▮▮▮▮ Motion at 15–16 (citing Cavaretta Rep. ¶¶ 15, 53).  Though Plaintiffs assert that Mr. Cavaretta's analysis ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 18 (citing Cavaretta Rep. ¶ 52), Mr.

20

Cavaretta does not ███████████████████████████████████████████

██████ Instead, he points out, in his appropriate role as a rebuttal expert, that ██████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ [4] *See*

Cavaretta Rep. ¶¶ 15, 52, 57 ████████████████████████████████████████

███████████████████████ [5] Rather than undermining the rebuttal testimony offered by Mr.

Cavaretta, Plaintiffs' arguments emphasize the *ipse dixit* nature of Dr. Phiroz's own opinions.

Mr. Cavaretta in any event supports his rebuttal opinion with ████████████████

████████████████████████████████████ Cavaretta Rep. ¶ 52. However,

despite having just argued for exclusion on the basis that his opinion was *ipse dixit*, Plaintiffs

simultaneously argue that Mr. Cavaretta's ██████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████ Motion at 17. While

Plaintiffs' argument again misconstrues the legal requirements for Mr. Cavaretta's rebuttal

---

[4]  Plaintiffs' quotation from Mr. Cavaretta's deposition demonstrates that Mr. Cavaretta viewed his role as contextualizing Dr. Phiroz's opinions rather than offering his own evaluation as to ████████████████████████████ *See* Motion at 15 (█████████████

████████████████████████████ (quoting Cavaretta Dep. 227:18–24));
Cavaretta Dep. 218:18–20 ██████████████████████████████████████████
█████████████.

[5]  Plaintiffs' second citation to *Hayden*, *see* Motion at 16–17, is again inapposite for the same reasons discussed above. *See supra* 19. The other cases cited by Plaintiffs fare no better. For example, the court in *Davis v. Carroll*, 937 F. Supp. 2d 390, 414-20 (S.D.N.Y. 2013) *allowed* an art sales industry expert to opine on standard practices in the industry, including what kinds of sales incentives are typical, but excluded testimony applying a methodology that went against his own stated principles, and where he could not identify a factual basis for his conclusion. In contrast, Mr. Cavaretta explains, based on his experience ████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████
Cavaretta Rep. ¶ 52–53.

testimony for the reasons already discussed, it also underscores how far they are reaching with this Motion: Plaintiffs are asserting, brazenly, that Mr. Cavaretta's *rebuttal* testimony should be excluded on the grounds that he does not ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

Plaintiffs again rely on cases that do not support their effort to exclude Mr. Cavaretta's testimony. *See* Motion at 18. For example, in *Doe v. Colgate University*, the court excluded an expert's general opinion that university administrators in Title IX offices believe that individuals who raise Title IX complaints are traumatized, when the expert's research only showed "that *some* administrators in *some* Title IX offices believe that complainants are traumatized." 2017 WL 4990629, at *8 (N.D.N.Y. Oct. 31, 2017), *aff'd*, 760 F. App'x 22 (2d Cir. 2019). Mr. Cavaretta's rebuttal opinion suffers no such infirmity.[6] Mr. Cavaretta is not opining ████ ██████████████████████████████████████████████ Rather, Mr. Cavaretta's testimony here is narrowly tailored to contextualize and critique Dr. Phiroz, and was properly based on his own industry experience.

Finally, Plaintiffs criticize Mr. Cavaretta's opinion as ████████████████████ ████████████████████████████ Motion at 18 (citing Cavaretta Rep. ¶ 53). Plaintiffs' criticism misses the point—Mr. Cavaretta, in rebuttal, does not attempt to

---

[6]     Likewise, in *Scentsational Techs., LLC v. Pepsi, Inc.*, the excluded opinion asserted that "but for [defendant's] patent application, [the relevant project] had a high likelihood of success," and the court noted that the expert acknowledged but dismissed underlying facts contradictory to her claim. 2018 WL 1889763, at *7 (S.D.N.Y. Apr. 18, 2018). Here, ████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████ Cavaretta Rep. ¶ 52.



Rather, he critiques Dr. Phiroz's utter failure to address ███████████████

███████████████████████████ As Mr. Cavaretta explains, ███████████████

██████████████████████████████████ *Id.* Additionally*,* Mr. Cavaretta opines that ██████████████████████████████████

████████████████████████ Cavaretta Rep. ¶53.

Mr. Cavaretta's rebuttal testimony satisfies Rule 702 and should be admitted if Dr. Phiroz is permitted to testify.

### III.    MR. CAVARETTA'S TESTIMONY IS ADMISSIBLE UNDER RULE 403.

Plaintiffs alternatively argue that Mr. Cavaretta's opinion ██████████████

██████████████████████████████████ Motion at 14–15 (citing Cavaretta Rep. ¶¶ 12, 17, 60–68), and ██████████████████████████

Motion at 19–20 (citing Cavaretta Rep. ¶¶ 52-53), should be excluded under Rule 403 as unduly prejudicial.  They are wrong on both counts.

