**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br><br>      Defendants. | Civil Action No. 22-cv-06339-AS<br><br>CLASS ACTION<br><br>Hon. Arun Subramanian<br><br>**[REDACTED]** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL <u>SUMMARY JUDGMENT</u>**

Pursuant to Federal Rule of Civil Procedure 56, Rule 56.1 of the Local Civil Rules of this Court, and Individual Rule of Practice V(E)(2), Defendants Dentsply Sirona Inc. ("Dentsply" or the "Company"), Donald M. Casey, Jr. ("Casey"), and Jorge Gomez ("Gomez") respectfully submit this response to Plaintiffs' Statement of Undisputed Material Facts in Support of Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs' SOF"), Dkt. No. 165.[1]

As a threshold matter, Defendants object to Plaintiffs' SOF on several grounds that apply broadly to many of the purported "facts" therein. First, Plaintiffs mischaracterize many of the "alleged false and misleading statements" referenced in their SOF, *see* Plaintiffs' SOF ¶¶ 5–15, often taking those statements out of context and failing to identify the specific content of the statement or its speaker. Second, Plaintiffs' SOF states legal conclusions as fact and improperly mixes factual averments with legal argument. These statements are improper. *See Ramgoolie v. Ramgoolie*, 2018 WL 5619959, at *2 (S.D.N.Y. Aug. 3, 2018) ("[O]pinions or legal conclusions . . . have no place in a Rule 56.1 statement."), *R. & R. adopted as modified*, 2018 WL 4266015 (S.D.N.Y. Sept. 6, 2018); *Simmons v. Woodycrest Ctr. for Hum. Dev., Inc.*, 2011 WL 855942, at *1 n.1 (S.D.N.Y. Mar. 9, 2011) (criticizing plaintiff's 56.1 statement as materially deficient, including because "several of its 'facts' are, in actuality, legal conclusions").

Plaintiffs' mischaracterizations, legal arguments, and cherry-picked quotes fail to follow Local Rule 56.1 and must be disregarded. *See Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 509 n.12 (S.D.N.Y. 2003) (no heed given to legal conclusions in Rule 56.1 statement); *Am. Gen. Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Tr.*, 2014 WL 6694502, at *1

---

[1] Unless otherwise indicated, capitalized terms and abbreviations used herein shall have the meanings set forth in Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Their Motion for Partial Summary Judgment, Dkt. No. 174. Citations to "Ex." refer to Defendants' Exhibits attached to the Declaration of Victoriya Levina in Support of Defendants' Motion for Partial Summary Judgment, Dkt. No. 175. Citations to "Pl. Ex." refer to Plaintiffs' Exhibits attached to the Declaration of Luke O. Brooks in Support of Plaintiffs' Motion for Partial Summary Judgment, Dkt. No. 170.

(S.D.N.Y. Nov. 25, 2014) (granting motion to strike "as to argumentative statements in the [56.1 statement] and as to purported factual statements which are unsupported by any citation to record evidence"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986) (requiring the party bearing the burden of proof at trial to "go beyond the pleadings" and cite specific record facts at summary judgment).

Defendants reserve all rights and objections, including but not limited to, relevance, authenticity, privilege, materiality, and admissibility of any material identified by Plaintiffs.

## DEFENDANTS' RESPONSE TO SPECIFIC PARAGRAPHS OF PLAINTIFFS' SOF

**PLAINTIFFS' SOF 1:**

City of Birmingham Retirement and Relief System purchased Dentsply Sirona Inc. ("Dentsply") common stock during the period June 9, 2021 to November 13, 2022, inclusive (the "Class Period"). ECF 15-3, 15-4, 15-5; ECF 72, ¶27.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 1:**

Disputed insofar as Plaintiffs' SOF 1 does not state a fact with particularity, because it is vague as to the dates during the Class Period on which City of Birmingham Retirement and Relief System ("CBRRS") purchased Dentsply stock. CBRRS declares in its Certification Pursuant to Federal Securities Laws ("Certification") that its "transaction(s) during the Class Period in the securities that are the subject of this action" are listed in Schedule A to its Certification. *See* AC at 134–35. Schedule A to CBRRS's Certification lists 10 dates on which CBRRS "acquired" Dentsply shares and six dates on which CBRRS "disposed" of Dentsply shares during the Class Period, the "amount of shares" acquired or disposed on each date, and the price at which the shares were acquired or disposed on each date. *See* AC at 135. Defendants dispute that CBRRS purchased Dentsply stock during the Class Period on any date other than the 10 dates listed in Schedule A to CBRRS's Certification. *See id.*

3

**PLAINTIFFS' SOF 2:**

Wayne County Employees' Retirement System purchased Dentsply common stock during the Class Period.  ECF 15-3, 15-4, 15-5; ECF 72, ¶29.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 2:**

