UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

SAN ANTONIO FIRE AND POLICE :   Civil Action No. 1:22-cv-06339-AS
PENSION FUND, CITY OF BIRMINGHAM :   (Consolidated)
RETIREMENT AND RELIEF SYSTEM, EL :
PASO FIREMEN & POLICEMEN'S :   <u>CLASS ACTION</u>
PENSION FUND, and WAYNE COUNTY :
EMPLOYEES' RETIREMENT SYSTEM, :   REPLY IN SUPPORT OF PLAINTIFFS'
Individually and on Behalf of All Others :   MOTION FOR PARTIAL SUMMARY
Similarly Situated, :   JUDGMENT
  :
               Plaintiffs, :
  :
   vs. :
  :
DENTSPLY SIRONA INC., DONALD M. :
CASEY, JR., and JORGE GOMEZ, :
  :
               Defendants. :
  :

———————————————————— x

**[REDACTED]**

4920-4578-9063.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   ARGUMENT........................................................................................................2

    A.    Summary Judgment on Reliance Should Be Granted for Plaintiffs'
         Misstatement Claims.................................................................................2

        1.    There Is No Genuine Dispute as to Three of *Basic*'s Prerequisites.............2

        2.    Materiality Poses No Bar to Summary Judgment.......................................6

    B.    Summary Judgment on Reliance Should Be Granted for Plaintiffs'
         Scheme Claim ...........................................................................................8

        1.    Classwide Reliance on Defendants' Scheme May Be Presumed ................8

        2.    Defendants' Use of the Opposition to Supplement Their Summary
            Judgment Briefing Is Improper and Ineffective.......................................10

III.  CONCLUSION...................................................................................................12

4920-4578-9063.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988).............................................................................................. *passim*

*BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*,
    2024 WL 4349163 (S.D.N.Y. Sep. 30, 2024)..........................................................4

*Bos. Ret. Sys. v. Alexion Pharms., Inc.*,
    2023 WL 2932485 (D. Conn. Apr. 13, 2023)...........................................................4

*Donnelly v. Guion*,
    467 F.2d 290 (2d Cir. 1972)..................................................................................3, 4

*Francis v. Costco Wholesale Corp.*,
    2021 WL 1298616 (S.D.N.Y. Apr. 7, 2021)............................................................4

*Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*,
    594 U.S. 113 (2021)..................................................................................................5

*Grae v. Corr. Corp. of Am.*,
    2021 WL 1100799 (M.D. Tenn. Mar. 23, 2021) ...................................................3, 7

*Gruber v. Gilbertson*,
    647 F. Supp. 3d 100 (S.D.N.Y. 2022)....................................................................5, 6

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014)...............................................................................................5, 7

*Haw. Ironworkers Annuity Tr. Fund v. Cole*,
    296 F.R.D. 549 (N.D. Ohio 2013) ...........................................................................9

*Hsingching Hsu v. Puma Biotechnology, Inc.*,
    2018 WL 4945703 (C.D. Cal. Oct. 5, 2018)..........................................................7, 8

*Hsingching Hsu v. Puma Biotechnology, Inc.*,
    2021 WL 2644100 (C.D. Cal. June 11, 2021) ..........................................................6

*In re Celestica Inc. Sec. Litig.*,
    2014 WL 4160216 (S.D.N.Y. Aug. 20, 2014)..........................................................7

*In re Galena Biopharma, Inc. Sec. Litig.*,
    117 F. Supp. 3d 1145 (D. Or. Aug. 5, 2015) .........................................9, 10, 11, 12

**Page**

*In re Mindbody, Inc. Sec. Litig.*,
    489 F. Supp. 3d 188 (S.D.N.Y. 2020)......................................................................11

*In re Pfizer Inc. Sec. Litig.*,
    282 F.R.D. 38 (S.D.N.Y. 2012) .................................................................................5

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
    625 F. Supp. 3d 164 (S.D.N.Y. 2022)......................................................................11

*In re XL Fleet Corp. Sec. Litig.*,
    2022 WL 493629 (S.D.N.Y. Feb. 17, 2022)....................................................8, 9, 10

*Lorenzo v. SEC*,
    587 U.S. 71 (2019).............................................................................................10, 11

*Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*,
    2019 WL 4735387 (S.D.N.Y. Sep. 27, 2019).............................................................3

*SEC v. Farnsworth*,
    692 F. Supp. 3d 157 (S.D.N.Y. 2023)......................................................................11

