UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
SAN ANTONIO FIRE AND POLICE : Civil Action No. 1:22-cv-06339-AS
PENSION FUND, CITY OF BIRMINGHAM : (Consolidated)
RETIREMENT AND RELIEF SYSTEM, EL :
PASO FIREMEN & POLICEMEN'S : <u>CLASS ACTION</u>
PENSION FUND, and WAYNE COUNTY :
EMPLOYEES' RETIREMENT SYSTEM, : REPLY IN SUPPORT OF PLAINTIFFS'
Individually and on Behalf of All Others : MOTION TO EXCLUDE CERTAIN
Similarly Situated, : EXPERT TESTIMONY AND OPINIONS OF
: DR. ALLEN FERRELL
                  Plaintiffs, :
:
   vs. :
:
DENTSPLY SIRONA INC., DONALD M. :
CASEY, JR., and JORGE GOMEZ, :
:
                  Defendants. :
:
---------------------------------------------------------------- x

**[REDACTED]**

4904-3351-9752.v1

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. CORRECTIONS TO DEFENDANTS' BACKGROUND..................................................2

III. LEGAL STANDARD.......................................................................................................3

IV. ARGUMENT....................................................................................................................4

    A. Dr. Ferrell's ███████ Are Improper (and Incorrect) Legal Opinions............................................................................................................4

    B. Dr. Ferrell's ███████ Contradict Second Circuit Law..............................6

    C. Dr. Ferrell's ███████ Should Be Excluded Under Federal Rule of Evidence 403..................................................................................................10

    D. Dr. Ferrell ███████████████████████████████
████████████████████..................................................................10

V. CONCLUSION................................................................................................................12

4904-3351-9752.v1

## TABLE OF AUTHORITIES

Page

**CASES**

*Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*,
    754 F. Supp. 3d 456 (S.D.N.Y. 2024)......................................................................................3

*Capri Sun GmbH v. Am. Beverage Corp.*,
    595 F. Supp. 3d 83 (S.D.N.Y. 2022).........................................................................................3

*In re Apple Inc. Sec. Litig.*,
    2023 WL 4556765 (N.D. Cal. July 17, 2023)...........................................................................6

*In re Kirkland Lake Gold Ltd. Sec. Litig.*,
    2024 WL 1342800 (S.D.N.Y. Mar. 29, 2024) ..........................................................................6

*In re Nat'l Instruments Sec. Litig.*,
    2025 WL 2682172 (S.D.N.Y. Sept. 19, 2025)..........................................................................9

*In re Pfizer Inc. Sec. Litig.*,
    819 F.3d 642 (2d Cir. 2016).................................................................................................5, 9

*In re Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004).......................................................................................4

*In re Vivendi, S.A. Sec. Litig.*,
    838 F.3d 223 (2d Cir. 2016)......................................................................................................6

*In re Vivendi Universal, S.A. Sec. Litig.*,
    765 F. Supp. 2d 512 (S.D.N.Y. 2011),
    *aff'd*, 838 F.3d 223 (2d Cir. 2016) ..................................................................................3, 6, 8

*In re Xerox Corp. Sec. Litig.*,
    2009 WL 8556135 (D. Conn. Apr. 22, 2009)...........................................................................6

*Lee Valley Tools, Ltd. v. Indus. Blade Co.*,
    288 F.R.D. 254 (W.D.N.Y. 2013)...........................................................................................11

*Liberty Media Corp. v. Vivendi Universal, S.A.*,
    923 F. Supp. 2d 511 (S.D.N.Y. 2013).......................................................................................7

*On Track Innovations, Ltd. v. T-Mobile USA, Inc.*,
    2015 WL 14072083 (S.D.N.Y. July 24, 2015) ......................................................................11

*SEC v. Ripple Labs, Inc.*,
    2023 WL 5670711 (S.D.N.Y. Mar. 6, 2023) ...........................................................................4

**Page**

*SLSJ, LLC v. Kleban*,
    277 F. Supp. 3d 258 (D. Conn. 2017) ...................................................................................10

