UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

SAN ANTONIO FIRE AND POLICE
PENSION FUND, CITY OF BIRMINGHAM
RETIREMENT AND RELIEF SYSTEM, EL
PASO FIREMEN & POLICEMEN'S
PENSION FUND, and WAYNE COUNTY
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiffs,

vs.

DENTSPLY SIRONA INC., DONALD M.
CASEY, JR., and JORGE GOMEZ,

                Defendants.

---------------------------------------- x

: Civil Action No. 1:22-cv-06339-AS
: (Consolidated)
:
: <u>CLASS ACTION</u>
:
: REPLY IN SUPPORT OF PLAINTIFFS'
: MOTION TO EXCLUDE CERTAIN
: EXPERT TESTIMONY OF JOSEPH
: CAVARETTA

**[REDACTED]**

4906-1454-1448.v1

## TABLE OF CONTENTS

                                                                                                         **Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. Cavaretta's "Rebuttal" Opinions Are Inadmissible ................................................2

        1. Cavaretta's ▮▮▮▮ Opinions Are Inadmissible, as Rebuttal or Otherwise ...................................................................................3

        2. Cavaretta's "Criticism" of Phiroz's ▮▮▮▮ Is Inadmissible .......................................................................................4

            a. Cavaretta's ▮▮▮▮ Opinions Are Irrelevant and Unreliable ........................................................................4

            b. Dentsply Concedes Cavaretta Can't Opine that ▮▮▮▮ ▮▮▮▮ ...................................................6

            c. Cavaretta's Opinions that ▮▮▮▮ ▮▮▮▮ Are Inadmissible ..................................................................7

    B. Cavaretta's ▮▮▮▮ Opinions Are Unreliable and Unhelpful ................9

III. CONCLUSION ...................................................................................................................12

## TABLE OF AUTHORITIES

Page

**CASES**

*Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*,
  2020 WL 4574493 (E.D. Va. Aug. 7, 2020) ............................................................................. 11

*Alfa Corp. v. OAO Alfa Bank*,
  475 F. Supp. 2d 357 (S.D.N.Y. 2007) ....................................................................................... 6

*Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*,
  754 F. Supp. 3d 456 (S.D.N.Y. 2024) ....................................................................................... 6

*Capri Sun GmbH v. Am. Beverage Corp.*,
  595 F. Supp. 3d 83 (S.D.N.Y. 2022) ......................................................................................... 2

*Chalmers v. City of N.Y.*,
  2022 WL 4330119 (S.D.N.Y. Sep. 19, 2022) ..................................................................... 10, 11

*Daubert v. Merrill Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ......................................................................................................... 1, 2, 3, 11

*In re Aluminum Warehousing Antitrust Litig.*,
  336 F.R.D. 5 (S.D.N.Y. 2020) ................................................................................................... 2

*In re Blech Sec. Litig.*,
  2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003) ....................................................................... 2, 5

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
  2008 WL 1971538 (S.D.N.Y. May 7, 2008) ............................................................................ 6

*In re Platinum-Beechwood Litig.*,
  469 F. Supp. 3d 105 (S.D.N.Y. 2020) ....................................................................................... 3

*Liberty Mut. Ins. Co. v. Day to Day Imps., Inc.*,
  2025 WL 2117897 (S.D.N.Y. July 29, 2025) ........................................................................... 9

*Lond. Luxury, LLC v. Walmart, Inc.*,
  2025 WL 967114 (W.D. Ark. Mar. 31, 2025) .......................................................................... 9

*Mirkin v. XOOM Energy, LLC*,
  2025 WL 16333 (E.D.N.Y. Jan. 2, 2025) ............................................................................ 4, 10

*Pension Comm. of Univ. of Montr. Pension Plan v. Banc of Am. Sec., LLC*,
  691 F. Supp. 2d 448 (S.D.N.Y. 2010) ....................................................................................... 6


**Page**

*Rotman v. Progressive Ins. Co.*,
   955 F. Supp. 2d 272 (D. Vt. 2013) ................................................................................... 11

*RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*,
   2023 WL 2838423 (E.D.N.Y. Apr. 7, 2023) .................................................................. 3, 9

*Scott v. Chipotle Mexican Grill, Inc.*,
   315 F.R.D. 33 (S.D.N.Y. 2016) ......................................................................................... 2

*SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*,
   467 F.3d 107 (2d Cir. 2006) .............................................................................................. 6

*Stroheim & Romann, Inc. v. Allianz Ins. Co.*,
   2003 WL 21980389 (S.D.N.Y. Aug. 14, 2003) ............................................................. 2, 5

Federal Rules of Evidence
   Rule 403 ................................................................................................................... 1, 4, 7
   Rule 702 ................................................................................................................... 1, 2, 8

I.  **INTRODUCTION**[1]

Plaintiffs' Motion identifies Cavaretta's opinions (¶¶12, 15, 17, 38-42, 52-53, 60-68)[2] that are inadmissible under Federal Rules of Evidence 702 and 403, and *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993). In its Opposition,[3] Dentsply presents a hodge-podge of unpersuasive argument and red-herring attacks on Plaintiffs' expert that fail to demonstrate these opinions are admissible.

First, unable to refute that Cavaretta is unqualified to opine on ▮▮▮▮▮▮▮▮ given his lack of prior familiarity with the term (let alone subject-matter expertise), Dentsply instead claims Cavaretta's responses to Phiroz's ▮▮▮▮▮▮ opinions somehow aren't opinions about ▮▮▮▮▮▮. Opp. at 13. Dentsply's novel claim that Cavaretta's personal ignorance of the term suggests an industry-wide unawareness of ▮▮▮▮▮▮ fails. *Id.* at 14. The record here demonstrates that ▮▮▮▮▮▮▮▮ was well-understood by Dentsply and Dentsply employees, if not by Cavaretta.

Second, Dentsply fails to demonstrate that Cavaretta's opinions – which neither substantively criticize Phiroz's opinions nor provide "▮▮▮▮▮▮▮▮▮▮▮▮" as Dentsply suggests – are reliable or relevant. *Id.* at 15-19, 24. Contrary to Dentsply's assertions, it isn't enough that an expert criticize another's opinion – the critique must itself be reliable and relevant. Cavaretta's speculation that Phiroz ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (¶53) – despite the fact that Cavaretta didn't analyze whether ▮▮▮▮▮▮▮▮ existed at Dentsply or explain why they're relevant to Phiroz's analysis – fails that test. Nor is his opinion that ▮▮▮▮

---

[1]  Capitalized terms herein have the same meaning as in Plaintiffs' motion to exclude (ECF 185) ("Motion" or "Mot."). Unless otherwise noted, all emphasis is added and citations are omitted.

[2]  All "¶¶" references herein are to the Cavaretta Report (ECF 186-1).

[3]  "Opposition" or "Opp." refers to Dentsply's opposition to Plaintiff's Motion (ECF 212).

4906-1454-1448.v1

███████████████████████████████████████████ (¶63) relevant to Phiroz's opinion that ███████████████████████████████ – Cavaretta only suggests ███████████████████████████████, which Phiroz doesn't dispute.

Finally, because Cavaretta doesn't explain what he considers ████████████ his opinions on it – whether characterized as rebuttal or affirmative – are unreliable. And since he uses no specialized knowledge in noting that ██████████████████████████████████████████████████ (¶52) – a fact Defendants can elicit on cross-examination and that a lay-person can readily understand – that opinion is also inadmissible.

## II. ARGUMENT

### A. Cavaretta's "Rebuttal" Opinions Are Inadmissible

Although Dentsply makes much of Cavaretta's opinions in ¶¶15, 17, 52-53, and 60-68 being offered as rebuttal, *all* expert testimony is subject to the same admissibility standards – as Dentsply's cited authority affirms. *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 139 (S.D.N.Y. 2022) ("'[R]ebuttal experts must [still] meet *Daubert*'s threshold standards regarding the qualifications of the expert, sufficiency of the data, reliability of the methodology, and relevance of the testimony.'");[4] *see also Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 54-55 (S.D.N.Y. 2016) (applying *Daubert* in excluding rebuttal testimony). Dentsply hasn't demonstrated that Cavaretta's "rebuttal" opinions meet those standards.

