**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br>        Defendants. | Civil Action No. 22-cv-06339-AS<br><br>CLASS ACTION<br><br>Hon. Arun Subramanian<br><br>**[REDACTED]** |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT .................................................................................................................... 1

I.  PLAINTIFFS CANNOT ESTABLISH SCIENTER FOR THEIR
    ACCOUNTING FRAUD CLAIMS ................................................................... 1

    A.  No Probative Motive And Opportunity Evidence ........................................ 2

    B.  SAB99 Factors And The Magnitude Of The Errors Are
        Irrelevant To Scienter ................................................................................. 2

    C.  Tone At The Top And Executive Terminations Do Not
        Show Scienter ............................................................................................. 3

    D.  Warranty Returns And Incentive Accounting Are Not
        Indicative Of Scienter ................................................................................ 4

    E.  Local Wrongdoing In China Has No Bearing On Accounting
        Fraud Scienter ............................................................................................ 5

II. THERE IS NO GENUINE DISPUTE OF MATERIAL FACT
    FOR MANY OF THE ALLEGED MISSTATEMENTS ..................................... 5

    A.  All Accounting-Related Statements Should Be Dismissed ......................... 6

    B.  There Can Be No Genuine Dispute of Material Fact for the
        Majority of Defendants' Challenged Statements ........................................ 6

    C.  The Remaining Statements Are Barred Even If the Court Holds
        There Is a Material Dispute on Falsity ........................................................ 9

III. PLAINTIFFS DO NOT HAVE A VIABLE SCHEME CLAIM ..................................... 10

IV. PLAINTIFFS' LOSS CAUSATION ARGUMENTS FAIL ........................................... 10

V.  PLAINTIFFS' SECTION 20(a) CLAIM SHOULD BE
    PARTIALLY DISMISSED ................................................................................. 13

CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acito v. IMCERA Grp., Inc.*,
47 F.3d 47 (2d Cir. 1995) ................................................................................ 2

*Bos. Ret. Syst. v. Alexion Pharms., Inc.*,
556 F.Supp.3d 100 (D. Conn. 2021) ................................................................ 9

*Chill v. Gen. Elec. Co.*,
101 F.3d 263 (2d Cir. 1996) ............................................................................ 4

*D'Iorio v. Winebow, Inc.*,
68 F.Supp.3d 334 (E.D.N.Y. 2014) ................................................................ 10

*Ezzes v. Vintage Wine Ests., Inc.*,
2024 WL 895018 (D. Nev. Mar. 1, 2024) ...................................................... 3

*FindWhat Inv. Grp. v. FindWhat.com*,
658 F.3d 1282 (11th Cir. 2011) ...................................................................... 8

*Fresno Cnty. Emps. Ret. Ass'n v. comScore, Inc.*,
268 F.Supp.3d 526 (S.D.N.Y. 2017) .............................................................. 4

*Henningsen v. ADT Corp.*,
161 F.Supp.3d 1161 (S.D. Fla. 2015) ............................................................ 9

*In re Am. Serv. Grp., Inc.*,
2009 WL 1348163 (M.D. Tenn. Mar. 31, 2009) ............................................ 3

*In re Bristol-Myers Squibb Sec. Litig.*,
312 F.Supp.2d 549 (S.D.N.Y. 2004) ........................................................... 2, 5

*In re Lottery.com, Inc. Sec. Litig.*,
765 F.Supp.3d. 303 (S.D.N.Y. 2025) .............................................................. 5

*In re Mylan N.V. Sec. Litig.*,
666 F.Supp.3d 266 (S.D.N.Y. 2023) .............................................................. 11

*In re N. Telecom Ltd. Sec. Litig.*,
116 F.Supp.2d 446 (S.D.N.Y. 2000) .............................................................. 4

*In re Sanofi Sec. Litig.*,
  87 F.Supp.3d 510 (S.D.N.Y. 2015) .................................................................... 8

*In re Scholastic Corp. Sec. Litig.*,
  252 F.3d 63 (2d Cir. 2001) ............................................................................... 4

*In re Scot. Re Grp. Sec. Litig.*,
  524 F.Supp.2d 370 (S.D.N.Y. 2007) ................................................................. 3

