**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br>   Defendants. | Civil Action No. 22-cv-06339-AS<br><br>Hon. Arun Subramanian<br><br> **[REDACTED]** |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO EXCLUDE TESTIMONY IN WHOLE OR IN PART BY PLAINTIFFS' EXPERTS**

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

ARGUMENT .................................................................................................................... 1

    I.   THE COURT SHOULD PRECLUDE VAN TASSEL FROM OFFERING
        INADMISSIBLE EXPERT TESTIMONY .......................................................... 1

        A.  Van Tassel's Legal Opinion Testimony Is Improper ...................................... 1

        B.  Van Tassel's "Materiality" Opinions Usurp the Jury's Role by Applying the Same
            Securities-Law Standards the Jury Will Apply ............................................... 4

        C.  Van Tassel's Intent and Narrative Testimony Are Highly Prejudicial ............ 5

        D.  Van Tassel's █████████ "Background" Is Prejudicial and Lacks Any Basis in
            Accounting Expertise ................................................................................. 7

    II.  THE COURT SHOULD PRECLUDE PHIROZ'S TESTIMONY ENTIRELY ................. 8

        A.  Phiroz Lacks Requisite Expertise to Offer Certain Opinions ........................ 8

        B.  Phiroz Fails to Apply a Reliable Methodology .............................................. 9

        C.  Phiroz's Opinions on █████████ Are Unreliable ........................................ 11

CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Access Bus. Grp. Int'l, LLC v. Refresco Beverages US Inc.*,
2023 WL 8280139 (S.D.N.Y. Nov. 30, 2023)....................................................................... 9

*Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*,
743 F.Supp.3d 530 (S.D.N.Y. 2024)................................................................................... 2

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988)............................................................................................................ 4

*Beede v. Stiefel Laboratories, Inc.*,
2016 WL 916418 (N.D.N.Y. Mar. 7, 2016) ....................................................................... 3

*Cain v. Esthetique*,
182 F.Supp.3d 54 (S.D.N.Y. 2016)..................................................................................... 3

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)............................................................................................................ 6

*Emig v. Electrolux Home Prods. Inc.*,
2008 WL 4200988 (S.D.N.Y. Sep. 11, 2008)..................................................................... 9

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*,
301 F.R.D. 116 (S.D.N.Y. 2014) ....................................................................................... 10

*Franchitti v. Cognizant Tech. Sols. Corp.*,
2025 WL 2123655 (S.D.N.Y. July 29, 2025) ..................................................................... 8

*Ganino v. Citizens Utils. Co.*,
228 F.3d 154 (2d Cir. 2000)................................................................................................ 4

*Gimpel v. The Hain Celestial Grp., Inc.*,
156 F.4th 121 (2d Cir. 2025) .............................................................................................. 8, 12

*Highland Cap. Mgmt., L.P. v. Schneider*,
379 F.Supp.2d 461 (S.D.N.Y. 2005)................................................................................... 2, 6

*Highland Cap. Mgmt., L.P. v. Schneider*,
551 F.Supp.2d 173 (S.D.N.Y. 2008)................................................................................... 1

iii

*In re Fosamax Prods. Liab. Litig.*,
645 F.Supp.2d 164 (S.D.N.Y. 2009)..................................................................... 6

*In re MTBE Prods. Liab. Litig.*,
643 F.Supp.2d 482 (S.D.N.Y. 2009)..................................................................... 11

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
2022 WL 15044626 (E.D.N.Y. Oct. 26, 2022)...................................................... 9, 11

*In re Quintel Ent. Inc. Sec. Litig.*,
72 F.Supp.2d 283 (S.D.N.Y. 1999)....................................................................... 3

*In re Rezulin Prods. Liab. Litig.*,
309 F.Supp.2d 531 (S.D.N.Y. 2004)..................................................................... 2

*Kafenbaum v. GTECH Holdings Corp.*,
217 F.Supp.2d 238 (D.R.I. 2002).......................................................................... 3

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
542 F.3d 290 (2d Cir. 2008).................................................................................. 7

*Monroe v. Town of Haverstraw*,
639 F.Supp.3d 459 (S.D.N.Y. 2022)..................................................................... 3

*MTX Commc'ns Corp. v. LDDS/WorldCom, Inc.*,
132 F.Supp.2d 289 (S.D.N.Y. 2001)..................................................................... 2

