**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br>          Defendants. | Civil Action No. 22-cv-06339-AS<br><br>Hon. Arun Subramanian<br><br>**[REDACTED]** |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
**OBJECTIONS TO CERTAIN EVIDENCE CITED IN SUPPORT OF DEFENDANTS'**
<u>**MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT............................................................................................... 1

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

   I.   PLAINTIFFS' OVERLENGTH BRIEF IS INAPPROPRIATE AND SHOULD
       BE REJECTED IN ITS ENTIRETY ...................................................................... 3

   II.  PLAINTIFFS' SPECIFIC OBJECTIONS LACK MERIT...................................... 3

      A.  Exhibits Relating To The SEC Declination Are Admissible.
          (Exs. C25 and F30) ........................................................................................ 3

      B.  Casey's And Gomez's Declarations Were Made On Personal Knowledge
          And Do Not Contain Legal Conclusions.  (Exs. B1 and B2) ........................ 7

      C.  Dentsply's Corporate Designee's Testimony Is Admissible On
          Summary Judgment.  (Ex. G3) ..................................................................... 9

      D.  The ███████████████ Is Self-Authenticating And An
          Admissible Verbal Act.  (Ex. F15) .............................................................. 11

  III. PLAINTIFFS' CHART OF UNSUPPORTED "ADDITIONAL OBJECTIONS"
       LACKS MERIT ..................................................................................................... 14

      A.  ██████████████████████████
          Are Not Hearsay.  (Exs. E5, E17, E18, E19, E20)...................................... 15

      B.  Preparation Materials Related To Dentsply's Disclosures Are Not Hearsay.
          (Exs. E33, E34, E35, F3, F6, F7, F8, F9, F10, F11, F12, F13, F14, F16) ... 16

      C.  Internal Company Memoranda Are Business Records Probative Of The
          Findings Of The Internal Investigation And The Accounting Review.
          (Exs. F23, F24, F25, F27, F29)..................................................................... 19

      D.  Dentsply's Public Filings Are Relevant, Admissible Business Records.
          (Exs. C21, C22, C23) ................................................................................... 21

      E.  The Remaining Documents In Plaintiffs' Chart Of "Additional Objections"
          Are All Admissible........................................................................................ 23

         i.  The American Dental Association report falls under an exception to
            hearsay.  (Ex. D13)............................................................................. 23

         ii.  ████████████████████ are admissible
            business records.  (Exs. E2, F5)....................................................... 24

        iii.  ███████████████████ are admissible business
            records.  (Ex. F21) ............................................................................. 25

         iv.  █████████████████ do not create a factual
            dispute.  (Exs. I1 and I2)................................................................... 26

CONCLUSION.......................................................................................................................... 26

# TABLE OF AUTHORITIES

**Cases**

*Accely v. Consol. Edison Co. of N.Y., Inc.*,
   2023 WL 3045795 (S.D.N.Y. Apr. 20, 2023).......................................................................... 19

*Arista Recs. LLC v. Lime Grp. LLC*,
   784 F. Supp. 2d 398 (S.D.N.Y. 2011)............................................................... 12, 15, 17, 18

*Better Holdco, Inc. v. Beeline Loans, Inc.*,
   666 F. Supp. 3d 328 (S.D.N.Y. 2023).................................................................................... 23

*City of Almaty, Kazakhstan v. Ablyazov*,
   2022 WL 16901995 (S.D.N.Y. Nov. 11, 2022)...................................................................... 25

*Cofimco USA, Inc. v. Mosiewicz*,
   2016 WL 1070854 (S.D.N.Y. Mar. 16, 2016) .......................................................................... 9

*Crawford v. Franklin Credit Mgmt. Corp.*,
   2015 WL 1378882 (S.D.N.Y. Mar. 26, 2015) ........................................................................ 16

*Darwin v. Newburgh Ops., LLC*,
   2025 WL 104140 (S.D.N.Y. Jan. 15, 2025) ......................................................................11-12

*Delaney v. Bank of Am. Corp.*,
   766 F.3d 163 (2d Cir. 2014)....................................................................................................... 3

*DoubleLine Cap. LP v. Construtora Norberto Odebrecht*,
   2025 WL 1951864 (S.D.N.Y. July 16, 2025) ...................................................................... 7, 8

*Emanuel v. Gap, Inc.*,
   2022 WL 3084317 (S.D.N.Y. Aug. 3, 2022)................................................................. *passim*

*Falchenberg v. N.Y. State Dep't of Educ.*,
   642 F. Supp. 2d 156 (S.D.N.Y. 2008).................................................................................... 11

*Farooqi v. N.Y. Dep't of Educ.*,
   2021 WL 1549981 (S.D.N.Y. Apr. 20, 2021).......................................................................14-15

*Flynn v. Interior Finishes, Inc.*,
   425 F. Supp. 2d 38 (D.D.C. 2006) ......................................................................................... 13

*FTC v. Vyera Pharms., LLC*,
   2021 WL 5236333 (S.D.N.Y. Nov. 10, 2021) ........................................................... 24

*Gimpel v. The Hain Celestial Grp., Inc.*,
   156 F.4th 121 (2d Cir. 2025) ........................................................................... 6

*Gucci Am., Inc. v. Exclusive Imps. Int'l*,
   2002 WL 1870293 (S.D.N.Y. Aug. 13, 2002) ......................................................... 10

*Holtz v. Rockefeller & Co., Inc.*,
   258 F.3d 62 (2d Cir. 2001) ............................................................................... 2

*In re Adelphia Commc'ns Corp.*,
   2006 WL 346418 (Bankr. S.D.N.Y. Feb. 6, 2006) .................................................. 19

*In re Blech Sec. Litig.*,
   2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003) ........................................................ 20

*In re REMEC Inc. Sec. Litig.*,
   702 F. Supp. 2d 1202 (S.D. Cal. 2010) ................................................................. 8

*In re Worldcom, Inc.*,
   357 B.R. 223 (S.D.N.Y. 2006) ........................................................................... 19

*In re WorldCom, Inc. Sec. Litig.*,
   2005 WL 375313 (S.D.N.Y. Feb. 17, 2005) .......................................................... 22

*Jackpocket, Inc. v. Lottomatrix N.Y. LLC*,
   645 F. Supp. 3d 185 (S.D.N.Y. 2022) ................................................................. 24

*John Paul Mitchell Sys. v. Quality King Distribs., Inc.*,
   106 F. Supp. 2d 462 (S.D.N.Y. 2000) ............................................................ 11, 12

*Kendall v. Vives*,
   2007 WL 959507 (S.D.N.Y. Mar. 29, 2007) ........................................................... 8

*Larouche v. Webster*,
   175 F.R.D. 452 (S.D.N.Y. 1996) ......................................................................... 9

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
   542 F.3d 290 (2d Cir. 2008) ......................................................................... 25, 26

*Metro. Enter. Corp. v. United Techs. Int'l Corp.*,
   2005 WL 2300382 (D. Conn. Sep. 21, 2005) ..................................................... 15-16

iii

*Miller Marine Servs., Inc. v. Travelers Prop. Cas. Ins. Co.*,
197 F. App'x 62 (2d Cir. 2006) ...................................................................................... 8

*Morales v. Lukens, Inc.*,
593 F. Supp. 1209 (S.D.N.Y. 1984)............................................................................... 16

*Offor v. Mercy Med. Ctr.*,
2021 WL 3909839 (E.D.N.Y. Sept. 1, 2021) ............................................................... 22

*Pearlstein v. Blackberry Ltd.*,
2022 WL 741941 (S.D.N.Y. Mar. 11, 2022) ............................................................. 5, 6

