UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

SAN ANTONIO FIRE AND POLICE
PENSION FUND, CITY OF BIRMINGHAM
RETIREMENT AND RELIEF SYSTEM, EL
PASO FIREMEN & POLICEMEN'S
PENSION FUND, and WAYNE COUNTY
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiffs,

    vs.

DENTSPLY SIRONA INC., DONALD M.
CASEY, JR., and JORGE GOMEZ,

                Defendants.

———————————————————— x

: Civil Action No. 1:22-cv-06339-AS
: (Consolidated)
:
: <u>CLASS ACTION</u>
:
: PLAINTIFFS' REPLY IN SUPPORT OF
: THEIR OBJECTIONS TO CERTAIN
: EVIDENCE CITED IN SUPPORT OF
: DEFENDANTS' MOTION FOR PARTIAL
: SUMMARY JUDGMENT

**[REDACTED]**

4929-7238-5930.v1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................................................1

II.     SPECIFIC OBJECTIONS ......................................................................................2

      A.    Defendants Fail to Establish Exs. C25 and F30 Are Admissible ............................2

      B.    Casey's and Gomez's Declarations Contain Inadmissible Legal Conclusions....................................................................................................3

      C.    Dentsply's FRCP 30(b)(6) Testimony Is Inadmissible.............................................4

      D.    Ex. F15 Is Inadmissible........................................................................................5

III.    THE REMAINING DISPUTED EXHIBITS ARE INADMISSIBLE ...............................6

      A.    Defendants' ▮▮▮▮▮▮▮ Exhibits Are Inadmissible Hearsay...............6

      B.    Defendants' So-Called ▮▮▮▮▮▮ Are Inadmissible Hearsay ..........6

      C.    Defendants' "Memoranda" Are Undisputed Hearsay.............................................8

      D.    Plaintiffs' Objections to Certain Portions of SEC Filings Are Firmly Grounded...............................................................................................8

      E.    Defendants' Remaining Arguments Are Unavailing.............................................10

IV.     PLAINTIFFS' OBJECTIONS ARE PROPER...................................................11

V.      CONCLUSION.................................................................................................12

4929-7238-5930.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*,
2024 WL 4349163 (S.D.N.Y. Sep. 30, 2024)................................................................4

*Brooks v. Price*,
121 F. App'x 961 (3d Cir. 2005) ...................................................................................9

*DoubleLine Cap. LP v. Construtora Norberto Odebrecht, S.A.*,
2025 WL 1951864 (S.D.N.Y. July 16, 2025) ...............................................................4

*Emanuel v. Gap, Inc.*,
2022 WL 3084317 (S.D.N.Y. Aug. 3, 2022)........................................................5, 11, 12

*Falchenberg v. N.Y. State Dep't of Educ.*,
642 F. Supp. 2d 156 (S.D.N.Y. 2008)...........................................................................5

*Gucci Am., Inc. v. Exclusive Imps. Int'l*,
2002 WL 1870293 (S.D.N.Y. Aug. 13, 2002)...............................................................4

*Hamad v. Cook*,
2014 WL 3507340 (S.D.N.Y. June 30, 2014) ...............................................................9

*In re Blech Sec. Litig.*,
2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003) ...............................................................8

*In re Innovatio IP Ventures, LLC Pat. Litig.*,
2013 WL 5593609 (N.D. Ill. Oct. 3, 2013)..................................................................11

*In re REMEC Inc. Sec. Litig.*,
702 F. Supp. 2d 1202 (S.D. Cal. 2010).........................................................................4

*John Paul Mitchell Sys. v. Quality King Distribs., Inc.*,
106 F. Supp. 3d 462 (S.D.N.Y. 2000)...........................................................................5

*Kendall v. Vives*,
2007 WL 959507 (S.D.N.Y. Mar. 29, 2007) .................................................................4

*Offor v. Mercy Med. Ctr.*,
2021 WL 3909839 (E.D.N.Y. Sep. 1, 2021).................................................................10

