**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br>   Defendants. | Civil Action No. 22-cv-06339-AS<br><br>CLASS ACTION<br><br>Hon. Arun Subramanian |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO STRIKE PLAINTIFFS' EVIDENCE OBJECTIONS**

Dentsply Sirona Inc. ("Dentsply"), Donald M. Casey, Jr. ("Casey"), and Jorge Gomez ("Gomez") (collectively, "Defendants"), respectfully request that the Court strike Plaintiffs' submissions at Dkt. Nos. 205 and 243 (together, the "Evidence Objections") as a procedurally improper and premature motion *in limine*, and an unauthorized sur-reply, respectively.

## BACKGROUND

In opposing Defendants' motion for partial summary judgment, Plaintiffs have now filed two stand-alone briefs in addition to their opposition brief that separately set forth purported objections to the admissibility of various evidence proffered by Defendants on summary judgment. These unauthorized briefs—in which Plaintiffs have effectively granted themselves an extension of page limits on summary judgment, while attempting to convert summary judgment to motion *in limine* practice—have no basis in any rule, and in fact flout various rules pertaining to summary judgment, page limits, and the appropriate timing of motions *in limine*. The Court should respectfully strike or disregard these briefs, and Plaintiffs' overreach in filing them only further highlights Plaintiffs' inability to dispute Defendants' proffered facts on their merits.

Specifically, on December 19, 2025, in addition to filing a brief in opposition to Defendants' motion for partial summary judgment (Dkt. No. 216), Plaintiffs filed a separate, stand-alone brief styled *Objections to Certain Evidence Cited in Support of Defendants' Motion for Partial Summary Judgment* (the "Objections Brief"). Dkt. No. 205. On January 19, 2026, in connection with their reply on summary judgment, Defendants opposed the Objections Brief and noted that Plaintiffs' separate submission violated the Court's length and briefing limitations. Dkt. No. 234 at 1 (quoting Local Civil Rule 7.1(c) and the Court's Individual Practices in Civil Cases (the "Individual Practices") ¶ 8.C). Consistent with the Court's Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 135), the parties' cross-motions for partial summary

1

judgment were fully submitted on January 19, 2026.  Thereafter, on January 26, 2026, without seeking leave, Plaintiffs filed a *Reply in Support of Their Objections to Certain Evidence Cited in Support of Defendants' Motion for Partial Summary Judgment* (the "Reply").  Dkt. No. 243.

For the reasons set forth below, this Court should respectfully strike or disregard the Evidence Objections.

## LEGAL STANDARD

Courts have an "inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases, including the power to strike a party's submissions." *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016); *Lively v. Wayfarer Studios LLC*, 2025 WL 1410702, at *1 (S.D.N.Y. May 15, 2025).  A motion to strike may be considered prior to a discussion of the parties' motions for partial summary judgment.  *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009) ("Because a decision on the motion to strike may affect [the movant's] ability to prevail on summary judgment, it is appropriate to consider the Motion to Strike prior to the Motion for Summary Judgment." (citation omitted)).  For example, courts have the discretion to strike "overlength pages of [a] brief for exceeding the court's length requirements."  *P&G Auditors & Consultants, LLC v. Mega Int'l Com. Bank Co.*, 2019 WL 4805862, at *4 (S.D.N.Y. Sept. 30, 2019).

## ARGUMENT

The Evidence Objections should be stricken for at least four independent reasons.

## I.     RULE 56 DOES NOT AUTHORIZE SEPARATE EVIDENTIARY OBJECTIONS

First, Rule 56 provides the exclusive and proper mechanism for evidentiary objections at summary judgment and does not authorize separate motion practice.  Rule 56(c)(2) permits a party to object "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," and the 2010 Advisory Committee Note makes clear: "There is

no need to make a separate motion to strike." *See* Fed. R. Civ. Pro. 56, *Committee Notes on Rules—2010 Amendment*. Plaintiffs could have and should have raised any Rule 56 objections within their opposition brief, not through a separate filing, and certainly not through a follow-on Reply after briefing closed. *See Emanuel v. Gap, Inc.*, 2022 WL 3084317, at *4 (S.D.N.Y. Aug. 3, 2022) ("To the extent parties have legitimate evidentiary disputes for the Court to consider [on summary judgment] . . . they must be raised within the applicable page limits set by the Court's Individual Practices"); Individual Practices ¶ 8.C ("Sur-reply memoranda will not be accepted without prior permission of the Court.").

