UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

SAN ANTONIO FIRE AND POLICE
PENSION FUND, CITY OF BIRMINGHAM
RETIREMENT AND RELIEF SYSTEM, EL
PASO FIREMEN & POLICEMEN'S
PENSION FUND, and WAYNE COUNTY
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

                     Plaintiffs,

    vs.

DENTSPLY SIRONA INC., DONALD M.
CASEY, JR., and JORGE GOMEZ,

                  Defendants.

———————————————————————— x

:  Civil Action No. 1:22-cv-06339-AS
:  (Consolidated)
:
:  <u>CLASS ACTION</u>
:
:  PLAINTIFFS' MEMORANDUM OF LAW
:  IN OPPOSITION TO DEFENDANTS'
:  MOTION TO STRIKE
:
:
:
:
:
:
:
:
:
:
:

4898-7272-8973.v1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................................................1

II.     LEGAL STANDARD.............................................................................................2

III.    PLAINTIFFS' OBJECTIONS ARE PROPER ....................................................3

IV.     THE OBJECTIONS ARE NOT A "PREMATURE MOTION *IN LIMINE*"......................5

V.      DEFENDANTS AREN'T PREJUDICED.............................................................6

VI.     CONCLUSION.......................................................................................................7

4898-7272-8973.v1

## I.    INTRODUCTION

Lead Plaintiffs and Class Representatives City of Birmingham Retirement and Relief System, El Paso Firemen & Policemen's Pension Fund, and Wayne County Employees' Retirement System (collectively, "Plaintiffs") properly and timely filed Federal Rule of Civil Procedure 56(c)(2) objections to certain evidence defendants Dentsply Sirona Inc., Donald M. Casey, Jr., and Jorge Gomez (collectively, "Defendants") offered in support of their motion for partial summary judgment (ECF 205) (the "Objections").  After responding to the Objections (ECF 234), Defendants now move to strike the Objections in their entirety.  ECF 245-246 ("Motion").  But motions to strike are disfavored and pose a heavy burden on the moving party to demonstrate that a filing is abusive (which Defendants don't argue) or improper (which the Objections aren't), and that the moving party is unfairly prejudiced (Defendants aren't).  Defendants don't come close to shouldering their burden.

First, the Objections are proper.  Defendants assert that the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") required the Objections to be included within Plaintiffs' memorandum of law in opposition to Defendants' motion for partial summary judgment (ECF 216) ("Opposition").  But the purported "rule" that Plaintiffs supposedly violated is invented – there is *no requirement* in the Federal Rules of Civil Procedure, the Local Rules, or this Court's Individual Practices in Civil Cases that Rule 56(c)(2) objections be filed in a party's memoranda of law.  Unsurprisingly, Defendants cite no caselaw supporting their manufactured "rule."

Second, the Objections aren't a premature motion *in limine* – Plaintiffs don't request that evidence be excluded from *trial*.  Rather, the Objections identify evidence that wouldn't be admissible at trial and so shouldn't be considered at summary judgment, as Rule 56(c)(2) instructs. Defendants' attempt to elide the distinction, citing badly mischaracterized caselaw, speaks volumes.

- 1 -

Finally, Defendants haven't shown – and can't show – that they've been prejudiced by the Objections. The Objections contain no merits-based summary judgment argument, and Defendants have had a full and fair opportunity to respond.

Defendants' Motion should be denied.

## II.    LEGAL STANDARD

"Whether directed at pleadings, motions, or other documents, motions to strike have long been disfavored and are typically granted only where 'it is clear that the [material] in question can have no possible bearing on the subject matter of the litigation.'" *Fox Corp. v. Media Deportes Mex., S. de R.L. de C.V.*, 800 F. Supp. 3d 523, 525 (S.D.N.Y. 2025);[1] *Saniteq, LLC v. GE Infrastructure Sensing, Inc.*, 2018 WL 4522107, at *6 (E.D.N.Y. July 12, 2018) (highlighting the "'heavy burden'" on party seeking to justify striking another's submission), *report & recommendation adopted*, 2018 WL 4357475 (E.D.N.Y. Sep. 13, 2018). While the Court possesses "'inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances,'" there is no basis for striking properly submitted material that is neither abusive nor improper. *Shamrock Power Sales, LLC v. Scherer*, 2016 WL 7647597, at *7 (S.D.N.Y. Dec. 8, 2016) (declining the "drastic remedy of striking" statements in declarations that were not abusive or improper), *report & recommendation adopted*, 2017 WL 57855 (S.D.N.Y. Jan. 4, 2017); *Saniteq*, 2018 WL 4522107, at *6 (courts "'will strike only those portions [of a submission] that are improper'"); *Phx. Asset Grp., LLC v. URS Sols. LLC*, 2024 WL 2804436, at *7 (W.D.N.Y. May 31, 2024) (denying motion to strike where plaintiffs' counsel acted reasonably in filing).

---

[1]    Unless otherwise noted, citations are omitted and emphasis is added.

