**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAN ANTONIO FIRE AND POLICE PENSION FUND, CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, and WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., and JORGE GOMEZ,<br><br>Defendants. | Civil Action No. 22-cv-06339-AS<br><br>CLASS ACTION<br><br>Hon. Arun Subramanian |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**THEIR MOTION TO STRIKE PLAINTIFFS' EVIDENCE OBJECTIONS**

## PRELIMINARY STATEMENT[1]

Plaintiffs' Evidence Objections should be stricken because they violate this Court's rules in three ways. First, by filing a standalone brief objecting to evidence in Defendants' summary judgment motion (Dkt. No. 205), Plaintiffs circumvented the Local Rules, this Court's Individual Practices, and the Scheduling Order to gain additional briefing space they were not entitled to. Second, by filing a follow-on *reply brief* in support of their objections after the deadline for summary judgment submissions (Dkt. No. 243), Plaintiffs effectively submitted an unauthorized sur-reply, in violation of this Court's Individual Practices and the Scheduling Order. Third, to the extent Plaintiffs seek a definitive ruling on admissibility, their filings amount to an inappropriate motion *in limine*.

Defendants moved to strike these unauthorized filings. The sum total of Plaintiffs' response is that they are "free to submit their objections as they deem appropriate," without citation to any authority permitting their excess briefing and without regard to the Court's limits on summary judgment briefing or motions *in limine*. Opp. at 3. But Plaintiffs are not entitled to evade the relevant rules by dressing up their premature and procedurally improper motion *in limine* as amorphous "objections" to Defendants' summary judgment submission. The Court, respectfully, should strike the Evidence Objections.

## ARGUMENT

### I.    PLAINTIFFS' INITIAL OBJECTION (DKT. NO. 205) IS IMPROPER

Plaintiffs argue that the federal and local rules and the Court's Individual Practices do not specify the form for Rule 56(c)(2) objections, leaving the parties "free to submit their objections

---

[1] Capitalized terms not defined in this memorandum of law shall have the same meanings as in the *Memorandum Of Law In Support Of Defendants' Motion To Strike Plaintiffs' Evidence Objections* (Dkt. No. 246) (the "Motion"). *Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Strike* (Dkt. No. 252) is referred to as the "Opposition" or "Opp."

as they deem appropriate, including by filing separate documents." Opp. at 3. In Plaintiffs' view, Plaintiffs were free to spend as many words as they wished raising their Rule 56(c)(2) objections through whichever vehicles they viewed as most appropriate.

Plaintiffs are wrong. In filing a separate, 2,865-word brief on top of an 8,696-word summary judgment opposition brief (Dkt. No. 216), Plaintiffs violated this Court's length limitations for summary judgment briefing and prejudiced Defendants by unilaterally seizing for themselves far more space for their arguments than they are entitled to. *See* Local Civ. R. 7.1(c) ("[B]riefs in support of and in response to a motion . . . may not exceed 8,750 words."); Individual Practices ¶ 8.C ("The Court will rarely grant requests, even on consent of all parties, to expand these page limits."); *see also* Fed. R. Civ. P. 56, *Advisory Committee Notes on Rules—2010 Amendment* ("There is no need to make a separate motion to strike."). Plaintiffs also violated the Scheduling Order, which does not contemplate separate submissions on evidentiary objections. *See* Dkt. No. 135 at 3.

Plaintiffs' initial brief was a "thinly-veiled attempt to circumvent" the Court's summary judgment page limits and the Court should strike it on those grounds. *See Emanuel v. Gap, Inc.*, 2022 WL 3084317, at *4 (S.D.N.Y. Aug. 3, 2022) (holding "legitimate evidentiary disputes . . . must be raised within the applicable page limits set by the Court's Individual Practices"). Unable to point to any holding endorsing this freewheeling approach to dispositive motion practice, Plaintiffs gather only two cases in which parties similarly raised evidentiary objections outside of their permitted memoranda of law or Rule 56.1 statements (Opp. at 3)—but, unlike in *Emanuel,* the parties there did not object to, and the courts there did not rule on, the propriety of those standalone briefs. Accordingly, these cases provide no authority for Plaintiffs' attempted end-run around this Court's Individual Practices and the Scheduling Order.

## II.    PLAINTIFFS' FOLLOW-ON REPLY (DKT. NO. 243) IS ALSO IMPROPER

Plaintiffs entirely ignore in their Opposition that they *additionally* filed a 3,478-word reply in support of their evidentiary objections after summary judgment briefing had closed.  In response to Plaintiffs' initial brief, Defendants noted its procedural impropriety, Dkt. No. 234 at 1–2, and responded to their meritless evidentiary objections—to the extent Plaintiffs actually articulated a basis for them.  *Id.* at 3–26.  As Defendants noted, many of Plaintiffs' evidentiary objections were presented only in a summary chart with scant rule citations and no substantive argument.  *See* Dkt. No. 205 at 9–10 (summary chart); Dkt. No. 234 (Defendants' responses).  It was only upon Plaintiffs' submission of what is effectively an unauthorized sur-reply, clearly in violation of this Court's Individual Practices and the Scheduling Order, that Defendants were compelled to seek this Court's intervention in moving to strike.  *See* Individual Practices ¶ 8.C ("Sur-reply memoranda will not be accepted without prior permission of the Court."); Scheduling Order, Dkt. No. 135 at 3 (closing summary judgment briefing on January 19, 2026).