Courts may exclude evidence under Rule 403 if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (citing Fed. R. 403).  The Second Circuit has excluded testimony under this Rule where it "cloud[s] the issue for the jury, waste[s] time by diverting attention from the . . . relevant evidence, or induc[es] [the jury to] deci[de] [the case] on a purely emotional basis." *In re Terrorist Attacks on Sept. 11, 2001*, 2025 WL 2383768, at *5 (S.D.N.Y. Aug. 18, 2025) (alteration in original) (citations omitted).  Mr. Cavaretta's testimony does none of those things.

*First*, Plaintiffs argue that Mr. Cavaretta's conclusions ██████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████  Motion at 14.  However, Mr. Cavaretta does not ██████████████████

████████████████████████  *See* Cavaretta Rep. ¶¶ 52-53.  It is Dr. Phiroz who asserts that

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████  Phiroz Rep. ¶¶ 67–70.  These unfounded conclusions based on

███████████████████████████  Dr. Phiroz risk misleading a jury for the reasons

Defendants have already explained at length.  *See* Defs' MOL to Exclude Expert Testimony at

16–17.

In addition to not offering a conclusion on ████████████████████████  Mr.

Cavaretta's report further does not state that ██████████████████████████

████████████████████████████████████████  Instead, Mr. Cavaretta

appropriately provides ██████████████████████████████████████

██████████████████  which will help a jury assess his misleading opinions.  Accordingly, if

Dr. Phiroz is permitted to testify on these issues, Mr. Cavaretta must be given an opportunity to

contextualize those opinions.  The opinion is also helpful to the jury when ████████████████

███████████████████████████████████████████████████████████

████████  *See, e.g., In re Platinum-Beechwood Litig.,* 469 F. Supp. 3d 105, 117 (S.D.N.Y. 2020)

(admitting expert testimony "to contextualize the evidence so that the jury may understand the

24

[industry] standards under which [defendants] were operating . . . as well as standard industry practices . . . to meet such standards.").[7]

*Second*, Plaintiffs argue that Mr. Cavaretta's ██████████████████ ██████████████████████████████████████████████████████████ ████████████████ and should therefore be excluded under Rule 403 as either irrelevant or more prejudicial than probative.[8]  Motion at 19–20.  However, Plaintiffs simply cannot have it both ways.  Either Dr. Phiroz opines on relevant issues that Dentsply is entitled to rebut, or the subject of Dr. Phiroz's opinions is not relevant to Plaintiffs' claims and must be excluded too. *See generally* Defs' MOL to Exclude Expert Testimony.

---

[7]     This Court's decision in *In re Terrorist Attacks* supports denying Plaintiffs motion.  In that case, the court excluded expert testimony that was not directly relevant to the issues in dispute and risked confusing the jury by introducing extraneous matters.  *In re Terrorist Attacks on Sep. 11, 2001*, 2023 WL 3116763, at \*6 (S.D.N.Y. Apr. 27, 2023).  Here, by contrast, Mr. Cavaretta's testimony regarding ████████████ is directly relevant to the central question of whether Dentsply's conduct was consistent with standard practices in the dental supply industry.  Far from confusing the jury, this testimony will assist the trier of fact in evaluating Dr. Phiroz's ultimate conclusion that ████████████████████████████████████

[8]     Plaintiffs' only case law purportedly supporting this argument concerned whether expert background can be so "generic" or "general," with too little relationship to the parties and facts at issue in the relevant cases, to be admissible; a far cry from Mr. Cavaretta's testimony regarding ████████████████████████████████████  *See* Motion at 20 (quoting *Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 186 (D. Conn. 2022) (excluding testimony regarding the Black Lives Matter movement in case involving police misconduct where expert provided only "generic references to social movements") and *United States v. Hoskins*, 2019 WL 5556092, at \*5 (D. Conn. Oct. 28, 2019) (permitting expert testimony regarding general corporate governance concepts as related to the corporate relationship at issue in the case, while excluding testimony on "general corporate principles . . . untethered to this case")).  Plaintiffs' assertion that Mr. Cavaretta's analysis will "divert attention from relevant evidence and waste time," Motion at 20, is therefore unavailing.

25

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion in full.

Dated: December 19, 2025
      New York, New York

                             Respectfully submitted,

                             */s/ Roger A. Cooper*

                             Roger A. Cooper
                             racooper@cgsh.com
                             Andrew Weaver
                             aweaver@cgsh.com
                             CLEARY GOTTLIEB
                             STEEN & HAMILTON LLP
                             One Liberty Plaza
                             New York, New York 10006
                             T: 212-225-2283

                             Angela L. Dunning
                             adunning@cgsh.com
                             CLEARY GOTTLIEB
                             STEEN & HAMILTON LLP
                             1841 Page Mill Rd
                             Palo Alto, CA 94304
                             T: 650-815-4131

                             Thomas A. Bednar
                             tbednar@cgsh.com
                             CLEARY GOTTLIEB STEEN
                             & HAMILTON LLP
                             2112 Pennsylvania Avenue, NW
                             Washington, D.C. 20037
                             T: 202-974-1836

                             *Counsel for Defendant Dentsply Sirona Inc.*

**Certificate of Compliance**

I hereby certify that the foregoing memorandum of law complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted by Rule 7.1(c), it contains 8,207 words as calculated by Microsoft Word.

/s/ Roger A. Cooper
Roger A. Cooper