Disputed insofar as Plaintiffs' SOF 2 does not state a fact with particularity, because it is vague as to the dates during the Class Period on which Wayne County Employees' Retirement System ("WCERS") purchased Dentsply stock.  WCERS declares in its Certification that its "transaction(s) during the Class Period in the securities that are the subject of this action" are listed in Schedule A to its Certification.  *See* AC at 138–40.  Schedule A to WCERS's Certification lists 26 dates on which WCERS "acquired" Dentsply shares and four dates on which WCERS "disposed" of Dentsply shares during the Class Period, the "amount of shares" acquired or disposed on each date, and the price at which the shares were acquired or disposed on each date.  *See* AC at 140.  Defendants dispute that WCERS purchased Dentsply stock during the Class Period on any date other than the 26 dates listed in Schedule A to WCERS's Certification.  *See id.*

**PLAINTIFFS' SOF 3:**

El Paso Firemen & Policemen's Pension Fund purchased Dentsply common stock during the Class Period.  ECF 15-3, 15-4, 15-5; ECF 72, ¶28.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 3:**

Disputed insofar as Plaintiffs' SOF 3 does not state a fact with particularity, because it is vague as to the dates during the Class Period on which El Paso Firemen & Policemen's Pension Fund ("EPFPPF") purchased Dentsply stock.  EPFPPF declares in its Certification that its "transaction(s) during the Class Period in the securities that are the subject of this action" are listed in Schedule A to its Certification.  *See* AC at 136–37.  Schedule A to EPFPPF's Certification lists 30 dates on which EPFPPF "acquired" Dentsply shares and five dates on which

EPFPPF "disposed" of Dentsply shares during the Class Period, the "amount of shares" acquired

or disposed on each date, and the price at which the shares were acquired or disposed on each

date. *See* AC at 137.  Defendants dispute that EPFPPF purchased Dentsply stock during the

Class Period on any date other than the 30 dates listed in Schedule A to EPFPPF's Certification.

*See id.*

**PLAINTIFFS' SOF 4:**

By definition, investors must have purchased Dentsply stock during the Class Period in order to be Class members.  ECF 153 at 7.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 4:**

Undisputed that the Court certified a class in this case consisting of "All persons and

entities who purchased the publicly traded common stock of Dentsply Sirona Inc. ('Dentsply')

between June 9, 2021 and November 13, 2022, inclusive (the 'Class Period'), and were damaged

thereby," *see* Op. & Order Granting Mot. to Certify Class at 7, Dkt. No. 153, and that to fall

within the Class as defined by the Court, an investor must have purchased Dentsply common

stock during the Class Period.

**PLAINTIFFS' SOF 5:**

Plaintiffs allege that, during the Class Period, Defendants[2] made materially false and misleading statements and omissions and engaged in a scheme to defraud investors.  ECF 72 ¶¶36-179, 192-210.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 5:**

Plaintiffs' SOF 5 improperly cites only to the Amended Complaint and should be

disregarded in its entirety.  *See Cap. One Nat'l Ass'n v. 48-52 Franklin, LLC*, 2014 WL

1386609, at *9 (S.D.N.Y. Apr. 8, 2014) ("[A] complaint is not evidence."); *Walsh v. Dejoy*, 2021

WL 4896979, at *8 n.1 (S.D.N.Y. July 28, 2021), *R. & R. adopted*, 2021 WL 4355366 (S.D.N.Y.

---

[2] Plaintiffs' footnote 1: "'Defendants' refers to Dentsply, Donald M. Casey, Jr., and Jorge Gomez."

Sept. 24, 2021) ("The parties' Rule 56.1 statements contain, improperly, citations to the second amended complaint, which is not evidence . . . ."). To the extent a response is nevertheless required, it is undisputed that Plaintiffs *allege* that Defendants made materially false and misleading statements and omissions and engaged in a scheme to defraud consisting of the same alleged misstatements. Disputed that Defendants made any materially false or misleading statements or engaged in any fraudulent scheme or any other alleged misconduct. *See* Defendants' Responses to Plaintiffs' SOF 6–15 below.

Disputed insofar as Plaintiffs' SOF 5 improperly attributes all of the statements in AC ¶¶ 36–179, 192–210 to all Defendants, which is inaccurate.

Disputed as to Plaintiffs' SEC Regulation S-K Item 303 claims (AC ¶ 42), which were dismissed by the Court in their entirety (MTD Order at 18, Dkt. No. 106); the claims asserted in AC ¶¶ 100–02, 108, 114, 120, and 147–48, which were dismissed by the Court in their entirety (*id.*); and the claims asserted in AC ¶¶ 105, 111, 114, 120, and 143, which were dismissed by the Court in part (*id.*).

**PLAINTIFFS' SOF 6:**

Defendants' June 9, 2021 alleged false and misleading statements were made during Dentsply's presentation at the Goldman Sachs Global Healthcare Conference and were a matter of public record. ECF 72, ¶¶111, 119; ECF 112, ¶¶111, 119; ECF 113, Answer Nos. 111, 119; Brooks Decl., Ex. 1 at 91-92, 97-98[3]; Brooks Decl., Ex. 2 at 103-04, 109-10.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 6:**

Undisputed that Plaintiffs *allege* that Defendant Gomez made false and misleading statements at the Goldman Sachs Global Healthcare Conference on June 9, 2021, and that statements made at the conference were publicly available. AC ¶¶ 111, 119. Disputed that

---

[3] Plaintiffs' footnote 2: "'Brooks Decl.' refers to the Declaration of Luke O. Brooks in Support of Plaintiffs' Motion for Partial Summary Judgment, filed concurrently herewith."