*SEC v. MiMedx Grp., Inc.*,
    2022 WL 902784 (S.D.N.Y. Mar. 28, 2022) ...........................................................11

*SEC v. Patel*,
    794 F. Supp. 3d 111 (E.D.N.Y. 2025) .....................................................................11

*SEC v. Sequential Brands Grp., Inc.*,
    2021 WL 4482215 (S.D.N.Y. Sep. 30, 2021)...........................................................11

*Stadium Cap. LLC v. Co-Diagnostics, Inc.*,
    2026 WL 100576 (S.D.N.Y. Jan. 14, 2026) ..............................................................5

*St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*,
    2025 WL 2940714 (M.D. Tenn. Oct. 16, 2025) .................................................6, 7, 8

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
    552 U.S. 148 (2008)........................................................................................8, 9, 10

*Strougo v. Tivity Health, Inc.*,
    No. 3:20-cv-00165, ECF 281 (M.D. Tenn. Feb. 20, 2025) ........................................8

*W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
    57 F. Supp. 3d 950 (D. Minn. 2014).......................................................................10

4920-4578-9063.v1

**Page**

*W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
    845 F.3d 384 (8th Cir. 2016) ...........................................................................................10

*Wilson v. LSB Indus., Inc.*,
    2018 WL 3913115 (S.D.N.Y. Aug. 13, 2018)........................................................................5

*Yoshikawa v. Exxon Mobil Corp.*,
    2024 WL 3802997 (N.D. Tex. Aug. 12, 2024)......................................................................9

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23 .....................................................................................................................................5
    Rule 56 .....................................................................................................................................3

Local Civil Rules
    Rule 56.1(d) .............................................................................................................................4

17 C.F.R.
    §10b-5(a).............................................................................................................................1, 11
    §10b-5(b).................................................................................................................................10
    §10b-5(c).............................................................................................................................1, 11

4920-4578-9063.v1

## I.    INTRODUCTION[1]

The Opposition confirms what the Motion established: no triable issues preclude Plaintiffs from invoking the *Basic Inc. v. Levinson*, 485 U.S. 224 (1988) presumption of reliance.  Defendants do not dispute three of *Basic*'s prerequisites, and their challenge regarding the final prerequisite – materiality – presents no impediment to summary judgment.  Nor have Defendants established any triable issue as to their ability to rebut the *Basic* presumption.  Rather than cite evidence capable of raising genuine issues of fact, Defendants instead "reserve the right" to proffer evidence, at some unspecified time in the future, to rebut *Basic* in some unspecified way.  But Defendants cannot oppose summary judgment with hypothetical evidence.  Hard evidence is required, and Defendants' failure to cite any warrants summary judgment.

Defendants also fail to create triable issues on reliance regarding Plaintiffs' scheme claim.  Rather than address the Motion, Defendants improperly use their Opposition to supplement the deficient scheme arguments in their summary judgment motion.  ECF 173.  Defendants' gambit fails.  As explained in Plaintiffs' opposition to Defendants' summary judgment motion (ECF 216, §IV.D.), Defendants' deceptive conduct is precisely the type proscribed by Rule 10b-5(a) and (c), and on which investors (including in this case) routinely rely.  The *Basic* presumption indisputably applies to Plaintiffs' scheme claim, and Defendants have failed to adduce any evidence to create triable issues regarding reliance on the scheme.

In sum, Defendants offer no evidence challenging three of the four *Basic* prerequisites, and materiality – an independent element of Plaintiffs' claims – will be resolved apart from reliance.  It

---

[1]    Capitalized terms herein have the same meaning as in Plaintiffs' Motion for Partial Summary Judgment (ECF 163, 168) ("Motion" or "Mot.").  "Opposition" or "Opp." refers to Defendants' opposition to Plaintiffs' Motion (ECF 219).  Unless otherwise noted, all emphasis is added and citations are omitted.

4920-4578-9063.v1

will serve no purpose other than to waste time and introduce confusion to require jurors to re-analyze materiality for reliance purposes for statements they have already found material. The Court should thus grant summary judgment on reliance for: (i) any misstatements shown to be material at trial; and (ii) Plaintiffs' scheme claim.