*Stadium Cap. LLC v. Co-Diagnostics, Inc.*,
    2026 WL 100576 (S.D.N.Y. Jan. 14, 2026) ...................................................................2, 3, 9

*State of N.Y. v. United Parcel Serv., Inc.*,
    2016 WL 4735368 (S.D.N.Y. Sept. 10, 2016) .........................................................................9

*U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*,
    112 F. Supp. 3d 122 (S.D.N.Y. 2015) ....................................................................................11

*United States v. Gushlak*,
    728 F.3d 184 (2d Cir. 2013) ....................................................................................................9

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26(a)(2)(B) ....................................................................................................................10
    Rule 26(a)(2)(B)(i) ..................................................................................................................6
    Rule 26(a)(2)(B)(ii) .................................................................................................................6
    Rule 26(b)(4)(C) ....................................................................................................................10

Federal Rules of Evidence
    Rule 403 .................................................................................................................................10
    Rule 702 ...................................................................................................................................3

I.  **INTRODUCTION**[1]

Dr. Ferrell opines that ███████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████ Because these opinions impose legal and methodological requirements that contradict Second Circuit law and are unsupported by economic literature, Defendants run away from them, claiming that direct quotes from Dr. Ferrell's report are "overstated" and offering watered-down reformulations. In so doing, Defendants fail to address Plaintiffs' arguments regarding Dr. Ferrell's actual opinions.

Dr. Ferrell does not meaningfully critique Dr. Cain's methodology. Instead, he ████

███████████████████████████████████████████████████████████

██████████████████████████████████ No court has adopted such a rule, and Defendants cite no authority requiring Plaintiffs ████████████████████████████

█████████████ to establish loss causation or damages. To the contrary, Second Circuit law and Defendants' own literature recognize event studies as the accepted means of estimating artificial inflation.

Scrambling to justify Dr. Ferrell's flawed opinions, Defendants belatedly cite "robust literature" ████████████████████ But none of Defendants' new articles states that ███████████████████████████████████████████████████████████

██████████████████████████████████████████ Defendants' after-the-fact effort to rehabilitate Dr. Ferrell with undisclosed sources highlights his lack of reliable methodology.

---

[1] Capitalized terms have the same meaning as in Plaintiffs' motion to exclude (ECF 191) (the "Motion"). All emphasis is added and citations are omitted.

Finally, Dr. Ferrell's opinion ███████████████████████████

████████████████████████████████████████████████ – particularly given

Defendants' last-minute effort to alter relevant interrogatory responses the ***night before*** Dr. Ferrell's

deposition – ██████████████████████ and warrants exclusion.

## II.     CORRECTIONS TO DEFENDANTS' BACKGROUND

Defendants' "background" ignores Dr. Cain's opinions and downplays Dr. Ferrell's. Defendants say Dr. Cain – whom they did not seek to exclude – did not identify the information Defendants omitted, and they assert he did "no work" to connect the omitted information to the corrective disclosures. ECF 208 ("Opp.") at 4-5. But Dr. Cain ████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ ECF 192 ("Cain

Rpt."), ¶14.

Dr. Cain then ████████████████████████████████████████████

████████████████████████████████████████████████████████ For example, he

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████ *Id.*, ¶¶81-83. He ██████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████ *Id.*, ¶93. Dr. Cain also █████████████████████████████████████

████████████████████████████ *Stadium Cap. LLC v. Co-Diagnostics, Inc.*, 2026 WL 100576,

- 2 -

at *9 (S.D.N.Y. Jan. 14, 2026) (Subramanian, J.); Cain Rpt., ¶¶62-65.  And he ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, ¶¶124-129.