---

[4] Dentsply's cases stand for the unremarkable proposition that an expert may rebut or critique another's opinions, and apply Rule 702 and *Daubert* to the rebuttal expert's opinions. Opp. at 12-13; *see Stroheim & Romann, Inc. v. Allianz Ins. Co.*, 2003 WL 21980389, at *2, *4 (S.D.N.Y. Aug. 14, 2003); *In re Blech Sec. Litig.*, 2003 WL 1610775, at *20 (S.D.N.Y. Mar. 26, 2003); *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 27-29 (S.D.N.Y. 2020).

1. **Cavaretta's** ▮▮▮▮ **Opinions Are Inadmissible, as Rebuttal or Otherwise**

Dentsply doesn't dispute that Cavaretta had ▮▮▮▮. Opp. at 14; *see* Mot. at 6-7. Instead, it suggests Cavaretta "[d]oes [n]ot [o]pine on ▮▮▮▮ and "does not state that ▮▮▮▮ (Opp. at 13, 24) – a blatant mischaracterization, given his opinion that ▮▮▮▮ ¶¶ 17, 60. Regardless, Cavaretta isn't qualified to offer these opinions or critique Phiroz's ▮▮▮▮.[5]

First, it's axiomatic that an expert can't reliably or helpfully criticize another expert's opinion if he doesn't understand the topic of the opinion he's rebutting. After all, an expert can only offer opinions based on specialized knowledge. *Daubert*, 509 U.S. at 589-90; *see RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, 2023 WL 2838423, at *7 (E.D.N.Y. Apr. 7, 2023) (excluding expert's opinions on products' comparative quality where expert was unfamiliar with subject products and couldn't explain how he reached his opinion). To the extent Dentsply asserts Cavaretta's ▮▮▮▮ is itself specialized knowledge and demonstrates the ▮▮▮▮, it's wrong. Opp. at 14. ▮▮▮▮ wasn't unknown within the industry: multiple Dentsply employees understood ▮▮▮▮.[6]

---

[5] Unlike the *In re Platinum-Beechwood Litig.*, 469 F. Supp. 3d 105, 117 (S.D.N.Y. 2020) expert, Cavaretta does not offer affirmative opinions applying industry standards to facts, thereby "contextualiz[ing] the evidence" on disputed issues.

[6] *See, e.g.*, ECF 222-92 (▮▮▮▮); ECF 175-124 at 26:24-27:2 (▮▮▮▮

- 3 -

██████████████████████ (ECF 222-81 at 2), and Dentsply received an SEC Cease-and-Desist Order related to ██████████████. ECF 222-6 (██████████████████). Cavaretta's personal ignorance of ███████ is just that; ████████████████████████████.

Second, ██████████ is a supply-chain term describing a practice that can occur in *any* sales-based industry, not just ██████████. Thus, Cavaretta's "criticism" – that █ ██████████████████████████████████████████████████████ (¶¶17, 60) – is unhelpful for evaluating Phiroz's opinions, and will cause confusion and waste time. *See* ECF 186-5 ("Phiroz Depo.") at 28:9-18; *Mirkin v. XOOM Energy, LLC*, 2025 WL 16333, at *3 (E.D.N.Y. Jan. 2, 2025) (excluding rebuttal opinion under Rule 403 that bore "only minimal probative value to a fact of consequence, and is instead probative of a fact that is facially similar but ultimately immaterial" because "[t]he risk that the jury will confuse those issues and give undue weight to [the opinion] is significant").

    **2.    Cavaretta's "Criticism" of Phiroz's ██████████ Is Inadmissible**

        **a.    Cavaretta's ██████████ Opinions Are Irrelevant and Unreliable**

In response to Phiroz's ██████████, Cavaretta asserts that ████████████████████ ██████████████████████. ¶61. Dentsply claims relevance because "[i]f Dr. Phiroz is allowed to testify… ████████████████████████████████████████████████, then Mr. Cavaretta should be allowed to offer an opposing view grounded in industry experience." Opp. at ██████████████████████████████████████████████████████); ECF 220-11 at 80:14-18 (████████████████████████████████); ECF 220-12 at 42:1-19 (██████████████████████████████████████████████).