*In re Signet Jewelers Ltd. Sec. Litig.*,
  2018 WL 6167889 (S.D.N.Y. Nov. 26, 2018) .................................................... 9

*In re Supercom Inc. Sec. Litig.*,
  2018 WL 4926442 (S.D.N.Y. Oct. 10, 2018) ..................................................... 7

*In re Taleo Corp. Sec. Litig.*,
  2010 WL 597987 (N.D. Cal. Feb. 17, 2010) ...................................................... 4

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
  625 F.Supp.3d 164 (S.D.N.Y. 2022) ................................................................. 7

*In re Vivendi, S.A. Sec. Litig.*,
  838 F.3d 223 (2d Cir. 2016) ............................................................................. 7

*In re Vivendi Universal, S.A. Sec. Litig.*,
  634 F.Supp.2d 352 (S.D.N.Y. 2009) ............................................................... 10

*Kalnit v. Eichler*,
  264 F.3d 131 (2d Cir. 2001) ............................................................................. 2

*Lentell v. Merrill Lynch & Co.*,
  396 F.3d 161 (2d Cir. 2005) ........................................................................... 11

*Novak v. Kosaks*,
  216 F.3d 300 (2d Cir. 2000) ............................................................................. 2

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
  575 U.S. 175 (2015) ...................................................................................... 6, 7

*Plumbers & Pipefitters Nat. Pension Fund v. Orthofix Int'l N.V.*,
  89 F.Supp.3d 602 (S.D.N.Y. 2015) ................................................................... 4

*SEC v. Rio Tinto plc*,
  41 F.4th 47 (2d Cir. 2022) .............................................................................. 10

*SEC v. Yorkville Advisors, LLC*,
   305 F.Supp.3d 486 (S.D.N.Y. 2018) ................................................................................. 2

*Slayton v. Am. Express Co.*,
   604 F.3d 758 (2d Cir. 2010) ............................................................................................. 8

*Striker Sheet Metal II Corp. v. Harleysville Ins. Co.*,
   2018 WL 654445 (E.D.N.Y. Jan. 31, 2018) ..................................................................... 9

*Strougo v. Tivity Health, Inc.*,
   779 F.Supp.3d 951 (M.D. Tenn. 2025) ........................................................................... 10

*Thompson v. Port Auth. of N.Y. & N.J.*,
   2024 WL 4135348 (S.D.N.Y. Sept. 10, 2024) ................................................................. 6

*Tolbert v. Queens Coll.*,
   242 F.3d 58 (2d Cir. 2001) ............................................................................................... 6

## Rules and Statutes

Fed. R. Civ. P. 56 ................................................................................................................... 10

**PRELIMINARY STATEMENT**[1]

The Court should grant Defendants' Motion (Dkt. No. 173) and significantly narrow Plaintiffs' claims.

*First*, Plaintiffs cannot establish scienter for their accounting fraud claims. The accounting errors resulted from mistakes unconnected to the alleged channel-stuffing, and when discovered, were promptly investigated, disclosed, and corrected. That is not accounting fraud. Plaintiffs' generic scattershot arguments, without connection to the actual accounting errors, only reinforce that conclusion.

*Second*, roughly half of Plaintiffs' remaining misstatement claims should not survive summary judgment. Plaintiffs point to irrelevant facts, invent factual disputes where none exist, or fail to respond to Defendants' arguments.

*Third*, Plaintiffs ignore the complete overlap of their scheme claim with their Rule 10b-5(b) claims, which is disallowed by all relevant authorities.

*Fourth*, Plaintiffs cannot support many of their alleged corrective disclosure dates. Plaintiffs abandon one date and fail to establish how three others were corrective and a measure of the full damages they claim.

**ARGUMENT**

**I.    PLAINTIFFS CANNOT ESTABLISH SCIENTER FOR THEIR ACCOUNTING FRAUD CLAIMS**

Plaintiffs conflate historical errors in applying ASC 606—made with lack of scienter—with allegations of an intentional accounting fraud to conceal dealer incentives. The historical errors predated by years the alleged wholesale incentive agreements and did not affect how Dentsply accounted for those agreements. Equally fatal, Plaintiffs have no evidence—now

---

[1] Capitalized terms not defined herein shall have the same meanings as in the Motion.

confirmed through Plaintiffs' submissions—that anyone within Dentsply even knew of these errors in 2021, when the wholesale incentive agreements were entered into.