*Nimely v. City of N.Y.*,
414 F.3d 381 (2d Cir. 2005).................................................................................. 7, 8

*On Track Innovations Ltd. v. T-Mobile USA, Inc.*,
106 F.Supp.3d 369 (S.D.N.Y. 2015)..................................................................... 6

*Pearlstein v. Blackberry Ltd.*,
2021 WL 4131646 (S.D.N.Y. Sep. 10, 2021)....................................................... 1, 5

*R.F.M.A.S., Inc. v. So*,
748 F.Supp.2d 244 (S.D.N.Y. 2010)..................................................................... 7

*Rosco, Inc. v. Mirror Lite Co.*,
506 F.Supp.2d 137 (E.D.N.Y. 2007) .................................................................... 11

*Scott v. Chipotle Mex. Grill, Inc.*,
315 F.R.D. 33 (S.D.N.Y. 2016) ............................................................................ 10

*SEC v. Jacoby*,
2022 WL 982549 (D. Md. Mar. 31, 2022)...................................................................... 3

*SEC v. Leslie*,
2010 WL 2991038 (N.D. Cal. July 29, 2010)................................................................ 5, 7

*SEC v. Stansbury Holdings Corp.*,
2007 WL 1970531 (D. Colo. June 29, 2007).................................................................. 5

*SEC v. Tourre*,
950 F.Supp.2d 666 (S.D.N.Y. 2013)................................................................................ 5, 8

*TSC Indus., Inc. v. Northway, Inc.*,
426 U.S. 438 (1976)......................................................................................................... 4

*United States v. Carroll*,
2020 WL 1862446 (S.D.N.Y. Apr. 14, 2020)................................................................. 4

*United States v. Hatfield*,
2010 WL 1948236 (E.D.N.Y. May 12, 2010) ............................................................... 2 ,3, 5

*United States v. Smith*,
2025 WL 3293093 (S.D.N.Y. Nov. 26, 2025)................................................................ 9

## Rules and Statutes

Fed. R. Evid. 403 .............................................................................................................. 12

## Other Authorities

64 Fed. Reg. 45150 (Aug. 19, 1999)................................................................................ 4

Plaintiffs' opposition cannot cure the fundamental deficiencies in Van Tassel's and Phiroz's proffered testimony.  Plaintiffs concede the lines that experts cannot cross but mischaracterize their experts' opinions in an attempt to walk back improper testimony.  They fail. Plaintiffs' reliance on a "liberal admissibility" mantra cannot rescue opinions that usurp the Court's role in instructing on the law, or invade the jury's province to determine intent and weigh evidence.  The admissibility standard does not permit experts to narrate documents without methodology or analysis, nor does it excuse prejudicial opinions—like labeling conduct a ███ ████—that carry no probative value but substantial risk of confusion.

The Court should exclude the challenged portions of Van Tassel's report[1] and exclude Phiroz's report entirely.

## ARGUMENT

### I.    THE COURT SHOULD PRECLUDE VAN TASSEL FROM OFFERING INADMISSIBLE EXPERT TESTIMONY

#### A. Van Tassel's Legal Opinion Testimony Is Improper

Plaintiffs concede Van Tassel offers opinions █████████████████ ████████████████████████████████████ and that Defendants ███████████████████████████████.  Opp. 3.  Courts routinely exclude experts' legal conclusions.  *See Pearlstein v. Blackberry Ltd.*, 2021 WL 4131646, at *4 (S.D.N.Y. Sep. 10, 2021) (barring testimony about SEC disclosure compliance in §10(b) case); *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F.Supp.2d 173, 186 (S.D.N.Y. 2008) (excluding opinion on negligence claim that defendant "violated NYSE, NASD, or compliance manual

---

[1]    While Defendants contest the validity of Van Tassel's ████ opinions (despite Plaintiffs' contention otherwise), they do not contest their admissibility.  *Cf.* ECF 202 ("Opp.") 7.

1

rules" as "impermissible legal conclusions").  Moreover, Plaintiffs' assertion that Van Tassel does not embrace an "ultimate legal issue," Opp. 5, misses the mark; Van Tassel offers an "impermissible legal conclusion," regardless of whether she "embraces" an "ultimate legal issue."  *See Highland Cap. Mgmt., L.P. v. Schneider*, 379 F.Supp.2d 461, 470 (S.D.N.Y. 2005) ("[I]t is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court.").[2]  In *United States v. Hatfield*, cited repeatedly by Plaintiffs, the court admitted expert testimony on disclosures on the condition it would not reach "the ultimate issue—federal securities law disclosure requirements—but only…related accounting principles."  2010 WL 1948236, at *2 (E.D.N.Y. May 12, 2010).