*Picard Tr. for SIPA Liquidation of Bernard L. Madoff Inv. Sec. LLC v.*
*JABA Assocs. LP*, 49 F.4th 170 (2d Cir. 2022)........................................................... 23

*Porter v. United States*,
2015 WL 1004953 (S.D.N.Y. Mar. 3, 2015) ................................................................ 13

*Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S.*,
629 F.3d 282 (2d Cir. 2010)......................................................................................... 19

*Sara Lee Corp. v. Kraft Foods Inc.*,
276 F.R.D. 500 (N.D. Ill. 2011).................................................................................... 10

*Schaffer v. Horizon Pharma PLC*,
2018 WL 481883 (S.D.N.Y. Jan. 18, 2018) ................................................................... 5

*SEC v. Dunn*,
587 F. Supp. 2d 486 (S.D.N.Y. 2008)............................................................................. 5

*SEC v. Jasper*,
678 F.3d 1116 (9th Cir. 2012) ...................................................................................... 23

*SEC v. Uzzi*,
2003 WL 1342962 (S.D. Fla. Jan 21, 2003) ................................................................ 22

*Spencer v. City of New York*,
2011 WL 13257640 (S.D.N.Y. July 18, 2011) ............................................................. 13

*Tang Cap. Partners, LP v. BRC Inc.*,
757 F. Supp. 3d 363 (S.D.N.Y. 2024)............................................................ 2, 15, 21, 25

*United States v. Al-Moayad*,
545 F.3d 139 (2d Cir. 2008)............................................................................................ 5

*United States v. Ansaldi*,
     372 F.3d 118 (2d Cir. 2004)................................................................ 17, 18

*United States v. Dupree*,
     706 F.3d 131 (2d Cir. 2013).................................................................... 23

*United States v. Gagliardi*,
     506 F.3d 140 (2d Cir. 2007)..................................................................... 11

*United States v. Gotti*,
     457 F. Supp. 2d 395 (S.D.N.Y. 2006)........................................................ 17

*United States v. Litvak*,
     808 F.3d 160 (2d Cir. 2015)........................................................................ 5

*United States v. Malka*,
     602 F. Supp. 3d 510 (S.D.N.Y. 2022)........................................................ 15

*United States v. Strother*,
     49 F.3d 869 (2d Cir. 1995)......................................................................... 19

*United States v. Watson*,
     2024 WL 4455773 (E.D.N.Y. May 31, 2024) ............................................ 17

*Utica Mut. Ins. Co. v. Munish Reins. Am., Inc.*,
     594 F. App'x 700 (2d Cir. 2014) ........................................................ 21, 22

*Yan Ping Xu v. City of N.Y.*,
     2020 WL 8671952 (S.D.N.Y. Dec. 22, 2020) ............................................ 25

## Rules and Statutes

Fed. R. Civ. P. 30(b)(6)........................................................................9-11, 26

Fed. R. Civ. P. 56(c)(4).................................................................................. 7

Fed. R. Evid. 401 ........................................................................................... 5

Fed. R. Evid. 403 .................................................................................. *passim*

Fed. R. Evid. 602 ......................................................................................9-11

Fed. R. Evid. 702 ........................................................................................... 4

Fed. R. Evid. 801 .................................................................................. *passim*

Fed. R. Evid. 803 ....................................................................................................... *passim*

Fed. R. Evid. 805 ........................................................................................................20-21

Fed. R. Evid. 901 ..............................................................................................11-12, 21, 25

Local Civil Rule 7.1 .......................................................................................................... 1, 3

Local Civil Rule 56.1 ................................................................................................ *passim*

J. Subramanian Individual Practices in Civil Cases ...................................................... 1

Dentsply Sirona, Inc. ("Dentsply" or the "Company"), Donald M. Casey, Jr. ("Casey"), and Jorge Gomez ("Gomez") (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiffs' objections to certain evidence cited in support of Defendants' Motion for Partial Summary Judgment, Dkt. No. 205 ("Objections Brief").[1]

## PRELIMINARY STATEMENT

Plaintiffs' purported objections to nearly 40 exhibits Defendants cite in support of their Motion for Partial Summary Judgment is an improper attempt to evade the Court's length limitations on summary judgment briefing, and should be rejected outright. Local Civil Rule 7.1(c) is clear that "briefs in support of and in response to a motion . . . may not exceed 8,750 words." *See* J. Subramanian Individual Practices in Civil Cases at 8.C ("The Court will rarely grant requests, even on consent of all parties, to expand these page limits."). Plaintiffs were permitted to respond to the factual assertions in Defendants' Statement of Undisputed Material Facts, but their overlength Objections Brief, filed without permission from the Court, is inappropriate and should be denied in its entirety.

Unable to rebut Defendants' Statement of Undisputed Material Facts—and in many instances, not at all disputing the facts for which Defendants' cited materials are offered—Plaintiffs instead have lodged a hodgepodge of unsupported (and untenable) hearsay, authenticity, and prejudice objections to evidence that is unhelpful to their case. On their merits, Plaintiffs' arguments—on the limited evidence for which they make actual arguments—are an attempt to exclude admissible evidence that they cannot rebut and that is unhelpful to the core narrative of

---

[1] Capitalized terms not defined in this memorandum of law shall have the same meanings as in Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Their Motion for Partial Summary Judgment, Dkt. No. 174 ("Statement of Undisputed Material Facts"). References to "Ex." are to exhibits to the Declaration of Victoriya Levina in Support of Defendants' Motion for Partial Summary Judgment, Dkt. No. 175. References to "R. Ex." are to exhibits to the Declaration of Andrew Weaver in Support of Defendants' Memorandum of Law in Opposition to Plaintiffs' Objections to Certain Evidence Cited in Support of Defendants' Motion for Partial Summary Judgment, submitted herewith.

their claims.  But of particular concern is Plaintiffs' chart of "additional objections," which is devoid of any legal argument whatsoever and should be rejected on that basis alone.  Dkt. No. 205 at 9–10; *see Tang Cap. Partners, LP v. BRC Inc.*, 757 F. Supp. 3d 363, 374 & n.4 (S.D.N.Y. 2024).  Most of these "additional objections" are a drove of prejudice and hearsay objections, even to documents that Plaintiffs, themselves, rely on in their Amended Complaint and in their summary judgment papers, that constitute business records or are being offered for reasons other than their truth.

Plaintiffs not only violate the applicable Court rules, but also waste judicial and party resources.  Plaintiffs' overreach also underscores their desperation to avoid substantively engaging with legitimate, admissible evidence to which they have no meaningful response.  Defendants are cognizant that the parties' statements of facts under Local Civil Rule 56.1 ("Rule 56.1") are meant to assist the Court in deciding their motions for summary judgment, and that this additional briefing is a diversion from the adjudication of those motions.  Nonetheless, Defendants are forced to engage with and refute Plaintiffs' frivolous objections.  For the reasons that follow, Plaintiffs' arguments should be disregarded or rejected.

## LEGAL STANDARD

Rule 56.1 is designed to "streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."  *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001).  The material facts in a Rule 56.1 statement "either provide necessary background or are directly related to the elements of the claims for relief and/or defenses for which summary judgment is sought."  *Emanuel v. Gap, Inc.*, 2022 WL 3084317, at *4 (S.D.N.Y. Aug. 3, 2022).  Each Rule 56.1 statement must contain evidentiary support for the facts recited therein, but this "evidence need not be submitted in trial-admissible form . . . as long as it could be presented in that form at trial."  *Id.* at *2–3 (citing

2

to *Jacobs v. N.Y. City Dep't of Educ.*, 768 F. App'x 86, 88 (2d Cir. 2019)); *see Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169–70 (2d Cir. 2014).