*Ohio Cas. Ins. Co. v. Fratarcangelo*,
2014 WL 12750657 (D. Conn. Mar. 25, 2014) .............................................................3

4929-7238-5930.v1

**Page**

*Paolitto v. John Brown E. & C., Inc.*,
   151 F.3d 60 (2d Cir. 1998)..................................................................................10

*Porter v. United States*,
   2015 WL 1004953 (S.D.N.Y. Mar. 3, 2015) ........................................................6

*Sara Lee Corp. v. Kraft Foods Inc.*,
   276 F.R.D. 500 (N.D. Ill. 2011)...........................................................................5

*Schaffer v. Horizon Pharma PLC*,
   2018 WL 481883 (S.D.N.Y. Jan. 18, 2018) .........................................................3

*SEC v. Dunn*,
   587 F. Supp. 2d 486 (S.D.N.Y. 2008)...................................................................3

*Spencer v. City of N.Y.*,
   2011 WL 13257640 (S.D.N.Y. July 18, 2011) .....................................................6

*United States v. Al-Moayad*,
   545 F.3d 139 (2d Cir. 2008).................................................................................3

*United States v. Ansaldi*,
   372 F.3d 118 (2d Cir. 2004).................................................................................7

*United States v. Coplan*,
   703 F.3d 46 (2d Cir. 2012)...................................................................................9

*United States v. Gagliardi*,
   506 F.3d 140 (2d Cir. 2007).................................................................................5

*United States v. Litvak*,
   808 F.3d 160 (2d Cir. 2015).................................................................................3

*United States v. Strother*,
   49 F.3d 869 (2d Cir. 1995)...................................................................................9

*Utica Mut. Ins. Co. v. Munish Reinsurance Am., Inc.*,
   594 F. App'x 700 (2d Cir. 2014) ........................................................................10

*Yan Ping Xu v. City of N.Y.*,
   2020 WL 8671952 (S.D.N.Y. Dec. 22, 2020) ......................................................8

4929-7238-5930.v1

**Page**

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
    §78u-4 ................................................................................................................3

Federal Rules of Civil Procedure
    Rule 30(b)(6) .................................................................................................4, 11
    Rule 56 ............................................................................................................11
    Rule 56(c)(2) ....................................................................................................11
    Rule 56(c)(4) .....................................................................................................1
    Rule 56(e) ...........................................................................................................3

Federal Rules of Evidence
    Rule 401 ..............................................................................................................2
    Rule 403 ...........................................................................................................10
    Rule 602 .............................................................................................................4
    Rule 801(c) .........................................................................................................9
    Rule 801(d)(2) ....................................................................................................9
    Rule 803(6) .....................................................................................................8, 9
    Rule 803(17) .....................................................................................................11
    Rule 805 ...........................................................................................................10

Local Rule 56.1 ........................................................................................................12

4929-7238-5930.v1

## I.        INTRODUCTION

In Plaintiffs' Objections to Certain Evidence Cited in Support of Defendants' Motion for Partial Summary Judgment (ECF 205) ("Objection"), Plaintiffs properly identified specific exhibits Defendants proffer that are inadmissible pursuant to Federal Rule of Civil Procedure ("FRCP") 56(c) (the "Disputed Exhibits"), as well as the evidentiary bases for those objections.