## II.  THE EVIDENCE OBJECTIONS FLOUT APPLICABLE LENGTH, NUMBER OF BRIEFS, AND TIMING REQUIREMENTS

Second, Plaintiffs' filings contravene the Court's length and briefing rules and the Court's Scheduling Order. By filing a stand-alone Objections Brief and then a Reply in support after the motions were fully submitted, Plaintiffs effectively allocated themselves 4,010 words in excess of the length limitations and added an unauthorized sur-reply, both of which are improper under the Local Rules and the Court's Individual Practices governing motion length, number of briefs, and timing. *See* Local Civil Rule 7.1(c) ("[B]riefs in support of and in response to a motion . . . may not exceed 8,750 words."); Individual Practices ¶ 8.C ("The Court will rarely grant requests, even on consent of all parties, to expand these page limits."); *Emanuel*, 2022 WL 3084317, at *4 (explaining that "submitting [stand-alone] evidentiary arguments" on summary judgment "can easily be construed as a thinly-veiled attempt to circumvent" summary judgment page limits (citation omitted)).

## III.  THE EVIDENCE OBJECTIONS ARE EFFECTIVELY A PREMATURE MOTION *IN LIMINE*

Third, the Evidence Objections are, in substance, a motion *in limine* in that Plaintiffs seek pretrial rulings on evidentiary admissibility and are premature under the Court's Individual

3

Practices, which contemplate *in limine* practice at the pretrial stage and require that, "[a]bsent leave of the Court, each party must file a single memorandum of law . . . in support of all motions *in limine* filed by that party." *See* Individual Practices ¶ 10.B.i.

Courts in this District routinely decline to entertain *in limine* motions at the summary judgment stage and have denied or stricken similar attempts. *See, e.g.*, *Sahiti v. Tarentum, Ltd.*, 2021 WL 3115813, at *7 (S.D.N.Y. July 22, 2021) (denying defendants' arguments to exclude evidence contained in memorandum of law in support of summary judgment because "courts have declined to reach the merits of motions *in limine* at the summary judgment stage" (citations omitted)); *see also Castle v. United States*, 2017 WL 6459514, at *30 (S.D.N.Y. Dec. 18, 2017) (denying plaintiff's cross-motion to exclude certain documentary evidence at summary judgment because it was "essentially a motion *in limine* seeking to exclude certain evidence that is premature at this stage." (citations omitted)); *SGM Holdings LLC v. Andrews*, 2023 WL 6214238, at *8 (S.D.N.Y. Sept. 25, 2023) ("Generally, courts have declined to reach the merits of motions *in limine* at a summary judgment setting."). The Court should likewise strike Plaintiffs' improper motion *in limine* here.

## IV.   PLAINTIFFS DID NOT CERTIFY THAT THEY ATTEMPTED TO MEET AND CONFER WITH DEFENDANTS BEFORE FILING THEIR EVIDENCE OBJECTIONS

Finally, the Evidence Objections fail to comply with Local Civil Rule 6.4's requirement that a party certify they "conferred or attempted to confer with the relevant other party or parties in a good faith effort to resolve the issue or issues asserted in [a] motion *in limine*." Plaintiffs did not certify that they attempted to resolve their Evidence Objections with Defendants before filing.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court strike Plaintiffs' Evidence Objections at Dkt. Nos. 205 and 243. In the alternative, the Court should disregard these filings and consider any evidentiary objections, if at all, only to the extent contained within the parties' summary judgment briefs or at the appropriate pretrial juncture consistent with the Court's Individual Practices.

Dated: January 29, 2025
      New York, New York

Respectfully submitted,

*/s/ Roger A. Cooper*
Roger A. Cooper
racooper@cgsh.com
Andrew Weaver
aweaver@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2283

Angela L. Dunning
adunning@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Rd
Palo Alto, CA 94304
T: 650-815-4131

Thomas A. Bednar
tbednar@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037
T: 202-974-1836

*Counsel for Defendant Dentsply Sirona Inc.*

*/s/ Meredith D. Karp*
Bryce L. Friedman
Craig S. Waldman
Meredith D. Karp

5

Isabel R. Mattson
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com
isabel.mattson@stblaw.com

*Counsel for Defendant Donald M. Casey, Jr.*

/s/ Seth L. Levine
Seth L. Levine
Chad P. Albert
Adam M. King
slevine@levinelee.com
calbert@levinelee.com
aking@levinelee.com
LEVINE LEE LLP
400 Madison Avenue
New York, NY 10017
T: 212-223-4400

*Counsel for Defendant Jorge M. Gomez*

6

**Certificate of Compliance**

I hereby certify that the foregoing memorandum of law complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted by Rule 7.1(c), it contains 1,269 words as calculated by Microsoft Word.

*/s/ Roger A. Cooper*
Roger A. Cooper