- 2 -

4898-7272-8973.v1

### III.    PLAINTIFFS' OBJECTIONS ARE PROPER

As Defendants acknowledge, Rule 56(c)(2) expressly permits objections to summary judgment evidence; in fact, Plaintiffs were required to raise their evidentiary challenges when they did.  10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2722 (4th ed.) ("[D]ocuments inadmissible under the evidence rules may be considered by the court [on summary judgment] if not challenged.").  However, neither Rule 56, the Local Rules, nor this Court's Individual Practices in Civil Cases specify the particular form in which Rule 56(c)(2) objections must be submitted.  In the absence of express direction, litigants are free to submit their objections as they deem appropriate, including by filing separate documents setting forth the objections, as Plaintiffs did here.  *See, e.g.*, *Roc Nation LLC v. HCC Int'l Ins. Co., PLC*, 523 F. Supp. 3d 539, 543 n.1, 553-54 (S.D.N.Y. Mar. 4, 2021) (noting plaintiff's filing of separate document with "evidentiary objections to HCC's Local Rule 56.1 Statement"); Plaintiffs' Objections, *Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co., Ltd.*, No. 1:13-cv-07639-LTS (S.D.N.Y. May 4, 2025), ECF 193-4 (plaintiff's Rule 56(c)(2) objection to proffered declaration filed as separate document); *Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co., Ltd.*, 2016 WL 4098564, at *4 (S.D.N.Y. July 28, 2016) ("Plaintiff's objections are well taken.").

In *Emanuel v. Gap, Inc.*, 2022 WL 3084317 (S.D.N.Y. Aug. 3, 2022) – Defendants' sole authority for claiming that Plaintiffs were required to submit their objections within their Opposition (Motion at 3) – the Court directed the parties to submit their objections within their ***Local Rule 56.1 statements***, not their memoranda of law.  Judge Halpern found that the parties circumvented his Individual Practices setting a 25-page limit on Local Rule 56.1 statements by submitting evidentiary objections in attorney declarations attached as exhibits to the Local Rule 56.1 statements.  *Emanuel*,

2022 WL 3084317, at *3-*4.[2]  To be sure, *Emanuel* didn't hold that evidentiary objections should be raised within the parties' memoranda in that case, and certainly doesn't impose a requirement that Plaintiffs do so here.

Defendants' suggestion that Plaintiffs' Objections were improper because the 2010 advisory committee note to Rule 56(c)(2) advises that there is no need to make a separate motion to strike in connection with Rule 56(c)(2) objections is equally inapposite.  Plaintiffs didn't file a motion to strike; rather, they submitted objections, which is the proper method for challenging evidence at summary judgment:

> It is well-settled, however, that a formal motion to "strike" the inadmissible portions of a party's summary judgment evidence is unnecessary; the district court "may simply disregard them." . . .
>
> **It is far more efficient for the challenging party to simply object**, and for the court simply to "disregard[] any evidence that was not supported or that would not be admissible at trial."

*C.M. v. N.Y.C. Dep't of Ed.*, 2022 WL 21770558, at *14-*15 (S.D.N.Y. Aug. 29, 2022), *report & recommendation adopted*, 2024 WL 4054370 (S.D.N.Y. Sep. 5, 2024).

Finally, even where parties ***have*** filed their objections within motions to strike, courts in this Circuit haven't stricken the objections, as Defendants demand – they've treated the motions as "objections" and considered the objections on the merits as they evaluated the summary judgment motions.  *E.g.*, *Mergers & Acquisition Servs., Inc. v. Eli Glob., LLC*, 2017 WL 1157132, at *16 (S.D.N.Y. Mar. 27, 2017); *N.Y.C. Dep't of Ed.*, 2022 WL 21770558, at *15 (collecting cases); *Schoenadel v. YouGov Am. Inc.*, 2025 WL 371089, at *4 (S.D.N.Y. Feb. 3, 2025) (noting, where defendant moved to strike portions of declarations submitted at summary judgment, "[t]he Court will

---

[2]  The language Defendants quote states Judge Halpern's preference for how the parties should have proceeded given his Individual Practices concerning Local Rule 56.1 statements, which is inapplicable here.  Motion at 3 (citing *Emanuel*, 2022 WL 3084317, at *4).

- 4 -

not 'scrutiniz[e] each line' of these materials in this opinion, but it 'has disregarded any inappropriate portions of [Schoenadel's] submissions'").

## IV.    THE OBJECTIONS ARE NOT A "PREMATURE MOTION *IN LIMINE*"

Defendants claim that the Objections are "in substance, a motion *in limine*."  Motion at 3. They aren't, as Plaintiffs haven't moved to limit evidence ***at trial***.  Rather, the Objections identify specific evidence cited by Defendants at summary judgment that wouldn't be admissible if offered at trial (the legal standard set forth under Rule 56(c)(2)), such that it shouldn't be considered by the Court at ***summary judgment***.  Following the procedure for objecting to summary judgment evidence set forth in Rule 56(c)(2) does not convert Plaintiffs' Objections into a motion *in limine*.