Making matters worse, Plaintiffs' reply provides the basis for many of Plaintiffs' evidentiary objections for the first time.  *See, e.g.*, Dkt. No. 243 at 7 (providing the basis for Plaintiffs' objections to Exs. F13 and F16), 8–10 (same for Exs. C21–C23), 10–11 (same for Exs. E2 and F5).  This is plainly disallowed.  *See Domino Media, Inc. v. Kranis*, 9 F.Supp.2d 374, 387 (S.D.N.Y. 1998) (holding "new arguments first raised in reply papers in support of a motion will not be considered" and "[a] fortiori, new arguments raised even later will not be entertained").  It also prejudiced Defendants by depriving them of an opportunity to respond to these new arguments.  *See Swift Spindrift Ltd. v. Alvada Ins. Inc.*, 175 F. Supp. 3d 169, 174 n.6 (S.D.N.Y. 2016) (striking an unauthorized sur-reply brief and refusing to consider the sur-reply in resolving summary judgment motions).

### III.    PLAINTIFFS' EFFORT TO SEEK A PREMATURE RULING AS TO ADMISSIBILITY CONSTITUTES AN IMPROPER MOTION *IN LIMINE*

Finally, although Plaintiffs now argue they "haven't moved to limit evidence at trial," Opp. at 5, their initial brief explicitly asserts that certain evidence is "inadmissible" and "should be excluded," including on grounds that are more appropriately addressed at the jury trial stage (*e.g.*, undue prejudice). *See* Dkt. No. 205 at 3–4. While Plaintiffs now appear to clarify that their objections relate only to the summary judgment stage, Opp. at 5, Plaintiffs are nonetheless asking this Court to *sua sponte* apply various rules of evidence to numerous exhibits on summary judgment and decide that such exhibits would not be admissible at trial—without having even presented substantive argument with respect to the potential admissibility of many of these exhibits. *See, e.g.,* Dkt. No. 205 at 9–10 (summary chart). Plaintiffs' efforts to prematurely and summarily exclude vast swaths of Defendants' proffered evidence are inappropriate on summary judgment and effectively seek to circumvent permitted and fully briefed motion *in limine* practice. *See, e.g.*, *Emanuel*, 2022 WL 3084317, at *3 ("[E]vidence need not be submitted in trial-admissible form on summary judgment, as long as it could be presented in that form at trial.").

Plaintiffs here, as in *Emanuel*, "blew out of proportion their right to object" to Defendants' summary judgment evidence, *id.*, by making expansive unauthorized filings on such evidence and by seeking in these filings to exclude much of such evidence based on unsupported references to various Federal Rules of Evidence alone. The time for evidentiary disputes of this scale and type is on motions *in limine*, and, pursuant to this Court's rules, the parties must meet and confer to narrow the scope of such disputes before the Court and file all motions *in limine* pursuant to a single memorandum of law—neither of which happened here. *See* Individual Practices ¶ 10.B.i; Local Civ. R. 6.4. Plaintiffs' filings, which are "largely a multi-pronged motion *in limine*," are "beyond premature" from a procedural perspective, given that "summary judgment motion[s] [are]

-4-

pending," "pretrial issues [are] yet to be resolved," and "no trial date [is] in the offing." *See Senior by Senior v. Eihab Hum. Servs., Inc.*, 2019 WL 8128563, at \*4 (E.D.N.Y. Oct. 10, 2019). Contrary to Plaintiffs' contention, Opp. at 6–7, the lack of resolution of these key threshold issues would make a premature decision on Plaintiffs' *de facto* motion *in limine* highly prejudicial to Defendants. Like other courts, the Court should decline to make Plaintiffs' requested admissibility rulings at this stage and strike their improper filings. *See id.*; *Castle v. United States*, 2017 WL 6459514, at \*4 (N.D.N.Y. Dec. 18, 2017) (treating plaintiff's request to exclude evidence at summary judgment as "essentially a motion *in limine* seeking to exclude certain evidence that is premature at this stage" and declining to rule on admissibility where other evidence created genuine disputes of material fact).

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court strike Plaintiffs' initial objection (Dkt. No. 205), also strike Plaintiffs' reply (Dkt. No. 243), and, regardless of its ruling on the foregoing, decline to make any ruling on the admissibility of evidence for trial until that issue is properly before the Court.

Dated: February 13, 2026
New York, New York

Respectfully submitted,

*/s/ Roger A. Cooper*
Roger A. Cooper
racooper@cgsh.com
Andrew Weaver
aweaver@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2283

Angela L. Dunning
adunning@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Rd
Palo Alto, CA 94304
T: 650-815-4131

Thomas A. Bednar
tbednar@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037
T: 202-974-1836

*Counsel for Defendant Dentsply Sirona Inc.*

*/s/ Meredith D. Karp*
Bryce L. Friedman
Craig S. Waldman
Meredith D. Karp
Isabel R. Mattson
SIMPSON THACHER & BARTLETT LLP

425 Lexington Avenue
New York, New York 10017-3954
T: (212) 455-2000
bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com
isabel.mattson@stblaw.com

*Counsel for Defendant Donald M. Casey, Jr.*

/s/ Seth L. Levine
Seth L. Levine
Chad P. Albert
Adam M. King
slevine@levinelee.com
calbert@levinelee.com
aking@levinelee.com
LEVINE LEE LLP
400 Madison Avenue
New York, NY 10017
T: 212-223-4400

*Counsel for Defendant Jorge M. Gomez*

-7-

**Certificate of Compliance**

I hereby certify that the foregoing memorandum of law complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because, excluding the parts of the document exempted by Rule 7.1(c), it contains 1,492 words as calculated by Microsoft Word.

*/s/ Roger A. Cooper*
Roger A. Cooper