Defendant Casey is alleged to have made, or actually made, the statements.  *See id.*; Ex. D1

(June 9, 2021 Goldman Sachs Global Healthcare Conf. Tr.).

Plaintiffs' SOF 6 does not purport to show that any of the referenced "alleged false and

misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not

moved for summary judgment on that element of their claim.  Accordingly, Plaintiffs' SOF 6

does not require any response from Defendants as to whether the referenced statements were

false or misleading, and Defendants reserve all rights in that regard.

**PLAINTIFFS' SOF 7:**

Defendants' August 5, 2021 alleged false and misleading statements were made during
Dentsply's second quarter of 2021 earnings call, which was available for public participation, or
were contained in Dentsply's press release available to the public on August 5, 2021.  ECF 72,
¶¶120, 137-138; ECF 112, ¶¶120, 137-138; ECF 113, Answer Nos. 120, 137-138; ECF 114,
¶¶120, 137-138; Brooks Decl., Ex. 1 at 98, 101; Brooks Decl., Ex. 2 at 96; Brooks Decl., Ex. 3 at
77-78, 80-81.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 7:**

Undisputed that Plaintiffs *allege* that Defendant Casey made false and misleading

statements during Dentsply's 2Q21 earnings call on August 5, 2021 (AC ¶¶ 120, 138) and in

Dentsply's August 5, 2021 press release (AC ¶ 137), and that statements made during the

earnings call were publicly available.  Disputed that Defendant Gomez is alleged to have made,

or actually made, the statements.  *See* AC ¶¶ 120, 137–38; Ex. D2 (Aug. 5, 2021 2Q21 Earnings

Call Tr.); Ex. C11 (Aug. 5, 2021 Form 8-K).

Plaintiffs' SOF 7 does not purport to show that any of the referenced "alleged false and

misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not

moved for summary judgment on that element of their claim.  Accordingly, Plaintiffs' SOF 7

does not require any response from Defendants as to whether the referenced statements were

false or misleading, and Defendants reserve all rights in that regard.

7

**PLAINTIFFS' SOF 8:**

Defendants' September 15, 2021 alleged false and misleading statements were made during Dentsply's presentation at the Robert W. Baird Global Healthcare Conference and were a matter of public record.  ECF 72, ¶¶112, 139; ECF 112, ¶¶112, 139; ECF 113, Answer Nos. 112, 139; ECF 114, ¶¶112, 139; Brooks Decl., Ex. 1 at 92-93, 101-02; Brooks Decl., Ex. 2 at 104-05, 113.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 8:**

Undisputed that Plaintiffs *allege* that Defendant Gomez made false and misleading statements during the Robert W. Baird Global Healthcare Conference on September 15, 2021 (AC ¶¶ 112, 139), and that statements made at the conference were publicly available.  Disputed that Defendant Casey is alleged to have made, or actually made, the statements.  *See id.*; Ex. D4 (Sept. 15, 2021 Robert W. Baird Global Healthcare Conf. Tr.).

Defendants further dispute Plaintiffs' allegations regarding the statements, insofar as they are inconsistent with the contents of the full transcript of the September 15, 2021 presentation. *Compare, e.g.*, Ex. D4 at 8 (Sept. 15 2021 Robert W. Baird Global Healthcare Conf. Tr.) (describing "momentum" of products in 2021 relative to 2020 and their rebound from the pandemic), *with* AC ¶ 112 (mischaracterizing this same statement as "hyp[ing] the Company's digital business").

Plaintiffs' SOF 8 does not purport to show that any of the referenced "alleged false and misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not moved for summary judgment on that element of their claim.  Accordingly, Plaintiffs' SOF 8 does not require any response from Defendants as to whether the referenced statements were false or misleading, and Defendants reserve all rights in that regard.

**PLAINTIFFS' SOF 9:**

Defendants' November 4, 2021 alleged false and misleading statements were contained in Dentsply's press release available to the public on November 4, 2021; were made during Dentsply's third quarter of 2021 earnings call, which was available for public participation; or

were contained in Dentsply's third quarter of 2021 Form 10-Q filed with the U.S. Securities and Exchange Commission ("SEC") and available to the public through the SEC's website.  ECF 72, ¶¶103-104, 113, 121-123,[4] 127-129, 140-142; ECF 112, ¶¶103-104, 113, 127-129, 140-142; ECF 113, Answer Nos. 103-04, 113, 123, 127-129, 140-142; ECF 114, ¶¶103-104, 113, 123, 127-129, 140-142; Brooks Decl., Ex. 1 at 86-88, 93-94, 98-100, 102-04; Brooks Decl., Ex. 2 at 98-100, 105-06, 110-11, 114-15; Brooks Decl., Ex. 3 at 81-82.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 9:**