## II.    ARGUMENT

### A.    Summary Judgment on Reliance Should Be Granted for Plaintiffs' Misstatement Claims

#### 1.    There Is No Genuine Dispute as to Three of *Basic*'s Prerequisites

Plaintiffs' opening brief established that: (i) there is no genuine dispute as to any *Basic* prerequisite, aside from materiality; and (ii) because Plaintiffs must prove materiality regardless of §10(b)'s reliance requirement, there's no need for Plaintiffs to separately prove, or for jurors to separately consider, materiality for reliance purposes. Mot. at 1, 6.

Defendants do not dispute "'the[ir] alleged misrepresentations were publicly known'" or that Plaintiffs (and, by definition, Class members) traded Dentsply stock "between when the misrepresentations were made and when the truth was revealed." Mot. at 3; Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts in Support of Their Motion for Partial Summary Judgment (ECF 214) ("RSUF")¶¶1-15; Opp. at 4.

Nor is there a genuine dispute that Dentsply stock "traded in an efficient market." Mot. at 3. Plaintiffs' expert, Matthew D. Cain, Ph.D., established the market for Dentsply stock was efficient throughout the Class Period. *Id.* at 4-5. Defendants cite *no* evidence whatsoever to the contrary, and concede the market was efficient. RSUF¶16 ("Undisputed that Dentsply stock traded in an efficient market during regular trading hours during the Class Period."); RSUF¶¶20-26. And Defendants'

expert, Allen Ferrell, Ph.D., "████████████████████████" RSUF ¶ 19.[2]  Accordingly, summary judgment should be granted.  *Grae v. Corr. Corp. of Am.*, 2021 WL 1100799, at *23 (M.D. Tenn. Mar. 23, 2021) (granting summary judgment on reliance where defendant failed to "produce[] evidence sufficient to doubt that the market for CoreCivic stock was at least fundamentally efficient").

Despite their concessions, Defendants claim they "should be entitled, and reserve the right," to find evidence challenging market efficiency at some later date.  Opp. at 8-9.  But the time for Defendants to produce evidence regarding market efficiency is now.  *Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir. 1972) (if "evidence [is] available to underpin [a party's] conclusory statement[s], Rule 56 require[s] [them] to come forward with it").  The Court certified a class for Plaintiffs' claims (ECF 153), and discovery closed months ago.  ECF 133.  Having failed to adduce evidence rebutting market efficiency, Defendants cannot now create a factual dispute by reserving the right to find evidence later; Defendants were required, but failed, to "produce 'hard evidence' showing that there is a genuine issue of material fact for trial."  *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2019 WL 4735387, at *12 (S.D.N.Y. Sep. 27, 2019) ("Plaintiffs' promise to produce evidence … later … is insufficient").

Nor is there a genuine dispute regarding Defendants' inability to rebut the *Basic* presumption.  Lacking "hard evidence" capable of rebutting *Basic*, Defendants instead "promise to produce [unspecified] evidence" during or after trial.  *Id.*; RSUF ¶¶ 27-28.  For example, Defendants

---

[2]    Defendants don't explain how Dr. Ferrell's (incorrect) assertion that █████████████ ███████████████████, raises a triable issue of fact as to market efficiency.  RSUF ¶ 16.  It doesn't.  Nor do Defendants address Dr. Ferrell's admissions he ████████████████████ █████████████████████.  ECF 170-6 at 30:1-8, 191:21-23; RSUF ¶ 17 (Defendants didn't challenge market efficiency at class certification).

- 3 -

surmise "[a] reasonable trier of fact could find, ***upon further examination adduced at trial***, that Plaintiffs would have permitted their investment managers to make securities purchases on their behalf even if they had known of the alleged fraud."  RSUF¶27; Opp. at 9 ("reserv[ing] the right to rebut the presumption" later with nonexistent evidence).  Defendants' unsupported speculation and "hypothetical testimony" are wholly insufficient to avoid summary judgment.  *Francis v. Costco Wholesale Corp.*, 2021 WL 1298616, at *3 (S.D.N.Y. Apr. 7, 2021); *BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*, 2024 WL 4349163, at *14 (S.D.N.Y. Sep. 30, 2024) ("Rather than 'come forward' with evidence … plaintiffs merely ***argue*** … they ***will*** have such evidence … [by] trial.  This is insufficient.") (emphasis in original); *Donnelly*, 467 F.2d at 293; Local Civil Rule 56.1(d) (each "statement . . .  [must cite] ***evidence***").