Defendants say Dr. Cain's analysis is "no different in practice than what Dr. Ferrell ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Opp. at 2.  But if the difference between Dr. Cain's analysis and the ▮▮▮▮▮ ▮▮▮▮▮▮ is "simply semantics" then Dr. Cain has done what Dr. Ferrell claims he hasn't.[2]

Dr. Ferrell ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Instead, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### III.   LEGAL STANDARD

Contrary to Defendants' assertions, rebuttal experts are not subject to a lower standard.  The law is clear: "'rebuttal experts must meet *Daubert*'s threshold standards regarding ... sufficiency of the data, reliability of the methodology, and relevance of the testimony.'"  *Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*, 754 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2024) ("Rule 702 ... governs the admissibility of testimony by expert witnesses, ***including rebuttal experts*** …."); *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 138-39 (S.D.N.Y. 2022) ("like any expert, a rebuttal expert may not usurp the court's role in instructing the jury on the law").

---

[2]   Defendants improperly use their opposition to challenge Dr. Cain's inflation line by interjecting that some misstatements were made later.  But the misstatements concealed the same information, so later misstatements would not have introduced additional inflation (Cain Rpt., ¶¶125-128), and Dr. Cain was not required to "quantify the precise amount of the rise in inflation due to each … misstatement."  *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 562-63 (S.D.N.Y. 2011), *aff'd*, 838 F.3d 223 (2d Cir. 2016); *Stadium Cap.*, 2026 WL 100576, at *7 (statements can "'maintain inflation already extant in a company's stock price, but … not add to that inflation'").

4904-3351-9752.v1

IV.     **ARGUMENT**

   A.   **Dr. Ferrell's ▮▮▮▮▮▮▮▮ Are Improper (and Incorrect) Legal Opinions**

Defendants argue that Dr. Ferrell does not provide legal ***conclusions***. But they ignore that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is improper. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541, 558 (S.D.N.Y. 2004) (experts "may not … communicate 'a legal standard – explicit or implicit – to the jury'"); *SEC v. Ripple Labs, Inc.*, 2023 WL 5670711, at *22 (S.D.N.Y. Mar. 6, 2023) (excluding Dr. Ferrell's opinions interpreting "legal issues at the heart of this case" and noting "'[i]nserting the word "economically" ... does not somehow transform what is a legal proposition ... into an admissible opinion'").

Defendants attempt to recast Dr. Ferrell's opinions as economic by arguing they conform with "robust literature" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 9. But none of Defendants' belatedly disclosed articles – including one written by Dr. Ferrell himself – supports Dr. Ferrell. Not one requires ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to evaluate loss causation or damages. Not one states that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And none requires the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Indeed, many of Defendants' articles endorse Dr. Cain's event study.

Defendants first cite an article from 1990, when "there [was] little established law on how damages should be calculated" in securities cases. *See* ECF 210-2 at 884. Cornell and Morgan do not require a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ And far from supporting Dr. Ferrell's opinion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cornell and Morgan endorse event studies for measuring artificial inflation. *See id.* at 897-900.

Next, Defendants cite the basic proposition that "[a]rtificial inflation is the difference between the actual stock price and what the true value of the stock would have been but for the false or misleading information." *See* ECF 210-7 at 106 n.3. But determining what the price would have been but-for the fraud is different from ███████████████████████████ Barclay and Torchio don't even mention ██████████ And Defendants' authority shows event studies can determine the but-for price. *See In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 649-50 (2d Cir. 2016) ("[A]n expert using an event study can estimate the amount of artificial inflation in the defendant company's stock price when shareholders purchased their shares, which is equivalent to estimating the difference between what those investors should have paid for the shares but-for the alleged fraud and what they actually paid.").

As Defendants' own literature states: "An event study of the effect of a corrective disclosure on the defendant firm's stock price is the most common way of determining the magnitude of the loss caused by the fraud.... [T]he result is considered to be a best estimate of the stock-price impact, had the truth been revealed earlier." *See* ECF 210-8 at 231. Dunbar and Sen also directly contradict Dr. Ferrell. *Compare* ECF 192-2 ("Ferrell Rpt."), ¶69 (█████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████), *with* ECF 210-8 at 231-32 ("[a]n untimely earnings surprise means there was a legal obligation to disclose the earnings (***or the conditions that led to the unexpected earnings***) at an earlier date").