16. Setting aside Dentsply's egregious mischaracterization of Phiroz's opinion – **nowhere** in his report does Phiroz mention ▇ – Dentsply's argument fails. Cavaretta doesn't opine about the ▇▇▇. He explicitly testified that ▇▇▇. ECF 186-2 ("Cavaretta Depo.") at 257:13-20, 258:10-19, 260:6-25; *see also* Mot. at 8-9. The paragraphs Dentsply cites to claim that Cavaretta examined the facts concern an entirely different topic. *See* Opp. at 16 (citing ¶¶66-68).[7]

Nor does Cavaretta have a reliable basis for asserting ▇▇▇. Opp. at 16; Mot. at 9 (discussing ¶61). Cavaretta cites no Dentsply-employee testimony or evidence to support his opinion, referring only to ▇▇▇. ¶61 nn.118-120; *see also* Cavaretta Depo. at 261:1-262:11 (stating ▇▇▇). Nor does Cavaretta have personal knowledge of internal Dentsply dynamics. Thus, unlike the *Stroheim* rebuttal expert's opinions, which employed an industry-standard methodology to review testing samples, Cavaretta's opinions are not "'properly supported'" by a reliable methodology, and are inadmissible. *See* Opp. at 16 (citing *Stroheim*, 2003 WL 21980389, at *4).

---

[7] Unlike the expert in *Blech*, who evaluated evidence so his opinions had a "'traceable, analytical basis in objective fact'" (2003 WL 1610775, at *22-*23), Cavaretta did not grapple with any record evidence. *See* Opp. at 17.

### b. Dentsply Concedes Cavaretta Can't Opine that ███

Cavaretta broadly opines: (1) ███ (¶12); (2) ███ (§IV.A. (¶¶38-42)); and (3) ███ (¶62). But he concedes ███. Mot. at 10.

Dentsply asserts that Cavaretta can opine on ███. Opp. at 11-12. But Plaintiffs expressly limited their Motion to preclude Cavaretta's opinions in ¶¶12, 38-42, and 62 only ███ Mot. at 10-11.[8] Dentsply doesn't defend the overbroad statements Plaintiffs actually seek to exclude and don't

---

[8] Because Cavaretta doesn't solely explain general principles rooted in industry experience, but instead expresses unsupported conclusions regarding ███, Dentsply's caselaw is unpersuasive. *See Pension Comm. of Univ. of Montr. Pension Plan v. Banc of Am. Sec., LLC*, 691 F. Supp. 2d 448, 468 n.113 (S.D.N.Y. 2010) (expert permitted to testify generally to relevant characteristics of hedge funds); *Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*, 754 F. Supp. 3d 456, 465-66 (S.D.N.Y. 2024) (permitting expert to testify to existence of insurance-industry standards); *SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 132-34 (2d Cir. 2006) (allowing insurance-industry expert to testify to general usage of particular terms). *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 2008 WL 1971538, at *7 (S.D.N.Y. May 7, 2008), acknowledges that "the testimony of non-scientific experts [is] unreliable when such experts apply their experience to the facts in a poorly reasoned manner, or when their testimony is not grounded in facts and is speculative," as Cavaretta's opinion is. And *Alfa Corp. v. OAO Alfa Bank*, 475 F. Supp. 2d 357, 366-67 (S.D.N.Y. 2007), which allowed a qualified insurance-industry expert who researched the specific company at issue to testify to that company's brand reputation, is similarly inapt – Cavaretta

- 6 -

even reference ¶62. Opp. at 10-12. Dentsply suggests that Cavaretta is only "[REDACTED]" (*id.* at 12 (emphasis in original)), but Cavaretta presents a clear risk of confusing and misleading the jury by opining that "[REDACTED]" (¶12), "[REDACTED]" (¶¶38-42), and "[REDACTED]" (¶62) [REDACTED]. Further, [REDACTED] is irrelevant, so risk of prejudice and confusion outweighs probative value, and these opinions should be excluded under Rule 403. Mot. at 14. At a minimum, the Court should limit Cavaretta to discussing only [REDACTED] (*i.e.*, as generally described in, *e.g.*, ¶30), as that is all Cavaretta considered.

    c.  **Cavaretta's Opinions that [REDACTED] Are Inadmissible**

Cavaretta's opinions that "[REDACTED]" and "[REDACTED]" (¶63) are impermissible state-of-mind testimony: he intends to tell the jury [REDACTED]. *See* Mot. at 12. Dentsply mischaracterizes Cavaretta's opinion by describing it as [REDACTED] Opp. at 17-18. Cavaretta isn't discussing [REDACTED] in ¶63. Unlike his discussion of [REDACTED] (¶¶31-37), in

---

admittedly didn't analyze whether [REDACTED]. Cavaretta Depo. at 52:15-55:14.