### A.  No Probative Motive And Opportunity Evidence

███████████████████████████████████████████████ Opp.21 (Dkt. No. 216), but executives focusing on financial goals is not probative of scienter.  *In re Bristol-Myers*, 312 F.Supp.2d 549,568 (S.D.N.Y. 2004) (management's "aggressive targets" did not support inference of scienter).  More critically, Plaintiffs proffer no evidence connecting the 3Q21 OMPRSU goals to historical ASC 606 errors, nor explain how Defendants benefited from years of these errors before 3Q21, or in 4Q21, ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ SOF¶¶178-193.

*Novak v. Kosaks*, 216 F.3d 300 (2d Cir. 2000) provides no support.  *Id.* 307 ("Plaintiffs [cannot] proceed based on motives possessed by virtually all corporate insiders….").  Indeed, courts in this Circuit consistently recognize that desire to improve financial performance "to increase officer compensation" does not show scienter.  *Kalnit v. Eichler*, 264 F.3d 131,139 (2d Cir. 2001); *Acito v. IMCERA Grp.*, 47 F.3d 47,54 (2d Cir. 1995) (performance-based compensation not sufficient motive).[2]

### B.  SAB99 Factors And The Magnitude Of The Errors Are Irrelevant To Scienter

████████████████████████████████████████████████████

as evidence of the alleged accounting fraud's "magnitude" and therefore scienter.  Opp.21-22.  ████████████ however, have no bearing on the actual restatement numbers, and make no

---

[2] Plaintiffs ignore the court in *SEC v. Yorkville Advisors*, 305 F.Supp.3d 486,512 (S.D.N.Y. 2018) rejected the SEC's motive theory, even when an individual defendant was incentivized to increase a fund's net worth to increase his own income.

connection between the ASC 606 errors and the alleged accounting fraud.

Similarly, Plaintiffs' allegations that Defendants omitted "channel-stuffing-information" from the MD&A and ██████████████████████ are irrelevant. *Id.* There is no evidence the alleged omitted information or ███████████████████████████████ ██████████████

### C. Tone At The Top And Executive Terminations Do Not Show Scienter

Plaintiffs cite no evidence connecting the ASC 606 errors to Internal Investigation findings regarding "tone at the top" or executive departures, because there is none. Further, Plaintiffs' assertion that "Defendants' contention that they lacked knowledge of accounting errors is unsupported" turns the summary judgment standard on its head. Opp.23. Defendants need not prove a negative; it is Plaintiffs' burden to show executives had knowledge of the alleged fraud. They cannot.

Plaintiffs argue recklessness, but also point to no evidence. While executive resignations can "add to the overall pleading of circumstantial evidence of fraud," *In re Scot. Re Grp.*, 524 F.Supp.2d 370,394 n.176 (S.D.N.Y. 2007), they are "not sufficient in and of themselves." *Id.* The *Scottish Re Group* court was persuaded in denying a motion to dismiss by allegations that executives were familiar with relevant accounting rules and manipulated the accounting. *Id.* 393-94; *In re Am. Serv. Grp.*, 2009 WL 1348163,*53-56 (M.D. Tenn. 2009) (denying motion to dismiss where senior management used practices they allegedly knew violated GAAP). Here, while there were weaknesses in Dentsply's controls, there is no evidence revenue recognition issues were known to anyone until after the Accounting Review. *Ezzes v. Vintage Wine Ests.*, 2024 WL 895018,*13 (D. Nev. 2024) ("material weaknesses in…internal controls do not, standing alone, give rise to a strong inference of scienter").



Opp.23.



Ex. G13 (Mullen Dep.) 33:11-35:15, 150:8-151:9, 196:12-20. This case is thus distinguishable from *Plumbers & Pipefitters Nat. Pension Fund v. Orthofix Int'l*, 89 F.Supp.3d 602,615-616 (S.D.N.Y. 2015), which concerned revenue recognition practices directly involving key executives.