Even when relevant, courts exclude legal conclusions.  *See Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*, 743 F.Supp.3d 530, 543n.9 (S.D.N.Y. 2024) ("Any expert opinions or testimony on legal questions or conclusions should be stricken.").  Here, Van Tassel's legal conclusions are not even relevant, because Plaintiffs cannot establish scienter under §10(b) through ███████████████████████████████████ ███████████████████████████████.  *MTX Commc'ns Corp. v. LDDS/WorldCom, Inc.*, 132 F.Supp.2d 289, 291 (S.D.N.Y. 2001) (expert testimony must be relevant).  In any event, Defendants' state of mind is not the proper subject of expert testimony.  *See In re Rezulin Prods. Liab. Litig.*, 309 F.Supp.2d 531, 546–47 (S.D.N.Y. 2004) (excluding expert testimony because "[t]he question of intent is a classic jury question").  Nor can Plaintiffs use a ████████

---

[2]     Plaintiffs misconstrue *Pearlstein*, conflating "ultimate issue" with "legal conclusion," and ignore the relevant principle in *Highland* that experts cannot opine on whether a party violated a legal standard.  Opp. 5 n.4.

███████████████████████████████████████, to insinuate scienter. *See Cain v. Esthetique*, 182 F.Supp.3d 54, 70n.14 (S.D.N.Y. 2016) ("'[P]rior acts are broadly excludable in civil cases, and proof of prior acts should be excluded when they are relevant only because they support a propensity inference.'") (citation omitted); *Monroe v. Town of Haverstraw*, 639 F.Supp.3d 459, 462 (S.D.N.Y. 2022) (noting that "other acts" evidence is subject to Rule 403 even if otherwise admissible).[3]

Similarly, using a legal conclusion regarding Item 303 to argue falsity under §10(b) improperly tells the jury that the statements at issue were false—an element the jury alone must decide. It also poses significant risk of jury confusion because, as Plaintiffs' cited cases recognize, Item 303 is legally distinct from §10(b). *See, e.g., In re Quintel Ent. Inc. Sec. Litig.*, 72 F.Supp.2d 283, 293 (S.D.N.Y. 1999) (allegations "based only upon alleged violations of…Item 303" fail to state a §10(b) claim); *Kafenbaum v. GTECH Holdings Corp.*, 217 F.Supp.2d 238, 250 (D.R.I. 2002) (same). The risk of confusion is especially pronounced here since, as Plaintiffs admit, the Court dismissed their Item 303 claims after they failed to specify any misleading statements under Item 303. Opp. 4.

Plaintiffs' defense of Van Tassel's SOX certification opinions fares no better. Courts admit background on how SOX certifications fit into a "complex financial and regulatory landscape," but do not permit testimony "about the requirements of SOX as a matter of law." *See SEC v. Jacoby*, 2022 WL 982549, at *3 (D. Md. Mar. 31, 2022). Van Tassel opines on ███████████████████████████████████████, improper opinions

---

[3]    Plaintiffs' cases are inapposite. *See Beede v. Stiefel Laboratories, Inc.*, 2016 WL 916418, at *22 (N.D.N.Y. Mar. 7, 2016) (admitting expert testimony regarding compliance with industry standards, not legal or regulatory requirements); *supra* at 2 (discussing *Hatfield*, 2010 WL 1948236, at *2).

3

that should be excluded.  *See* Van Tassel Rep. 82 ██████████████████

██████████████████████████ ; ¶¶223, 226.