<u>**ARGUMENT**</u>

**I.      PLAINTIFFS' OVERLENGTH BRIEF IS INAPPROPRIATE AND SHOULD BE REJECTED IN ITS ENTIRETY**

Plaintiffs violated Local Civil Rule 7.1(c) by effectively filing an overlength brief without authority or leave of court.  *Emanuel v. Gap, Inc.*, 2022 WL 3084317 (S.D.N.Y. Aug. 3, 2022) is informative on what they should have done instead.  The plaintiffs in *Emanuel* similarly submitted evidentiary objections in connection with their summary judgment opposition without leave of the court.  *See id.* at *1.  The court explained that filing such an extraneous brief was improper:

> To the extent the parties have legitimate evidentiary disputes for the Court to consider, they should, with their attorneys, meet and confer to limit and/or minimize them—like all other disputes—but certainly, they must be raised within the applicable page limits set by the Court's Individual Practices unless the Court permits otherwise.  Had the parties notified the Court of this dispute, a different resolution mechanism would have been required; and not the one chosen by the parties herein.

*Id.* at *4.  Plaintiffs here did not raise any evidentiary issues with Defendants prior to filing their brief and therefore their objections are improperly asserted.  To the extent the Court wishes to address these evidentiary issues, Defendants respond below.

**II.     PLAINTIFFS' SPECIFIC OBJECTIONS LACK MERIT**

**A.      Exhibits Relating To The SEC Declination Are Admissible.  (Exs. C25 and F30)**

Plaintiffs have repeatedly put at issue the Company's interactions with the SEC— specifically, the SEC's December 2020 cease-and-desist order directed to conduct that occurred in 2016 (the "Cease and Desist Order"), and a separate investigation that began in May 2022 after the Company advised the SEC of the Internal Investigation.  Plaintiffs have repeatedly emphasized

both interactions to the Court throughout this litigation, but now argue that undisputed evidence that the 2022 investigation ended with a declination by the SEC to pursue an enforcement action is irrelevant and prejudicial.  Plaintiffs cannot have it both ways.

Plaintiffs have relied on the Cease and Desist Order to try to paint the Company as a recidivist.  *See, e.g.*, Dkt. No. 72 ¶ 258 ("The omissions detailed in the cease-and-desist order parallel the omissions alleged in this case."); Dkt. No. 207 ¶ 195 ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████ ; Dkt. No. 216 at 3 ("Dentsply has a history of channel-stuffing.  In 2020, the SEC issued a Cease-and-Desist Order against Dentsply . . . .").  They have touted that the conduct they allege in this lawsuit led to a lengthy SEC investigation that was "ongoing" years later.  *See, e.g.*, Dkt. No. 72 ¶¶ 1–2 ("[T]he misconduct alleged herein sparked an internal investigation that led to, among other things, . . . an investigation by the SEC, which is ongoing."); Dkt. No. 97 at 2 ("Defendants' misconduct . . . triggered an ongoing investigation by the [SEC]."); Dkt. No. 123 at 2 ( "The alleged misconduct led to . . . a still-ongoing investigation by the [SEC].").  And they have also argued that their expert, Karyl M. Van Tassel ("Van Tassel"), should be permitted to opine that ████████████████████████████████████████

████████████ Ex. H2 ¶ 89 (Van Tassel Rep.), that ██████████████████████

███████████████████████ *id.* ¶ 91, and that ███████████████████

███████████████ *id.* ¶ 88.  Defendants have moved to exclude that legal opinion, as it is flagrantly improper under Fed. R. Evid. 702.  *See* Dkt. No. 198 at 20–22.  However, should the Court permit Plaintiffs to refer to the Cease and Desist Order or the 2022 SEC investigation, then Exhibits C25 and F30 are particularly relevant to complete the picture—that the SEC did not bring

an enforcement action after concluding the 2022 SEC investigation trumpeted by the Plaintiffs, let alone for violations of the Cease and Desist Order.

Fed. R. Evid. 401 sets a "very low standard for relevance." *United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008); *see United States v. Litvak*, 808 F.3d 160, 180 (2d Cir. 2015). Generally, however, the existence of an SEC investigation is not relevant to whether a violation of the securities laws has occurred. *See Schaffer v. Horizon Pharma PLC*, 2018 WL 481883, at *13 (S.D.N.Y. Jan. 18, 2018) ("[T]he existence of a[] [government] investigation alone is not sufficient to give rise to a requisite cogent and compelling inference of scienter.") (quotations and citations omitted).  Nor is the mere existence of a pending enforcement action generally relevant, as the SEC has a lower bar for alleging scienter than does a private plaintiff under the Private Securities Litigation Reform Act and, until resolved, there is no determination that the SEC can satisfy even that less stringent standard. *See SEC v. Dunn*, 587 F. Supp. 2d 486, 501 (S.D.N.Y. 2008) ("[B]y its terms, the PSLRA does not apply to this SEC enforcement action.").  In this case, however, Plaintiffs have specifically put the Cease and Desist Order and the 2022 investigation at issue, repeatedly seeking to link the two to conduct alleged in this lawsuit.  Evidence that the SEC's years-long investigation has concluded without an enforcement action is directly relevant to the jury's consideration of any arguments Plaintiffs make relying upon the Cease and Desist Order or the 2022 SEC investigation.  The exact reason for the SEC declination is of no import to such limited use of the evidence, which would not prejudice Plaintiffs and is necessary to avoid prejudice to Defendants.

The cases that Plaintiffs rely on only serve to bolster *Defendants'* argument.  In *Pearlstein v. Blackberry Ltd.*, 2022 WL 741941 (S.D.N.Y. Mar. 11, 2022), the court granted the plaintiffs' motion *in limine* to exclude not only evidence of the SEC's declination to pursue charges against

5

the company, but also any other "evidence or argument concerning the SEC's *inquiry*." *Id.* at *2 (emphasis added). In its ruling, the court emphasized that to the extent the defendants sought to introduce evidence of the declination because "the court at one time expressed the view that the jury might learn about the SEC inquiry, [the court's] statement was not made in connection with a review of the evidence." *Id.* (reversing own evidentiary ruling, to the extent the court's prior statement "might have been seen" as endorsing admissibility of the SEC inquiry). In *Blackberry*, therefore, the court did not admit evidence of the SEC inquiry and reject evidence of the SEC declination—rather, it prohibited plaintiffs from opening the door at all. This is not the outcome Plaintiffs seek here, where they have put at issue both the Cease and Desist Order and the 2022 SEC investigation, but seek to exclude evidence of how the latter concluded.

*Gimpel v. The Hain Celestial Grp., Inc.*, 156 F.4th 121 (2d Cir. 2025), is also of no help to Plaintiffs. There, the defendants argued in their motion to dismiss that a consent decree entered into with the SEC, where neither the company nor any individual had been charged with fraud, "exonerate[d] them of potential liability" and "undermine[d] any inference of wrongful intent." *Id.* at 150 (citations omitted). The court held that the consent decree was irrelevant as to whether the plaintiffs had plausibly alleged their claims. *See id.* In contrast here, Defendants make no argument as to the SEC declination's impact on their liability in the present lawsuit, including as a reason to grant their Motion for Partial Summary Judgment. *See generally* Dkt. No. 173. Rather, Defendants cite the SEC declination only in response to Plaintiffs' repeated attempts to draw improper inferences from the Cease and Desist Order and the 2022 SEC investigation that would be prejudicial to *Defendants* absent the full context.

**B.**    **Casey's And Gomez's Declarations Were Made On Personal Knowledge And Do Not Contain Legal Conclusions.  (Exs. B1 and B2)**

Unable to point to any record evidence creating a genuine dispute of material fact that Casey and Gomez held anything other than a good-faith belief in the truth of the disclosures on which Defendants have moved—and having already deposed both Casey and Gomez at length—Plaintiffs seek to avoid, rather than engage with, Casey's and Gomez's declarations on these points.