Defendants fail to carry their burden to demonstrate that the Disputed Exhibits could be admissible at trial.  ECF 234 ("Opp.").  Defendants don't, for example, address why documents regarding the U.S. Securities and Exchange Commission's ("SEC") 2025 decision not to pursue enforcement charges should be admitted to suggest to the jury Defendants were cleared of misconduct (an inference expressly prohibited by the SEC) or provide "context" for a 2020 Cease-and-Desist Order resulting from a different investigation.  They don't establish that: (i) legal conclusions in Donald M. Casey, Jr.'s and Jorge Gomez's affidavits satisfy FRCP 56(c)(4); (ii) testimony of Dentsply's 30(b)(6) deponent not based on personal knowledge should be admitted over Federal Rule of Evidence ("FRE") 602's strict prohibitions; or (iii) ████████████ ████████████████████ can be properly authenticated as an ████████████.  And though they've offered numerous exhibits for their truth, Defendants make no effort to establish that each falls within a hearsay exception and instead posit the exhibits could theoretically be offered for a different, non-hearsay purpose – ignoring that courts look to how a document has actually been used at summary judgment in determining admissibility.

4929-7238-5930.v1

## II.    SPECIFIC OBJECTIONS

### A.    Defendants Fail to Establish Exs. C25 and F30 Are Admissible[1]

Defendants' arguments that Exs. C25 and F30 are admissible fail for several reasons.

First, Defendants conspicuously ignore that, regardless of whether Plaintiffs have put the SEC's 2022-2025 investigation at issue (they haven't), the SEC non-enforcement letter explicitly rejects its use for the very purpose Defendants now offer it – to imply the SEC found no wrongdoing.  *See* Opp. at 4-5; Objection at 2 (quoting Ex. F30 and hyperlinked content). Defendants ignore the SEC's clear disavowal. ███████████████████████████ ████████████████████████████████████ and expressly barred any "attempt[]" to use the letter "as a purported defense in any action," because doing so "would be clearly inappropriate and improper."  Ex. F30.[2]  Defendants don't address their flagrant disregard of the SEC's crystal-clear instruction.

Second, Defendants inappropriately conflate two entirely separate SEC investigations into Dentsply's conduct: (i) the SEC's prior channel-stuffing investigation, which led to the December 2020 Cease-and-Desist Order issued against Dentsply for violating federal securities laws; and (ii) the SEC's 2022-2025 investigation into certain misconduct also alleged here, which ultimately resulted in its 2025 non-enforcement decision (discussed in Exs. C25 and F20).  Opp. at 3-5.  The SEC's 2025 non-enforcement decision relates *only* to the 2022-2025 investigation – it has no bearing on the channel-stuffing conduct underlying the Cease-and-Desist Order or whether a similarity exists between that conduct and the conduct alleged here.  *See id.* at 5.  Defendants' assertion that both investigations involved the SEC and Dentsply is insufficient to meet FRE 401's relevance

---

[1]    "Ex. __ " refers to the exhibits attached to the declaration of Victoriya Levina (ECF 175).  Unless otherwise noted, all emphasis is added and citations are omitted.

[2]    *See also* https://www.sec.gov/divisions/enforce/wells-release.pdf.

threshold.[3] Plaintiffs haven't put the SEC's 2022-2025 investigation at issue in opposing summary judgment – that investigation isn't mentioned in Plaintiffs' opposition[4] and Plaintiffs don't intend to raise it at trial. *See* ECF 216.[5] There's simply no relevant "context" to be drawn from the SEC's 2025 decision. Opp. at 5.

**B.    Casey's and Gomez's Declarations Contain Inadmissible Legal Conclusions**

Defendants quote the specific legal conclusions Plaintiffs identified in Casey's and Gomez's declarations (Exs. B1-B2), but fail to actually address them. Opp. at 8. They don't explain how Casey's and Gomez's personal knowledge allows them to opine on ultimate issues (scienter, materiality) or offer legal opinion – *i.e.*, that they didn't "'intentionally or recklessly make any material misstatements or conceal material information from the market.'" *Id.* They can't: "'conclusory allegations, examination of thoughts, opinions, argument and legal conclusions are all prohibited from affidavits submitted in support of, or opposition to, a summary judgment motion under Rule 56(e).'" *Ohio Cas. Ins. Co. v. Fratarcangelo*, 2014 WL 12750657, at *1 (D. Conn. Mar. 25, 2014). No witness can offer legal conclusions at trial, so the Court shouldn't consider Casey's and Gomez's at summary judgment.