Defendants' mischaracterized caselaw doesn't support their position.  Motion at 3-4.  In *Sahiti v. Tarentum, Ltd.*, 2021 WL 3115813, at *7 (S.D.N.Y. July 22, 2021), the defendants' memorandum in support of summary judgment did not, as Defendants imply, contain "arguments to exclude evidence" at summary judgment (Motion at 4) – it contained an expressly styled motion *in limine* to exclude evidence ***at trial***, requested in the alternative if the Court denied summary judgment.  Memorandum in Support of Motion for Summary Judgment at 19, *Sahiti v. Tarentum, Ltd., et al.*, No. 1:19-cv-07377-JW (S.D.N.Y. Sep. 1, 2020), ECF 74.[3]  In *SGM Holdings LLC v. Andrews*, the defendants similarly filed an expressly styled motion *in limine* seeking, "[i]n the event that the Court does not grant the Defendants' Motion for Summary Judgment," to limit the plaintiffs' evidence of alleged violations ***at trial*** to certain statements the defendants identified.  Memorandum in Support of Motion for Partial Summary Judgment at 12-13, *SGM Holdings LLC, et al. v. Andrews, et al.*, No. 1:15-cv-08142-VM-SLC (S.D.N.Y. Nov. 4, 2022), ECF 104; *SGM Holdings*

---

[3]    In denying the motion, the Court reasoned that – unlike Plaintiffs here – "Defendants fail[ed] to state with specificity the evidence they seek to exclude."  *Sahiti*, 2021 WL 3115813, at *7.

4898-7272-8973.v1

*LLC v. Andrews*, 2023 WL 6214238, at \*8 (S.D.N.Y. Sep. 25, 2023).  And in *Castle v. United States*, 2017 WL 6459514 (N.D.N.Y. Dec. 18, 2017), the plaintiffs "raise[d] a cross-argument that inconclusive evidence of his alleged marijuana use should be excluded for the purposes of both this [summary judgment] motion ***and trial***."  *Id.* at \*6.  The court analyzed the cross-argument in two pieces: (1) the preclusion of evidence at trial (the portion that Defendants cite, and which the court found was "essentially a motion *in limine* seeking to exclude certain evidence that is premature at this stage"); and (2) the court's consideration of the evidence at summary judgment.  *Id.* at \*16. With respect to the latter, the court found that "[t]o the extent that Plaintiff argues that this evidence cannot be considered even on a motion for summary judgment if it is not admissible, Plaintiff fails to show how this evidence is relevant to the issues raised in the present motions."  *Id.*  In other words, the evidentiary objection failed ***not*** because it was a premature motion *in limine*, but because the evidence plaintiff moved to exclude was "not relevant or necessary for the adjudication of the current summary judgment motion."  *Id.*  That isn't the case with Plaintiffs' Objections, which specifically concern evidence Defendants submitted in support of their motion.[4]

Because Plaintiffs haven't filed a motion *in limine*, Defendants' arguments that Plaintiffs violated Local Rule 6.4 and ¶10.B.i. of this Court's Individual Practices in Civil Cases – both of which explicitly concern motions *in limine* – miss the mark.  Motion at 4.

## V.    DEFENDANTS AREN'T PREJUDICED

Defendants' sole claim of prejudice relates to Plaintiffs purportedly giving themselves additional words to oppose summary judgment by not including evidentiary objections within their

---

[4]    Even if Plaintiffs' Objections were a premature motion *in limine*, striking them from the record wouldn't be an appropriate remedy.  Defendants' statement that "Courts in this District" have "stricken similar attempts" is unsupported, including by the cases they cite. Motion at 4.  Rather, as discussed above, the courts merely denied the motions *in limine* without prejudice to the issues being raised again at trial.

4898-7272-8973.v1

Opposition.  Motion at 3.  Since Plaintiffs weren't required to include objections in their Opposition, *supra* §III, this claim is spurious.  Further, the Objections didn't contain any merits-based summary judgment argument, and Defendants have had a full and fair opportunity to respond to the Objections with their own submission, filing 8,679 words in opposition to Plaintiffs' Objections (Plaintiffs filed a combined 6,343 words between their Objections and reply).  Defendants haven't been prejudiced.

## VI.    CONCLUSION

Defendants' Motion is unsupported by the Federal Rules of Civil Procedure, the Local Rules, this Court's Individual Practices in Civil Cases, or applicable caselaw.  Their attempt to prevent this Court from considering Plaintiffs' properly submitted evidentiary objections should be rejected, and their Motion denied.

DATED:  February 6, 2026              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (admitted *pro hac vice*)
LUKE O. BROOKS (admitted *pro hac vice*)
DARRYL J. ALVARADO (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
HILLARY B. STAKEM (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
MEGAN M. SONNEY (admitted *pro hac vice*)


                                     s/ Hillary B. Stakem
                                     HILLARY B. STAKEM

- 7 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
cstewart@rgrdlaw.com
hstakem@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com
msonney@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
MATHEW ANDREWS
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
mandrews@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiffs

- 8 -

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 1,993 words.

s/ Hillary B. Stakem
<br>_____
<br>HILLARY B. STAKEM

4898-7272-8973.v1