Undisputed that Plaintiffs *allege* that Defendant Casey made false and misleading statements during Dentsply's 3Q21 earnings call on November 4, 2021.  AC ¶¶ 129, 141. Undisputed that Plaintiffs *allege* that Defendant Casey made false and misleading statements contained in Dentsply's November 4, 2021 press release.  AC ¶ 127.  Undisputed that Plaintiffs *allege* that Defendant Gomez made false and misleading statements during Dentsply's 3Q21 earnings call on November 4, 2021.  AC ¶¶ 103–04, 113, 121–22, 142.  Undisputed that Plaintiffs *allege* that Defendant Dentsply made false and misleading statements contained in Dentsply's 3Q21 10-Q.  AC ¶¶ 123, 128.  Disputed that Defendant Casey is alleged to have made the statements in AC ¶¶ 103–04, 113, 121–23, 128, 140, 142.  Disputed that Defendant Gomez is alleged to have made the statements in AC ¶¶ 123, 127–29, 140–41.

Undisputed that the alleged statements made during Dentsply's 3Q21 earnings call on November 4, 2021 and contained in Dentsply's November 4, 2021 press release and 3Q21 10-Q were publicly available.  Disputed that Defendant Casey made the statements in AC ¶¶ 103-04, 113, 121–23, 128, 140, 142.  *See* Ex. D6 (Nov. 4, 2021 Earnings Call Tr.); Ex. C13 (Nov. 4, 2021 Form 8-K); Ex. C12 (Nov. 4, 2021 Form 10-Q).  Disputed that Defendant Gomez made the statements in AC ¶¶ 123, 127–29, 140–41.  *See* Ex. D6 (Nov. 4, 2021 Earnings Call Tr.); Ex.

---

[4] Plaintiffs' footnote 3: "Plaintiffs do not dispute that the false and misleading statements identified in ¶¶121 and 122 were made during Dentsply's November 4, 2021 earnings call (not during the August 5, 2021 earnings call as stated in the Amended Complaint for Violations of the Federal Securities Laws due to a scrivener's error).  ECF 72, ¶¶120-121."

C13 (Nov. 4, 2021 Form 8-K); Ex. C12 (Nov. 4, 2021 Form 10-Q).

Defendants further dispute Plaintiffs' allegations regarding the statements, insofar as they are inconsistent with the contents of the full transcript of the November 4, 2021 presentation. *Compare, e.g.*, Ex. D6 at 15 (Nov. 4, 2021 Earnings Call Tr.) (describing Dentsply's own "internal inventory" levels), *with* AC ¶¶ 122, 125(a) (mischaracterizing this same statement as pertaining to "distributor inventory levels").

Plaintiffs' SOF 9 does not purport to show that any of the referenced "alleged false and misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not moved for summary judgment on that element of their claim. Accordingly, Plaintiffs' SOF 9 does not require any response from Defendants as to whether the referenced statements were false or misleading, and Defendants reserve all rights in that regard.

## PLAINTIFFS' SOF 10:

Defendants' November 11, 2021 alleged false and misleading statements were made during Dentsply's presentation at the Credit Suisse Healthcare Conference and were a matter of public record. ECF 72, ¶¶105, 143; ECF 112, ¶¶105, 143; ECF 113, Answer Nos. 105, 143; ECF 114, ¶¶105, 143; Brooks Decl., Ex. 1 at 88, 104-05; Brooks Decl., Ex. 3 at 68-69, 83-85.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 10:

Undisputed that Plaintiffs *allege* that Defendant Casey made false and misleading statements at the Credit Suisse Healthcare Conference on November 11, 2021 (AC ¶¶ 105, 143), and that statements made at the conference were publicly available. Disputed that Defendant Gomez is alleged to have made, or actually made, the statements. *Id.*; Ex. D8 at 5 (Nov. 11, 2021 Credit Suisse Healthcare Conf. Tr.).

Defendants further dispute Plaintiffs' allegations regarding the statements, insofar as they are inconsistent with the contents of the full transcript of the November 11, 2021 presentation. *Compare, e.g.*, Ex. D8 at 5 (Nov. 11, 2021 Credit Suisse Healthcare Conf. Tr.) (commenting on

"constraints around [being] a heavily chip-oriented business"), *with* AC ¶¶ 105, 109(c)

(mischaracterizing this same statement as Dentsply being "unable to 'make everything [it]

need[ed] to make'" across the supply chain).

Plaintiffs' SOF 10 does not purport to show that any of the referenced "alleged false and

misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not

moved for summary judgment on that element of their claim.  Accordingly, Plaintiffs' SOF 10

does not require any response from Defendants as to whether the referenced statements were

false or misleading, and Defendants reserve all rights in that regard.

**PLAINTIFFS' SOF 11:**

Defendants' December 1, 2021 alleged false and misleading statements were made
during Dentsply's presentation at the Evercore ISI HealthCONX Conference and were a matter
of public record.  ECF 72, ¶106; ECF 112, ¶106; ECF 113, Answer No. 106; ECF 114, ¶106;
Brooks Decl., Ex. 1 at 88-89; Brooks Decl., Ex. 3 at 69-70.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 11:**

Undisputed that Plaintiffs *allege* that Defendant Casey made false and misleading

statements at the Evercore ISI HealthCONX Conference on December 1, 2021 (AC ¶ 106), and

that statements made at the conference were publicly available.  Disputed that Defendant Gomez

is alleged to have made, or actually made, the statements.  *See id.*; Ex. D9 (Dec. 1, 2021

Evercore ISI HealthCONX Conf. Tr.).