Defendants cite no evidence that Plaintiffs (or any Class member) would have purchased Dentsply stock had they known Dentsply's stock price was artificially inflated by fraud (let alone purchased it at the same artificially inflated price).  Mot. at 8; RSUF¶¶27-28.  This failure is glaring. Following extensive discovery (including depositions of all three Plaintiffs), all Defendants point to is Plaintiffs' unremarkable testimony that they ███████████████████████████████ ██████ (whom Defendants chose not to depose) (Mot. at 8 n.5), who purchased some Dentsply shares after certain partial disclosures.  RSUF¶¶27-28.[3]  This fails to raise triable issues.  Buying stock through investment managers is commonplace, and the post-corrective-disclosure purchase of "'additional shares in reliance on the integrity of the market … has no bearing on whether or not [plaintiff] relied on the integrity of the market during the class period.'"  *Bos. Ret. Sys. v. Alexion*

---

[3]    Defendants' assertion that SUF¶¶27-28 lack evidence ignores that because Defendants, despite having 14 months to conduct discovery, developed no evidence "Plaintiffs" (or Class members) "would have purchased Dentsply stock had they known Dentsply's stock price was artificially inflated by fraud" (SUF¶¶27-28), there is no evidence to cite, which RSUF¶¶27-28 confirms.

4920-4578-9063.v1

*Pharms., Inc.*, 2023 WL 2932485, at *5 (D. Conn. Apr. 13, 2023); *see Wilson v. LSB Indus., Inc.*, 2018 WL 3913115, at *6 (S.D.N.Y. Aug. 13, 2018) (same); *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 46 (S.D.N.Y. 2012) (same).

Lacking any evidence, Defendants falsely state Plaintiffs "assert[] as a fact the absence of evidence on a matter for which Plaintiffs bear the burden of proof." RSUF¶¶27-28. This is obviously incorrect: as this Court recently recognized, "Defendants 'bear[] the burden of persuasion to prove a lack of price impact by a preponderance of the evidence,'" yet they cite no evidence capable of doing so. *Stadium Cap. LLC v. Co-Diagnostics, Inc.*, 2026 WL 100576, at *7 (S.D.N.Y. Jan. 14, 2026) (quoting *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 121, 126 (2021)). Defendants further suggest they can "reserve the right[] to rebut the presumption" for Plaintiffs at trial and for absent Class members "after trial" (Opp. at 9), but while *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276 (2014) ("*Halliburton II*") allows for the possibility a "defendant might … pick off the occasional class member," it doesn't excuse Defendants from raising a triable issue of fact as to reliance at summary judgment.

Nor are Defendants entitled to challenge absent Class members' reliance post-trial. *Gruber v. Gilbertson*, 647 F. Supp. 3d 100, 125 (S.D.N.Y. 2022) (the "mere possibility" "the presumption of plaintiffs' reliance ***can*** be rebutted" "does not entitle [defendant] to defer final judgment indefinitely while he goes on a fishing expedition") (emphasis in original). Like Defendants here, the defendant in *Gruber* had ample "time to take fact discovery" (here, ***14 months***), but "failed to present any evidence" supporting his speculative ability to rebut the presumption. *Id*. at 126. Accordingly, Judge Rakoff rejected defendants' bid to "pick off" absent class members post-trial, observing that "Rule 23 would be near useless if defendants who lose at trial as to common questions could then indefinitely prolong litigation by seeking to relitigate those questions as to each absent class

4920-4578-9063.v1

member." *Id.* at 125; *Hsingching Hsu v. Puma Biotechnology, Inc.*, 2021 WL 2644100, at \*2 (C.D. Cal. June 11, 2021) (denying post-trial "individual-reliance discovery," distinguishing *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512 (S.D.N.Y. 2011), *aff'd*, 838 F.3d 223 (2d Cir. 2016), where "discovery on individual reliance issues" was "expressly stayed … until after trial") (Opp. at 9).[4]

Finally, Defendants have no evidence demonstrating a complete lack of price impact from the alleged misstatements or scheme.  Mot. at 8 (Defendants must prove a complete lack of price impact); Opp. at 9 (citing no evidence capable of proving a complete lack of price impact); RSUF¶¶17, 19 (same).  Defendants did not challenge price impact at class certification (RSUF¶17), and now offer no evidence from which a jury could find a complete lack of price impact.