Finally, Defendants scrounge an article co-written by securities defense attorneys, complete with a disclaimer that it represents the attorneys' individual views. *See* ECF 210-10 at 109. But Gray, *et al.* discuss "economically equivalent information" – they do not require a ██████

- 5 -

██████████████████████████ Under Dr. Ferrell's requirement ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████[3]

Even if the articles supported Dr. Ferrell, ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████ Defendants should not be permitted to use them now. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

    **B.    Dr. Ferrell's ████████████ Contradict Second Circuit Law**

Defendants concede that loss causation requires "that 'the loss [was a] foreseeable' result of the defendant's conduct (*i.e.*, the fraud)." *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 260-61 (2d Cir. 2016); Opp. at 10-11. Defendants also concede that "in securities fraud cases, plaintiffs need not prove the amount of loss caused by each misstatement with complete mathematical precision." *Vivendi*, 765 F. Supp. 2d at 562; Opp. at 8. Dr. Ferrell's requirements that ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ contradict the "foreseeable consequence" standard and heighten the damages standard.[4]

---

[3] Unlike here, the literature in *In re Kirkland Lake Gold Ltd. Sec. Litig.*, 2024 WL 1342800, at *9 (S.D.N.Y. Mar. 29, 2024), supported the expert and ████████████████ And unlike in *In re Xerox Corp. Sec. Litig.*, 2009 WL 8556135, at *5 (D. Conn. Apr. 22, 2009), ████████████
████████ Plaintiffs don't merely argue that he "embraces the issue of loss causation."

[4] Defendants mischaracterize *In re Apple Inc. Sec. Litig.*, 2023 WL 4556765 (N.D. Cal. July 17, 2023), asserting it excluded but-for opinions only because they embraced "the ultimate issue of whether 'but-for causation' *existed*." Opp. at 11 n.5. Not so. The court excluded an expert's rebuttal opinion that "'[a] key step in assessing loss causation is to determine the but-for disclosure'" because it "misleadingly implies that but-for causation is the legal standard" ████████
████ *Apple*, 2023 WL 4556765, at *10.

Defendants don't even attempt to support Dr. Ferrell's opinions.  Instead, they claim direct quotes from his report are "overstate[d]" or otherwise ignore them.  Opp. at 12.

First, Defendants claim Dr. Ferrell merely opines ███████████████████ ███████████████████████████████ *Id.*  But that is not Dr. Ferrell's opinion.  If it were, it would be irrelevant because it says nothing about Dr. Cain's methodology.  Nor would Defendants need an expert for this commonsense proposition.  Dr. Ferrell's actual opinion is that ██ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Ferrell Rpt., ¶49; *see also id.*, ¶69 ██████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████ Dr. Ferrell's actual opinions heighten the "foreseeable consequence" standard and require a level of precision that contradicts Second Circuit damages law.  *Liberty Media Corp. v. Vivendi Universal, S.A.*, 923 F. Supp. 2d 511, 532 (S.D.N.Y. 2013).

Defendants also rewrite Dr. Ferrell's opinions when arguing he doesn't ███████████ ██████████████████████ They say ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████ Opp. at 13.  First, Dr. Cain has shown what the disclosures corrected (*see supra*, §II).  Second, Dr. Ferrell's actual opinion ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████ Again, Defendants ignore Dr. Ferrell's actual opinions.

Finally, Defendants assert ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 12-13. But Dr. Ferrell didn't opine that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* He plans to tell the jury that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ferrell Rpt., ¶69. Defendants also say Dr. Ferrell merely opines ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 13. But again, Defendants distort Dr. Ferrell's opinions, and Dr. Cain carefully disaggregated and excluded non-fraud factors. Cain Rpt., ¶¶76-84, 88-94, 104-108, 118-123.