¶63, Cavaretta specifically references ███████ Nor does Cavaretta rely on "███████

███████," as Dentsply claims. Opp. at 17. Cavaretta doesn't cite ███████

███████, and he cites ███

███████. ¶63.[9]

Dentsply's one-sentence assertion that Cavaretta's opinion satisfies Rule 702's "fit" requirement because he is "offering evidence that directly refutes Dr. Phiroz's own conclusions" is conclusory. Opp. at 18. Dentsply doesn't explain how Cavaretta "directly refutes" Phiroz's opinion that ███████

███, when his opinion is that ███████

███████. *Id.* Cavaretta's only comment on ███████

███████

███; he didn't consider ███████

███████. ¶63 n.123; Cavaretta Depo. at 266:25-267:11.

Finally, Dentsply doesn't explain why Cavaretta's speculation that ███████

███ purportedly provides "███████" to Phiroz's analysis of whether

███████, let alone why Cavaretta's opinion is reliable. Opp. at 19

---

[9] Dentsply's assertion that Phiroz, unlike Cavaretta, ███████
███████ is misleading and doesn't support Cavaretta's opinion. Opp. at 17 n.3. Phiroz's review of ███████ was not extensive compared to the **hundreds** of internal Dentsply documents he reviewed, Phiroz still read and considered ███████
███████
███████ *See* Cavaretta Report, App'x B; ECF 186-3, App'x A-5 ███████
███████.

(discussing ¶65). As Phiroz explained at deposition,[10] ███████████████████████████████████████████████████████████████████████████████████████████████████████. Phiroz Depo. at 290:15-291:11. Cavaretta conducted no analysis and cites no evidence indicating ████████████████. ¶65.

Dentsply's authorities do not demonstrate Cavaretta's ████████████ is relevant or reliable. In *Lond. Luxury, LLC v. Walmart, Inc.*, 2025 WL 967114, at *18 (W.D. Ark. Mar. 31, 2025), the supply-chain expert "placed … facts" from the case "into the context of pandemic supply chains" to explain the risks/rewards of a transaction – he did not, as Cavaretta does, merely speculate that ██████████████████████████████ without addressing specific case-relevant impacts. Opp. at 19. And in *Liberty Mut. Ins. Co. v. Day to Day Imps., Inc.*, 2025 WL 2117897, at *21-*22 (S.D.N.Y. July 29, 2025), a supply-chain and logistics-operations expert was permitted to testify regarding his general experience of truck shortages in the pandemic and pandemic-related issues relevant to interpreting key contract terms. Here, Cavaretta's ████████ opinion is unsupported by facts or evidence, and he doesn't identify case-relevant impacts. *See* ¶65.

    **B.    Cavaretta's ███████████████ Opinions Are Unreliable and Unhelpful**

"'[E]xpert opinion is inadmissible as conclusory if it "cannot reasonably be assessed for reliability."'" *RVC*, 2023 WL 2838423, at *7. Cavaretta must have some concept of "█████████" to reliably assert that *e.g.*, "██████████████████████████████████" (Cavaretta Depo. at 104:22-105:3); ████████████████████████████████ (¶15); and Cavaretta has █████████████████████████████ (Cavaretta Depo. at

---

[10] Dentsply's claim that Phiroz wouldn't be qualified to address ████████████████████████████████████████████ is meritless. Opp. at 19. Phiroz is an expert in supply chains who consulted, wrote, and taught about ████████████████████████████████████████████.

- 9 -

217:10-15). Cavaretta's refusal and inability to explain his view of ▮▮▮ mandates exclusion of these opinions. *See* Mot. at 15-16.[11]

Dentsply's claim that Cavaretta limits his reputational-harm opinions to critiquing Phiroz's analysis for ▮▮▮ is wrong. Opp. at 21. But even if it wasn't, Cavaretta's critique would be inadmissible. Baldly stating that Phiroz ▮▮▮ doesn't utilize any specialized knowledge and is something Dentsply can raise on cross-examination and the jury can easily understand without expert assistance. *See Chalmers v. City of N.Y.*, 2022 WL 4330119, at *11 (S.D.N.Y. Sep. 19, 2022) (excluding rebuttal opinion that opposing experts' data was "at odds with their conclusion" as "not helpful to the factfinder because it does not present any analysis [and is] solely based on his recitation of data already laid out in tables in [the opposing expert's] report").