### D. Warranty Returns And Incentive Accounting Are Not Indicative Of Scienter

Plaintiffs' emphasis on warranty returns in FY21, ████████████████ fails. Opp.§IV(C)(4). ████████████████████████ *Id.* ████████████████ ████████████████████ Ex.H4, 32 tbl.3; SOF¶¶178-193. ████ ████████████████████ ████████████

Plaintiffs cannot rely on *In re Scholastic*—where "aggressive tactics" were aimed at *covering up* accounting fraud. 252 F.3d 63,73 (2d Cir. 2001). Here, the ASC 606 errors existed before and during the Class Period and were neither intentionally concealed nor used to cover anything up. *Fresno Cnty. Emps. Ret. Ass'n v. comScore* is similarly inapplicable, as it involved improper recognition of transactions, which executives directed and "vociferously defended" as compliant with GAAP to the market. 268 F.Supp.3d 526,551-53 (S.D.N.Y. 2017).[3]

---

[3] Plaintiffs' analysis of other cases is misleading. In *In re Northern Telecom*, the court's accounting fraud scienter analysis hinged on lack of evidence the accounting was "inherently fraudulent or deceptive." 116 F.Supp.2d 446,465 (S.D.N.Y. 2000). In *In re Taleo*, the court viewed positively defendants having applied a revenue recognition method

On wholesale incentive accounting, Plaintiffs focus on SAB99 factors. Opp.§II(C)(5). But those factors do not prove scienter, and the "mere fact of a restatement of earnings does not support a strong, or even weak, inference of scienter." *In re Lottery.com*, 765 F.Supp.3d. 303,353 (S.D.N.Y. 2025); *Bristol-Myers*, 312 F.Supp.2d at 565.

 Opp. 25,

Mot. §I(C).

### E. Local Wrongdoing In China Has No Bearing On Accounting Fraud Scienter

Plaintiffs cannot draw any connection between ▮▮▮▮▮▮▮▮▮▮▮ and alleged intent by senior management to commit accounting fraud, including because Plaintiffs point to no evidence that anyone in senior management was aware of the errors. ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Chadha Tr. 260:4-7; 263:6-265:2, 257:14-16, 259:9-260:3.

### II. THERE IS NO GENUINE DISPUTE OF MATERIAL FACT FOR MANY OF THE ALLEGED MISSTATEMENTS

Plaintiffs argue there are triable issues of fact on all 26 statements Defendants moved on and assert Defendants "concede" all other statements. Opp.§IV. Plaintiffs are wrong. Defendants' Motion conceded nothing; it stated Defendants would challenge at trial any statements not dismissed on summary judgment. Mot.1. And Plaintiffs fail to overcome Defendants' showing that summary judgment should be granted on those 26 statements. Ex.A1.

---

consistently and transparently for years without indication the application was erroneous. 2010 WL 597987,*10 (N.D. Cal. 2010). The court's dismissal for lack of scienter in *Chill v. General Electric* was based on plaintiffs' failure to adequately allege a parent company had sufficient information such that its failure to investigate was reckless. 101 F.3d 263,270 (2d Cir. 1996).

### A. All Accounting-Related Statements Should Be Dismissed

As discussed above, Plaintiffs fail to demonstrate there is a triable issue on scienter for their accounting fraud claims (AC¶¶153,155-157,171,175-176).

### B. There Can Be No Genuine Dispute of Material Fact for the Majority of Defendants' Challenged Statements

Many of the challenged statements were factually accurate and/or statements of sincerely held opinions, yet Plaintiffs attack Defendants for not disclosing every associated risk. But "[a]n opinion statement…is not necessarily misleading when an issuer knows, but fails to disclose, some fact cutting the other way." *Omnicare v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175,190 (2015). Plaintiffs' kitchen-sink approach fails to raise any triable issue of fact regarding the falsity, and in most cases the materiality, of the actual information disclosed to the market. Moreover, for most statements, dismissal is also warranted on other grounds.

***June 9 (AC¶¶111,119)***: On AC¶111, the record shows Gomez's statements about CAD/CAM sales were true— █████████████████████ ████████████████████ SOF¶¶30-37,106. ████████████ ████████████████████████████ Plaintiffs also fail to respond to Defendants' argument that the statements were puffery, waiving any dispute. *Thompson v. Port Auth. of N.Y. & N.J.*, 2024 WL 4135348,*3 (S.D.N.Y. 2024). And Defendants have not waived their argument that the statement is an inactionable opinion. Mot.2.[4]

On AC¶119, Plaintiffs focus on forecasts, but Gomez's statement was about actual sales.