## B. Van Tassel's "Materiality" Opinions Usurp the Jury's Role by Applying the Same Securities-Law Standards the Jury Will Apply

Plaintiffs also concede it would be improper to opine on the materiality of Defendants' conduct under federal securities law, and instead argue that Van Tassel assesses "*accounting* materiality." Opp. 7.  But Van Tassel applies the same standard courts apply for *legal* materiality, including SEC Staff Accounting Bulletin 99 ("SAB99"), rendering such opinions inadmissible. Van Tassel Rep. ¶162.  SAB99 is an SEC staff interpretation—not an accounting standard—on assessing financial statement materiality in compliance with federal securities laws.  SAB99 explicitly applies the legal materiality standard established in *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438 (1976), and *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), noting that "[t]he Supreme Court has held that a fact is material if there is 'a substantial likelihood that the…fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available.'"  64 Fed. Reg. 45150, 45151 (Aug. 19, 1999) (citation omitted). Accordingly, SAB99 is "simply an application of the well-established *Basic* analysis of securities fraud materiality regarding financial results."  *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162– 64 (2d Cir. 2000); *see United States v. Carroll*, 2020 WL 1862446, at *3 (S.D.N.Y. Apr. 14, 2020).

Van Tassel ████████████████████████████████ , Van Tassel Rep. ¶¶162-78, which is inadmissible.  Describing her opinion as about "accounting" materiality is a distinction without a difference.  "No party would doubt—one hopes—that an expert cannot testify as to whether the specific information at issue in a case is or is not 'material.'  Inserting the word 'economically' material does not somehow transform what is a legal proposition and a

4

finding of fact into an admissible opinion." *SEC v. Tourre*, 950 F.Supp.2d 666, 678 (S.D.N.Y. 2013). Plaintiffs attempt to distinguish *Tourre* as rejecting "inadmissible *ipse dixit*," Opp. 8, but that was one of "several defects that preclude[d] its admissibility," another being that an expert "opining on whether or not all 'economically material' information has been disclosed improperly invades both the province of the judge to instruct on the law and the jury to find the facts." 950 F.Supp.2d at 678.

Plaintiffs cite inapposite out-of-Circuit cases involving testimony about accounting standards, not securities-law materiality. *See* Opp. 8. In *Hatfield*, the court permitted testimony on GAAP requirements for related party disclosures—containing a materiality provision distinct from that at issue here, 2010 WL 1948236, at \*2. *See also SEC v. Stansbury Holdings Corp.*, 2007 WL 1970531, at \*3 (D. Colo. June 29, 2007) (permitting expert to address materiality as used in auditing standards by reference to GAAP and GAAS). Further, in *SEC v. Leslie*, the court limited testimony to materiality as defined within specific accounting standards, but excluded opinions regarding legal materiality or SEC regulations. 2010 WL 2991038, at \*7–9 (N.D. Cal. July 29, 2010).

Permitting Van Tassel's conclusions on materiality would "suggest to the jury that their job is done, that they have been told the answer to an ultimate question," *Tourre*, 950 F.Supp.2d at 678, which is impermissible. *See Pearlstein* 2021 WL 4131646, at \*4 (excluding testimony where expert applied SAB99 to evaluate materiality).

## C. Van Tassel's Intent and Narrative Testimony Are Highly Prejudicial

Contrary to Plaintiffs' assertion, Opp. 8-9, Van Tassel's Opinion 4 would not properly assist the jury in assessing ███████████████ ; instead, it is replete with opinions regarding Defendants' mental state and intent. *See*, *e.g.*, Van Tassel Rep. ¶202. For example,

5

████████████████████████████████████████████████████

████████████████████ necessarily requires conclusions about what those executives knew, believed, and intended.  Van Tassel Rep. ¶¶202, 209.  An expert cannot opine that ████████ ████████████████████████ without concluding ████████████████████████████████████████.

*See In re Fosamax Prods. Liab. Litig.*, 645 F.Supp.2d 164, 192 (S.D.N.Y. 2009) (holding experts cannot testify to "knowledge, motivations, intent, state of mind, or purposes," because they lack "the ability to read minds").  Even worse, Van Tassel supports these impermissible opinions solely by constructing a narrative from selective documents to argue that ████████████████ ████████████████████████.  In doing so, Van Tassel merely retells Plaintiffs' preferred story: she does not identify relevant accounting standards, conduct accounting analysis, or otherwise apply expertise in a manner helpful to the jury.  *See* Van Tassel Rep. ¶¶198, 202; *Schneider*, 379 F.Supp.2d at 469 (collecting cases excluding testimony where the expert "solely…construct[s] a factual narrative based upon record evidence"); *On Track Innovations Ltd. v. T-Mobile USA, Inc.*, 106 F.Supp.3d 369, 413 (S.D.N.Y. 2015) ("It is not appropriate to put an 'expert gloss on [lay] testimony.'") (citation omitted).