But Casey's and Gomez's declarations are admissible in full, as they were "made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Not only do the declarations affirmatively set out that Casey and Gomez "have personal knowledge of the matters stated [t]herein," Ex. B1 ¶ 1; Ex. B2 ¶ 1, but also speak in detail as to the Company's disclosure process during Casey's and Gomez's respective tenures as the CEO and CFO of the Company and their reliance on that process, Ex. B1 ¶¶ 2–4; Ex. B2 ¶¶ 2–4.  Both Casey and Gomez have also declared that if called as witnesses at trial, they "could testify competently" as to the matters stated in their declarations.  Ex. B1 ¶ 1; Ex. B2 ¶ 1.  This is sufficient to meet the requirements of Fed. R. Civ. P. 56(c)(4).

*DoubleLine Cap. LP v. Construtora Norberto Odebrecht*, 2025 WL 1951864 (S.D.N.Y. July 16, 2025), is particularly instructive.  In that case, the court found that a declaration from a company director who attested to having "personal knowledge" of the procedures used by the company in making certain purchasing decisions was admissible, as "[a]n affiant's conclusions based on personal observations over time . . . may constitute personal knowledge" because "[t]he test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge."  *Id.* at *11 (quotations and citations omitted).  The court found that the director, "based on his position and presumptive experience, would know" about the company's process

7

and that the company "relied" on certain information in making purchasing decisions. *Id.* Here, there can be no question as to the personal knowledge of the highest-ranking executives of the Company as to the process underlying the preparation of the public statements that they had made.

The portion of the declarations that Plaintiffs claim includes a legal conclusion—"I [Casey/Gomez] did not intentionally or recklessly make any material misstatements or conceal material information from the market"—goes to the individual Defendants' state of mind and is therefore permissible. Ex. B1 ¶ 5; Ex. B2 ¶ 5; *see Kendall v. Vives*, 2007 WL 959507, at *2 (S.D.N.Y. Mar. 29, 2007) (making an assessment on summary judgment of a defendant's state of mind based on the defendant's affidavit); *see also In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1239 (S.D. Cal. 2010) (considering declarations from company CEO and CFO as to scienter on summary judgment, where the declarations stated that the CEO and CFO "did not make any statement . . . with the intent to deceive" and "relied on the staff accountants as well as outside auditors to prepare accurate financial reports"). Plaintiffs do not offer any evidence to dispute Casey's and Gomez's state of mind based on the disclosure process described in their declarations.[2] The declarations are therefore admissible on summary judgment.

The cases on which Plaintiffs rely in support of their argument are inapt. In *Miller Marine Servs., Inc. v. Travelers Prop. Cas. Ins. Co.*, 197 F. App'x 62 (2d Cir. 2006), the Second Circuit upheld the district court's finding that affidavits from the plaintiffs' principal and expert were both inadmissible, but unlike the declarations here, the *Miller Marine* affidavits, respectively, were not based on personal knowledge and made improper legal conclusions. *Id.* at 64. The principal's affidavit expressed only a general "belief and conclusion" about the sinking of a vessel—a matter as to which the principal had no personal knowledge. *Id.* Here, in sharp contrast, the declarations

---

[2] Instead, Plaintiffs propound hearsay and prejudice objections to the preparation and disclosure materials created through that process. *See infra* §§ III.B, III.D.

outline Casey's and Gomez's *own* beliefs and understanding about the disclosure process in which *they* participated, their *own* reliance on that process, and their *own* intentions and views about the statements *they* made—facts directly at issue. *See* Ex. B1 ¶¶ 3–4; Ex. B2 ¶¶ 3–4. Plaintiffs' reliance on *Larouche v. Webster*, 175 F.R.D. 452 (S.D.N.Y. 1996), is misplaced for the same reason. There, the affidavits at issue asserted clear legal conclusions, such as whether informants had been "authorized to engage in *illegal* activity." *Id.* at 457 (emphasis in original). The declarations at issue here, however, are about Casey's and Gomez's own beliefs about the statements they made at the time they made them, and do not contain general legal conclusions as to whether the statements at issue were in fact misstatements or contained omissions.[3]

### C.    Dentsply's Corporate Designee's Testimony Is Admissible On Summary Judgment.  (Ex. G3)

In an attempt to dodge the undisputed fact that Dentsply had rigorous procedures and practices for preparing and making disclosures—all of which show Defendants' good faith in the disclosures they made—Plaintiffs seek to bar the testimony of one of Dentsply's Fed. R. Civ. P. 30(b)(6) ("30(b)(6)") designees regarding ██████████████ Plaintiffs make the baseless argument that, notwithstanding that the witness was designated and prepared to testify on these subjects, such testimony should be now excluded because the designee did not have personal knowledge under Fed. R. Evid. 602. *See* Dkt. No. 205 at 4–7.

Plaintiffs are mistaken on the law. Dentsply's corporate designee, Associate General Counsel for Global and Clinical Affairs in the Americas, Tandi Card ("Card"), testified in response to Plaintiffs' questioning about ████████████████████████

---

[3] Plaintiffs' reliance on *Cofimco USA, Inc. v. Mosiewicz*, 2016 WL 1070854 (S.D.N.Y. Mar. 16, 2016), is even more puzzling. There, the court rejected the sufficiency of a declaration submitted in opposition to a motion to remand because it lacked "any supporting details" to establish federal jurisdiction. *Id.* at *4. That case has nothing to do with whether an individual defendant can offer a sworn statement as to his own state of mind in support of summary judgment.

9

She gained knowledge of ███████████████████████ through preparing for her 30(b)(6) deposition, including by reviewing relevant documents. 30(b)(6) deponents need not have personal knowledge about the matters set out in the deposition notice, and if they do not possess such personal knowledge, the corporation is obligated to prepare them so that they may give knowledgeable answers. *See Gucci Am., Inc. v. Exclusive Imps. Int'l*, 2002 WL 1870293, at *8 (S.D.N.Y. Aug. 13, 2002) (rejecting argument that plaintiff's 30(b)(6) witness had no personal knowledge where the witness "based his testimony on information provided by plaintiff's counsel prior to deposition"). Moreover, Card is far from the only witness that Dentsply could call at trial to testify from personal knowledge about ████████████████████████ *See, e.g.*, Ex. G8 at 141:19–142:13 (Gorman Dep.) (testimony from the Company's Assistant Controller and former Director of SEC Reporting about ████████████████████████████ ████████ ); *id.* at 143:24–144:12 (same).

While Card is competent to testify at trial, evidence regarding straightforward, easily established facts—such as ██████████████████████████—need not be presented "in trial-admissible form on summary judgment, as long as it could be presented in that form at trial." *Emanuel*, 2022 WL 3084317, at *3; *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011) (noting that "corporate policies and procedures" is a topic that is "particularly suitable for Rule 30(b)(6) testimony" and admitting 30(b)(6) witness's deposition testimony for "purposes of explaining [company]'s licensing policies"). Plaintiffs do not articulate a single reliability concern with Card's testimony, given by a member of the Dentsply legal department who studied the ████████████████ and was subject to cross-examination.