---

[3]    Because the 2025 SEC decision has no bearing on Plaintiffs' claims and is unrelated to the Cease-and-Desist Order, Defendants' cases – in which evidence was tied to material fact issues – are inapposite. *See United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008); *United States v. Litvak*, 808 F.3d 160, 182 (2d Cir. 2015).

[4]    Defendants cite Plaintiffs' complaint to claim Plaintiffs "continue" touting the 2022 investigation. Opp. at 4 (referencing ECF 72). Defendants also quote Karyl Van Tassel's ("Van Tassel") then-accurate understanding that ███████████████████████ ███████████████████████ but that isn't an "opinion" Van Tassel intends to offer. Opp. at 4 (quoting Ex. H2, ¶91).

[5]    *Schaffer v. Horizon Pharma PLC*, 2018 WL 481883, at *13 (S.D.N.Y. Jan. 18, 2018), is thus irrelevant. *SEC v. Dunn*, 587 F. Supp. 2d 486, 501 (S.D.N.Y. 2008), concerns a request to apply the Private Securities Litigation Reform Act of 1995's scienter standard in an SEC enforcement action and isn't pertinent.

4929-7238-5930.v1

Defendants incorrectly claim that the above-referenced legal conclusions are admissible because they go to "state of mind." Opp. at 8. Their caselaw doesn't support that assertion. *See Kendall v. Vives*, 2007 WL 959507, at \*2 (S.D.N.Y. Mar. 29, 2007) (doctor's affidavit specified *facts* concerning plaintiff's medical treatment, allowing court to find doctor didn't exhibit deliberate indifference); *DoubleLine Cap. LP v. Construtora Norberto Odebrecht, S.A.*, 2025 WL 1951864 (S.D.N.Y. July 16, 2025) (declaration stating *facts* within affiant's personal knowledge about company's practices could serve as evidence). *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1239 (S.D. Cal. 2010), didn't address the admissibility of the CEO's unobjected-to declaration.

## C.    Dentsply's FRCP 30(b)(6) Testimony Is Inadmissible

Defendants assert Dentsply's FRCP 30(b)(6) designee, Tandi Card ("Card"), would be competent to testify at trial, so her deposition testimony is admissible. Opp. at 10. This blatantly ignores that, unlike in deposition, FRE 602 precludes Defendants from calling Card to testify at trial to matters outside her personal knowledge. Defendants' caselaw doesn't support the admissibility of Card's testimony when offered by Defendants. *See Gucci Am., Inc. v. Exclusive Imps. Int'l*, 2002 WL 1870293, at \*8 (S.D.N.Y. Aug. 13, 2002) (stating that a company can prepare a 30(b)(6) witness without personal knowledge for deposition, not that company can then use that testimony at trial).

Similarly, Card's testimony doesn't become admissible because Defendants think the underlying "facts" it contains could be testified to by other witnesses. Opp. at 10. At summary judgment, Defendants are required to proffer ***admissible*** evidence to support their factual assertions; claiming some unspecified evidence could hypothetically be offered for a particular fact – but wasn't – doesn't suffice. *See BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*, 2024 WL 4349163, at \*14 (S.D.N.Y. Sep. 30, 2024) ("Rather than 'come forward' with evidence … plaintiffs merely ***argue*** … they ***will*** have such evidence … [by] trial. This is insufficient.") (emphasis in

- 4 -

original).  Defendants' caselaw is distinguishable.  *See Emanuel v. Gap, Inc.*, 2022 WL 3084317, at *3 (S.D.N.Y. Aug. 3, 2022) (considering affidavits of witnesses who could testify to contents at trial); *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011) (addressing use of third-party's 30(b)(6) deposition testimony).