Plaintiffs' SOF 11 does not purport to show that any of the referenced "alleged false and

misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not

moved for summary judgment on that element of their claim.  Accordingly, Plaintiffs' SOF 11

does not require any response from Defendants as to whether the referenced statements were

false or misleading, and Defendants reserve all rights in that regard.

**PLAINTIFFS' SOF 12:**

Defendants' January 12, 2022 alleged false and misleading statements were made during Dentsply's presentation at the JPMorgan Healthcare Conference and were a matter of public record.  ECF 72, ¶114; ECF 112, ¶114; ECF 113, Answer No. 114; ECF 114, ¶114; Brooks Decl., Ex. 1 at 94-95; Brooks Decl., Ex. 3 at 74-75.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 12:**

Undisputed that Plaintiffs *allege* that Defendant Casey made false and misleading

statements at the JPMorgan Healthcare Conference on January 12, 2022 (AC ¶ 114), and that

statements made at the conference were publicly available.  Disputed that Defendant Gomez is

alleged to have made, or actually made, any such statements.  *See id.*; Ex. 1 (Jan. 12, 2022

JPMorgan Healthcare Conf. Tr.).

Plaintiffs' SOF 12 does not purport to show that any of the referenced "alleged false and

misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not

moved for summary judgment on that element of their claim.  Accordingly, Plaintiffs' SOF 12

does not require any response from Defendants as to whether the referenced statements were

false or misleading, and Defendants reserve all rights in that regard.

**PLAINTIFFS' SOF 13:**

Defendants' February 28, 2022 alleged false and misleading statements were contained in Dentsply's press release available to the public on February 28, 2022, or were made during Dentsply's fourth quarter and fiscal year 2021 earnings call, which was available for public participation.  ECF 72, ¶¶107, 115-116, 132-133, 144; ECF 112, ¶¶107, 115-116, 132-133, 144; ECF 113, Answer Nos. 107, 115-116, 132-133, 144; ECF 114, ¶¶107, 115-116, 132-133, 144; Brooks Decl., Ex. 1 at 89-91, 95-97, 100, 105-07; Brooks Decl., Ex. 2 at 101-03, 107-09, 112, 116-18; Brooks Decl., Ex. 3 at 76, 86.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 13:**

Undisputed that Plaintiffs *allege* that Defendant Casey made false and misleading

statements during Dentsply's FY21 earnings call on February 28, 2022.  AC ¶¶ 115, 144.

Undisputed that Plaintiffs *allege* that Defendant Casey made false and misleading statements

contained in Dentsply's February 28, 2022 press release.  AC ¶ 132.  Undisputed that Plaintiffs *allege* that Defendant Gomez made false and misleading statements during Dentsply's FY21 earnings call on February 28, 2022.  AC ¶¶ 107, 115–16, 133, 144.  Disputed that Defendant Casey is alleged to have made the statements in AC ¶¶ 107, 116, 133 in full and the statements in AC ¶¶ 115, 144 in part.  Disputed that Defendant Gomez is alleged to have made the statements in AC ¶ 132 in full and the statements in AC ¶¶ 115, 144 in part.

Undisputed that the alleged statements made during Dentsply's FY21 earnings call on February 28, 2022 and contained in Dentsply's February 28, 2022 press release were publicly available.  Disputed that Defendant Casey made the statements in AC ¶¶ 107, 116, 133 in full and the statements in AC ¶¶ 115, 144 in part.  *See* Ex. D10 (Feb. 28, 2022 FY21 Earnings Call Tr.); Ex. C15 (Feb. 28, 2022 Form 8-K).  Disputed that Defendant Gomez made the statements in AC ¶ 132 in full and the statements in AC ¶¶ 115, 144 in part.  *See* Ex. D10 (Feb. 28, 2022 FY21 Earnings Call Tr.); Ex. C15 (Feb. 28, 2022 Form 8-K).

Defendants further dispute Plaintiffs' allegations regarding the statements, insofar as they are inconsistent with the contents of the full transcript of the February 28, 2022 presentation. *Compare,* e.g., Ex. D10 at 8 (Feb. 28, 2022 FY21 Earnings Call Tr.) (responding to a question about the "Omicron impact" on Dentsply's business), with AC ¶ 133 (mischaracterizing this same response as "misrepresent[ing] the two main constraints the Company was facing").

Plaintiffs' SOF 13 does not purport to show that any of the referenced "alleged false and misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not moved for summary judgment on that element of their claim.  Accordingly, Plaintiffs' SOF 13 does not require any response from Defendants as to whether the referenced statements were false or misleading, and Defendants reserve all rights in that regard.