## 2.    Materiality Poses No Bar to Summary Judgment

Unable to genuinely dispute three of *Basic*'s prerequisites, Defendants claim summary judgment is precluded because they contest materiality.  Opp. at 5-6.  Not so.  This precise issue was addressed in *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2025 WL 2940714, at \*5 (M.D. Tenn. Oct. 16, 2025), which granted plaintiffs' motion for partial summary judgement on reliance.  Contrary to Defendants' representation (Opp. at 7), the defendants in *Acadia* – **just like Defendants here** – argued that disputes over materiality precluded summary judgment on reliance. *See* Opposition to Motion for Summary Judgment at 1, *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc., et al.*, No. 3:18-cv-00988 (M.D. Tenn. May 19, 2025), ECF 331 (arguing plaintiffs must "prove materiality of the alleged misstatements before any presumption could be

---

[4]    Unlike here, in *Vivendi* it was "clear that all parties were on notice that individual reliance issues might require resolution in separate [post-trial] proceedings."  765 F. Supp. 2d at 585.

4920-4578-9063.v1

invoked"); *id.* at 4 (citing *Halliburton II*, 573 U.S. at 268).[5] *Acadia* nonetheless granted summary judgment on reliance (Mot. at 6), despite defendants' evidence purporting to rebut the presumption. Opp. at 7; *Acadia*, 2025 WL 2940714, at *4. Here, Defendants offer **no evidence whatsoever** capable of rebutting the presumption. §II.A.1. That is unsurprising, given Defendants chose not to depose Plaintiffs' investment managers and have no evidence showing they would have purchased Dentsply stock at the same price had they known it was artificially inflated by fraud. Mot. at 8 n.5.

Other courts have reached the same conclusion. *In re Celestica Inc. Sec. Litig.*, 2014 WL 4160216, at *11-*12 (S.D.N.Y. Aug. 20, 2014), granted summary judgment on reliance notwithstanding disputes over materiality. *Grae* also granted summary judgment on reliance notwithstanding materiality remained "fiercely contested." 2021 WL 1100799, at *23 (citing *Halliburton II*, 573 U.S. at 277-78).

Defendants do not articulate why this Court should ignore the weight of authority, and instead follow *Hsingching Hsu v. Puma Biotechnology, Inc.*, 2018 WL 4945703, at *5, *11 (C.D. Cal. Oct. 5, 2018), which granted summary judgment on three of *Basic*'s prerequisites, but "decline[d] to enter summary judgment on the fraud-on-the-market presumption or … reliance." Defendants' argument that jurors will hear evidence on materiality either way (Opp. at 8) ignores that summary judgment will, *inter alia*: (i) narrow and streamline issues for trial; (ii) obviate the need to present evidence establishing *Basic*'s uncontested elements; (iii) streamline the verdict form, jury instructions, and jury deliberations by removing reliance from jurors' consideration; and (iv) prevent Defendants from confusing jurors with legally infirm and irrelevant arguments in an already-

---

[5]    Although Defendants claim "*Halliburton II* preclude[s] summary judgment on reliance where there is a genuine dispute as to materiality," it contains no such holding, and courts post-*Halliburton II* have granted summary judgment on reliance notwithstanding materiality disputes. Opp. at 6; §II.A.2.

4920-4578-9063.v1

complicated action.  *See Acadia*, 2025 WL 2940714, at *5 ("(1) the jury will not be instructed on the element of reliance; and (2) Plaintiffs need not put on proof positive of reliance … on any misstatements or omissions … show[n] to be material").  The number of misstatements further bolsters the Motion.  *Compare* SUF¶¶6-15, *with Puma*, 2018 WL 4945703, at *4 (misstatements confined to one conference call).  *Strougo v. Tivity Health, Inc.*, No. 3:20-cv-00165, ECF 281 (M.D. Tenn. Feb. 20, 2025) (one-page order) is uninstructive.  Opp. at 7.  In sum, the weight of authority firmly supports the Motion.