Even Defendants' rewritten, downplayed opinions contradict the law. Defendants say that Dr. Ferrell's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 11-12. But they cite only Dr. Ferrell (or no source) for their assertions that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants don't cite a single case even suggesting that identifying a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Far from "implement[ing]" *Vivendi's* foreseeability requirement, Dr. Ferrell impermissibly heightens it.

For example, it was foreseeable that undisclosed channel-stuffing, supply, and product-quality problems would lead to earnings misses. It was also foreseeable that Casey would be terminated for violating Dentsply's Code of Conduct and/or presiding over Dentsply's (undisclosed) poor performance. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ferrell Rpt., ¶¶43, 49, 69, 79. Similarly, this Court denied summary judgment on loss causation where a company "downplay[ed] a decline in

- 8 -

demand" for a COVID test and later disclosed a "steep decline in revenue [due] to a decline in demand for the" COVID test. *Stadium Cap.*, 2026 WL 100576, at *8. But according to Dr. Ferrell, ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ████

Defendants also note the basic proposition that the Second Circuit "recognizes the importance of [a] counterfactual analysis in calculating damages." Opp. at 15. Again, Defendants cite nothing ████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████ *See Pfizer*, 819 F.3d at 649 ("the event study helps the expert 'calculat[e] what the price of [the defendant company's] security would have been had the alleged wrongful conduct not occurred"); *United States v. Gushlak*, 728 F.3d 184, 195-96 & n.8, 201 (2d Cir. 2013) (upholding damages calculation that ████████████████████████████ and noting it is "standard operating procedure in federal securities litigation to conduct a so-called 'event study' when attempting to establish or quantify the effects of fraud on a stock's market price"). In *In re Nat'l Instruments Sec. Litig.*, 2025 WL 2682172, at *5 (S.D.N.Y. Sept. 19, 2025), Dr. Cain determined the but-for price ***without*** identifying ████████████████ In *Int'l Bhd. of Elec. Workers Loc. 98 Pension Fund v. Deloitte & Touche, LLP*, No. 3:19-cv-00304-JDA (D.S.C.), and *In re Vaxart, Inc. Sec. Litig.*, No. 3:20-cv-05949-VC (N.D. Cal.), Dr. Cain used the ***same*** approach he uses here.[5]

---

[5] *State of N.Y. v. United Parcel Serv., Inc.*, 2016 WL 4735368, at *10 (S.D.N.Y. Sept. 10, 2016), is not a securities case, does not require ████████████████, and concerned a different but-for world where "the alleged harm would have occurred by different means."

**C.    Dr. Ferrell's ▮▮▮▮▮ Should Be Excluded Under Federal Rule of Evidence 403**

Dr. Ferrell's ▮▮▮▮▮ impose legal prerequisites to establishing loss causation and damages that contradict Second Circuit law. They accordingly have zero probative value and present a substantial risk of wasting time and misleading and confusing the jury regarding the appropriate legal standards. *See SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 265 (D. Conn. 2017) ("'Expert testimony about the governing law is barred under Rule 403 because "it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently."'"). Defendants' only arguments regarding Rule 403 rely on their other arguments and fail for the same reasons.

**D.    Dr. Ferrell ▮▮▮▮▮**

Dr. Ferrell's opinion ▮▮▮▮▮ ECF 192-3 ("Ferrell Depo.") at 154:18-19. Dr. Ferrell was required to disclose the bases for that understanding, including information defense counsel told him. *See* Fed. R. Civ. P. 26(a)(2)(B), (b)(4)(C). ▮▮▮▮▮

▮▮▮▮▮ Ferrell Depo. at 155:17-23.