Dentsply's conclusory attempt to argue Cavaretta's ▮▮▮ are relevant by stating that they "support" his rebuttal also fails. Opp. at 21 (discussing ¶52). The ▮▮▮ are unaccompanied by any analysis or explanation permitting an inference that ▮▮▮ or that they support Cavaretta's opinion ▮▮▮. *See Mirkin*, 2025 WL 16333, at *6-*7 (excluding comparison where expert did not explain why the comparators chosen had any comparative value because "[w]ithout further explanation," the expert's opinion bore "no practical relevance" to case).[12] Dentsply's claim that Cavaretta "explains … ▮▮▮

---

[11] Unsurprisingly, Dentsply cites no caselaw to support these opinions. Opp. at 20-23.

[12] Dentsply's attack on Phiroz for not including ▮▮▮ is a red-herring. *See* Opp. at 22. Phiroz doesn't rely on ▮▮▮ – he draws from more relevant sources: academic studies of reputational harm, his extensive professional background and training in supply-chain management, and an extensive analysis of the record in *this* case regarding ▮▮▮.

███████████████████████████████████████████████████████████████

█████████████████████████████████████" is similarly overstated – the challenged paragraphs offer no such discussion. Opp. at 21 n.5 (citing ¶¶52-53).

Finally, like Cavaretta, Dentsply doesn't explain *why* Phiroz should have ████████

███████████████████████████████████████████████████████████████

████████████. *Id.* (discussing ¶53). Critiques offered as rebuttal of another expert's analysis still must be relevant, and whether ████████████████████████████████████ has no relevance to whether, ██████████████████████████████████████. *See Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, 2020 WL 4574493, at *9 (E.D. Va. Aug. 7, 2020) (excluding as irrelevant rebuttal opinion that contract term was unusual, since issue was whether contract was breached). They must also be reliable, and as Dentsply concedes, Cavaretta has done no analysis of the "█████████████████████████████████████████████████████" (Opp. at 22-23) – he's just guessing ████████████████████████████████████. This is no "'more than subjective belief or unsupported speculation,'" and so inadmissible. *Daubert*, 509 U.S. at 599; *see Chalmers*, 2022 WL 4330119, at *12 (excluding speculative rebuttal "critique" that expert "should" have evaluated additional factor where rebuttal expert didn't "state whether experts in the field … typically take such factors into account, or how"); *Rotman v. Progressive Ins. Co.*, 955 F. Supp. 2d 272, 283 (D. Vt. 2013) (precluding expert who hadn't analyzed issue from speculating regarding accident's cause, since testimony would "pose[] the risk of confusing and misleading the jury as it lends the imprimatur of the expert's qualifications and a stamp of credibility to what is otherwise rank speculation").

### III. CONCLUSION

Dentsply hasn't sustained its burden to demonstrate Cavaretta's opinions are admissible by a preponderance of the evidence. Plaintiffs' Motion should be granted in full.

DATED: January 19, 2026              Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
SCOTT H. SAHAM (admitted *pro hac vice*)
LUKE O. BROOKS (admitted *pro hac vice*)
DARRYL J. ALVARADO (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
HILLARY B. STAKEM (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
MEGAN M. SONNEY (admitted *pro hac vice*)


                    s/ Hillary B. Stakem
                  HILLARY B. STAKEM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
hstakem@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com
msonney@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

        Lead Counsel for Lead Plaintiffs

        VANOVERBEKE, MICHAUD & TIMMONY, P.C.
        THOMAS C. MICHAUD
        79 Alfred Street
        Detroit, MI  48201
        Telephone:  313/578-1200
        313/578-1201 (fax)
        tmichaud@vmtlaw.com

        Additional Counsel for Lead Plaintiffs

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 3,497 words.

<div style="text-align: right;">

_____
s/ Hillary B. Stakem
HILLARY B. STAKEM

</div>