████████████████████████████████████████

---

[4] Plaintiffs cite *Tolbert v. Queens College*, but that case involved waiver where an issue was raised for the first time on appeal in a footnote. 242 F.3d 58,75-76 (2d Cir. 2001). Here, Defendants specified the statements they contend were puffery, forward-looking, or statements of opinion, Mot.15-16, and highlight a lack of record evidence that would render any of these presumptively inactionable statements actionable.

████████████████████████████████████████████ Opp.12 (citing Pls' SOF¶303), ████████████

████████████████████████████████████████████

*August 5 (AC¶¶137-138)*: ████████████████████████████████████████████

████████████████████████████████████████████ Opp.13-

14. ████████████████████████████████████████ SOF¶¶51,59, ████████

████████████████████████████████ SOF§IV, and Casey had no obligation

to disclose every specific operational fact Plaintiffs believe may "cut[] the other way." *Omnicare*,

575 U.S. at 190.

AC¶137 is also puffery—Casey's statement that he was "confident" and Dentsply was

"well-positioned" are too vague to be actionable. *In re Turquoise Hill Res.*, 625 F.Supp.3d 164,221

(S.D.N.Y. 2022).

Defendants only argued the PSLRA safe harbor for AC¶138. Mot.§II(b)(iii). Forward-

looking elements of statements are severable, *In re Vivendi*, 838 F.3d 223,246 (2d Cir. 2016), and

Casey's statement about being "well-positioned" is too vague to be actionable. *In re Supercom*,

2018 WL 4926442,*21 (S.D.N.Y. 2018). Dentsply's risk disclosures specifically warned about

risks to supply chain and future growth projections. SOF¶111.

*September 15 (AC¶¶112,139)*: On AC¶112, ████████████████████████

████████████████████████████ Plaintiffs fail to challenge that Dentsply's publicly

reported results (never restated) showed a strong post-COVID rebound in the Equipment sector.

SOF¶¶35-36.

Plaintiffs claim AC¶139 is misleading because Dentsply ████████████████

████████ Opp.15, but cite no evidence that Dentsply's growth projections—████████

████████████████████████—were therefore unrealistic, ████████████████

█████  SOF¶¶68-69. Moreover, Gomez's statements concerned company-wide growth projections in the next one to two years, and he was not required to say more about any product- and sector-specific issues. *In re Sanofi*, 87 F.Supp.3d 510,537 (S.D.N.Y. 2015). Plaintiffs' argument that the safe harbor is inapplicable because the statement is present tense also fails, given the statement expresses Gomez's expectation about future growth rates. *Slayton v. Am. Express*, 604 F.3d 758,766-67 (2d Cir. 2010).

*February 28 (AC¶¶107,116,132-133)*: On AC¶107, ████████████████████ ████████████████████████████ but that does not invalidate truthful statements about current and potential future challenges. Gomez informed investors supply issues existed and could persist, warning the situation was "fluid" and "could change." SOF¶147. Gomez cautioned investors this was forward-looking and directed them to relevant risk factors. Dentsply's risk factors were "tailored to the specific future projections" challenged, *Slayton*, 604 F.3d at 766-67, 772, including warnings about supply chain risks. Ex. C14 13-29.

On AC¶133, Gomez was responding to a question about Omicron's effect on Dentsply's business from December 2021 to February 2022—context Plaintiffs ask this Court to ignore that necessitates dismissal. SOF¶¶146-147.

On AC¶116, ██████████████████████████ ██████████████ ignores that Gomez acknowledged increased dealer inventory was suppressing wholesale Primemill sales ████████████████████ ████ even with the Restatement. SOF¶145. Gomez's statement focused on demand for Primemill, not alleged quality issues. A statement is not actionable simply because it does not reveal all facts that "would be interesting, market-wise." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282,1305 (11th Cir. 2011).

On AC¶132, Plaintiffs argue Casey's statement was misleading ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ but Plaintiffs cannot turn a generalized, optimistic statement about global prospects into an actionable misstatement by pointing to localized factors they declare in hindsight should have been mentioned. *Henningsen v. ADT*, 161 F.Supp.3d 1161,1197-98 (S.D. Fla. 2015) (no duty to disclose every factor impacting results when statement did not suggest exclusivity). Casey's statement was also supported by Dentsply's financial performance: sales growth in 2021 over 2020 was significant, SOF¶¶228-230, and his description of Dentsply's "organic sales growth of nearly 25%, double-digit EPS growth, and solid cash flow generation" was accurate even post-Restatement. SOF¶140.