Van Tassel's Opinion 5 further invades the jury's role by selectively weighing evidence ████████████████████████████████████████████.  *See* MTE 24–25.  Her opinion is impermissible because she engages in improper weighing of the evidence, does not articulate a method, and offers legal conclusions, thereby usurping the jury's role.  *See id*.

Expert testimony carries special weight with juries and "can be both powerful and quite misleading because of the difficulty in evaluating it."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993).  When an expert ████████████████████████████████████ ████████████████████████████████████████████████, the prejudice is severe and

requires exclusion; no amount of cross-examination can unring that bell.  *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005) (noting "the uniquely important role" of Rule 403 given "the unique weight [expert] evidence may have in a jury's deliberations"); *see R.F.M.A.S., Inc. v. So*, 748 F.Supp.2d 244, 252, 269 (S.D.N.Y. 2010) (noting cross-examination is insufficient to cure opinions with inadequate support).  Plaintiffs cite no contrary authority.

### D. Van Tassel's ███████████ "Background" Is Prejudicial and Lacks Any Basis in Accounting Expertise

Plaintiffs frame Van Tassel's ███████████ description as "background" "relevant to [her] opinion testimony," Opp. 14, yet her definition lacks any accounting standard, industry definition, or empirical basis.  Instead, Van Tassel uses non-standard definitions and anecdotal experience to opine that █████████████████████████████████ which she characterizes as a ███████████████████ Van Tassel Rep. ¶28.  This "background" is *ipse dixit* masquerading as expertise, and invades the role of the jury by █████████████ ████████████.  *Leslie*, 2010 WL 2991038, at *9 (precluding accounting expert's "references to 'fraudulent' conduct and the intentions of the parties," as "[t]his determination is within the sole province of the jury").  That various parties used the term ███████████ does not establish an accounting definition or make Van Tassel's characterization reliable.  Her ███ ████████ does not bridge this gap—██████████████ does not transform a non-standard term into an accounting principle.  The cases Plaintiffs cite involved experts defining run-of-the-mill terms within their fields using recognized industry standards, not creating prejudicial labels based on anecdotal experience.  *See* Opp. 16.

Finally, her inability to properly define ████████████ much less apply it, makes any related opinion she may offer confusing and prejudicial. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) (holding conclusory opinions "neither

accompanied by any evidentiary citation nor followed by any elaboration" inadmissible).  Van Tassel conceded at her deposition that ███████████████████████████, Van Tassel Dep. 29:5-7, contradicting her report's characterization as a ████████████████████.  Plaintiffs' own authorities confirm that ███████████████████████████████████ *Gimpel v. The Hain Celestial Grp., Inc.*, 156 F.4th 121, 136 (2d Cir. 2025).  Plaintiffs cannot walk back this definition by arguing Van Tassel does not assert that ████████████████, Opp. 15; she did, and her words are clear.

## II.    THE COURT SHOULD PRECLUDE PHIROZ'S TESTIMONY ENTIRELY

### A.  Phiroz Lacks Requisite Expertise to Offer Certain Opinions

Phiroz offers opinions on extremely specialized aspects of the dental industry, such as ███████████████████████, despite lacking expertise.  *See* Phiroz Dep. 24:12-23, 29:4-7, 101:5-11.  His general business background is insufficient to understand ████████████ ████████████████████████████████████████ ████████.  Rule 702 requires an expert be qualified in the field to which they opine.  *See, e.g.*, *Nimely*, 414 F.3d at 399n.13.  Opinion testimony must be based on expertise or experience with the relevant subject matter.  *Tourre*, 950 F.Supp.2d at 678 (finding "expertise in the general area of structured finance" was "so broad a category as to become meaningless when particularized here to…a very specific type of security").[4]  Plaintiffs, however, conflate ████ ██████████████████████████████with the distinct fields of ████████████████████████████, in which Phiroz offers opinions.  *See Franchitti*

---

[4]    Dentsply's expert, Joseph Cavaretta, relied on Phiroz's cited literature for ████████ ████████████  Cavaretta Rep. ¶32.  This has no bearing on whether Phiroz's opinions exceed his experience.

*v. Cognizant Tech. Sols. Corp.*, 2025 WL 2123655, at *5 (S.D.N.Y. July 29, 2025) (excluding testimony on employability despite general economics background).[5]  His testimony therefore must be excluded.