Additionally, Plaintiffs seek to exclude Card's testimony about ██████████████████ ████████████████████████████ on the grounds that Card lacked personal knowledge

10

about ███████████████████████████  *See* Dkt. No. 205 at 6.  This objection lacks merit.  Card was designated to testify as to ████████████████████████ ████████████████████████████████████████████████ ████████████████████  R. Ex. 1 at 8 (30(b)(6) Dep. Notice).  And Defendants cite to Card's testimony in support of facts concerning ██████████████████████  *See* Dkt. No. 174 ¶¶ 81–91.  That Card did not know the answers to a few questions about ███████ ████████████████████████████████████████████████ ████—does not render the rest of her deposition testimony inadmissible.  *See* Ex. G3 at 271:6–7, 271:23–24, 269:19; *see also Falchenberg v. N.Y. State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008) ("[I]f the [30(b)(6)] deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem.") (citations omitted), *aff'd*, 338 F. App'x 11 (2d Cir. 2009).

**D.    The ████████████████████████ Is Self-Authenticating And An Admissible Verbal Act.  (Ex. F15)**

Plaintiffs next object to Defendants' use of a ███████████████████ ███████ arguing that the document has not been properly authenticated and constitutes hearsay.  *See* Dkt. No. 205 at 7–8.  Both arguments should be rejected.

First, "[t]he standard for authentication is one of reasonable likelihood . . . and is minimal," *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (citations omitted), and there can be no question as to the authenticity of the document here.  It was produced by Dentsply in this litigation, and the "very act of production" constitutes "implicit authentication."  *John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F. Supp. 2d 462, 472 (S.D.N.Y. 2000) (citation omitted).  Moreover, Defendants offer a supporting declaration as to the document's authenticity.  *See generally* R. Ex. 2 (Barton-Brobst Decl.); *see also Darwin v. Newburgh Ops., LLC*, 2025 WL

11

104140, at *4 (S.D.N.Y. Jan. 15, 2025) ("When authentication is challenged for the first time in opposition to a summary judgment motion, the moving party is permitted to respond to that argument in its reply, including through the proffer of additional witness affidavits.").

Plaintiffs' use of Eric Bruno's deposition to cast doubt on the authenticity of the document misses the mark. Plaintiffs ignore that even though ███████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████ This is enough for authentication under Fed. R. Evid. 901. *See Quality King*, 106 F. Supp. 2d at 472 ("The rule is flexible, however, about what serves to authenticate a document. Direct testimony by a knowledgeable witness certainly satisfies the rule.").

Even if Bruno's testimony were inadequate to satisfy Fed. R. Evid. 901, "[t]estimony is not the sine qua non of authentication; circumstantial evidence may serve to demonstrate a document's authenticity." *Id*. The document's "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," can also establish authenticity. *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 419 (S.D.N.Y. 2011) (citation omitted). The exhibit at issue is ████████████████████████████ and contains the signatures of ████████████████████████████████████████████████ ████████████████████████████████████████ corroborating its authenticity. *See* Ex. F15; R. Ex. 3 ████████████████████ Other documents produced in this litigation show ████████████████████████████████████████ which Plaintiffs ignore.

Second, the document is not hearsay.  It is blackletter law that "[s]tatements, such as contracts, that themselves affect the legal rights of the parties constitute 'verbal acts' and are excluded from the definition of hearsay."  *Spencer v. City of New York*, 2011 WL 13257640, at *1 (S.D.N.Y. July 18, 2011) (citations omitted); *see Porter v. United States*, 2015 WL 1004953, at *1 n.2 (S.D.N.Y. Mar. 3, 2015).  The document contains ███████████████████████

████████████████████████████████████████████████████████████████████

████████████  *See generally* Ex. F15.  Defendants offer the document to establish the fact that

████████████████████████████████████████████████████████████████████

██████████  Dkt. No. 177 ¶¶ 51–52.  The document is therefore a verbal act.

Moreover, while Plaintiffs emphasize that ████████████████████████████████

██████████████████████████████████████████ that is of no import to the admissibility analysis.  *See, e.g.*, *Flynn v. Interior Finishes, Inc.*, 425 F. Supp. 2d 38, 46 (D.D.C. 2006) ("It is a basic principle of contract law that parties are free to contract as they see fit," and have "the freedom to agree on the date when the parties would become contractually bound, whether that date was before (or after) the date on which they actually signed the agreement."); *see also* R. Ex. 3 █████████████████████████████████

████████████████  Plaintiffs' questioning of ██████████████████████ is irrelevant, as ████████████████ by its own ████████████████████████████

████████—was in effect *after* the alleged June 9, 2021 and August 5, 2021 misstatements.  Ex. F15; *see* R. Ex. 4 ████████████████████████████████████

██████████████████

13

### III.    PLAINTIFFS' CHART OF UNSUPPORTED "ADDITIONAL OBJECTIONS" LACKS MERIT

Plaintiffs' "additional objections" to 33 Defendant exhibits, listed in a chart without any legal argument, should be rejected.  Nearly all of the documents to which Plaintiffs lodge their unsupported objections fall into one of four categories: (i) ███████████████████████████ ████████████████████████████████ at the heart of Plaintiffs' case (*see* Exs. E5, E17, E18, E19, E20); (ii) ███████████████████████████████████ ████████████████████████████ (*see* Exs. E33, E34, E35, F3, F6, F7, F8, F9, F10, F11, F12, F13, F14, F16); (iii) Company memoranda pertaining to the findings of the Internal Investigation (*see* Exs. F23, F24, F25, F27, F29); and (iv) the Company's Restatement and public disclosures of the Internal Investigation and Accounting Review findings (*see* Exs. C21, C22, C23).  Objections to these particular categories are unfounded and instead reflect a baseless, procedurally improper attempt by Plaintiffs to cut away, rather than engage on the merits with, Defendants' legitimate defenses in the case, particularly with respect to their scienter argument.

As a preliminary matter, Plaintiffs' chart lodges purported evidentiary objections to documents cited in support of 26 facts in Defendants' Statement of Undisputed Material Facts that Plaintiffs *do not dispute*.[4]  Because the truthfulness of those material facts has not been challenged, and Plaintiffs' "objection [is] only on the basis of evidentiary admissibility, those statements should be deemed admitted, because an objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue."  *Emanuel*, 2022 WL 3084317, at *4 (citations omitted); *see Farooqi v. N.Y. Dep't of Educ.*, 2021 WL 1549981, at *1 n.1 (S.D.N.Y. Apr. 20, 2021) ("In several instances in [the plaintiff's] 56.1 statement, she admits to a fact but also

---

[4] *See* Dkt. No. 207 for Plaintiffs' responses to statements 10, 68, 69, 98, 152, 158, 159, 165, 166, 167, 168, 208, 209, 210, 216, 217, 218, 222, 225, 228, 229, 230, 231, 232, 236, 239.

objects based on Federal Rule of Evidence 403 with no further explanation.  This is insufficient to create an issue of material fact.").

Further, Plaintiffs ignore whether Defendants' undisputed material facts would be admissible at trial and object to each of the 33 exhibits on the basis of hearsay, without actually considering the definition of hearsay or exceptions to hearsay.  *See Tang Cap. Partners*, 757 F. Supp. 3d at 374 (noting that "perfunctory and conclusory" objections to facts asserted on summary judgment "are not well taken").  As explained below, the hearsay objections are without merit, as most of the challenged exhibits are definitionally not hearsay or fall under a hearsay exception.  Plaintiffs also assert several objections under Fed. R. Evid. 403, without explaining how the asserted facts are purportedly more prejudicial than probative (or prejudicial at all).  These unfounded objections should be rejected on that basis alone.  *See id.* at 363; *United States v. Malka*, 602 F. Supp. 3d 510, 529 (S.D.N.Y. 2022) (declining to address arguments "made in passing and unaccompanied by any effort at developed argumentation").



A.  ███████████████████████████████ **Are Not Hearsay.  (Exs. E5, E17, E18, E19, E20)**

Plaintiffs claim that certain exhibits reflecting ████████ (Exs. E5, E17, E18) and ████████ (Exs. E19, E20) ███████████████████████ are hearsay.  But these documents are not being offered for the truth of any statements made therein and, as such, are not hearsay.