Finally, Defendants' claim that Plaintiffs aren't concerned about the reliability of Card's testimony (Opp. at 10) is baseless – Plaintiffs express "acute" reliability concerns, as Card's testimony is based on cherry-picked documents provided by counsel and frequently speculative.[6]

### D.    Ex. F15 Is Inadmissible

The Declaration of Lindi Barton-Brobst (ECF 235-2) doesn't adequately authenticate Ex. F15.  While it may serve to authenticate the document as ▮▮▮▮▮▮▮▮▮▮ generally, Defendants offer Ex. F15 as ▮▮▮▮▮▮▮▮▮▮▮▮ – which Lindi Barton-Brobst doesn't authenticate.  ECF 174 ("SUF")¶51.  Nor is Ex. F15 sufficiently authenticated by its contents; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Opp. at 12.[7]

---

[6]    Defense counsel's unadjudicated ▮▮▮▮▮▮ are irrelevant to whether Card had personal knowledge.  *Falchenberg v. N.Y. State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008) (examined whether corporate-designee testimony was binding on the corporation, not admissible if offered by the corporation).

[7]    Defendants' authorities are distinguishable.  *See United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (chat-room messages admissible where participant affirmed they were accurate records of her conversations); *John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F. Supp. 3d 462, 472 (S.D.N.Y. 2000) (rejecting party's arguments that third-party-produced documents weren't authenticated as business records).

4929-7238-5930.v1

Similarly, Defendants don't offer Ex. F15 only to demonstrate ███████████████ (*i.e.*, as a "verbal act"), but for the truth of the assertion that ████████████████████████ ███. Opp. at 13; SUF¶51. Accordingly, it isn't subject to the "verbal act" hearsay exemption.[8]

## III.   THE REMAINING DISPUTED EXHIBITS ARE INADMISSIBLE

### A.   Defendants' ██████████████ Exhibits Are Inadmissible Hearsay

Defendants contend five ███████████████ exhibits are "not hearsay." Opp., §III.A. They are. Defendants offered these materials for the truth of their contents. Ex. E5 was not just offered to show "████████████████████████████████." Opp. at 15. Defendants cite Ex. E5 to show, *e.g.*, ████████████████████████████████████████ █████████████████. SUF¶46. The others were offered for the purported "truth" that ████ ████████████████████████████████████████████████ ███████. SUF¶¶49, 53, 59; SUF§§V-VI ████████████████████████████. Defendants' assertion that Exs. E19-E20 are offered only as "verbal acts" thus ignores the actual purpose for which Defendants offered them. Opp. at 15-16.

### B.   Defendants' So-Called ██████████████ Are Inadmissible Hearsay

Defendants' response regarding other objectionable hearsay also fails. Opp., §III.B. For example, Defendants ignore they offered Ex. E34 for the "fact" it contained ██████████ ████████████████████ SUF¶¶97-99. Defendants also offered other exhibits for their truth. *E.g.*, SUF¶70 (quoting Ex. E33 to establish ████████████████████████); SUF¶100 (citing Ex. E35 for fact regarding ███████████); *see also* SUF¶32 (citing Ex. F3

---

[8]   This usage distinguishes Ex. F15 from the contracts in Defendants' cited caselaw. *See Porter v. United States*, 2015 WL 1004953, at *1 n.2 (S.D.N.Y. Mar. 3, 2015); *Spencer v. City of N.Y.*, 2011 WL 13257640, at *1 (S.D.N.Y. July 18, 2011).

4929-7238-5930.v1

for the truth); SUF¶37 (citing Ex. F9, same); ECF 173 at 17 (citing SUF¶37 in arguing misstatements were "true").

Exs. F13 and F16 are also objectionable. *First*, Defendants offered these exhibits for their truth. *See* ECF 173 at 21 (pointing to SUF¶128, which cites Exs. F13 and F16, for the fact ███████████████████████████████████). *Second*, because Gomez's misstatements concerned *distributors'* – ███████████ – inventory levels, any negligible probative value of Exs. F13 and F16 would be substantially outweighed by the danger of juror confusion and prejudice. *See* ECF 216 at 15-16.