13

**PLAINTIFFS' SOF 14:**

Defendants' March 1, 2022 alleged false and misleading statements were contained in Dentsply's 2021 Form 10-K filed with the SEC and available to the public on March 1, 2022 through the SEC's website.  ECF 72, ¶¶124, 134, 149; ECF 112, ¶¶124, 134, 149; ECF 113, Answer Nos. 124, 134, 149; ECF 114, ¶¶124, 134, 149.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 14:**

Undisputed that Plaintiffs *allege* that Defendant Dentsply made false and misleading statements in Dentsply's 2021 Form 10-K (AC ¶¶ 124, 134, 149), and that statements therein were publicly available.  Disputed that Defendants Casey or Gomez are alleged to have made, or actually made, the statements.  *See id.*; Ex. C14 (Mar. 1, 2022 FY21 Form 10-K).

Plaintiffs' SOF 14 does not purport to show that any of the referenced "alleged false and misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not moved for summary judgment on that element of their claim.  Accordingly, Plaintiffs' SOF 14 does not require any response from Defendants as to whether the referenced statements were false or misleading, and Defendants reserve all rights in that regard.

**PLAINTIFFS' SOF 15:**

Defendants' alleged false and misleading statements in Dentsply's Code of Ethics and Business Conduct, which was available on Dentsply's website throughout the Class Period, were available to the public during the Class Period.  ECF 72, ¶150; ECF 112, ¶150; ECF 113, Answer No. 150; ECF 114, ¶150; Brooks Decl., Ex. 1 at 109.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 15:**

Undisputed that Plaintiffs *allege* that Defendant Dentsply made false and misleading statements in Dentsply's Code of Ethics and Business Conduct (AC ¶ 150), and that statements therein were publicly available.  Disputed that Defendants Casey or Gomez are alleged to have made, or actually made, the statements.  *See id.*; Ex. D14 (Dentsply's Code of Ethics and Business Conduct).

Plaintiffs' SOF 15 does not purport to show that any of the referenced "alleged false and

14

misleading statements" at issue were, in fact, "false and misleading," and Plaintiffs have not moved for summary judgment on that element of their claim. Accordingly, Plaintiffs' SOF 15 does not require any response from Defendants as to whether the referenced statements were false or misleading, and Defendants reserve all rights in that regard.

**PLAINTIFFS' SOF 16:**

Dentsply stock traded in an efficient market during the Class Period. ECF 124-15, ¶3; ECF 123 at 13-18.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 16:**

Undisputed that Dentsply stock traded in an efficient market during regular trading hours during the Class Period. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Disputed that the market was efficient outside of regular trading hours. ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

**PLAINTIFFS' SOF 17:**

Defendants did not challenge market efficiency or price impact at the class certification stage. ECF 136-1, ¶¶77, 79, 80 & n.133; ECF 137.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 17:**

Undisputed.

**PLAINTIFFS' SOF 18:**

Matthew D. Cain, Ph.D. incorporated the market efficiency opinions from his November 15, 2025 market efficiency report into his September 5, 2025 merits report. Brooks Decl., Ex. 4, ¶1.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 18:**

Undisputed.

**PLAINTIFFS' SOF 19:**

Defendants' merits expert, Allen Ferrell, Ph.D., ██████████████████████ ████████████████████████████████████████████ ████████████████████ Brooks Decl., Ex. 5; Brooks Decl., Ex. 6 at 28:3-6, 30:1-8.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 19:**



██████ Defendants intend to challenge loss causation at trial.

**PLAINTIFFS' SOF 20:**

During the Class Period, the market for Dentsply common stock was active. ECF 124-15, ¶¶34-37; ECF 123 at 15.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 20:**

Undisputed that during the Class Period, the market for Dentsply common stock was

active, where "active" is defined by active weekly trading volume of 2% or more. *See, e.g.*, *In re*

*Winstar Commc'ns Sec. Litig.*, 290 F.R.D. 437, 447 (S.D.N.Y. 2013) ("An active market implies

16

strong investor interest in the company and that new information is constantly having an effect on the price of the security. Average weekly trading volume of 2% or more of outstanding securities justifies a 'strong presumption' of an efficient market for that security.") (citations omitted).

**PLAINTIFFS' SOF 21:**

During the Class Period, Dentsply was the subject of extensive analyst coverage. ECF 124-15, ¶¶38-44; ECF 123 at 15.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 21:**

████████████████████████████████████████████

████████████████████████████████ Disputed insofar as Plaintiffs' SOF 21 does not state a fact with particularity, because it is vague as to the meaning of "extensive." Disputed insofar as Plaintiffs' SOF 21 relies on a citation to Dkt. No. 123 at 15 (Pls.' Class Certification Mem. of Law), which contains legal argument and is not admissible evidence. *See* L.R. 56.1(d) ("Each statement by the movant or opponent under Rule 56.1(a) and (b) . . . must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)."); *see also Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) (noting that a "memorandum of law . . . is not evidence at all.").