B.     **Summary Judgment on Reliance Should Be Granted for Plaintiffs' Scheme Claim**

1.     **Classwide Reliance on Defendants' Scheme May Be Presumed**

According to Defendants, while *Basic* "could" apply to Defendants' "publicly known" statements made in furtherance of their scheme, reliance on Defendants' "non-public conduct" cannot be presumed in light of *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148 (2008).  Opp. at 19.[6]  Defendants' argument fails.[7]

Investors can rely on so-called "internal" conduct where, as here, that conduct artificially inflates a company's stock price.  Opp. at 18.  Just like here, defendants in *In re XL Fleet Corp. Sec. Litig.*, 2022 WL 493629, at *8 (S.D.N.Y. Feb. 17, 2022), argued *Stoneridge* precluded reliance on the scheme "because there [wa]s no conduct by [defendant] that investors were aware of to rely upon."  *XL Fleet* rejected this argument as "unpersuasive," explaining that because the scheme involved manipulating internal data used for public projections, the scheme "directly misled

---

[6]     Defendants concede *Basic* applies in scheme cases, and that Defendants' misstatements – which "form **part** of a scheme liability claim" (*SEC v. Rio Tinto plc*, 41 F.4th 47, 49 (2d Cir. 2022) (emphasis in original)) – were publicly known.  Opp. at 15.

[7]     Defendants' contention that materiality disputes preclude summary judgment on reliance on the scheme (Opp. at 14-15) fails for the reasons detailed in §II.A.

4920-4578-9063.v1

investors" and satisfied *Stoneridge*. *Id.* *Yoshikawa v. Exxon Mobil Corp.*, 2024 WL 3802997 (N.D. Tex. Aug. 12, 2024), also held *Stoneridge* did not foreclose reliance on "internal company conduct." *Id.* at *3-*5 ("deceptive conduct" – fabricating internal data – sufficiently "communicated to the public" by incorporating the fabricated data into ExxonMobil's public reporting).[8]

Here, Defendants fail to raise a triable issue regarding reliance on Defendants' scheme. Indeed, the evidence establishes that Defendants' scheme misled the market and artificially inflated Dentsply's stock price. Defendants' scheme, for instance, ███████████████████████████ ██████████████████████████████████████. ECF 216 at 8-9. ██████████████ ███████████████████████████████████ *Id.* at 24-25. Further, █████████ ██████████████████████████████████████████████████████ *Id.* at 10, 22-23, 26. The Opposition grapples with ***none*** of these facts.

Moreover, Defendants' conduct was not part of "an indirect chain … too remote" to satisfy reliance. *Stoneridge*, 552 U.S. at 159.[9] To the contrary, Defendants ████████████ ██████████████████████████████████████████████████████. *See* *XL Fleet*, 2022 WL 493629, at *8 (*Stoneridge* satisfied where defendant's role was "not indirect or remote," but "central [to] the scheme"); *In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1198-99 (D. Or. Aug. 5, 2015) (contrasting defendants' "direct conduct" with the "vendors in

---

[8]    *Haw. Ironworkers Annuity Tr. Fund v. Cole*, 296 F.R.D. 549, 554-55 (N.D. Ohio 2013), which found at class certification that releases that didn't mention defendants or their conduct were insufficient to presume reliance on the scheme, is inapposite. Opp. at 18.

[9]    *Stoneridge* featured scheme claims against Charter's third-party vendors (neither of which made misstatements). 552 U.S. at 154, 161 (finding vendors' role in Charter's fraud was "too remote to satisfy" reliance, explaining "[i]t was Charter, not respondents, that misled [Charter's] auditor and filed fraudulent financial statements").

4920-4578-9063.v1

*Stoneridge*, who played no role in drafting or publishing Charter's financial statements"); *Lorenzo v. SEC*, 587 U.S. 71, 84 (2019) (distinguishing *Stoneridge*).

Finally, Defendants' assertion the scheme must have "reached the public" through means unrelated to Plaintiffs' Rule 10b-5(b) claim is baseless.  Opp. at 19 (citing *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 57 F. Supp. 3d 950, 980-82 (D. Minn. 2014) (observing plaintiff's scheme and misstatement claims were "distinct," and plaintiffs alleged reliance for the scheme claim "independent of the false statement allegations")); *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 845 F.3d 384, 393 & n.3 (8th Cir. 2016) (upholding scheme claim even where "[plaintiffs] did not assert a false statement claim based on the clinical trials" underlying their scheme claim).  Courts presume reliance without requiring separate disclosures between misrepresentation and scheme claims.  *E.g.*, *XL Fleet*, 2022 WL 493629, at *4-*5, *7-*8 (alleging a scheme resulting in misleading public figures, and misstatements based on the misleading figures); *Galena*, 117 F. Supp. 3d at 1199 (scheme had a "direct connection to … allegedly false and misleading" statements).