Contrary to Defendants' assertions, ▮▮▮▮▮

▮▮▮▮▮ ECF 210-1 at 2. Dr. Ferrell's failure ▮▮▮▮▮ warrants exclusion. More, his failure concealed until after the *Daubert* deadline that ▮▮▮▮▮

- 10 -

███████████████████████████████████ *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 267 (W.D.N.Y. 2013) (exclusion warranted where expert "relie[d] upon '[a]ssumptions based on conclusory statements of the expert's client, rather than on the expert's independent evaluation'").[6]

It also prevented Plaintiffs from exploring Defendants' last-minute attempt to alter relevant evidence. Dr. Ferrell opines ███████████████████████████████████ Defendants falsely assert that Dr. Cain "does nothing" to establish Casey's termination was fraud-related. Opp. at 18. But Dr. Cain cites numerous documents connecting Casey's termination to the fraud, including Defendants' *verified* December 6, 2024 interrogatory responses, which identifies Casey as a Dentsply employee terminated for violating Dentsply's Code of Conduct. Cain Rpt., ¶88 & n.166. At roughly 7:00 p.m. ET the ***night before*** Dr. Ferrell's deposition, Defendants served ***unverified*** interrogatory responses that removed Casey from that interrogatory response. Dr. Ferrell's ███████████████████████████████████ prevented Plaintiffs from exploring Defendants' attempt to change pertinent evidence and warrants exclusion. *On Track Innovations, Ltd. v. T-Mobile USA, Inc.*, 2015 WL 14072083, at *4 (S.D.N.Y. July 24, 2015) (exclusion was "justified by the need 'to prevent the practice of "sandbagging" an adversary with new evidence'").[7]

---

[6] Defendants assert that ███████████████████████████████████ (as is the case for all of the facts Dr. Cain assumes in his analysis)." Opp. at 3. But Dr. Cain didn't assume facts based on conclusory assertions from counsel. He reviewed the informational environment and conducted an independent and rigorous analysis, including of internal documents. *See, e.g.*, Cain Rpt., ¶¶76-84, 88-94, 104-108, 118-123.

[7] Unlike here, the *U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 133-34 (S.D.N.Y. 2015) witnesses didn't ███████████████████████████████████

Defendants' remaining arguments evade the point. First, Defendants assert that Plaintiffs both "largely ignore" and submit a "lengthy footnote" regarding "the facts on which Dr. Ferrell relied." Opp. at 18-19. But Plaintiffs' Motion is not premised on information Dr. Ferrell purportedly disclosed – ███████████████████████ Defendants also say Dr. Ferrell was ███████████████████████████ *Id.* at 19. Again, Defendants ignore that ████████ ████████████████████████████████████████████████ ███████████████████████████

## V. CONCLUSION

Plaintiffs' Motion should be granted in its entirety.

DATED: January 19, 2026                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (admitted *pro hac vice*)
LUKE O. BROOKS (admitted *pro hac vice*)
DARRYL J. ALVARADO (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
HILLARY B. STAKEM (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
MEGAN M. SONNEY (admitted *pro hac vice*)

                              s/ Luke O. Brooks
                              LUKE O. BROOKS

      655 West Broadway, Suite 1900
      San Diego, CA 92101
      Telephone: 619/231-1058
      619/231-7423 (fax)
      scotts@rgrdlaw.com
      lukeb@rgrdlaw.com
      dalvarado@rgrdlaw.com
      cstewart@rgrdlaw.com
      hstakem@rgrdlaw.com
      ngilliland@rgrdlaw.com
      jrobertson@rgrdlaw.com
      msonney@rgrdlaw.com

      ROBBINS GELLER RUDMAN
        & DOWD LLP
      SAMUEL H. RUDMAN
      DAVID A. ROSENFELD
      58 South Service Road, Suite 200
      Melville, NY 11747
      Telephone: 631/367-7100
      631/367-1173 (fax)
      srudman@rgrdlaw.com
      drosenfeld@rgrdlaw.com

      Lead Counsel for Lead Plaintiffs

      VANOVERBEKE, MICHAUD & TIMMONY, P.C.
      THOMAS C. MICHAUD
      79 Alfred Street
      Detroit, MI 48201
      Telephone: 313/578-1200
      313/578-1201 (fax)
      tmichaud@vmtlaw.com

      Additional Counsel for Lead Plaintiffs

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 3,492 words.

s/ Luke O. Brooks<br>
LUKE O. BROOKS