***March 1 (AC¶¶149-150)***:  Plaintiffs argue statements in Dentsply's Code of Ethics were misleading, but "generalized, open-ended or aspirational statements do not give rise to securities fraud (as mere puffery)." *In re Signet Jewelers*, 2018 WL 6167889,*17 (S.D.N.Y. 2018).  The statements Plaintiffs excerpt in their Opposition are "mere generalization[s] regarding the defendant's business practices" and, therefore, all inactionable. *Bos. Ret. Syst. v. Alexion Pharms.*, 556 F.Supp.3d 100,126 (D. Conn. 2021).

### C. The Remaining Statements Are Barred Even If the Court Holds There Is a Material Dispute on Falsity

On all but one of the remaining statements not addressed above, Defendants moved on multiple grounds (AC¶¶105,143,122,140,142).[5]  Where Defendants raised falsity arguments, Plaintiffs have tried and failed to manufacture issues of fact.  The evidence Plaintiffs cite generally does not stand for what they say it does, and Defendants look forward to all issues being resolved in their favor at trial.  But even if the Court were to credit Plaintiffs' falsity arguments, summary

---

[5] Defendants moved on AC¶106 on falsity grounds, and Plaintiffs' only counter is that Casey's statements were not "forward-looking."  This constitutes waiver. *Striker Sheet Metal II v. Harleysville Ins.*, 2018 WL 654445,*11 (E.D.N.Y. 2018).

judgment should still be granted because they are inactionable as puffery, opinion statements, and/or forward-looking statements, as Defendants argued in their Motion and Plaintiffs fail to refute. Mot.§§II(b)(v)-(vii).

## III.      PLAINTIFFS DO NOT HAVE A VIABLE SCHEME CLAIM

Plaintiffs misconstrue Defendants' argument regarding their deficient scheme liability claim as resting on "the notion that scheme liability cannot involve misstatements." Opp.26 (citing *Lorenzo v. SEC*, 587 U.S. 71,79 (2019)). The law is that misstatements or omissions "cannot form the sole basis for [scheme] liability." *SEC v. Rio Tinto*, 41 F.4th 47,53-55 (2d Cir. 2022). Defendants explain how Plaintiffs misconstrue the law on scheme liability in Defendants' Opposition (Dkt. No. 219) and will not repeat those arguments here.

## IV.      PLAINTIFFS' LOSS CAUSATION ARGUMENTS FAIL

Plaintiffs argue Defendants' Motion fails because it does not attack all alleged corrective disclosures. Opp.28. But courts routinely grant partial summary judgment on a subset of alleged stock price declines. *Strougo v. Tivity Health*, 779 F.Supp.3d 951,971-73 (M.D. Tenn. 2025). And Rule 56(g) allows the Court to "enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g); *D'Iorio v. Winebow*, 68 F.Supp.3d 334,356 (E.D.N.Y. 2014). The Court should materially narrow the loss causation and damages issues for trial.[6]

   *November 1*: ███████████████████████—when Dentsply announced the Internal Investigation's findings—████████████████████

Opp.30 n.16. Summary judgment should be granted for this date. Mot.27.

---

[6] Plaintiffs argue loss causation is usually "a matter of proof at trial," Opp.28, but their own cited case states courts "must…rely on basic summary judgment principles" when assessing loss causation. *In re Vivendi Universal*, 634 F.Supp.2d 352,365 (S.D.N.Y. 2009).

*November 14*: Plaintiffs do not rescue either supposed corrective disclosure on November 14. Mot.28. ███████████████████████████████████████████████

███████ Opp.31 ████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ Mot.28.

Plaintiffs assert the guidance reduction included "new fraud-related information" but never explain what it added to prior disclosures. Opp.31. That is fatal.