### B.  Phiroz Fails to Apply a Reliable Methodology

Lacking requisite expertise, Phiroz fails to articulate or apply any methodology supporting his ███████████████████████ opinions.  Phiroz identifies no supply chain literature, principles, or methods in his assessment of ███████████████████ Instead, he simply recites documents about ██████████ and concludes without analysis that ████████████████████████████████████████████████████ ████████████████████████ Phiroz Dep. 76:11-19.

Rather than recounting the "factual basis" for his opinions, Opp. 22, Phiroz provides improper, lengthy factual narratives, absent any analysis and largely detached from any conclusions.  Sixty-three of the ninety-five paragraphs in his report directly quote or paraphrase documents and do no more.  *See* Phiroz Rep. ¶¶11-20, 29-31, 33-51, 54-64, 69, 71-76, 78-81, 83-88, 90-92.  Such testimony would not help the jury because "[n]o expertise is required to review or synthesize search histories, financial records, photographs, and electronic communications." *United States v. Smith*, 2025 WL 3293093, at *21 (S.D.N.Y. Nov. 26, 2025).  By simply repeating evidence, Phiroz fails to help the jury; he does not "'synthesize[]' or 'summarize[]' data" or "draw[] inferences that would not be apparent without the benefit of experience.'" *In re*

---

[5]     Plaintiffs cite cases featuring a close match between expertise and testimony, unlike Phiroz.  *See Access Bus. Grp. Int'l, LLC v. Refresco Beverages US Inc.*, 2023 WL 8280139, at *2 (S.D.N.Y. Nov. 30, 2023) (chemistry expert with expertise in corrosion testifying to corrosion of aluminum); *Emig v. Electrolux Home Prods. Inc.*, 2008 WL 4200988, at *5 (S.D.N.Y. Sep. 11, 2008) (industrial engineering expert with expertise evaluating assembly instructions testifying on "adequacy of assembly instructions").

9

*Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2022 WL 15044626, at *47 (E.D.N.Y. Oct. 26, 2022) (internal citations omitted).

For example, on ████████, Phiroz spends 14 pages largely quoting and paraphrasing materials from the record. Phiroz Rep. ¶¶29-51. Then, without analysis, Phiroz concludes that

███████████████████████████████████████████████████

█████████ *Id.* ¶52. Similarly, after a lengthy recitation of evidence, *Id.* ¶¶54-64, Phiroz

summarily concludes that ████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ *id.* ¶65, and ████████

██████████████████████ *id.* ¶66. That is quintessential *ipse dixit* testimony.

While Plaintiffs argue that Phiroz is narrating evidence containing "terms and concepts that a lay juror might not understand," Opp. 23, he does not explain a single term or concept from the cited documents. *Scott v. Chipotle Mex. Grill, Inc.*, 315 F.R.D. 33 (S.D.N.Y. 2016), is of no help to Plaintiffs.[6] There*,* the court permitted expert testimony based on restaurant industry knowledge to contextualize Chipotle's practices and structures, for example, "comparing Chipotle's practices and financial success to those restaurants that implement a franchise model." *Id.* 46. In contrast, Phiroz provides no such analysis "go[ing] beyond" his factual narrative, and his generalized supply chain expertise does not qualify him to opine on specialized topics like

███████████████████████████████. *Id.* The *Scott* expert added context for the jury;

Phiroz merely parrots evidence.

---

[6]    *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 129 (S.D.N.Y. 2014), where, on a motion for class certification, the court found an expert's method of determining commonality sufficiently based on his economics expertise, is inapposite. Here, Phiroz simply quotes evidence without analysis.

**C. Phiroz's Opinions on** ███████████ **Are Unreliable**

Applying ████████████████ Phiroz concludes ██████████████████

██████ without citing any industry-accepted definitions or standards.  Phiroz Rep. ¶¶10, 67-92.

An expert's opinions must be "'ground[ed] in the methods and procedures of science which must

be based on actual knowledge and not subjective belief or unaccepted speculation.'"  *Rosco, Inc.*

*v. Mirror Lite Co.*, 506 F.Supp.2d 137, 145 (E.D.N.Y. 2007) (internal citation omitted).  Although

Plaintiffs argue his testimony is reliable because Phiroz "draws on extensive expertise," Opp. 24,

he makes no connection between his experience and his conclusions.  *See* Defendants' Motion to

Exclude Testimony, ECF 198, at 12–13.