Exhibit E5, which is ████████████████████████████████ ████████████████ is probative of ████████████████ ████████████████████████████ "Out-of-court statements are not hearsay if offered to show the context within which parties were acting, or to show a party's motive or intent for behavior." *Arista Recs. LLC*, 784 F. Supp. 2d at 420; *see Metro. Enter. Corp. v. United*

*Techs. Int'l Corp.*, 2005 WL 2300382, at *7 n.5 (D. Conn. Sep. 21, 2005) (admitting oral and written statements because "the statements may be admissible for the nonhearsay purpose of showing their effect on the listeners, i.e., P & W personnel involved in the contract negotiations."). Exhibits E17 and E18 are being offered by Defendants to show that ███████████████████ ████████████████████ not for the truth of ████████████████████ "Testimony of negotiations preceding an agreement generally is not proffered for the truth of the statements made during negotiations, but rather for 'the fact that the words as such were spoken.'" *Morales v. Lukens, Inc.*, 593 F. Supp. 1209, 1212 (S.D.N.Y. 1984) (admitting testimony concerning "meetings and discussions" in connection with negotiation of a merger agreement) (citations omitted).

Similarly, Exhibits E19 and E20 are being offered to show ███████████████████ █████ not the truth of █████████ Exhibit E19 shows that ███████████████████ ███████████ and Exhibit 20 shows that ███████████████████████████ ██████████████████████ These emails are verbal acts, because they "include statements that allegedly accept a contract." *Crawford v. Franklin Credit Mgmt. Corp.*, 2015 WL 1378882, at *3 (S.D.N.Y. Mar. 26, 2015), *aff'd sub nom. Crawford v. Tribeca Lending Corp.*, 815 F.3d 121 (2d Cir. 2016).

## B.    Preparation Materials Related To Dentsply's Disclosures Are Not Hearsay. (Exs. E33, E34, E35, F3, F6, F7, F8, F9, F10, F11, F12, F13, F14, F16)

Plaintiffs object on prejudice and hearsay grounds to materials prepared for and provided to Casey and Gomez prior to making the public statements that Plaintiffs assert to have been misleading, as well as materials pertaining to the Company's FY21 Form 10-K MD&A disclosure on dealer inventory levels. The first category of materials includes ███████████████ (Exs. F3, F7, F12, F13, F16), ███████████ (Exs. F8, F10, F14), and ███████████████

16

(Exs. F6, F9, F11).  The second category includes ██████████████████████

████████████████████████████████ (Exs. E33, E34) and a ████████████

██████████████████████ (Ex. E35).  Plaintiffs are once again mistaken in their objections.

Defendants do not submit either category of documents for the truth of their contents, but as

evidence probative of Defendants' knowledge and intent in making the very statements Plaintiffs

challenge as fraud.  Such use of these materials is permissible.  *See United States v. Gotti*, 457 F.

Supp. 2d 395, 397 (S.D.N.Y. 2006) ("[U]nder Federal Rule of Evidence 801(c), where a statement

is offered as circumstantial evidence of the declarant's state of mind rather than for the truth of the

matter asserted, it is not hearsay.  In addition, under Rule 803(3), the state of mind *exception* to the

hearsay rule allows into evidence [a] statement of the declarant's then existing state of mind.")

(emphasis in original) (citations omitted); *United States v. Watson*, 2024 WL 4455773, at \*2

(E.D.N.Y. May 31, 2024) ("[E]vidence introduced to prove the listener's knowledge . . . is not

hearsay.") (citations omitted); *Arista Recs. LLC*, 784 F. Supp. 2d at 420 ("Out-of-court statements

are not hearsay if offered to show the context within which parties were acting, or to show a party's

motive or intent for behavior.").

Further, with respect to the first category of materials, Defendants Casey and Gomez would

be able to testify at trial as to their review of these types of materials, which overcomes Plaintiffs'

hearsay objection on summary judgment.  In *United States v. Ansaldi*, 372 F.3d 118 (2d Cir. 2004),

for example, the Second Circuit upheld the district court's decision to admit a document describing

the adverse effects of a particular drug when ingested.  *See id.* at 130.  The district court found,

and the Second Circuit agreed, that the document was being admitted not for its truth but to show

the defendants' state of mind under Fed. R. Evid. 801(c) with respect to their sale of the drug—

specifically their awareness of what the document said about the drug.  *See id.*  Notably, the district

17

court relied on testimony from one of the defendants describing that he had received a copy of the document and was present in discussions about its contents.  *See id.*  Here, Defendants Casey and Gomez could testify about their preparation and the information available to them ahead of making the public statements at issue in the case, including any materials they reviewed or relied on. Whether the contents of those documents are true is irrelevant; their probative value lies instead in the fact that they show what information Casey and Gomez were aware of when making the statements at issue.

*Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398 (S.D.N.Y. 2011), is also instructive.  There, the court admitted a broad range of materials as "nonhearsay . . . evidence of [the defendant]'s knowledge or intent" in a copyright infringement lawsuit.  *Id.* at 420.  The court found that exhibits containing screenshots of various software programs and related websites, statements about the defendant company quoted in newspaper articles, and strategy memoranda and talking points provided by the defendant's public relations firm were "admissible as probative of [the defendant]'s knowledge" of infringement by users of its software "or of [the defendant's] intent to induce infringement."  *Id.* at 421.  Here, the ▓▓▓▓▓▓▓▓ and other preparation materials that were prepared for and provided to Casey and Gomez before they made their at-issue statements go directly to their knowledge and intent in making those statements, irrespective of the truth of any fact or statement in those materials.

For this same reason, it is difficult to imagine—particularly with no explanation from Plaintiffs—how the first category of materials could be prejudicial.[5]  The preparation materials are directly probative of Casey's and Gomez's knowledge and intent when making the statements at

---

[5] Plaintiffs do not make a prejudice objection to the second category of materials.

18

the heart of Plaintiffs' case. The high probative value of the materials outweighs any prejudice to Plaintiffs (of which there is none, as evidenced by Plaintiffs' silence on the issue).

### C. Internal Company Memoranda Are Business Records Probative Of The Findings Of The Internal Investigation And The Accounting Review. (Exs. F23, F24, F25, F27, F29)

Plaintiffs' hearsay and prejudice objections to company memoranda pertaining to the Internal Investigation and Accounting Review are meritless. The memoranda fall squarely within the business records exception to hearsay. Fed. R. Evid. 803(6); *see also Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S.*, 629 F.3d 282, 289 (2d Cir. 2010) (affirming district court's ruling that withdrawal liability calculations are admissible under Rule 803(6) as records kept in the course of regularly conducted business activity); *In re Adelphia Commc'ns Corp.*, 2006 WL 346418, at *1 (Bankr. S.D.N.Y. Feb. 6, 2006) (finding financial statements, ledgers, journal entries, and other accounting records, "whether prepared before or after the restatement" admissible business records under Rule 803(6)); *In re Worldcom, Inc.*, 357 B.R. 223, 229 (S.D.N.Y. 2006) (finding balance sheet admissible under Rule 803(6)); *Accely v. Consol. Edison Co. of N.Y., Inc.*, 2023 WL 3045795 (S.D.N.Y. Apr. 20, 2023) (finding investigation report and letter admissible under Rule 803(6)). The Second Circuit "has adopted a generous view of the business records exception, construing it to favor the admission of evidence if it has any probative value at all." *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995) (quotations omitted).