Finally, Defendants offer several exhibits to prove the purported "truth" that █████████ ████████████████████████████████████████████████ before speaking. *E.g.*, SUF¶118 (describing Ex. F11 as ███████████████████████); SUF¶106 (citing Ex. F8, same); Opp. at 16-18 (claiming Casey and Gomez were "provided" and "were aware of" these exhibits "prior to" speaking).[9] Although Defendants contend Casey and Gomez could simply testify "these types of materials" were "available to them" at some point, such hypothetical testimony wouldn't establish the fact for which Defendants offer these exhibits, which is that Casey and Gomez *in fact* received, reviewed, and relied upon *these specific exhibits* before speaking. Opp. at 17-18. Notably, neither Casey nor Gomez even attempt to claim in their declarations ██████████ ████████████████████████████. Exs. B1-B2; *United States v. Ansaldi*, 372 F.3d 118, 130 (2d Cir. 2004) (admissibility established after witness testified to receiving specific document from specific person) (Opp. at 17-18).

---

[9]   *See also* SUF¶103 (citing Ex. F6); SUF¶138 (citing Ex. F14); SUF¶110 (citing Ex. F10: ████████████████████████████████████); SUF¶38 (citing Ex. F7); SUF¶80 (citing Ex. F12).

4929-7238-5930.v1

### C.    Defendants' "Memoranda" Are Undisputed Hearsay

Defendants don't dispute they offer certain "final" "memoranda" for their truth, including: (i) Exs. F24-F25 for the fact Dentsply's ████████████████████████████ ████████████████████ (ECF 173 at 8 (citing SUF¶¶195-196)); (ii) Exs. F27 and F29 to show ████████████████████████████ (*id.* at 10 (citing SUF¶¶176-177 (citing Ex. F27))) and Dentsply's ██████████████████████████████████████ ████████████████ (*id.* at 9 (citing SUF¶¶187, 215 (citing Ex. F29))); and (iii) Ex. F23 to show ████████████████████████████ (SUF¶203).[10]

Despite decrying Plaintiffs' objections as "meritless," Defendants now present two Dentsply-employee declarations to establish these five exhibits are admissible "final versions" of Dentsply's "[i]nternal [c]ompany [m]emoranda." Opp. at 20. Certain of these exhibits, however, were maintained and produced by ████████████████ not Dentsply. *Id.* at 20 n.6. Defendants' reliance on *In re Blech Sec. Litig.*, 2003 WL 1610775, at *4-*5 (S.D.N.Y. Mar. 26, 2003), is misplaced, as the document there was the defendant's "internal memorandum" exchanged between the defendant's employees. Opp. at 20 n.6. *Yan Ping Xu v. City of N.Y.*, 2020 WL 8671952, at *30 (S.D.N.Y. Dec. 22, 2020), which held an affidavit by the author of proffered notes was insufficient to establish a hearsay exception under FRE 803(6), further undercuts Defendants' reliance on the "final" memoranda for their truth. *See* Opp. at 25.

### D.    Plaintiffs' Objections to Certain Portions of SEC Filings Are Firmly Grounded

Plaintiffs' objections to Exs. C21-C23 are straightforward. Dentsply's Audit and Finance Committee ("AFC") retained ████████████████ to conduct the internal investigation. ECF

---

[10]    Defendants' assertion Plaintiffs don't dispute SUF¶203 is incorrect. Opp. at 21; ECF at 118-19 (response to SUF¶203).

4929-7238-5930.v1

175-124 at 49:2-9. On November 1, 2022, Dentsply announced certain findings, including the purported finding that there was "'no evidence of intentional wrongdoing or fraud'" (the "No Fraud Conclusion"). SUF¶170 (quoting Ex. C21). Exs. C21-C23 each state the No Fraud Conclusion.[11] Defendants now use the No Fraud Conclusion to challenge Plaintiffs' claims. ECF 96 at 2, 12, 14, 19; ECF 173 at 6.