**PLAINTIFFS' SOF 22:**

During the Class Period, Dentsply common stock traded on the NASDAQ, and had at least 124 market makers and a large proportion of institutional investors. ECF 124-15, ¶¶45-51; ECF 123 at 15-16.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 22:**

Undisputed that during the Class Period, Dentsply common stock traded on the NASDAQ and that market makers as well as institutional investors traded in Dentsply common stock. Disputed that Dentsply common stock had at least 124 market makers. ████████

17

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████    Disputed insofar as Plaintiffs' SOF 22 does not state a fact with particularity, because it is vague as to the meaning of "a large proportion of institutional investors."  Disputed insofar as Plaintiffs' SOF 22 relies on a citation to Dkt. No. 123 at 15–16 (Pls.' Class Certification Mem. of Law), which contains legal argument and is not admissible evidence.  *See* L.R. 56.1(d) ("Each statement by the movant or opponent under Rule 56.1(a) and (b) . . . must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)."); *see also Giannullo*, 322 F.3d at 142 (noting that a "memorandum of law . . . is not evidence at all.").

**PLAINTIFFS' SOF 23:**

During the Class Period, Dentsply was eligible to file a Form S-3 Registration Statement. ECF 124-15, ¶¶52-57; ECF 123 at 16.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 23:**

Undisputed that Dentsply was eligible to file a Form S-3 Registration Statement during the Class Period between June 9, 2021 and May 10, 2022.  Disputed that Dentsply was eligible to file a Form S-3 Registration Statement during the Class Period between May 11, 2022 and November 13, 2022, following the delayed filing of its 1Q22 Form 10-Q.  *See* Ex. C23 at 11 (Nov. 7, 2022 Form 10-K/A) (noting that the Company "did not timely file [its] Quarterly Reports on Form 10-Q for the fiscal quarters ended March 31, 2022 and June 30, 2022" and therefore was "not currently eligible to use a registration statement on Form S-3"); Ex. C19 at 3 (May 10, 2022 Form 12b-25) (noting that the Company was "unable to file its Quarterly Report on Form 10-Q for the period ended March 31, 2022 . . . by the prescribed date of May 10, 2022").  Disputed insofar as Plaintiffs' SOF 23 relies on a citation to Dkt. No. 123 at 16 (Pls.'

Class Certification Mem. of Law), which contains legal argument and is not admissible evidence.

*See* L.R. 56.1(d) ("Each statement by the movant or opponent under Rule 56.1(a) and (b) . . .

must be followed by citation to evidence that would be admissible and set forth as required by

Fed. R. Civ. P. 56(c)."); *see also Giannullo*, 322 F.3d at 142 (noting that a "memorandum of law

. . . is not evidence at all.").

**PLAINTIFFS' SOF 24:**

Dr. Cain's event study demonstrated that the price of Dentsply common stock reacted to company-specific news in a statistically significant manner during the Class Period.  ECF 124-15, ¶¶58-81; ECF 123 at 16-17.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 24:**

Undisputed that Dr. Cain's event study concluded that the price of Dentsply common

stock reacted to company-specific news in a statistically significant manner on certain dates

during the Class Period ███████████████████████████████████████████

███████████████  *See* Ex. H1 ¶ 19 (Cain Rep.).

**PLAINTIFFS' SOF 25:**

During the Class Period, Dentsply's market capitalization averaged $10.4 billion, and its public float was 99.6%.  ECF 124-15, ¶¶82-85; ECF 123 at 17-18.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 25:**

Undisputed.

**PLAINTIFFS' SOF 26:**

During the Class Period, Dentsply's percentage bid-ask spread averaged 0.07%.  ECF 124-15, ¶¶86-90; ECF 123 at 17.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 26:**

Undisputed.

**PLAINTIFFS' SOF 27:**

There is no evidence that Plaintiffs would have purchased Dentsply stock had they known Dentsply's stock price was artificially inflated by fraud.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 27:**

Disputed.  Plaintiffs' SOF 27 should be disregarded in its entirety as it consists solely of argument and is not supported by any citation to record evidence.  *See Am. Gen. Life Ins. Co.*, 2014 WL 6694502, at *1 (granting motion to strike "as to argumentative statements in the [56.1 statement] and as to purported factual statements which are unsupported by any citation to record evidence").  It is impermissible for Plaintiffs to transplant legal argument from Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment into a statement of undisputed material facts.  *See* Dkt. No. 164 at 8 (arguing that "Defendants have failed to muster any evidence that Plaintiffs would have purchased Dentsply stock had they known its stock price was artificially inflated by fraud" and citing only to "SUF, No. 27" in support); *see also Olin Corp. v. Lamorak Ins. Co*., 332 F. Supp. 3d 818, 839 (S.D.N.Y. 2018) (finding that a court may "disregard the argumentative and conclusory statements" in a 56.1 statement); *see also* L.R. 56.1(d) ("Each statement by the movant or opponent under Rule 56.1(a) and (b) . . . must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c).").  Plaintiffs' SOF 27 improperly asserts as a fact the absence of evidence on a matter for which Plaintiffs bear the burden of proof.  Defendants reserve the right to challenge any showing that Plaintiffs make at trial.