### 2. Defendants' Use of the Opposition to Supplement Their Summary Judgment Briefing Is Improper and Ineffective

Defendants' bid to dismiss Plaintiffs' scheme claim as not "viable" also fails to establish triable issues as to reliance.  Opp. at 10-14.  First, the Opposition improperly supplements the deficient arguments in Defendants' affirmative summary judgment memorandum.  *See* ECF 173 at 25-27 (seeking summary judgment of Plaintiffs' scheme claim); Opp. at 9-14 (same).  It also ignores that the Court upheld Plaintiffs' scheme claim, the Court certified a Class for all of Plaintiffs' claims, and that discovery has borne out Defendants' scheme.  ECF 106 at 5; ECF 153.  Defendants' use of the Opposition to regurgitate already-rejected legal arguments concerning the viability of scheme

4920-4578-9063.v1

claims improperly circumvents this District's word limits on opening memoranda and should be rejected.

On the merits, Defendants' arguments fail. Defendants contend Plaintiffs' claim is not "viable" because its "sole basis" is misrepresentations and omissions. Opp. at 9-11. But scheme liability covers "a wide range of conduct," including conduct involving misrepresentations. *Lorenzo*, 587 U.S. at 79. The Second Circuit instructs that "misstatements and omissions can form ***part*** of a scheme liability claim." *Rio Tinto*, 41 F.4th at 49 (emphasis in original). Defendants' assertions are also untrue: their scheme involved conduct beyond misstatements, including ███████████ ███████████████████████████████████████████████████████████[10] §II.B.1.; ECF 216 at 6-7. This deceptive conduct is precisely what Rule 10b-5(a) and (c) proscribes.[11]

Defendants' attempts to distinguish *Lorenzo* and *Galena* also fail. Plaintiffs don't cite *Lorenzo* for the proposition that "scheme claims based ***solely*** on misstatements or omissions are viable" (Opp. at 11) – they cite *Lorenzo* to show scheme claims can ***involve*** misstatements, which is consistent with Second Circuit law (*Rio Tinto*, 41 F.4th at 49). Defendants' claim that *Galena* is distinguishable, because Plaintiffs "do not allege any deceptive actions comprising that scheme"

---

[10] Unlike here, the "scheme" in *In re Mindbody, Inc. Sec. Litig.*, 489 F. Supp. 3d 188, 217 (S.D.N.Y. 2020) (Opp. at 14), was limited to "disseminati[ng]" misstatements. *SEC v. Patel*, 794 F. Supp. 3d 111, 126 (E.D.N.Y. 2025) (scheme featured "only misstatements" without additional "deceptive conduct") (Opp. at 11); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 625 F. Supp. 3d 164, 251 (S.D.N.Y. 2022) (alleging "scheme liability ***solely*** on the basis of Turquoise Hill's misstatements") (emphasis in original) (Opp. at 11).

[11] *SEC v. MiMedx Grp., Inc.*, 2022 WL 902784, at *3-*4, *11 (S.D.N.Y. Mar. 28, 2022) (conduct included "conceal[ing] … facts from … auditors"); *SEC v. Sequential Brands Grp., Inc.*, 2021 WL 4482215, at *5-*6 (S.D.N.Y. Sep. 30, 2021) (scheme masked "impairment" "evidence," causing "misleading statements"); *SEC v. Farnsworth*, 692 F. Supp. 3d 157, 189 (S.D.N.Y. 2023) (defendants "artificially restrict[ed]" rates while publicly "alleging" rates decline was "natural").

4920-4578-9063.v1

(Opp. at 13), ignores that Plaintiffs – like the *Galena* plaintiffs – allege both misstatements and deceptive conduct.  Mot. at 7 (*Basic* applies to schemes involving misstatements, citing *Galena*).

## III.    CONCLUSION

Plaintiffs respectfully request that the Court grant the Motion.

DATED:  January 19, 2026              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (admitted *pro hac vice*)
LUKE O. BROOKS (admitted *pro hac vice*)
DARRYL J. ALVARADO (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
HILLARY B. STAKEM (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
MEGAN M. SONNEY (admitted *pro hac vice*)


                                  s/ Luke O. Brooks
                                 LUKE O. BROOKS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
hstakem@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com
msonney@rgrdlaw.com

- 12 -

4920-4578-9063.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiffs

- 13 -

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 3,497 words.

s/ Luke O. Brooks
LUKE O. BROOKS

- 14 -

4920-4578-9063.v1