*April 19*: The April 19 announcement of preliminary 1Q22 results was not corrective because ████████████████████████████████████████████

████████████████████████████ Mot.29-30. Plaintiffs argue this does not matter, since Defendants do not currently challenge loss causation around the disclosure of Casey's termination, also on April 19. Opp.29. But even if Plaintiffs need only show "some damage from the fraud," Opp.28-29, they still must establish a causal connection between the alleged damage and the alleged fraud by demonstrating the corrective disclosure "revealed new information previously concealed." *In re Mylan*, 666 F.Supp.3d 266,325 (S.D.N.Y. 2023); *Lentell v. Merrill Lynch*, 396 F.3d 161,177 (2d Cir. 2005). ██████████████████████████

███████████████████████ The other disclosure on the same day is irrelevant.

Plaintiffs' arguments regarding the prior February 28 and March 1 disclosures fail. Opp.29-30. On Gomez's February 28 statement about supply chain, SOF¶143, ████████████

████████████████████████████████████████████████ Opp.29, ████████████



Pls' SOF¶469.

Opp.29,

SOF¶226.

Plaintiffs' only argument against the March 1 disclosure—of a $50M increase in CAD/CAM dealer inventory and anticipated "headwinds," Mot.29—is that Dentsply "admitted" it was "materially misleading" by amending it.  Opp.29-30.  But Dentsply never amended the number ($50M) or the cautionary language about headwinds.  While Plaintiffs claim the inventory increase negatively impacted 1Q22 results disclosed on April 19, that result reflects the very "headwinds" disclosed on March 1, not a correction of any statement made on March 1.  *Id.*  And the *reasons* for the inventory build disclosed on November 7 would have added nothing about the potential impact on preliminary 1Q22 results.  SOF¶235.

*May 10*:  Defendants established summary judgment should be granted on loss causation with respect to earnings and updated guidance—but they have not moved on the May 10 announcement of the Internal Investigation.  Mot.30.  As with April 19, that Defendants do not currently challenge one supposed cause of the drop does not save the other.  On the May 10 earnings/guidance  announcement,

Opp.30.  That means the earnings and guidance disclosed on May 10 added nothing new and cannot be corrective.

-13-

Mot.30.

### V.      PLAINTIFFS' SECTION 20(a) CLAIM SHOULD BE PARTIALLY DISMISSED

Plaintiffs' control-person claim "fails for the same reasons, and to the same extent, as their claim under Section 10(b)."  Mot.30.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment should be granted.

Dated: January 19, 2025           Respectfully submitted,
       New York, New York

                                  /s/ Roger A. Cooper
                                  Roger A. Cooper
                                  racooper@cgsh.com
                                  Andrew Weaver
                                  aweaver@cgsh.com
                                  CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                  One Liberty Plaza
                                  New York, New York 10006
                                  T: 212-225-2283

                                  Angela L. Dunning
                                  adunning@cgsh.com
                                  CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                  1841 Page Mill Rd
                                  Palo Alto, CA 94304
                                  T: 650-815-4131

                                  Thomas A. Bednar
                                  tbednar@cgsh.com
                                  CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                  2112 Pennsylvania Avenue, NW
                                  Washington, D.C. 20037
                                  T: 202-974-1836

                                  *Counsel for Defendant Dentsply Sirona Inc.*

                                  /s/ Meredith D. Karp
                                  Bryce L. Friedman
                                  Craig S. Waldman
                                  Meredith D. Karp
                                  Isabel R. Mattson
                                  SIMPSON THACHER & BARTLETT LLP
                                  425 Lexington Avenue
                                  New York, New York 10017-3954
                                  Telephone: (212) 455-2000
                                  Facsimile: (212) 455-2502
                                  bfriedman@stblaw.com
                                  cwaldman@stblaw.com

-14-

meredith.karp@stblaw.com
isabel.mattson@stblaw.com

*Counsel for Defendant Donald M. Casey, Jr.*

*/s/ Seth L. Levine*
Seth L. Levine
Chad P. Albert
Adam M. King
slevine@levinelee.com
calbert@levinelee.com
aking@levinelee.com
LEVINE LEE LLP
400 Madison Avenue
New York, NY 10017
T: 212-223-4400

*Counsel for Defendant Jorge M. Gomez*

-15-

**Certificate of Compliance**

I hereby certify that the foregoing memorandum of law complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted by Rule 7.1(c), it contains 3,497 words as calculated by Microsoft Word.

*/s/ Roger A. Cooper*
Roger A. Cooper