Phiroz's opinion is also riddled with impermissible language regarding intent and state of

mind.  Phiroz goes far beyond the "limited inferences" Plaintiffs claim he draws from the fact

that communications took place or that a party had access to information, Opp. 26, asserting

instead what Defendants thought or intended.  *See, e.g.*, Phiroz Rep. ¶49 ███████████

████████████████████████████████████████████

██████ *id.* ¶53 █████████████████████████████████

██████████ *id.* ¶83 █████████████████████████████

███████████████████ *id.* ¶90 ████████████████

████████████████████████ These conclusions go far beyond observing that "a

defendant had access to information," *In re MTBE Prods. Liab. Litig.*, 643 F.Supp.2d 482, 505

(S.D.N.Y. 2009), or that a document "stat[es]…as fact" a particular state of mind, *Payment Card*

*Interchange Fee*, 2022 WL 15044626, at *31, and should be excluded.

Phiroz's ██████████ opinions also implicate intent, *see* Phiroz Rep. ¶69 ████████

███████████████████████████████████, and rest on unsupported conclusions

11

regarding ████████████████████████. *See* Phiroz Dep. 225:2-226:13 ██████████

████████████████████████████████████████████████████████████

████████████████████████████████. Phiroz has no basis to opine on ██████████

████████████████████████—these are factual questions for the jury.

Finally, by defining ████████████████████████████████████████

████████████████████████████ Phiroz Rep. ¶67; Phiroz Dep. 169:12-23, and then

concluding ████████████████████████ Phiroz effectively tells the jury ████████

████████████. *See also* Phiroz Rep. ¶32n.139 ████████████████████████████

██████████████████████████████████████████████████████████████

████████████ Plaintiffs' own authority notes ██████████████████████████

████████████ *Gimpel*, 156 F.4th at 136.[7] By ████████████████████████, Phiroz's

testimony creates an unjustified risk of "unfair prejudice, confusing the issues, [and] misleading

the jury," Fed. R. Evid. 403, and should be excluded.



---

[7]      Plaintiffs' other cases, involving experts opining on standardized terms within their fields, do *not* involve an expert ████████████████████████████████████
██████████████. *See* Opp. 26.

**CONCLUSION**

The Court should exclude Phiroz's opinions in full and Van Tassel's opinions in

paragraphs 27-28, 30, 35-36, 39-95, 98, 108, 119-121, 123, 130, 146, 148-256 of her report.


Dated: January 19, 2026
      New York, New York

                                 Respectfully submitted,

                                 */s/ Roger A. Cooper*

                                 Roger A. Cooper
                                 racooper@cgsh.com
                                 Andrew Weaver
                                 aweaver@cgsh.com
                                 CLEARY GOTTLIEB
                                 STEEN & HAMILTON LLP
                                 One Liberty Plaza
                                 New York, New York 10006
                                 T: 212-225-2283

                                 Angela L. Dunning
                                 adunning@cgsh.com
                                 CLEARY GOTTLIEB
                                 STEEN & HAMILTON LLP
                                 1841 Page Mill Rd
                                 Palo Alto, CA 94304
                                 T: 650-815-4131

                                 Thomas A. Bednar
                                 tbednar@cgsh.com
                                 CLEARY GOTTLIEB STEEN
                                 & HAMILTON LLP
                                 2112 Pennsylvania Avenue, NW
                                 Washington, D.C. 20037
                                 T: 202-974-1836

                                 *Counsel for Defendant Dentsply Sirona Inc.*

                                 */s/ Meredith D. Karp*

                                 Bryce L. Friedman
                                 Craig S. Waldman
                                 Meredith D. Karp

13

Isabel R. Mattson
SIMPSON THACHER
& BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
T: (212) 455-2000
bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com
isabel.mattson@stblaw.com

*Counsel for Defendant Donald M. Casey, Jr.*

<u>/s/ Seth L. Levine</u>

Seth L. Levine
Chad P. Albert
Adam M. King
slevine@levinelee.com
calbert@levinelee.com
aking@levinelee.com
LEVINE LEE LLP
400 Madison Avenue
New York, NY 10017
T: 212-223-4400

*Counsel for Defendant Jorge M. Gomez*

14

**Certificate of Compliance**

I hereby certify that the foregoing memorandum of law complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted by Rule 7.1(c), it contains 3499 words as calculated by Microsoft Word.

*/s/ Roger A. Cooper*
Roger A. Cooper

15