To fall under the business records exception, the records must be "made at or near the time by . . . someone with knowledge," "kept in the course of a regularly conducted activity of a business," and "making the record [must have been] a regular practice of that activity." Fed. R. Evid. 803(6)(A)–(C). These conditions must be "shown by the testimony of the custodian or another qualified witness," or by an appropriate certification. Fed. R. Evid. 803(6)(D). Where these requirements are satisfied, the business record is admissible absent a showing "that the source

19

of information or the method or circumstances of preparation indicate a lack of trustworthiness."

Fed. R. Evid. 803(6)(E).  With respect to the first four requirements of the business records

exception, Defendants submit declarations from Kevin Czerney and Brian Gorman. [6]  *See*

*generally* R. Ex. 5 (Gorman Decl.); R. Ex. 6 (Czerney Decl.).  And as to the fifth, Plaintiffs have

not proffered any arguments challenging the trustworthiness of the memoranda, nor can they, as

the memoranda were prepared in collaboration with Dentsply's independent auditor, PwC.  *See* R.

Ex. 5 (Gorman Decl.) ¶ 3; R. Ex. 6 (Czerney Decl.) ¶ 3.

Second, it is unfathomable how final versions of the memoranda could be prejudicial to

Plaintiffs, when Plaintiffs themselves repeatedly rely on drafts of those same memoranda in their

summary judgment papers.  *See, e.g.*, Dkt. No. 207 ¶¶ 390–91, 394–96 (citing draft of Ex. F29);

¶¶ 397–99, 426 (citing various drafts of Ex. F23); ¶ 399 (citing draft of Ex. F24).  Plaintiffs' expert

Van Tassel has also made liberal use of certain drafts of the memoranda throughout her report.

*See, e.g.*, Ex. H2 ¶¶ 71, 128, 161, 241, 250 (Van Tassel Rep.).  Presumably, Plaintiffs also find the

analysis in those memoranda probative of the findings of the Internal Investigation and the

Accounting Review.  The probative value of the materials surely outweighs any prejudice to

Plaintiffs of the contents therein, and no prejudice is even identified.

Plaintiffs' Fed. R. Evid. 805 objection as to Exhibit F23 fails.  Exhibit F23 is relied on to

support just four facts in Defendants' Statement of Undisputed Facts, and Plaintiffs do not dispute

three of them.  *See* Dkt. No. 207 ¶¶ 158–60 (substance not disputed); *see also Emanuel*, 2022 WL

3084317, at *5 (noting that an objection only on the basis of evidentiary admissibility renders a

---

[6] That Exhibits F23, F25, and F26 have been produced by PwC is of no import to the admission of the documents as Dentsply's business records.  The documents were written by Dentsply employees.  *See* R. Ex. 5 (Gorman Decl.) ¶¶ 3, 5–9; R. Ex. 6 (Czerney Decl.) ¶¶ 3, 5–9; *see also In re Blech Sec. Litig.*, 2003 WL 1610775, at *5 (S.D.N.Y. Mar. 26, 2003) ("Documents may be admitted as business records under Rule 803(6), even though they are not the business records of one of the parties.").

Rule 56.1 statement admissible).  With respect to the fourth, Exhibit F23 is relied on only to support

the assertion that ███████████████████████████████████████████████████████

███████████████████████████████████████ which Plaintiffs do not actually dispute in

their response.  *See* Dkt. No. 207 ¶ 203.  Besides, this statement is not being admitted for its truth

about ████████ but for the limited purpose that the Company made certain determinations about

the accounting errors and documented them in memoranda.  There is no double hearsay issue.  To

the extent Plaintiffs have an evidentiary objection to Exhibit F23 outside the scope of its limited

use on summary judgment, that objection should be left for a later stage in the litigation.

Finally, Plaintiffs make an authenticity objection to Exhibit F27.  This objection has no

merit.  At summary judgment, Rule 56 requires merely that supporting documents "be in a form

that, *if authenticated*, could be admissible at trial."  *Tang Cap. Partners*, 757 F. Supp. 3d at 374

n.4 (emphasis added) (quoting *Sanmina Corp. v. Dialight plc*, 2023 WL 9022882, at *6 (S.D.N.Y.

Dec. 29, 2023)).  The Company will undoubtedly be able to authenticate an internal memorandum

that it has produced to Plaintiffs in this litigation.  *See also* R. Ex. 5 (Gorman Decl.) ¶ 8 (discussing

Ex. F27); R. Ex. 6 (Czerney Decl.) ¶ 8 (same).

**D.    Dentsply's Public Filings Are Relevant, Admissible Business Records.  (Exs. C21, C22, C23)**

Plaintiffs make relevance, prejudice, and hearsay objections to Dentsply's Restatement—

a core pillar of the entire lawsuit—and its publicly filed November 1, 2022 Form 8-K.  None of

their objections have merit.

First, Plaintiffs waived any objection to these exhibits by relying on them in their

submissions to the Court, including in their Amended Complaint.  *See, e.g.*, Dkt. No. 72 ¶¶ 87, 169

(discussing Ex. C21); ¶¶ 125, 130, 162, 177, 178 (discussing Ex. C22); ¶¶ 76, 162, 167, 195, 203

(discussing Ex. C23).  *Utica Mut. Ins. Co. v. Munish Reins. Am., Inc.*, 594 F. App'x 700 (2d Cir.

2014) is informative, as the court rejected the plaintiff's evidentiary challenge to a document relied upon at summary judgment because the plaintiff had "attached the [document] to its complaint" and did not object to the document until summary judgment.  *Id.* at 702; *see also Offor v. Mercy Med. Ctr.*, 2021 WL 3909839, at *13 (E.D.N.Y. Sept. 1, 2021) (pointing out that the plaintiff attached and "relied upon" an exhibit in its complaint, "which is an additional reason to overrule Plaintiff's hearsay objection" to the exhibit on summary judgment), *aff'd*, 2023 WL 2579040 (2d Cir. Mar. 21, 2023).

Second, for the same reasons, it defies all logic that the Company's Restatement (Exs. C22, C23) could be irrelevant to the claims and defenses in this lawsuit or unfairly prejudicial to Plaintiffs.  *See In re WorldCom, Inc. Sec. Litig.*, 2005 WL 375313, at *9 (S.D.N.Y. Feb. 17, 2005) (finding that a company's restatement of financial statements had probative value and rejecting arguments to exclude the restatement under Fed. R. Evid. 403).  Further, while Plaintiffs have abandoned November 1, 2022 as a loss causation date from the case, the Company's Form 8-K from that date (Ex. C21), announcing the findings of the Internal Investigation and the Company's decision to issue the Restatement, is directly probative of Defendants' state of mind with regard to the Restatement that occurred in the days that followed.  That probative value far outweighs any purported prejudice to Plaintiffs (and Plaintiffs identify none).