Because Defendants offer these exhibits for the No Fraud Conclusion's truth, they're inadmissible hearsay unless an exception applies.[12] FRE 801(c); *United States v. Coplan*, 703 F.3d 46, 84 (2d Cir. 2012). Defendants contend the exhibits are admissible under FRE 803(6), but make no attempt to satisfy FRE 803(6)'s requirements. Opp. at 22-23; *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995). Even if FRE 803(6) was satisfied, the No Fraud Conclusion is quintessential double hearsay, which isn't "'admissible unless each level of hearsay is covered by an exception to the hearsay rule.'" *Hamad v. Cook*, 2014 WL 3507340, at *7 (S.D.N.Y. June 30, 2014). Witnesses testified ███████████████████████████████████████████████████████████████████████████████████.[13] *Brooks v. Price*, 121 F. App'x 961, 968 (3d Cir. 2005) ("Testimony regarding the results of an investigation, in the absence of the investigator, involves all of the risks that give rise to the rule against hearsay evidence and is treated as hearsay (or multiple hearsay) under the Federal Rules of Evidence."). Defendants must establish – but

---

[11]   *See also, e.g.*, Ex. F23 at -877 (repeating No Fraud Conclusion).

[12]   Because the statement was made by Dentsply and is offered by Defendants it does not qualify under FRE 801(d)(2) as non-hearsay.

[13]   *See* ECF 175-124 at 131:8-16 (██████████████████████████████████████████ ; *id.* at 128:13-129:1 ██████████████████████████████████████████); ECF 175-113 at 148:21-149:1 ███████████████████████████. Put simply, the ████ ████████████████████████. ECF 175-124 at 136:15-25.

- 9 -

haven't – the No Fraud Conclusion itself satisfies a hearsay exception, so it's inadmissible under FRE 805.

Further, the No Fraud Conclusion poses a significant risk of unfair prejudice to Plaintiffs that substantially outweighs its probative value.  FRE 403; *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 64 (2d Cir. 1998).  The truthfulness of the No Fraud Conclusion – whether Defendants committed "intentional wrongdoing or fraud" – is a central issue in this case, and its proffer would confuse the jury, prejudice Plaintiffs, and create unnecessary sideshows, including because substantial evidence undercuts the notion that the internal investigation returned "no evidence of intentional wrongdoing or fraud."  *Paolitto*, 151 F.3d at 65 (holding investigative findings were permissibly excluded because other evidence undercut many of the agency's findings); ECF 207 at 97-98 (response to SUF¶170 explaining, *inter alia*, ██████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████).

Finally, any suggestion Plaintiffs "relied on" the No Fraud Conclusion by citing the 2021 Form 10-K/A in the complaint is nonsensical.  ECF 97 at 2, 36-37 (expressly disputing the No Fraud Conclusion as "self-serving," "untested," "[un]reliable," and "reached while this action was pending"); Opp. at 21-22.[14]

### E.    Defendants' Remaining Arguments Are Unavailing

Defendants offered Ex. E2 to prove that "Casey and Gomez received ███████████████ ████████ contained in Ex. F5.  SUF¶¶22-23.  But those exhibits were produced by different

---

[14]   Because these exhibits' authenticity isn't at issue, Defendants' cases are irrelevant.  *See Utica Mut. Ins. Co. v. Munish Reinsurance Am., Inc.*, 594 F. App'x 700, 702 (2d Cir. 2014) ("specimen['s] … authenticity" not disputed until summary judgment); *Offor v. Mercy Med. Ctr.*, 2021 WL 3909839, at *13 (E.D.N.Y. Sep. 1, 2021) (citing *Utica*, 549 F. App'x at 702).