The record contains evidence that could lead a reasonable trier of fact to find that Plaintiffs would have purchased Dentsply stock regardless of the alleged misstatements.  For example, during the Class Period, each Plaintiff entrusted investment decisions to their investment managers, who had full discretion to purchase and sell securities on their behalf

20

without seeking approval from Plaintiff.  *See* Ex. 2 at 44:18–45:3; 49:10–17; 52:24–53:6 (Grysko Dep.) (testifying that WCERS's investment managers had ███████████ ████████████████ to purchase and sell securities without seeking approval from WCERS); Ex. 3 at 48:3–12 (Grossman Dep.) (testifying that EPFPPF's investment manager had ████████ ███████████ to purchase and sell securities and could do so "without seeking permission from" EPFPPF); Ex. 4 at 34:25–35:12 (Turner Dep.) (testifying that CBRRS's investment managers "ha[d] the discretion" to transact in securities without seeking any authority from CBRRS).  A reasonable trier of fact could find, upon further examination adduced at trial, that Plaintiffs would have permitted their investment managers to make securities purchases on their behalf even if they had known of the alleged fraud.

Plaintiffs' Certifications show that each of the Plaintiffs continued to purchase Dentsply stock during the Class Period even after certain of the alleged corrective disclosures.  *See* AC at 134–35 (showing that CBRRS purchased Dentsply shares after the alleged corrective disclosure dates of February 28, 2022; April 19, 2022; and May 10, 2022); *id.* at 138–40 (showing that WCERS purchased Dentsply shares after the alleged corrective disclosure dates of February 28, 2022; April 19, 2022; and May 10, 2022); *id.* at 136–37 (showing that EPFPPF purchased Dentsply shares after the alleged corrective disclosure dates of February 28, 2022; April 19, 2022; and May 10, 2022).

**PLAINTIFFS' SOF 28:**

There is no evidence that any member of the Class would have purchased Dentsply stock had they known Dentsply's stock price was inflated by fraud.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SOF 28:**

Disputed.  Plaintiffs' SOF 28 should be disregarded in its entirety as it consists solely of argument and is not supported by any citation to record evidence.  *See Am. Gen. Life Ins. Co.*,

2014 WL 6694502, at *1 (granting motion to strike "as to argumentative statements in the [56.1 statement] and as to purported factual statements which are unsupported by any citation to record evidence").  It is impermissible for Plaintiffs to transplant legal argument from Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment into a statement of undisputed material facts.  *See* Dkt. No. 164 at 8 (arguing that "Defendants have adduced no evidence at all to suggest that ***any*** member of the Class would have purchased Dentsply stock had they known Dentsply's stock price was inflated by fraud" and citing only to "SUF, No. 28" in support) (emphasis in original); *see also Olin Corp.*, 332 F. Supp. 3d at 839 (finding that a court may "disregard the argumentative and conclusory statements" in a 56.1 statement); *see also* L.R. 56.1(d) ("Each statement by the movant or opponent under Rule 56.1(a) and (b) . . . must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c).").

Defendants also dispute Plaintiffs' SOF 28 in that it improperly asserts as a fact the absence of evidence on a matter for which Plaintiffs bear the burden of proof and any assessment of reliance on the part of individual Class members is premature at this juncture of the case. Defendants reserve the right to challenge any showing that Plaintiffs make at trial, and reserve the right to rebut the presumption of reliance as to individual Class members after trial on issues common to the Class, to the extent that there is a judgment entered against Defendants.  *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014) ("[A] defendant might . . . pick off the occasional class member . . . through [an] individualized rebuttal"); *see also In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 584 (S.D.N.Y. 2011) ("certain means of rebutting the presumption of reliance require an individualized inquiry into the buying and selling decisions of particular class members").

Dated:  December 19, 2025
        New York, New York

                                Respectfully submitted,

                                */s/ Roger A. Cooper*

                                Roger A. Cooper
                                racooper@cgsh.com
                                Andrew Weaver
                                aweaver@cgsh.com
                                CLEARY GOTTLIEB
                                STEEN & HAMILTON LLP
                                One Liberty Plaza
                                New York, New York 10006
                                T: 212-225-2283

                                Angela L. Dunning
                                adunning@cgsh.com
                                CLEARY GOTTLIEB
                                STEEN & HAMILTON LLP
                                1841 Page Mill Rd
                                Palo Alto, CA 94304
                                T: 650-815-4131

                                Tom Bednar
                                tbednar@cgsh.com
                                CLEARY GOTTLIEB STEEN
                                & HAMILTON LLP
                                2112 Pennsylvania Avenue, NW
                                Washington, D.C. 20037
                                T: 202-974-1836

                                *Counsel for Defendant Dentsply Sirona Inc.*

                                */s/ Meredith D. Karp*

                                Bryce L. Friedman
                                Craig S. Waldman
                                Meredith D. Karp
                                Isabel R. Mattson
                                SIMPSON THACHER
                                & BARTLETT LLP
                                425 Lexington Avenue
                                New York, NY 10017-3954
                                T: (212) 455-2000

23

bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com
isabel.mattson@stblaw.com

*Counsel for Defendant Donald M. Casey, Jr.*

*/s/ Seth L. Levine*

Seth L. Levine
Chad P. Albert
Adam M. King
slevine@levinelee.com
calbert@levinelee.com
aking@levinelee.com
LEVINE LEE LLP
1500 Broadway, Suite 2501
New York, NY 10036
T: 212-223-4400

*Counsel for Defendant Jorge M. Gomez*