Finally, while Defendants need not address Plaintiffs' hearsay arguments since they are waived, the Restatement (Exs. C22, C23) is an admissible business record.  *See In re WorldCom, Inc. Sec. Litig.*, 2005 WL 375313, at *6; *see also SEC v. Uzzi*, 2003 WL 1342962, at *1 (S.D. Fla. Jan 21, 2003) (holding that a company's restatement is admissible because "these types of reports are filed by companies as a matter of course when such occurrences arise and fit squarely within the language of the exception in Rule 803(6).").  The Company's Form 8-K (Ex. C21), publicly

22

filed with the SEC, falls under the same exception.  *See, e.g.*, *SEC v. Jasper*, 678 F.3d 1116, 1122–23 (9th Cir. 2012) (Form 10-K falls under the business records hearsay exception); *Picard Tr. for SIPA Liquidation of Bernard L. Madoff Inv. Sec. LLC v. JABA Assocs. LP*, 49 F.4th 170, 181–82 (2d Cir. 2022) (Form BD falls under the business records hearsay exception).  Plaintiffs' hearsay within hearsay objections also fail, as both the Restatement (Exs. C22, C23) and the Company's Form 8-K (Ex. C21) are submitted as evidence that Dentsply disclosed the findings of the Internal Investigation and that the Company issued a Restatement.  *See United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013).  Plaintiffs have not moved to exclude the expert testimony of Dentsply's accounting expert, John M. Lacey, Ph.D., who relies on these documents.  *See, e.g.*, Ex. H4 (Lacey Rep.) ¶ 17 (citing Ex. C21); ¶ 18, Exhibit 4 (citing Ex. C22); ¶¶ 18, 36, 51, Exhibit 4 (citing Ex. C23); *see also Better Holdco, Inc. v. Beeline Loans, Inc.*, 666 F. Supp. 3d 328, 363 (S.D.N.Y. 2023) ("'[E]xpert witnesses can testify to opinions based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence in forming their opinions.'") (quoting *United States v. Dukagjini*, 326 F.3d 45, 57 (2d Cir. 2003)).  Plaintiffs' own accounting expert relies on these same materials for their truth, which belies Plaintiffs' disingenuous hearsay argument at this late stage in the litigation.  *See, e.g.*, Ex. H2 (Van Tassel Rep.) ¶¶ 2, 56, 96, 147, 167.

     **E.**     **The Remaining Documents In Plaintiffs' Chart Of "Additional Objections" Are All Admissible.**

     **i.**     **The American Dental Association report falls under an exception to hearsay.  (Ex. D13)**

Exhibit D13, a publicly available report from the American Dental Association, is a market report within the dental industry that falls under an exception to hearsay for such materials.  *See* Fed. R. Evid. 803(17) ("Market quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations.").  The document includes data pertaining to national dental expenditures, compiled from national sources, including the

23

Centers for Medicare and Medicaid Services, the U.S. Bureau of Economic Analysis, and the U.S. Census Bureau. *See* Ex. D13. The basis of trustworthiness of a document under Rule 803(17) is "general reliance by the public or by a particular segment of it, and the motivation of the compiler to foster reliance by being accurate." Fed. R. Evid. 803(17) Advisory Committee Note; *Jackpocket, Inc. v. Lottomatrix N.Y. LLC*, 645 F. Supp. 3d 185, 223 n.11 (S.D.N.Y. 2022) ("Reliability is based, at least in part, on evidence that the compilers stake their business or public reputations on the accuracy of a compilation.") (citations omitted), *aff'd*, 2024 WL 1152520 (2d Cir. Mar. 18, 2024). There can be no question that the document is trustworthy and reliable, in that the American Dental Association is a well-known "source for the latest research on oral health, along with . . . data on industry trends" and would have the motivation to be accurate. *See* Am. Dental Assoc., https://www.ada.org/about ("We are guided by our core values, which include integrity, excellence, and a dedication to bring you evidence-based insights.").

   **ii.**    █████████████████████████████████ **are admissible business records. (Exs. E2, F5)**

   Plaintiffs object to █████ pertaining to a ███████████████ on the basis of hearsay, (Exs. E2, F5), as well as prejudice and authenticity (Ex. F5). None of these objections have any merit.

   First, the exhibits are business records that fall under an exception to hearsay. Exhibit E2 is ████████████████████████████████████████████ ██████ Exhibit F5 is ██████████████████████████████ ████████████████████████████████ "Documents created by and for the Board of Directors of [defendant company] may be admissible at trial against all defendants as business records." *FTC v. Vyera Pharms., LLC*, 2021 WL 5236333, at *1 (S.D.N.Y. Nov. 10, 2021).

24

Second, the ▮▮▮▮▮ are not being admitted for their truth, but only to show that Casey and Gomez received the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Even if the ▮▮▮▮ were hearsay, Casey and Gomez could testify at trial that they received and reviewed these types of ▮▮▮▮ and made their own observations as to the ▮▮▮▮ *See Yan Ping Xu v. City of N.Y.*, 2020 WL 8671952, at *30 (S.D.N.Y. Dec. 22, 2020) (admitting documents because "the facts contained in those records could be presented in admissible form at trial and thus can be considered at summary judgment," even where the court could not determine whether the documents could be admitted under the business records exception) (citations omitted).

Additionally, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. F5) are not prejudicial to Plaintiffs. The ▮▮▮▮ evidence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ This probative value to the central issue in the case outweighs any potential prejudice to Plaintiffs—the prejudice being only that the document does not support Plaintiffs' theory.

Finally, Plaintiffs purport to assert an authenticity objection to Exhibit F5, which also fails. There is no doubt that Defendants will be able to authenticate at trial materials prepared for the Company's own Board of Directors. *See Tang Cap. Partners*, 757 F. Supp. 3d at 374.

**iii.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **are admissible business records. (Ex. F21)**

The Company's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are business records. "[C]ourts routinely find that board meeting minutes are admissible as business records under Rule 803(6)." *City of Almaty, Kazakhstan v. Ablyazov*, 2022 WL 16901995, at *3 (S.D.N.Y. Nov. 11, 2022); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 313–14 (2d Cir. 2008) (minutes "plainly are admissible as a business record under Rule 803(6)").

iv. ██████████████████████████████████████ **do not create a factual dispute.  (Exs. I1 and I2)**

Plaintiffs also object on hearsay grounds to Dentsply's ██████████████████

██████████████████ (Ex. I1) and Defendants' ██████████████████ (Ex. I2).  With respect

to both of these evidentiary objections, Plaintiffs do not actually dispute the truthfulness of any of

the facts for which the documents are cited in Defendants' Statement of Undisputed Material

Facts.[7]  To that end, their evidentiary objections cannot be sustained.  *See Major League Baseball

Props.*, 542 F.3d at 314 ("An objection to the admissibility of a document is not the equivalent of

a contention that the document's contents are untrue."); *Emanuel*, 2022 WL 3084317, at *5

(finding that "[t]o the extent that material facts are set forth in a Rule 56.1 statement and to which

there is objection only on the basis of evidentiary admissibility, those statements should be deemed

admitted") (citations omitted).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs'

objections to certain evidence.

---

[7] ████████████████████████████████████████████████████████████████ *See* Dkt. No. 207 ¶ 40 (Plaintiffs' response).

26

Dated: January 19, 2026
       New York, New York

Respectfully submitted,

*/s/ Roger A. Cooper*

Roger A. Cooper
racooper@cgsh.com
Andrew Weaver
aweaver@cgsh.com
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2283

Angela L. Dunning
adunning@cgsh.com
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
1841 Page Mill Rd
Palo Alto, CA 94304
T: 650-815-4131

Thomas A. Bednar
tbednar@cgsh.com
CLEARY GOTTLIEB STEEN
& HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037
T: 202-974-1836

*Counsel for Defendant Dentsply Sirona Inc.*

*/s/ Meredith D. Karp*

Bryce L. Friedman
Craig S. Waldman
Meredith D. Karp
Isabel R. Mattson
SIMPSON THACHER
& BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
T: (212) 455-2000

27

bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com
isabel.mattson@stblaw.com

*Counsel for Defendant Donald M. Casey, Jr.*

<u>/s/ Seth L. Levine</u>

Seth L. Levine
Chad P. Albert
Adam M. King
slevine@levinelee.com
calbert@levinelee.com
aking@levinelee.com
LEVINE LEE LLP
400 Madison Avenue
New York, NY 10017
T: 212-223-4400

*Counsel for Defendant Jorge M. Gomez*

28

**Certificate of Compliance**

I hereby certify that the foregoing memorandum of law complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted by Rule 7.1(c), it contains 8,679 words as calculated by Microsoft Word.

*/s/ Roger A. Cooper*
Roger A. Cooper

29