4929-7238-5930.v1

persons with different Bates prefixes; neither exhibit attached the other.  While Defendants claim "Casey and Gomez could testify at trial that they received and reviewed these *types* of materials" (Opp. at 25), that wouldn't establish that they received and reviewed Ex. F5.  Additionally, rather than explain how their written FRCP 30(b)(6) deposition responses or interrogatories (Exs. I1-I2) are non-hearsay, Defendants instead contend (wrongly) Plaintiffs do not dispute the statements that cite Exs. I1-I2.  Opp. at 26; ECF 207 at 20 (response to SUF¶40; partially disputed); ECF 207 at 91 (response to SUF¶152; same).[15]  Finally, while Defendants contend Ex. D13 falls under FRE 803(17), their apparent intent to satisfy the exception by pointing to the publisher's "well-known" status is insufficient.  Opp. at 24; *In re Innovatio IP Ventures, LLC Pat. Litig.*, 2013 WL 5593609, at *42 (N.D. Ill. Oct. 3, 2013) (admitting exhibit under FRE 803(17) based on the testimony of the document's publisher).

## IV.    PLAINTIFFS' OBJECTIONS ARE PROPER

FRCP 56 allows a party to object that "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  FRCP 56(c)(2).  That's exactly what Plaintiffs do through their Objection, which complies with all Local Rules and presents Plaintiffs' evidentiary objections in a clear, concise format.  Plaintiffs' Objection doesn't contain any merits argument opposing summary judgment; it only explains the evidentiary bases for Plaintiffs' objections.  Defendants' unsupported accusations should be rejected.

Defendants' characterization of *Emanuel* as establishing procedures Plaintiffs were required to follow is misleading.  *See* Opp. at 3 (citing *Emanuel*, 2022 WL 3084317).  In *Emanuel*, Judge

---

[15]    Defendants' contention Plaintiffs "do not dispute" "26 facts" that cite the objectionable exhibits is inaccurate and misleading: Defendants cited the same exhibits to support different "facts," and nearly all of those "26 facts" cite the same three exhibits (Exs. C21-C23).  *See* ECF 207 at 91 (response to SUF¶152); *id.* at 93, 137 (responses to SUF¶¶158-159, 239; not disputing the exhibit contains the quoted language).

4929-7238-5930.v1

Halpern chastised the parties for circumventing his Individual Practices setting a 25-page limit on Local Rule 56.1 statements by attaching attorney declarations containing evidentiary objections as exhibits to the 56.1 statements. *Emanuel*, 2022 WL 3084317, at \*3-\*4. Here, on the other hand, there was no applicable page limit for the 56.1 statement, and the objections were not filed as declarations attached to the 56.1 statement. The language Defendants quote states Judge Halpern's preference for how the parties should have proceeded given his Individual Practices and is inapplicable here. Opp. at 3 (quoting *Emanuel*, 2022 WL 3084317, at \*4).

## V.    CONCLUSION

Because Defendants have failed to establish their admissibility, the Court should disregard the Disputed Exhibits in ruling on Defendants' motion for summary judgment.

DATED:  January 26, 2026                    Respectfully submitted,

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       SCOTT H. SAHAM (admitted *pro hac vice*)
                                       LUKE O. BROOKS (admitted *pro hac vice*)
                                       DARRYL J. ALVARADO (admitted *pro hac vice*)
                                       CHRISTOPHER D. STEWART (admitted *pro hac vice*)
                                       HILLARY B. STAKEM (admitted *pro hac vice*)
                                       NICOLE Q. GILLILAND (admitted *pro hac vice*)
                                       JESSICA E. ROBERTSON (admitted *pro hac vice*)
                                       MEGAN M. SONNEY (admitted *pro hac vice*)


                                              s/ Hillary B. Stakem
                                       HILLARY B. STAKEM

- 12 -

4929-7238-5930.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
hstakem@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com
msonney@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiffs

4929-7238-5930.v1

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 3,478 words.

s/ Hillary B. Stakem
HILLARY B. STAKEM

4929-7238-5930.v1